**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| Zohar III, Corp., | ) | |
| | ) | Case No. 18-10512 (CSS) |
| Debtors. | ) | |
| Tax I.D. No. 82-4629612 | ) | |
| In re: | ) | |
| | ) | Chapter 11 |
| Zohar II 2005-1, Corp., | ) | |
| | ) | Case No. 18-10513 (CSS) |
| Debtors. | ) | |
| Tax I.D. No. 82-4704059 | ) | |
| In re: | ) | |
| | ) | Chapter 11 |
| Zohar CDO 2003-1, Corp., | ) | |
| | ) | Case No. 18-10514 (CSS) |
| Debtors. | ) | |
| Tax I.D. No. 84-4703724 | ) | |
| In re: | ) | |
| | ) | Chapter 11 |
| Zohar III, Limited, | ) | |
| | ) | Case No. 18-10515 (CSS) |
| Debtors. | ) | |
| Tax I.D. No. 98-0469261 | ) | |
| In re: | ) | |
| | ) | Chapter 11 |
| Zohar II 2005-1, Limited, | ) | |
| | ) | Case No. 18-10516 (CSS) |
| Debtors. | ) | |
| Tax I.D. No. 98-0438297 | ) | |
| In re: | ) | |
| | ) | Chapter 11 |
| Zohar CDO 2003-1, Limited, | ) | |
| | ) | Case No. 18-10517 (CSS) |
| Debtors. | ) | |
| Tax I.D. No. 98-0405119 | ) | |

01:22966632.3

**DEBTORS' MOTION FOR AN ORDER, PURSUANT TO BANKRUPTCY RULE 1015 AND LOCAL RULE 1015-1, AUTHORIZING THE JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

Zohar III, Corp. and its above-captioned affiliated debtors and debtors in possession (collectively, the "Debtors") hereby submit this motion (the "Motion") for the entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the joint administration of the Debtors' Chapter 11 cases and the consolidation thereof for procedural purposes only. In further support of this Motion, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and, pursuant to Local Rule 9013-1(f), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The predicates for the relief sought herein are Bankruptcy Rule 1015 and Local Rule 1015-1.

**BACKGROUND**

4. On March 11, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Contemporaneously, the Debtors moved for

joint administration of their Chapter 11 cases, for procedural purposes only, pursuant to Bankruptcy Rule 1015(b).

5.  No request for the appointment of a trustee or examiner has been made in these Chapter 11 cases, and no official committees have been appointed pursuant to section 1102 of the Bankuptcy Code.

6.  General information about the Debtors and the events leading up to the Petition Date can be found in the *Declaration of Marc S. Kirschner in Support of Chapter 11 Petitions* [Docket No. __] (the "Kirschner Declaration") and the *Declaration of Lynn Tilton in Support of Chapter 11 Petitions* [Docket No. __] (the "Tilton Declaration"), each filed on March 12, 2018.[1]

**RELIEF REQUESTED**

7.  By this Motion, the Debtors request entry of an order directing the joint administration of these Chapter 11 cases and the consolidation thereof for procedural purposes only.

8.  The Debtors also request that the Clerk of the United States Bankruptcy Court for the District of Delaware (the "Clerk of the Court") maintain one file and one docket for all of the Debtors' Chapter 11 cases, under the case number assigned to Debtor Zohar III, Corp., and that the caption of these Chapter 11 cases be modified to reflect their joint administration as follows:

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning given to such terms in the Kirschner and Tilton Declarations.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| Zohar III, Corp., *et al.*,[1] | ) ) ) | Case No. 18-10512 (CSS) |
| Debtors. | ) ) | Jointly Administered |

---

[1] The Debtors and the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 350 Fifth Avenue, c/o Goldin Associates, LLC, New York, NY 10118.

9. The Debtors also seek the Court's direction that a notation, substantially similar to the following, be entered on the docket of each Debtor, other than Debtor Zohar III, Corp., to reflect the joint administration of these Chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing the procedural consolidation and joint administration of the Chapter 11 cases of Zohar III, Corp., Zohar II 2005-1, Corp., Zohar CDO 2003-1, Corp., Zohar III, Limited, Zohar II 2005-1, Limited, and Zohar CDO 2003-1, Limited. The docket in the Chapter 11 case of Zohar III, Corp., Case No. 18-10512 (CSS), should be consulted for all matters affecting this case.

**BASIS FOR RELIEF**

10. Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Local Rule 1015-1 similarly permits entry of such an order if the debtors demonstrate that joint administration "is warranted and will ease the administrative burden for the Court and the parties." Del. Bankr. L.R. 1015-1. In these Chapter

11 cases, the Debtors are "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Court may grant the relief requested herein.

11. Additionally, the joint administration of the Debtors' respective estates is warranted and will ease the administrative burden on the Court and all parties in interest in these Chapter 11 cases. Joint administration will also permit the Clerk of the Court to utilize a single docket for all of the Chapter 11 cases, and to combine notices to creditors and other parties in interest in the Debtors' respective cases. Because there likely will be numerous motions, applications, and other pleadings filed in these cases that will affect all of the Debtors, joint administration will permit counsel for all parties in interest to include all of the Debtors' cases in a single caption for the numerous documents that are likely to be filed and served in these cases. Joint administration will also enable parties in interest in all of the Debtors' cases to stay apprised of all the various matters before the Court.

12. Joint administration will not prejudice or adversely affect the rights of the Debtors' creditors because the relief sought herein is purely procedural and is not intended to affect substantive rights. Joint administration will also significantly reduce the volume of paper that otherwise would be filed with the Clerk of the Court, render the completion of various administrative tasks less costly, and provide for greater efficiencies. Moreover, the relief requested by this Motion will also simplify supervision of the administrative aspects of these cases by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee").

13. For these reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates, and creditors, and therefore should be granted.

**NOTICE**

14. Notice of this Motion has been or will be provided to: (i) the U.S. Trustee; (ii) the Office of the United States Attorney for the District of Delaware; (iii) the Internal Revenue Service; (iv) counsel to the Patriarch Entities; (v) counsel to U.S. Bank, as indenture trustee; (vi) counsel to Alvarez Marsal Zohar Management, LLC; (vii) counsel to MBIA Insurance Company; and (viii) counsel to certain holders of notes issued by Zohar III, Limited. Notice of this Motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m). In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors request entry of the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

| | |
|---|---|
| Dated: March 12, 2018<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Michael R. Nestor*<br>James L. Patton, Jr. (No. 2202)<br>Robert S. Brady (No. 2847)<br>Michael R. Nestor (No. 3526)<br>Joseph M. Barry (No. 4421)<br>Ryan M. Bartley (No. 4985)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |