IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> Zohar III, Corp., *et al.*,[1] <br><br>                 Debtors. | Chapter 11 <br><br> Case No. 18-10512 (CSS) <br><br> Jointly Administered <br><br> **Docket Ref. Nos. 222 & 223** |

## ORDER APPOINTING INDEPENDENT DIRECTOR AND GRANTING INTERIM RELIEF IN CONNECTION WITH SUCH APPOINTMENT

WHEREAS, on April 5, 2018, this Court entered an order assigning the above-captioned case to mediation before the Honorable Kevin Gross (the "**Mediation**" and the "**Mediator**," respectively), *see* [D.I. 143];

WHEREAS, from April 16 through 20, 2018, the Mediator conducted the Mediation, which resulted in a settlement embodied in that certain *Mediation Term Sheet* (the "**Settlement Agreement**");

WHEREAS, on April 30, 2018, the above-captioned debtors and debtors in possession filed a motion to approve the Settlement Agreement, *see* [D.I. 222 (filed under seal), 223 (with redactions)], and on May 21, 2018, the Court entered an order approving the Settlement Agreement (the "**Settlement Approval Order**"); and

WHEREAS, the Settlement Agreement provides that the Mediator will appoint an Independent Director (as defined in the Settlement Agreement) for the Debtors and the three non-Debtor "Zohar LLC" subsidiaries (all such entities are referred to collectively in the

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 350 Fifth Avenue, c/o Goldin Associates, LLC, New York, NY 10118.

01:23223395.4

Settlement Agreement and herein as the "**Zohar Funds**"), and the Mediator has identified Joseph J. Farnan, Jr. as his selection to serve as the Independent Director.

NOW THEREFORE, in further implementation of the Settlement Agreement and the Settlement Approval Order, the Court hereby ORDERS that:

1. Joseph J. Farnan, Jr. (the "**Director**") is hereby appointed and confirmed as the Independent Director of the Debtors, effective as of the date hereof.

2. Pending this Court's consideration and approval of the Director's independent director service agreement, a subsequent indemnification agreement or provisions, and any other applicable governing documents, the Director shall be entitled to the following rights and protections on an interim basis, until such time as a final order is entered with respect to the aforementioned agreements and/or provisions:

   a. The Debtors shall hold harmless, defend and indemnify the Director against any claim or liability asserted against or incurred by the Director or on his behalf in his capacity as a director of the Zohar Funds to the maximum extent permitted by Delaware or (as applicable) Cayman law, irrespective of the time when such claim or liability is asserted or when the amount is established, in each case upon written notice of the amount and cause of such claim or liability.

   b. The Debtors shall indemnify the Director against any and all costs, fees and expenses (including reasonable attorneys' fees, court costs, fees of experts and travel expenses) incurred by the Director and, if requested by the Director, the Debtors shall advance such costs, fees and expenses within 10 days of that request (the "Indemnification and Advancement Provision"). The Indemnification and Advancement Provision also applies to any action, or an appeal from such action, brought by Director for either or both (i) indemnification or advance payment of expenses by the Debtors under this Order or any other agreement now or hereafter in effect relating to indemnification for claims and liabilities by the Zohar Funds, and (ii) recovery under any directors' and officers' liability insurance policies maintained for persons serving as a director or manager of the Zohar Funds, regardless of whether the Director ultimately is determined to be entitled to such indemnification, advance expense payment or insurance recovery, as the case may be.

   c. The indemnification hereunder shall not be available for any act or omission by the Director that is found by this Court to have been taken or made with gross negligence, willful misconduct, or fraud; provided, however, that the Director

01:23223395.4

      shall be entitled to indemnity and advancement under this Order until such a finding has been made but the Indemnification and Advancement Provision shall be subject to the execution of a customary "undertaking" by the Director.

d. To the extent that the Director, by reason of his status as current or former independent director or manager of any of the Zohar Funds, (i) is a witness or is made (or asked) to respond to discovery requests in connection with any action, claim or proceeding to which the Director is not a party and is not threatened to be made a party or (ii) receives a subpoena with respect to any action, claim or proceeding to which the Director is not a party and is not threatened to be made a party, the Debtors shall reimburse the Director for all costs, fees, and expenses actually incurred by him or on his behalf in connection therewith.

e. The rights of the Director enumerated in this Order shall be in addition to any other rights the Director may have under the applicable Governing Documents of any of the Debtors, the Delaware General Corporation Act, applicable Cayman law, the Delaware Limited Liability Company Act, any other applicable law, in each case, as amended (such statutes referred herein, collectively, as the "Acts"), any agreement, a vote of equity holders or a resolution of directors or otherwise. To the extent that a change in the Acts (whether by statute or judicial decision) permits greater indemnification by agreement than would be afforded currently under the applicable Debtor's Governing Documents and this Order, it is the intent of this Order that the Director shall enjoy the greater benefits so afforded by such change and this order shall be interpreted to then include any such greater benefits. No right or remedy herein conferred is intended to be exclusive of any other right or remedy, and every other right and remedy shall be cumulative and in addition to every other right and remedy given hereunder or now or hereafter existing at law or in equity or otherwise. The assertion or employment of any right or remedy hereunder, or otherwise, shall not prevent the concurrent assertion or employment of any other right or remedy.

f. The Director shall not have or incur any liability to any person or entity, including, without limitation, to the holder of any claim or interest in these chapter 11 proceedings, for any post-petition act taken in good faith or omission made in good faith in connection with, relating to, or arising out of these chapter 11 cases.

All of the rights and obligations of the Debtors referred to in this Paragraph 2 shall be afforded administrative expense priority under 11 U.S.C. § 503(b). For the avoidance of doubt, nothing in this Order constitutes an order under 11 U.S.C. § 363(c)(2)(B) authorizing the use of cash collateral, and any use of cash collateral to pay the amounts discussed in this Paragraph 2 shall be subject to consent or a further order of the Court.

01:23223395.4

- 4 -

3. The Debtors shall file the Director's proposed form of agreement(s) on or before May 24, 2018, and a hearing on this Court's consideration of such agreement(s) shall take place on _____June 11_____, 2018 at _____3:00 p.m._____ .

Dated: May 21, 2018
       Wilmington, Delaware

Christopher S. Sontchi
United States Bankruptcy Judge

01:23223395.4