# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Zohar III, Corp., *et al.*,1<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 18-10512 (CSS)<br><br>Jointly Administered<br><br>**Docket Ref. No. 279** |

## ORDER AUTHORIZING AND APPROVING, *NUNC PRO TUNC* TO MAY 21, 2018, THE AGREEMENT WITH FTI CONSULTING, INC. TO PROVIDE (I) MICHAEL KATZENSTEIN AS THE DEBTORS' CHIEF RESTRUCTURING OFFICER, (II) HOURLY TEMPORARY STAFF, AND (III) SERVICES RELATED THERETO

Upon consideration of the motion (the "Motion")2 of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order, pursuant to §§ 105(a) and 363(b) of the Bankruptcy Code, authorizing and approving the agreement with FTI Consulting Inc., a copy of which is attached as Exhibit A to the Motion (the "Agreement"), to provide Mr. Michael Katzenstein to serve as the Debtors' chief restructuring officer ("CRO"), and to provide certain temporary staff of FTI (the "Hourly Temporary Staff" and, together with the CRO, the "FTI Professionals"); and upon consideration the Motion and all pleadings related thereto; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

01:23271113.9

February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order herewith consistent with Article III of the U.S. Constitution; and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interest of the Debtors, their estates, and creditors; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to §§ 105 and 363 of the Bankruptcy Code, and in accordance with that certain Settlement Agreement, by and between the Debtors, Lynn Tilton, the Patriarch Stakeholders, MBIA Insurance Corp., and the Zohar III Controlling Class (as such terms are defined therein) as approved by order [Docket No. 266] of this Court (the "Settlement Agreement"), the Agreement, as modified by this Order, is hereby approved, effective *nunc pro tunc* to May 21, 2018, subject to the following terms:

    a) FTI and its affiliates shall not act in any other capacity (for example, and without limitation, as a claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned Chapter 11 cases;

    b) Except as expressly set forth in the Motion, no principal, employee, or independent contractor of FTI or its affiliates shall serve as a manager of the Debtors during the pendency of the Debtors' Chapter 11 cases;

    c) FTI shall file with the Court, and provide notice to the U.S. Trustee, Lynn Tilton, MBIA, the Zohar III Controlling Class, U.S. Bank, and counsel for any official committee, should one be appointed, reports of compensation earned and expenses incurred (including reasonable attorney's fees) on a monthly basis (collectively, the "Fee Reports"). Such Fee Reports shall (i) summarize the time expended and the services provided to the Debtors; (ii) identify by name and function the staff provided; and (iii) itemize the expenses incurred. Time records shall (i) be appended to the Fee Reports; (ii) contain detailed time entries describing the task(s) performed; and (iii) be organized by project category. All time entries shall be reported in one half (0.5) of an hour increments. Objections, unless extended by

agreement of the Debtors, shall be filed on or before 20 days after the filing of a Fee Statement. All compensation on a given Fee Statement shall be subject to review by the Court in the event an objection is filed and remains unresolved by agreement of the objecting party, the Debtors, and FTI;

d) The Debtors are permitted to indemnify those persons serving as executive officers on the same terms as provided to the Debtors' other officers under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' D&O policy;

e) For a period of three (3) years after the conclusion of the engagement, neither FTI nor its affiliates shall make any investments in the Debtors or the reorganized debtor, if any; and

f) FTI shall disclose any and all facts that have a bearing on whether FTI, any of its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, their creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

g) In the event the Debtors seek to have FTI personnel assume executive officer positions that are different than the position(s) disclosed in the Motion, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

h) Success fees, transaction fees, or other back-end fees, if any, shall be subject to a separate application to be filed by FTI and approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee.

i) There shall be no indemnification of FTI or its affiliates.

3. As necessary and appropriate, Mr. Katzenstein will be supported by additional FTI personnel who will assist in rendering the contemplated CRO services.

4. Notwithstanding anything to the contrary in this Order, FTI shall not be entitled to any success or other back-end fees under the terms of its engagement by the Debtors.

01:23271113.9

5. For the avoidance of doubt, (a) Mr. Katzenstein, in his capacity as CRO of the Debtors, shall be entitled to the same or equivalent insurance coverage provided to the Independent Director and is entitled to the same indemnification rights that were provided to the Independent Director, pursuant to the order [Docket No. 267] entered by the Court on May 21, 2018 and that will be provided by any orders of the Court appointing the Independent Director on a final basis or by any agreements by and among the Debtors and the Independent Director entered after that date, and (b) this paragraph 5 shall supersede any indemnification and/or director and officer insurance policy coverage provisions set forth in the Agreement.

6. Notwithstanding anything to the contrary in the Motion, the Agreement, or the Declaration attached to the Motion, (a) any reimbursement provisions in the Agreement allowing for the reimbursement of fees and expenses incurred in connection with participating in, preparing for, or responding to any action, claim, suit, or proceeding brought by or against any party that relates to the services provided under the Agreement and fees for defending any objection to attorneys' fee applications under the Bankruptcy Code are hereby not approved, and (b) FTI and its professionals shall not be entitled to any Retainer (as defined in the Motion) or funds to be held "on account" to be applied to FTI's professional fees, charges, and disbursements.

7. Notwithstanding anything to the contrary in the Agreement, FTI's liability to the Debtors for any claims related to the Agreement shall not be limited to the amount of hourly fees paid to FTI thereunder.

8. Nothing herein shall prejudice or be deemed a waiver of the rights and remedies of MBIA, the Zohar III Controlling Class, the Patriarch Stakeholders, and US Bank, as

Indenture Trustee, with respect to the Debtors' pre-petition or post-petition use or transfer of any cash collateral or proceeds therefrom. All such rights and remedies are expressly preserved.

9. Any compensation to be provided to FTI pursuant to this Order shall be subject to the negotiation of a cash collateral agreement in these cases as between the Debtors, MBIA, the Zohar III Controlling Class, the Patriarch Stakeholders and U.S. Bank, as Indenture Trustee, and such parties' rights as to the content of any such agreement and the use of their cash collateral are expressly preserved or further order of the Court.

10. In accordance with paragraph 16 of the Settlement Agreement, FTI or any affiliate thereof may be considered as a replacement for AMZM as the Debtors' Collateral Manager (as defined in the Settlement Agreement).

11. In the event of any conflict between this Order, on the one hand, and the Agreement or Motion on the other hand, this Order shall control.

12. Notwithstanding the applicability of any Bankruptcy Rule, this Order shall be effective and enforceable by its terms immediately upon entry.

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, enforcement, or interpretation of this Order.

Dated: June 11, 2018
Wilmington, Delaware

_____
Christopher S. Sontchi
United States Bankruptcy Judge