IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| Zohar III, Corp., *et al.*,[1] ) | Case No. 18-10512 (CSS) |
| ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | **Docket Ref. Nos. 167, 238, & 280** |

### ORDER AMENDING THE TERMS OF THE RETENTION OF GOLDIN ASSOCIATES, LLC

Upon consideration of the motion (the "Motion")[2] of the Debtors for the entry of an order amending the terms of Goldin's retention and retaining and appointing Robert S. Kost as Chief Monetization Officer; and upon consideration of the Settlement Agreement, the Initial Retention Order, and all pleadings related thereto; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and it appearing that the Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion and provided for herein is in the best interests of the Debtors, their estates, and their creditors and is an appropriate exercise of the Debtors' business judgment; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

01:23224265.9

1. The Motion is GRANTED as set forth herein.

2. Pursuant to §§ 105 and 363 of the Bankruptcy Code, and in accordance with that certain Settlement Agreement, by and between the Debtors, Lynn Tilton, the Patriarch Stakeholders, MBIA Insurance Corp., and the Zohar III Controlling Class (as such terms are defined therein) as approved by order [Docket No. 266] of this Court (the "Settlement Agreement"), the Debtors are hereby authorized to retain Robert S. Kost of Goldin Associates, LLC as their Chief Monetization Officer (the "CMO"), and the terms of Goldin's retention are hereby amended for the purpose of having Mr. Kost serve as CMO, subject to the following terms:

a) Goldin and its affiliates and employees shall not act in any other capacity (for example, and without limitation, as a claims agent/claims administrator, investor/acquirer or other officer) in connection with the above-captioned Chapter 11 cases;

b) Except as expressly set forth in the Motion, no principal, employee, or independent contractor of Goldin or its affiliates shall serve as a director of the Debtors during the pendency of the Debtors' Chapter 11 cases;

c) Goldin shall file with the Court, and provide notice to the U.S. Trustee, Lynn Tilton, MBIA, the Zohar III Controlling Class, U.S. Bank, and counsel for any official committee, should one be appointed, reports of compensation earned and expenses incurred (including reasonable attorney's fees) on a monthly basis (collectively, the "Fee Reports"). Such Fee Reports shall (i) summarize the time expended and the services provided to the Debtors; (ii) identify by name and function the staff provided; and (iii) itemize the expenses incurred. Time records shall (i) be appended to the Fee Reports; (ii) contain detailed time entries describing the task(s) performed; and (iii) be organized by project category. All time entries shall be reported in one-tenth (.1) of an hour increments. Objections, unless extended by agreement of the Debtors, shall be filed on or before twenty days after the filing of a Fee Report. All compensation on a given Fee Report shall be subject to review by the Court in the event an objection is filed and remains unresolved by agreement of the objecting party, the Debtors and Goldin;

d) The Debtors are permitted to indemnify those persons serving as executive officers on the same terms as provided to the Debtors' other officers under

01:23224265.9

        the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' D&O policy;

e)     There shall be no indemnification of Goldin or its affiliates;

f)     For a period of three (3) years after the conclusion of the engagement, neither Goldin nor its affiliates shall make any investments in the Debtors or the reorganized debtor, if any;

g)     Goldin shall disclose any and all facts that have a bearing on whether Goldin, any of its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, their creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation;

h)     Success fees, transaction fees, or other back-end fees, if any, shall be subject to a separate application to be filed by Goldin and approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this Order. No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee.

i)     In the event the Debtors seek to have Goldin personnel assume executive officer positions that are different than the position disclosed in the Motion, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

3.     As necessary and appropriate, Mr. Kost will be supported by additional Goldin personnel who will assist in rendering the contemplated CMO services.

4.     Notwithstanding anything to the contrary in this Order, Goldin shall not be entitled to any success or other back-end fees under the terms of its engagement by the Debtors.

5.     To the extent that Mr. Kost, by reason of his status as current or former officer of any of the Debtors, (i) is a witness or is made (or asked) to respond to discovery requests in connection with any action, claim, or proceeding to which Mr. Kost is not a party and is not threatened to be made a party or (ii) receives a subpoena with respect to any action, claim, or proceeding to which Mr. Kost is not a party and is not threatened to be made a party, (a) Mr.

01:23224265.9

Kost shall provide written notice to the Debtors and Lynn Tilton of any applicable demand, subpoena or similar request within one (1) day of receipt, and (b) the Debtors shall reimburse Mr. Kost for all costs, fees, and expenses actually incurred by him or on his behalf in connection therewith, including, but not limited to his related time charges.

6. For the avoidance of doubt, (a) Mr. Kost, in his capacity as CMO of the Debtors, shall be entitled to the same or equivalent insurance coverage provided to the Independent Director and is entitled to the same indemnification rights that were provided to the Independent Director, pursuant to the order [Docket No. 267] entered by the Court on May 21, 2018 and that will be provided by any orders of the Court appointing the Independent Director on a final basis or by any agreements by and among the Debtors and the Independent Director entered after that date, and (b) this paragraph 6 shall supersede any indemnification and/or director and officer insurance policy coverage provisions set forth in the Agreement.

7. Notwithstanding anything to the contrary in the Motion or the Agreement (as approved by the Initial Retention Order), the reimbursement provisions allowing for the reimbursement of fees and expenses incurred in connection with participating in, preparing for, or responding to any action, claim, suit, or proceeding brought by or against any party that relates to the services provided under the Agreement and fees for defending any objection to attorneys' fee applications under the Bankruptcy Code are hereby not approved.

8. Notwithstanding anything to the contrary in the Agreement, Goldin's liability to the Debtors for any claims related to the Agreement shall not be limited to the amount of Hourly Fees (as defined in the Agreement) paid to Goldin thereunder.

9. Nothing herein shall prejudice or be deemed a waiver of the rights and remedies of MBIA, the Zohar III Controlling Class, the Patriarch Stakeholders, and US Bank, as

01:23224265.9

Indenture Trustee, with respect to the Debtors' pre-petition or post-petition use or transfer of any cash collateral or proceeds therefrom. All such rights and remedies are expressly preserved.

10. Marc S. Kirschner is released from his duties as Chief Restructuring Officer effective as of May 21, 2018 and, in accordance with the *Order Authorizing and Approving, Effective as of the Petition Date, the Agreement with Goldin Associates, LLC to Provide (I) Marc S. Kirschner to Serve as the Debtors' Chief Restructuring Officer and (II) Services Related Thereto* [Docket No. 238] shall receive the same indemnification rights that provided to the Independent Director, pursuant to the order [Docket No. 267] entered by the Court on May 21, 2018 and that will be provided by any subsequent orders of the Court appointing the Independent Director on a final basis or by any subsequent agreements by and among the Debtors and the Independent Director.

11. Any compensation to be provided to Goldin pursuant to this Order shall be subject to the negotiation of a cash collateral agreement in these cases as between the Debtors, MBIA, the Zohar III Controlling Class, the Patriarch Stakeholders and U.S. Bank, as Indenture Trustee, and such parties' rights as to the content of any such agreement and the use of their cash collateral are expressly preserved or further order of the Court.

12. All terms of the Initial Retention Order not inconsistent herewith shall remain in full force and effect.

13. In the event of any conflict between this Order, on the one hand, and the Agreement or Motion on the other hand, this Order shall control.

14. Notwithstanding the applicability of any Bankruptcy Rule, this Order shall be effective and enforceable by its terms immediately upon entry

01:23224265.9

15. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement, or interpretation of this Order.

Dated: June 11, 2018
Wilmington, Delaware

Christopher S. Sontchi
United States Bankruptcy Judge