## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| Zohar III, Corp., *et al.*,[1] | ) Case No. 18-10512 (CSS) |
| Debtor. | ) Jointly Administered |
|  | ) **Ref. Docket No. 267, 278, 299** |

## PATRIARCH'S SUPPLEMENTAL OBJECTION TO THE INDEPENDENT DIRECTOR SERVICE AGREEMENT AND INDEMNIFICATION AGREEMENT

Lynn Tilton ("Tilton"), Patriarch Partners, LLC, Patriarch Partners VIII, LLC, Patriarch Partners XIV, LLC, Patriarch Partners XV, LLC (collectively, the "Patriarch Entities"), Octaluna, LLC, Octaluna II, LLC, and Octaluna III, LLC ("Octaluna", together with Tilton and the Patriarch Entities, "Patriarch"), by and through their counsel, hereby supplement *Patriarch's Limited Objection to the Independent Director Service Agreement with Respect to Retainer of White & Case and Invoice Review* [D.I. 299] (the "Original Objection")[2] through this limited and supplemental objection (the "Supplemental Objection") to the Debtors' *Notice of Filing of Proposed Order Approving Independent Director Service Agreement and Indemnification Agreement and Indemnification Agreement and Filing Form of Proposed Agreements* [D.I. 278] (the "Proposed Order Notice") with respect to certain limited remaining open issues with respect to the proposed Independent Director Service Agreement [D.I. 278 Ex. A Ex. 1] (the "Service Agreement") and Indemnification Agreement [D.I. 278 Ex. A Ex. 2] (the "Indemnification

---

[1]  The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119).  The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

[2]  Capitalized terms not otherwise defined herein shall have the meanings afforded to them in the Original Objection or the Settlement Agreement.

Agreement" and with the Service Agreement, the "Agreements").  In support of this Objection,

Patriarch respectfully represents the following:

## LIMITED OBJECTION

1.      On June 11, 2018, Patriarch filed its Original Objection addressing two limited

points with respect to the Independent Director's proposed Service Agreement, both related to

the compensation of the Independent Director's separate counsel.  When it filed its Original

Objection, Patriarch was hopeful that it would be able to consensually resolve any additional

concerns raised by those Agreements prior to the hearing to consider their approval (originally

scheduled for June 14, 2018), and (a) therefore limited the scope of the Original Objection as

described above but (b) expressly reserved its right to supplement the Original Objection to the

extent the parties could not resolve all of those additional concerns.  Patriarch and the

Independent Director continued discussions following the continuance of the hearing to June 20,

2018, and have resolved most of their outstanding issues.  However, the parties were not

successful in resolving all outstanding items, and Patriarch hereby files this limited supplemental

objection so that this Court could resolve any remaining issues.

2.      Patriarch seeks the Court's assistance with respect to the following limited issues:

- Settlement of Claims:  In Section 5(a) of the Indemnification Agreement, the Independent Director is seeking "sole and exclusive authority to compromise and/or resolve any Claim," subject to certain conditions set forth therein, including Court approval of any settlement.  In essence, this Section gives the Indemnitee the exclusive right – without review – to determine whether to even consider an offer to compromise a Claim.  Patriarch requests that such authority be limited in the following ways:

  - First, that the Indemnitee be obligated to exercise reasonable discretion in determining whether to accept or deny any settlement or compromise of a Claim.

  - Second, any authority granted to the Independent Director to compromise claims should end once he no longer serves as Independent Director.  At

2

that point, only the Debtors should have the right to settle any Claim (a) without the consent of the Indemnitee so long as the Indemnitee is not liable for damages, (b) without the consent of the Indemnitee to the extent such settlement solely resolves Claims against parties other than the Indemnitee, (c) without the consent of the Indemnitee if approved by this Court, or (d) otherwise as reasonably acceptable to the Indemnitee. Otherwise, even after the Indemnitee's term as Independent Director terminates and he is no longer operating in a fiduciary capacity, he would have an absolute veto to determine whether or not to settle a Claim for which the Debtors may ultimately be obligated to pay.  This is neither fair nor in the best interests of the Debtors.

- Allocation of Incentive Fee:  The Incentive Fee provided for under the Service Agreement was not suggested or negotiated by Patriarch, and Patriarch contends that such Incentive Fee should be borne entirely by MBIA and the Zohar III Noteholders because, among other reasons (a) they (and not Patriarch) requested the appointment of an Independent Director and (b) as set forth in the Settlement Agreement, Ms. Tilton will be taking the lead (along with the CRO) in implementing the monetization process.  MBIA and the Zohar III Noteholders disagreed with that proposed allocation.  As a result, the Independent Director agreed that the order approving the Agreements should provide:

> Nothing in the Agreements or this Order is intended to impact, impair or prejudice the rights of any party in these Bankruptcy Cases with respect to allocation amongst the stakeholders of the cost of the Incentive Fee, and all such rights are expressly preserved.

However, if the allocation of who should bear the Incentive Fee has not been resolved as of (a) the end of the 15 Month Window, which is the date by which 50% of the Paid in Full amounts shall have been received in order to extend the 15 Month Window to the 18 Month Window, and/or (b) the Full Payment Date, which is the date under the Settlement Agreement on which, among other things, Ms. Tilton resumes her position as the Debtors' sole director and the Independent Director position no longer exists, then in each case the benefits of the 18 Month Extended Window and the Full Payment Date that the parties negotiated should not be delayed pending that resolution.  As a result, the Paid in Full amounts (e.g., the amount needed to pay off the noteholders in full pursuant to the Settlement Agreement and to measure whether to extend the 15 Month Window to the 18 Month Extended Window) should include the full amount of the Incentive Fee (e.g., the Incentive Fee amount should be credited against and should not increase the Paid in Full amounts).

Thus, (a) the 18 Month Extended Window should occur upon MBIA and the Zohar III Claims receiving 50% of their respective Paid in Full amounts (which would include and not be increased by Incentive Fees) and (b) the Full Payment

3

Date should occur upon the satisfaction of the Paid in Full amounts (which would include and not be increased by Incentive Fees).

To the extent there remains any pending objection to the inclusion of the Incentive Fees in the Paid in Full amounts as of the end of the 15 Month Window or the Full Payment Date (the "Objected To Incentive Fees"), following the Full Payment Date and in order to effectuate the Full Payment Date the Patriarch Stakeholders agree to the establishment of an escrow in the amount of any such Objected To Incentive Fees, funded from the payments held in escrow pursuant to Section 18 of the Settlement Agreement (the "Objected to Incentive Fees Escrow").  The Objected To Incentive Fees Escrow would remain in place pending agreement of the parties or an order of the Bankruptcy Court related to the allocation of the Incentive Fees from recoveries among MBIA, the Other Stakeholders, the Patriarch Stakeholders and the Zohar III Noteholders (each as defined in the Settlement Agreement).

- White & Case Retainer/Fee Transparency and Review:

  o In response to the Original Objection, White & Case and the Independent Director at last have agreed to abandon their request for a $500,000 retainer for White & Case, and agreed to limited reporting and review with respect to White & Case's invoices in connection with the Service Agreement.  However, the proposed reporting and review protocol excludes economic stakeholders in these Chapter 11 cases, including Patriarch who as the residual equity holder in the Debtors ultimately bears all of burden of these invoices.[3]

  o Further, White & Case and the Independent Director have refused to include any form of fee review or objection procedures in the Indemnification Agreement.  Again, this provides no ability for economic stakeholders to monitor and review such fees so long as the Independent Director and the Indemnitee are one and the same.

  o With respect to both Agreements, Patriarch seeks on behalf of itself and all stakeholders only a modest review and objection period similar to those customarily provided by professionals to DIP lenders in Chapter 11 Cases (e.g., a ten business day period in which all economic stakeholders can review and object to invoices submitted by professionals, any unobjected to fees/expenses can be paid, any objection to fees/expenses will be

---

[3]  Pursuant to the Independent Director's proposed reporting procedures, professionals retained by the Independent Director shall provide invoices, "not required to be maintained in any particular format," to counsel for the Debtors, the Office of the U.S. Trustee, and the Fee Examiner, and only such parties shall have ten business days to object.  Service Agreement, § 4(d)(i).  However, neither Patriarch nor the other stakeholders that have an actual pecuniary interest in these Chapter 11 cases are included in the proposed notice parties.

resolved by this Court).  Such an arrangement poses no undue burden on any lawyers or financial advisors in these Chapter 11 cases and is consistent with the basic rules of transparency and fairness in bankruptcy cases generally.  *See, e.g., In re Hale-Halsell Co.*, 391 B.R. 459, 469 (Bankr. N.D. Okla. 2008) ("Bankruptcy is designed to be a transparent process, where creditors and the public can easily view and understand what is going on in any particular case.  Fee arrangements between professionals and a bankruptcy estate are to be equally transparent.").

3.      Patriarch will continue to negotiate with the Debtors and the Independent Director with respect to the Indemnification Agreement and the Service Agreement prior to the hearing on June 20, 2018.  However, if the foregoing outstanding issues cannot be resolved prior to that hearing, Patriarch respectfully requests that the Court condition approval of the Indemnification Agreement and the Service Agreement on the revisions proposed herein.

## CONCLUSION

For the reasons set forth above, Patriarch respectfully requests that (a) the Court condition approval of the Indemnification Agreement and the Service Agreement as set forth herein, and (b) grant such other relief as the Court deems necessary or appropriate.

Dated:  June 17, 2018

**COLE SCHOTZ P.C.**


By: */s/ Norman L. Pernick*
Norman L. Pernick (No. 2290)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE  19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
npernick@coleschotz.com
preilley@coleschotz.com

– and –

**GIBSON, DUNN & CRUTCHER LLP**
Robert Klyman (pro hac vice pending)
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
rklyman@gibsondunn.com


Randy M. Mastro (pro hac vice pending)
Mary Beth Maloney (pro hac vice pending)
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
rmastro@gibsondunn.com
mmaloney@gibsondunn.com

*Counsel to Lynn Tilton; Patriarch Partners
VIII, LLC; Patriarch Partners XIV, LLC;
Patriarch Partners XV, LLC; Octaluna, LLC;
Octaluna II, LLC; and Octaluna III, LLC*

57772/0001-15993746V1