**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Zohar III, Corp., *et al.*,[1]<br><br>　　　　　　　　　　　　Debtors. | ) Chapter 11<br>)<br>) Case No. 18-10512 (CSS)<br>)<br>) Jointly Administered<br>)<br>) |

**NOTES PERTAINING TO DEBTORS' SCHEDULES OF ASSETS AND
LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

These notes (the "**Notes**") relate to the Schedules of Assets and Liabilities (collectively, the "**Schedules**") and the Statements of Financial Affairs (collectively, the "**Statements**"), prepared for Zohar CDO 2003-1, Limited ("**Zohar I**"), Zohar II 2005-1, Limited ("**Zohar II**"), Zohar III, Limited ("**Zohar III**," and together with Zohar I and Zohar II, the "**Zohar Funds**"), Zohar CDO 2003-1, Corp. ("**Zohar I Corp.**"), Zohar II 2005-1, Corp. ("**Zohar II Corp.**") and Zohar III, Corp. ("**Zohar III Corp.**," and together with Zohar I Corp. and Zohar II Corp., the "**Zohar Corps**," and collectively with the Zohar Funds, the "**Debtors**"), who commenced their chapter 11 cases on March 11, 2018 (the "**Petition Date**"). The Notes comprise an integral part of the Schedules and Statements, should be referenced in connection with any review of the Schedules and Statements, and are in addition to any notes set forth in the individual Schedules and Statements.

**GENERAL NOTES**

1. <u>Sources and Limitations on Information Available to the Debtors</u>.  Prior to the Petition Date, the Debtors were managed by a "Collateral Manager," and the Debtors did not independently maintain books and records separate from the Collateral Managers.  From March 3, 2016 to the Petition Date, the Collateral Manager for each Zohar Fund was Alvarez & Marsal Zohar Management, LLC ("**AMZM**").  Prior to that time the Collateral Manager for each of Zohar I, Zohar II, and Zohar III were, respectively, Patriarch Partners VIII, LLC, Patriarch Partners XIV, LLC, Patriarch Partners XV, LLC (the "**Patriarch Managers**").  Additionally, US Bank, N.A., in its capacity as indenture trustee for the indentures to which each of the Debtors is a party (the "**Trustee**") maintained certain records regarding the Debtors and their financial affairs.  Finally, a significant portion of the Debtors' assets represent loans for which Patriarch Partners Agency Services, LLC ("**PPAS**") serves as the administrative agent.  In light of the fact that the Debtors did not independently maintain books and records prior to the Petition

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119).  The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

1

Date, the Debtors have requested that AMZM, the Patriarch Managers, the Trustee, and PPAS provide the Debtors with relevant information regarding the Debtors, their assets and liabilities, and their financial affairs. The Debtors have relied upon information received, either directly or indirectly, from each of those parties to prepare the Schedules and Statements and may not be able to independently verify the information set forth in the Schedules and Statements outside of reliance on those parties. As a result, inadvertent errors or omissions (either partial or complete) may exist in the Schedules and Statements, which could be material. Additionally, the Debtors have marked claims as "disputed" where they cannot independently verify all aspects of the claim, even though there may not be grounds to dispute that an underlying obligation exists. Subsequent receipt and/or verification of information may result in material changes in financial data requiring amendment of the Schedules and Statements. Accordingly, the Schedules and Statements remain subject to further review and verification by the Debtors and are subject to the limited availability of information to which the Debtors have access.

2. General Reservation of Rights; No Waiver. The Debtors and their estates reserve all of their rights with respect to any claims, defenses (including rights of offset and recoupment), and causes of action that they may have, and neither these Notes nor the Schedules and Statements shall in any way waive, prejudice, impair, or otherwise affect the assertion of such claims, defenses (including rights of offset and recoupment), and causes of action. The Debtors reserve the right to dispute, or to assert offsets or defenses to, including by an amendment to the Schedules, any claim reflected on the Schedules as to amount, liability, priority, secured or unsecured status, classification, or the characterization of the structure of any transaction or any document or instrument related to a creditor's claim. Without limiting the foregoing, the inclusion on Schedule D of creditors that have asserted liens of any nature is not intended to be an acknowledgement of the validity, extent, or priority of any such liens, and the Debtors reserve their right to challenge such liens and the underlying claims on any ground whatsoever. In addition, the relative priority of any creditors listed on Schedule D remains subject to the inter-creditor relationships in the governing documents. The failure to include any asset, executory contract or unexpired lease in the Schedules and Statements shall not be construed as an abandonment, waiver or relinquishment of the same.

3. GAAP/Unaudited Presentation. The Schedules and Statements are unaudited and are not prepared in accordance with Generally Accepted Accounting Principles in the United States. The amounts reflected in the Schedules and Statements may not be consistent with monthly operating reports filed by the Debtors with respect to amounts that need to be verified.

4. Reporting as of the Petition Date. The information provided herein, except as otherwise noted, is as of March 11, 2018.

5. Limited Purpose of Zohar Corps.  The only balance sheet line item reflected on the books of the Zohar Corps is secured debt because, upon information and belief, the Zohar Corps were created solely to serve as co-issuers with the Zohar Funds under each respective indenture and have no other business purpose.

6. Estimates and Assumptions. The preparation of the Schedules and Statements required the Debtors to make estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statements and the other reported amounts during the applicable reporting periods. Actual results could differ from those estimates and assumptions.

7. Asset and Liability Presentation. Unless otherwise noted, each asset and liability of the Debtors is shown on the basis of the gross book value of the asset or liability as of the Petition Date, and not on the basis of current market values of such interest in property and/or liabilities.

8. Insiders. For purposes of the Schedules and Statements, the Debtors have treated the following persons as insiders:  (a) directors or persons in similar positions, (b) officers, (c) the Debtors' current and former Collateral Managers (AMZM and the Patriarch Managers), and (d) Lynn Tilton and entities known or believed to be under the control of Lynn Tilton, including PPAS, Patriarch Partners, LLC, and Octaluna, LLC, Octaluna II, LLC and Octaluna III, LLC (collectively with the Patriarch Managers, the "**Patriarch Entities**").  The treatment of any party as an insider in preparing the Schedules and Statements is not intended to be an admission that such person is an insider.

9. Unspecified Amounts. Claim amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated," "unknown," "TBD," or "undetermined."  These entries are treated as zero when preparing the summation of any amounts but this treatment is not intended to reflect upon the materiality of any such amounts.

10. Date Claim Incurred.  The Debtors are unable to determine with accuracy the date that many of their claims were incurred, so no date incurred has been listed on the Schedules.

11. Settlement Agreement Controls. The Debtors are parties to a Settlement Agreement[2] with certain stakeholders in the chapter 11 cases.  The Settlement Agreement shall control in the event that there is any conflict between the terms of these Notes, the Schedules, or the Statements, on the one hand, and the Settlement Agreement, on the other hand.

12. Governing Documents Control.  The Schedules and Statements are summary in nature. Reference to the applicable agreements and other documents creating the debtor-creditor

---

[2] The Settlement Agreement is attached as an Exhibit to the *Order Approving and Authorizing the Settlement Agreement by and between the Debtors, Lynn Tilton, the Patriarch Stakeholders, MBIA Insurance Corp., and the Zohar III Controlling Class* (Doc #266).

relationship and governing inter-creditor relationships is necessary for a complete description of the nature, extent, and priority of any claims or liens. Nothing in the Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such documents.

## NOTES FOR SCHEDULES

13. <u>Zohar III Cash</u>. Prior to the Petition Date, funds of Zohar III were deposited into the bank account of Zohar III Corp. Subsequent to the Petition Date, these funds were deposited by Zohar III Corp. into the bank account of Zohar III. For purposes of the Schedules, Zohar III's cash is in Schedule A/B Part 1, Number 2 for Zohar III and is not listed for Zohar III Corp.

14. <u>Restricted Cash</u>. Prior to the Petition Date, the Zohar Funds transferred cash to the Trustee to satisfy certain obligations under their indentures. This includes certain amounts being held by the Trustee on account of obligations that were disputed by the Debtors and its creditors. Funds held by the Trustee are reflected as restricted cash in Schedule A/B Part 11, Number 77.

15. <u>Citi Escrow</u>. An escrow account with Citibank, N.A. (the "<u>Citi Escrow</u>") was established to hold in escrow certain funds claimed to be owed to the Patriarch Managers pending the resolution of a dispute regarding fees owed to the Patriarch Managers. The Debtors anticipate that the funds in the Citi Escrow will be made available to satisfy obligations owed by the Zohar Funds, either to the Patriarch Manager or to satisfy other obligations of the Debtors. Based on a review of the most-recent monthly statement for the Citi Escrow, the balance was $6,254,250.23 on July 31, 2018. The Debtors have not been provided an accounting of the funds in the Citi Escrow. No specific amount has been listed in Schedule A/B on account of the Debtors' interest in the Citi Escrow, but this note is incorporated by reference into Schedule A/B for each Zohar Fund.

16. <u>AMZM CMA Escrows</u>. Three separate escrow accounts (one for each Zohar Fund) were established to hold in escrow collateral management fees payable under the Zohar Funds' indentures for the time period that AMZM was in place as the Collateral Manager (each an "<u>AMZM CMA Escrow</u>"). The Debtors anticipate that the funds in that escrow will be made available to satisfy obligations owed by the Zohar Funds, either to AMZM, for its fees and expenses, or to satisfy other obligations of the applicable Zohar Fund. The Debtors have not been provided an accounting of the amounts disbursed from the AMZM CMA Escrow. No specific amount has been listed in Schedule A/B on account of the Zohar Funds' interest in their respective AMZM CMA Escrow, but this note is incorporated by reference into Schedule A/B for each Zohar Fund.

17. <u>Portfolio Company Interests</u>. Based on information provided by the Patriarch Entities, which information is subject to review and validation by the Debtors, the Debtors hold

certain interests in the Portfolio Companies listed in response to Schedule A/B Part 4, Number 15. *See also* Note 18. The fair market value of these interests is unknown, and as such no amounts have been reflected. Prior to the Petition Date, litigation was pending regarding the beneficial ownership of the equity interest in the Portfolio Companies, which litigation has been stayed under the Settlement Agreement. For the avoidance of doubt, these Portfolio Companies are not debtors in the above-captioned chapter 11 proceedings.

18. <u>Zohar I Auction</u>. On December 21, 2016, MBIA Insurance Company prevailed in an auction of the "Collateral" under the indenture for Zohar I. A dispute exists as to what was included in the Collateral and/or was properly acquired by MBIA. Zohar I has listed in response to Schedule A/B Part 4, Number 15 the Portfolio Companies in which Zohar I held certain interests as of the time of that auction. Certain loans held by Zohar I were also the subject of that auction, but the Debtors do not believe that any dispute remains as to whether MBIA acquired those loans. Accordingly, those loans are not included in the Schedules.

19. <u>Portfolio Company Loans</u>. Responses to Schedule A/B Part 4, Number 16 represent loans to various Portfolio Companies. The amount shown reflects the aggregate principal balance outstanding for each type of loan as reflected in invoices provided to the Zohar Funds from PPAS. The Debtors are still investigating whether additional loans exist and are still validating the amounts of the loans identified in the Schedules. The reported loan balances may not reflect the fair market value of the loans, and net realizable values may differ materially from the current principal balances outstanding.

20. <u>Causes of Action</u>. Each Debtor incorporates by reference into Schedule A/B Part 11, Number 74 the response each Debtors has provided to Statement Number 7. The Debtors are engaged in a comprehensive review and investigation of potential claims and causes of action that they may have held against third-parties as of the Petition Date. Accordingly, the responses to Schedule A/B Part 11, Number 74 is subject to further amendment.

21. <u>Schedule D Secured Creditors</u>. Schedule D includes the principal balance and accrued interest, as of the Petition Date, for all Class A-3 notes issued by Zohar I, as determined by reference to the Debtors' most recent financial statement prepared by the Patriarch Managers. After giving effect to the Zohar I Auction described in Note 18, MBIA may have continuing amounts owed from Zohar I; however, such amount is unknown and is listed as "unknown" on Schedule D. It also reflects the various tranches of Class A notes issued by Zohar III, in the amounts reflected in the Settlement Agreement. It further reflects the liabilities owed to MBIA in connection with Zohar II, as of the Petition Date, as reflected in the Settlement Agreement (but adjusted to reflect only the accrued interest through the Petition Date). The Class B notes identified on Schedule D were reflected in the Debtors' most recent financial statements prepared by the Patriarch Managers with a carrying value of zero.

Amounts other than Class A and Class B notes listed in Schedule D reflect either amounts identified by AMZM to the Debtors as potential claims, or reflect amounts asserted by specific creditors. These claims remain subject to validation by the Debtors and, accordingly, are marked as "disputed" consistent with how that term has been construed by the Debtors as reflected in Note 1.

22. <u>Schedule E/F Unsecured Creditors</u>. Each Debtor incorporates by reference into Schedule E/F the non-Debtor parties identified in response to Statement Number 7 as the holder of a disputed, contingent, and unliquidated general unsecured claim.

23. <u>Schedule G—Executory Contracts</u>. Listing a contract, lease or agreement on Schedule G does not constitute an admission that such contract, lease or agreement is an executory contract or unexpired leases. The Debtors reserve all of their rights with respect to the validity, effectiveness, status, or enforceability of any agreement, contract, or lease to which any of them are a party, and nothing set forth in the Notes or Schedules shall impair any rights or obligations of the Debtors under the applicable documents.

24. <u>Schedule H—Codebtors.</u> The Debtors may have codebtors or co-obligors under their various agreements and indebtedness. They have made an attempt to list all such material co-obligations on Schedule H. Any omission of a codebtor or co-obligor on Schedule H or elsewhere in the Debtors' Schedules does not constitute an admission that such omitted codebtor or co-obligor is not obligated or liable under the relevant debt. The Debtors' rights under the Bankruptcy Code and nonbankruptcy law with respect to any such omitted codebtor or co-obligor are not impaired by the omission.

## **NOTES FOR STATEMENTS**

25. <u>Statement 2</u>. Non-business revenue primarily includes interest income from loans made to Portfolio Companies. The source of this information is the cash receipts schedules made available by the Trustee. The Debtors incorporate by reference the description of the Zohar I auction in Note 18 into the response to Statement 2 for Zohar I.

26. <u>Statement 3 and 4</u>. Payments listed in the Statements reflect those made to creditors and insiders either (i) from accounts under the Trustee's control and as reported by the Trustee to the Debtors or (ii) made from the Debtors' own bank accounts. Funds transferred to the AMZM CMA Escrows are included in response to Statement 4. Such amounts were made available to satisfy fees and expenses of AMZM, although the Debtors do not believe that all of these funds were transferred to AMZM. Any funds disbursed from the AMZM CMA Escrows or the Portfolio Companies on account of claims against the Debtors, if any, have not been made available to the Debtors and are not reflected in the Statements.

27. Statement 7. The listing of any suits and proceedings in response to Statement 7 shall not constitute an admission by the Debtors or their estates of any liabilities or that the actions or proceedings were correctly filed against the Debtors.

28. Statement 11. Payments related to bankruptcy of all the Debtors were made using cash belonging to Zohar III. The allocation of these payments to the Debtors has not been determined and related amounts reflected herein are non-binding and may be subject to restatement or reallocation.

29. Statement 13. The Debtors incorporate by reference the description of the Zohar I auction in Note 18 into the response to Statement 13 for Zohar I.

30. Statement 19. Upon information and belief, the Trustee is holding certificated securities for the Zohar Funds as a secured party. Upon information and belief, AMZM may be holding certificated securities arising out of the Zohar I auction discussed in Note 18 for the benefit of MBIA as the prevailing party in the auction. As discussed in Note 18, Zohar I may have an interest in those interests.

31. Statement 25. Based on information provided by the Patriarch Entities, which information is subject to review and validation by the Debtors, the Debtors hold certain interests in the Portfolio Companies listed in response to Schedule A/B Part 4, Number 15. Prior to the Petition Date, litigation was pending regarding the beneficial ownership of the equity interest in the Portfolio Companies, which litigation has been stayed under the Settlement Agreement. For the avoidance of doubt, none of Portfolio Companies identified in response to Statement 25 are debtors in the above-captioned chapter 11 proceedings.

32. Statement 26. The Debtors believe that key information necessary to preparing and maintain accurate books and records of the Debtors reside with AMZM, the Patriarch Managers, PPAS and the Trustee, as well as potentially others. The Debtors are in the process of gathering that information from these parties.

**Fill in this information to identify the case:**

Debtor name: Zohar III, Corp.

United States Bankruptcy Court for the: District of Delaware

Case number (if known): 18-10512 (CSS)

☐ Check if this is an amended filing

# Official Form 207
# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy 04/16

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

## Part 1: Income

**1. Gross revenue from business**

☑ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
|---|---|---|
| From the beginning of the fiscal year to filing date: From _____ to _____ | ☐ Operating a business ☐ Other _____ | $ - |
| For prior year: From _____ to _____ | ☐ Operating a business ☐ Other _____ | $ - |
| For the year before that: From _____ to _____ | ☐ Operating a business ☐ Other _____ | $ - |

**2. Non-business revenue**
Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | Description of sources of revenue | Gross revenue (before deductions and exclusions) |
|---|---|---|
| From the beginning of the fiscal year to filing date: From _____ to _____ | | $ - |
| For prior year: From _____ to _____ | | $ - |
| For the year before that: From _____ to _____ | | $ - |

| Debtor | Zohar III, Corp. | Case number (if known) | 18-10512 (CSS) |
|---|---|---|---|

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of the adjustment).

   ☑ None

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,425. (This amount may be adjusted on 4/01/19 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ☑ None

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

   ☑ None

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

   ☑ None

| Part 3: | Legal Actions or Assignments |
|---|---|

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

   ☑ None

8. **Assignments and receivership**
   List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

   ☑ None

| Debtor | Zohar III, Corp. | Case number (if known) | 18-10512 (CSS) |
|---|---|---|---|

## Part 4: Certain Gifts and Charitable Contributions

**9.** List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000

☑ None

## Part 5: Certain Losses

**10.** All losses from fire, theft, or other casualty within 1 year before filing this case

☑ None

## Part 6: Certain Payments or Transfers

**11. Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| Who was paid or received the transfer? | If not money, describe any property transferred | Dates | Total amount of value |
|---|---|---|---|
| 11.1 | | | |
| **Address** | | | |
| **Email or website address** | | | |
| **Who made the payment, if not the debtor?** | | | |

| Who was paid or received the transfer? | If not money, describe any property transferred | Dates | Total amount of value |
|---|---|---|---|
| 11.2 | | | |
| **Address** | | | |
| **Email or website address** | | | |
| **Who made the payment, if not the debtor?** | | | |

| Debtor | Zohar III, Corp. | Case number (if known) | 18-10512 (CSS) |
|---|---|---|---|

**12. Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device. Do not include transfers already listed on this statement.

☑ None

**13. Transfers not already listed on this statement**
List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

## Part 7: Previous Locations

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| Address | Dates of occupancy | | | |
|---|---|---|---|---|
| 14.1 1209 Orange Street<br>Wilmington, DE 19801 | From | **TBD** | To | **TBD** |
| 14.2 C/O Goldin Associates, LLC<br>350 Fifth Avenue<br>New York, NY 10118 | From | **TBD** | To | **TBD** |

## Part 8: Health Care Bankruptcies

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
_____ diagnosing or treating injury, deformity, or disease, or
_____ providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Debtor | Zohar III, Corp. | Case number (if known) | 18-10512 (CSS) |
|---|---|---|---|

### Part 9: Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

- [x] No. Go to Part 10.
- [ ] Yes. State the nature of the information collected and retained. _____

    Does the debtor have a privacy policy about that information?
    - [ ] No
    - [ ] Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

- [x] No. Go to Part 10.
- [ ] Yes. Does the debtor serve as plan administrator?
    - [ ] No. Go to Part 10.
    - [ ] Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
|  | EIN: |

    Has the plan been terminated?
    - [ ] No
    - [ ] Yes

### Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**
Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred? Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

- [x] None

| Financial institution name and address | Last 4 digits of account number | Type of Account | Date account was closed, sold, moved or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1 | xxxx- | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other | | |

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

- [x] None

| Debtor | Zohar III, Corp. | Case number (if known) | 18-10512 (CSS) |
|---|---|---|---|

**20. Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

## Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

## Part 12: Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes. Provide details below.

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No
☐ Yes. Provide details below.

| Debtor | Zohar III, Corp. | Case number (if known) | 18-10512 (CSS) |
|---|---|---|---|

### Part 13: Details About the Debtor's Business or Connections to Any Business

**25. Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☑ None

| Name and address | Dates of service |
|---|---|
| 26a.1. Name / Street / City State ZIP Code | From ___ to ___ |
| 26a.2. Name / Street / City State ZIP Code | From ___ to ___ |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☑ None

| Name and address | Dates of service |
|---|---|
| 26b.1. Name / Street / City State ZIP Code | From ___ to ___ |
| 26b.2. Name / Street / City State ZIP Code | From ___ to ___ |

| Debtor | Zohar III, Corp. | Case number (if known) | 18-10512 (CSS) |
|---|---|---|---|

26c.  List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☑ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1. Name<br>Street<br>City    State    ZIP Code | |
| 26c.2. Name<br>Street<br>City    State    ZIP Code | |

26d.  List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☑ None

| Name and address |
|---|
| 26d.1. Name<br>Street<br>City    State    ZIP Code |
| 26d.2. Name<br>Street<br>City    State    ZIP Code |

**27. Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No
☐ Yes. Give the details about the two most recent inventories.

**28.** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Lynn Tilton | 1 Liberty Plaza, 35th Floor<br>New York, NY 10006 | Director | |
| Zohar III, Limited | 350 Fifth Avenue<br>New York, NY 10118 | Shareholder | 100% |
| Alvarez & Marsal<br>Zohar Management, LLC | 600 Madison Avenue<br>New York, NY 10022 | Collateral Manager | |
| Marc Kirschner | 350 Fifth Avenue<br>New York, NY 10118 | Chief Restructuring Officer | |

| Debtor | Zohar III, Corp. | Case number (if known) | 18-10512 (CSS) |
|---|---|---|---|

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

   ☑ None
   ☐ Yes. Identify below.

30. **Payments, distributions, or withdrawals credited or given to insiders**
   Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

   ☑ None
   ☐ Yes. Identify below.

   | Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing value |
   |---|---|---|---|
   | 30.1 | | | |

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

   ☐ None
   ☑ Yes. Identify below.

   | Name of the parent corporation | Employer Identification number of the parent corporation |
   |---|---|
   | Octaluna III, LLC | EIN: 20-8784040 |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

   ☑ None
   ☐ Yes. Identify below.

   | Name of the pension fund | Employer Identification number of the pension fund |
   |---|---|
   | | EIN: |

### Part 14:  Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  08/17/2018
             MM / DD / YYYY

X _____  Printed name  Mike Katzenstein
Signature of individual signing on behalf of the debtor

Position or relationship to debtor   Chief Restructuring Officer

Are additional pages to Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?
   ☑ No
   ☐ Yes