**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| | ) Chapter 11 |
| In re: | ) |
| | ) Case No. 18-10512 (CSS) |
| Zohar III, Corp., *et al.*,[1] | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) |

**NOTES PERTAINING TO DEBTORS' SCHEDULES OF ASSETS AND**
**LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

These notes (the "**Notes**") relate to the Schedules of Assets and Liabilities (collectively, the "**Schedules**") and the Statements of Financial Affairs (collectively, the "**Statements**"), prepared for Zohar CDO 2003-1, Limited ("**Zohar I**"), Zohar II 2005-1, Limited ("**Zohar II**"), Zohar III, Limited ("**Zohar III**," and together with Zohar I and Zohar II, the "**Zohar Funds**"), Zohar CDO 2003-1, Corp. ("**Zohar I Corp.**"), Zohar II 2005-1, Corp. ("**Zohar II Corp.**") and Zohar III, Corp. ("**Zohar III Corp.**," and together with Zohar I Corp. and Zohar II Corp., the "**Zohar Corps**," and collectively with the Zohar Funds, the "**Debtors**"), who commenced their chapter 11 cases on March 11, 2018 (the "**Petition Date**"). The Notes comprise an integral part of the Schedules and Statements, should be referenced in connection with any review of the Schedules and Statements, and are in addition to any notes set forth in the individual Schedules and Statements.

**GENERAL NOTES**

1. <u>Sources and Limitations on Information Available to the Debtors</u>. Prior to the Petition Date, the Debtors were managed by a "Collateral Manager," and the Debtors did not independently maintain books and records separate from the Collateral Managers. From March 3, 2016 to the Petition Date, the Collateral Manager for each Zohar Fund was Alvarez & Marsal Zohar Management, LLC ("**AMZM**"). Prior to that time the Collateral Manager for each of Zohar I, Zohar II, and Zohar III were, respectively, Patriarch Partners VIII, LLC, Patriarch Partners XIV, LLC, Patriarch Partners XV, LLC (the "**Patriarch Managers**"). Additionally, US Bank, N.A., in its capacity as indenture trustee for the indentures to which each of the Debtors is a party (the "**Trustee**") maintained certain records regarding the Debtors and their financial affairs. Finally, a significant portion of the Debtors' assets represent loans for which Patriarch Partners Agency Services, LLC ("**PPAS**") serves as the administrative agent. In light of the fact that the Debtors did not independently maintain books and records prior to the Petition

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

Date, the Debtors have requested that AMZM, the Patriarch Managers, the Trustee, and PPAS provide the Debtors with relevant information regarding the Debtors, their assets and liabilities, and their financial affairs.  The Debtors have relied upon information received, either directly or indirectly, from each of those parties to prepare the Schedules and Statements and may not be able to independently verify the information set forth in the Schedules and Statements outside of reliance on those parties.  As a result, inadvertent errors or omissions (either partial or complete) may exist in the Schedules and Statements, which could be material.  Additionally, the Debtors have marked claims as "disputed" where they cannot independently verify all aspects of the claim, even though there may not be grounds to dispute that an underlying obligation exists.  Subsequent receipt and/or verification of information may result in material changes in financial data requiring amendment of the Schedules and Statements. Accordingly, the Schedules and Statements remain subject to further review and verification by the Debtors and are subject to the limited availability of information to which the Debtors have access.

2.  <u>General Reservation of Rights; No Waiver</u>. The Debtors and their estates reserve all of their rights with respect to any claims, defenses (including rights of offset and recoupment), and causes of action that they may have, and neither these Notes nor the Schedules and Statements shall in any way waive, prejudice, impair, or otherwise affect the assertion of such claims, defenses (including rights of offset and recoupment), and causes of action.  The Debtors reserve the right to dispute, or to assert offsets or defenses to, including by an amendment to the Schedules, any claim reflected on the Schedules as to amount, liability, priority, secured or unsecured status, classification, or the characterization of the structure of any transaction or any document or instrument related to a creditor's claim.  Without limiting the foregoing, the inclusion on Schedule D of creditors that have asserted liens of any nature is not intended to be an acknowledgement of the validity, extent, or priority of any such liens, and the Debtors reserve their right to challenge such liens and the underlying claims on any ground whatsoever.  In addition, the relative priority of any claims listed on Schedule D remains subject to the inter-creditor relationships in the governing documents.  The failure to include any asset, executory contract or unexpired lease in the Schedules and Statements shall not be construed as an abandonment, waiver or relinquishment of the same.

3.  <u>GAAP/Unaudited Presentation</u>.  The Schedules and Statements are unaudited and are not prepared in accordance with Generally Accepted Accounting Principles in the United States.  The amounts reflected in the Schedules and Statements may not be consistent with monthly operating reports filed by the Debtors with respect to amounts that need to be verified.

4.  <u>Reporting as of the Petition Date</u>.  The information provided herein, except as otherwise noted, is as of March 11, 2018.

5. <u>Limited Purpose of Zohar Corps</u>.  The only balance sheet line item reflected on the books of the Zohar Corps is secured debt because, upon information and belief, the Zohar Corps were created solely to serve as co-issuers with the Zohar Funds under each respective indenture and have no other business purpose.

6. <u>Estimates and Assumptions</u>. The preparation of the Schedules and Statements required the Debtors to make estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statements and the other reported amounts during the applicable reporting periods. Actual results could differ from those estimates and assumptions.

7. <u>Asset and Liability Presentation</u>. Unless otherwise noted, each asset and liability of the Debtors is shown on the basis of the gross book value of the asset or liability as of the Petition Date, and not on the basis of current market values of such interest in property and/or liabilities.

8. <u>Insiders</u>. For purposes of the Schedules and Statements, the Debtors have treated the following persons as insiders:  (a) directors or persons in similar positions, (b) officers, (c) the  Debtors' current and former Collateral Managers (AMZM and the Patriarch Managers), and (d) Lynn Tilton and entities known or believed to be under the control of Lynn Tilton, including PPAS, Patriarch Partners, LLC, and Octaluna, LLC, Octaluna II, LLC and Octaluna III, LLC (collectively with the Patriarch Managers, the "**Patriarch Entities**").  The treatment of any party as an insider in preparing the Schedules and Statements is not intended to be an admission that such person is an insider.

9. <u>Unspecified Amounts</u>. Claim amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated," "unknown," "TBD," or "undetermined."  These entries are treated as zero when preparing the summation of any amounts but this treatment is not intended to reflect upon the materiality of any such amounts.

10. <u>Date Claim Incurred</u>.  The Debtors are unable to determine with accuracy the date that many of their claims were incurred, so no date incurred has been listed on the Schedules.

11. <u>Settlement Agreement Controls</u>.  The Debtors are parties to a Settlement Agreement[2] with certain stakeholders in the chapter 11 cases.  The Settlement Agreement shall control in the event that there is any conflict between the terms of these Notes, the Schedules, or the Statements, on the one hand, and the Settlement Agreement, on the other hand.

12. <u>Governing Documents Control</u>.  The Schedules and Statements are summary in nature. Reference to the applicable agreements and other documents creating the debtor-creditor

---

[2]  The Settlement Agreement is attached as an Exhibit to the *Order Approving and Authorizing the Settlement Agreement by and between the Debtors, Lynn Tilton, the Patriarch Stakeholders, MBIA Insurance Corp., and the Zohar III Controlling Class* (Doc #266).

relationship and governing inter-creditor relationships is necessary for a complete description of the nature, extent, and priority of any claims or liens.  Nothing in the Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such documents.

## NOTES FOR SCHEDULES

13. Zohar III Cash.  Prior to the Petition Date, funds of Zohar III were deposited into the bank account of Zohar III Corp.  Subsequent to the Petition Date, these funds were deposited by Zohar III Corp. into the bank account of Zohar III.  For purposes of the Schedules, Zohar III's cash is in Schedule A/B Part 1, Number 2 for Zohar III and is not listed for Zohar III Corp.

14. Restricted Cash.  Prior to the Petition Date, the Zohar Funds transferred cash to the Trustee to satisfy certain obligations under their indentures.  This includes certain amounts being held by the Trustee on account of obligations that were disputed by the Debtors and its creditors.  Funds held by the Trustee are reflected as restricted cash in Schedule A/B Part 11, Number 77.

15. Citi Escrow.  An escrow account with Citibank, N.A. (the "Citi Escrow") was established to hold in escrow certain funds claimed to be owed to the Patriarch Managers pending the resolution of a dispute regarding fees owed to the Patriarch Managers.  The Debtors anticipate that the funds in the Citi Escrow will be made available to satisfy obligations owed by the Zohar Funds, either to the Patriarch Manager or to satisfy other obligations of the Debtors.  Based on a review of the most-recent monthly statement for the Citi Escrow, the balance was $6,254,250.23 on July 31, 2018.  The Debtors have not been provided an accounting of the funds in the Citi Escrow.  No specific amount has been listed in Schedule A/B on account of the Debtors' interest in the Citi Escrow, but this note is incorporated by reference into Schedule A/B for each Zohar Fund.

16. AMZM CMA Escrows.  Three separate escrow accounts (one for each Zohar Fund) were established to hold in escrow collateral management fees payable under the Zohar Funds' indentures for the time period that AMZM was in place as the Collateral Manager (each an "AMZM CMA Escrow").  The Debtors anticipate that the funds in that escrow will be made available to satisfy obligations owed by the Zohar Funds, either to AMZM, for its fees and expenses, or to satisfy other obligations of the applicable Zohar Fund.  The Debtors have not been provided an accounting of the amounts disbursed from the AMZM CMA Escrow.  No specific amount has been listed in Schedule A/B on account of the Zohar Funds' interest in their respective AMZM CMA Escrow, but this note is incorporated by reference into Schedule A/B for each Zohar Fund.

17. Portfolio Company Interests.  Based on information provided by the Patriarch Entities, which information is subject to review and validation by the Debtors, the Debtors hold

certain interests in the Portfolio Companies listed in response to Schedule A/B Part 4, Number 15. *See also* Note 18.  The fair market value of these interests is unknown, and as such no amounts have been reflected.  Prior to the Petition Date, litigation was pending regarding the beneficial ownership of the equity interest in the Portfolio Companies, which litigation has been stayed under the Settlement Agreement. For the avoidance of doubt, these Portfolio Companies are not debtors in the above-captioned chapter 11 proceedings.

18. <u>Zohar I Auction</u>.  On December 21, 2016, MBIA Insurance Company prevailed in an auction of the "Collateral" under the indenture for Zohar I.  A dispute exists as to what was included in the Collateral and/or was properly acquired by MBIA.  Zohar I has listed in response to Schedule A/B Part 4, Number 15 the Portfolio Companies in which Zohar I held certain interests as of the time of that auction.  Certain loans held by Zohar I were also the subject of that auction, but the Debtors do not believe that any dispute remains as to whether MBIA acquired those loans.  Accordingly, those loans are not included in the Schedules.

19. <u>Portfolio Company Loans</u>.  Responses to Schedule A/B Part 4, Number 16 represent loans to various Portfolio Companies.  The amount shown reflects the aggregate principal balance outstanding for each type of loan as reflected in invoices provided to the Zohar Funds from PPAS.  The Debtors are still investigating whether additional loans exist and are still validating the amounts of the loans identified in the Schedules.  The reported loan balances may not reflect the fair market value of the loans, and net realizable values may differ materially from the current principal balances outstanding.

20. <u>Causes of Action</u>.  Each Debtor incorporates by reference into Schedule A/B Part 11, Number 74 the response each Debtors has provided to Statement Number 7.  The Debtors are engaged in a comprehensive review and investigation of potential claims and causes of action that they may have held against third-parties as of the Petition Date.  Accordingly, the responses to Schedule A/B Part 11, Number 74 is subject to further amendment.

21. <u>Schedule D Secured Creditors</u>.  Schedule D includes the principal balance and accrued interest, as of the Petition Date, for all Class A-3 notes issued by Zohar I, as determined by reference to the Debtors' most recent financial statement prepared by the Patriarch Managers. After giving effect to the Zohar I Auction described in Note 18, MBIA may have continuing amounts owed from Zohar I; however, such amount is unknown and is listed as "unknown" on Schedule D.  It also reflects the various tranches of Class A notes issued by Zohar III, in the amounts reflected in the Settlement Agreement.  It further reflects the liabilities owed to MBIA in connection with Zohar II, as of the Petition Date, as reflected in the Settlement Agreement (but adjusted to reflect only the accrued interest through the Petition Date).  The Class B notes identified on Schedule D were reflected in the Debtors' most recent financial statements prepared by the Patriarch Managers with a carrying value of zero.

Amounts other than Class A and Class B notes listed in Schedule D reflect either amounts identified by AMZM to the Debtors as potential claims, or reflect amounts asserted by specific creditors. These claims remain subject to validation by the Debtors and, accordingly, are marked as "disputed" consistent with how that term has been construed by the Debtors as reflected in Note 1.

22. <u>Schedule E/F Unsecured Creditors</u>. Each Debtor incorporates by reference into Schedule E/F the non-Debtor parties identified in response to Statement Number 7 as the holder of a disputed, contingent, and unliquidated general unsecured claim.

23. <u>Schedule G—Executory Contracts</u>. Listing a contract, lease or agreement on Schedule G does not constitute an admission that such contract, lease or agreement is an executory contract or unexpired leases. The Debtors reserve all of their rights with respect to the validity, effectiveness, status, or enforceability of any agreement, contract, or lease to which any of them are a party, and nothing set forth in the Notes or Schedules shall impair any rights or obligations of the Debtors under the applicable documents.

24. <u>Schedule H—Codebtors.</u> The Debtors may have codebtors or co-obligors under their various agreements and indebtedness. They have made an attempt to list all such material co-obligations on Schedule H. Any omission of a codebtor or co-obligor on Schedule H or elsewhere in the Debtors' Schedules does not constitute an admission that such omitted codebtor or co-obligor is not obligated or liable under the relevant debt. The Debtors' rights under the Bankruptcy Code and nonbankruptcy law with respect to any such omitted codebtor or co-obligor are not impaired by the omission.

## <u>NOTES FOR STATEMENTS</u>

25. <u>Statement 2</u>. Non-business revenue primarily includes interest income from loans made to Portfolio Companies. The source of this information is the cash receipts schedules made available by the Trustee. The Debtors incorporate by reference the description of the Zohar I auction in Note 18 into the response to Statement 2 for Zohar I.

26. <u>Statement 3 and 4</u>. Payments listed in the Statements reflect those made to creditors and insiders either (i) from accounts under the Trustee's control and as reported by the Trustee to the Debtors or (ii) made from the Debtors' own bank accounts. Funds transferred to the AMZM CMA Escrows are included in response to Statement 4. Such amounts were made available to satisfy fees and expenses of AMZM, although the Debtors do not believe that all of these funds were transferred to AMZM. Any funds disbursed from the AMZM CMA Escrows or the Portfolio Companies on account of claims against the Debtors, if any, have not been made available to the Debtors and are not reflected in the Statements.

27. <u>Statement 7</u>. The listing of any suits and proceedings in response to Statement 7 shall not constitute an admission by the Debtors or their estates of any liabilities or that the actions or proceedings were correctly filed against the Debtors.

28. <u>Statement 11</u>. Payments related to bankruptcy of all the Debtors were made using cash belonging to Zohar III.  The allocation of these payments to the Debtors has not been determined and related amounts reflected herein are non-binding and may be subject to restatement or reallocation.

29. <u>Statement 13</u>.  The Debtors incorporate by reference the description of the Zohar I auction in Note 18 into the response to Statement 13 for Zohar I.

30. <u>Statement 19</u>.  Upon information and belief, the Trustee is holding certificated securities for the Zohar Funds as a secured party.  Upon information and belief, AMZM may be holding certificated securities arising out of the Zohar I auction discussed in Note 18 for the benefit of MBIA as the prevailing party in the auction.  As discussed in Note 18, Zohar I may have an interest in those interests.

31. <u>Statement 25</u>.  Based on information provided by the Patriarch Entities, which information is subject to review and validation by the Debtors, the Debtors hold certain interests in the Portfolio Companies listed in response to Schedule A/B Part 4, Number 15.  Prior to the Petition Date, litigation was pending regarding the beneficial ownership of the equity interest in the Portfolio Companies, which litigation has been stayed under the Settlement Agreement.  For the avoidance of doubt, none of Portfolio Companies identified in response to Statement 25 are debtors in the above-captioned chapter 11 proceedings.

32. <u>Statement 26</u>. The Debtors believe that key information necessary to preparing and maintain accurate books and records of the Debtors reside with AMZM, the Patriarch Managers, PPAS and the Trustee, as well as potentially others.  The Debtors are in the process of gathering that information from these parties.

| Fill in this information to identify the case: |
|---|

Debtor name: _____ Zohar II 2005-1, Corp. _____

United States Bankruptcy Court for the: _____ District of Delaware _____

Case number (if known): _____ 18-10513 (CSS) _____

☐ Check if this is an amended filing

## Official Form 206Sum
# Summary of Assets and Liabilities for Non-Individuals    12/15

| Part 1: | Summary of Assets |
|---|---|

**1.** *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

**1a.** **Real Property:**
Copy line 88 from Schedule A/B ................................................................... $ _____ -

**1b.** **Total personal property:**
Copy line 91A from Schedule A/B .................................................................. $ _____ -

**1c.** **Total of all property:**
Copy line 92 from Schedule A/B ................................................................... $ _____ -

| Part 2: | Summary of Liabilities |
|---|---|

**2.** *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D ................. $ **1,006,578,602.37**

**3.** *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

**3a.** **Total claim amounts of priority unsecured claims:**
Copy the total claims from Part 1 from line 2 of Schedule E/F ...................................... $ _____ -

**3b.** **Total amount of claims of nonpriority amount of unsecured claims:**
Copy the total of the amount of claims from Part 2 from line 3 of Schedule E/F ........................... $ _____ -

**4.** **Total liabilities** ..................................................................................... $ **1,006,578,602.37**
Lines 2 + 3a + 3b

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name: | Zohar II 2005-1, Corp. |
| United States Bankruptcy Court for the: | District of Delaware |
| Case number (if known): | 18-10513 (CSS) |

☐ Check if this is an amended filing

## Official Form 206A/B

## Schedule A/B:  Assets – Real and Personal Property          12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

1.  **Does the debtor have any cash or cash equivalents?**

    ☑ No.  Go to Part 2.

    ☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2.  **Cash on hand**

3.  **Checking, savings, money market, or financial brokerage accounts** *(identify all)*

    Name of institution (bank or brokerage firm)   Type of account       Last 4 digits of account number
    3.1 _____

4.  **Other cash equivalents** *(identify all)*
    4.1

5.  **Total of Part 1**
    Add lines 2 through 4 (including amounts on any additional sheets).  Copy the total to line 80.

    $ _____ -

| Debtor | Zohar II 2005-1, Corp. | Case number (if known) | 18-10513 (CSS) |
|---|---|---|---|

| **Part 2:** | **Deposits and prepayments** |
|---|---|

6. **Does the debtor have any deposits or prepayments?**

   ☑ No. Go to Part 3.

   ☐ Yes. Fill in the information below.

   **Current value of debtor's interest**

7. **Deposits, including security deposits and utility deposits**

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

9. **Total of Part 2**
   Add lines 7 through 8. Copy the total to line 81.

   $ -

| **Part 3:** | **Accounts receivable** |
|---|---|

10. **Does the debtor have any accounts receivable?**

    ☑ No. Go to Part 4.

    ☐ Yes. Fill in the information below.

    **Current value of debtor's interest**

11. **Accounts receivable**

    11a. 90 days old or less: _____ - _____ = $ -
    face amount       doubtful or uncollectible accounts

    11b. Over 90 days old: _____ - _____ = $ -
    face amount       doubtful or uncollectible accounts

12. **Total of Part 3**
    Current value on lines 11a + 11b = line 12. Copy the total to line 82.

    $ -

| **Part 4:** | **Investments** |
|---|---|

13. **Does the debtor own any investments?**

    ☑ No. Go to Part 5.

    ☐ Yes. Fill in the information below.

    **Current value of debtor's interest**

14. **Mutual funds or publicly traded stocks not included in Part 1**

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

| Debtor | Zohar II 2005-1, Corp. | Case number (if known) | 18-10513 (CSS) |
|---|---|---|---|

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

_____

17. **Total of Part 4**
Add lines 14 through 16. Copy the total to line 83.

$ _____ -

## Part 5:    Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☑ No.  Go to Part 6.

☐ Yes.  Fill in the information below.

Current value of debtor's interest

19. **Raw Materials**

_____

20. **Work in progress**

_____

21. **Finished goods, including goods for resale**

_____

22. **Other inventory or supplies**

_____

23. **Total of Part 5**
Add lines 19 through 22. Copy the total to line 84.

$ _____ -

24. **Is any of the property listed in Part 5 perishable?**
☐ No
☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☐ No
☐ Yes.    Book Value _____    Valuation Method _____    Current Value _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☐ No
☐ Yes

## Part 6:    Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No.  Go to Part 7.

☐ Yes.  Fill in the information below.

Current value of debtor's interest

28. **Crops—either planted or harvested**

_____

29. **Farm animals** _Examples:_ Livestock, poultry, farm-raised fish

_____

| Debtor | Zohar II 2005-1, Corp. | Case number (if known) | 18-10513 (CSS) |
|--------|------------------------|------------------------|----------------|

**30.  Farm machinery and equipment** (Other than titled motor vehicles)

**31.  Farm and fishing supplies, chemicals, and feed**

**32.  Other farming and fishing-related property not already listed in Part 6**

**33.  Total of Part 6**
Add lines 28 through 32. Copy the total to line 85.

$ _____ -

**34.  Is the debtor a member of an agricultural cooperative?**
☐ No
☐ Yes.  Is any of the debtor's property stored at the cooperative?
  ☐ No
  ☐ Yes

**35.  Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
☐ No
☐ Yes.    Book Value _____    Valuation Method _____    Current Value _____

**36.  Is a depreciation schedule available for any of the property listed in Part 6?**
☐ No
☐ Yes

**37.  Has any of the property listed in Part 6 been appraised by a professional within the last year?**
☐ No
☐ Yes

---

**Part 7:     Office furniture, fixtures, and equipment; and collectibles**

**38.  Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No.  Go to Part 8.

☐ Yes.  Fill in the information below.

|  | Current value of debtor's interest |
|--|--|

**39.  Office furniture**

**40.  Office fixtures**

**41.  Office equipment, including all computer equipment and communication systems equipment and software**

**42.  Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

**43.  Total of Part 7**

$ _____ -

**44.  Is a depreciation schedule available for any of the property listed in Part 7?**
☐ No
☐ Yes

**45.  Has any of the property listed in Part 7 been appraised by a professional within the last year?**
☐ No
☐ Yes

| Debtor | Zohar II 2005-1, Corp. | Case number (if known) | 18-10513 (CSS) |
|---|---|---|---|

| **Part 8:** | **Machinery, equipment, and vehicles** |
|---|---|

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

**48. Watercraft, trailers, motors, and related accessories** *Examples:* Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

**49. Aircraft and accessories**

**50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

**51. Total of Part 8**
Add lines 47 through 50. Copy the total to line 87.

$ _____ -

**52. Is a depreciation schedule available for any of the property listed in Part 8?**
☐ No
☐ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**
☐ No
☐ Yes

| **Part 9:** | **Real property** |
|---|---|

**54. Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

**56. Total of Part 9**
Copy the total to line 88.

$ _____ -

**57. Is a depreciation schedule available for any of the property listed in Part 9?**
☐ No
☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**
☐ No
☐ Yes

| Debtor | Zohar II 2005-1, Corp. | Case number (if known) | 18-10513 (CSS) |
|---|---|---|---|

---

**Part 10:**   **Intangibles and intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**

   ☑ No.  Go to Part 11.

   ☐ Yes.  Fill in the information below.

   | | Current value of debtor's interest |
   |---|---|

60. **Patents, copyrights, trademarks, and trade secrets**

61. **Internet domain names and websites**

62. **Licenses, franchises, and royalties**

63. **Customer lists, mailing lists, or other compilations**

64. **Other intangibles, or intellectual property**

65. **Goodwill**

66. **Total of Part 10**
   Add lines 60 through 65. Copy the total to line 89.

   | $ | - |
   |---|---|

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?
   ☐ No
   ☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
   ☐ No
   ☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
   ☐ No
   ☐ Yes

---

**Part 11:**   **All other assets**

70. **Does the debtor own any other assets that have not yet been reported on this form?**

   ☑ No.  Go to Part 12.

   ☐ Yes.  Fill in the information below.

   | | Current value of debtor's interest |
   |---|---|

71. **Notes receivable**

72. **Tax refunds and unused net operating losses (NOLs)**

73. **Interests in insurance policies or annuities**

---

| Debtor | Zohar II 2005-1, Corp. | Case number (if known) | 18-10513 (CSS) |
|---|---|---|---|

**74.** **Causes of action against third parties (whether or not a lawsuit has been filed)**

**75.** **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

**76.** **Trusts, equitable or future interests in property**

**77.** **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

**78.** **Total of Part 11**
Add lines 71 through 77. Copy the total to line 90.

$      -

**79.** **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
☐ No
☐ Yes

## Part 12:   Summary

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80.** **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $   - | |
| **81.** **Deposits and prepayments.** *Copy line 9, Part 2.* | $   - | |
| **82.** **Accounts receivable.** *Copy line 12, Part 3.* | $   - | |
| **83.** **Investments.** *Copy line 17, Part 4.* | $   - | |
| **84.** **Inventory.** *Copy line 23, Part 5.* | $   - | |
| **85.** **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $   - | |
| **86.** **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $   - | |
| **87.** **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $   - | |
| **88.** **Real property.** *Copy line 56, Part 9.* | | $   - |
| **89.** **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $   - | |
| **90.** **All other assets.** *Copy line 78, Part 11.* | $   - | |
| **91.** **Total.** Add lines 80 through 90 for each column................91a. | $   - | 91b. $   - |
| **92.** **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. | | $   - |

**Fill in this information to identify the case:**

Debtor name: _____ Zohar II 2005-1, Corp. _____

United States Bankruptcy Court for the: _____ District of Delaware _____

Case number (if known): _____ 18-10513 (CSS) _____

☐ Check if this is an amended filing

## Official Form 206D

## Schedule D:  Creditors Who Have Claims Secured by Property
12/15

Be as complete and accurate as possible.

1. **Do any creditors have claims secured by debtor's property?**
   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☑ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>Amount of claim<br>Do not deduct the value<br>of collateral. | Column B<br>Value of collateral<br>that supports this<br>claim |
|---|---|---|---|
| **2.1** **Creditor's name**<br>MBIA, Inc.<br><br>**Creditor's mailing address**<br>1 Manhattanville Road #301<br>Purchase, NY 10577<br><br>**Creditor's email address, if known**<br><br>**Date debt was incurred**<br><br>**Last 4 digits of account number**<br><br>**Do multiple creditors have**<br>**an interest in the same property?**<br>☐ No.<br>☑ Yes. Specify each creditor, including this creditor, and its relative property<br>See Priority of Payments in Indenture | **Describe debtor's property that is subject to a lien**<br>Collateral (as defined in the Indenture)<br><br><br>**Describe the lien**<br>See Granting Clause under Indenture<br>**Is the creditor an insider or related party?**<br>☑ No.<br>☐ Yes.<br><br>**Is anyone else liable on this claim?**<br>☐ No.<br>☑ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).<br><br>**As of the petition filing date, the claim is:**<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed | $      806,525,384.20 | Undetermined |
| **2.2** **Creditor's name**<br>U.S. Bank National Association<br><br>**Creditor's mailing address**<br>1 Federal Street, Third Floor<br>Boston, MA 02110<br><br>**Creditor's email address, if known**<br><br>**Date debt was incurred**<br><br>**Last 4 digits of account number**<br><br>**Do multiple creditors have**<br>**an interest in the same property?**<br>☐ No.<br>☑ Yes. Specify each creditor, including this creditor, and its relative property<br>See Priority of Payments in Indenture | **Describe debtor's property that is subject to a lien**<br>Collateral (as defined in the Indenture)<br><br><br>**Describe the lien**<br>See Granting Clause under Indenture<br>**Is the creditor an insider or related party?**<br>☑ No.<br>☐ Yes.<br><br>**Is anyone else liable on this claim?**<br>☐ No.<br>☑ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).<br><br>**As of the petition filing date, the claim is:**<br>☑ Contingent<br>☑ Unliquidated<br>☑ Disputed | $      53,218.17 | Undetermined |

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$      1,006,578,602.37

| Debtor | Zohar II 2005-1, Corp. | Case number (if known) | 18-10513 (CSS) |
|---|---|---|---|

**Part 1: Additional Page**

| | Column A<br>**Amount of claim**<br>Do not deduct the value<br>of collateral. | Column B<br>**Value of collateral**<br>**that supports this**<br>**claim** |
|---|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the pervious page.

**2.3 Creditor's name**
Zohar II Class B Noteholders

**Creditor's mailing address**
1 Liberty Plaza, 35th Floor
New York, NY 10006

**Creditor's email address, if known**

**Date debt was incurred**

**Last 4 digits of account number**

**Do multiple creditors have
an interest in the same property?**
☐ No.
☑ Yes. Specify each creditor,
   including this creditor, and
   its relative property
   See Priority of Payments
   in Indenture

**Describe debtor's property that is subject to a lien**
Collateral (as defined in the Indenture)    $    200,000,000.00    Undetermined

**Describe the lien**
See Granting Clause under Indenture
**Is the creditor an insider or related party?**
☐ No.
☑ Yes.

**Is anyone else liable on this claim?**
☐ No.
☑ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
☑ Contingent
☑ Unliquidated
☑ Disputed

**Part 2:    List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

| Fill in this information to identify the case: | |
|---|---|
| Debtor name: | Zohar II 2005-1, Corp. |
| United States Bankruptcy Court for the: | District of Delaware |
| Case number (if known): | 18-10513 (CSS) |

☐ Check if this is an amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NON-PRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List Creditors Who Have Priority Unsecured Claims

1.    **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).
   ☑ No. Go to Part 2.
   ☐ Yes. Go to line 2.

2.    **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | Total claim |
|---|---|
| | |

### Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3.    **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

| | Total claim |
|---|---|
| | |

### Part 3:    List Others to Be Notified About Unsecured Claims

4.    **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.**
Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

### Part 4:    Total Amounts of the Priority and Nonpriority Unsecured Claims

5.    Add the amounts of priority and nonpriority unsecured claims.

| | Total of claim amounts |
|---|---|
| 5a.    Total claims from Part 1 | |
| 5b.    Total claims from Part 2 | |
| 5c.    Total of Parts 1 and 2 | $                     - |

**Fill in this information to identify the case:**

Debtor name: _____ Zohar II 2005-1, Corp. _____

United States Bankruptcy Court for the: _____ District of Delaware _____

Case number (if known): _____ 18-10513 (CSS) _____

☐ Check if this is an
amended filing

# Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases                    **12/15**

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

1. **Does the debtor have any executory contracts or unexpired leases?**
   ☑ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.
   ☐ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **2.1** State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |
| **2.2** State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |
| **2.3** State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |
| **2.4** State what the contract or lease is for and the nature of the debtor's interest | |
| State the term remaining | |
| List the contract number of any government contract | |

**Fill in this information to identify the case:**

Debtor name: _____ Zohar II 2005-1, Corp. _____

United States Bankruptcy Court for the: _____ District of Delaware _____

Case number (if known): _____ 18-10513 (CSS) _____

☐ Check if this is an amended filing

## Official Form 206H
## Schedule H: Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively.  Attach the Additional Page to this page.

1. **Does the debtor have any codebtors?**
   ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
   ☑ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, _Schedules D-G._** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1 Zohar II 2005-1, Limited | C/O FTI Consulting, LLC<br>3 Times Square, 9th Floor<br>New York, NY 10036 | All creditors listed on Schedule D | ☑ D<br>☐ E/F<br>☐ G |
| 2.2 Zohar II 2005-1, LLC | C/O Puglisi & Associates<br>850 Library Ave, Suite 204<br>Newark, DE 19711 | All creditors listed on Schedule D | ☑ D<br>☐ E/F<br>☐ G |
| 2.3 _____ | _____<br>_____<br>_____ | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.4 _____ | _____<br>_____<br>_____ | _____ | ☐ D<br>☐ E/F<br>☐ G |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor name</td><td>Zohar II 2005-1, Corp.</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>DISTRICT OF DELAWARE</td></tr>
<tr><td>Case number (if known)</td><td>18-10513 (CSS)</td></tr>
</table>

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.    Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☒ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☒ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☒ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☒ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☒ *Schedule H: Codebtors* (Official Form 206H)

☒ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ *Other document that requires a declaration*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    8/17/18

X /s/

Signature of individual signing on behalf of debtor

Michael Katzenstein
Printed name

Chief Restructuring Officer
Position or relationship to debtor