IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 )  )  Case No. 18-10512 (CSS) |
| Zohar III, Corp., *et al.*,[1] | )  )  Jointly Administered |
| Debtors. | )  )  **Docket Ref. No. 7 & 454** |

**DEBTORS'
(1) LIMITED WITHDRAWAL OF DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) APPROVING THE DEBTORS' REPORTING PROTOCOL AND (II) (A)
MODIFYING THE DEBTORS' REPORTING REQUIREMENTS UNDER
BANKRUPTCY RULE 2015.3, AND (B) AS NECESSARY, EXTENDING THE
DEADLINE WITHIN WHICH TO REPORT UNDER BANKRUPTCY RULE 2015.3
AND
(2) STATEMENT IN SUPPORT OF ENTRY OF PROPOSED ORDER PURSUANT TO
11 U.S.C. § 107(b) AND FED. R. BANKR. P. 2015.3(e) AND 9018 PROHIBITING FILING
OF PORTFOLIO COMPANY FINANCIAL INFORMATION IN BANKRUPTCY
REPORTING**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby file this (i) limited withdrawal of their request for approval of the Reporting Protocol set forth in the Reporting Motion (each as defined below) and (ii) statement in support of entry of the "Proposed Order," as annexed to and defined in the *Motion of Lynn Tilton, on behalf of the Portfolio Companies, and the Patriarch Stakeholders for Protective Order Pursuant to 11 U.S.C. § 107(b) and Fed. R. Bankr. P. 2015.3(e) and 9018 Prohibiting Filing of Portfolio Company Financial Information in Bankruptcy Reporting* [Docket No. 454] (the "**Patriarch Motion**" and such moving parties, the "**Movants**"), that provides for authorization and direction to the Debtors to omit the financial statements required under *Exhibit A* to the report on Official Form 426 – "*Periodic Report Regarding Value, Operations, and Profitability of Entities in Which the*

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc. New York, NY 10036.

*Debtor's Estate Holds a Substantial or Controlling Interest*" ("**Form 426**") required under Rule 2015.3 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  In support of the foregoing, the Debtors respectfully submit as follows:

1.  The Debtors have filed a completed Form 426, other than the omission of the materials requested on *Exhibit A* thereof.  For the reasons set forth herein, the Debtors hereby withdraw the *Debtors' Motion for Entry of an Order (I) Approving the Debtors' Reporting Protocol and (II) (A) Modifying the Debtors' Reporting Requirements Under Bankruptcy Rule 2015.3, and (B) As Necessary, Extending the Deadline Within Which to Report Under Bankruptcy Rule 2015.3* [D.I. 7] (the "Reporting Motion"), with respect to the request to establish the Reporting Protocol (as defined in the Reporting Motion) and relieve the requirement to file Form 426, and now only seek pursuant to the Reporting Motion the relief requested in Paragraph 9 thereof (a 45-day extension from the date of approval of the Reporting Motion to comply with Bankruptcy Rule 2015.3) pending the outcome of the Patriarch Motion, which may moot the need for that remaining relief given that the Debtors have now filed Form 426 in the manner described above.

2.  The goal of these cases, as embodied in the Settlement Agreement, is to maximize the value of the Debtors' interests in the Portfolio Companies, and the Debtors believe that goal could be frustrated by the public dissemination of the financial information required to be reported on *Exhibit A* to Form 426.  None of the Portfolio Companies are publicly-reporting and, as the Movants have represented, their financial information is not-widely disseminated.  First, if the Debtors complied with the reporting required on *Exhibit A* of Form 426 and filed the Portfolio Companies' financial statements on the Court's docket, all of the Portfolio Companies' competitors (and other parties) would have access to previously undisclosed financial

information regarding the Portfolio Companies and could use that information for their own personal gain—in a way that would likely impair the value of the Portfolio Companies and the Debtors' interest therein. Second, the Portfolio Companies are engaged in the Monetization Process being jointly-run by the Debtors' Independent Director and Chief Restructuring Officer, on behalf of the Debtors, and Ms. Tilton, on behalf of the Portfolio Companies. The information available to participants in that process should be controlled by the investment bankers jointly selected by the Independent Director/CRO and Ms. Tilton under the Settlement Agreement, and the reporting prescribed under Bankruptcy Rule 2015.3 should not interfere with that process.

3. Finally, the Debtors believe that the concerns provided in their initial (but now-abandoned) request to replace the requirements under Bankrupt Rule 2015.3 with the bespoke Reporting Protocol have been mitigated by the entry into the Settlement Agreement. The court-approved Settlement Agreement establishes a process whereby the Debtors' Chief Restructuring Officer, under the direction and supervision of the Debtors' Independent Director, controls the information to be provided to the financial stakeholders in these Chapter 11 Cases, through the Committee appointed thereunder, and will provide the Committee the information *necessary to assess and represent the stakeholders' interests* in these Chapter 11 Cases. Since the stakeholders in these cases and the Committee contemplated under the Settlement Agreement will receive information in the manner specifically approved by this Court, the Debtors submit that the interests of creditors have been appropriately safeguarded and the goals of Bankruptcy Rule 2015.3—to provide stakeholders with periodic reports of the value, operations and profitability of the Portfolio Companies—can be amply met in these Chapter 11 Cases while avoiding unintended, and possibly value depleting, consequences that may arise from the

mechanical adherence to Bankruptcy Rule 2015.3, resulting in publicly filing the financial information required under Form 426 for general public consumption.

4.      Accordingly, the Debtors support entry of the Proposed Order and reserve all other rights with respect to the matters described or discussed in the Patriarch Motion.

Dated: September 19, 2018       YOUNG CONAWAY STARGATT & TAYLOR, LLP
       Wilmington, Delaware

*/s/ Ryan M. Bartley*
James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Michael R. Nestor (No. 3526)
Joseph M. Barry (No. 4221)
Ryan M. Bartley (No. 4985)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Counsel to the Debtors and Debtors in Possession*