## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | Chapter 11 |
| | : | |
| ZOHAR III CORP., *et al.* | : | Case No. 18-10512 (CSS) |
| | : | Jointly Administered |
| | : | |
| Debtors. | : | **Hearing Date: Oct. 25, 2018 @ 2:00 p.m.** |
| | : | **Objections Due: Oct. 9, 2018 @ 4:00 p.m.** |
| | : | **(extended by agreement for U.S. Trustee)** |
| | : | |
| | : | **RE D.I. 454** |

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE MOTION OF LYNN TILTON, ON BEHALF OF THE PORTFOLIO COMPANIES, AND THE PATRIARCH STAKEHOLDERS FOR PROTECTIVE ORDER PURSUANT TO 11 U.S.C. § 107(b) AND FED. R. BANKR. P. 2015.3(e) AND 9018 PROHIBITING FILING OF PORTFOLIO COMPANY FINANCIAL INFORMATION IN BANKRUPTCY PROCEEDING**

In Support of his Objection to the Motion of Lynn Tilton, on Behalf of the Portfolio Companies, and the Patriarch Stakeholders for Protective Order Pursuant to 11 U.S.C. § 107(b) and Fed. R. Bank. P. 2015.3(e) and 9018 Prohibiting Filing of Portfolio Company Financial Information in Bankruptcy Proceeding  (the "Motion for Protective Order") (D.I. 454), Andrew R. Vara, the Acting United States Trustee for Region 3 ("U.S. Trustee"), by and through his undersigned counsel, states as follows:

1.      This Court has jurisdiction to hear this Objection.

2.      Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with overseeing the administration of cases commenced under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts to guard against abuse and over-reaching to assure fairness in the process and adherence to the provisions of the Bankruptcy Code. *See In re United Artists Theatre Co.*, 315 F.3d 217, 225 (3d Cir. 2003) ("U.S.

Trustees are officers of the Department of Justice who protect the public interest by aiding bankruptcy judges in monitoring certain aspects of bankruptcy proceedings."); *United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 298 (3d Cir. 1994) ("It is precisely because the statute gives the U.S. Trustee duties to protect the public interest…that the Trustee has standing to attempt to prevent circumvention of that responsibility." ); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 499 (6th Cir. 1990) ("As Congress has stated, the U.S. trustees are responsible for 'protecting the public interest and ensuring that the bankruptcy cases are conducted according to [the] law"). Congress created the United States Trustee Program to act as a "watchdog" in bankruptcy cases. *See* H.R. Rep. No. 95-595 at 88 (1977).

3.      Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on this Objection.

## PRELIMINARY STATEMENT

4.      The Movants must meet their burden of demonstrating that the financial information of the Portfolio Companies is commercial information protected by section 107(b) of the Bankruptcy Code at the hearing on the Motion for Protective Order.   In addition, the U.S. Trustee objects to the request to direct the Debtors to omit the financial statements of the Portfolio Companies from the Debtors' reporting under Bankruptcy Rule 2015.3.  Rather, the Debtors must file the financial statements, albeit under seal to the extent this Court finds such information should be so protected.  Debtors must comply with certain obligations as set forth in the Bankruptcy Code and Bankruptcy Rules in order to avail themselves of the benefits of being a debtor.  While certain of the obligations involve cost, the fact that there may be a cost associated with complying with the Bankruptcy Code and Bankruptcy Rules cannot mean that a debtor should be excused from the obligation.  Debtors are aware of the costs associated when they decide to avail themselves of the bankruptcy process.  As such, the Motion for a Protective Order must be denied to the extent that

the movants and Debtors seek to avoid compliance with preparing the financial reports required

under Bankruptcy Rule 2015.3, as embodied in Official Bankruptcy Form 426.

## BACKGROUND

5.      On March 11, 2018, the above-captioned debtors (the "Debtors") filed voluntary

chapter 11 petitions in this Court.  No official committees have been appointed pursuant to section

1102 of the Bankruptcy Code.

6.      On September 19, 2018, Lynn Tilton filed the Motion for Protective Order in which

she, on behalf of the Portfolio Companies and Patriarch Stakeholders, is seeking entry of an order

directing the Debtors to omit the filing of the Portfolio Companies' financial statements from the

required reporting under Rule 2015.3.  The movants allege that such a remedy is "necessary to

ensure that the Debtors and the Portfolio Companies are able to successfully monetize certain

Portfolio Companies . . . ."  Motion for Protective Order ¶ 2.  The movants draw a distinction

between the sealing of the target information and the omission of such information, and argue that

the information is commercial information that is protected under section 107(b) of the Bankruptcy

Code.

7.      On September 19, 2018, the Debtors filed the Debtors' (1) Limited Withdrawal of

Debtors' Motion for Entry of an Order (I) Approving the Debtors' Reporting Protocol and (II)

(A) Modifying the Debtors' Reporting Requirements Under Bankruptcy Rule 2015.3, and (B) As

Necessary, Extending the Deadline Within Which to Report Under Bankruptcy Rule 2015.3 and

(2) Statement in Support of Entry of Proposed Order Pursuant to 11 U.S.C. § 107(b) and Fed. R.

Bankr. P. 2015(e) and 9018 Prohibiting Filing of Portfolio Company Financial Information in

Bankruptcy Reporting (D.I. 455).

## **ARGUMENT**

**A.    The Burden Rests With Movants to Demonstrate That the Portfolio Companies' Financial Information is Protected Commercial Information**

8.    Section 107 provides in pertinent part that "except as provided in subsections (b) and (c) of this section and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge." 11 U.S.C. § 107(a).  Congress has codified a few limited exceptions to this general rule in section 107(b) and (c).  *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006).

9.    In seeking to apply such exceptions, the burden is on the moving party to show that a request to place documents under seal falls within the parameters of an exception by demonstrating "that the interest in secrecy outweighs the presumption in favor of access." *See In re Continental Airlines*, 150 B.R. 334 (D. Del. 1993).

10.    As such, the movants must demonstrate one of the limited exceptions to the general rule of public access, either in 11 U.S.C. §§ 107(b), 107(c) (not at issue in the Seal Motion), or Bankruptcy Rule 9018.   The Motion for Protective Order cites section 107(b) of the Bankruptcy Code and Rule 9018 as the primary bases for redacting the information, alleging that such information it is confidential commercial information.  Motion for Protective Order at ¶ 26.

11.    "Confidential commercial information" is not a defined term within the Bankruptcy Code, but it has been addressed in the case law addressing Section 107(b)(1).  "Confidential commercial information" is "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the [entity]." *Alterra*, 353 B.R. at 75 (citing *In re Orion Pictures Corp.*, 21 F.3d 24, 27-28 (2d Cir. 1994) and *Ad Hoc Protective Comm. For 10 ½% Debenture Holders v. Itel Corp. (In re Itel Corp.)*, 17 B.R.

942, 944 (9th BAP 1982)).  The disclosure of such information must "reasonably be expected to

cause the entity commercial injury." *Alterra*, 353 B.R. at 75 (citing *In re Northstar Energy, Inc.*,

315 B.R. 425, 429 (Bank. E.D. Tex. 2004) and *In re Global Crossing, Ltd.*, 295 B.R. 720, 725

(Bankr. S.D.N.Y. 2003)).  "Moreover, the Court must find that information contained in the . . .

[documents] . . . 'is so critical to the operations of the entity seeking the protective order that its

disclosure will unfairly benefit that entity's competitors.'" *Alterra*, 353 B.R. at 75-76 (quoting *In*

*re Barney's, Inc.*, 201 B.R. 703, 708-09 (Bankr. S.D.N.Y. 1996)).    Information is not

"'commercial' within the meaning of § 107(b) merely because it relate[s] to business affairs." *In*

*re Northwest Airlines Corp.*, 363 B.R. 704, 706 (Bankr. S.D.N.Y. 2007).  It must be "information

which would give a competitor an unfair advantage."  *Id.*  (quoting *In re Handy Andy Home*

*Improvement Centers, Inc.*, 199 B.R. 376, 382 (Bankr. N.D. Ill. 1996)).

### B.     The Financial Information of the Portfolio Companies Must Be Filed Under Seal Rather Than Omitted

12.    Bankruptcy Rule 2015.3(a) states that:

> [i]n a chapter 11 case, the trustee or debtor in possession shall file periodic financial
> reports of the value, operations, and profitability of each entity that is not a publicly
> traded corporation or a debtor in a case under title 11, and in which the estate holds
> a substantial or controlling interest. The reports shall be prepared as prescribed by
> the appropriate Official Form, and shall be based upon the most recent information
> reasonably available to the trustee or debtor in possession.

Fed. R. Bankr. P. 2015.3(a).  Rule 2015.3(e) in turn provides that "[t]he entity in which the estate

has a substantial or controlling interest, or a person holding an interest in that entity, may request

protection of the information under §107 of the Code."  Section 107(b) provides that "[o]n request

of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the

bankruptcy court may protect an entity with respect to a trade secret or confidential research,

development, or commercial information . . . ."  Importantly, Rule 2015.3(e) does not excuse a

debtor from complying with Rule 2015(a), i.e. omitting the information, which is what the movants and Debtors are seeking to do here.[1]  Rather, such information may be filed under seal and kept out of the public docket if it is commercial information.

13.     It is essential for the Debtors to comply with Rule 2015.3(a) and specifically file the financial information of the Portfolio Companies as part of Official Form 426, under seal if the Court deems appropriate, rather than omit the financial information. Not only is the filing of this information required under the applicable portion of the Bankruptcy Rules and Bankruptcy Code, such information should be unsealed upon an event that negates the designation of the financial information as commercial information.  For example, upon the sale of a Portfolio Company, the monetization process for that particular Portfolio Company will be completed and the need for protection will become moot.  In addition, upon the expiration of the term of the Settlement Agreement, when the monetization process ends, it is very likely that such financial information may cease to be confidential commercial information, and the financial information should be unsealed to the extent this is the case.

14.     To this end, the movants and the Debtors should provide the U.S. Trustee with notification upon the sale of a Portfolio Company.  After a sale of a Portfolio Company, a revised financial statement, or Exhibit A to Form 426, should be filed with the target financial

---

[1] Rule 2015.3(d), which is not the basis of the Motion for Protective Order, provides that a court may modify the reporting requirements of 2015.3(a) for cause, including "that the trustee or debtor in possession is not able, after a good faith effort, to comply with those reporting requirements, or that the information required by subdivision (a) is publicly available."  This subsection (d) is not applicable in this case since the nature of the movants' request is that the financial information should be protected under section 107(b) as commercial information, not that it is not necessary to report since the information is available elsewhere or not available, or for another reason that aligns with the bases set forth in this subsection..

information unredacted.  In addition, the U.S. Trustee reserves all rights regarding the unsealing

of the financial information upon the expiration of the term of the Settlement Agreement.

WHEREFORE, the United States Trustee respectfully requests that the Court deny the

Motion for Protective Order and grant such other and further relief as is just and appropriate.

Respectfully submitted,

**ANDREW R. VARA**
**ACTING UNITED STATES TRUSTEE**
**REGION THREE**

Dated: October 10, 2018                     By: */s/ Brya M. Keilson*
                                                  Brya M. Keilson, Esq. (DE # 4643)
                                                  Trial Attorney
                                                  U.S. Department of Justice
                                                  Office of the U.S. Trustee
                                                  J. Caleb Boggs Federal Building
                                                  844 N. King Street, Room 2207, Lockbox 35
                                                  Wilmington, DE 19801
                                                  (302) 573-6491 (Phone); (302) 573-6497 (Fax)
                                                  Email: brya.keilson@usdoj.gov