**Exhibit A**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Zohar III, Corp., *et al.*,[9] | ) Case No. 18-10512 (CSS) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) **Docket Ref. No. ___** |

## ORDER IN AID OF IMPLEMENTATION OF THE GLOBAL SETTLEMENT AGREEMENT APPROVED IN THESE CASES ESTABLISHING CERTAIN PROCEDURES FOR THE INDEPENDENT DIRECTORS' APPROVAL OF MONETIZATION TRANSACTIONS AND RELATED RELIEF

Upon the *Motion of the Debtors for Entry of an Order in Aid of Implementation of Global Settlement Agreement Establishing Certain Procedures for the Corporate Approval of Portfolio Company Transactions and for Related Relief* (the "Motion") [Docket No.__],[10] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the

---

[9]  The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119).  The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

[10]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1.      The Motion is GRANTED to the extent provided herein.

2.      Joseph J. Farnan, Jr., as Independent Director, has been fully charged with governance of the Debtors under applicable Cayman or Delaware law, as applicable, to authorize, approve and consummate each Portfolio Company Transaction, including, but not limited to (i) authorizing the Debtors to vote or consent to any vote, as applicable, any and all Zohar Interests in favor of a Portfolio Company Transaction, (ii) exercising any rights with respect to the Zohar Interests to implement or consummate a Binding Portfolio Company Transaction, and (iii) authorizing and approving the Debtors' release of any liens, claims or encumbrances in connection with a Portfolio Company Transaction.

3.      The Debtors are authorized to consummate Portfolio Company Transactions in accordance with the Procedures as follows:

a.      The Debtors shall file and serve a notice describing the Binding Portfolio Company Transaction, the form of which is attached hereto as Exhibit I (a "Transaction Notice"), and a proposed order, the form of which is attached to the Proposed Order as Exhibit II (a "Proposed Transaction Order" and, after entry, a "Transaction Order"), to the Court, and will provide notice of the Binding Portfolio Company Transaction to the Patriarch Stakeholders and Other Stakeholders, any known creditor of the affected Debtor, any official committee appointed in these cases, the U.S. Trustee and any party having filed a notice requesting service pursuant to FED. R. BANKR. P. 2002 in the Chapter 11 cases (each an "Interested Party" and, collectively, the "Interested Parties").

b.      The Debtors shall present any such Binding Portfolio Company Transaction to the Bankruptcy Court by filing the Transaction Notice (defined below). Such presentation will be for purposes of confirming the Independent Director's authority to exercise any and all of the Debtors' rights in connection with the authorization, approval and closing of such Binding Portfolio Company Transaction on behalf of the Debtors under the express terms of the Settlement Agreement. [Because the Other Stakeholders and the Patriarch Stakeholders, as

applicable, have agreed, upon the closing of a Portfolio Company Transaction, to release any liens, claims and encumbrances with respect to any related Zohar Interests or Zohar Portfolio Company Debt,] the Proposed Transaction Order with respect to such Portfolio Company Transaction will provide that any and all such liens, claims and encumbrances are released pursuant thereto and will attach to the Debtors' proceeds of such Portfolio Company Transaction with the same validity and priority as those being released.

        c.     No Binding Portfolio Company Transaction submitted with a Transaction Notice shall, under any circumstances, be subject to a higher and/or better bankruptcy auction process.

        d.     Because the various private sale and/or refinancing processes underlying the Monetization Process are being conducted by the Portfolio Companies with the joint oversight of the Independent Director and CRO, on behalf of the Debtors, and Ms. Lynn Tilton, on behalf of the Portfolio Companies, the Debtors may elect to exclude from any public filing, including any Transaction Notice or Transaction Declaration (as defined below), any material term the Independent Director determines, in consultation with Ms. Tilton and the Portfolio Companies' investment bankers, would result in a negative impact on or financial consequence or impediment to (i) the closing of such Binding Portfolio Company Transaction, or (ii) the Debtors' ability to maximize the value for their estates with respect to future Portfolio Company Transactions and achieve the Paid in Full amounts under the Settlement Agreement. Any such excluded information ("<u>Excluded Transaction Information</u>") shall (x) not be publicly filed, (y) be delivered to the Mediator and to the chambers of the Hon. Christopher S. Sontchi, and (z) be provided on a confidential basis to the Other Stakeholders, the Patriarch Stakeholders and the U.S. Trustee, who shall not make such excluded material available to anyone else other than their professional advisors who agree in writing to maintain such information on a confidential basis. The foregoing is without prejudice to the right of any party to seek a separate order sealing any other information regarding a Portfolio Company Transaction.

        e.     The Transaction Notice shall (subject to the immediately preceding paragraph) contain the following:

        (i) a summary of the material terms of the Binding Portfolio Company Transaction;

        (ii) a declaration from the CRO and/or the CMO attesting to: (1) the material terms of the sale process utilized for the Binding Portfolio Company Transaction (e.g., identification of investment banker, timeframe of process, number of CIMs sent out, number of third parties contacts, and number of bids or LOIs received); (2) why, in the Debtors' business judgment, such Binding Portfolio Company Transaction represents the highest and/or best offer with respect to the Debtors' interests in such PC Assets; (3) whether the process resulting in the Binding Portfolio Company Transaction was, in his opinion, conducted in a commercially reasonable manner intended to achieve the highest and best offer; (4) any information bearing on the conduct of the sale process that would be relevant to the Court's consideration of the Binding

Portfolio Company Transaction, and (5) support for any finding of fact or conclusion of law sought in a Transaction Order (a "<u>Transaction Declaration</u>").  The basis of a Transaction Declaration may be supported by a declaration from a banker or other financial professional hired at the Portfolio Company level;

(iii) The Debtors will also file with the Transaction Notice a Proposed Transaction Order:  (w) authorizing the applicable Debtor to exercise any rights, including any lender or shareholder approval rights, with respect to such Binding Portfolio Company Transaction, as applicable; (x) holding that the Debtors' interests in the subject Portfolio Company are being delivered to the purchaser with good and marketable title; (y) approving the sale of the Debtors' assets free and clear of any liens, claims and encumbrances, provided that any such order must provide that any and all such liens, claims and encumbrances attach to the Debtors' proceeds from such Portfolio Company Transaction with the same validity and priority as those being released, and (z) such other terms as the Debtors deem necessary, desirable or in the best interests of the estate to facilitate the consummation of the Binding Portfolio Company Transaction in a manner that maximizes value for the Debtors and their estates for achieving the Paid in Full amounts under the Settlement Agreement; and

(iv) The hearing to consider such Binding Portfolio Company Transaction (a "<u>Hearing</u>") may be held within fourteen (14) days from the date of filing of a Transaction Notice.  Objections to any Transaction Notice shall be due at 4:00 p.m. (ET) on the date that is four (4) business days from the date of the Hearing, with any replies due at 4:00 p.m. (ET) on the date that is two (2) business days prior to the Hearing.  The Debtors shall have the right, in their sole discretion but in consultation with Ms. Tilton and the Portfolio Companies' investment bankers, to extend any deadline set forth herein or to adjourn any Hearing to consider a Binding Portfolio Company Transaction. Nothing set forth herein shall preclude any party-in-interest from seeking to shorten the notice or deadlines set forth herein with respect to approval of a Binding Portfolio Company Transaction or to seek to extend such deadlines or adjourn any such Hearing, in each instance by separate motion for cause shown.

4.     No standing to participate in these Chapter 11 Cases shall be conferred on any party solely based on their participation as a potential bidder or bidder in the Monetization Process.

5.     The Transaction Notice and Proposed Transaction Order, substantially in the forms attached to the Motion as <u>Exhibits I</u> and <u>II</u>, respectively, are approved.

6.      Nothing in this Order shall alter or impair the rights of the Debtors, the Other Stakeholders, and the Patriarch Stakeholders to receive payment of proceeds from a Portfolio Company Transaction pursuant to the Settlement Agreement.

7.      The Debtors are authorized to execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate to implement and effectuate the transactions contemplated by this Order.

8.      This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order

Dated:  November ___, 2018
          Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
CHIEF UNITED STATES BANKRUPTCY JUDGE

102950217.19

5

## **EXHIBIT I TO ORDER**

**Form of Transaction Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Zohar III, Corp., *et al.*,[1] | ) Case No. 18-10512 (CSS) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) |
| | ) |

## NOTICE OF BINDING PORTFOLIO COMPANY TRANSACTION PURSUANT TO PORTFOLIO COMPANY TRANSACTION PROCEDURES

PLEASE TAKE NOTICE that the above-captioned debtors and debtors in possession (collectively, the "Debtors"), pursuant to the *Order in aid of Implementation of the Global Settlement Agreement Approved in these Cases for Authority to Establish certain Procedures for the Corporate Approval of Portfolio Company Transactions and for Related Relief* [Docket No. __] (the "Procedures Order"),[2] intend to consummate the transaction (the "Portfolio Company Transaction") described herein. The Portfolio Company Transaction is not subject to a higher and/or better bankruptcy auction process. This Notice is being provided in accordance with and sets forth the information required under the Procedures Order.

Material Economic Terms and Conditions of the Proposed Portfolio Transaction. The Portfolio Company Transaction contains the following material terms: [INSERT TERMS]

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Procedures Order or the Debtors' motion granted by the Procedures Order [Docket No. ___], as applicable.

Transaction Declaration.  Attached hereto as <u>Exhibit A</u> is a declaration (the "<u>Transaction Declaration</u>") by [Mr. Michael Katzenstein, the Debtors' chief restructuring officer (the "<u>CRO</u>")/Mr. Robert S. Kost, the Debtors' chief monetization officer (the "<u>CMO</u>")].

Proposed Transaction Order.  Attached hereto as <u>Exhibit B</u> is a proposed order approving the Portfolio Company Transaction (the "<u>Proposed Transaction Order</u>").

Procedures for Objecting to the Proposed Portfolio Company Transaction.  Any objection to the proposed Portfolio Company Transaction (an "<u>Objection</u>") must:  (a) be in writing; (b) state with specificity the nature of the objection; and (c) be filed with the Bankruptcy Court and served on the (i) the Debtors, 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036 (Attn: Michael Katzenstein, mike.katzenstein@fticonsulting.com,); (ii) counsel to the Debtors, Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Michael R. Nestor and Joseph M. Barry, mnestor@ycst.com, jbarry@ycst.com); (iii) counsel to the Patriarch Entities, Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, CA 90071 (Attn: Robert A. Klyman, rklyman@gibsondunn.com) and Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, DE 19801 (Attn: Norman L. Pernick, npernick@coleschotz.com); (iv) counsel to U.S. Bank, as indenture trustee, Alston & Bird LLP, 90 Park Avenue, New York, New York 10016 (Attn: John W. Weiss, john.weiss@alston.com); (v) counsel to MBIA Insurance Corp., Cadwalader, Wickersham & Taft, LLP,200 Liberty Street, New York, New York 10281 (Attn: Gregory M. Petrick, gregory.petrick@cwt.com) and Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801) (Attn: Laura Davis Jones, ljones@pszjlaw.com); (vi) counsel to the Zohar III Controlling Class, Arnold & Porter Kaye Scholer LLP, 70 West Madison Street, Suite 4200, Chicago, IL 60602-

4321 (Attn: Brian J. Lohan, brian.lohan@arnoldporter.com) and Womble Bond Dickinson (US)

LLP, 222 Delaware Avenue, Suite 1501, Wilmington, DE 19801 (Attn: Matthew P. Ward,

matthew.ward@wbd-us.com); and (vii) the Office of the United States Trustee for the District of

Delaware, 855 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Brya

Keilson, brya.keilson@usdoj.gov) (the "Notice Parties") on or before 4:00p.m. (ET) on the date

that is fourteen (14) days from the date of this Notice. (the "Objection Deadline").

       Hearing to Consider the Proposed Portfolio Transaction.  If any Objections are filed and

served, as outlined above, a hearing to consider such transaction shall be held before the Court

on _____ __, 20__ at __:__ _.m. (ET).  If no Objections are filed with the Court and served on

the Notice Parties by the Objection Deadline in accordance with the terms of the Procedures

Order, then the Court may enter the Proposed Transaction Order without further notice of a

hearing.


Dated: _____, 2018       YOUNG CONAWAY STARGATT & TAYLOR, LLP
       Wilmington, Delaware

       */s/*_____
       James L. Patton, Jr. (No. 2202)
       Robert S. Brady (No. 2847)
       Michael R. Nestor (No. 3526)
       Joseph M. Barry (No. 4221)
       Ryan M. Bartley (No. 4985)
       Shane M. Reil (No. 6195)
       Rodney Square
       1000 North King Street
       Wilmington, Delaware 19801
       Telephone: (302) 571-6600
       Facsimile: (302) 571-1253

       *Counsel to the Debtors and Debtors in Possession*

**<u>EXHIBIT II TO ORDER</u>**

**Form of Proposed Transaction Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Zohar III, Corp., *et al.*,[1] | ) | Case No. 18-10512 (CSS) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
|  | ) | **Docket Ref. No. ___** |

**ORDER APPROVING CONSUMMATION OF PORTFOLIO
COMPANY TRANSACTION**

Upon the *Order in Aid of Implementation of the Global Settlement Agreement Approved in these Cases for Authority to Establish certain Procedures for the Corporate Approval of Portfolio Company Transactions and for Related Relief*, [Docket No. __] (the "Procedures Order"); and upon the notice filed with the Court on [         ] [   ], 2018 [Docket No. __] (the "Transaction Notice")[2] and the declarations attached thereto as Exhibits A and B; and the Court having jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Portfolio Company Transaction having been provided to the Interested Parties, and it appearing that no other or further notice need be provided; and the Court having found and determined that the consummation of the

---

[1]  The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119).  The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

[2]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Procedures Order or the Transaction Notice, as applicable

Portfolio Company Transaction is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and any objections to the Portfolio Company Transaction having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1.      Joseph J. Farnan, Jr., as Independent Director, has been fully charged with governance of the Debtors under applicable Cayman or Delaware law, as applicable, to authorize, approve and consummate the Portfolio Company Transaction, including, but not limited to (i) authorizing the Debtors to vote or consent to any vote, as applicable, any and all Zohar Interests in favor of the Portfolio Company Transaction, (ii) exercising any rights with respect to the Zohar Interests to implement or consummate the Portfolio Company Transaction, and (iii) authorizing and approving the release of any liens, claims or encumbrances in connection with the Portfolio Company Transaction.

2.      The consummation of the Portfolio Company Transaction on the terms set forth in the Transaction Notice is legal, valid and properly authorized.

3.      Based upon, among other considerations, the Transaction Notice and the Transaction Declaration, the Independent Director's authorization, approval and consummation of the Portfolio Company Transaction is prudent, in good faith and in the best interest of the Debtors' estates and stakeholders and is fully consistent with the duties imposed upon him as a fiduciary.

4.      The sale of the PC Assets and the consideration provided by the Purchaser are fair and reasonable and shall be deemed for all purposes to constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law.

5.      Effective as of the Closing, the sale of the PC Assets by the Debtors to the Purchaser shall constitute a legal, valid and effective transfer of the PC Assets notwithstanding any requirement for approval or consent by any person and shall vest Purchaser with all right, title and interest of the Debtors in and to the PC Assets, free and clear of all liens, claims, encumbrances and interests of any kind, pursuant to section 363(f) of the Bankruptcy Code with such liens, claims, encumbrances and interest attaching to the Debtors' proceeds from such Portfolio Company Transaction with the same validity and priority as such released liens.

6.      The Purchaser is hereby granted and is entitled to all of the protections provided to a good faith buyer under section 363(m) of the Bankruptcy Code.

7.   With the consent of the Patriarch Stakeholders and the Other Stakeholders, the sale of the Zohar Interests and/or Zohar Portfolio Company Debt, as applicable, is hereby approved free and clear of any liens, claims and encumbrances that could be asserted by any of the Patriarch Stakeholders and the Other Stakeholders, provided that any and all such liens, claims and encumbrances attach to the Debtors' proceeds from such Portfolio Company Transaction with the same validity and priority as those being released hereby, and all such proceeds shall be delivered to the Debtors at closing.

8.      The Debtors are authorized to execute and deliver all instruments and documents, and take such other action—including the exercise any shareholder or lender approval rights —as may be necessary or appropriate to consummate, implement and effectuate the Portfolio Company Transaction.

9.      [INSERT ADDITIONAL TERMS AS NECESSARY]

10.     This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order

Dated: _____, 2018
        Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
CHIEF UNITED STATES BANKRUPTCY JUDGE

102950217.19

**Exhibit B**

The Debtors anticipate that the Portfolio Companies will implement one or more of the following possible transactions or possible combinations of transactions:

A.      a sale and delivery of those certain equity or LLC interests (an "Equity Sale") in a Portfolio Company of which the Debtors are record holders and all rights, benefits, and economic interests associated with such interests (the "Zohar Interests") requiring the Debtors' consent and approval through the Independent Director as contemplated by the Settlement Agreement;

B.      a sale and delivery of 100% of the equity or LLC interests in a Portfolio Company where such equity or LLC interests are entirely Zohar Interests (a "Company Sale") requiring the Debtors' consent and approval through the Independent Director as contemplated by the Settlement Agreement;

C.      a sale of all or substantially all of a Portfolio Company's assets (an "Asset Sale") requiring the Debtors' consent and approval through the Independent Director as contemplated by the Settlement Agreement, including, but not limited to, voting any Zohar Interests and/or releasing any liens securing any Zohar Portfolio Company Debt (as defined below);

D.      a sale, assignment or transfer of any outstanding loan obligations from a Portfolio Company to one of the Debtors ("Zohar Portfolio Company Debt") requiring the Debtors' consent and approval through the Independent Director as contemplated by the Settlement Agreement (a "Debt Sale");

E.      the refinancing of Zohar Portfolio Company Debt (a "Refinancing") requiring the Debtors' consent and approval through the Independent Director as contemplated by the Settlement Agreement;

F.      a merger, consolidation, amalgamation, business combination or exchange that results in a change of control of a Zohar Portfolio Company (or other disposition of substantially all assets) requiring the Debtors' consent and approval through the Independent Director as contemplated by the Settlement Agreement (a "Merger"); and/or

G.      any other transaction that, consistent with the Procedures and requiring the Debtors' consent and approval through the Independent Director as contemplated by the Settlement Agreement, will monetize the value of the Debtors' assets related to the Portfolio Companies (an "Other Transaction" and, together with an Equity Sale, a Company Sale, an Asset Sale, a Debt Sale, a Refinancing, and a Merger, the "Portfolio Company Transactions" with each being a "Portfolio Company Transaction")