# **Exhibit B**

57772/0001-16492492V1

# Exhibit B – Issues List re Proposed Order

| | **Issue** | **Other Stakeholders' Proposed Order Provision** | **Comment/Response** |
|---|---|---|---|
| 1 | Stipulations/Challenge Rights | Paragraph 4 provides stipulations by the Debtors regarding the validity of the Other Stakeholder Creditors' claims and liens, including that (i) as "the Debtors previously agreed, through the Settlement Agreement," the Debtors were indebted to the Other Stakeholder Creditors for the "Paid in Full" amount, which amounts are "not subject to attack, avoidance, objection, recharacterization, defense, equitable subordination, or any other challenge," (ii) "[t]o the extent not inconsistent with the Settlement Agreement, the Transaction Obligations constitute 'allowed claims' within the meaning of section 502 of the Bankruptcy Code," and (iii) subject to a 90 day review right for the Debtors, Other Stakeholder Creditors have valid and perfected 1st priority liens against all of the Debtors' assets.<br><br>The stipulations in Paragraph 4 are immediately binding on all parties in interest, including the Debtors and Patriarch, except (i) the 90-day review period over the Other Stakeholder Creditors' liens, and (ii) the preservation of Patriarch's rights regarding MBIA's claims under FN 1 of the Settlement Agreement. Other Stakeholders' Proposed Order, ¶ 27. | The Settlement Agreement stays and preserves all claims or causes of action among the parties:<br><br>"For the avoidance of doubt, with respect to any of the entities identified in paragraph 15 [including the Debtors, the Patriarch Stakeholders, and the Other Stakeholders]: (1) (a) any litigation, claim, motion, or contested matter that was or could have been brought prior to the date hereof, and (b) any litigation, claim, motion, or contested matter that could be brought after the date hereof arising from any facts, acts, or omissions that first arose prior to the date hereof, shall be stayed during the 15-Month Window, with appropriate protections so there is no prejudice to any party . . . ." Settlement Agreement, ¶ 15.<br><br>Stipulations regarding the Class A-3 Notes and Class B Notes (the holders of which shall be referred to as the "Patriarch Secured Parties") should be included in the stipulations in Paragraph 4, subject to the same challenge rights described below. *See* Patriarch Proposed Order, ¶ 4(c).<br><br>The challenge period must be extended through 60 days of the earlier of the (i) termination of the Settlement Agreement by the court, or (ii) expiration of the 15 Month Window or 18 Month Extended Window (as applicable). *Id.* at ¶ 27.<br><br>The Patriarch Stakeholders and the Other Stakeholder Creditors shall not be required to challenge the claims of, or assert claims against each other, by the expiration of the challenge period. *Id.* |

Exhibit B – Issues List re Proposed Order

| | **Issue** | **Other Stakeholders' Proposed Order Provision** | **Comment/Response** |
|---|---|---|---|
| 2 | Indemnity/Releases | Paragraphs 5 and 6(g) include indemnities and releases in favor of the Other Stakeholder Creditors limited to claims arising out of the negotiation and entry into the cash collateral order (the "CCO"). | The CCO shall make clear that the releases do not affect parties' rights to challenge the allowance of the Other Stakeholder Creditors' attorneys' fees, and there shall be no indemnification with respect to litigation over the same. Further, the Patriarch Secured Parties should be included as a party to the releases/indemnification. Patriarch Proposed Order, ¶¶ 5(c), 6(g). |
| 3 | Budgets | The Other Stakeholders' Proposed Order restricts the Debtors right to use cash collateral to an approved budget (subject to a 25% (or $750k in the aggregate) variance), the first of which is attached to the CCO. Other Stakeholders' Proposed Order, ¶ 8. New proposed budgets are to be provided to the Other Stakeholder Creditors for approval each month. | The Patriarch Secured Parties should be included as a review party for any new budgets, and should receive copies of any variance reports. Patriarch Proposed Order, ¶ 8.<br><br>The permitted variance amount should be reduced to 10% and $250k. *Id.*<br><br>Adequate protection payments for secured creditor professional fees may not exceed the budgeted amounts, subject to the right to seek allowance of excess amounts consistent with the Bankruptcy Code. *Id.* at ¶ 12(c).<br><br>Amounts budgeted for secured creditor professionals to be discussed. |
| 4 | Cash Reserve/Sweep & Indemnification Reserve | Paragraphs 9(a) & (b) provide a mechanism where the Debtors' accounts must have minimum deposit amounts, and that any excess amounts must be swept to pay the Other Stakeholder Creditors, not more than once every 30 days, unless the excess cash exceeds $25 million. The Indenture Trustee is entitled to a $10,000 fee for each such excess cash sweep/distribution. | The Patriarch Secured Parties must be included in the parties that may agree to modifications to the reserve cap. Patriarch Proposed Order, ¶ 9(a).<br><br>The Indemnification Reserve was not anticipated when the Debtors' professionals were retained, we have bracketed all references thereto for discussion, and the parties should discuss whether this relief is needed. |

# Exhibit B – Issues List re Proposed Order

| | **Issue** | **Other Stakeholders' Proposed Order Provision** | **Comment/Response** |
|---|---|---|---|
| | | Paragraph 9(c) includes a $1.5M "Indemnification Reserve" for the benefit of the Independent Director, the CRO, and the CMO, to "provide indemnification and a source for the advancement of expenses."  The Indemnification Reserve may be increased in amount (i) upon five (5) business days' notice by the CMO, CRO, or Independent Director to the Other Stakeholder Creditors, which notice shall be submitted only after the threat or assertion of a Claim against any of the CMO, CRO or the Independent Director for an Indemnifiable Event or (ii) as otherwise ordered by the Bankruptcy Court.<br><br>The Other Stakeholders' Proposed Order further provides that if the Indemnification Reserve is ordered to be released, it shall be paid to the Indenture Trustee "to be distributed in accordance with the Priority of Payments in the Indenture." *Id.* at ¶ 9(c). | The Indemnification Reserve (if created) must be released and paid pursuant to the waterfall under the indentures upon the occurrence of the Full Payment Date.  *Id.* at ¶ 9(c).<br><br>The Cash Reserve Amounts and the Indemnification Reserve (if created) shall be credited against the Paid in Full amount for purposes of calculating whether the 15 Month Window shall be extended to the 18 Month Extended Window.  The Indemnification Reserve (if created) shall also be credited against the Paid in Full amount for determining whether the Full Payment Date has occurred.  *Id.* at ¶ 28.<br><br>There should not be any additional fee for the Indenture Trustee. |
| 5 | Superpriority Claims/Liens | The Other Stakeholder Creditors are granted superpriority claims and priming liens "to the extent of any Diminution in Value and any unpaid fees and expenses of the Secured Party Professionals."  Other Stakeholders' Proposed Order, ¶¶ 11(a), (b)(3). | Any superpriority claims and liens shall be limited to any Diminution in Value, and shall not extend to unpaid professional fees.  There shall be no priming of Patriarch Stakeholder liens.  Patriarch Proposed Order, ¶ 11(b)(3). |
| 6 | Interest | The Other Stakeholders' Proposed Order provides that the Other Stakeholder Creditors shall be entitled to payment of all "accrued and unpaid interest due and payable under the Indentures as of the date of entry of this Order . . . ."  Other Stakeholders' Proposed Order, ¶ 12(a). | Only postpetition interest should be paid as adequate protection.  Patriarch Proposed Order, ¶ 12(a).<br><br>All adequate protection payments are subject to recharacterization consistent with Bankruptcy Code section 506(b).  *Id.* at ¶ 12(f).<br><br>Payment of postpetition interest on Class A-3 Notes at |

# Exhibit B – Issues List re Proposed Order

| | **Issue** | **Other Stakeholders' Proposed Order Provision** | **Comment/Response** |
|---|---|---|---|
| | | | Zohar I shall be included as adequate protection. *Id.* at ¶¶ 12(a)–(b). |
| 7 | Attorneys' Fees | The Other Stakeholders' Proposed Order provides that the Other Stakeholder Creditors are entitled to payment of past and ongoing attorneys' fees upon demand, subject to review by the Debtors, the US Trustee, and the Fee Examiner. Other Stakeholders' Proposed Order, ¶ 12(c).<br><br>These are significant amounts under the budget: $7.5 million through 6/30/18, and between $665,000 and $690,000 per month. All of this exceeds amounts allocated for the Debtors.<br><br>The budget leaves the amount for Committee professionals TBD.<br><br>The Other Stakeholders' Proposed Order and the budget do not provide for payment of any attorney's fees to Patriarch. | The Settlement Agreement provides for the formation of a "Zohar Fund creditors committee . . . to oversee and monitor the bankruptcy." Settlement Agreement, ¶ 15. The Settlement Agreement is clear that the Committee is to be formed solely to protect the interests of the Senior Secured Creditors: "The CRO shall provide the Committee members with all information necessary to assess and represent the interests of the Other Stakeholders . . . ." *Id.* The Settlement Agreement provides that the "reasonable fees and expenses of the Committee and its advisors shall be set forth in a budget to be approved by the CRO and shall be paid by the estates." *Id.*<br><br>The Patriarch Secured Parties must have a right to review and object to other professionals' attorneys' fees. Patriarch Proposed Order, ¶ 12(c).<br><br>The Patriarch Secured Parties must be entitled to payment of attorneys' fees during the bankruptcy cases, with a budgeted amount to be discussed. In the absence of payment of the Patriarch Secured Parties' fees as adequate protection, formation of the Committee and payment of its fees is adequate protection of the Other Stakeholder Creditors' interests, and no secured creditors shall be entitled to payment of attorneys' fees as adequate protection.<br><br>Only postpetition attorneys' fees shall be paid as adequate protection. *Id.* at ¶ 12(c).<br><br>Adequate protection payments for secured creditor professional fees may not exceed the budgeted amounts, |

# Exhibit B – Issues List re Proposed Order

| | **Issue** | **Other Stakeholders' Proposed Order Provision** | **Comment/Response** |
|---|---|---|---|
| | | | subject to the right to seek allowance of excess amounts consistent with the Bankruptcy Code.  *Id.* at ¶ 12(c).<br><br>All adequate protection payments are subject to recharacterization consistent with Bankruptcy Code section 506(b).  *Id.* at ¶ 12(f). |
| 8 | Reporting | Paragraph 12(d) provides various weekly reporting requirements. | The Settlement Agreement provides for the formation of the Committee to receive information from the Debtors to protect the interests of the MBIA/ZIII Creditors. Settlement Agreement, ¶ 15.<br><br>Any reporting regarding the monetization process and/or the portfolio companies shall be governed by the Committee NDA.  The Other Stakeholder Creditors shall only be entitled to reporting at the Debtor level. Reporting shall be bi-weekly; weekly is not necessary due to the posture of this case.  Patriarch Proposed Order, ¶ 12(d)(1).<br><br>The Patriarch Secured Parties should receive all reporting that is provided to the Committee and the Other Stakeholder Creditors.  *Id.* at ¶ 12(d)(4). |
| 9 | Effect of Full Payment Date | N/A | The CCO must include a provision making clear that any right to adequate protection terminates upon the Full Payment Date, *see* Patriarch Proposed Order, ¶ 12(g), and that the CCO does not affect the use or distribution of cash upon the occurrence of the Full Payment Date, *see id.* at ¶ 40. |

57772/0001-16493504V1

# Exhibit B – Issues List re Proposed Order

|  | **Issue** | **Other Stakeholders' Proposed Order Provision** | **Comment/Response** |
|---|---|---|---|
| 10 | Carve Out | Paragraph 13(a) carves out $2.5 million from secured creditors' collateral to cover Estate Professional costs after the Termination Date under the CCO. | This amount should be assessed based on the facts of these Chapter 11 cases. |
| 11 | Settlement Veto Right | Paragraph 14 provides that the Debtors cannot attempt any compromise, release, or transfer of a cause of action without approval by the Other Stakeholder Creditors or by the bankruptcy court. | The Debtors must be permitted to "attempt" to settle/release/transfer claims without pre-approval from the Other Stakeholder Creditors. Patriarch Proposed Order, ¶ 14. |
| 12 | Monetization Events | Paragraph 15 provides that in the event of a monetization event, proceeds shall be paid in accordance with the cash sweep of the CCO, except with respect to Zohar I, where such proceeds shall be paid to MBIA. | Payments to MBIA from monetization events should be limited to the Paid in Full amount. Patriarch Proposed Order, ¶ 15. |
| 13 | Credit Bid | The Other Stakeholders' Proposed Order grants the Other Stakeholder Creditors the right to credit bid their secured claim and any admin claim granted under the CCO, Other Stakeholders' Proposed Order, ¶ 16, and makes certain findings in favor of the Other Stakeholder Creditors in the event they exercise remedies, *id.* at ¶ 30. | The Other Stakeholder Creditors shall have no credit bid right until after the 15 Month Window or 18 Month Extended Window. Further, the CCO shall not include any findings in favor of the Other Stakeholder Creditors in the event they exercise remedies. |
| 14 | Meet and Confer/Termination Events | The Other Stakeholders' Proposed Order provides certain events which, if triggered, required the Debtors and the Other Stakeholder Creditors to meet and confer. Other Stakeholders' Proposed Order, ¶ 17.<br><br>The Other Stakeholders' Proposed Order provides certain Termination Events, which, if triggered, | The Patriarch Secured Parties must be included as a meet-and-confer party. Patriarch Proposed Order, ¶ 17.<br><br>Old sections (h), (i), (k), and (l) should be deleted as Termination Events.<br><br>The Other Stakeholder Creditors shall not be entitled to |

# Exhibit B – Issues List re Proposed Order

| | **Issue** | **Other Stakeholders' Proposed Order Provision** | **Comment/Response** |
|---|---|---|---|
| | | terminate the Debtors' right to use cash collateral. Other Stakeholders' Proposed Order, ¶ 18. The Termination Events include, among other things:<br><br>(h)  The entry of an order in the Cases charging any of the Prepetition Collateral or Adequate Protection Collateral under section 552(b) of the Bankruptcy Code or section 506(c) of the Bankruptcy Code;<br><br>(i)  Occurrence of the Full Payment Date as to either MBIA or the Zohar III Noteholders (each as defined in the Settlement Agreement);<br><br>(k)  The Debtors file any plan of reorganization or liquidation without the written consent of (i) the MBIA/ZIII Creditors and (ii) the Indenture Trustee if required under the Indenture;<br><br>(l) Removal or resignation of the Independent Director (as defined in the Settlement Agreement). | relief from stay or automatic standing to pursue any actions, and there shall be no marshalling waiver. This is required under paragraph 15 of the Settlement Agreement. |
| 15 | Preservation of Dispute re Allocation of Independent Director Success Fee & Other Fees | Paragraphs 11(a), 13(c), and 21–23 provide waivers of (i) the Debtors' right to surcharge the Other Stakeholder Creditors' collateral under 11 U.S.C. § 506(c) and (ii) all parties'-in-interest right to use the "equities of the case" exception under 11 U.S.C. § 552(b). | Sections 506(c) and 552(b) waivers are not appropriate here.<br><br>The CCO must make clear that nothing in the order impairs the parties' respective positions with respect to the allocation of the Incentive Fee, indemnification obligations for the Independent Director and CRO, any New Agent fee, and any replacement collateral manager fees. Patriarch Proposed Order, ¶ 35. |

## Exhibit B – Issues List re Proposed Order

| | **Issue** | **Other Stakeholders' Proposed Order Provision** | **Comment/Response** |
|---|---|---|---|
| 16 | Blank Rome Issue | Under Paragraph 29(a), the Debtors are authorized to make payments from holdback funds from the initial Zohar I bankruptcy, including to Blank Rome. | These are prepetition claims which, if allowed, should be paid pursuant to a plan and not before Patriarch Stakeholders are paid. |
| 17 | Amendment/Waiver/ Modification | Paragraphs 39 and 40 restrict the ability to amend or modify the CCO without the approval of the Other Stakeholder Creditors. | The CCO should not be amended without further Court order or agreement among all parties (including the Patriarch Secured Parties), and the entry of any such order without consent of the Other Stakeholder Creditors is a Termination Event.  Patriarch Proposed Order, ¶¶ 18(e), 39.  That is all that is necessary. |
| 18 | Applicability of Priority of Payments | N/A | The CCO must provide that, with the exception of adequate protection payments authorized under the order, any creditor payments must be made pursuant to the Priority of Payments under the indentures.  Patriarch Proposed Order, ¶ 31. |
| 19 | Incorporation of Settlement Agreement | N/A | The CCO must expressly incorporate the Settlement Agreement by reference, and shall control in the event of any inconsistency with the CCO.  Patriarch Proposed Order, ¶ 37. |

57772/0001-16493504V1