**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Zohar III, Corp., *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 18-10512 (KBO)<br>)<br>) Jointly Administered<br>)<br>) Docket Ref. No. 545 and 773<br>) |

**ORDER APPROVING CONSUMMATION OF DENALI PORTFOLIO
COMPANY TRANSACTION**

Upon the *Order in Aid of Implementation of the Global Settlement Agreement Approved in These Cases Establishing Certain Procedures for the Independent Director's Approval of Monetization Transactions and Related Relief* [Docket No. 545] (the "Procedures Order"); and upon the notice filed with the Court on June 10, 2019 [Docket No. 773] (the "Transaction Notice")[2] and the declarations and exhibits attached thereto; and the Court having jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Denali Transaction having been provided to the Interested Parties, and it appearing that no other or further notice need be provided; and the Court having found and determined that the consummation of the Denali Transaction (as defined in the Transaction Notice, and hereinafter used) is in the best interests of the Debtors' estates, their creditors, and

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

[2] All capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Procedures Order [Docket No. 545], the Procedures Motion [Docket No.481], or the Transaction Notice.

other parties in interest; and any objections to the Denali Transaction having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1.      Joseph J. Farnan, Jr., as Independent Director, has been fully charged with governance of the Debtors under applicable Cayman or Delaware law, as applicable, to authorize, approve and consummate the Denali Transaction, including, but not limited to (i) authorizing the Debtors to vote or consent to any vote, as applicable, any and all Zohar Interests in favor of the Denali Transaction, (ii) exercising any rights with respect to the Zohar Interests to implement or consummate the Denali Transaction, and (iii) authorizing and approving the release of all of the Encumbrances[3] held by, owned by, or in favor of the Debtors in connection with the Denali Transaction.

2.      The consummation of the Denali Transaction between Fiber Glass Systems, L.P. ("Buyer") and all of the shareholders of Denali Incorporated, a Delaware corporation ("Denali"), including but not limited to Denali Acquisition LLC ("Denali Acquisition") and ARK II CLO 2001-1, Limited (all of the shareholders of Denali are collectively, the "Sellers") on the terms set forth in the Transaction Notice and SPA is legal, valid and properly authorized.

3.      Zohar III, Limited ("Zohar III") is the only Debtor with any right, title, or interest (directly or indirectly) in Denali, its Subsidiaries (as defined in the SPA), or Denali Acquisition, and no other Debtors have any right, title, or interest (directly or indirectly) in Denali, its Subsidiaries (as defined in the SPA), or Denali Acquisition.  Zohar III's execution and entry into the Buyer Side Letter (which is also referred to herein as the "Zohar Authorization Letter Agreement") and Ark Side Letter, in the forms attached to the Transaction Notice as Exhibits C

---

[3]     "Encumbrances" means "any mortgage, pledge, assessment, security interest, lien, adverse claim, levy, charge, option, right of first refusal, voting agreement, charge, debenture, indenture, deed of trust, easement, right-of-way, restriction, encroachment, license, servitude, concession, security agreement or other encumbrance of any kind or nature."

01:24570281.3

and <u>D</u>, and all other documents contemplated by or entered into in connection with the Denali Transaction, are hereby authorized and approved, and shall be binding on and enforceable against all parties executing those documents. Upon entry of this Order, all necessary consents, approvals, or limited liability company authorizations by any member of, holder of an interest in (whether record, beneficial, or otherwise), or other party required to give limited liability company authorization to Denali Acquisition, with respect to the Denali Transaction are hereby deemed to have been provided. Further, Zohar III shall have authority to vote its interest in Denali Acquisition in support of the Denali Transaction.

4. Based upon, among other considerations, the Transaction Notice and the Transaction Declarations, the Independent Director's authorization, approval, and consummation of the Denali Transaction is prudent, in good faith, in the best interest of the Debtors' estates, their creditors and other parties in interest, and is fully consistent with the duties imposed upon him as a fiduciary.

5. The sale of all of the Sellers' equity interests in Denali, as more fully described in and pursuant to the SPA, and the consideration provided by Buyer are fair and reasonable and shall be deemed for all purposes to constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law.

6. All amounts payable to Denali Acquisition under the SPA shall be paid to the account of Zohar III as set forth in the Ark Side Letter and subject to the limitations and escrow provisions set forth in the Ark Side Letter with respect to the allocation and satisfaction of Zohar III's allocable portion of the Seller Representative Expenses (as defined in the Ark Side Letter).

7. Effective as of the Closing of the SPA (which includes the sale of all of the equity interests in Denali by the Sellers to Buyer and the satisfaction or waiver of the Closing conditions in the SPA), the Denali Transaction shall constitute a legal, valid and effective

transfer of all of the equity interests in Denali to Buyer notwithstanding any requirement for approval or consent by any Person, and shall (i) vest Buyer with all right, title and interest in and to the equity interests in Denali free and clear of all Encumbrances and other interests of any kind, in each case, under the Zohar Secured Debt Facility or otherwise held by Zohar III, and (ii) result in the release and termination of all Encumbrances and other interests of any kind under the Zohar Secured Debt Facility in or against the Assets and Properties of Denali and its Subsidiaries.[4]

8.  The Buyer is hereby granted and is entitled to all of the protections provided to a good faith buyer under section 363(m) of the Bankruptcy Code.

9.  The payment for and release of the Indebtedness under the Zohar Secured Debt Facility, as set forth in Section 2.5(f) of the SPA, is hereby approved free and clear of any and all Encumbrances and other interests of any kind that could be asserted by the Debtors, their Agents (as defined herein) or their creditors, against (i) the equity interests in Denali, (ii) Denali or any of its Subsidiaries, or (iii) the Assets and Properties of Denali or its Subsidiaries. The "Agents" constitute Ankura Trust Company, as agent, and Patriarch Partner Agency Services, LLC, as predecessor agent, under the Zohar Secured Debt Facility.

10.  Any Encumbrances on assets of the Debtors that are being released pursuant to this Order and the Denali Transaction shall attach to the proceeds received by the Debtors in the Denali Transaction with the same validity, extent, and priority as such released Encumbrances had on the applicable assets of the Debtors.

---

[4] "Assets and Properties" means "all assets and properties of every kind, nature, character and description (whether real, personal or mixed, whether tangible or intangible, whether absolute, accrued, contingent, fixed or otherwise and wherever situated), including the goodwill related thereto, operated, owned or leased by such Person, including, without limitation, cash, cash equivalents, accounts and notes receivable, chattel paper, documents, instruments, general intangibles, real estate, equipment, inventory, goods and Intellectual Property."

01:24570281.3

11. The Debtors and their Agents are authorized and directed to execute and deliver all instruments and documents, and take such other action—including the exercise of any member, shareholder, or lender approval rights—as may be necessary or appropriate to consummate, implement and effectuate the Denali Transaction pursuant to the SPA, including, but not limited to, execution of any and all instruments necessary to terminate, cancel and release the Zohar Secured Debt Facility, and all Encumbrances and other interests of any kind arising under or related to the Zohar Secured Debt Facility, including any mortgage, deed of trust, security agreement, UCC financing statement, pledge, control agreement, Encumbrance, or other instrument related to the perfection of the Encumbrances and other interests of any kind against (i) the equity interests in Denali, (ii) Denali or any of its Subsidiaries, or (iii) the Assets and Properties of Denali or its Subsidiaries by the Debtors, as set forth in the Security Debt Facility or otherwise.

12. The release by the Debtors and other Releasors, as more fully set forth in Section 6 of the Zohar Authorization Letter Agreement, is authorized and approved, except as follows:

> Notwithstanding anything in the Zohar Authorization Letter Agreement, the Ark Side Letter, the SPA, or any other document entered into in the Denali Transaction to the contrary and solely as among the parties to the Settlement Agreement (and for the avoidance of doubt, such parties to the Settlement Agreement expressly exclude Denali and its Subsidiaries): (i) in the event of a conflict between the provisions of the Settlement Agreement and the releases provided in Section 6 of the Zohar Authorization Letter Agreement and Section 6.7 of the SPA, the Settlement Agreement shall control; (ii) the Debtors, any Patriarch Stakeholder, Denali Acquisition, any Group A Portfolio Company (excluding Denali and its Subsidiaries) or any Group B Portfolio Company, in whatever capacity such entity or individual may exist or serve (collectively, the "Release Carve-Out Parties"), are not releasing, and shall not be deemed to have released, any claims or causes of action they may own, hold, have, or assert against each other (collectively, the "Non-Released Claims"); and (iii) the provisions, statements, or representations in the SPA, Transaction Notice, Zohar Authorization Letter Agreement, Ark Side Letter, or other documents contemplated by or entered into in connection

with the Denali Transaction shall have no effect on or prejudice in any way the Non-Released Claims and may not be used in any way in any litigation, contested matter, adversary proceeding related to or involving the Non-Released Claims (or any appeal from any order entered in any of the following).[5]

13. A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder of any state, county, or local authority to act to terminate and cancel any and all of the Encumbrances and other interests of any kind.

14. Any stay applicable to this Order under Federal Rule of Bankruptcy Procedure 6004(h) is waived and this Order shall be effective and enforceable immediately upon its entry.

15. This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

**Dated: June 26th, 2019**
**Wilmington, Delaware**

*Ka B. O*

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**

---

[5] Capitalized terms used in Paragraph 11 of this Order, but not otherwise defined in this Order, shall have the meaning ascribed to them in the Order entered on May 21, 2018, in Zohar's chapter 11 bankruptcy case at Docket No. 266, including the "Settlement Agreement" annexed as Exhibit 1 thereto.

01:24570281.3