**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Zohar III, Corp., *et al.*,[1] | ) | Case No. 18-10512 (KBO) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Objection Deadline: September 3, 2019 at 4:00 p.m. (ET)** |
| | ) | **Hearing Date: September 11, 2019 at 2:00 p.m. (ET)** |

**DEBTORS' THIRD MOTION FOR ENTRY OF AN ORDER, PURSUANT
TO SECTION 1121(d) OF THE BANKRUPTCY CODE, EXTENDING
THE EXCLUSIVE PERIODS FOR THE FILING OF A CHAPTER 11
PLAN AND SOLICITATION OF ACCEPTANCES THEREOF**

Zohar III, Corp. and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code") and in accordance with the terms of the *Settlement Agreement By and Between the Debtors, Lynn Tilton, the Patriarch Stakeholders, MBIA Insurance Corp., and the Zohar III Controlling Class* [Docket No. 266, Ex. A] (the "Settlement Agreement"),[2] extending the Exclusive Filing Period and Exclusive Solicitation Period (each as defined below) through and including September 11, 2019 and November 11, 2019, respectively. In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Settlement Agreement.

**PRELIMINARY STATEMENT**[3]

1. In the months following the Court's entry of the Second Extension Order, the Debtors have continued to work diligently with their senior secured creditors, the Patriarch Stakeholders, and other parties in interest to effectuate the Monetization Process and further the objectives embodied in the Settlement Agreement.

2. The Debtors believe that further extending the Exclusive Periods for approximately one additional month is consistent with the Settlement Agreement, and necessary and appropriate to ensure that the Debtors and their stakeholders can continue to work productively towards achieving its objectives. Accordingly, for the reasons set forth more fully herein, the requested extension is in the best interest of the Debtors, their estates and creditors and should be granted.

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[3] Capitalized terms used in this Preliminary Statement shall have the meanings given to such terms below.

01:24688848.3

5. The statutory bases for the relief requested herein are section 1121(d) of the Bankruptcy Code, Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9006-2. The relief sought herein is also in accordance with the terms of the Settlement Agreement by and between the Debtors and their major stakeholders, as discussed more fully herein.

## BACKGROUND

**A.    General Background**

6. On March 11, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors have continued in possession of their properties and the operation of their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. General information about the Debtors and the events leading up to the Petition Date can be found in the *Declaration of Marc S. Kirschner in Support of Chapter 11 Petitions* [Docket No. 6] and the *Declaration of Lynn Tilton in Support of Chapter 11 Petitions* [Docket No. 5], each filed on March 12, 2018.

**B.    The Litigated Contested Matters**

8. Shortly after the commencement of these cases, various parties-in-interest, including the Debtors, MBIA, the Zohar III Controlling Class and the Patriarch Stakeholders, engaged in litigation, including a contested collateral management agreement rejection motion, motion for relief from the automatic stay, and two motions to dismiss these cases or appoint a Chapter 11 trustee (the "Litigated Contested Matters").

9. A two-day trial to adjudicate the Litigated Contested Matters was set for April 17–18, 2018 (the "Trial"). *See* Docket Nos. 108, 110 & 138. On April 5, 2018, the Court appointed Judge Kevin Gross to mediate the Parties' various disputes on April 16, 2018, the day

01:24688848.3

before the Trial was scheduled to begin [Docket No. 143]. The Parties thereafter engaged in expedited discovery, including extensive document production and four separate day-long depositions, and devoted significant effort towards preparing for the Trial, while simultaneously preparing for the mediation.

C. **The Settlement Agreement and the Appointment of the Independent Director, Chief Restructuring Officer and Chief Monetization Officer**

10. Following four full-day mediation sessions and weeks of additional negotiations, on April 30, 2018, the Debtors filed a settlement motion seeking approval of a comprehensive resolution of the numerous Litigated Contested Matters between and among the parties to the Settlement Agreement. *See* Docket No. 222. The Settlement Agreement created a platform where years of hotly contested litigation would be put to the side and a monetization process (the "Monetization Process") implemented with the aim of maximizing the value for the benefit of all stakeholders.

11. On May 21, 2018, the Court entered an order (the "Settlement Order") approving the Settlement Agreement.

12. Also on May 21, 2018, the Court entered an order, consistent with the Settlement Order, appointing Joseph J. Farnan, Jr. as the Debtors' Independent Director. *See* Docket Nos. 266 & 267. Also in accordance with the Settlement Agreement, Mr. Michael Katzenstein was appointed as the Debtors' Chief Restructuring Officer (the "CRO") and Mr. Robert S. Kost was appointed as the Debtors' Chief Monetization Officer (the "CMO"). *See* Docket Nos. 297 & 283.

E. **The Prior Exclusivity Extensions**

13. Section 1121(b) of the Bankruptcy Code provides for an initial period of one hundred twenty (120) days after the commencement of a Chapter 11 case during which the

01:24688848.3

debtor has the exclusive right to file a Chapter 11 plan (the "Exclusive Filing Period"). Furthermore, section 1121(c)(3) of the Bankruptcy Code provides that if the debtor files a plan within the Exclusive Filing Period, the debtor has an exclusive period of one hundred eighty (180) days from the commencement of the Chapter 11 case to solicit acceptances of and confirm such a plan (the "Exclusive Solicitation Period," and together with the Exclusive Filing Period, the "Exclusive Periods"). Pursuant to section 1121(d) of the Bankruptcy Code, the Exclusive Periods may be extended for cause; *provided, however*, that the maximum extensions available are eighteen (18) and twenty (20) months after the order for relief for the Exclusive Filing Period and the Exclusive Solicitation Period, respectively.

14. The initial Exclusive Filing Period in these Chapter 11 cases extended through and including July 9, 2018, while the initial Exclusive Solicitation Period extended through and including September 7, 2018.

15. On August 15, 2018, the Court entered an order extending the Exclusive Filing Period through and including January 9, 2019 and the Exclusive Solicitation Period through and including March 7, 2019, without prejudice to the rights of the Debtors and their estates to seek further extensions of the Exclusive Periods. *See* Docket No. 410.

16. On January 8, 2019, the Court entered an order further extending the Exclusive Filing Period through and including August 21, 2019 and the Exclusive Solicitation Period through and including October 21, 2019, without prejudice to the rights of the Debtors and their estates to seek further extensions of the Exclusive Periods. *See* Docket No. 616 (the "Second Extension Order").

**RELIEF REQUESTED**

17. By this Motion, the Debtors request entry of the Proposed Order further extending the Exclusive Filing Period and Exclusive Solicitation Period by roughly one month

01:24688848.3

5

each, through and including September 11, 2019, and November 11, 2019, respectively, which are the maximum extensions permitted under section 1121(d) of the Bankruptcy Code.[4]

## BASIS FOR RELIEF

### A.  Section 1121(d) of the Bankruptcy Code Permits the Court to Extend the Exclusive Periods "For Cause"

18.  Section 1121(d) of the Bankruptcy Code allows the Court to extend the Exclusive Periods for "cause." 11 U.S.C. § 1121(d). Although the Bankruptcy Code does not define "cause" for purposes of an extension request under section 1121(d), courts have looked to the legislative history of section 1121(d) for guidance. *See In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989); *In re Amko Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996). Such legislative history indicates that Congress did not intend that the 120- and 180-day exclusive periods be a hard and fast limit. *See Amko Plastics, Inc.*, 197 B.R. at 77 (noting that Congress intended courts to have flexibility in dealing with extensions of exclusivity*); Gaines v. Perkins (In re Perkins)*, 71 B.R. 294, 297 (W.D. Tenn. 1987) ("The hallmark of [section 1121(d)] is flexibility."). The decision to extend the Exclusive Periods is left to the sound discretion of the Court and should be based upon the facts and circumstances of a particular case.[5] *See First Am. Bank of N.Y. v. Sw. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986); *In re Reetz*, 61 B.R. 412, 414 (Bankr. W.D. Wis. 1986). In making the determination to affirm or deny a request to extend the Exclusive Periods for "cause," courts have considered a variety of factors, including the following:

---

[4] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the expiration of the current Exclusive Periods shall automatically extend the Exclusive Periods until the Court acts on the Motion without the necessity for entry of a bridge order.

[5] Although the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") amended section 1121(d) by prohibiting extensions of the Exclusive Periods beyond 18 and 20 months, respectively, of the date of the order for relief, there was no revision to the standards for obtaining interim extensions. Accordingly, pre-BAPCPA case law continues to apply and must be examined in the context of the instant cases.

01:24688848.3

(a) The size and complexity of the debtor's case;

(b) The necessity of sufficient time to negotiate and prepare adequate information;

(c) The existence of good-faith progress towards reorganization;

(d) Whether the debtor is paying its debts as they become due;

(e) Whether the debtor has made progress negotiating with creditors;

(f) The length of time a case has been pending;

(g) Whether the debtor is seeking an extension to pressure creditors; and

(h) Whether or not unresolved contingencies exist.

*In re Cent. Jersey Airport Servs., LLC*, 228 B.R. 176, 184 (Bankr. D.N.J. 2002) (citations omitted); *see also In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) (citing to most of the factors listed above in determining whether to extend the exclusive periods); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (holding that the debtor showed "cause" to extend its exclusive period based upon certain of above-quoted factors).

**B.    Cause Exists for a Further Extension of the Exclusive Periods**

19.    Cause exists to grant the limited extension of the Exclusive Periods requested herein.  Pursuant to the Settlement Agreement, all litigation, motions, and contested matters are stayed during the 15-Month Window, which was designed to permit the Debtors, in cooperation with other stakeholders, to focus the majority of their efforts on the Monetization Process in hopes of maximizing value for the benefit of all stakeholders.  Accordingly, the Debtors' primary focus since the Settlement Agreement was approved has been working with their stakeholders to maximize value through a successful Monetization Process.

20.    Indeed, since the filing of the Debtors' second extension request, the Debtors' representatives and professionals, in consultation and cooperation with the Debtors' stakeholders, have spent substantial amounts of time and effort completing various critical tasks

01:24688848.3

under the Settlement Agreement, generally, and specifically in furtherance of the Monetization Process, including: (i) participating in the advancement of the Monetization Process and conducting related diligence of, among other things, the Group A Portfolio Companies; (ii) obtaining approval of Ankura's retention as "new agent" under the various Portfolio Company credit agreements, and working with Ankura and the predecessor agent to transition Ankura into that role; (iii) conducting ongoing negotiations regarding the appointment of a replacement collateral manager; (iv) obtaining entry of an order approving the sale Denali Acquisition and closing such sale; (v) overseeing and advancing the Monetization Process of several Portfolio Companies in advanced stages of marketing or sale, including participating in the negotiation of definitive documentation; and (vi) providing regular updates to their various stakeholders concerning the Monetization Process and other relevant matters.  In addition, the Debtors have continued to handle the various other tasks related to the administration of the Debtors' bankruptcy estates and the Chapter 11 cases, including complying with their periodic reporting requirements under the Bankruptcy Code and Bankruptcy Rules.

21. Given the array of crucial tasks completed by, and still required of, the Debtors' representatives and professionals and their committed focus on pursuing the Monetization Process and the other goals and objectives of the Settlement Agreement, the Debtors have not had sufficient time or capacity to formulate, much less propose and solicit, a plan of reorganization.  Accordingly, the Debtors believe that, on that basis alone, the requested extension of the Exclusive Periods is warranted.

22. Further, since it appears that the conditions for a three month extension of the 15-Month Window under the Settlement Agreement will not be met, the Debtors must continue to engage with their stakeholders regarding actions to be taken following the lifting of

01:24688848.3

that stay. The Debtors should retain the exclusive ability to propose a chapter 11 plan at least through September 11, 2019, so that time remains available to the Debtors while they negotiate with stakeholders following the expiration of the 15-Month Window.

23.     Based upon the foregoing, the Debtors respectfully submit that cause exists to extend the Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code. Specifically, the Debtors request that the Exclusive Filing Period and the Exclusive Solicitation Period be extended through and including September 11, 2019 and November 11, 2019, respectively.

## **NOTICE**

24.     Notice of this Motion has been or will be provided to: (i) the U.S. Trustee; (ii) counsel to the Patriarch Entities; (iii) counsel to U.S. Bank, as indenture trustee; (iv) counsel to MBIA; (v) counsel to the Zohar III Controlling Class; and (vi) all parties that have filed a notice of appearance in these Chapter 11 cases pursuant to Fed. R. Bankr. P. 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order, further extending the Exclusive Periods through and including September 11, 2019 and November 11, 2019, respectively, and grant such other and further relief as the Court may deem just and proper.

Dated: August 19, 2019  
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Shane M. Reil*  
James L. Patton, Jr. (No. 2202)  
Robert S. Brady (No. 2847)  
Michael R. Nestor (No. 3526)  
Joseph M. Barry (No. 4221)  
Ryan M. Bartley (No. 4985)  
Shane M. Reil (No. 6195)  
Rodney Square  
1000 North King Street  
Wilmington, Delaware 19801  
Telephone: (302) 571-6600  
Facsimile: (302) 571-1253

*Counsel to the Debtors and Debtors in Possession*

01:24688848.3