**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|   |   |   |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| Zohar III, Corp., *et al.*,[1] | ) ) ) | Case No. 18-10512 (KBO) |
| Debtors. | ) ) ) | Jointly Administered |
|   | ) ) | **Ref. Docket No. 266 & 588** |

**ORDER EXTENDING 15-MONTH WINDOW UNDER THE COURT-APPROVED SETTLEMENT AGREEMENT BY AND BETWEEN THE DEBTORS, LYNN TILTON, THE PATRIARCH STAKEHOLDERS, MBIA INSURANCE CORP., AND THE ZOHAR III CONTROLLING CLASS AND GRANTING RELATED RELIEF**

Upon consideration of the Certification of Counsel, filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") on August 26, 2019 (the "Certification of Counsel"),[2] requesting entry of an order confirming, effective as of August 14, 2019, the extension of the 15-Month Window under the Settlement Agreement; and it appearing that this Court has jurisdiction to consider the Debtors' request pursuant to 28 U.S.C. §§ 1334 and 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that this is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the relief requested was given under the circumstances, and that no other or further notice need be given; and this Court having determined that entry of this Order is in the best interests of the Debtors, their estates, their

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Certification of Counsel.

01:25045791.4

creditors, and other parties in interest; and upon the representations of the Debtors in the Certification of Counsel; and after due deliberation and sufficient cause appearing therefor; it is hereby **ORDERED THAT:**

1. The 15-Month Window, as contemplated in the Settlement Agreement, is deemed to have been extended, effective as of August 14, 2019, through and including the date that is one day after the conclusion of the hearing in this Court on the Debtors' pending motion [Docket No. 833] regarding the monetization process (the "Extended Date"), which hearing is currently scheduled to commence on September 24, 2019. For avoidance of doubt, if the hearing ends on September 24, 2019, the Extended Date and the 15-Month Window will be deemed to end at 5:00 p.m. (ET) on September 25, 2019.

2. For the avoidance of doubt, (i) the Termination Event under paragraph 18(a)(6) of the Final Cash Collateral Order [Docket No. 588] is hereby extended through and including the Extended Date, and (ii) the phrase to "the end of the 15 Month Window on August 21, 2019" in the definition of "Litigation Stay Period" under that certain *Tolling and Litigation Standstill Agreement*, by and among the Parties to the Settlement Agreement, and others, dated September 7, 2018, shall be deemed to be a reference to the Extended Date.

3. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: August 27th, 2019
Wilmington, Delaware

KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE

01:25045791.4