# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| Zohar III, Corp., *et al.*,[1] | ) Case No. 18-10512 (KBO) |
| Debtors. | ) Jointly Administered |
| | ) **Objection Deadline: N/A** |
| | ) **Hearing Date: [TBD]** |

## DEBTORS' EMERGENCY MOTION REGARDING PENDING DETERMINATION OF PROPER VENUE OF THE DURA DEBTORS' CHAPTER 11 CASES

Zohar III, Corp. and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors" or the "Zohar Debtors") hereby submit this emergency motion (this "Emergency Motion") for an expedited interim hearing regarding the *Zohar Funds' Motion for Entry of an Order Pursuant to Bankruptcy Rule 1014(b) Determining that the Dura Debtors' Bankruptcy Cases Should Proceed in the District of Delaware* (the "1014 Motion")[2] (i) requesting interim relief in connection with the 1014 Motion that, pending this Court's adjudication of the 1014 Motion, the United States Bankruptcy Court for the Middle District of Tennessee (the "Tennessee Bankruptcy Court") be permitted to hear and determine motions in the recently-filed Chapter 11 cases of Dura Automotive Systems, LLC and its affiliated debtors and debtors-in-possession (collectively, the "Dura Debtors") that the Tennessee Bankruptcy Court determines, in its sole discretion, are just and proper, and necessary

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

[2] The 1014 Motion is incorporated herein by reference. Capitalized terms used but not defined herein have the meaning ascribed to them in the 1014 Motion.

01:25438340.2

to avoid immediate and irreparable harm to the Dura Debtors' estates in accordance with Rule 6003 of the Federal Rules of Bankruptcy Procedure, (ii) ordering that no other matters shall proceed before the Tennessee Bankruptcy Court in the Dura Debtors' Chapter 11 cases, in each case pending this Court's adjudication of the 1014 Motion, and (iii) scheduling a prompt hearing on the 1014 Motion. In support of this Emergency Motion, the Zohar Debtors respectfully state as follows:

## SUMMARY OF THE RELIEF REQUESTED

Early this morning, the Dura Debtors, affiliates of the Zohar Debtors, filed for chapter 11 protection in Tennessee with the stated goal of obtaining DIP financing from Ark II CLO 2001-1, Ltd. and to sell substantially all of their assets to an affiliate of Lynn Tilton. Both the proposed lender (Ark II) and the proposed buyer (Ms. Tilton) are subject to the Settlement Agreement that has governed the conduct of the parties in Zohar Debtors' chapter 11 cases for almost a year and half.

Under that Settlement Agreement, Ms. Tilton is required to participate in the joint Monetization Process established thereunder. Indeed, less than three weeks ago, this Court confirmed the continuing nature of the Monetization Process and denied a stay pending appeal of that ruling. Ms. Tilton appealed that ruling and again requested a stay from the District Court, which has not yet been granted. In complete disregard of the joint Monetization Process (and this Court's un-stayed September 27 ruling), Ms. Tilton orchestrated a chapter 11 filing several hundred miles away from this Court, and its oversights of the Monetization Process, and has proposed two separate transactions that are designed to monetize the Dura Debtors. All of this was done on a unilateral basis and without any input from, let alone the consent of, the CRO and the Independent Director of the Zohar Debtors.

01:25438340.2

The Zohar Debtors support a fair, open and transparent process, overseen by a sitting bankruptcy judge – which is what the Monetization Process achieves. The chapter 11 filing for the Dura Debtors should not be a means to end-run around this Court's supervision of that process. The 1014 Motion requests that this Court properly exercise its jurisdiction over the Dura Debtors and transfer these cases to Delaware to allow this Court to continue to oversee the monetization of the Dura Debtors as contemplated by its approval of the Settlement Agreement.

In order to ensure that no irreparable harm befalls the Dura Debtors while this Court considers the 1014 Motion, the Zohar Debtors request entry of the attached order permitting the Tennessee Bankruptcy Court to grant appropriate first day relief.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and pursuant to Rule 9013-1(f) of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Zohar Debtors consent to entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The predicates for the relief sought herein are § 105(a) of the Bankruptcy Code and Bankruptcy Rule 1014.

## BASIS FOR RELIEF

4. Entry of the Proposed Order is appropriate under section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1014.

5. Bankruptcy Rule 1014 provides, in relevant part: "If petitions commencing cases under the Code . . . are filed in different districts by, regarding, or against . . . a debtor and an affiliate, the court in the district in which the first-filed petition is pending may determine, in the interest of justice or for the convenience of the parties, the district or districts in which any of the cases should proceed. The court [in the first filed district] may order the parties to the later-filed cases not to proceed further until it makes the determination." Fed. R. Bankr. P. 1014. As set forth in the 1014 Motion, the Zohar Debtors and Dura are "affiliates" under 11 U.S.C. § 101(2)(B). Accordingly, pursuant to Bankruptcy Rule 1014, it is wholly within the Court's discretion to determine whether, and to what extent, the Dura Debtors' Chapter 11 cases should proceed in Tennessee pending adjudication of the 1014 Motion.

6. Further, section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code . . . ." 11 U.S.C. § 105(a). Although "there are some significant limits to a bankruptcy court's ability to use section 105(a) of the Code . . . [it] plainly may be used 'to enforce and implement' earlier orders." *In re River Ctr. Holdings, LLC*, 394 B.R. 704, 711 (Bankr. S.D.N.Y. 2008); *see also In re Ames Dep't Stores, Inc.*, 317 B.R. 260, 273–74 (Bankr. S.D.N.Y. 2004) ("This Court, like most bankruptcy courts, invokes section 105(a) with restraint, and never inconsistently with, or to circumvent, other provisions of the Code. But it is manifestly proper, in this Court's view, to invoke section 105(a) 'to enforce or implement' the Court's earlier orders . . . .").

7.  Centralization of disputes and claims over a debtor's property is one of the primary policies underlying the Bankruptcy Code, and one that is especially apt here, where the Delaware Bankruptcy Court has already approved the Monetization Process and related Monetization Procedures to govern the sale or refinancing of the Dura Debtors (and the other Portfolio Companies). Indeed, Ms. Tilton herself represented to the Court that the Zohar Debtors' creditors could only be paid in full through an orderly monetization process overseen by the Delaware Bankruptcy Court. *See* Tilton Declaration ¶ 7. And, as discussed in the 1014 Motion, Ms. Tilton's obligations under the Settlement Agreement continue notwithstanding her decision to file the Dura Debtors for Chapter 11 in Tennessee. Thus, it is critical to determine at the outset of these cases which Court should oversee the Dura Debtors' chapter 11 cases. However, since the Zohar Debtors' goal is to achieve a monetization transaction for the Dura Debtors, through a fair, open and transparent process, they believe it is necessary and appropriate that the Tennessee Bankruptcy Court hear and determine those motions that it deems just, proper and essential to avoid immediate and irreparable harm to the Dura Debtors' estates, pending this Court's ruling on the 1014 Motion.

## **CONCLUSION**

8.  For the reasons set forth above, the Zohar Debtors respectfully submit that entry of the Proposed Order is necessary and appropriate and is in the best interest of the Zohar Debtors' estates and creditors.[3]

## **NOTICE**

9.  Notice of this Motion has been or will be provided to: (i) the U.S. Trustee; (ii) proposed counsel to the Dura Debtors; (iii) counsel to the Patriarch Stakeholders; (iii) counsel to

---

[3] The Zohar Debtors reserve all rights and remedies arising out of actions taken by Ms. Tilton and her affiliated entities with respect to the commencement of the Dura Debtors' chapter 11 cases.

01:25438340.2

U.S. Bank, as indenture trustee; (v) counsel to MBIA; (vi) counsel to the Zohar III Controlling Class; and (vii) all parties that have filed a notice of appearance in these Chapter 11 cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Zohar Debtors submit that no other or further notice is necessary.

WHEREFORE, the Zohar Debtors respectfully request that the Court enter the Proposed Order (i) permitting the Tennessee Bankruptcy Court to hear and determine such motions in the Dura Debtors' Chapter 11 cases that it determines, in its sole discretion, are just, proper, and necessary to avoid immediate and irreparable harm to the Dura Debtors' estates, (ii) ordering that no other matters shall proceed before the Tennessee Bankruptcy Court in the Dura Debtors' Chapter 11 cases, in each case pending this Court's determination as to the proper venue of such cases and (iii) granting such other and further relief as the Court may deem just and proper.

Dated: October 17, 2019
      Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Ryan M. Bartley*
James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Michael R. Nestor (No. 3526)
Joseph M. Barry (No. 4421)
Ryan M. Bartley (No. 4985)
Shane M. Reil (No. 6195)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Counsel to the Debtors and Debtors in Possession*

01:25438340.2