# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| Zohar III, Corp., *et al.*,[1] | ) Case No. 18-10512 (KBO) |
| Debtors. | ) Jointly Administered |
| | ) **Ref. Docket No. 999** |

### AGREED ORDER PURSUANT TO BANKRUPTCY RULE 1014(b) DETERMINING THAT DURA'S BANKRUPTCY CASES SHOULD PROCEED IN THE DISTRICT OF DELAWARE

Upon consideration of the *Zohar Funds' Motion for Entry of an Order Pursuant to Bankruptcy Rule 1014(b) Determining that Dura's Bankruptcy Cases Should Proceed in the District of Delaware* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (the "Zohar Debtors"); and Dura Automotive Systems, LLC and its affiliated debtors and debtors in possession (the "Dura Debtors") having stipulated to the relief requested in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and Bankruptcy Rule 1014(b), and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and this Court having found

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

[2] All capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

01:25501681.1

and determined that the relief sought in the Motion is in the best interests of the Zohar Debtors' estates, the Dura Debtors' estates, their respective creditors (including the Zohar Debtors in their capacity as creditors of the Dura Debtors), and other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Dura Debtors having stipulated to the relief requested in the Motion; and after due deliberation and sufficient cause appearing therefor,

IT IS FOUND, DETERMINED, ORDERED, AND ADJUDGED that:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to Bankruptcy Rule 1014(b), this Court determines and the parties stipulate that the Dura Debtors' cases should proceed in the District of Delaware.

3. Effective as of 12:01 a.m. (prevailing Eastern Time) on November 8, 2019, the Dura Debtors' cases shall be transferred to this Court from the United States Bankruptcy Court for the Middle District of Tennessee Nashville Division (the "Tennessee Bankruptcy Court"). Upon such transfer, the *Order Regarding Pending Determination of Proper Venue of the Dura Debtors' Chapter 11 Cases* [Docket No. 1001] shall be revoked and without any further force or effect.

4. The Tennessee Bankruptcy Court shall have the jurisdiction and authority to enter interim and/or final orders regarding the matters current scheduled for hearing on November 5, 2019.

5. Entry of this order and transfer of venue from the Tennessee Bankruptcy Court shall have no effect on any orders previously entered by the Tennessee Bankruptcy Court with respect to the Dura Debtors' cases.

6. The Zohar Debtors, the Dura Debtors, and the Clerks of the United States Bankruptcy Courts for the Middle District of Tennessee and the District of Delaware are authorized and directed to take all actions necessary to effectuate the transfer of the Dura Debtors' cases to the United States Bankruptcy Court for the District of Delaware.

7. This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

Dated: November 1, 2019
       Wilmington, Delaware

                                      THE HONORABLE KAREN B. OWENS
                                      **UNITED STATES BANKRUPTCY JUDGE**