IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Zohar III, Corp., *et al.*,[1] | ) | Case No. 18-10512 (KBO) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Hearing Date: TBD** |
| | ) | **Obj. Deadline: TBD** |
| | ) | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING FILING OF MOTION AUTHORIZING THE DEBTORS TO ENTER INTO AMENDED PORTFOLIO COMPANY CREDIT AGREEMENT UNDER SEAL**

Zohar III, Corp. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") hereby submit this motion (the "Motion"), pursuant to (i) sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), (ii) Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 9018-1(b) of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (iv) the Court's *Order Approving and Authorizing the Settlement Agreement By and Between the Debtors, Lynn Tilton, the Patriarch Stakeholders, MBIA Insurance Corp., and the Zohar III Controlling Class* (the "Settlement Order"), entered on May 21, 2018 [Docket No. 266], and (v) the Settlement Agreement (as defined in the Settlement Order) [Docket No. 266, Exh. A], for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Debtors to file under seal certain portions of the *Debtors' Motion for Entry of Interim and Final Orders Authorizing the Debtors to Enter Into*

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261) ("Zohar III"), Zohar II 2005-1, Limited (8297) ("Zohar II"), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

25855285.5

*Amended Portfolio Company Credit Agreement and Granting Related Relief* (the "Credit Agreement Amendment Motion"),[2] filed concurrently herewith.  In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and pursuant to Local Rule 9013-1(f), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.    Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The statutory and legal predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, Local Rule 9018-1(b), the Settlement Order, and the Settlement Agreement.

## BACKGROUND

4.    Through the Credit Agreement Amendment Motion, the Debtors seek entry of interim and final orders authorizing the Debtors to enter into an amended portfolio company credit agreement in accordance with the terms described in the Term Sheet attached to the proposed order in the Credit Agreement Amendment Motion filed concurrently herewith.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to such terms in the Credit Agreement Amendment Motion.

25855285.5

2

**RELIEF REQUESTED**

5. By this Motion, the Debtors request entry of the Proposed Order authorizing the Debtors to file certain portions of the Credit Agreement Amendment Motion under seal (the "Sealed Material"). In addition, the Debtors request that the Credit Agreement Amendment Motion not be made available to anyone other than the Court, the Office of the United States Trustee for the District of Delaware, Ankura Trust Company, LLC (in its capacity as the New Agent and new Collateral Manager under the Settlement Agreement) ("Ankura"), the Patriarch Stakeholders, MBIA, U.S. Bank, and the Zohar III Controlling Class, except as ordered by the Court.

**BASIS FOR RELIEF REQUESTED**

6. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides in part that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b). In addition, under section 105(a) of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

7. Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to

protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018.

8. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *Orion Pictures*, 21 F.3d at 27; *see also In re Altegrity, Inc.*, No. 15-10226, 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) ("[I]f it is established that the documents sought to be sealed fall within the enumerated statutory exception, the court *must* grant the requested relief (or such other relief that protects the moving party)." (emphasis added)).

9. Significantly, commercial information need not rise to the level of a trade secret to be entitled to protection. *Altegrity*, 2015 WL 10963572, at *3; *see also Orion*, 21 F.3d at 28 (finding that the use of the disjunctive in section 107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former"). Nor is the term "commercial information" limited to information that will give an entity's competitors an unfair advantage. *See In re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011). Indeed, "the term includes situations where a bankruptcy court may reasonably determine that allowing [] disclosure would have a chilling effect on business negotiations, ultimately affecting the viability of Debtors." *Id* (internal quotation marks). Instead, a party seeking the protection of section 107(b) need only demonstrate that the information is

25855285.5

4

"confidential" and "commercial" in nature. *Orion*, 21 F.3d at 28; *see also Altegrity*, 2015 WL 10963572, at *3.

10. The Debtors submit that the Sealed Material in the Credit Agreement Amendment Motion satisfies one of the categories in section 107(b) of the Bankruptcy Code because it contains non-public, confidential "commercial information" that merits protection under section 107(b). The Sealed Material includes sensitive information regarding one of the Debtors' Portfolio Companies which, if disclosed, could impact the Debtors' ability to implement the Monetization Process and achieve maximum value in monetizing or refinancing the Debtors' assets. Were such information to be made publicly available, it would risk undermining the consummation of critical business transactions and damage the Debtors' ability to maximize the value of their assets for the benefit of all stakeholders. Moreover, Judge Sontchi already recognized the confidential, commercial nature of these cases and has ordered protection of the confidential information of the Portfolio Companies.[3] The Debtors further submit that filing the Sealed Material under seal will not cause undue prejudice to any parties in interest. The Debtors also propose to provide a copy of the Credit Agreement Amendment Motion to the U.S. Trustee on a confidential basis and will work with the U.S. Trustee, as has become protocol in these cases, to file a further un-redacted version of the Emergency Motion as may be agreed upon by the parties in further consultation.

11. Furthermore, in accordance with Local Rule 9018-1(d), the Debtors will file with the Court a publicly viewable redacted form of the Emergency Motion. The Debtors will confer with the Patriarch Stakeholders concerning proposed redactions.

---

[3] *See Order Pursuant to 11 U.S.C. § 107(B) and Fed. R. Bankr. P. 2015.3(E) and 9018 Prohibiting Filing of Portfolio Company Financial Information in Bankruptcy Reporting* [Docket No. 518].

25855285.5

5

12. For the reasons set forth above, the Debtors submit that good cause exists for the Court to grant the relief requested herein and that approval of this Motion is necessary and appropriate.

## NOTICE

13. The Debtors will provide notice of this Motion to: (i) the U.S. Trustee; (ii) counsel to the Patriarch Stakeholders; (iii) counsel to U.S. Bank, as indenture trustee; (iv) counsel to MBIA; (v) counsel to the Zohar III Controlling Class; and (vi) all parties that, as of the filing of this Motion, have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Proposed Order authorizing the Debtors to file certain portions of the Credit Agreement Amendment Motion under seal, and (b) grant the Debtors such other and further relief as is just.

Dated: January 14, 2020
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Joseph M. Barry*
James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Michael R. Nestor (No. 3526)
Joseph M. Barry (No. 4421)
Ryan M. Bartley (No. 4985)
Shane M. Reil (No. 6195)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Counsel to the Debtors and Debtors in Possession*

25855285.5