IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Zohar III, Corp., *et al.*,[1] | ) Case No. 18-10512 (KBO) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) **Hearing Date: February 6, 2020 at 10:00 a.m. (ET)** |
| | ) **Obj. Deadline: February 5, 2020 at 10:00 a.m. (ET)** |

### DEBTORS' MOTION PURSUANT TO LOCAL RULE 9019-5(d) (I) TO PRECLUDE DISCOVERY AND INTRODUCTION OF PROTECTED MEDIATION INFORMATION AND (II) TO STRIKE CERTAIN PORTIONS OF LYNN TILTON'S MONETIZATION MOTION AND OBJECTION

Zohar III, Corp. and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors" or the "Zohar Funds"), hereby file this motion (this "Motion"),[2] pursuant to Rule 9019-5(d) of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") (i) precluding the discovery and introduction of evidence protected by Local Rule 9019-5(d) and (ii) striking certain portions of the *Motion of Lynn Tilton for Approval of Timeline and Guidelines Regarding Monetization of the Group A Portfolio Companies* [Docket No. 1164] (the "Tilton Timeline Motion")[3] and *Patriarch's Objection to Debtors' Motion for Entry of an Order, in Aid of Implementation of the Settlement Agreement and the Settlement Order, Establishing Certain*

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261) ("Zohar III"), Zohar II 2005-1, Limited (8297) ("Zohar II"), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

[2] Certain information contained herein has been redacted in accordance with the terms of that certain *Order Authorizing Filing of Motion Under Seal* [Docket No. 1265].

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Tilton Timeline Motion.

25918675.7

*Deadlines, Milestones and Other Parameters in Furtherance of the Monetization Process for the Group A Portfolio Companies* [Docket No. 1227] (the "Tilton Timeline Objection"). In support of this Motion, the Debtors respectfully represent as follows:

## PRELIMINARY STATEMENT

1. Local Rule 9019-5(d) provides that a participant in mediation is "prohibited from divulging, outside of the mediation, any oral or written information disclosed by the parties or by witnesses in the course of the mediation" and may not "rely on or introduce as evidence in any arbitral, judicial or other proceeding, evidence pertaining to any aspect of the mediation effort." Ms. Tilton violated this rule repeatedly in the Tilton Timeline Motion. She now seeks to continue doing so by pursuing discovery relating to the mediation and using such evidence at the February 19th hearing. The only defense Ms. Tilton has offered for her actions is a footnoted, unsupported assertion that the mediation privilege has allegedly been waived. *See* Tilton Timeline Motion at 1, n.3. It has not. Accordingly, the Court should (i) prohibit Ms. Tilton from seeking or relying on any evidence related to the mediation and (ii) strike the portions of the Tilton Timeline Motion that rely on such evidence.

## JURISDICTION

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and pursuant to Local Rule 9013-1(f), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper in the Court pursuant to 28

U.S.C. §§ 1408 and 1409. The legal predicate for the relief requested herein is Local Rule 9019-5(d).

## BACKGROUND

A. **General Background and Settlement Agreement**

3. On March 11, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

4. Shortly after the commencement of these cases, various parties-in-interest, including the Debtors, MBIA, U.S. Bank, the U.S. Trustee, the Zohar III Controlling Class and the Patriarch Stakeholders, engaged in litigation including a contested collateral management agreement rejection motion, motion for relief from the automatic stay and two (2) motions to dismiss the cases or appoint a chapter 11 trustee (the "Litigated Contested Matters").

5. On April 5, 2018, the Court appointed Judge Kevin Gross to mediate the parties' various disputes in accordance with Local Rule 9019-3 [Docket No. 143]. As the result of the efforts overseen by Judge Gross, the parties agreed to a comprehensive resolution of the Litigated Contested Matters, the terms of which are embodied in the Settlement Agreement. On May 21, 2018, the Court entered the Settlement Order approving the Settlement Agreement.

6. Among other features, the Settlement Agreement maintained Judge Gross's role as mediator over disputes arising under the Settlement Agreement, granted him authority over certain aspects of the Settlement Agreement and established a process by which all disputes related to the monetization process would be mediated by Judge Gross. *See, e.g.,* Settlement Agreement, at ¶¶ 1, 7, 11 & 17. Judge Gross continued as the mediator under the settlement agreement until August 22, 2019, when he resigned his role as mediator. *See* Docket No. 863. By order dated August 29,

2019, the Court appointed Judge Christopher Sontchi as successor mediator pursuant to Local Rule 9019-3. *See* Docket No. 890.

**B.     The Milestone Motions**

7.     On December 21, 2019, Lynn Tilton filed the Tilton Timeline Motion and, on that same day, the Debtors filed a competing motion (the "Debtors' Milestone Motion," and together with the Tilton Timeline Motion and Tilton Timeline Objection, the "Milestone Motions") [Docket No. 1167]. The Court has scheduled a two-day hearing regarding the Milestone Motions to commence February 19, 2020 [Docket No. 1292].

8.     In the Tilton Timeline Motion, Ms. Tilton claims, without any support, that any non-disclosure obligation relating to the mediation has been waived. *See* Tilton Timeline Motion, p. 1, n. 3 ("To the extent any party asserts that any of the allegations in this Motion are subject to any mediation privilege, Ms. Tilton asserts that such privilege has been waived.").

9.     Throughout the Tilton Timeline Motion, Ms. Tilton discloses various information in violation of Local Rule 9019-5(d).[4] For example, paragraph 5 discusses ██████████ ██████████████████████████████████████████████████████████████ ████████████████████████████ Paragraph 16 similarly purports to ████ ██████████████████████████████████████████████████████████████████ ████████████████████████████ And paragraphs 40 through 45 purport to describe ████ ██████████████████████████████████████████████████████████ All of the meetings, negotiations and discussions described were done so under the oversight of Judge Gross, with his full knowledge and input and, in certain instances, with his in-person participation.

---

[4] It is important to note that the Debtors take issue with the accuracy of the various statements made by Ms. Tilton but in order to preserve the mediation privilege and comply with Local Rule 9019-5(d), will not specifically refute Ms. Tilton's various contentions (unless the Court determines that such statements are not protected by Local Rule 9019-5(d) or the privilege governing such statements has otherwise been waived).

10. Footnote 9 of the Tilton Timeline Objection discloses similar information in violation of Local Rule 9019-5(d). Specifically, footnote 9 describes ▮▮▮▮▮▮ referenced in paragraph 16 of the Tilton Timeline Motion.

11. The Debtors and Ms. Tilton are currently engaged in discovery regarding the Milestone Motions. The Debtors understand that it is Ms. Tilton's intention to probe certain of the witnesses at their deposition about the same materials covered in paragraphs 5, 16 and 40-45 of the Tilton Timeline Motion and footnote 9 of the Tilton Timeline Objection, and Ms. Tilton may likewise seek to introduce – through documentary evidence or live testimony – similar evidence at the trial on February 19th.

12. At a meet and confer conducted on January 29, 2020,[5] the Debtors' counsel requested that Ms. Tilton, through counsel, stipulate that information covered by Local Rule 9019-5(d) be withdrawn from the record and be exempt from any deposition questioning or attempts to admit at trial. Ms. Tilton, through her counsel, would not agree.

### RELIEF REQUESTED

13. By this Motion, the Debtors request entry of the Proposed Order (i) precluding the discovery and introduction of evidence protected from discovery and introduction by Local Rule 9019-5(d) and (ii) striking certain portions of the Tilton Timeline Motion and the Tilton Timeline Objection that rely on such evidence.

### BASIS FOR RELIEF REQUESTED

14. Local Rule 9019-5(d) states:

> The mediator and the participants in the mediation are prohibited from divulging, outside of the mediation, any oral or written information disclosed by the parties or by witnesses in the course of

---

[5] In several discussions with Ms. Tilton's counsel prior to January 29th, the Debtors' counsel noted that Ms. Tilton's filing violates Local Rule 9019-5(d) and requested an explanation of her waiver theory. No explanation was provided.

the mediation. No person may rely on or introduce as evidence in any arbitral, judicial or other proceeding, evidence pertaining to any aspect of the mediation effort, including but not limited to: (A) views expressed or suggestions made by a party with respect to a possible settlement of the dispute; (B) the fact that another party had or had not indicated willingness to accept a proposal for settlement made by the mediator; (C) proposals made by the mediator; (D) statements or admissions made by a party in the course of the mediation; and (E) documents prepared for the purpose of, in the course of, or pursuant to the mediation.

As the United States District Court for the District of Delaware has explained,

> It is axiomatic that the assurance of confidentiality for communications made during the course of settlement negotiations is a critical component of the [settlement] process. Particularly, in the event that settlement discussions do not resolve the dispute, the parties must be able to litigate their claims in the courtroom without the pall-like presence of confidential negotiation statements influencing the arguments. . . . Regardless of any effect of the content, the courts must remain blind to any confidential statements made during the course of settlement negotiations, particularly where the parties have guaranteed non-disclosure and confidentiality in an agreement. Here, Plaintiffs have exposed three of their testifying experts to confidential mediation statements made by Defendants. By doing so, Plaintiffs have introduced to the adjudicative process matters that are supposed to be shielded from the Court.

*In re Student Fin. Corp.*, No. CIV.A04-1551JJF, 2007 WL 4643881, at *1 (D. Del. May 25, 2007);[6] *see also In re Tribune Co.*, No. 08-13141 KJC, 2011 WL 386827, at *8 (Bankr. D. Del. Feb. 3, 2011) ("Absent the mediation privilege, parties and their counsel would be reluctant to lay their cards on the table so that a neutral assessment of the relative strengths and weaknesses of their opposing positions could be made...The effectiveness of mediation would be destroyed, thereby

---

[6] *In re Student Fin. Corp.*, a copy of which is attached hereto as Exhibit B, is virtually on point. There, litigation parties agreed to mediate under a mediation agreement providing for confidentiality and non-disclosure of statements made during the mediation. *Id.* The mediation was not successful and in the ensuing litigation, the plaintiff's experts received and considered the defendants' confidential mediation statements in formulating their expert reports. *Id.* The court granted the defendant's motion to strike the expert reports as violating the confidentiality requirements the parties agreed to in the mediation agreement. *Id.*

threatening the well-established public needs of encouraging settlement and reducing court dockets.").[7]

### I. The Court Should Prohibit Ms. Tilton from Seeking in Discovery or Introducing at Trial Any Evidence Relating to the Mediation

15. Ms. Tilton's attempts to seek through discovery or introduce at trial any evidence relating to the mediation would violate Local Rule 9019-5(d), as such evidence would constitute (a) "evidence pertaining to any aspect of the mediation effort" (b) "views expressed or suggestions made by a party with respect to a possible settlement of the dispute" (c) "statements…made by a party in the course of the mediation" and (d) "documents prepared for the purpose of, in the course of, or pursuant to the mediation."

16. Ms. Tilton claims, in a footnote, that she should be allowed to seek and introduce such evidence because the Debtors have allegedly waived any mediation privilege. *See* Tilton Timeline Motion at 1, n.3. But Ms. Tilton offers no support for that position – because none exists.[8]

---

[7] To be sure, both the District Court for the District of Delaware and Third Circuit Court of Appeals have specific rules recognizing the need for and sanctity of confidentiality of the mediation process. *See* Standing Order of Chief Judge Gregory M. Sleet *In re Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District* ("Mediation proceedings are confidential. All participants in mediation, including the Panel mediator, are prohibited from disclosing statements made or information developed during the mediation process. Disclosures by counsel or other persons attending mediation are limited to clients, principals or co-counsel only upon receiving proper assurances that the recipients will honor the confidentiality of the information."); Rules of the United States Court of Appeals for the Third Circuit, Rule 33.5(c) ("The attorneys and other persons attending the mediation are likewise prohibited from disclosing statements made or information developed during the mediation process to anyone other than clients, principals or co-counsel, and then, only upon receiving due assurances that the recipients will honor the confidentiality of the information.").

[8] Eleven days after Ms. Tilton filed the Tilton Timeline Motion, she withdrew portions of *PPMG's Opening Brief Regarding PPMG's Right to Payment of Transaction Fees in Connection with the Oasis Transaction* and the related supporting declaration [*see* Docket No. 1197] when the Debtors demanded that they be withdrawn as violating Local Rule 9019-5(d). *See* Email from counsel to the Debtors to counsel to Ms. Tilton, dated December 4, 2019, attached as Exhibit C. While Ms. Tilton refused to concede that her brief violated Local Rule 9019-5(d), she nonetheless agreed to withdraw the exact materials the Debtors argued violated that rule. On December 31, 2019, Ms. Tilton filed her partially withdrawn brief replacing the offending materials throughout with the text "**\*Text Withdrawn from Docket Nos. 914 & 1093\***" under a certification of counsel stating that "PPMG, in coordination with the Debtors, has determined that certain portions of the Brief and Redacted Brief will be withdrawn. By withdrawing the agreed portions of the Brief and Redacted Brief, neither PPMG nor the Debtors make any admission or waiver with respect to their respective rights or arguments on any matter." Docket No. 1197. The information withdrawn was of the same variety that is the subject of this Motion.

No such waiver has occurred. Moreover, any purported waiver of the mediation privilege by the Debtors (of which there was none) does not excuse Ms. Tilton from her obligations to comply with Local Rule 9019-5(d). Nothing in the local rules either relieves Ms. Tilton of the strictures of Local Rule 9019-5(d) or permits any party to unilaterally waive its requirements.

17. Moreover, even if Ms. Tilton's efforts did not violate Local Rule 9019-5(d) (and they plainly do), her intention to delve into history ignores the Court's admonition that past conduct is "background noise" and not relevant to the matter at hand, "which is the creation of a proper sale process so the parties can, among other things, comply with the terms of the parties' own agreement to jointly monetize the Group A and Group B portfolio companies and this Court's order, approving such settlement." Jan. 10, 2020 Hr'g Tr. 89:5-13.

## II. The Court Should Strike Those Portions of the Tilton Timeline Motion and Tilton Timeline Objection That Violate Local Rule 9019-5(d)

18. As noted above, several portions of the Tilton Timeline Motion and the Tilton Timeline Objection violate Local Rule 9019-5(d) by relying on evidence relating to the mediation. Accordingly, the Debtors respectfully request that the Court strike those portions.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7026-1

19. Pursuant to Local Rule 7026-1(a), the Debtors' undersigned counsel certifies that they have conferred with counsel to Ms. Tilton in a good faith attempt to reach agreement regarding the mediation privilege issues raised herein. However, no agreement has been reached to date.

## NOTICE

20. The Debtors will provide notice of this Motion to: (i) the U.S. Trustee; (ii) counsel to the Patriarch Stakeholders; (iii) counsel to U.S. Bank, as indenture trustee; (iv) counsel to MBIA; (v) counsel to the Zohar III Controlling Class; and (vi) all parties that, as of the filing of

this Motion, have requested notice in these Chapter 11 cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## **CONCLUSION**

For the reasons set forth above, the Debtors respectfully request that the Court grant the Motion and enter the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

Dated: January 30, 2020  YOUNG CONAWAY STARGATT & TAYLOR, LLP
Wilmington, Delaware

*/s/ Joseph M. Barry*
James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Michael R. Nestor (No. 3526)
Joseph M. Barry (No. 4221)
Ryan M. Bartley (No. 4985)
Shane M. Reil (No. 6195)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Counsel to the Debtors and Debtors in Possession*