## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Zohar III, Corp., *et al.*,[1]<br><br>          Debtors. | Chapter 11<br><br>Case No. 18-10512 (KBO)<br><br>Jointly Administered<br><br>**Hearing Date: Feb. 19, 2020 at 10:00 a.m.**<br>**Obj. Deadline: Feb. 12, 2020 at 4:00 p.m.** |

## MOTION OF PATRIARCH FOR ENTRY OF AN ORDER
## AUTHORIZING FILING OF OMNIBUS MOTION UNDER SEAL

Lynn Tilton and the Patriarch Stakeholders (collectively, "Patriarch"), by and through their counsel, hereby submit this motion (the "Motion") pursuant to:

(i) Sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code");

(ii) Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules");

(iii) Rule 9018-1(b) of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules");

(iv) this Court's *Order Approving and Authorizing the Settlement Agreement Between the Debtors, Lynn Tilton, the Patriarch Stakeholders, MBIA Insurance Corp., and the Zohar III Controlling Class* (the "Settlement Order"), entered on May 21, 2018 [D.I. 266]; and

(v) the Settlement Agreement (as defined in the Settlement Order) [D.I. 266 at Ex. 1],

for entry of an order substantially in the form attached hereto as Exhibit A (the "Proposed Order") authorizing Patriarch to file under seal certain portions of *Patriarch's Omnibus Motion With Respect to Open Discovery and Pre-Trial Issues for Hearings on February 19 and 20, 2020*

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261) ("Zohar III"), Zohar II 2005-1, Limited (8297) ("Zohar II"), and Zohar CDO 2003-1, Limited (5119) ("Zohar I", and together with Zohar II and Zohar III, the "Zohar Funds"). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

(the "Omnibus Motion"),[2] filed concurrently herewith.  In support of this Motion, Patriarch respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Pursuant to Rule 9013-1(f) of the *Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware*, Patriarch consents to entry of a final order by the Court in connection with this Motion[3] to the extent it is later determined that, absent the consent of the parties, the Court cannot enter final orders or judgements herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, Local Rule 9018-1(b), the Settlement Order, and the Settlement Agreement.

## BACKGROUND

4. Patriarch has filed the Omnibus Motion in advance of the preliminary hearing set for February 6, 2020, to address, among other things, certain discovery and procedural issues.

## RELIEF REQUESTED

5. By this Motion, Patriarch requests entry of the Proposed Order authorizing the filing of certain portions of the Omnibus Motion under seal (the "Sealed Material").  In addition,

---

[2] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Omnibus Motion.

[3] Patriarch does not consent to the jurisdiction of this Court or to entry of a final order for any purpose other than the resolution of this Motion.

Patriarch requests that the Omnibus Motion not be made available to anyone other than the Court, the Office of the United States Trustee for the District of Delaware, the Debtors, MBIA, the Zohar III Controlling Class, U.S. Bank, and Ankura Trust Company, LLC, except as ordered by the Court.

## BASIS FOR RELIEF REQUESTED

6. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain information. In relevant part, it states that "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b); *see also* Fed. R. Bankr. P. 9018 ("On motion . . . the court may make any order which justices requires [ ] to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ."). In addition, under section 105(a) of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

7. Parties seeking to file motions under seal in bankruptcy proceedings are not held to the same standards as applied under the Federal Rules of Civil Procedure in order to attain the protections offered by Section 107(b). *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994) ("When congress addressed the secrecy problem in § 107(b) of the Bankruptcy Code it imposed no requirement to show 'good cause' as a condition to sealing confidential commercial information."); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995) ("In other areas of the law, courts have relied on showings of 'compelling reasons,' or

3

57772/0001-19394430v2

balancing the interests of privacy and public right to know, when reviewing a request for judicial non-disclosure. The mandatory language of § 107(b) negates the need for such inquiries." (internal citations omitted)). If the material sought to be protected falls within any of the categories identified in Section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *In re Orion Pictures*, 21 F.3d at 27; *see also In re Altegrity, Inc.*, No. 15-10226, 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) ("[I]f it is established that the documents sought to be sealed fall within the enumerated statutory exception, the court must grant the requested relief (or such other relief that protects the moving party).").

8.     "Commercial information . . . need not rise to the level of a 'trade secret'" to be entitled to protection under Section 107(b). *In re Altegrity*, 2015 WL 10963572, at *3; *see also In re Orion Pictures*, 21 F.3d at 28 (the "clear and unambiguous usage of 'or' neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former"). Although "commercial information includes 'information which would cause an unfair advantage to competitors by providing them information as to the commercial operations'" of a party, it "extends beyond the requirement that such information will give an entity's competitors an unfair advantage." *In re Borders Grp.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011) (quoting *In re Orion Pictures*, 21 F.3d at 28). Instead, "the term includes situations where a bankruptcy court may reasonably determine that allowing such disclosure would have a 'chilling effect on business negotiations.'" *Id.* (quoting *In re Lomas Fin. Corp.*, No. 90 Civ. 7827, 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991). As made clear by the plain language of the Bankruptcy Code, a movant need only demonstrate that the

"information" in question is both "confidential" and "commercial" in nature.  *See* 11 U.S.C. § 107(b)(1).

9.      The Sealed Material in the Omnibus Motion satisfies Section 107(b) because it contains "confidential . . . commercial information" that is entitled to protection.  The Sealed Material includes sensitive information regarding one of the Portfolio Companies which, if disclosed, could impact the implementation of the joint monetization process, particularly regarding the ongoing marketing processes and operations of that Portfolio Company.  Any negative impact on the joint monetization process may deter the parties from maximizing value from the monetization or refinancing the Debtors' interests in the Portfolio Companies.  Were the Sealed Material to be made publicly available, it would risk undermining the consummation of critical business transactions and damage the ability to maximize the value of the Portfolio Companies for the benefit of all stakeholders, and could seriously damage the business and operations of the Portfolio Companies themselves.  Moreover, Judge Sontchi recognized the confidential, commercial nature of these cases and ordered protection of the confidential information of non-parties.  [*See* D.I. 518.]

10.     Furthermore, in accordance with Local Rule 9018-1(d), Patriarch will file with the Court a publicly viewable redacted form of the Omnibus Motion.  Patriarch and its counsel will confer with the Debtors with respect to any proposed redactions for the Omnibus Motion in the interim.

11.     For the reasons set forth above, Patriarch submits that the Court should grant the relief requested herein and that approval of this Motion is necessary and appropriate.

## NOTICE

12. Patriarch will provide notice of this Motion to: (i) the U.S. Trustee; (ii) counsel to the Debtors; (iii) counsel to MBIA; (iv) counsel to the Zohar III Controlling Class; (v) counsel to Mr. Joseph Farnan; (v) U.S. Bank; and (vi) all parties that have filed a notice of appearance in these Chapter 11 Cases pursuant to Fed. R. Bankr. P. 2002. In light of the nature of the relief requested herein, Patriarch submits that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Patriarch respectfully requests that the Court (a) enter the Proposed Order authorizing Patriarch to file the Omnibus Motion under seal, and (b) grant any such other and further relief as is just and proper.

57772/0001-19394430v2

Dated: January 30, 2020                    **COLE SCHOTZ P.C.**

By: */s/ Patrick J. Reilley*
Norman L. Pernick (No. 2290)
Patrick J. Reilley (No. 4451)
G. David Dean (No. 6403)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
npernick@coleschotz.com
preilley@coleschotz.com
ddean@coleschotz.com

– and –

**GIBSON, DUNN & CRUTCHER LLP**
Randy M. Mastro (Admitted Pro Hac Vice)
Mary Beth Maloney (Admitted Pro Hac Vice)
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
rmastro@gibsondunn.com
mmaloney@gibsondunn.com

Robert Klyman (Admitted Pro Hac Vice)
Michael S. Neumeister (Admitted Pro Hac Vice)
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
rklyman@gibsondunn.com
mneumeister@gibsondunn.com

Monica K. Loseman (Admitted Pro Hac Vice)
1801 California Street, Suite 4200
Denver, CO 80202-2642
Telephone: (303) 298-5784
Facsimile: (303) 313-2828
mloseman@gibsondunn.com

*Counsel to Lynn Tilton; Patriarch Partners, LLC; Patriarch Partners VIII, LLC; Patriarch Partners XIV, LLC; Patriarch Partners XV, LLC; Octaluna, LLC; Octaluna II, LLC; and Octaluna III, LLC*

7