# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Zohar III, Corp., *et al.*,[1] | Case No. 18-10512 (KBO) |
| Debtors. | Jointly Administered |
| | **Hearing Date: TBD** <br> **Obj. Deadline: TBD** |

## ZOHAR DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE ZOHAR DEBTORS TO ENTER INTO POTENTIAL TRANSACTION RELATING TO DURA AUTOMOTIVE SYSTEMS, LLC AND (II) GRANTING RELATED RELIEF

Zohar III, Corp. and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "Zohar Debtors") hereby submit this motion (this "Motion") pursuant to: (a) sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"); (b) the Court's *Order Approving and Authorizing the Settlement Agreement By and Between the Debtors, Lynn Tilton, the Patriarch Stakeholders, MBIA Insurance Corp., and the Zohar III Controlling Class* [Docket No. 266] (the "Settlement Order"); and (c) the Settlement Agreement[2] (as defined in the Settlement Order) [Docket No. 266, Exh. 1] for entry of an order (i) authorizing the Zohar Debtors to enter into a potential transaction, or series of transactions, with respect to the Dura Term Loan (defined below) in the Dura Chapter 11 Cases (defined below), in the sole discretion of the Independent Director, without need for further order

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261) ("Zohar III"), Zohar II 2005-1, Limited (8297) ("Zohar II"), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Settlement Agreement.

25970100.8

or approval in these Chapter 11 cases, and (ii) granting related relief. In support of this Motion, the Zohar Debtors respectfully state as follows:

## PRELIMINARY STATEMENT[3]

1. As the Court is aware, in October 2019, Dura Automotive Systems, LLC, one the Zohar Debtors' "Group A" Portfolio Companies, and its affiliated debtors commenced chapter 11 cases. The Dura Debtors are currently being marketed for sale pursuant to Court-approved bidding procedures that contemplate, among other things, the potential for the Zohar Debtors to credit bid, in full or in part, their undisputed interest in approximately $105 million in senior secured term loan claims (the "Dura Term Loan"). The procedures recognize that such a credit bid, or an alternative transaction sponsored by the Zohar Debtors, may be a necessary component of a transaction that will maximize value for the Dura Debtors' assets and, in turn, the Zohar Debtors' recoveries.

2. The Zohar Debtors – in close collaboration with their primary secured creditors and the Dura Debtors – have been discussing the Zohar Debtors' participation in the Dura Debtors' sale process. The Independent Managers and professional advisors of the Dura Debtors have been fully informed of, and have participated in, these discussions.

3. Should the Zohar Debtors determine, in their business judgment, that it is in their estates' best interests to transact the Dura Term Loan claims in the Dura Debtors' sale process, the Zohar Debtors will need Court approval to do so. Accordingly, the Zohar Debtors seek authority from this Court to enter into one or more transactions in respect of the Dura Term Loan claims, in the Independent Director's sole discretion, without need for further Court approval. The requested relief will best position the Zohar Debtors to potentially participate in the Dura sale process and

---

[3] Capitalized terms used but not defined in this Preliminary Statement shall have the meanings ascribed to them below.

facilitate a value-maximizing transaction for the Dura Debtors' assets to enhance recoveries for the Zohar Debtors' estates.

**JURISDICTION AND VENUE**

4. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Zohar Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory and legal predicates for the relief requested herein are sections 105(a) and 363 of the Bankruptcy Code, the Settlement Order, and the Settlement Agreement.

**BACKGROUND**

**A.     The Bankruptcy Cases**

7. On March 11, 2018, the Zohar Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

8. On October 17, 2019, Dura Automotive Systems, LLC and certain of its affiliates (collectively, the "Dura Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Tennessee (the "Tennessee Bankruptcy Court").

9. On November 1, 2019, the Court entered an agreed order transferring the Dura Debtors' chapter 11 cases (the "Dura Chapter 11 Cases") from the Tennessee Bankruptcy Court

25970100.8                                                       3

to this Court, effective as of November 8, 2019, at 12:01 a.m. (ET) [Docket No. 1060]. The Dura Chapter 11 Cases are being administered separately from the Zohar Debtors' chapter 11 cases.

**B.    The Monetization Process in the Zohar Debtors' Chapter 11 Cases**

   *i.    The Settlement Agreement*

10.    On May 21, 2018, the Court entered the Settlement Order approving the Settlement Agreement. The Settlement Agreement requires the undertaking of a monetization process to sell or refinance portfolio companies (the "<u>Portfolio Companies</u>") in which the Zohar Debtors hold secured debt and record equity or membership interests (the "<u>Monetization Process</u>"). Specifically, paragraph 10 of the Settlement Agreement provides:

> With full and joint authority, Independent Director/CRO, with full authority on behalf of the Debtors, and Tilton, with full authority on behalf of the Group A Portfolio Companies, will conduct a process to monetize the Group A Portfolio Companies and the Group B Portfolio Companies. . . . Tilton and the CRO shall jointly select bankers and other professionals, prioritize sales, oversee the bid process and select transactions to complete. Tilton shall work with the CRO, who shall jointly with Tilton choose bankers to be retained for Group A Portfolio Company sales. Each shall have full and complete information regarding the Monetization Process and sources and uses of funds in any transaction consummated as part of the Monetization Process. Tilton and the CRO shall use good faith, commercially-reasonable efforts to coordinate prospective meetings with bankers and buyers.[4]

11.    Paragraph 12 of the Settlement Agreement further provides that "[Ms.] Tilton and the CRO shall work jointly as outlined herein to monetize the Group A Portfolio Companies until such time as the [*sic*] (i) the parties each agree in writing to terminate this settlement agreement, such agreement to be granted or withheld in their sole respective discretion or (ii) the Full Payment

---

[4] *Id.* ¶ 10.

Date."[5]  Though subject to a separate chapter 11 process, the Dura Debtors remain among the Group A Portfolio Companies.

12. On September 27, 2019, the Court issued an oral ruling (the "Monetization Ruling") and held, pursuant to the plain language of the Settlement Agreement, that the Monetization Process remains in place and shall continue notwithstanding the expiration of the 15-Month Window.[6]

    *ii.*    *The Monetization Procedures Order*

13. On October 23, 2018, the Zohar Debtors filed the *Motion of the Debtors for an Order in Aid of Implementation of the Global Settlement Agreement Approved in These Cases Establishing Certain Procedures for the Independent Directors' Approval of Monetization Transactions and Related Relief* [Docket No. 481] (the "Monetization Procedures Motion").

14. On November 9, 2018, the Court entered the Monetization Procedures Order [Docket No. 545] providing that:

> Joseph J. Farnan, Jr., as Independent Director, has been fully charged with governance of the Debtors . . . to authorize, approve and seek to consummate each Portfolio Company Transaction, including, but not limited to (i) authorizing the Debtors to vote or consent to any vote, as applicable, any and all Zohar Interests in favor of a Portfolio Company Transaction, (ii) exercising any rights with respect to the Zohar Interests to implement or consummate a Binding Portfolio Company Transaction, and (iii) authorizing and approving the Debtors' release of any of the Debtors' liens, claims or encumbrances in connection with a Portfolio Company Transaction.[7]

---

[5] *Id.* ¶ 12.

[6] On October 4, 2019, the Patriarch Stakeholders filed a notice of appeal of the Monetization Ruling, and on October 15, 2019, filed a motion for stay pending appeal in the Delaware District Court. On December 19, 2019, the Delaware District Court issued a written opinion denying Patriarch's motion for stay pending appeal. *See* District Court Docket No. 43.

[7] Monetization Procedures Order, ¶ 2.

**C.    The Dura Sale Process**

15.    On November 19, 2019, the Court entered in the Dura Chapter 11 Cases that certain *Order (I) Approving Bidding Procedures With Respect to Substantially All Assets, (II) Approving Contract Assumption and Assignment Procedures, (III) Scheduling Bid Deadlines, an Auction, and the Hearings and Objection Deadlines Related Thereto, and (IV) Approving the Form and Manner of Notice Thereof* [Dura Docket No. 339] approving certain procedures (the "Bidding Procedures") to govern the sale of substantially all the Dura Debtors' assets (the "Dura Assets") through a Court-supervised marketing and auction process.

16.    On December 3, 2019, the Court entered an order in the Dura Chapter 11 Cases approving the Dura Debtors' retention of Jeffries LLC as the Dura Debtors' investment banker. *See* Dura Docket No. 385.

17.    On January 2, 2020, the Court entered an order [Dura Docket No. 514] (the "Extension Order"), extending certain deadlines under, among other orders, the Bidding Procedures Order. Pursuant to the Extension Order, the current deadline for interested bidders to submit bids for the Dura Assets is February 21, 2020 at 5:00 p.m. (ET).

18.    On January 17, 2020, the Dura Debtors filed the *Joint Chapter 11 Plan of Dura Automotive Systems, LLC and its Debtor Affiliates* [Dura Docket No. 572] (the "Dura Plan") and a related disclosure statement. The Dura Plan contemplates a potential credit bid of the Dura Term Loan by the Zohar Debtors.

19.    While the Dura Debtors' sale process remains ongoing under the Bidding Procedures, the Zohar Debtors may determine that a credit bid or other potential alternative transaction would maximize the value of the Dura Assets. Accordingly, the Zohar Debtors seek

prudential relief to position themselves to act upon their business judgment and so transact for the benefit of the Zohar Debtors' and Dura Debtors' respective estates and stakeholders.

## RELIEF REQUESTED

21. By this Motion, the Zohar Debtors request entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, pursuant to sections 105(a) and 363 of the Bankruptcy Code: (i) authorizing the Zohar Debtors to enter into a potential transaction, or series of transactions, with respect to the Dura Term Loan claims in the Dura Chapter 11 Cases, in the sole discretion of the Independent Director, without need for further order or approval in these Chapter 11 cases and (ii) granting related relief.

## BASIS FOR RELIEF REQUESTED

22. Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code," and that "[n]o provision of [the Bankruptcy Code] providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules . . . .". 11 U.S.C. § 105(a). Further, bankruptcy courts retain "jurisdiction to interpret and enforce settlements and the accompanying orders approving settlements." *See In re Baseline Sports, Inc.,* 393 B.R. 105, 118–19 (Bankr. E.D. Va. 2008); *accord In re Lazy Days' RV Center, Inc.*, 724 F.3d 418, 423 (3d Cir. 2013); *In re Patriot Coal Corp.*, 539 B.R. 812, 818–19 (Bankr. E.D. Mo. 2015). Although "there are some significant limits to a bankruptcy court's ability to use section 105(a) of the Code . . . [it] plainly may be used 'to enforce and implement' earlier

orders." *In re River Ctr. Holdings, LLC*, 394 B.R. 704, 711 (Bankr. S.D.N.Y. 2008); *see also In re Ames Dep't Stores, Inc.*, 317 B.R. 260, 273–74 (Bankr. S.D.N.Y. 2004).

23. Section 363(b) of the Bankruptcy Code permits a debtor to use, sell, or lease, estate property "other than in the ordinary course of business" after notice and a hearing. 11 U.S.C. § 363(b)(1). Courts have authorized relief under section 363(b) where a debtor demonstrated a sound business justification for such relief. *See Comm. of Equity Sec. Holders* v. *Lionel Corp.* (*In re Lionel Corp.*), 722 F.2d 1063, 1071 (2d Cir. 1983) ("The rule we adopt requires that a judge determining a § 363(b) application expressly find from the evidence presented before him at the hearing a good business reason to grant such an application."). The Third Circuit has explained that "under normal circumstances the court would defer to the trustee's judgment so long as there is a legitimate business justification" with respect to sales under section 363. *Myers* v. *Martin* (*In re Martin*), 91 F.3d 389, 395 (3d Cir. 1996).

24. The Zohar Debtors' claims are undisputed, and the Independent Director is charged under the Settlement Agreement with acting in the best interest of the Zohar Funds in connection with the monetization of the Dura Assets. As such, subject to approval by this Court, the Independent Director has the authority to transact on or otherwise compromise the Dura Term Loan under section 363 of the Bankruptcy Code. This may involve a credit bid for the Dura Assets, a release of the Zohar Debtors' liens/claims in the Dura Assets, a sale or an assignment or sale of the Dura Term Loan, or consent to the terms of a chapter 11 plan. The Zohar Debtors may determine that such a transaction would maximize the value of the Dura Assets. Accordingly, it is crucial that the Zohar Debtors be expressly authorized to consummate a value-maximizing transaction or series of transactions for Dura so that they can act nimbly and with certainty in developing and negotiating such transaction.

25.     For the Avoidance of doubt, the Zohar Debtors have not entered into any agreement with respect to a potential transaction for the Dura Debtors' assets and have not made a formal bid for the Dura Debtors' assets as of the date hereof.  The Zohar Debtors are filing this motion to ensure that they have the authority to enter into a transaction or series of transactions with respect to the Dura Debtors' assets without further Court approval in these Chapter 11 cases.

26.     Further, no party will be prejudiced by the relief requested herein.  As mentioned above, the Independent Managers and professional advisors of the Dura Debtors support the Zohar Debtors' potential engagement relative to the sale process in the Dura Chapter 11 Cases.  Moreover, all of the major stakeholders in these chapter 11 cases – MBIA, the Zohar III Controlling Class, and the Patriarch Stakeholders – are involved in the process, any transaction will be subject to this Court's approval (in the Dura Chapter 11 Cases), and the Zohar Debtors will file notice of any transaction on the docket in these chapter 11 cases.  Lastly, the relief requested is not intended to, and expressly should not, have any precedential or effect on the Settlement Agreement and the monetization process for any non-Dura Portfolio Company.  The parties appear to agree that the situation at Dura is extremely unique; for example, neither of the currently scheduled competing motions to establish timelines and procedures to govern the go-forward Monetization Process seeks any relief with respect to Dura.  And to ensure the relief requested herein is truly unique to the situation at Dura and will not otherwise prejudice or be precedential with respect to the Monetization Process, the proposed order granting this Motion provides:

(a)     The terms of the order relate solely to Dura and, more specifically, the Zohar Debtors' interests in the Dura Term Loan;

(b)     All parties' rights are reserved with respect to any equity interests in the Dura Debtors or their affiliates; and

(c)     The order will have no precedential or other effect under the Settlement Agreement or with respect to the monetization process for any Portfolio Company other than Dura.

27. For these reasons, the Zohar Debtors submit that the relief requested herein is consistent with the Settlement Agreement and Settlement Order, is a sound exercise of the Zohar Debtors' business judgment, and, is in the best interest of their estates and stakeholders. Accordingly, the Zohar Debtors respectfully submit that the relief requested should be approved.

## NOTICE

28. The Zohar Debtors will provide notice of this Motion to: (i) the U.S. Trustee; (ii) counsel to the Patriarch Stakeholders; (iii) counsel to U.S. Bank, as indenture trustee; (iv) counsel to MBIA; (v) counsel to the Zohar III Controlling Class; (vi) counsel to the Dura Debtors; (vii) counsel to the official committee of unsecured creditors appointed in the Dura Chapter 11 Cases; and (viii) all parties that, as of the filing of this Motion, have requested notice in these Chapter 11 cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Zohar Debtors submit that no other or further notice is necessary.

WHEREFORE, the Zohar Debtors request entry of the Proposed Order, granting the relief requested herein and such other and further relief as is just and proper.

Dated: February 6, 2019  
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Joseph M. Barry*
James L. Patton, Jr. (No. 2202)  
Robert S. Brady (No. 2847)  
Michael R. Nestor (No. 3526)  
Joseph M. Barry (No. 4221)  
Ryan M. Bartley (No. 4985)  
Shane M. Reil (No. 6195)  
Rodney Square  
1000 North King Street  
Wilmington, Delaware 19801  
Telephone: (302) 571-6600  
Facsimile: (302) 571-1253

*Counsel to the Zohar Debtors*