**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| Zohar III, Corp., *et al.*,[1] | ) Case No. 18-10512 (KBO) |
| Debtors. | ) Jointly Administered |
| | ) **Docket Ref. No. 1386** |

**ORDER (I) AUTHORIZING THE ZOHAR DEBTORS TO ENTER INTO
POTENTIAL TRANSACTION RELATING TO DURA AUTOMOTIVE
SYSTEMS, LLC AND (II) GRANTING RELATED RELIEF**

Upon the *Zohar Debtors' Motion for Entry of an Order (I) Authorizing the Zohar Debtors to Enter Into Potential Transaction Relating to Dura Automotive Systems, LLC and (II) Granting Related Relief* (the "Motion");[2] and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest and that the legal and factual bases set forth in the Motion

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. The Zohar Debtors are hereby authorized, in the Independent Director's sole discretion, to enter into any transaction, or transactions, with respect to the Dura Term Loan in connection with a bid pursuant to the Bidding Procedures in the Dura Debtors' chapter 11 cases without need for further order or approval in the Zohar Debtors' chapter 11 cases; provided, however, that any proceeds, assets, securities, or other property received by the Zohar Debtors on account of, or in exchange for the Dura Term Loan shall constitute Collateral (as defined in the Indentures) and be subject to the liens, claims, and encumbrances of U.S. Bank, National Association, as Trustee (the "Indenture Trustee") under the applicable Zohar indenture with the same validity, extent, and priority as those being released or terminated thereby, provided, further, that, other than as required to effectuate a credit bid as authorized herein, nothing in this Order grants the Zohar Debtors authority to enter into any transaction that (i) incurs additional indebtedness by the Zohar Debtors and/or (ii) primes, alters, modifies, or impairs the claims or interests of any party in or with respect to the Zohar Debtors, in each case without (a) the advance written consent of the Patriarch Stakeholders, U.S. Bank, MBIA, and the Zohar III Controlling Class (each as defined in the Settlement Agreement), which may be withheld or granted in such party's sole discretion, or (b) further order of this Court. For the avoidance of doubt, the terms of this Order relate solely to Dura and, more specifically, the Zohar Debtors' interests in the Dura Term Loan.

3. All parties' rights are reserved with respect to any equity interests in the Dura Debtors or their affiliates.

4.  This Order shall not modify the rights of any party under the Settlement Agreement or with respect to the monetization process for any Portfolio Company other than Dura.

5.  Nothing in this Order shall alter, modify, or impair any rights, remedies or prior orders in the Dura Debtors' chapter 11 cases.

6.  This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

*[Signature: Ka B. O____]*

**Dated: February 12th, 2020**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**