# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>Zohar III, Corp., *et al.*,[1]<br><br>            Debtors. | Chapter 11<br><br>Case No. 18-10512 (KBO)<br><br>Jointly Administered<br><br>**Docket Ref. Nos. 1092, 1112, 1164, 1167, 1168 & 1182 and 1409** |

### STIPULATED AMENDED SCHEDULING ORDER WITH RESPECT TO: (I) THE DEBTORS' MOTION FOR ENTRY OF AN ORDER, IN AID OF IMPLEMENTATION OF THE SETTLEMENT AGREEMENT AND THE SETTLEMENT ORDER, ESTABLISHING CERTAIN DEADLINES, MILESTONES AND OTHER PARAMETERS IN FURTHERANCE OF THE MONETIZATION PROCESS FOR THE GROUP A PORTFOLIO COMPANIES; (II) THE MOTION OF LYNN TILTON FOR APPROVAL OF TIMELINE AND GUIDELINES REGARDING MONETIZATION OF THE GROUP A PORTFOLIO COMPANIES; AND (III) CERTAIN OTHER CONTESTED MATTERS

Upon the certification of counsel [Docket No. 1409] (the "Certification of Counsel"), filed by the Patriarch Stakeholders on February 14, 2020, regarding a proposed stipulated amended scheduling order with respect to the evidentiary hearing on February 19 and 20, 2020, on: (i) the *Debtors' Motion for Entry of an Order, in Aid of Implementation of the Settlement Agreement and the Settlement Order, Establishing Certain Deadlines, Milestones and Other Parameters in Furtherance of the Monetization Process for the Group A Portfolio Companies* [Docket No. 1167, 1168] (the "Debtors' Timeline Motion"),[2] (ii) the *Motion of Lynn Tilton for Approval of Timeline and Guidelines Regarding Monetization of the Group A Portfolio Companies* [Docket Nos. 1164,

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119).  The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to such terms in the Tilton Timeline Motion.

1182] (the "Tilton Timeline Motion" and, together with the Debtors' Timeline Motion, the "Timeline Motions"), (iii) the *Notice of Filing of Proposed Revised Cash Collateral Order* [Docket No. 1092] (together with Docket No. 356, the "Cash Collateral Motion"), and (iv) the *Application of the Debtors, Pursuant to 11 U.S.C. 327(a) and 328(a), Fed. R. Bankr. P. 2014 and 5002, and Del. Bankr. L.R. 2014-1 and 2016-2(h), For Entry of an Order (I) Authorizing Employment and Retention of Houlihan Lokey Capital, Inc. as Financial Advisor and Investment Banker for the Debtors, Nunc Pro Tunc to December 1, 2019, (II) Modifying Certain Information Requirements of Del. Bankr. L.R. 2016-2, and (III) Granting Related Relief* [Docket No. 1112] (the "Houlihan Application"), which matters shall be referred to below as the "Contested Matters"; and upon the representations of the Patriarch Stakeholders in the Certification of Counsel; and sufficient cause appearing therefor; it is hereby

**ORDERED THAT:**

1. The Court's *Order Setting Hearing Date, Briefing Schedule, and Discovery Deadlines With Respect to: (I) the Debtors' Motion for Entry of an Order, in Aid of Implementation of the Settlement Agreement and the Settlement Order, Establishing Certain Deadlines, Milestones and Other Parameters in Furtherance of the Monetization Process for the Group A Portfolio Companies; (II) the Motion of Lynn Tilton for Approval of Timeline and Guidelines Regarding Monetization of the Group A Portfolio Companies; and (III) Certain Other Contested Matters* [Docket No. 1292] (the "Scheduling Order") shall remain in full force and effect, subject only to the amendments set forth herein.

2. All pleadings for the Contested Matters will be submitted in the hearing binders the Debtors will provide to the Court in connection with the Notice of Agenda of Matters

Scheduled for Hearing on February 19 and 20, 2020 at 10:00 a.m. (ET), to be filed on February 14, 2020, at or before 12:00 p.m. (ET).

    3.    All exhibit binders and deposition transcript designations shall be provided to this Court by 4:00 p.m. (ET) on February 18, 2020. Witness lists shall remain subject to the Scheduling Order's existing deadline of February 15, 2020 at 4:00 p.m. (ET).

    4.    With respect to trial exhibits:

        a.    The parties shall submit to the Court joint trial exhibits and a joint exhibit list setting forth those exhibits to which a party has raised an objection and those exhibits to which the parties have stipulated to move into evidence.

        b.    All exhibits provided to the Court in advance of the hearings shall be confidential and shall not become part of the Court's record until such time that they are admitted into evidence, at which point they shall be admitted under seal in the first instance. By no later than March 12, 2020, at 4:00 p.m. (ET), the parties, in consultation with the U.S. Trustee, shall jointly submit redacted and anonymized exhibits that will become part of the Court's record.

        c.    The parties shall meet and confer in good faith pursuant to their own agreed-upon timeline for proposing redactions and anonymization of exhibits.

        d.    The joint exhibit list shall be submitted without prejudice to the parties' rights to use or move into evidence, during cross-examination, exhibits not included on the list.

5. With respect to deposition transcript designations:

   a. Only for those witnesses that will not be testifying live at the hearings on February 19 and 20, the parties shall jointly submit deposition transcripts setting forth (i) designations by Patriarch highlighted in blue, (ii) designations by the Debtors highlighted in yellow, and (iii) joint designations highlighted in green.

   b. The parties shall meet and confer in good faith pursuant to their own agreed-upon timeline for proposing redactions and anonymization of the deposition transcripts.

   c. The parties will provide unredacted versions of deposition designations to the Court in advance of the hearings, which shall be confidential and shall not become part of the Court's record until such time that they are admitted into evidence, at which point they shall be admitted under seal in the first instance. By no later than March 12, 2020, at 4:00 p.m. (ET), the parties, in consultation with the U.S. Trustee, shall jointly submit redacted and anonymized versions of admitted deposition testimony that will become part of the Court's record.

   d. The deposition transcript designations shall be submitted without prejudice to the parties' rights to use or move into evidence, during cross-examination, non-designated portions of depositions.

6. All trial exhibits and deposition transcripts or videos shall be anonymized pursuant to a form substantially similar to the protocol proposed in *Patriarch's Omnibus Motion With*

*Respect to Open Discovery and Pre-Trial Issues for Hearings on February 19 and 20, 2020* [Docket Nos. 1361, 1381] (the "Anonymization Protocol").  Prior to the hearings on February 19 and 20, the Anonymization Protocol shall be distributed to the Court and all parties which have stipulated to entry of this Amended Scheduling Order.

7. The parties shall negotiate in good faith regarding any process issues, and all parties' rights are expressly reserved.

8. None of the deadlines provided herein shall be extended absent leave of Court; provided that the parties may mutually agree to extensions of deadlines with respect to deliverables that are not being provided to the Court.

9. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: February 14th, 2020
Wilmington, Delaware

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**