IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| Zohar III, Corp., *et al.*,[1] | ) ) | Case No. 18-10512 (KBO) |
| Debtors. | ) ) ) | Jointly Administered |
|  | ) | **Related to Docket Nos. 1164 & 1167** |

**ORDER ESTABLISHING CERTAIN GUIDELINES AND MILESTONES IN FURTHERANCE OF THE MONETIZATION PROCESS FOR THE GROUP A AND GROUP B PORTFOLIO COMPANIES**

Upon consideration of the competing motions (the "Motions")[2] seeking the establishment of certain guidelines and milestones related to the joint monetization process under the Settlement Agreement[3] and all related briefing, argument, and evidence presented in connection therewith, including such argument and evidence presented at the January 10, 2020 and February 6, 2020 preliminary hearings and the February 19-20, and 24, 2020 trial held in connection with the Motions; and the Court having found that it has jurisdiction to consider the Motions pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012, that consideration of the

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

[2] *See Motion of Lynn Tilton for Approval of Timeline and Guidelines Regarding Monetization of the Group A Portfolio Companies* [Docket No. 1164]; *Debtors' Motion for Entry of an Order, in Aid of Implementation of the Settlement Agreement and the Settlement Order, Establishing Certain Deadlines, Milestones and Other Parameters in Furtherance of the Monetization Process for the Group A Portfolio Companies* [Docket No. 1167].

[3] As defined in the *Order Approving and Authorizing the Settlement Agreement By and Between the Debtors, Lynn Tilton, the Patriarch Stakeholders, MBIA Insurance Corp., and the Zohar III Controlling Class* [Docket No. 266].

Motions is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that due and proper notice of the Motions has been given, that such notice is adequate, and that no other or further notice need be given; and the Court having found and determined that the establishment of a Court-approved process governing the joint monetization of the Group A and Group B Portfolio Companies[4] (each, a "Portfolio Company" and together, the "Portfolio Companies") is necessary to, among other things, ensure proper and timely compliance with the Settlement Agreement, maximize value for all stakeholders, and establish a reasonable and fair process for all parties; and the Court having found and determined that the guidelines and milestones established by this Order will balance and work to accomplish those goals in light of the present facts and circumstances, which include the agreement of the parties made approximately two years ago to jointly monetize the Portfolio Companies, the harm to all parties in interest, including the Portfolio Companies, from the pendency of these cases and the disputes related thereto, the Debtors' lack of funding, the role of Tilton in the joint monetization process, and the recent global outbreak of coronavirus disease 2019 (COVID-19); **IT IS HEREBY ORDERED THAT** the joint monetization process of the Portfolio Companies shall be subject to the following guidelines and milestones:

1. <u>Milestones.</u> The following milestones (each, a "Milestone" and together, the "Milestones") shall apply to the joint monetization process of the Group A Portfolio Companies:

**[REDACTED]**

---

[4] Capitalized terms used but undefined herein shall have the meanings ascribed to them in the Settlement Agreement.

2. Any Milestone may be extended by written agreement among Tilton, on behalf of the Portfolio Companies, and the Independent Director/CRO, on behalf of the Debtors, in their respective sole discretion, following good faith negotiations and consultation with the investment banker(s) for the applicable Portfolio Company. Any written agreement reached extending a Milestone shall be provided to the Court at the next scheduled status conference to be held pursuant to paragraph 15.

3. If mutual agreement to extend a Milestone cannot be reached, a Milestone may be extended by order of the Court for cause shown after notice and a hearing. Any dispute regarding the extension of a Milestone must be brought to the Court's attention no later than thirty days prior to the expiration of the applicable Milestone and in accordance with the procedures set forth in paragraph 16.

4. Nothing herein shall prevent a Group A Portfolio Company from satisfying a Milestone earlier than the applicable deadline set forth in paragraph 1.

5. Pursuant to paragraph 3 of the Settlement Agreement, Tilton and the Debtors shall negotiate in good faith to establish monetization milestones for the Group B Portfolio Companies. The parties shall report their progress to the Court at the sixth monthly status conference to be held pursuant to paragraph 15. Nothing herein shall prevent the parties from establishing mutually agreeable monetization milestones for the Group B Portfolio Companies prior to such status conference and commencing related monetization efforts.

6. All milestones established by or in accordance with this Order or any other order of the Court are confidential and shall not be made available to anyone except the Court, the Debtors, the Patriarch Stakeholders, MBIA, the Zohar III Controlling Class, the U.S. Trustee,

Ankura Trust Company, LLC, the investment bankers for the Portfolio Companies, and any other party as may be ordered or otherwise required by the Court.

7. <u>Joint Process</u>.  The monetization process of the Portfolio Companies shall be conducted jointly by the Debtors and Tilton, and all decisions in connection therewith shall be made jointly by the Debtors and Tilton.

8. The method of communicating joint decisions to a Portfolio Company investment banker shall be determined on a case-by-case basis by the Debtors and Tilton.  Such communication may be made by either the applicable Portfolio Company, Tilton, the Debtors, or a designated representative of foregoing parties, as agreed upon by the parties.

9. Tilton and the Debtors' respective business professionals shall hold weekly calls about the status of the monetization process.

10. <u>Access to Information.</u>  Tilton and the Debtors, and their respective professionals and advisors, shall have full and complete access to the investment bankers for the Portfolio Companies with respect to any monetization efforts.

11. Tilton, on behalf of the Portfolio Companies, shall direct the investment bankers for the Portfolio Companies to provide simultaneously to Tilton and the Debtors (or a designed representative of any such party), and in no event later than one (1) business day after receipt thereof, the following information that is received by the investment bankers:  (i) written communications regarding the monetization processes, including, without limitation, expressions of interest, letters of intent, emails/letters, bids, transaction documentation, and/or other purchase proposals received for any Portfolio Companies, and (ii) financial information provided by the Portfolio Companies, including, but not limited to, quality of earnings reports, confidential information memoranda, financial projections, and data room access.

12. Tilton, on behalf of the Portfolio Companies, shall direct the investment bankers for the Portfolio Companies to make themselves available to Tilton and the Debtors, and their respective professionals and advisors, for updates, meetings, and conference calls to discuss, without any limitation whatsoever, the status of, and any developments relating to, the monetization of the Portfolio Companies.

13. <u>Houlihan Lokey Capital, Inc. ("Houlihan Lokey").</u>  Houlihan Lokey shall be involved on behalf of the Debtors in every material aspect of the monetization of each Portfolio Company, including, without limitation, free and open access to the investment bankers, all communications (oral and written) with prospective buyers, Portfolio Company management meetings and presentations, negotiation of sale documents and agreements (including, without limitation, expressions of interest, letters of intent, and asset purchase agreements and related schedules), diligence prepared by each Portfolio Company for prospective purchasers, and any and all information that Houlihan Lokey believes necessary for the Debtors to jointly participate in the monetization of each Portfolio Company.

14. Notwithstanding the foregoing, Houlihan Lokey shall not interfere with the efforts of the investment bankers to monetize the Portfolio Companies.  Moreover, Houlihan Lokey shall not directly communicate with prospective buyers absent prior agreement of the Debtors and Tilton or order of the Court.

15. <u>Updates to the Court.</u>  At regularly-scheduled status conferences, to occur at least once per month or at such other intervals as appropriate, the parties shall provide the Court with an update on the monetization of each Portfolio Company (including the current prospect of meeting applicable Milestones), subject to the Court's availability and appropriate protections with respect to issues of confidentiality.

16. <u>Disputes.</u>  If a dispute arises in connection with the scheduling and conduct of the monetization of a Portfolio Company and/or the terms of this Order, the parties may advise the Court of such dispute without the need to first submit the issue to mediation.  Parties may advise the Court of a dispute at a regularly scheduled omnibus hearing or status conference or via a letter submission, which is to be no greater than three pages in length, filed on the docket, and subject to appropriate protections with respect to issues of confidentiality.  If a dispute is addressed at a hearing or status conference, adequate prior notice must be provided to all parties-in-interest.  As practicable, the Court will discuss scheduling and any motion practice, briefing, discovery, or other matter relevant to the dispute at such hearing or status conference.  If the Court is notified of the dispute via letter, the Court will schedule a status conference with respect to such dispute as soon as practicable under the circumstances to discuss scheduling and any motion practice, briefing, discovery, or other matter relevant to the dispute.  Notwithstanding the foregoing, any disputes arising in connection with the monetization process may be referred to the Mediator if all relevant parties agree that mediation would be beneficial and the Mediator agrees to conduct such mediation.

17. <u>Mutual Non-Disparagement</u>.  In accordance with the agreement of the parties pursuant to paragraph 26 of the Settlement Agreement, during the joint monetization process, neither the Debtors, Tilton, nor the Patriarch Stakeholders, or their respective professionals or advisors, shall make any statement or take any action to disparage the Debtors, Tilton, the Patriarch Stakeholders, or any Portfolio Company; *provided, however*, that nothing herein shall limit any party from making any statements either required by applicable law, regulation, or legal process or in connection with any proceeding in the Court or any other court of competent jurisdiction.

18. <u>Additional Milestones and Guidelines.</u>  The Milestones and guidelines set forth herein are not exhaustive of the milestones and guidelines that may be established with respect to the monetization of the Portfolio Companies.  Any additional milestones or guidelines may be negotiated among Tilton, on behalf of the Portfolio Companies, and the Independent Director/CRO, on behalf of the Debtors, in good faith, and in all respects in consultation with the investment banker(s) for any applicable Portfolio Company and expressly subject to consideration and approval of the Court.  If mutual agreement cannot be reached following such good faith negotiations, additional milestones or guidelines may be considered and approved by the Court upon request of a party-in-interest in accordance with the procedures set forth in paragraph 16.

19. <u>Jurisdiction.</u>  The Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

20. <u>Effectiveness</u>.  The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Dated: March 20, 2020

*[signature: Ka B. O—]*

Karen B. Owens
United States Bankruptcy Judge