## Exhibit A

**2004 Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| Zohar III, Corp., *et al.*,[1] | ) ) ) | Case No. 18-10512 (KBO) |
| Debtors. | ) ) ) | Jointly Administered |
|  | ) ) ) | Ref. Docket No.: 1682 |

**ORDER DIRECTING EXAMINATION OF PATRIARCH PARTIES AND THE PRODUCTION OF DOCUMENTS**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order, pursuant to sections 105(a) of the Bankruptcy Code, Bankruptcy Rule 2004 and Local Rule 2004-1, (a) authorizing the Debtors to examine the Patriarch Parties and (b) requiring the Parties to produce documents responsive to the requests (the "Requests") set forth in Exhibit 1 attached to this Order; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion and the relief provided for herein having been given; and it appearing that no other or further notice of the same need be provided; and it appearing that the relief requested in the Motion

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 350 Fifth Avenue, c/o Goldin Associates, LLC, New York, NY 10118.

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

26682970.2

and provided for herein is in the best interest of the Debtors and their estates; and after due deliberation, and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized to conduct Bankruptcy Rule 2004 examinations of the Patriarch Parties. The Patriarch Parties are ordered to (a) respond in writing to the document requests attached to this Order as Exhibit 1 (the "Requests") on or before twenty-one (21) days from the entry of this Order and (b) produce all non-privileged responsive documents called for in the Requests on or before twenty-eight (28) days from the entry of this Order.

3. The Debtors' rights are reserved to request testimony or additional documents under Bankruptcy Rule 2004 based on any information that may be revealed as a result of the documents provided pursuant to this Order, or otherwise.

4. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation or interpretation of this Order.

Dated: June 25th, 2020　　　　　　　　　　　　　　KAREN B. OWENS
Wilmington, Delaware　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

**Requests to the Patriarch Parties**

26682970.2

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: <br><br> Zohar III, Corp., *et al.*,[1] <br><br> Debtors. | ) <br> ) <br> ) Chapter 11 <br> ) <br> ) Case No. 18-10512 (KBO) <br> ) <br> ) Jointly Administered <br> ) |

## DEBTORS' REQUEST FOR PRODUCTION OF DOCUMENTS TO THE PATRIARCH PARTIES

Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, Zohar III, Corp. and its affiliated debtors and debtors in possession in the above captioned chapter 11 cases (collectively, the "Debtors"), hereby request that the Patriarch Parties (as defined below) produce the documents in their custody, possession or control that are responsive to these requests (the "Requests") by July 7, 2020, at the offices of Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 N. King St., Wilmington, Delaware 19801; Attn: Erin D. Edwards.

## DEFINITIONS

1. The terms "all" and "each" shall be construed as all and each.

2. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

3. "CTB Election" means the election Tilton made in 2016 on behalf of each of the Zohar Funds electing them to be taxed as corporations.

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 350 Fifth Avenue, c/o Goldin Associates, LLC, New York, NY 10118.

26571598.9

4. The term "Communication(s)" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise, either orally or in writing), including but not limited to correspondence, packages, conversations, meetings, discussions, telephone calls, telegrams, telexes, telecopies, seminars, conferences, messages, notes, e-mails and memoranda. The transmission of documents or things by mail, courier or electronic service or otherwise is included, without limitation, in the definition of "Communication(s)."

5. The term "concerning" means relating to, referring to, in connection with, in respect of, describing, evidencing or constituting.

6. "Document(s)" shall include electronically stored information ("ESI") and is used in its customary broad sense. It shall not be limited in any way with respect to the process by which any Document was created, generated, or reproduced, or with respect to the medium in which the Document is embodied; and shall include, by way of example and without any limitation, all "documents," "electronically stored information," or "tangible thing" as contained in Rule 34 of the Federal Rules of Civil Procedure, as well as all "writings," "recordings," and "photographs" as defined by Rule 1001 of the Federal Rules of Evidence, and any kind of tangible material in any medium of any type, upon which intelligence or information is recorded, or from which intelligence or information can be perceived, whether in writing, recorded, stored, microfilmed, microfiched, photographed, computerized, reduced to electronic or magnetic impulse, or otherwise preserved or rendered. Documents further include, without limitation, materials maintained in electronic, magnetic or other storage media, including those maintained in computers, electronic or magnetic tapes or diskettes, and any on-site or off-site backup or so-called "erased" or "deleted" computer information that may be susceptible to retrieval.

7. "Equity Interest" means any common or preferred equity interest, including stock, partnership interests or limited liability company interests or units, regardless of whether held in record name only or owned beneficially, at any time.

8. The term "including" means "including, but not limited to;" the term "includes" means "includes, but not limited to."

9. "IRS" means the Internal Revenue Service.

10. "Loan" means each loan or advance made or acquired by each Zohar Fund at any time. For purposes hereof, Loans should be separately by borrower, by lender and by Loan where any Zohar Fund has made multiple loans to the same borrower. For example if Zohar I and Zohar II participated in a first tranche of borrowing, lending $1 million and $2 million to Portfolio Company ABC, Inc., respectively, and then Zohar II and Zohar III participated in a second tranche of borrowing, lending $1 million and $2 million to Portfolio Company ABC, Inc., respectively, then there would be four (4) Loans: Zohar I's loan of $1 million in the first tranche; Zohar II's loan of $2 million in the first tranche and its loan of $1 million in the second tranche; and Zohar III's loan of $2 million in the second tranche.

11. "Octaluna Entities" means Octaluna, LLC, Octaluna II, LLC, and Octaluna III, LLC.

12. "Patriarch Parties" means Lynn Tilton, including in her capacity as Designated Tax Director of the Zohar Funds ("Tilton"), Patriarch Partners, LLC ("Patriarch Partners"), Patriarch Partners VIII, LLC ("Patriarch VIII"), Patriarch Partners XIV, LLC ("Patriarch XIV"), Patriarch Partners XV, LLC ("Patriarch XV" and, together with Patriarch Partners, Patriarch VIII, and Patriarch XIV, the "Patriarch Managers"), Octaluna, LLC ("Octaluna I"), Octaluna II, LLC ("Octaluna II"), Octaluna III, LLC ("Octaluna III" and, together with Octaluna I and Octaluna II,

26571598.9

3

the "Octaluna Entities"), and Patriarch Partners Management Group, LLC ("PPMG"), and Patriarch Partners Agency Services, LLC ("PPAS" and collectively with Tilton, the Patriarch Managers, the Octaluna Entities, and PPMG, the "Patriarch Parties")

13. "Person" means any individual, corporation, partnership, joint venture, association, limited liability company, governmental agency, or other entity.

14. "Petition Date" means March 11, 2018.

15. "Portfolio Company" or "Portfolio Companies" shall mean all entities to which the Zohar Funds have made a Loan and/or all entities in which the Zohar Funds have held an Equity Interest, at any time, including without limitation the following: 180s, Inc.; Acme International Enterprises, Inc.; Bomar Industries International Inc.; UI Acquisition Holding Co.; Denali, Incorporated; East Alliance Limited; Fetco Home Decor, Inc.; FSAR Holdings, Inc.; Glenoit Universal, Ltd.; Hartwell Industries, Inc.; Heritage Aviation Inc.; IMG Holdings, Inc.; Intrepid U.S.A., Inc.; MD Helicopters, Inc.; Petry Holding, Inc.; Rapid Rack Holdings, Inc.; Vulcan Engineering Co.; American Doors, LLC; American LaFrance, LLC; Amweld International, LLC; Best Textiles Acquisition, LLC; Croscill Home, LLC; Denali Acquisition, LLC; Dura Automotive Systems, LLC; Dura Buyer, LLC; Duro Textiles, LLC; eMag Solutions, LLC; Galey & Lord, LLC; Global Automotive Systems, LLC; Gorham Tissue & Paper, LLC; Iconic American Trucks, LLC; Jewel of Jane LLC; Libertas Copper LLC; LVD Acquisition, LLC; Mobile Armored Vehicles, LLC; Natura Water, LLC; Netversant Solutions, LLC; Patriarch Partners Media Holdings, LLC; Performance Designed Products, LLC; PVI Acquisition, LLC; Red Shield Acquisition, LLC; Remco Maintenance, LLC; RM Acquisition, LLC; Scan-Optics, LLC; Silverack, LLC; Snelling Holdings, LLC; Snelling Staffing, LLC; Spiegel, LLC; Stila Styles, LLC; Zohar HA, LLC; and Zohar Healthcare, LLC.

16.     The terms "relate," "relate to," or "relating to" mean referring to, pertaining to, concerning, evidencing, supporting or constituting evidence of, representing, memorializing, summarizing, describing, discussing, analyzing, evaluating, directly or indirectly, or in whole or in part, the subject matter of a particular Request.

17.     The term "representative" shall mean any person acting or purporting to act for or on behalf of any other "person.

18.     The term "Subsidiary" shall mean any entity in which the Portfolio Company, directly or indirectly, (i) owns, holds, or controls the equity therein, or (ii) has any voting, economic, or management rights therein.

19.     The terms "You," "Your," or "Yours" mean, collectively, the Patriarch Parties, and any of it agents, employees, representatives, managing agents, accountants, attorneys, investigators, and any agent, employee or representative thereof.

20.     The term "Zohar Funds" refers to collectively Zohar CDO 2003-1, Limited, Zohar II 2005-1, Limited, Zohar III, Limited.

21.     The use of the singular form of any word includes the plural and vice versa.

**INSTRUCTIONS**

The preceding definitions apply to these instructions and each of the Requests.

Documents referred to herein are to include all portions, or pages of each document referred to, and all attachments, enclosures, appendices, and supporting documentation, including, without limitation, originals, copies, non-identical copies (that may contain handwritten notes, markings, stamps, interlineations or electronic information), drafts, working papers, routing slips, and similar materials.

A Document is deemed to be in Your actual or constructive possession, custody, or control if it is in your physical custody, or if it is in the physical custody of any other Person and You (a) own such document in whole or in part; (b) have a right, by control, contract, statute, order, or otherwise, to use, inspect, examine, or copy such document on any terms; (c) have an understanding, express or implied, that You may use, inspect, examine, or copy such document upon any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such document when You sought to do so. For the avoidance of doubt, a Document is deemed in Your actual or constructive possession, custody, or control if it is accessible on a network or server that You maintain.

These Requests are submitted for the purpose of discovery and are not to be taken as waiving any objections to the introduction of evidence on subjects covered by these Requests, or as an admission of the relevance or materiality of any of the matters covered by these Requests.

In producing responsive Documents, You should furnish all documents in Your possession, custody, or control, regardless of whether such Documents are possessed directly by You or by Your agents, employees, or representatives, including Your attorneys or their agents, employees, or representatives.

You are to produce any and all drafts and copies of each document that is responsive to any Request and all copies of each such document that are not identical in any respect, including but not limited to handwritten notes, markings, stamps, interlineations, and electronic information.

1. With respect to ESI:

   (a.) All electronic mail and spreadsheets responsive to these Requests that are maintained in the usual course of business in electronic format are to be produced in their native format along with the software necessary to interpret such files if such software is not readily available.

   (b.) All other Documents responsive to these Requests that are maintained in the usual course of business in electronic format are to be produced in properly

        utilized, multi-page TIFF Group IV format complete with full text extracts and all associated metadata.

(c.)    All Documents responsive to these Requests are to be produced with the metadata normally contained within such documents, and the necessary load files. If such metadata is not available, each document is to be accompanied by a listing of all file properties relating to such document, including, but not limited to, all information relating to the date(s) the document was last accessed, created, modified or distributed, and the author(s) and recipient(s) of the document.

(d.)    Under no circumstances should ESI be converted from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome to use. ESI should not be produced in a form that removes or degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

(e.)    If You decline to search or produce ESI on the ground that such ESI is not reasonably accessible because of undue burden or cost, identify such information by category or source and provide detailed information regarding the burden or cost You claim is associated with the search or production of such ESI.

2.    All Documents that are physically attached to each other when located for production are to be left so attached when produced. Documents that are segregated or separated from other documents, whether by inclusion in binders, files, subfiles, or by use of dividers, tabs or any other method, are to be left so segregated or separated when produced.

3.    Each Request requires production in full, without abbreviation, redaction, or expurgation, of any responsive Documents. If any responsive Document is not or cannot be produced in full, produce it to the extent possible, indicating which Document, or portion of that Document is being withheld, and the reason(s) it is being withheld.

4.    If a privilege is claimed as the basis for not producing any document, You are to furnish a privilege log setting forth, for each such document: (i) the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; (ii) the type of document, *e.g.*, letter,

memorandum, etc.; (iii) the general subject matter of the document; (iv) the date of the document; and (v) the author of the document, the addressees and any other recipients of the document and, where not apparent, the relationship of the author, addressees, and recipients to each other.

5. **Except where otherwise noted, these Requests refer to the period from January 2016 to the present.**

## DOCUMENT REQUESTS

1. All federal tax filings for the Portfolio Companies, including without limitation all Forms 1120 and 1065 and attachments thereto.

2. All federal tax filings for the Zohar Funds and any forms created pursuant to IRS Regulation 1.351-3(a) and (b) at the time of the CTB Election by the Zohar Funds or Octaluna Entities.

3. Documents sufficient to identify each of the Zohar Fund's tax basis in each Loan at the time the CTB Election was made and the actual, current tax basis of each Loan.

4. Documents sufficient to identify any adjustments that were made to the Zohar Fund's tax basis in each Loan at the time the CTB Election was made or thereafter.

5. Documents sufficient to identify any market discount or original issue discount with respect to each Loan.

6. Documents sufficient to identify any Loans treated as subject to market discount rules.

7. Documents sufficient to identify any Loans treated as exempt from market discount rules.

8. For the Portfolio Companies and Subsidiaries, Documents sufficient to identify the applicable holders' tax basis in such Portfolio Companies' or Subsidiaries' Equity Interest at the

time of the CTB Election was made and such holders' actual, current tax basis in such Equity Interest.

9. For the Portfolio Companies and Subsidiaries, Documents sufficient to identify any adjustments to the applicable holders' tax basis in such Portfolio Companies' or Subsidiaries' Equity Interest either at the time of the CTB Election was made or thereafter.

10. For the Portfolio Companies and the Subsidiaries, in each case that are taxed as partnerships for federal income tax purposes, documents sufficient to identify the capital account balance with respect to the applicable holders' Portfolio Company and Subsidiary Equity Interest at the time the CTB Election was made and such holders' current capital account balance with respect to such Equity Interest.

11. For the Portfolio Company and the Subsidiaries, in each case that are taxed as partnerships for federal income tax purposes, Documents sufficient to identify any adjustments to capital accounts with respect to each holders' Portfolio Company and Subsidiary Equity Interest at the time the CTB Election was made or thereafter.

12. For the Portfolio Company and the Subsidiaries, all documents sufficient to identify the current tax basis in each asset owned by each Portfolio Company and Subsidiary.

13. Documents sufficient to show any request for an examination by the Internal Revenue Service, the scope of such examination and any final agreement with the Internal Revenue Service or decision by the Internal Revenue Service with respect to any such examination as it relates to the matter described in paragraphs 1 through 12 above.

*Signature Page Follows*

| | |
|---|---|
| Dated: June 9, 2020<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>_____<br>James L. Patton, Jr. (No. 2202)<br>Robert S. Brady (No.. 2847)<br>Michael R. Nestor (No. 3526)<br>Joseph M. Barry (No. 4421)<br>Erin D. Edwards (No. 4392)<br>Ryan M. Bartley (No. 4985)<br>Rodney Square<br>1000 N. King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br><br>*Counsel to the Debtors and Debtors in Possession* |