## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Zohar III, Corp., *et al.*,[1] | Case No. 18-10512 (KBO) |
| Debtors. | Jointly Administered |
| | **Related to D.I. No. 1915** |
| | **Hearing Date: October 14, 2020 at 10:00 a.m. ET** |
| | **Obj. Deadline: October 7, 2020 at 4:00 p.m. ET** |

## MOTION OF PPMG FOR ENTRY OF AN ORDER
## AUTHORIZING FILING OF BRIEF UNDER SEAL

Patriarch Partners Management Group, LLC ("PPMG" or "Patriarch"), by and through its counsel, hereby submits this motion (the "Motion") pursuant to:

(i) Sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code");

(ii) Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules");

(iii) Rule 9018-1 of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules");

(iv) this Court's *Order Approving and Authorizing the Settlement Agreement Between the Debtors, Lynn Tilton, the Patriarch Stakeholders, MBIA Insurance Corp., and the Zohar III Controlling Class* (the "Settlement Order"), entered on May 21, 2018 [D.I. 266]; and

(v) the Settlement Agreement (as defined in the Settlement Order) [D.I. 266 at Ex. 1],

for entry of an order substantially in the form attached hereto as Exhibit A (the "Proposed Order") authorizing PPMG to file under seal certain portions of *PPMG's Opposition to the Debtors' Motion for an Order Determining Dispute Between the Debtors and PPMG Related to the Pending*

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

*Oasis Transaction* [D.I. 1915] (the "Sealed Brief").[2] Pursuant to Local Rule 9018-1(d), PPMG has filed concurrently herewith the Proposed Redacted Document (as defined in Local Rule 9018-1(d)(ii)). In support of this Motion, PPMG respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Rule 9013-1(f) of the *Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware*, PPMG consents to entry of a final order by the Court in connection with this Motion[3] to the extent it is later determined that, absent the consent of the parties, the Court cannot enter final orders or judgments herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, Local Rule 9018-1(d), the Settlement Order, and the Settlement Agreement.

## BACKGROUND

4. On March 11, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

5. Shortly thereafter, various parties-in-interest filed a wide array of substantive motions in this action. The Court appointed Judge Kevin Gross to mediate the parties' various

---

[2] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Sealed Brief.

[3] PPMG does not consent to the jurisdiction of this Court or to entry of a final order for any purpose other than the resolution of this Motion.

disputes on April 5, 2018 [D.I. 143], who initially oversaw several days of tense, complex and comprehensive negotiation among the parties. The ultimate result of those efforts was the Settlement Agreement, "entered into by and between" "the Debtors" and "the Patriarch Stakeholders," among others. [Settlement Order at 1.]  As made clear by the Settlement Agreement, the Patriarch Stakeholders expressly includes the movant, PPMG. [Settlement Agreement at Ex. B.]

6. On July 31, 2019, the Patriarch Stakeholders and other parties to the Settlement Agreement participated in a mediation in accordance with the Settlement Agreement. The parties were not able to resolve all of the issues that were the subject of that mediation. The Debtors and PPMG thereafter filed briefs initiating the present contested matter [D.I. 911, 914, 1200], and PPGM now brings the Sealed Brief to this Court with respect to certain of those matters, in accordance with the Settlement Agreement.

## RELIEF REQUESTED

7. By this Motion, PPMG requests entry of the Proposed Order authorizing the filing of certain portions of the Sealed Brief under seal (the "Sealed Material"), as reflected in the Proposed Redacted Document. In addition, PPMG requests that the Sealed Brief not be made available to anyone other than the Court, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), the Debtors, MBIA, the Zohar III Controlling Class, and U.S. Bank, except as ordered by the Court.

## BASIS FOR RELIEF REQUESTED

8. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain information. In relevant part, it states that "[o]n request of a party in interest,

the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b); *see also* Fed. R. Bankr. P. 9018 ("On motion . . . the court may make any order which justice requires [ ] to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ."). In addition, under section 105(a) of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

9. In order to attain the protections offered by Section 107(b), parties seeking to file briefs under seal in bankruptcy proceedings are not held to the same standards as applied under the Federal Rules of Civil Procedure. *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994) ("When congress addressed the secrecy problem in § 107(b) of the Bankruptcy Code it imposed no requirement to show 'good cause' as a condition to sealing confidential commercial information."); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995) ("In other areas of the law, courts have relied on showings of 'compelling reasons,' or balancing the interests of privacy and public right to know, when reviewing a request for judicial non-disclosure. The mandatory language of § 107(b) negates the need for such inquiries." (internal citation omitted)). If the material sought to be protected falls within any of the categories identified in Section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *In re Orion Pictures*, 21 F.3d at 27; *see also In re Altegrity, Inc.*, No. 15-10226, 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) ("[I]f it is established that the documents sought to be sealed fall within the enumerated statutory exception, the court must grant the requested relief (or such other relief that protects the moving party).").

10. "Commercial information . . . need not rise to the level of a 'trade secret'" to be entitled to protection under Section 107(b). *In re Altegrity*, 2015 WL 10963572, at *3; *see also In re Orion Pictures*, 21 F.3d at 28 (the "clear and unambiguous usage of 'or' neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former"). Although "commercial information includes 'information which would cause an unfair advantage to competitors by providing them information as to the commercial operations'" of a party, it "extends beyond the requirement that such information will give an entity's competitors an unfair advantage." *In re Borders Grp.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011) (quoting *In re Orion Pictures*, 21 F.3d at 28). Instead, "the term includes situations where a bankruptcy court may reasonably determine that allowing such disclosure would have a 'chilling effect on business negotiations.'" *Id.* (quoting *In re Lomas Fin. Corp.*, No. 90 Civ. 7827, 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991). As made clear by the plain language of the Bankruptcy Code, a movant need only demonstrate that the "information" in question is both "confidential" and "commercial" in nature. *See* 11 U.S.C. § 107(b)(1).

11. The Sealed Material in the Sealed Brief satisfies Section 107(b) because it contains "confidential . . . commercial information" that entitles it to protection. For instance, the Sealed Brief discusses the nature of the services provided to Oasis by PPMG, the compensation owed to PPMG by Oasis, and details about PPMG's management services agreement with Oasis. PPMG continues to perform services for the Portfolio Companies, which are not debtors in these Chapter 11 cases. Describing the nature of these services and/or rates paid by the Portfolio Companies with respect to PPMG could benefit competitors of the Portfolio Companies and negatively impact the Portfolio Companies' operations and value. Moreover, disclosure of certain details about the Portfolio Companies could impact the implementation of the joint monetization process and

prevent the parties from maximizing value from the monetization or refinancing of the Debtors' interests in the Portfolio Companies. This Court has recognized the confidential, commercial nature of these cases and has ordered protection of the confidential information of non-parties. [*See* D.I. 518, 1123.]

12. Furthermore, in accordance with Local Rule 9018-1(d), PPMG has filed concurrently herewith a publicly viewable redacted form of the Sealed Brief. PPMG and its counsel has conferred with the Debtors and the U.S. Trustee with respect to any proposed redactions for the Sealed Brief.

13. For the reasons set forth above, PPMG submits that the Court should grant the relief requested herein and that approval of this Motion is necessary and appropriate.

## COMPLIANCE WITH LOCAL RULE 9018-1(d)

14. Counsel for PPMG hereby certifies that counsel has conferred in good faith and reached agreement with counsel to the Debtors, who may be Holders of Confidentiality Rights, as well as the U.S. Trustee, concerning what information contained in the Sealed Brief must remain sealed from public view. Neither party objects to the Court sealing the material reflected in the Proposed Redacted Document.

## NOTICE

15. PPMG will provide notice of this Motion to: (i) the U.S. Trustee; (ii) counsel to the Debtors; (iii) counsel to MBIA; (iv) counsel to the Zohar III Controlling Class; (v) counsel to Mr. Joseph Farnan; (v) U.S. Bank; and (vi) all parties that have filed a notice of appearance in these Chapter 11 Cases pursuant to Fed. R. Bankr. P. 2002. In light of the nature of the relief requested herein, PPMG submits that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, PPMG respectfully requests that the Court (a) enter the Proposed Order authorizing PPMG to file the Sealed Brief under seal and approving the redactions as reflected in the Proposed Redacted Documents, and (b) grant any such other and further relief as is just and proper.

Dated:  September 30, 2020               **COLE SCHOTZ P.C.**

                        By: */s/ Patrick J. Reilley*
                        Norman L. Pernick (No. 2290)
                        Patrick J. Reilley (No. 4451)
                        G. David Dean (No. 6403)
                        500 Delaware Avenue, Suite 1410
                        Wilmington, DE  19801
                        Telephone: (302) 652-3131
                        Facsimile: (302) 652-3117
                        npernick@coleschotz.com
                        preilley@coleschotz.com
                        ddean@coleschotz.com

                            – and –

                        **GIBSON, DUNN & CRUTCHER LLP**
                        Randy M. Mastro (Admitted Pro Hac Vice)
                        Mary Beth Maloney (Admitted Pro Hac Vice)
                        200 Park Avenue
                        New York, NY 10166-0193
                        Telephone: (212) 351-4000
                        Facsimile: (212) 351-4035
                        rmastro@gibsondunn.com
                        mmaloney@gibsondunn.com

                        Robert Klyman (Admitted Pro Hac Vice)
                        333 South Grand Avenue
                        Los Angeles, CA 90071-3197
                        Telephone: (213) 229-7000
                        Facsimile: (213) 229-7520
                        rklyman@gibsondunn.com

        Monica K. Loseman (Admitted Pro Hac Vice)
        1801 California Street, Suite 4200
        Denver, CO 80202-2642
        Telephone: (303) 298-5784
        Facsimile: (303) 313-2828
        mloseman@gibsondunn.com

        *Counsel to Patriarch Partners Management Group, LLC*