IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
*In re:*                                                  :    **Chapter 11**
                                                          :
                                                          :    **Case No. 18-10512 (KBO)**
Zohar III, Corp., *et al.*,[1]                            :
                                                          :    **Jointly Administered**
                                                          :
                  **Debtors.**                            :    Re: Docket Nos. 2248, 2307, 2365, 2366
---------------------------------------------------------------x

**FEE EXAMINER'S FINAL REPORT REGARDING ELEVENTH
INTERIM FEE APPLICATION REQUEST OF
<u>YOUNG CONAWAY STARGATT & TAYLOR, LLP</u>**

Direct Fee Review LLC ("DFR"), appointed and employed as the Fee Examiner in the above-captioned bankruptcy proceedings and acting in its capacity regarding the Eleventh Interim Fee Application Request of Young Conaway Stargatt & Taylor, LLP (the "Firm") for compensation for services rendered and reimbursement of expenses as Attorneys for the Debtors for the compensation period from December 1, 2020 through February 28, 2021 ("Fee Application") seeking approval of fees in the amount of $2,494,354.50 and the reimbursement of expenses in the amount of $191,058.79, submits its final report.

**BACKGROUND**

1. In performance of audit procedures and in preparation of this report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained herein, DFR reviewed the monthly fee statements and the Applications,

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

including each of the billing and expense entries listed in the exhibits to the monthly statements, for compliance with 11 U.S.C. § 330, Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended February 1, 2021 ("Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued June 11, 2013 ("Guidelines").

2. DFR did not prepare informal memos related to monthly fee applications of the Firm. We included our questions and issues in an initial report. We have included all responses and any recommended resolutions in this final report.

## DISCUSSION

3. For the compensation period of December 1, 2020 through February 28, 2021 the Firm submitted monthly fee applications in the amount of $2,494,354.50 as actual, reasonable and necessary fees and for expense reimbursement of $191,058.79. For the Fee Application period, $12,523.00 was disclosed as related to fee application preparation.

4. We deem it generally acceptable to have a maximum of 3% of total time charged in preparing fee applications. For Firms with more limited involvement, we consider an alternative standard of less than $50,000 in total spent on preparing fee applications. We apply these guidelines on a cumulative basis. We evaluate these charges with consideration to the length of time of the case and the practice experience of the firm. In each application we review every entry to for substance and to determine the correct allocation without regard for materiality. We noted that cumulatively through this period the Firm has charged $176,893.00 related to fee applications on a cumulative basis and

we have calculated that 0.6% of the fees billed related to fee applications on a cumulative basis. We do not have an objection to the amount of fees charged for fee application preparation in this fee application based upon our review and procedures and we deem the amount to be reasonable.

5. Our procedures applied to the monthly fee applications identified the entries listed in Exhibit A, that when recalculated, did not equal the amount of the time charged. We requested that the Firm review these entries and adjust the time charged to their internal detail, if appropriate. The Firm confirmed that these entries should be adjusted to their internal detail. We recommend that fees be reduced by $21.50.

6. Our procedures applied to the monthly fee applications for identified the entries listed in Exhibit B where charges may have been duplicated. We requested that the Firm review these entries and correct the application if they are found to be duplicates. The Firm confirmed that these were duplicates and the duplicated entry should be removed. We recommend that fees be reduced by $680.00.

7. We noted that several of the Firm's professionals attended hearings telephonically during the interim period. Paragraph II.D.5 of the Guidelines provides that "if more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." We requested that the Firm provide further explanation regarding this hearing and why all of these fees are compensable. The Firm provided detailed description of the circumstances surrounding this hearing and the need and involvement of each timekeeper. After our consideration of this we have no

recommendation for reduction in fees. Since no adjustment is required, no exhibit has been included.

8. Local Rule 2016-2 provides in section (d) (ix) the activity descriptions shall individually identify all meetings and hearings (conferences and conference by telephone), each participant, the subject(s) of the meeting or hearing (conferences and conference by telephone) and the participant's role. Our procedures applied to the monthly fee applications identified entries with descriptions which did not provide such detail. We requested and the Firm confirmed that the identities of the participants referred to as "debtor reps", "parties", "case parties", "counsel", "LW", "KPMG", "working group", "all hands", "debtors counsel", "Team", "Client", "Goldin", "YCST", "Working group", "Advisors", "stakeholders", "Gibson Dunn", "GDC", "White and Case", "CWT", "A&P", W&C", "Debtor Advisors" "DLS", "HL" and "FTI" are as previously advised to us. Also, we reviewed entries that did not identify participants. We requested and the Firm provided such participant information for these entries. Since no adjustment is required, no exhibit has been included.

9. All motions shall include complete and detailed activity descriptions; each activity description shall include the type of activity; each activity description shall include the subject matter and shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary. Our procedures applied to the monthly fee applications identified entries with descriptions which we consider vague or insufficient or non-substantive. We requested and the Firm agreed to instruct timekeepers to avoid or stop the use of vague activity descriptions such as "work

on", "work", "working ", "assist", "follow up", "attend to", "address" and "attention to". Also, we identified vague entries that did not explain the amount of time charged. We requested that the Firm provide additional description of the activities to support the time and need. The Firm advised us that, although it was necessary to avoid full detail for confidentiality purposes, they would agree to reduce their fees by $2,500.00 for instances where entries may have been overly vague. We recommend that fees be reduced by $2,500.00.

10. Pursuant to the Guidelines, administrative or general costs incident to the operation of the applicant's office and not particularly attributable to an individual client or case are not reimbursable. We noted entries that seemed to reflect administrative activity that would not be charged to the estate such as initial conflicts process and procedures or invoice preparation and review or review for internal error correction such as that for those entries including privileged or confidential information. Professionals are aware of the timekeeping requirements and the Debtor should not need to reimburse the Firm for errors. We requested that the Firm review the entries and withdraw such entries for administrative activities, if appropriate. The Firm reminded us of the litigious nature of these cases and how this type of review was necessary to prevent privileged and confidential information being disclosed in the fee applications. We understand this and since no adjustment is required, no exhibit has been included.

11. Also, we noted the charges for DLS Discovery. We requested and the Firm provided us with copies of these invoices. After our review of these we have no recommendation for reduction in reimbursement of expenses.

12. Our review and procedures applied to the monthly fee statements and the applications, including each of the billing entries listed in the exhibits to the monthly statements did not disclose any other material issues or questions.

## CONCLUSION

13. Regarding the application and the fees and expenses discussed in the previous sections, DFR submits its final report for the Eleventh Interim Fee Application Request of Young Conaway Stargatt & Taylor, LLP for compensation for services rendered and reimbursement of expenses as Attorneys for the Debtors for the compensation period from December 1, 2020 through February 28, 2021 and we recommend the approval of the fees of $2,494,354.50 ($2,494,354.50 minus $3,201.50) and reimbursement of expenses in the amount of $191,058.79.

Respectfully submitted,

**DIRECT FEE REVIEW LLC**
**FEE EXAMINER**

By: _____
W. J. Dryer

24A Trolley Square #1225
Wilmington, DE 19806-3334
Telephone: 302.287.0955
dfr.wjd@gmail.com

# **Exhibit A:**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| (585.00) | (1.3) | 4.2 | 5.5 | 2475 | 20210125 | Email correspondence with J. Barry, S. Reil and C. Corazza re: declaration edits (0.4); Implement edits re: same (0.4); email correspondecne with C. Lambe re: Zohar PC doc review parameters (0.3); Review memo, motion, Patriarch objection and transcript re: preparation for client testimoney preparation (1.9); Email from C. Corazza re: Docket updates (0.3); Doc Review (0.4); Email correspondence with L. Fortunato and T. Pakrouh re: doc review (0.1); Telephone conference with C. Lambe re: doc review next steps (0.1); Email correspondence with C. Lambe re: doc review next steps (0.3) | 450 | Roxanne M. Eastes |
| (685.00) | (1.0) | 2.2 | 3.2 | 2192 | 20201214 | Call with FTI re: DIP Budget and AP payments (.3) and review order and follow up to controlling parties and Indenture Trustee (.4); call with B. Lohan re: DIP and sale issues (.7); call with A. Kephart (.2); finalize and distribute to UST (.4); revise and update HL declaration (.2) | 685 | Ryan M. Bartley |
| (270.00) | (0.6) | 5.5 | 6.1 | 2745 | 20210109 | Email correspondence with T. Pakrouh, C. Lambe and L. Fortunato re: doc review tags (0.3); Review PC Collection documents re: doc review (5.2) | 450 | Roxanne M. Eastes |
| (137.00) | (0.2) | 1.0 | 1.2 | 822 | 20201201 | Call with FTI, HL, YC re: sale process for PC (.7) and follow up correspondence with YC re: structuring (.1); call with Latham and YC re: PC sale processes (.2) | 685 | Ryan M. Bartley |
| (100.00) | (0.2) | 1.2 | 1.4 | 700 | 20210116 | Multiple emails with YCST re: issues with KPMG collection (.2); research issues re: same (.8); multiple emails with YCST re: running discovery and search terms re: same (.2) | 500 | Tara C. Pakrouh |
| (50.00) | (0.1) | 0.7 | 0.8 | 400 | 20210119 | Emails with M. Nestor and J. Brooks re: researching and analyzing PC docs (.1); emails (.1) and call (.5) with J. Brooks re: same | 500 | Tara C. Pakrouh |
| (73.50) | (0.1) | 1.4 | 1.5 | 1103 | 20210123 | Draft NDA with PC (.5); review and comment on PC transaction sale agreement (.7); review updates re: sale process for PC (.2) | 735 | Ryan M. Bartley |
| (68.50) | (0.1) | 0.5 | 0.6 | 411 | 20201207 | Gorham - Consider case exit issues and follow up to D. Baker (.5) | 685 | Ryan M. Bartley |
| (73.50) | (0.1) | 0.9 | 1 | 735 | 20210107 | Draft requests re: Tax matters and review prior production in connection with same (.8); correspondence with I. Bagby re: tax questions (.1) | 735 | Ryan M. Bartley |
| (68.50) | (0.1) | 1.9 | 2 | 1370 | 20201209 | Gorham - Call with Gorham and Zohar advisors re: sale process, including review materials in advance (1.6); review pleadings and follow up with S. Reil re: sale issues and UCC ROR re: B Riley (.3) | 685 | Ryan M. Bartley |
| (73.50) | (0.1) | 1.3 | 1.4 | 1029 | 20210105 | Call with R. Brady re: PC performance issue (.3); correspondence to R. Hotz re: review of issues at PC (.1); Call with YCST team re: PC developments (.4); Call with counsel to PC re: issues at PC (.5) | 735 | Ryan M. Bartley |
| (73.50) | (0.1) | 1.3 | 1.4 | 1029 | 20210119 | Review analysis from KPMG re: tax basis (1.0); follow up to Patriarch re: basis information request (.1); correspondence with C. Grear and A. Kephart re: research/analysis re: tax matters (.2) | 735 | Ryan M. Bartley |
| (102.50) | (0.1) | 2.2 | 2.3 | 2358 | 20210114 | Continue drafting confidential update (.8); review detailed update re: PCs (.7); review PC B companies work stream (.6) and correspondence with counsel for Tilton re: waiver of right to bid on PC B companies (.1) | 1025 | Michael R. Nestor |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 50.00 | 0.1 | 0.3 | 0.2 | 100 | 20210210 | Emails with S. Reil, C. Lambe and E. Burton re: revised PC review memo (.1); review and revise same (.2) | 500 | Tara C. Pakrouh |
| 73.50 | 0.1 | 0.4 | 0.3 | 221 | 20210216 | Correspondence with case parties re: transaction notice (.2); call with J. Kochenash re: same (.2) | 735 | Ryan M. Bartley |
| 31.00 | 0.1 | 0.4 | 0.3 | 93 | 20210217 | Review and prepare service parties re: Notice of GAS Sale (.3); emails to and from J. Barry and J. Kochenash re: same (.1) | 310 | Chad A. Corazza |
| 73.50 | 0.1 | 0.6 | 0.5 | 368 | 20210122 | Call with T. Pakrouh re; document collection and review re: PC/adversary (.4); correspondence with C. Lambe and T. Pakrouh re: same (.2) | 735 | Ryan M. Bartley |
| 73.50 | 0.1 | 1.2 | 1.1 | 809 | 20210127 | Call with J. Kuffel re: sale of property by PC (.1); Call with J. Kochenash re: preparing PC transaction declaration and notice (.4); Correspondence with FTI and YC re: various sale process updates (.4); Review status update re: timing of sale from R. Brady (.1); review revisions to sale process update for court (.1); correspondence with company counsel, YC and W&C re: retained claims at Rand (.1) | 735 | Ryan M. Bartley |
| 73.50 | 0.1 | 2.2 | 2.1 | 1544 | 20210128 | Discuss with J. Barry outcome of call with Ind. Director and CRO re: status of production of information from PC re: sale process (.2) Call with MBIA and counsel re: status of monetization process (1.0); draft letter to PC independent director re: sale process (.5); call with PC counsel re: sale process and company issues (.5) | 735 | Ryan M. Bartley |
| 68.50 | 0.1 | 4.7 | 4.6 | 3151 | 20201217 | Gorham - Calls re: sale and objections: with S. Reil (.2), FTI and S. Reil (.8), Debtors' counsel and S. Reil (1.4), Ark. Counsel and S. Reil (.5), and follow up with S. Reil (.4); review cash situation (.6); update client (.1); review Brookfield docs and objection (.5); review and comment on language re: sale order and related correspondence (.2) | 685 | Ryan M. Bartley |
| 59.00 | 0.2 | 1.1 | 0.9 | 266 | 20201218 | Review and prepare CM Advisory Fourth Fee Report and related exhibits (.9); emails from and to M. Doss re: same (.2) | 295 | Chad A. Corazza |
| 205.00 | 0.2 | 4.7 | 4.5 | 4613 | 20210222 | Review issues/process re: PC sale (.6) and numerous teleconferences/correspondence with Debtor reps re: same (.8); review record re: info requests for sale process of different PC (.8) and teleconference/correspondence with Debtor reps re: same (.4); review winddown re: Snelling (.2) and teleconference with T. Boates and R. Brady re: same (.4); review revised winddown (.2); review myriad issues re: PCs' information and sale processes (1.3) | 1025 | Michael R. Nestor |
| 93.00 | 0.3 | 0.9 | 0.6 | 186 | 20210120 | Review and prepare claims for Gorham Paper (.7); emails from and to S. Reil re: same (.2) | 310 | Chad A. Corazza |
| 410.00 | 0.4 | 4.8 | 4.4 | 4510 | 20210113 | Draft materials for meeting with Debtor reps and stakeholders (.4); review security and debt issues of Debtors at numerous PCs (1.1), teleconference with YCST re: same (1.0), teleconference with R. Bartley and C. Koster re: same (.5); teleconference with counsel for Patriarch re: certain PC (.3) and review correspondence from counsel to Patriarch re: same (.3); teleconference with counsel for buyer of PC re: documents (.4), follow-up with DLS/YCST re: same (.3); review issues re: documents from various PCs and next steps re: same (.5) | 1025 | Michael R. Nestor |
| 615.00 | 0.6 | 3.6 | 3 | 3075 | 20210118 | Review analysis re: term debt issues re: monetization process (.8); review correspondence/status re: sale process for PC (.3); review revisions to/drafting status update (.8); review status/issues re: monetization process for PC and Debtor access re: same (.6); confer with Debtor reps re: same (1.1) | 1025 | Michael R. Nestor |

8

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 450.00 | 0.9 | 1.0 | 0.1 | 50 | 20210130 | Multiple emails with R. Bartley and C. Lambe re: redactions to PC bidder sheet (.2); revise and redact same (.7); emails with YCST and MBIA re: same (.1) | 500 | Tara C. Pakrouh |
| (157.50) | (0.3) | 0.5 | 0.8 | 420 | 20201208 | Review and coordinate filing of (3) monthly operating reports (.5) | 525 | Shane M. Reil |
| (147.00) | (0.2) | 1.8 | 2 | 1470 | 20210211 | Gorham - Correspondence (.2) and call (.6) with Bernstein, Reed Smith, YC, follow up call with S. Reil (.4), call with D. Geoghan (.1), follow up correspondence with all (.4) re: Zohar 9019 and resolving objections; review UST objection (.1) | 735 | Ryan M. Bartley |
| 102.50 | 0.1 | 2.0 | 1.9 | 1948 | 20210211 | Confer with Debtor reps re: Group B companies and re: process for same (.6); continue record re: issues at PC prior to 3/20/20 (.6); review working draft of memo and action plan re: PC process (.5); review analysis re: priority of PPAS payments (.3) | 1025 | Michael R. Nestor |
| 265.50 | 0.3 | 1.2 | 0.9 | 797 | 20210110 | Review voluminous working group correspondence from 1/8 and 1/9 re: monetization process issues and strategies and evaluate and consider same and next steps | 885 | Joseph M. Barry |
| (21.50) | | | | | | | | |

## **Exhibit B:**

| | | | | | |
|---|---|---|---|---|---|
| 1.7 | 680 | 20210111 | Review PC collection documents | 400 | Joshua Brooks |
| 1.7 | 680 | 20210111 | Review PC collection documents | 400 | Joshua Brooks |