# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| Zohar III, Corp., *et al.*,[1] | Case No. 18-10512 (KBO) |
| Debtors. | Jointly Administered |
|  | Ref. Docket No. 2392 |
|  | Hearing Date: April 8, 2021 at 10:00 am (ET) |

**DEBTORS' OBJECTION TO PATRIARCH'S MOTION FOR ORDER TO SEAL THE COURTROOM DURING THE PRESENTATION OF CONFIDENTIAL INFORMATION AT THE HEARING TO BE SCHEDULED ON THE MOTION FOR ENTRY OF AN ORDER (A) ENFORCING AND IMPLEMENTING THE TERMS OF THE SETTLEMENT AGREEMENT WITH RESPECT TO A PORTFOLIO COMPANY SALE AND (B) GRANTING RELATED RELIEF**

Zohar III, Corp. and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") hereby file this objection (the "Objection") to *Patriarch's Motion for Order to Seal the Courtroom During the Presentation of Confidential Information at the Hearing to be Scheduled on the Motion for Entry of an Order (A) Enforcing and Implementing the Terms of the Settlement Agreement with Respect to a Portfolio Company Sale and (B) Granting Related Relief* [Docket No. 2392] (the "Seal Motion").[2] In support of this Objection, the Debtors respectfully state as follows:

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261) ("Zohar III"), Zohar II 2005-1, Limited (8297) ("Zohar II"), and Zohar CDO 2003-1, Limited (5119) ("Zohar III"). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to such terms in the Seal Motion, except that the movants are simply referred to collectively as "Patriarch" unless the context requires a more specific reference.

27945850.3

## OBJECTION

The Debtors cannot support the Seal Motion. As detailed in the Debtors' objection [Docket No. 2412] to Patriarch's sale motion [Docket No. 2388] (the "Sale Motion"), the Sale Motion seeks to subvert a fundamental tenet of chapter 11—maximizing the Debtors' interests in their property to attain a result that is in the best interest of the Debtors and their creditors. By the Sale Motion, Ms. Tilton seeks to ensure that she obtains a full recovery of her own investments in the subject Portfolio Company without a fair (and, in fact, seemingly no) recovery to the Debtors. In doing so, she leverages the jobs of the subject Portfolio Company's employees as the means to achieve her singular goal of full payment of her interests. She goes further by conditioning her proposed acquisition on this Court's approval of the Seal Motion. The Debtors do not believe that section 107 of the Bankruptcy Code should be used as a tool to shield from public view the unfair dealings of Ms. Tilton (as discussed in the Sale Motion), who is an insider of the subject Portfolio Company and the Debtors.

27945850.3

|  |  |
|---|---|
| Dated: April 1, 2020<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Jacob D. Morton*<br>James L. Patton, Jr. (No. 2202)<br>Robert S. Brady (No. 2847)<br>Michael R. Nestor (No. 3526)<br>Joseph M. Barry (No. 4221)<br>Ryan M. Bartley (No. 4985)<br>Shane M. Reil (No. 6195)<br>Jacob D. Morton (No. 6684)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email: jpatton@ycst.com<br>       rbrady@ycst.com<br>       mnestor@ycst.com<br>       jbarry@ycst.com<br>       rbartley@ycst.com<br>       sreil@ycst.com<br><br>*Counsel to the Debtors and Debtors in Possession* |

27945850.3