# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Zohar III, Corp., *et al.*,[1]<br><br>　　　　　Debtors. | Chapter 11<br><br>Case No. 18-10512 (KBO)<br><br>(Jointly Administered)<br><br>Hearing Date: April 8, 2021 at 12:30 p.m.<br>Related Docket Nos: 2392, 2421 |

**JOINDER TO THE DEBTORS' OBJECTION AND RESPONSE OF THE ZOHAR III CONTROLLING CLASS TO PATRIARCH'S MOTION FOR ORDER TO SEAL THE COURTROOM DURING THE PRESENTATION OF CONFIDENTIAL INFORMATION AT THE HEARING TO BE SCHEDULED ON THE MOTION FOR ENTRY OF AN ORDER (A) ENFORCING AND IMPLEMENTING THE TERMS OF THE SETTLEMENT AGREEMENT WITH RESPECT TO A PORTFOLIO COMPANY SALE AND (B) GRANTING RELATED RELIEF**

The holders (the "Controlling Class") of the majority of A-1 notes issued by Debtor Zohar III, Corp. ("Zohar III") hereby submit this response (the "Response") to *Patriarch's Motion for Order to Seal the Courtroom During the Presentation of Confidential Information at the Hearing to be Scheduled on the Motion for Entry of an Order (A) Enforcing and Implementing the Terms of the Settlement Agreement With Respect to a Portfolio Company Sale and (B) Granting Related Relief* [Docket No. 2392] (the "Motion") and join in the Debtors' Objection to the Motion [Docket No. 2421]:[2]

1.  The Controlling Class recognizes that, under certain circumstances, sealing a courtroom may be appropriate, however, the scope of the relief requested in the Motion goes too

---

[1] The Debtors (the "Debtors"), and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

[2] Unless otherwise defined herein, capitalized terms used in this Response shall have the meanings ascribed to them in the Motion.

far under the facts and circumstances of these cases. For example, the request to seal information related to "the purchase price under the Asset Purchase Agreement" highlights the overreaching nature of the request and should be denied. Moreover, as a general matter, the Motion demonstrates exactly how Patriarch's refrain regarding the Portfolio Companies' status as non-debtors is being used by Patriarch as both a sword and shield.

*The Purchase Price*

2. Patriarch moves this Court to compel the sale of collateral securing the Debtors' assets yet, does not want to publicly disclose the purchase price of such sale. To the extent a fulsome, value maximizing process was run for these assets, there should be no issue with allowing that number to be public.

3. Ms. Tilton had no issue making her beliefs about the tremendous value of these assets known on the Petition Date nor did Ms. Tilton have any issue making known her bid known in unsealed testimony during this Court's hearing on the Rand Transaction.[3] Moreover, the indicative value of this asset was also discussed publicly during the Dura bankruptcy cases. Accordingly, it is unreasonable to suggest that this information is so commercially sensitive that the Court should take the drastic action of sealing the courtroom to avoid public disclosure.

*Shield and Sword*

4. On one hand, Patriarch claims the Portfolio Companies are not Debtors and their information must be protected from disclosure, but on the other hand, Patriarch argues that this Court must consider the potential job loss at a non-debtor in deciding to sell such non-debtor to its insider in a transaction that yields no value to the Zohar Debtors - the estates before this Court. Both those statements cannot be true - if the financial status of the Portfolio Companies justify the

---

[3] *See* October 19, 2020 Hr'g Transcript [Docket No. 2042] at 108:12-14, excerpt attached hereto as **Exhibit A** ("This is the same bid, 46 million, that I submitted with nearly the exact same net proceeds to the estate.").

proposed recovery to the Zohar Debtors, that same information should not be protected from public disclosure in the Zohar Debtors' cases.

5. The Controlling Class joins in the Debtors' Objection and requests this Court, at a minimum, deny Patriarch's request to seal the purchase price under the Asset Purchase Agreement.

Dated: April 1, 2021
Wilmington, Delaware

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Morgan L. Patterson*
Matthew P. Ward (Del. Bar No. 4471)
Morgan L. Patterson (Del. Bar No. 5388)
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Email: matthew.ward@wbd-us.com
Email: morgan.patterson@wbd-us.com

-and-

**ARNOLD & PORTER KAYE SCHOLER LLP**
Brian J. Lohan (admitted *pro hac vice*)
70 West Madison Street Suite 4200
Chicago, Illinois 60602-4231
Telephone: (312) 583-2300
Facsimile: (312) 583-2360

*Counsel to the Zohar III Controlling Class*

WBD (US) 51803792v2