

Natasha M. Songonuga
Director

Gibbons P.C.
300 Delaware Avenue
Suite 1015
Wilmington, DE 19801-1671
Direct: 302-518-6324 Fax: 302-397-2139
nsongonuga@gibbonslaw.com

April 15, 2021

The Honorable Karen B. Owens
United States Bankruptcy Court for the District of Delaware
824 North Market Street
6th Floor, Courtroom 3
Wilmington, Delaware 19801

      **Re:    In re: Zohar III, Corp, et. al., Case No. 18-10512 (KBO) (collectively,
           "Debtors") – Sale of Global Automotive Systems, LLC**

Dear Judge Owens:

    We are counsel to DUS Operating, Inc. ("DUS").  We write in connection with the
scheduled April 16 hearing regarding the sale of Global Automotive Systems, LLC ("GAS").[1]
DUS is owed more than Five Million Dollars ($5,000,0000) from GAS yet received no notice
concerning the GAS sale or the terms of an Asset Purchase Agreement that this Court is being
asked to approve and order.  We first learned of this sale following an Article published on April
14, 2021, reporting that the Court approved it at a closed hearing and over Debtor objection.

    The specific matter discussed herein – the objection to any release of DUS's $5M+ claim
as part of the sale – is currently under discussion with counsel involved in the GAS sale.  However,
given the timing of those discussions, we wanted to make the Court aware of the *potential* issue
addressed below that, if not resolved, DUS respectfully requests be part of tomorrow's scheduled
hearing.

    DUS was the purchaser of certain assets, including certain payables owed by GAS, from
the bankruptcy estates of *Dura Automotive Systems, LLC, et. al.*, Case No. 19-12378 (KBO)),
a case also overseen by Your Honor ("Dura Bankruptcy Case").  As part of that purchase, DUS and
GAS entered into a Transition Services Agreement dated June 5, 2020 (the "TSA"), which the
Court also approved and which terms specifically preserved DUS's claims (as successor to Dura)
against GAS.  *See* Dura Bankruptcy Case, Doc. No. 1029.  Since that time, and in particular during
the first quarter of 2021, DUS and GAS have had ongoing discussions regarding the amounts that
DUS is owed from GAS based on various intra-company services that DUS provided to GAS when
the two companies were affiliated.  DUS has been negotiating in good faith now for several months

---

[1] In addition to Global Automotive Systems, LLC, we understand from the motions filed in this
proceeding that the sale of GAS assets also includes the entities Milan Metal Systems, LLC, Global
Rollforming Systems, LLC, Tubular Metal Systems, LLC, Metal Systems of Canada, LLC, Metal
Systems of Mexico Holdings, LLC, Metal Systems of Mexico, LLC, and Metal Systems de
Monterrey, S. de. R.L. de CV.  DUS has no claims against these other entities.

GIBBONS P.C.

April 15, 2021
Page 2

– with some of the same attorneys appearing for GAS in this bankruptcy proceeding – in an effort to resolve these claims.  And as recently as this past week, principals at DUS have continued to provide invoices and related materials that GAS requested in support of the DUS $5M+ claim.

Notwithstanding all of this, at no time did DUS receive notice that GAS intended to proceed with a sale pursuant to an Asset Purchase Agreement with a company owned and controlled by GAS' former CEO, Ms. Lynn Tilton, called Advanced Vehicle Assemblies LLC ("AVA").   In the sale motion ("Sale Motion") filed by Ms. Tilton and the Patriarch Stakeholders (collectively, "Patriarch"), Patriarch asserts that:

> [O]n "March 22, 2021, the Company and AVA agreed on the terms" of the Asset Purchase Agreement "which governs the definitive terms and conditions for the Company's sale of substantially all of its assets to AVA.  Subject only to entry of the Proposed Order, the sale of the Company's assets to AVA is anticipated to close in mid-April.

*See Sale Motion,* Doc. No. 2446-1, p. 19-20, para. 38, 39.

Although key provisions of some materials are under seal, and therefore DUS has not had an opportunity to review the Asset Purchase Agreement, from what we can gather from Patriarch's Proposed Order approving the sale, the agreement provides that effective as of the closing "the sale of the Transferred Assets by the Sellers to the Buyer shall constitute a legal, valid and effective transfer of the Transferred Assets and shall vest Buyer with all rights, title and interests of the Debtors and the Sellers in and to the Transferred Assets.  The sale of the Assets to Buyer shall be free and clear of all liens, claims, encumbrances and interests of any kind." *See* Doc. No. 2446-1 p. 35, Para. 8.

We further understand that at a hearing on April 13, 2021, the Court addressed both this language in Paragraph 8 and additional language in Paragraph 17 of the Proposed Order and indicated that because, among other things, creditors of GAS had not been notified and served with the Proposed Order, it should not be binding upon them.  DUS certainly agrees with that and believes that buyer's counsel is addressing this issue in an amended proposed order.

However, DUS at this stage does not believe that even the amended order makes clear – and does not know whether the Asset Purchase Agreement itself makes clear – that claims such as the multi-million dollar claim by DUS as a creditor of GAS (an entity that is not a debtor in this proceeding) are fully preserved *both against GAS and against the buyer (AVA) under successor liability.*  DUS thus objects to any attempted end-run around the collection of the debts owed to it by GAS as a result of the execution of an Asset Purchase Agreement between GAS and AVA approved by this Court in this proceeding.

A sale or transfer of assets free and clear of liens, interests, claims or encumbrances, especially of a *non-debtor* entity like GAS, must be properly noticed to all parties so as not to

GIBBONS P.C.

April 15, 2021
Page 3

violate the due process rights of creditors. The due process requirement for notice was expressed in *Mullane v. Central Hanover Bank & Trust Company*, 339 U.S. 306 (1950):

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections.

*Id.* at 314; *see also Folger v. Adam Sec. Inc. v. DeMatteis/MacGregor J.V.*, 209 F.3d 252, 265 (3d Cir. 2000) (same).  Rule 2002(a) of the Federal Rules of Bankruptcy Procedure also requires that 21-days' notice be provided to parties-in-interests and creditors for a motion seeking to sell property outside the ordinary course of business.  Here, the sale of GAS' assets, a non-debtor entity, if done free and clear of claims and encumbrances of creditors such as DUS who are not parties to the Asset Purchase Agreement and who also are not creditors in the Debtors' bankruptcy cases, would violate the fundamental due process rights of all creditors of GAS.

DUS was clearly a known creditor of GAS entitled to notice.  The fact that DUS has been providing to GAS detailed and extensive information for months now in an effort to resolve its multi-million dollar claims – and as a direct result has foregone bringing litigation based on such good faith efforts – coupled with this lack of notice, only gives DUS grave concerns that GAS has simply been stalling for time while it awaits being sold and now seeks Court approval effectively to wash away its debts or make them uncollectable after its assets are transferred to AVA.

In short, because DUS received no notice of the Sale Motion and thus was unable to exercise its rights to object and be heard at the April 13, 2021 hearing to approve the sale of GAS to AVA under the Sale Order, we respectfully request the opportunity to be heard at the Court's next scheduled hearing involving such sale, which we understand from the Debtors' bankruptcy docket is scheduled for tomorrow, April 16, 2021, at 9:00 a.m.  As stated above, we are working with counsel for AVA and GAS to address this matter and try to reach agreement on the form of an amended proposed sale order.  If such agreement cannot be reached before tomorrow's hearing, however, we respectfully request to be heard on the matter and ask that the Court postpone entry of any order approving the GAS sale until such time as our objections to any release of third party creditor claims be resolved.

Respectfully submitted,

/s/ *Natasha M. Songonuga*

Natasha M. Songonuga
Director

GIBBONS P.C.

April 15, 2021
Page 4


cc: James L. Patton, Jr, (counsel to the Debtors via email)
      Joseph Barry (counsel to the Debtors via email)
      Neil B. Glassman (counsel to Portfolio Company C via email)
      jmoldovan@morrisoncohen.com ((counsel to Portfolio Company C via email)
      Norman L. Pernick (counsel to Lynn Tilton and the Patriarch Stakeholders via email)
      Monica K. Loseman (counsel to Lynn Tilton and the Patriarch Stakeholders via email)
      Brian Pfeiffer (counsel to Joseph Farnan the Debtors' Independent Director via email)