**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Zohar III, Corp., *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 18-10512 (KBO)<br><br>Jointly Administered<br><br>**Ref. Docket No. 2742** |

**PATRIARCH'S LIMITED OBJECTION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) ESTABLISHING DEADLINES FOR THE FILING OF PROOFS OF CLAIM AND REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSES, (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, AND (III) GRANTING RELATED RELIEF**

Lynn Tilton and the Patriarch Stakeholders (collectively "Patriarch"), by and through their counsel, hereby submit this limited objection (the "Limited Objection") to the *Debtors' Motion for Entry of an Order (I) Establishing Deadlines for the Filing of Proofs of Claim and Requests for Payment of Administrative Expenses, (II) Approving the Form and Manner of Notice Thereof, and (III) Granting Related Relief* [D.I. 2642] (the "Motion").[2]  In support of this Limited Objection, Patriarch respectfully states as follows:

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261) ("Zohar III"), Zohar II 2005-1, Limited (8297) ("Zohar II"), and Zohar CDO 2003-1, Limited (5119) ("Zohar I," and together with Zohar II and Zohar III, the "Zohar Funds").  The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

[2] "Patriarch Stakeholders" has the meaning defined in the parties' settlement agreement [D.I. 266, Ex. A], as well any other Lynn Tilton affiliates.  Other capitalized terms not otherwise defined herein shall have the meanings set forth in the Motion.

57772/0001-41377887v5

## LIMITED OBJECTION

1. The Debtors' Motion comes more than three years after they filed their petitions in March 2018 and when any exit from Chapter 11 appears very far off. The Debtors fail to explain why they believe now is the appropriate moment to set bar dates. Nevertheless, Patriarch does not object to the Debtors' request to establish a General Bar Date in these chapter 11 cases. Patriarch is concerned, however, with Debtors' requested timing for a bar date. The Motion does not establish good cause, or indeed, any need to set a 45-day deadline for Patriarch to file a Proof(s) of Claim. Moreover, requiring Patriarch to file a Proof(s) of Claim within 45 days would be prejudicial to Patriarch and inconsistent with the previously agreed schedule in the adversary proceeding (Adv. No. 20-50534 (KBO)) approved by the Court on June 30, 2021 (Adv. D.I. 124), following its ruling on Patriarch's motion to dismiss. Pursuant to that stipulation, the Debtors are required to file an amended complaint by September 1, 2021, and the Patriarch defendants are required to answer, move, or otherwise respond to the amended complaint by October 15, 2021—on approximately the same date as the proposed General Bar Date.

2. Depending on the allegations in the first amended complaint, it is possible that the Court may be asked to rule on another motion to dismiss, and that an answer and potential accompanying counterclaim may not be filed for several more months thereafter. As such, Patriarch submits that any bar date order provide that Patriarch's deadline to file a Proof(s) of Claim be established as the date that is 10 days following the actual filing of an answer in the adversary proceeding. Otherwise, Patriarch will be forced to articulate complex counterclaims against the Debtors prior to understanding the full scope of the Debtors' claims that will proceed

to discovery in the adversary proceeding.[3]

3. The request for an Administrative Expense Bar Date at this juncture, however, should be rejected in its entirety, at least as to Patriarch. Unlike a bar date covering pre-petition claims, there is no rule or statute expressly authorizing such a post-petition bar date, and the Debtors provide no legal or factual justification for the setting of an Administrative Expense Bar Date at this time. While this Court often sets such a bar date to facilitate the speedy confirmation of a plan, or for other good cause, no good cause exists here, and the Motion does not even attempt to establish a legitimate basis (let alone good cause) to establish an Administrative Expense Bar Date.

4. Moreover, aside from the Debtors' general failure to establish good cause to set an Administrative Expense Bar Date as to any creditors, they particularly fail to meet that standard with respect to the Patriarch creditors. Indeed, prematurely setting such a date will be highly prejudicial to Patriarch for multiple reasons. *First*, like the proposed General Bar Date, the proposed 45-day deadline to file Administrative Expense Claims would force Patriarch to assert significant and complex counterclaims against the Debtors prior to the likely deadline for them to do so in the Debtors' adversary proceeding and other litigations.

5. *Second*, and most significantly, the Debtors should not be permitted to use a needless pre-confirmation administrative expense bar date to bar potential future amendments to counterclaims or the submission of other post-petition claims against the Debtors that may have

---

[3] Patriarch, of course, holds many other pre-petition claims against the Debtors that may be outside the scope of the Debtors' adversary proceeding, including claims that may be asserted against the Debtors in response to other litigations, including but not limited to the pending MBIA adversary proceeding. In addition to these existing litigations, most of which are still in early stages, there also exists the possibility of future lawsuits where Patriarch may well need to bring claims against Debtors. Nothing in this Limited Objection or in the request to tether the General Bar Date to the actual answer date in the Debtors' adversary proceeding is intended to limit Patriarch's pre-petition claims or to prevent Patriarch from seeking to amend any Proof(s) of Claim as needed in the future.

arisen to date, but that may not yet be uncovered or fully developed given the various stages of litigation and discovery. Any post-petition claims by Patriarch against the Debtors should be governed by the applicable statutes of limitations and litigation rules—not a strategically placed and unnecessary administrative bar date. For these reasons, to the extent the Court approves an Administrative Expense Bar Date, Patriarch should be excluded from it, given the unique facts of this case and the parties' present litigation posture.

6. Finally, Patriarch submits that, given the unique facts of these chapter 11 cases, any bar date order should confirm that such bar dates do not apply to, and Patriarch is not required to assert in connection with such bar dates, any claims that Patriarch has against non-Debtors, including the Portfolio Companies.

## **CONCLUSION**

7. For the foregoing reasons, Patriarch respectfully requests that this Court (i) deny the Debtors' Motion, unless the relief is modified as requested herein, and (ii) grant such other relief as may be just and proper. Patriarch expressly reserves, and does not waive, its right to amend, modify, or supplement this Limited Objection and to object to the Motion on any grounds permitted by governing law.

*[Remainder of page intentionally left blank]*

Dated: August 18, 2021
Wilmington, Delaware

                **COLE SCHOTZ P.C.**

By: *G. David Dean*
Norman L. Pernick (No. 2290)
G. David Dean (No. 6403)
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
npernick@coleschotz.com
ddean@coleschotz.com
preilley@coleschotz.com

        – and –

**GIBSON, DUNN & CRUTCHER LLP**
Monica K. Loseman (Admitted Pro Hac Vice)
1801 California Street, Suite 4200
Denver, CO 80202-2642
Telephone: (303) 298-5784
Facsimile: (303) 313-2828
mloseman@gibsondunn.com

*Counsel to Lynn Tilton and the Patriarch Stakeholders*