## EXHIBIT A

**Proposed Redacted Document**

28454818.1

**REDACTED**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Zohar III, Corp., *et al.*,[1] | ) | Case No. 18-10512 (KBO) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Hearing Date: August 25, 2021 at 10:00 a.m. (ET)** |
| | ) | **Objection Deadline: August 18, 2021 at 4:00 p m. (ET)** |
| | ) | |

## NOTICE OF MOTION

TO:   (I) THE U.S. TRUSTEE; (II) COUNSEL TO THE PATRIARCH STAKEHOLDERS; (III) COUNSEL TO U.S. BANK, AS INDENTURE TRUSTEE; (IV) COUNSEL TO MBIA; (V) COUNSEL TO THE ZOHAR III CONTROLLING CLASS; (VI) COUNSEL TO ANKURA; AND (VII) ALL PARTIES THAT, AS OF THE FILING OF THIS MOTION, HAVE REQUESTED NOTICE IN THESE CHAPTER 11 CASES PURSUANT TO BANKRUPTCY RULE 2002

**PLEASE TAKE NOTICE** that the debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors") have filed the *Debtors' Motion for Entry of an Order (I) Authorizing Amendment to the New Agent Agreement and (II) Granting Related Relief* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that any objections to the Motion are due by **August 18, 2021 at 4:00 p.m. (ET)** (the "Objection Deadline") with the United States Bankruptcy Court for the District of Delaware, 3rd Floor, 824 Market Street, Wilmington, Delaware 19801. At the same time, you must serve a copy of any objection upon the undersigned counsel to the Debtors so as to be received on or before the Objection Deadline.

**PLEASE TAKE FURTHER NOTICE** THAT A HEARING ON THE MOTION WILL BE HELD ON **AUGUST 25, 2021 AT 10:00 A.M. (ET)** BEFORE THE HONORABLE KAREN B. OWENS, IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 NORTH MARKET STREET, 6TH FLOOR, COURTROOM NO. 3, WILMINGTON, DELAWARE 19801.

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

Docket No. 2729
8/4/21

**PLEASE TAKE FURTHER NOTICE THAT IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR A HEARING.**

Dated: August 4, 2021
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Shane M. Reil
James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Michael R. Nestor (No. 3526)
Joseph M. Barry (No. 4221)
Ryan M. Bartley (No. 4985)
Shane M. Reil (No. 6195)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: jpatton@ycst.com
    rbrady@ycst.com
    mnestor@ycst.com
    jbarry@ycst.com
    rbartley@ycst.com
    sreil@ycst.com

*Counsel to the Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Zohar III, Corp., *et al.*,[1] | Case No. 18-10512 (KBO) |
| Debtors. | Jointly Administered |
| | **Hearing Date: August 25, 2021 at 10:00 a.m. (ET)**<br>**Objection Deadline: August 18, 2021 at 4:00 p.m. (ET)** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING AMENDMENT
TO THE NEW AGENT AGREEMENT AND (II) GRANTING RELATED RELIEF**

Zohar III, Corp. and its affiliated debtors and debtors in possession in the above-captioned

Chapter 11 cases (collectively, the "Debtors") hereby submit this motion (this "Motion"), pursuant

to sections 105(a), 363, and 503(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532

(the "Bankruptcy Code"), the *Order Approving and Authorizing the Settlement Agreement By and*

*Between the Debtors, Lynn Tilton, the Patriarch Stakeholders, MBIA Insurance Corp., and the*

*Zohar III Controlling Class* (the "Settlement Order") [Docket No. 266], the Settlement

Agreement[2] (as defined in the Settlement Order) [Docket No. 266, Ex. A], and the *Order (I)*

*Authorizing the Appointment of Ankura Trust Company, LLC as New Agent Under the Court-*

*Approved Settlement Agreement Between the Debtors, Lynn Tilton, the Patriarch Stakeholders,*

*MBIA Insurance Corp. and the Zohar III Controlling Class and (II) Granting Related Relief* (the

"Ankura Appointment Order") [Docket No. 709], for entry of an order, substantially in the form

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261) ("Zohar III"), Zohar II 2005-1, Limited (8297) ("Zohar II"), and Zohar CDO 2003-1, Limited (5119) ("Zohar I," and together with Zohar II and III, the "Zohar Funds"). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to such terms in the Settlement Agreement or the Ankura Appointment Order, as applicable.

28334057.2

attached hereto as <u>Exhibit A</u> (the "<u>Proposed Order</u>"): (i) authorizing an amendment to the New Agent Agreement, substantially in the form attached hereto as <u>Exhibit B</u> (the "<u>First Amendment</u>"); and (ii) granting related relief.  In support of the Motion, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief sought herein are sections 105(a), 363, and 503(b) of the Bankruptcy Code, the Settlement Order, the Settlement Agreement, and the Ankura Appointment Order.

**BACKGROUND**

4.      On March 11, 2018 (the "<u>Petition Date</u>"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  The Debtors have continued in possession of their properties and the operation of their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      General information about the Debtors and the events leading up to the Petition Date can be found in the *Declaration of Marc S. Kirschner in Support of Chapter 11 Petitions*

[Docket No. 6] and the *Declaration of Lynn Tilton in Support of Chapter 11 Petitions* [Docket No. 5], each filed on March 12, 2018.

6.      On May 21, 2018, the Court entered the Settlement Order approving the Settlement Agreement.

7.      Pursuant to paragraph 6 of the Settlement Agreement, Patriarch Partners Agency Services, the Debtors' prior agent on their secured loans to the various Portfolio Companies, was to be replaced by a new administrative agent selected by the Independent Director and the CRO (the "New Agent").

8.      On March 19, 2019, the Court entered the Ankura Appointment Order, authorizing the appointment of Ankura as New Agent pursuant to the terms of the Ankura Appointment Order and the New Agent Agreement.

9.      Paragraph 11 of the Ankura Appointment Order provides:

> Absent further approval of this Court, the terms of the New Agent Agreement shall not be amended or modified, and neither the Debtors nor the New Agent shall waive any rights thereunder, if such amendment, modification, or waiver would impose any additional liability or obligation on the Portfolio Companies. For the avoidance of doubt, the removal or reassignment of a Portfolio Company or Portfolio Companies under the borrower schedules to the New Agent Agreement is not intended as, and shall not be deemed to be, an amendment, modification, or waiver as contemplated in this paragraph 11.

Ankura Appointment Order ¶ 11.

10.      Additionally, the New Agent Agreement permits the Independent Director, CRO, and Ankura to amend such agreement through written instruments such as the First Amendment and, for certain material amendments, this Court's approval.  *See* New Agent Agreement ¶ 11.

11.      The Debtors and Ankura desire to amend the New Agent Agreement to modify the services to be provided by Ankura related to certain borrowers (the "Limited Services Borrowers,"

and such modified services, the "Limited Agency Services") and set forth the fees to be paid for such services, all as set forth more fully in the First Amendment attached hereto as Exhibit B.

## RELIEF REQUESTED

12.     By this Motion, the Debtors request entry of an order, substantially in the form attached hereto as Exhibit A, approving the First Amendment and granting related relief.

## BASIS FOR RELIEF REQUESTED

13.     Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code," and that "[n]o provision of [the Bankruptcy Code] providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules ....". 11 U.S.C. § 105(a).  Although "there are some significant limits to a bankruptcy court's ability to use section 105(a) of the Code . . . [it] plainly may be used 'to enforce and implement' earlier orders."  *In re River Ctr. Holdings, LLC*, 394 B.R. 704, 711 (Bankr. S.D.N.Y. 2008); *See Also In re Ames Dep't Stores, Inc.*, 317 B.R. 260, 273–74 (Bankr. S.D.N.Y. 2004).

14.     Further, section 363(b) of the Bankruptcy Code provides in part that a debtor-in-possession "after notice and hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b).  Under applicable case law, in this and other circuits, if a debtor's proposed use of its assets pursuant to section 363(b) of the Bankruptcy Code represents a reasonable business judgment on the part of the debtor, such use should be approved. *See, e.g., Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (citing *Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1983)); *In re Delaware & Hudson R.R. Co.*, 124 B.R. 169, 176 (D. Del. 1991) (courts have applied the "sound business purpose" test to

evaluate motions brought pursuant to section 363(b)); *In re Gulf States, Steel, Inc.*, 285 B.R. 497, 514 (Bankr. N.D. Ala. 2002); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986); *Committee of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) ("Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to debtor's conduct").

15.     The Debtors respectfully submit that their entry into the First Amendment to the New Agent Agreement is appropriate and a sound exercise of their business judgment.  The First Amendment recalibrates the level of services to be provided by Ankura with respect to the Limited Services Borrowers, and the associated costs, to better reflect the present facts and circumstances pertaining to those borrowers.  For example, certain of the Limited Services Borrowers have sold substantially all of their assets or are otherwise no longer operating.  With respect to the Limited Services Borrowers, the First Amendment provides that Ankura will provide only the Limited Agency Services (unless otherwise requested by the Debtors and agreed to by Ankura), and the Limited Services Borrowers or the Debtors, as applicable, will pay a reduced Annual Fee, resulting in cost-savings for the Debtors' estates and the Limited Services Borrowers, without prejudice to the Debtors' rights or interests *vis a vis* any Portfolio Companies.

16.     Accordingly, the Debtors respectfully submit that the relief requested herein is in the best interests of their estates and creditors, and should be approved.

## NOTICE

17.     The Debtors will provide notice of this Motion to: (i) the U.S. Trustee; (ii) counsel to the Patriarch Stakeholders; (iii) counsel to U.S. Bank, as indenture trustee; (iv) counsel to MBIA; (v) counsel to the Zohar III Controlling Class; (vi) counsel to Ankura; and (vii) all parties

28334057.2

5

that, as of the filing of this Motion, have requested notice in these Chapter 11 cases pursuant to

Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit

that no other or further notice is necessary.

WHEREFORE, the Debtors request entry of the Proposed Order, granting the relief

requested herein and such other and further relief as is just and proper.

| | |
|---|---|
| Dated: August 4, 2021<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Shane M. Reil*<br>James L. Patton, Jr. (No. 2202)<br>Robert S. Brady (No. 2847)<br>Michael R. Nestor (No. 3526)<br>Joseph M. Barry (No. 4221)<br>Ryan M. Bartley (No. 4985)<br>Shane M. Reil (No. 6195)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email: jpatton@ycst.com<br>        rbrady@ycst.com<br>        mnestor@ycst.com<br>        jbarry@ycst.com<br>        rbartley@ycst.com<br>        sreil@ycst.com<br><br>*Counsel to the Debtors and Debtors in Possession* |

## EXHIBIT A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Zohar III, Corp., *et al.*,[1] | ) | Case No. 18-10512 (KBO) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
|  | ) | **Ref. Docket Nos. ____** |

## ORDER (I) AUTHORIZING AMENDMENT TO THE NEW AGENT AGREEMENT AND (II) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order, pursuant to sections 105(a), 363, and 503(b) of the Bankruptcy Code, the Settlement Order, the Settlement Agreement, and the Ankura Appointment Order, (i) authorizing the First Amendment to the New Agent Agreement and (ii) granting related relief; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and this Court having found that no other or further notice need be provided; and this Court having found and determined that the relief sought in the Motion is in the

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

28334057.2

best interests of the Debtors' estates, their creditors, and other parties in interest and that the legal

and factual bases set forth in the Motion establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefor; it is hereby **ORDERED** that:

1.      The Motion is **GRANTED** as set forth herein.

2.      The First Amendment to the New Agent Agreement is hereby approved in all

respects.

3.      The terms and provisions of the Ankura Appointment Order and the New Agent

Agreement otherwise remain in full force and effect, and any terms and provisions of the Ankura

Appointment Order applicable to the New Agent Agreement shall extend to the New Agent

Agreement as amended by the First Amendment, including with respect to the fees, expenses,

costs, and indemnities provided for or permitted thereby, which shall, to the extent payable by any

Debtor in accordance with paragraphs 21 and 23 of the Ankura Appointment Order, constitute

allowed administrative expenses under section 503(b) of the Bankruptcy Code.

4.      This Court shall retain jurisdiction over any and all matters arising from the

interpretation or implementation of this Order.

28334057.2

## EXHIBIT B

**First Amendment**

28334057.2



Confidential

**First Amendment to the Engagement Letter**

This First Amendment dated as of July __, 2021 (the "Amendment") amends that certain New Agent Agreement and Fee Letter dated October 29, 2018 (the "Engagement Letter"), by and between Ankura Trust Company, LLC ("Ankura Trust"), Joseph J. Farnan, Jr. on behalf of each of the Zohar Debtors (such Zohar Debtors hereinafter referred to as "Zohar") and Michael Katzenstein, as CRO of Zohar. All terms used herein but not defined herein shall have the meanings ascribed to such terms in the Engagement Letter.

WHEREAS, on October 29, 2018, Ankura Trust and Zohar entered into the Engagement Letter pursuant to which Zohar thereafter retained Ankura Trust, pursuant to an order that the U.S. Bankruptcy Court for the District of Delaware entered on March 19, 2019, to provide certain services and perform certain duties as detailed therein and in such order;

WHEREAS, Ankura Trust and Zohar wish to amend the Engagement Letter to modify the services to be provided by Ankura Trust related to certain borrowers and set forth the fees to be paid by Zohar to Ankura Trust for such limited services;

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are acknowledged, the parties hereby agree as follows:

1.  Notwithstanding any provision in the Engagement Letter, including the Exhibits thereto, for the following borrowers ("Limited Service Borrowers"), Ankura Trust shall receive the Amended Annual Fee (as defined below) in connection with providing the Limited Agency Services (as defined below):



US-DOCS\114559623.1





"Limited Agency Services" means the following limited services: calculating accrued interest, maintaining lender registers, payment processing and/or filing UCC continuation statements. For the avoidance of doubt, Limited Agency Services do not include sending interest rate reset, payment, or any other notices to either borrowers or lenders, fees in connection with filing the UCC continuation statements or any other services not specifically delineated above, which services shall incur additional fees.

The Annual Fees for each of the Limited Services Borrowers set forth on Exhibit B to the Engagement Letter, after April 29, 2021, shall be amended to $██████ per annum (the "Amended Annual Fees"). Such Amended Annual Fees shall be paid quarterly in advance commencing on April 29, 2021 in accordance with the Engagement Letter.[1] Reasonable out-of-pocket expenses related to Limited Agency Services shall be reimbursed by Zohar to Ankura Trust as set forth in the Engagement Letter.  If Ankura provides any services other than the Limited Agency Services for any Limited Service Borrower, Ankura shall bill for such services as Hourly Administrative Time fees.  Any services beyond the Limited Agency Services shall be provided only upon both (i) Zohar's written request, which written request may be made via email and (ii) Ankura's agreement in its sole discretion.

2.   The Annual Fees set forth on Exhibit B to the Engagement Letter for each of the following borrowers shall be $█████ per annum, payable quarterly in advance in accordance with the Engagement Letter:



Costs and expenses incurred by Ankura Trust in connection with the borrowers listed in this section 2 shall be paid in accordance with the Engagement Letter.

3.   This Amendment shall be effective upon (i) receipt of signature pages, which may be executed in counterparts (and by facsimile or other electronic means), each of which shall constitute an original and all of which together will be deemed to be one and the same document and (ii) entry of a final order from the U.S. Bankruptcy Court for the District of Delaware approving this Amendment.

---

[1] For the avoidance of doubt, all Annual Fees described herein shall be payable in the first instance by the applicable borrower and backstopped by Zohar on the terms set forth in the Engagement Letter.

US-DOCS\114559623.1



Confidential

4.   Except as expressly set forth herein, all of the terms and conditions of the Engagement Letter remain unchanged and in full force and effect, including, without limitation, with respect to indemnification, confidentiality and payment of counsel fees and expenses.

5.   This Amendment shall be governed in accordance with New York law.

[Signature pages follow.]

US-DOCS\114559623.1



Confidential

IN WITNESS WHEREOF, the parties have duly executed this Amendment as of the date first written above.

**Ankura Trust Company, LLC**

By: _____
Name:    Ryan M. Roy
Title:    Senior Managing Director

Date: _____

Agreed to and Accepted by:

**Zohar Debtors**

By: _____
Name:    Joseph J. Farnan, Jr.
Title:    Independent Director

Date: _____

By: _____
Name:    Michael Katzenstein
Title:    Chief Restructuring Officer

Date: _____

US-DOCS\114559623.1