**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ZOHAR III, CORP., *et al.*,[1] | Case No. 18-10512 (KBO) |
| Debtors. | Jointly Administered |
| | **Hearing Date: September 21, 2021 at 1:00 p.m. (ET)**<br>**Objection Deadline: September 2, 2021 at 4:00 p.m. (ET)** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE FILING**
**OF PORTIONS OF THE DEBTORS' MOTION FOR ENTRY OF AN**
**ORDER (I) AUTHORIZING AMENDMENT TO THE NEW AGENT**
**AGREEMENT AND (II) GRANTING RELATED RELIEF UNDER SEAL**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached

hereto as Exhibit A (the "Proposed Order"), authorizing the filing of portions of the *Debtors'*

*Motion for Entry of an Order (i) Authorizing Amendment to the New Agent Agreement and (ii)*

*Granting Related Relief* [Docket No. [2729] (the "Amendment Motion")[2] under seal, pursuant to:

(i) sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532

(the "Bankruptcy Code"); (ii) Rule 9018 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"); and (iii) Rule 9018-1(d) of the Local Rules of Practice and Procedure

of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").   The

Debtors have concurrently filed their proposed redacted version of the Amendment Motion.  In

support of this Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119).  The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Amendment Motion.

## JURISDICTION

1.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334

and the *Amended Standing Order of Reference* from the United States District Court for the District

of Delaware, dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C.

§ 157(b), and pursuant to Local Rule 9013-1(f), the Debtors consent to entry of a final order by

the Court in connection with this Motion to the extent it is later determined that the Court, absent

consent of the parties, cannot enter final orders or judgments in connection herewith consistent

with Article III of the United States Constitution.

2.       Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.       The statutory and legal predicates for the relief requested herein are sections 105(a)

and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1(d).

## BACKGROUND

4.       On March 19, 2019, the Court entered the Ankura Appointment Order [Docket No.

709] authorizing the appointment of Ankura as the New Agent in accordance with the New Agent

Agreement.

5.       On February 5, 2019, the Court entered an order [Docket No. 649] (the "Prior Seal

Order") authorizing the filing of portions of the New Agent Agreement, including details contained

in the fee schedules attached thereto, under seal.

6.       On August 4, 2021, the Debtors filed the Amendment Motion, requesting approval

of an amendment the New Agent Agreement (the "First Amendment").

## RELIEF REQUESTED

7.       By this Motion, the Debtors request entry of the Proposed Order authorizing the

Debtors to file portions of the Amendment Motion under seal (the "Sealed Material").  In addition,

the Debtors request that the Sealed Material not be made available to anyone other than the Court,

the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), Patriarch,

MBIA and the Zohar III Controlling Class (both individually and as members of the committee

under the settlement agreement in these cases), MB Global (as Zohar III noteholder), U.S. Bank

(in its capacity as Indenture Trustee), Ankura, JMB Capital Partners Lending, LLC (in its capacity

as the Debtors' DIP lender), as well as each of their respective advisors, except as ordered by the

Court or agreed to by the Debtors and Ankura.

## **BASIS FOR RELIEF REQUESTED**

8.      Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the

authority to issue orders that will protect entities from potential harm that may result from the

disclosure of certain confidential information.  This section provides in part that:

> On request of a party in interest, the bankruptcy court shall, and on
> the bankruptcy court's own motion, the bankruptcy court may –
>
> (1)     protect an entity with respect to a trade secret or confidential
> research, development, or commercial information; or
>
> (2)     protect a person with respect to scandalous or defamatory
> matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).  In addition, under section 105(a) of the Bankruptcy Code, the Court may

"issue any order, process, or judgment that is necessary or appropriate to carry out the provisions"

of the Bankruptcy Code.  11 U.S.C. § 105(a).

9.      Bankruptcy Rule 9018 sets forth the procedures by which a party may move for

relief under section 107(b) of the Bankruptcy Code, and provides that "[o]n motion, or on its own

initiative, with or without notice, the court may make any order which justice requires (1) to protect

the estate or any entity in respect of a trade secret or other confidential research, development, or

commercial information . . . ."  Fed. R. Bankr. P. 9018.

10.     Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *Orion Pictures*, 21 F.3d at 27; *see also In re Altegrity, Inc.*, No. 15-10226, 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) ("[I]f it is established that the documents sought to be sealed fall within the enumerated statutory exception, the court must grant the requested relief (or such other relief that protects the moving party)." (emphasis added)). A party seeking the protection of section 107(b) need only demonstrate that the information is "confidential" and "commercial" in nature. *Orion*, 21 F.3d at 28; *see also Altegrity*, 2015 WL 10963572, at *3.

11.     Significantly, commercial information need not rise to the level of a trade secret to be entitled to protection. *Altegrity*, 2015 WL 10963572, at *3; *see also Orion*, 21 F.3d at 28 (finding that the use of the disjunctive in section 107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former"). Nor is the term "commercial information" limited to information that will give an entity's competitors an unfair advantage. *See In re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011). Indeed, "the term includes situations where a bankruptcy court may reasonably determine that allowing [] disclosure would have a chilling effect on business negotiations, ultimately affecting the viability of Debtors." *Id* (internal quotation marks). Instead, a party seeking the protection of section 107(b) need only demonstrate that the information is

"confidential" and "commercial" in nature.  *Orion*, 21 F.3d at 28; *see also Altegrity*, 2015 WL 10963572, at *3.

12.     The Sealed Material includes information pertaining to the fees to be charged under the First Amendment, and other terms thereof, which the Debtors understand Ankura considers highly sensitive, confidential information that is not typically disclosed to the public or made available to competitors.  Such information is similar in nature to the information contained in the New Agent Agreement that the Court ordered to be maintained under seal pursuant to the Prior Seal Order.  In addition, the Sealed Material includes certain information regarding particular Portfolio Companies, the public disclosure of which could negatively impact the Debtors' chapter 11 efforts and thereby harm the stakeholders in these chapter 11 cases.

13.     For the reasons set forth above, the Debtors submit that the Sealed Material falls within section 107(b)(1), good cause exists for the Court to grant the relief requested herein, and approval of this Motion is appropriate.

## COMPLIANCE WITH LOCAL RULE 9018-1(d)

14.     Counsel for the Debtors hereby certifies that counsel has conferred in good faith with counsel to Ankura, as well as with the U.S. Trustee, concerning what information contained in the Amendment Motion should remain sealed from public view.  Neither party objects to sealing the Sealed Material.

## NOTICE

15.     The Debtors will provide notice of this Motion to: (i) the U.S. Trustee; (ii) counsel to the Patriarch Stakeholders; (iii) counsel to U.S. Bank, as indenture trustee; (iv) counsel to MBIA; (v) counsel to the Zohar III Controlling Class; (vi) counsel to Ankura, and (vii) all parties that, as of the filing of this Motion, have requested notice in these chapter 11 cases pursuant to

Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## <u>CONCLUSION</u>

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Proposed Order authorizing the Debtors to file portions of the Amendment Motion under seal, and (b) grant the Debtors such other and further relief as is just and proper.

Dated: August 19, 2021
    Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Shane M. Reil*
James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Michael R. Nestor (No. 3526)
Joseph M. Barry (No. 4421)
Ryan M. Bartley (No. 4985)
Shane M. Reil (No. 6195)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: jpatton@ycst.com
    rbrady@ycst.com
    mnestor@ycst.com
    jbarry@ycst.com
    rbartley@ycst.com
    sreil@ycst.com

*Counsel to the Debtors and Debtors in Possession*