**<u>EXHIBIT A</u>**

**Revised Proposed Order**

28515754.1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | ) | Chapter 11 |
| In re: | ) | |
| | ) | Case No. 18-10512 (KBO) |
| Zohar III, Corp., *et al.*,[1] | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| | ) | **Ref. Docket No. ___** |

## ORDER (I) ESTABLISHING DEADLINES FOR THE FILING OF PROOFS OF CLAIM AND REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSES, (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, AND (III) GRANTING RELATED RELIEF

Upon consideration of the Debtors' motion (the "Motion")[2] for entry of an order (this "Order") (i) establishing deadlines for filing proofs of claim and requests for payment of administrative expense claims in the Chapter 11 Cases, (ii) approving the form, timing, and manner of notice of such deadlines, and (iii) granting related relief; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and it appearing that the relief requested

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

in the Motion and provided for herein is in the best interest of the Debtors, their estates, and creditors; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.      The Motion is granted as set forth herein.

2.      The Debtors shall complete service of the Bar Date Notice, a Proof of Claim Form, and an Administrative Expense Claim Form (collectively, the "Bar Date Package") no later than 5 business days after entry of this Order (the "Service Date").

3.      General Bar Date.  Except as provided otherwise herein, all persons and entities holding or wishing to assert a claim arising prior to the Petition Date, including any claim arising under section 503(b)(9) of the Bankruptcy Code, against the Debtors shall file a proof of such claim in writing so that it is *actually received* by this Court on or before 5:00 p.m. (prevailing Eastern time) on October 25, 2021 (the "General Bar Date").

4.      The General Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including any claim arising under section 503(b)(9) of the Bankruptcy Code, secured claims, unsecured priority claims, and unsecured nonpriority claims.  The filing of a Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code. For the avoidance of doubt, the General Bar Date shall also serve as the bar date for Governmental Units[3] in accordance with section 502(b)(9) of the Bankruptcy Code.

5.      Amended Schedules Bar Date. In the event that the Debtors amend or supplement the Schedules, the Debtors shall give notice of any such amendment or supplement to the holders

---

[3]   "Governmental Unit" has the meaning given to it in section 101(27) of the Bankruptcy Code.

28512047.4

of claims affected thereby.  Pursuant to Local Rule 1009-2, the deadline for any such holders to file a Proof of Claim on account of its affected claim shall be the later of (i) the General Bar Date or (ii) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days after the Debtors provide notice to the holder of the amendment (the "Amended Schedules Bar Date").

6.    Rejection Bar Date.  Notwithstanding anything in this Order to the contrary, the holder of any claim arising from the rejection of an executory contract or unexpired lease is required to file a Proof of Claim on account of such Rejection Damages Claim against the Debtors by the Rejection Bar Date, which shall be the later of the General Bar Date and thirty (30) days after service of notice of the entry of the order of this Court approving such rejection on the affected claim holder.

7.    Administrative Expense Bar Date.  Notwithstanding anything in this Order to the contrary (except for paragraph 10 hereof), each person or entity that holds or wishes to assert an Administrative Expense Claim pursuant to section 503(b) of the Bankruptcy Code, other than claims arising under section 503(b)(9) of the Bankruptcy Code, against the Debtors' estates, which claim arose during the period from the Petition Date through and including the date of entry of this Order shall file a Request for Administrative Expense Claim so that it is *actually received* by this Court on or before 5:00 p.m. (prevailing Eastern time) on October 25, 2021.

8.    All proofs of claim must conform substantially to Form B 410 of the Official Bankruptcy Forms.  Usage of the Proof of Claim Form annexed hereto as Exhibit 2 shall satisfy this requirement.    All Administrative Expense Claims must conform substantially to the Administrative Expense Claim Form annexed hereto as Exhibit 3.

9.    The following persons or entities whose claims otherwise would be subject to the General Bar Date, need not file proofs of claim:

28512047.4

(i)     any person or entity that already has filed a signed Proof of Claim against the Debtors with the Clerk of the Bankruptcy Court for the District of Delaware in a form substantially similar to Official Bankruptcy Form B 410;

(ii)    any person or entity whose claim is listed on the Schedules if: (a) the claim is not scheduled as any of "disputed," "contingent," or "unliquidated," (b) such person or entity agrees with the amount, nature, classification, and priority of the claim as set forth in the Schedules, and (c) such person or entity agrees that the claim is an obligation of the specific Debtor that listed the claim in its Schedules;

(iii)   any holder of a claim that previously has been allowed by order of this Court;

(iv)    any holder of a claim for amounts that constitute Policy Payments for Zohar II as set forth in Footnote 1 to the Settlement Agreement;

(v)     any holder of a claim that has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of this Court;

(vi)    any holder of an interest based on equity securities of the Debtors solely with respect to such holder's ownership interest in or possession of such equity securities; *provided, however*, that any such holders who wish to assert a claim against the Debtors based on transactions in the Debtors' securities, including, but not limited to, claims for damages or rescission based on the purchase or sale of such securities, must file a Proof of Claim on or prior to the General Bar Date; *provided, further*, that the Debtors reserve all rights with respect to any such claims including, *inter alia*, to assert that such claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code.

10.     The following Administrative Expense Claims are not required to be filed on or before the Administrative Expense Bar Date:

(i)     any Administrative Expense Claims of the Indenture Trustee, but not any Administrative Expense Claims of individual noteholders or equityholders for any asserted claims under Section 507(b) of the Bankruptcy Code or any Administrative Expense Claims of individual noteholders or equityholders arising under the DIP order or final cash collateral order;

(ii)    any Administrative Expense Claims that (a) have been previously paid by the Debtors in the ordinary course of business, or (b) have otherwise been satisfied;

28512047.4

(iii)    any Administrative Expense Claim held by the DIP Lender in that capacity;

(iv)    Administrative Expense Claims previously filed with this Court;

(v)    Administrative Expense Claims for compensation, indemnification, or reimbursement of costs and expenses relating to professional services performed and expenses incurred on and after the Petition Date by any professional advisor (*i.e.*, attorneys, financial advisors, accountants, *etc.*) retained by the Debtors under sections 327, 328, 330, 331, 363, or 1103 of the Bankruptcy Code, or retained by the Independent Director (as defined below), and whose Administrative Expense Claim is for services rendered and/or reimbursement of expenses incurred in the Chapter 11 Cases;

(vi)    Administrative Expense Claims for compensation, indemnification, or reimbursement of costs and expenses relating to services performed and expenses incurred on and after the Petition Date by Joseph J. Farnan Jr. as the Debtors' independent director (the "Independent Director"), Michael Katzenstein as the Debtors' chief restructuring officer (the "Chief Restructuring Officer"), Marc Kirschner as the Debtors' former Chief Restructuring Officer, Rob Kost as the Debtors' current chief monetization officer (the "Chief Monetization Officer"), "), Ankura Trust Company, LLC, in either of its capacities as the New Agent or the new Collateral Manager, or any of their respective firms, or their professionals;

(vii)    Administrative Expense Claims payable by the Debtors pursuant to the terms of the DIP Order;

(viii)    Administrative Expense Claims arising under that certain *Order Approving Independent Director Service Agreement and Indemnification Agreement* [Docket No. 345];

(ix)    any Administrative Expense Claims for fees payable to the Clerk of this Court;

(x)    any fees payable to the Office of the United States Trustee under 28 U.S.C. § 1930(a)(6) or accrued interest thereon arising under 31 U.S.C. § 3717; and

(xi)    any Administrative Expense Claims asserted by one Debtor against another Debtor.

11.    Pursuant to Bankruptcy Rule 2002, the form of the Bar Date Notice, the Proof of Claim Form, and the Administrative Expense Claim Form annexed hereto as Exhibits 1, 2, and 3 respectively, and the manner of providing notice of the Bar Dates set forth herein are approved in

28512047.4

all respects.  The manner of notice of the Bar Dates set forth herein is deemed to fulfill the notice requirements of the Bankruptcy Rules and the Local Rules and shall be deemed good and sufficient notice of the Bar Dates to known creditors pursuant to Bankruptcy Rule 2002(a)(7).

12.    The Debtors shall cause copies of Bar Date Package to be mailed to all the following parties (the "Notice Parties") by first class mail, postage prepaid: the United States Trustee for the District of Delaware (the "U.S. Trustee"); (ii) all known entities holding potential claims against any of the Debtors, and their counsel, if known, including all persons and entities listed in the Schedules as holding or potentially holding Prepetition Claims, including claims that the Debtors list as contingent, unliquidated or disputed, at the addresses set forth in the Schedules, or any updated addresses known to the Debtors; (iii) all known persons who have entered into a transaction with the Debtors on or after the Petition Date or that are known to hold a right to payment under section 503(b)(1) of the Bankruptcy Code; (iv) all parties that have requested notice of the proceedings in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the Service Date; (v) all parties that have filed Proofs of Claim in the Chapter 11 Cases as of the date of entry of an order approving this Motion; (vi) all entities who are parties to executory contracts or unexpired leases with the Debtors; (vii) all entities who are parties to litigation with the Debtors or their counsel (if known); (viii) the District Director of the Internal Revenue Service for the District of Delaware; (ix) the taxing authorities for each state; (x) the Securities Exchange Commission and any regulatory agencies with oversight authority of the Debtors; (xi) all known equity security holders; and (xii) all current employees, if any, and all former employees, if any, whose addresses are known to the Debtors.

6

13.     On the Service Date, the Debtors shall also file on the docket in the case a copy of the Bar Date Notice that specifies the actual date of the General Bar Date and the Administrative Expense Bar Date.

14.     The form and manner of notice of the Bar Dates approved herein are deemed to fulfill the notice requirements of the Bankruptcy Rules and the Local Rules, are fair and reasonable, and provide good, sufficient, and due notice to all creditors and interest holders of their rights and obligations in connection with claims they may assert against the Debtors' estate in the Chapter 11 Cases.

15.     U.S. Bank National Association, solely in its capacity as Indenture Trustee, may file a single master proof of claim under each applicable indenture; *provided, however*, that if any individual noteholder or other person or entities believes it holds a Prepetition Claim not covered by the Indenture Trustee's claim(s), such noteholder, person, or entity must file its own Proof(s) of Claim on or before the General Bar Date.

16.     Any person or entity that is required to file a proof of claim in the Chapter 11 Cases but fails to do so in a timely manner may be forever barred, estopped, and enjoined from: (i) asserting any Prepetition Claim against the Debtors in these Chapter 11 Cases that such person or entity has that (a) is in an amount that exceeds the amount, if any, that may be set forth in the Schedules, or (b) is of a different nature or in a different classification than what may be set forth in the Schedules (in either case, any such claim being hereafter referred to as an "Unscheduled Claim"); and (ii) voting upon, or receiving distributions under, any confirmed plan or plans of reorganization or liquidation in the Chapter 11 Cases in respect of an Unscheduled Claim.

17.     Except as set forth in section 503(b)(1)(D) of the Bankruptcy Code or Local Rule 3002-1(a), any holder of an Administrative Expense Claim against any of the Debtors that arose

7

prior to the date of the entry of this Order, who is required, but fails, to file an Administrative

Expense Claim in accordance with this Order on or before the Administrative Expense Bar Date

shall not be permitted to participate in any distribution in these Chapter 11 Cases on account of

such Administrative Expense Claim.

18.    The following requirements shall apply with respect to filing and preparation of

each Proof of Claim or Administrative Expense Claim:

(i)     each Proof of Claim must: (a) be written in English; (b) include a claim amount denominated in United States dollars (and to the extent such claim is converted to United States dollars, the conversion rate used in such conversion); (c) conform substantially with the claim form provided by the Debtors; and (d) be signed by the holder of the claim or by an authorized agent of the holder of the claim;

(ii)    all claimants must either submit a Proof of Claim electronically through this Court's electronic claims filing system available at https://ecf.deb.uscourts.gov/cgi-bin/autoFilingClaims.pl or submit an original, written Proof of Claim by mail that substantially conforms with the Proof of Claim Form—copies of Proofs of Claim sent by facsimile or electronic mail will not be accepted;

(iii)   each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d) (or, if such documentation is voluminous, filed or otherwise on the record in these cases, or already in the possession of the Debtors and/or their professionals, include a summary of such documentation), or an explanation as to why such documentation is not available;

(iv)    each Administrative Expense Claim must:  (a) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (b) be written in English; (c) denominate the asserted claim in lawful currency of the United States as of the Administrative Expense Bar Date; (d) indicate the particular Debtor against which the claim is asserted; and (e) include supporting documentation (or, if such documentation is voluminous, filed or otherwise on the record in these cases, or already in the possession of the Debtors include a summary of such documentation) or an explanation as to why such documentation is not available. Documentation should include both evidence of the nature of the administrative expense claim asserted as well as evidence of the date on which the administrative expense claim arose;

28512047.4

(v)  all claimants must submit an original, written Administrative Expense Claim that substantially conforms with the Administrative Expense Claim Form—Administrative Expense Claims sent by facsimile or electronic mail will not be accepted;

(vi)  with respect to any request for payment of a claim under section 503(b)(9) of the Bankruptcy Code, (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date, (ii) attach documentation identifying which of the Debtors such goods were shipped to and the date such goods were received by such Debtors, (iii) state whether the value of the goods asserted in the Proof of Claim represents a combination of goods and services and, if applicable, the percentage of alleged value related to services and related to goods, and (iv) attach any documentation identifying the particular invoices for which the section 503(b)(9) claim is being asserted; and

(vii)  each Proof of Claim or Administrative Expense Claim, including supporting documentation, must be filed so as to be actually received by this Court on or before the applicable Bar Date as applicable (a) by completing the electronic Proof of Claim Form on this Court's website at https://ecf.deb.uscourts.gov/cgi-bin/autoFilingClaims.pl, or (b) by mail so as to be received on or before the applicable Bar Date at the following address:

> United States Bankruptcy Court
> Attn: Claims
> 824 Market Street, 3rd Floor
> Wilmington, DE 19801

19.    The provisions of this Order apply to all claims of whatever character, against the Debtors or their assets, whether secured or unsecured, priority or nonpriority, liquidated or unliquidated, fixed or contingent.

20.    All creditors who desire to rely on the Schedules with respect to filing a proof of claim in the Chapter 11 Cases shall have the responsibility for determining that their respective claims are accurately listed therein.

21.    The Debtors are authorized to amend the forms and notices approved hereby to conform to the applicable dates established by this Order and to make other non-substantive changes thereto.

28512047.4

22.     The Debtors are authorized, in their discretion, to extend the applicable Bar Date to certain holders of claims by stipulation where the Debtors determine that such extension is in the best interests of their estate.

23.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

24.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

25.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

26.     This Court shall retain jurisdiction, even after the closing of the Chapter 11 Cases, with respect to all matters arising from or related to the implementation of this Order.

**<u>EXHIBIT 1</u>**

**Bar Date Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11<br>)<br>) Case No. 18-10512 (KBO)<br>)<br>) Jointly Administered |
| Zohar III, Corp., *et al.*,[1] | |
|                 Debtors. | |

## NOTICE OF ESTABLISHMENT OF BAR DATES FOR FILING PROOFS
## OF PREPETITION CLAIMS AND ADMINISTRATIVE EXPENSE CLAIMS

**To All Persons and Entities with Claims Against the Debtors:**

> YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY
> HOLD A CLAIM AGAINST THE DEBTORS IN
> THE ABOVE-CAPTIONED CHAPTER 11 CASES.  THEREFORE, YOU SHOULD
> READ THIS NOTICE CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY.
> IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.

On March 11, 2018 (the "Petition Date"), Zohar III, Corp. and its affiliated debtors and debtors in possession (collectively, the "Debtors") each filed voluntary petitions commencing a chapter 11 case under title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

On [●], 2021, the Court entered an order [Docket No. ●] (the "Bar Date Order") establishing various bar dates for filing proofs of claim and requests for allowance of administrative expense claim.  The Court has established October 25, 2021 at 5:00 p.m. (prevailing Eastern time) (the "General Bar Date") as the general claims bar date for filing proofs of claim (each, a "Proof of Claim") in the Chapter 11 Cases for all persons and entities.  As described below, the Bar Date Order also establishes different bar dates for other categories of claims.

As used in this notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the United States trustee.  The terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

Additionally, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code:  (i) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed,

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119).  The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

28512047.4

undisputed, legal, equitable, secured, or unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.  Finally, "Section 503(b)(9) Claims" means any claim entitled to administrative expense status under section 503(b)(9) of the Bankruptcy Code.[2]

**The term Pre-Petition Claims means any claim that arose prior to the Debtors' Petition Date of March 11, 2018.**

1.      **The Bar Dates**

The Bar Date Order establishes the following bar dates for filing Proofs of Claim or Requests for Payment of Administrative Expense Claim (as defined below) in these cases (the "Bar Dates"):

(i)     The General Bar Date.  Pursuant to the Bar Date Order, except as described below, all persons or entities holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date are required to file Proofs of Claim by ***October 25, 2021 at 5:00 p.m. (prevailing Eastern time)***.  The General Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including Section 503(b)(9) Claims, secured claims, unsecured priority claims, and unsecured nonpriority claims, and claims by governmental units.

(ii)    The Amended Schedules Bar Date. In the event that the Debtors amend or supplement their Schedules, the Debtors shall give notice of any such amendment or supplement to the holders of claims affected thereby.  Pursuant to Local Rule 1009-2, the deadline for any such holders to file a Proof of Claim on account of its affected claim shall be the later of (i) the General Bar Date or (ii) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days after the Debtors provide notice to the holder of the amendment (the "Amended Schedules Bar Date").

(iii)   The Rejection Bar Date.  Any entity whose claim arises out of the Court-approved rejection of an executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code prior to the confirmation of a chapter 11 plan in the Debtors' case must file a Proof of Claim on or before the later of (a) the General Bar Date, and (b) thirty (30) days after service of notice of the entry of an order of the Court approving such rejection of an executory contract or unexpired lease on the affected claim holder. The later of these dates is referred to in this Notice as the "Rejection Bar Date."

(iv)    Administrative Expense Bar Date. All persons or entities holding or wishing to assert an administrative expense claim pursuant to section 503(b) of the Bankruptcy

---

[2] Section 503(b)(9) Claims cover "the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business."

28512047.4

Code, other than claims arising under section 503(b)(9) of the Bankruptcy Code, against the Debtors' estates (each, an "Administrative Expense Claim"), which claim arose during the period from the Petition Date through and including ___, which is the date of entry of the Bar Date Order, are required to file a Request for Payment of Administrative Expense Claim by ***October 25, 2021 at 5:00 p.m. (prevailing Eastern time)***.

**2.      Who Must File**

Unless one of the exceptions described in <u>Section 5</u> below applies, you MUST file a Proof of Claim or you may be forever barred, estopped, and enjoined from:  (i) asserting any Prepetition Claim against the Debtors in these Chapter 11 Cases that you have that (a) is in an amount that exceeds the amount, if any, that may be set forth in the Debtors' Schedules, or (b) is of a different nature or in a different classification than what may be set forth in the Schedules (in either case, any such claim being hereafter referred to as an "Unscheduled Claim"); and (ii) voting upon, or receiving distributions under, any confirmed plan or plans of reorganization or liquidation in the Chapter 11 Cases in respect of an Unscheduled Claim. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or prior to the applicable Bar Date, even if such claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Petition Date.

Except where the Rejection Bar Date or the Amended Schedules Bar Date applies to establish a different deadline or one of the exceptions in Section 5 applies, the following entities must file Proofs of Claim on or before the General Bar Date:

(i)      any person or entity whose claim against a Debtors is not listed in the Debtors' Schedules or is listed in the Schedules as either one or more of: disputed, contingent, or unliquidated;

(ii)     any person or entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a classification or amount other than that identified in the Schedules;

(iii)    any person or entity that believes its claim is the obligation of a Debtor other than the Debtor in whose Schedules such claim was included; and

(iv)    any individual noteholder or other person or entity that believes it holds a Prepetition Claim not covered by the claim of U.S. Bank National Association, in its capacity as Indenture Trustee.

**3.      What to File**

(i)      <u>Proof of Claim</u>

The Debtors are enclosing a Proof of Claim form for use in these cases, or you may use another Proof of Claim form that conforms substantially to Official Bankruptcy Form B 410.  If your claim is scheduled by the Debtors, the attached Proof of Claim form also sets forth:  (i) the amount of your claim (if any) as scheduled by the Debtors; (ii) whether your claim is scheduled as

either one or more of:  disputed, contingent, or unliquidated; and (iii) whether your claim is listed as a secured, unsecured priority, or unsecured nonpriority claim.  You will receive a different Proof of Claim form for each claim scheduled in your name by the Debtors.  You may utilize the Proof of Claim form provided by the Debtors to file your claim. If you do not agree with the information in the Proof of Claim form, you may fill out a new Proof of Claim form. If you have claims against more than one Debtor, you must complete separate Proof of Claim forms for EACH Debtor.

The following requirements shall apply with respect to filing and preparation of each Proof of Claim or Administrative Expense Claim:

<ol type="i">
<li>each Proof of Claim must: (a) be written in English; (b) include a claim amount denominated in United States dollars (and to the extent such claim is converted to United States dollars, the conversion rate used in such conversion); (c) conform substantially with the claim form provided by the Debtors; and (d) be signed by the holder of the claim or by an authorized agent of the holder of the claim;</li>

<li>all claimants must either submit a Proof of Claim electronically through this Court's electronic claims filing system available at https://ecf.deb.uscourts.gov/cgi-bin/autoFilingClaims.pl or submit an original, written Proof of Claim by mail that substantially conforms with the Proof of Claim Form—copies of Proofs of Claim sent by facsimile or electronic mail will not be accepted;</li>

<li>each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d) (or, if such documentation is voluminous, filed or otherwise on the record in these cases, or already in the possession of the Debtors and/or their professionals, include a summary of such documentation), or an explanation as to why such documentation is not available;</li>

<li>each Administrative Expense Claim must:  (a) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (b) be written in English; (c) denominate the asserted claim in lawful currency of the United States as of the Administrative Expense Bar Date; (d) indicate the particular Debtor against which the claim is asserted; and (e) include supporting documentation (or, if such documentation is voluminous, filed or otherwise on the record in these cases, or already in the possession of the Debtors include a summary of such documentation) or an explanation as to why such documentation is not available. Documentation should include both evidence of the nature of the administrative expense claim asserted as well as evidence of the date on which the administrative expense claim arose;</li>

<li>all claimants must submit an original, written Administrative Expense Claim that substantially conforms with the Administrative Expense Claim</li>
</ol>

28512047.4

Form—Administrative Expense Claims sent by facsimile or electronic mail will not be accepted;

(vi)    with respect to any request for payment of a claim under section 503(b)(9) of the Bankruptcy Code, (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date, (ii) attach documentation identifying which of the Debtors such goods were shipped to and the date such goods were received by such Debtors, (iii) state whether the value of the goods asserted in the Proof of Claim represents a combination of goods and services and, if applicable, the percentage of alleged value related to services and related to goods, and (iv) attach any documentation identifying the particular invoices for which the section 503(b)(9) claim is being asserted; and

(vii)    each Proof of Claim or Administrative Expense Claim, including supporting documentation, must be filed so as to be actually received by this Court on or before the applicable Bar Date as applicable (a) by completing the electronic Proof of Claim Form on this Court's website at https://ecf.deb.uscourts.gov/cgi-bin/autoFilingClaims.pl, or (b) by mail so as to be received on or before the applicable Bar Date at the following address:

> United States Bankruptcy Court
> Attn: Claims
> 824 Market Street, 3rd Floor
> Wilmington, DE 19801

Under the Bar Date Order, the filing of a Proof of Claim form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code. All other administrative claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code. *For the avoidance of doubt, Section 503(b)(9) Claims must be filed by the General Bar Date.*

(i)    <u>Request for Payment of Administrative Expense Claim</u>

Pursuant to the terms of the Bar Date Order, and except as provided therein or <u>Section 7</u> below, each person or entity that holds or wishes to assert an Administrative Expense Claim against the Debtors' estates that may have arisen after the Petition Date up through the date the Bar Date Order was entered, which was ____, 2021, must file a request for allowance of such Administrative Expense Claim (each, a "<u>Request for Payment of Administrative Expense Claim</u>") on or before the Administrative Expense Bar Date.

> The Debtors are enclosing a form of Request for Payment of Administrative Expense Claim for use in these cases. Each Request for Payment of Administrative Expense Claim must: (i) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the

5

claimant; (ii) be written in English; (iii) denominate the asserted claim in lawful currency of the United States as of the Administrative Expense Bar Date; (iv) indicate the particular Debtor against which the claim is asserted; and (v) include supporting documentation (or, if such documentation is voluminous, filed or otherwise on the record in these cases, or already in the possession of the Debtors, include a summary of such documentation) or an explanation as to why such documentation is not available. Documentation should include both evidence of the nature of the administrative expense claim asserted as well as evidence of the date on which the administrative expense claim arose. If you have claims against more than one Debtor, you must complete separate Proof of Claim forms for EACH Debtor. **PROOFS OF CLAIM OR REQUESTS FOR ADMINISTRATIVE EXPENSE CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED.**

4.      **When and Where to File**

All Proofs of Claim or Requests for Administrative Expense Claim must be submitted so as to be actually received by the Court, ***on or before the applicable Bar Date*** (i) by completing the electronic Proof of Claim form on the Court's website at https://ecf.deb.uscourts.gov/cgi-bin/autoFilingClaims.pl, or (ii) by mailing an original, written Proof of Claim and one (1) copy so as to be received *on or before the applicable Bar Date* at the following address:

> United States Bankruptcy Court
> Attn: Claims
> 824 Market Street, 3rd Floor
> Wilmington, DE 19801

***Proofs of Claim or Requests for Administrative Expense Claim will be deemed filed only when actually received by the Court. It is NOT sufficient for the Proof of Claim or Requests for Administrative Expense Claim be post-marked by the applicable Bar Date. It must be RECEIVED by the Court by the applicable Bar Date.*** *Proofs of Claim or Requests for Administrative Expense Claim may not be delivered by facsimile or electronic mail transmission.* Any facsimile or electronic mail submissions will not be accepted and will not be considered filed until a Proof of Claim or Request for Administrative Expense Claim is submitted by one of the applicable methods described above.

5.      **Who Need NOT File a Proof of Claim**

The Bar Date Order further provides that the following entities, who otherwise would be subject to the General Bar Date, need ***NOT*** file Proofs of Claim in these cases:

(i)      any person or entity that already has filed a signed Proof of Claim against the Debtors with the Clerk of the Court in a form substantially similar to Official Bankruptcy Form B 410;

(ii)     any person or entity whose claim is listed on the Schedules if: (a) the claim is not scheduled as any of "disputed," "contingent," or "unliquidated," (b) such person or entity agrees with the amount, nature, classification, and priority of the claim as set

forth in the Schedules; and (c) such person or entity agrees that the claim is an obligation of the specific Debtor that listed the claim in its Schedules;

(iii)    any holder of a claim that previously has been allowed by order of the Court;

(iv)    any holder of a claim for amounts that constitute Policy Payments for Zohar II as set forth in Footnote 1 to the Settlement Agreement;

(v)    any holder of a claim that has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court; and

(vi)    any holder of an interest based on equity securities of the Debtors solely with respect to such holder's ownership interest in or possession of such equity securities; *provided, however*, that any such holders who wish to assert a claim against the Debtors based on transactions in the Debtors' securities, including, but not limited to, claims for damages or rescission based on the purchase or sale of such securities, must file a Proof of Claim on or prior to the General Bar Date; *provided, further*, that the Debtors reserve all rights with respect to any such claims including, *inter alia*, to assert that such claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code.

### 6.    Executory Contracts and Unexpired Leases

As described in Section 1 above, any entity that has a claim arising out of the rejection of an executory contract or unexpired lease prior to the confirmation of any plan of reorganization or liquidation in these cases must file a Proof of Claim for damages caused by such rejection by the Rejection Bar Date.

### 7.    Who Need NOT File a Request for Administrative Expense Claim

Pursuant to the terms of the Bar Date Order, the Administrative Expense Bar Date **DOES NOT** apply to the following claims:

(i)    any Administrative Expense Claims of the Indenture Trustee, but not any Administrative Expense Claims of individual noteholders or equityholders for any asserted claims under Section 507(b) of the Bankruptcy Code or any Administrative Expense Claims of individual noteholders or equityholders arising under the DIP order or final cash collateral order;

(ii)    any Administrative Expense Claims that (a) have been previously paid by the Debtors in the ordinary course of business, or (b) have otherwise been satisfied;

(iii)    any Administrative Expense Claim held by the DIP Lender in that capacity;

(iv)    Administrative Expense Claims previously filed with the Court;

(v)    Administrative Expense Claims for compensation, indemnification, or reimbursement of costs and expenses relating to professional services performed

7

and expenses incurred on and after the Petition Date by any professional advisor (*i.e.*, attorneys, financial advisors, accountants, *etc.*) retained by the Debtors under sections 327, 328, 330, 331, 363, or 1103 of the Bankruptcy Code, or retained by the Independent Director (as defined below), and whose Administrative Expense Claim is for services rendered and/or reimbursement of expenses incurred in the Chapter 11 Cases;

(vi)   Administrative Expense Claims for compensation, indemnification, or reimbursement of costs and expenses relating to services performed and expenses incurred on and after the Petition Date by  Joseph J. Farnan Jr. as the Debtors' independent director (the "Independent Director"), Michael Katzenstein as the Debtors' chief restructuring officer (the "Chief Restructuring Officer"), Mark Kirschner as the Debtors' former Chief Restructuring Officer,  Rob Kost as the Debtors' current chief monetization officer (the "Chief Monetization Officer"), Ankura Trust Company, LLC, in either of its capacities as the New Agent or the new Collateral Manager, or any of  their respective firms, or their professionals;

(vii)   Administrative Expense Claims payable by the Debtors pursuant to the terms of the DIP Order;

(viii)   Administrative Expense Claims arising under that certain *Order Approving Independent Director Service Agreement and Indemnification Agreement* [Docket No. 345];

(ix)   any Administrative Expense Claims for fees payable to the Clerk of this Court;

(x)   any fees payable to the Office of the United States Trustee under 28 U.S.C. § 1930(a)(6) or accrued interest thereon arising under 31 U.S.C. § 3717; and

(xi)   any Administrative Expense Claim asserted by one Debtor against another Debtor.

**8.   Consequences of Failure to File**

**ANY PERSON OR ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM BUT THAT FAILS TO DO SO BY THE APPLICABLE BAR DATE DESCRIBED IN THIS NOTICE MAY BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM:  (I) ASSERTING ANY PREPETITION CLAIM AGAINST THE DEBTORS IN THESE CHAPTER 11 CASES THAT YOU HAVE THAT (A) IS IN AN AMOUNT THAT EXCEEDS THE AMOUNT, IF ANY, THAT MAY BE SET FORTH IN THE DEBTORS' SCHEDULES, OR (B) IS OF A DIFFERENT NATURE OR IN A DIFFERENT CLASSIFICATION THAN WHAT MAY BE SET FORTH IN THE SCHEDULES (IN EITHER CASE, ANY SUCH CLAIM BEING HEREAFTER REFERRED TO AS AN "UNSCHEDULED CLAIM"); AND (II) VOTING UPON, OR RECEIVING DISTRIBUTIONS UNDER, ANY CONFIRMED PLAN OR PLANS OF REORGANIZATION OR LIQUIDATION IN THE CHAPTER 11 CASES IN RESPECT OF AN UNSCHEDULED CLAIM.**

28512047.4

**EXCEPT AS SET FORTH IN SECTION 503(B)(1(D) OF THE BANKRUPTCY CODE OR LOCAL RULE 3002-1(C), ANY HOLDER OF AN ADMINISTRATIVE EXPENSE CLAIM THAT AROSE PRIOR TO [         ], WHICH IS THE DATE OF THE ENTRY OF THE BAR DATE ORDER, AGAINST ANY OF THE DEBTORS WHO IS REQUIRED, BUT FAILS, TO FILE A REQUEST FOR ADMINISTRATIVE EXPENSE CLAIM IN ACCORDANCE WITH THE BAR DATE ORDER ON OR BEFORE THE ADMINISTRATIVE EXPENSE BAR DATE SHALL NOT BE PERMITTED TO PARTICIPATE IN ANY DISTRIBUTION IN THE CHAPTER 11 CASES ON ACCOUNT OF SUCH ADMINISTRATIVE EXPENSE CLAIM.**

9.    **The Debtor's Schedules and Access Thereto**

You may be listed as the holder of a claim against the Debtors in the Schedules.  To determine if and how you are listed in the Schedules, please refer to the information set forth on the enclosed Proof of Claim form regarding the nature, amount, classification, and status of your claim.

If you choose to rely on the Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.  However, the enclosed form:  (i) sets forth the amount of your claim (if any) as set forth in the Schedules; (ii) specifies whether your claim is listed in the Schedules as either one or more of disputed, contingent, or unliquidated; and (iii) identifies whether your claim is scheduled as a secured claim, unsecured priority claim, or unsecured nonpriority claim. Please see <u>Section 11</u> below for instructions on how to obtain copies of the Schedules.

As described above, if:  (i) you agree with the nature, amount, and status of your claim as listed in the Schedules, (ii) your claim is *not* described as either one or more of:  "disputed," "contingent," or "unliquidated," and (iii) you agree that the claim is an obligation of the specific Debtor that listed the claim in its Schedules, you need not file a Proof of Claim. Otherwise, you must file a Proof of Claim before the applicable Bar Date in accordance with the procedures set forth in this Notice. **Please note that you must file a separate Proof of Claim for EACH Debtor.**

10.    **Reservation of Rights**

The Debtors reserve the right to:  (i) dispute, or to assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, priority, classification, or otherwise; (ii) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (iii) otherwise amend or supplement the Schedules.  Nothing contained in this Notice shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

11.    **Additional Information**

Copies of the Schedules and other filings in the Chapter 11 Cases also are available for a fee at the Court's website at <u>www.deb.uscourts.gov</u>. Copies of the Debtors' Schedules can be

28512047.4

found at Docket Nos. 414, 416, 418, 420, 422, & 424.[3]  A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through PACER at www.pacer.psc.uscourts.gov.  Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 9:00 a.m. and 4:30 p.m. (prevailing Eastern time), Monday through Friday, at the office of the Clerk of the Court, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

If you require additional information regarding the filing of a Proof of Claim, you may visit the Court's website at http://www.deb.uscourts.gov/claims-information.

HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT ITS OWN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM OR A REQUEST FOR ADMINISTRATIVE EXPENSE CLAIM.  NEITHER THE COURT NOR COUNSEL TO THE DEBTORS CAN ADVISE CREDITORS WHETHER THEY SHOULD FILE A PROOF OF CLAIM OR A REQUEST FOR ADMINISTRATIVE EXPENSE CLAIM.

Dated: [●], 2021
      Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/
_____
James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Michael R. Nestor (No. 3526)
Joseph M. Barry (No. 4221)
Ryan M. Bartley (No. 4985)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: jpatton@ycst.com
      rbrady@ycst.com
      mnestor@ycst.com
      jbarry@ycst.com
      rbartley@ycst.com

*Counsel to the Debtors and Debtors in Possession*

---

[3] On August 23, 2018, the Debtors filed a notice of certain amendments to the Schedules.  *See* Docket No. 433.

28512047.4

**<u>EXHIBIT 2</u>**

**Form of Proof of Claim**

## United States Bankruptcy Court, District of Delaware

**Fill in this information to identify your case (Select only one Debtor per claim form and, if asserting multiple claims, file a separate claim form for each claim):**

Name of Debtor & Case Number:

- ☐ Zohar III, Corp. (Case No. 18-10512)
- ☐ Zohar II 2005-1, Corp. (Case No. 18-10513)
- ☐ Zohar CDO 2003-1, Corp. (Case No. 18-10514)
- ☐ Zohar III, Limited (Case No. 18-10515)
- ☐ Zohar II 2005-1, Limited (Case No. 18-10516)
- ☐ Zohar CDO 2003-1, Limited (Case No. 18-10517)

Official Form 410

# Proof of Claim

**4/19**

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense.** Make such a request according to 11 U.S.C. § 503, except for claims arising under 11 U.S.C. § 503(b)(9), which must be asserted on this form. Section 503(b)(9) Claims cover "the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business."

Filers **must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes.  From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
| --- | --- |
| Name, Number, Street, City, State & Zip Code | Name, Number, Street, City, State & Zip Code |
| Contact phone | Contact phone |
| Contact email | Contact email |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

**4. Does this claim amend one already filed?**

☐ No
☐ Yes.  Claim number on court claims registry (if known) _____   Filed on _____

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

**5.** **Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes.  Who made the earlier filing? _____

---

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6.** **Do you have any number you use to identify the debtor?**

☐ No
☐ Yes.  Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

---

**7.** **How much is the claim?**

$ _____  **Does this amount include interest or other charges?**

☐ No
☐ Yes.  Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8.** **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

---

**9.** **Is all or part of the claim secured?**

☐ No
☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real Estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $ _____

**Amount of claim that is secured:** $ _____

**Amount of claim that is unsecured:** $ _____  (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ _____

**Annual Interest Rate** (when case was filed) _____ %

☐ Fixed
☐ Variable

---

**10.** **Is this claim based on a lease?**

☐ No
☐ Yes.  **Amount necessary to cure any default as of the date of the petition:** $ _____

---

**11.** **Is this claim subject to a right of setoff?**

☐ No
☐ Yes.  Identify the property: _____

---

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).  $ _____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).  $ _____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier.11 U.S.C. § 507(a)(4).  $ _____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).  $ _____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).  $ _____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.  $ _____

* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

**13.   Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☐ No

☐ Yes.   Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim:

$ _____

---

**Part 3:       Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
                  MM/ DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

Name _____

Title _____

Company _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
Number, Street, City, State and Zip Code

Contact phone _____   Email _____

Official Form 410                                  **Proof of Claim**                                          page 3

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                          Best Case Bankruptcy

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                    12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure  (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

**PLEASE SEND COMPLETED PROOF(S) OF CLAIM TO:**

 **United States Bankruptcy Court**

Attn: Claims
824 Market Street, 3rd Floor
Wilmington, DE 19801

Alternatively, your claim can be filed electronically on the Court's website at https://ecf.deb.uscourts.gov

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or go to the court's PACER system ([www.pacer.psc.uscourts.gov](www.pacer.psc.uscourts.gov)) to view the filed form.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured  claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**Do not file these instructions with your form.**

## **EXHIBIT 3**

**Form of Request for Administrative Expense**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Zohar III, Corp., *et al.*,[1] | ) | Case No. 18-10512 (KBO) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |

**REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

1. Name of claimant: _____

2. Debtor that the claim is asserted against (check one):

    _____   Zohar III, Corp.

    _____   Zohar II 2005-1, Corp.

    _____   Zohar CDO 2003-1, Corp.

    _____   Zohar III, Limited

    _____   Zohar II 2005-1, Limited

    _____   Zohar CDO 2003-1, Limited

3. Nature and description of the claim (you may attach a separate summary): _____

    _____

4. Date(s) claim arose: _____

5. Amount of claim: _____

6. Documentation supporting the claim must be attached hereto.  Documentation should include both evidence of the nature of the Administrative Expense Claim asserted as well as evidence of the date or dates on which the Administrative Expense Claim arose.

    Date:                                  Signature: _____
                                               Name:      _____
                                               Address:   _____
                                                              _____
                                                              _____
                                                              _____
                                               Phone Number: _____
                                               Email: _____

---

[1]  The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119).  The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

28512047.4

**<u>EXHIBIT B</u>**

**Blackline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| _____ | ) | Chapter 11 |
| In re: | ) | |
| | ) | Case No. 18-10512 (KBO) |
| Zohar III, Corp., *et al.*,[1] | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| _____ | ) | **Ref. Docket No. ___** |

### ORDER (I) ESTABLISHING DEADLINES FOR THE FILING OF PROOFS OF CLAIM AND REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSES, (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, AND (III) GRANTING RELATED RELIEF

Upon consideration of the Debtors' motion (the "Motion")[2] for entry of an order (this "Order") (i) establishing deadlines for filing proofs of claim and requests for payment of administrative expense claims in the Chapter 11 Cases, (ii) approving the form, timing, and manner of notice of such deadlines, and (iii) granting related relief; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and due and proper notice of the Motion having been given; and it appearing that no other or further notice of the Motion is required; and it appearing that the relief requested

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119).  The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

28512047.4

in the Motion and provided for herein is in the best interest of the Debtors, their estates, and creditors; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.      The Motion is granted as set forth herein.

2.      The Debtors shall complete service of the Bar Date Notice, a Proof of Claim Form, and an Administrative Expense Claim Form (collectively, the "Bar Date Package") no later than 5 business days after entry of this Order (the "Service Date").

~~2.~~3.    General Bar Date.  Except as provided otherwise herein, all persons and entities holding or wishing to assert a claim arising prior to the Petition Date, including any claim arising under section 503(b)(9) of the Bankruptcy Code, against the Debtors shall file a proof of such claim in writing so that it is *actually received* by this Court on or before 5:00 p.m. (prevailing Eastern time) on ~~the date that is forty-five (45) days after the Service Date~~ October 25, 2021 (the "General Bar Date").

~~3.~~4.    The General Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including any claim arising under section 503(b)(9) of the Bankruptcy Code, secured claims, unsecured priority claims, and unsecured nonpriority claims.  The filing of a Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code. For the avoidance of doubt, the General Bar Date shall also serve as the bar date for Governmental Units[3] in accordance with section 502(b)(9) of the Bankruptcy Code.

---

[3]   "Governmental Unit" has the meaning given to it in section 101(27) of the Bankruptcy Code.

28512047.4

4.5.    **Amended Schedules Bar Date.** In the event that the Debtors amend or supplement the Schedules, the Debtors shall give notice of any such amendment or supplement to the holders of claims affected thereby.  Pursuant to Local Rule 1009-2, the deadline for any such holders to file a Proof of Claim on account of its affected claim shall be the later of (i) the General Bar Date or (ii) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days after the Debtors provide notice to the holder of the amendment (the "Amended Schedules Bar Date").

5.6.    **Rejection Bar Date.**  Notwithstanding anything in this Order to the contrary, the holder of any claim arising from the rejection of an executory contract or unexpired lease is required to file a Proof of Claim on account of such Rejection Damages Claim against the Debtors by the Rejection Bar Date, which shall be the later of the General Bar Date and thirty (30) days after service of notice of the entry of the order of this Court approving such rejection on the affected claim holder.

6.7.    **Administrative Expense Bar Date.**  Notwithstanding anything in this Order to the contrary (except for paragraph 10 hereof), each person or entity that holds or wishes to assert an Administrative Expense Claim pursuant to section 503(b) of the Bankruptcy Code, other than claims arising under section 503(b)(9) of the Bankruptcy Code, against the Debtors' estates, which claim arose during the period from the Petition Date through and including the date of entry of this Order shall file a Request for Administrative Expense Claim so that it is *actually received* by this Court on or before 5:00 p.m. (prevailing Eastern time) on the date that is forty-five (45) days after the Service DateOctober 25, 2021.

7.8.    All proofs of claim must conform substantially to Form B 410 of the Official Bankruptcy Forms.  Usage of the Proof of Claim Form annexed hereto as Exhibit 2 shall satisfy

this requirement.    All Administrative Expense Claims must conform substantially to the Administrative Expense Claim Form annexed hereto as <u>Exhibit 3</u>.

      8.9.    The following persons or entities whose claims otherwise would be subject to the General Bar Date, need not file proofs of claim:

      (i)      any person or entity that already has filed a signed Proof of Claim against the Debtors with the Clerk of the Bankruptcy Court for the District of Delaware in a form substantially similar to Official Bankruptcy Form B 410;

      (ii)      any person or entity whose claim is listed on the Schedules if: (a) the claim is not scheduled as any of "disputed," "contingent," or "unliquidated," ~~and~~ (b) such person or entity agrees with the amount, nature, classification, and priority of the claim as set forth in the Schedules, and (c) such person or entity agrees that the claim is an obligation of the specific Debtor that listed the claim in its Schedules;

      (iii)      any holder of a claim that previously has been allowed by order of this Court;

      (iv)      any holder of a claim for amounts that constitute Policy Payments for Zohar II as set forth in Footnote 1 to the Settlement Agreement;

      (v)      any holder of a claim that has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of this Court;

      (vi)      any holder of an interest based on equity securities of the Debtors solely with respect to such holder's ownership interest in or possession of such equity securities; *provided, however*, that any such holders who wish to assert a claim against the Debtors based on transactions in the Debtors' securities, including, but not limited to, claims for damages or rescission based on the purchase or sale of such securities, must file a Proof of Claim on or prior to the General Bar Date; *provided, further*, that the Debtors reserve all rights with respect to any such claims including, *inter alia*, to assert that such claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code.

      9.10.    The following Administrative Expense Claims are not required to be filed on or before the Administrative Expense Bar Date:

      (i)      any Administrative Expense Claims of the Indenture Trustee, but not any Administrative Expense Claims of individual noteholders or equityholders

for any asserted ~~claim~~ claims under Section 507(b) of the Bankruptcy Code or any ~~claim~~ Administrative Expense Claims of individual noteholders or equityholders arising under the DIP order or final cash collateral order~~.~~;

(ii)    any Administrative Expense Claims that (a) have been previously paid by the Debtors in the ordinary course of business, or (b) have otherwise been satisfied;

(iii)   any Administrative Expense Claim held by the DIP Lender in that capacity;

(iv)    Administrative Expense Claims previously filed with this Court;

(v)     Administrative Expense Claims for compensation, indemnification, or reimbursement of costs and expenses relating to professional services performed and expenses incurred on and after the Petition Date by any professional advisor (*i.e.*, attorneys, financial advisors, accountants, *etc.*) retained by the Debtors under sections 327, 328, 330, 331, 363, or 1103 of the Bankruptcy Code, or retained by the Independent Director (as defined below), and whose Administrative Expense Claim is for services rendered and/or reimbursement of expenses incurred in the Chapter 11 Cases;

(vi)    Administrative Expense Claims for compensation, indemnification, or reimbursement of costs and expenses relating to ~~professional~~ services performed and expenses incurred on and after the Petition Date by  Joseph J. Farnan Jr. as the Debtors' independent director (the "Independent Director"), Michael Katzenstein as the Debtors' chief restructuring officer (the "Chief Restructuring Officer"), Marc Kirschner as the Debtors' former Chief Restructuring Officer, Rob Kost as the Debtors' current chief monetization officer (the "Chief Monetization Officer"), "), Ankura Trust Company, LLC, in either of its capacities as the New Agent or the new Collateral Manager, or any of their respective firms, or their professionals;

(vii)   Administrative Expense Claims payable by the Debtors pursuant to the terms of the DIP Order;

(viii)  Administrative Expense Claims arising under that certain *Order Approving Independent Director Service Agreement and Indemnification Agreement* [Docket No. 345];

(ix)    any Administrative Expense Claims for fees payable to the Clerk of this Court;

(x)     any fees payable to the Office of the United States Trustee under 28 U.S.C. § 1930(a)(6) or accrued interest thereon arising under 31 U.S.C. § 3717; and

5

28512047.4

(xi)     any Administrative Expense Claims asserted by one Debtor against another Debtor.

~~10.~~11.   Pursuant to Bankruptcy Rule 2002, the form of the Bar Date Notice, the Proof of Claim Form, and the Administrative Expense Claim Form annexed hereto as <u>Exhibits 1</u>, <u>2</u>, and <u>3</u> respectively, and the manner of providing notice of the Bar Dates set forth herein are approved in all respects.  The manner of notice of the Bar Dates set forth herein is deemed to fulfill the notice requirements of the Bankruptcy Rules and the Local Rules and shall be deemed good and sufficient notice of the Bar Dates to known creditors pursuant to Bankruptcy Rule 2002(a)(7).

12.     The Debtors shall cause copies of Bar Date Package to be mailed to all the following parties (the "Notice Parties") by first class mail, postage prepaid: the United States Trustee for the District of Delaware (the "U.S. Trustee"); (ii) all known entities holding potential claims against any of the Debtors, and their counsel, if known, including all persons and entities listed in the Schedules as holding or potentially holding Prepetition Claims, including claims that the Debtors list as contingent, unliquidated or disputed, at the addresses set forth in the Schedules, or any updated addresses known to the Debtors; (iii) all known persons who have entered into a transaction with the Debtors on or after the Petition Date or that are known to hold a right to payment under section 503(b)(1) of the Bankruptcy Code; (iv) all parties that have requested notice of the proceedings in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the Service Date; (v) all parties that have filed Proofs of Claim in the Chapter 11 Cases as of the date of entry of an order approving this Motion; (vi) all entities who are parties to executory contracts or unexpired leases with the Debtors; (vii) all entities who are parties to litigation with the Debtors or their counsel (if known); (viii) the District Director of the Internal Revenue Service for the District of Delaware; (ix) the taxing authorities for each state; (x) the Securities Exchange

6

Commission and any regulatory agencies with oversight authority of the Debtors; (xi) all known equity security holders; and (xii) all current employees, if any, and all former employees, if any, whose addresses are known to the Debtors.

11.13.  ~~The Debtors shall cause copies of the Bar Date Notice, a Proof of Claim Form, and an Administrative Expense Claim Form (a "Bar Date Package") to be mailed to all the Notice Parties (as identified in the Motion) by first class mail, postage prepaid.  On the date the Debtors commence service of the Bar Date Package (*i.e.*, the Service Date)~~On the Service Date, the Debtors shall also file on the docket in the case a copy of the Bar Date Notice that specifies the actual date of the General Bar Date and the Administrative Expense Bar Date.

12.14.  The form and manner of notice of the Bar Dates approved herein are deemed to fulfill the notice requirements of the Bankruptcy Rules and the Local Rules, are fair and reasonable, and provide good, sufficient, and due notice to all creditors and interest holders of their rights and obligations in connection with claims they may assert against the Debtors' estate in the Chapter 11 Cases.

13.15.  U.S. Bank National Association, solely in its capacity as Indenture Trustee, may file a single master proof of claim under each applicable indenture; *provided, however*, that if any individual noteholder or other person or entities believes it holds a Prepetition Claim not covered by the Indenture Trustee's claim(s), such noteholder, person, or entity must file its own Proof(s) of Claim on or before the General Bar Date.

14.16.  Any person or entity that is required to file a proof of claim in the Chapter 11 Cases but fails to do so in a timely manner may be forever barred, estopped, and enjoined from: (i) asserting any Prepetition Claim against the Debtors in these Chapter 11 Cases that such person or entity has that (a) is in an amount that exceeds the amount, if any, that may be set forth in the

7

Schedules, or (b) is of a different nature or in a different classification than what may be set forth in the Schedules (in either case, any such claim being hereafter referred to as an "Unscheduled Claim"); and (ii) voting upon, or receiving distributions under, any confirmed plan or plans of reorganization or liquidation in the Chapter 11 Cases in respect of an Unscheduled Claim.

15.17.  Except as set forth in section 503(b)(1)(D) of Local Rule the Bankruptcy Code or Local Rule 3002-1(c3002-1(a), any holder of an Administrative Expense Claim against any of the Debtors that arose prior to the date of the entry of this Order, who is required, but fails, to file an Administrative Expense Claim in accordance with this Order on or before the Administrative Expense Bar Date shall not be permitted to participate in any distribution in these Chapter 11 Cases on account of such Administrative Expense Claim.

16.18.  The following requirements shall apply with respect to filing and preparation of each Proof of Claim or Administrative Expense Claim:

> (i)        each Proof of Claim must: (a) be written in English; (b) include a claim amount denominated in United States dollars (and to the extent such claim is converted to United States dollars, the conversion rate used in such conversion); (c) conform substantially with the claim form provided by the Debtors; and (d) be signed by the holder of the claim or by an authorized agent of the holder of the claim;

> (ii)      all claimants must either submit a Proof of Claim electronically through this Court's electronic claims filing system available at https://ecf.deb.uscourts.gov/cgi-bin/autoFilingClaims.pl or submit an original, written Proof of Claim by mail that substantially conforms with the Proof of Claim Form—copies of Proofs of Claim sent by facsimile or electronic mail will not be accepted;

> (iii)     each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d) (or, if such documentation is voluminous, filed or otherwise on the record in these cases, or already in the possession of the Debtors and/or their professionals, include a summary of such documentation), or an explanation as to why such documentation is not available;

8

(iv)    each Administrative Expense Claim must: (a) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (b) be written in English; (c) denominate the asserted claim in lawful currency of the United States as of the Administrative Expense Bar Date; (d) indicate the particular Debtor against which the claim is asserted; and (e) include supporting documentation (or, if such documentation is voluminous, filed or otherwise on the record in these cases, or already in the possession of the Debtors include a summary of such documentation) or an explanation as to why such documentation is not available. Documentation should include both evidence of the nature of the administrative expense claim asserted as well as evidence of the date on which the administrative expense claim arose.;

(v)    all claimants must submit an original, written Administrative Expense Claim and one (1) copy by mail that substantially conforms with the Administrative Expense Claim Form—Administrative Expense Claims sent by facsimile or electronic mail will not be accepted;

(vi)    with respect to any request for payment of a claim under section 503(b)(9) of the Bankruptcy Code, (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date, (ii) attach documentation identifying which of the Debtors such goods were shipped to and the date such goods were received by such Debtors, (iii) state whether the value of the goods asserted in the Proof of Claim represents a combination of goods and services and, if applicable, the percentage of alleged value related to services and related to goods, and (iv) attach any documentation identifying the particular invoices for which the section 503(b)(9) claim is being asserted; and

(vii)    each Proof of Claim or Administrative Expense Claim, including supporting documentation, must be filed so as to be actually received by this Court on or before the applicable Bar Date as applicable (a) by completing the electronic Proof of Claim Form on this Court's website at https://ecf.deb.uscourts.gov/cgi-bin/autoFilingClaims.pl, or (b) by mail so as to be received on or before the applicable Bar Date at the following address:

> United States Bankruptcy Court
> Attn: Claims
> 824 Market Street, 3rd Floor
> Wilmington, DE 19801

17.19.  The provisions of this Order apply to all claims of whatever character, against the Debtors or their assets, whether secured or unsecured, priority or nonpriority, liquidated or unliquidated, fixed or contingent.

18.20.  All creditors who desire to rely on the Schedules with respect to filing a proof of claim in the Chapter 11 Cases shall have the responsibility for determining that their respective claims are accurately listed therein.

19.21.  The Debtors are authorized to amend the forms and notices approved hereby to conform to the applicable dates established by this Order and to make other non-substantive changes thereto.

20.22.  The Debtors are authorized, in their discretion, to extend the applicable Bar Date to certain holders of claims by stipulation where the Debtors determine that such extension is in the best interests of their estate.

21.23.  All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

22.24.  The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

23.25.  The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

24.26.  This Court shall retain jurisdiction, even after the closing of the Chapter 11 Cases, with respect to all matters arising from or related to the implementation of this Order.

## **EXHIBIT 1**

**Bar Date Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| | ) Chapter 11 |
| In re: | ) |
| | ) Case No. 18-10512 (KBO) |
| Zohar III, Corp., *et al.*,[1] | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) |
| | ) |

## NOTICE OF ESTABLISHMENT OF BAR DATES FOR FILING PROOFS
## OF PREPETITION CLAIMS AND ADMINISTRATIVE EXPENSE CLAIMS

**To All Persons and Entities with Claims Against the Debtors:**

> YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY
> HOLD A CLAIM AGAINST THE DEBTORS IN
> THE ABOVE-CAPTIONED CHAPTER 11 CASES.  THEREFORE, YOU SHOULD
> READ THIS NOTICE CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY.
> IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.

On March 11, 2018 (the "Petition Date"), Zohar III, Corp. and its affiliated debtors and debtors in possession (collectively, the "Debtors") each filed voluntary petitions commencing a chapter 11 case under title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

On [●], 2021, the Court entered an order [Docket No. ●] (the "Bar Date Order") establishing various bar dates for filing proofs of claim and requests for allowance of administrative expense claim.  The Court has established [●]October 25, 2021 at 5:00 p.m. (prevailing Eastern time) (the "General Bar Date") as the general claims bar date for filing proofs of claim (each, a "Proof of Claim") in the ~~chapter 11 cases~~ Chapter 11 Cases for all persons and entities.  As described below, the Bar Date Order also establishes different bar dates for other categories of claims.

As used in this notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the United States trustee.  The terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119).  The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

Additionally, the term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code:  (i) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (ii) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.  Finally, "Section 503(b)(9) Claims" means any claim entitled to administrative expense status under section 503(b)(9) of the Bankruptcy Code.[2]

**The term Pre-Petition Claims means any claim that arose prior to the Debtors' Petition Date of March 11, 2018.**

1.      **The Bar Dates**

The Bar Date Order establishes the following bar dates for filing Proofs of Claim or Requests for Payment of Administrative Expense Claim (as defined below) in these cases (the "Bar Dates"):

(i)     The General Bar Date.  Pursuant to the Bar Date Order, except as described below, all persons or entities holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date are required to file Proofs of Claim by [●]*October 25*, *2021 at 5:00 p.m. (prevailing Eastern time)*.  The General Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including Section 503(b)(9) Claims, secured claims, unsecured priority claims, and unsecured nonpriority claims, and claims by governmental units.

(ii)    The Amended Schedules Bar Date. In the event that the Debtors amend or supplement their Schedules, the Debtors shall give notice of any such amendment or supplement to the holders of claims affected thereby.  Pursuant to Local Rule 1009-2, the deadline for any such holders to file a Proof of Claim on account of its affected claim shall be the later of (i) the General Bar Date or (ii) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days after the Debtors provide notice to the holder of the amendment (the "Amended Schedules Bar Date").

(iii)   The Rejection Bar Date.  Any entity whose claim arises out of the Court-approved rejection of an executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code prior to the confirmation of a chapter 11 plan in the Debtors' case must file a Proof of Claim on or before the later of (a) the General Bar Date, and (b) thirty (30) days after service of notice of the entry of an order of the Court approving such rejection of an executory contract or unexpired lease on the affected

---

[2] Section 503(b)(9) Claims cover "the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business."

28512047.4

claim holder. The later of these dates is referred to in this Notice as the "Rejection Bar Date."

(iv)    Administrative Expense Bar Date. All persons or entities holding or wishing to assert an administrative expense claim pursuant to section 503(b) of the Bankruptcy Code, other than claims arising under section 503(b)(9) of the Bankruptcy Code, against the Debtors' estates (each, an "Administrative Expense Claim"), which claim arose during the period from the Petition Date through and including ▒▒▒▒, which is the date of entry of the Bar Date Order, are required to file a Request for Payment of Administrative Expense Claim by [●]*October 25, 2021 at 5:00 p.m. (prevailing Eastern time)*.

## 2.    Who Must File

Unless one of the exceptions described in Section 5 below applies, you MUST file a Proof of Claim to vote on a chapter 11 plan of reorganization or to share in distributions from the Debtors' bankruptcy estate if you have a claim that arose or is deemed to have arisen prior to the Petition Date or you may be forever barred, estopped, and enjoined from: (i) asserting any Prepetition Claim against the Debtors in these Chapter 11 Cases that you have that (a) is in an amount that exceeds the amount, if any, that may be set forth in the Debtors' Schedules, or (b) is of a different nature or in a different classification than what may be set forth in the Schedules (in either case, any such claim being hereafter referred to as an "Unscheduled Claim"); and (ii) voting upon, or receiving distributions under, any confirmed plan or plans of reorganization or liquidation in the Chapter 11 Cases in respect of an Unscheduled Claim. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or prior to the applicable Bar Date, even if such claims are not now fixed, liquidated, or certain or did not mature or become fixed, liquidated, or certain before the Petition Date.

Except where the Rejection Bar Date or the Amended Schedules Bar Date applies to establish a different deadline or one of the exceptions in Section 5 applies, the following entities must file Proofs of Claim on or before the General Bar Date:

(i)    any person or entity whose claim against a Debtors is not listed in the Debtors' Schedules or is listed in the Schedules as either one or more of: disputed, contingent, or unliquidated; and

(ii)    any person or entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a classification or amount other than that identified in the Schedules.;

(iii)    any person or entity that believes its claim is the obligation of a Debtor other than the Debtor in whose Schedules such claim was included; and

(iv)    any individual noteholder or other person or entity that believes it holds a Prepetition Claim not covered by the claim of U.S. Bank National Association, in its capacity as Indenture Trustee.

3.    **What to File**

(i)    Proof of Claim

The Debtors are enclosing a Proof of Claim form for use in these cases, or you may use another Proof of Claim form that conforms substantially to Official Bankruptcy Form B 410.  If your claim is scheduled by the Debtors, the attached Proof of Claim form also sets forth:  (i) the amount of your claim (if any) as scheduled by the Debtors; (ii) whether your claim is scheduled as either one or more of:  disputed, contingent, or unliquidated; and (iii) whether your claim is listed as a secured, unsecured priority, or unsecured nonpriority claim.  You will receive a different Proof of Claim form for each claim scheduled in your name by the Debtors.  You may utilize the Proof of Claim form provided by the Debtors to file your claim. If you do not agree with the information in the Proof of Claim form, you may fill out a new Proof of Claim form. If you have claims against more than one Debtor, you must complete separate Proof of Claim forms for EACH Debtor.

The following requirements shall apply with respect to filing and preparation of each Proof of Claim or Administrative Expense Claim:

(i)    each Proof of Claim must: (a) be written in English; (b) include a claim amount denominated in United States dollars (and to the extent such claim is converted to United States dollars, the conversion rate used in such conversion); (c) conform substantially with the claim form provided by the Debtors; and (d) be signed by the holder of the claim or by an authorized agent of the holder of the claim;

(ii)    all claimants must either submit a Proof of Claim electronically through this Court's electronic claims filing system available at https://ecf.deb.uscourts.gov/cgi-bin/autoFilingClaims.pl or submit an original, written Proof of Claim by mail that substantially conforms with the Proof of Claim Form—copies of Proofs of Claim sent by facsimile or electronic mail will not be accepted;

(iii)    each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d) (or, if such documentation is voluminous, filed or otherwise on the record in these cases, or already in the possession of the Debtors and/or their professionals, include a summary of such documentation), or an explanation as to why such documentation is not available;

(iv)    each Administrative Expense Claim must:  (a) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (b) be written in English; (c) denominate the asserted claim in lawful currency of the United States as of the Administrative Expense Bar Date; (d) indicate the particular Debtor against which the claim is asserted; and (e) include supporting documentation (or, if such documentation is voluminous, filed or otherwise on the record in these cases, or already in

4

28512047.4

the possession of the Debtors include a summary of such documentation) or an explanation as to why such documentation is not available. Documentation should include both evidence of the nature of the administrative expense claim asserted as well as evidence of the date on which the administrative expense claim arose;

(v)    all claimants must submit an original, written Administrative Expense Claim that substantially conforms with the Administrative Expense Claim Form—Administrative Expense Claims sent by facsimile or electronic mail will not be accepted;

(vi)    with respect to any request for payment of a claim under section 503(b)(9) of the Bankruptcy Code, (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date, (ii) attach documentation identifying which of the Debtors such goods were shipped to and the date such goods were received by such Debtors, (iii) state whether the value of the goods asserted in the Proof of Claim represents a combination of goods and services and, if applicable, the percentage of alleged value related to services and related to goods, and (iv) attach any documentation identifying the particular invoices for which the section 503(b)(9) claim is being asserted; and

(vii)    each Proof of Claim or Administrative Expense Claim, including supporting documentation, must be filed so as to be actually received by this Court on or before the applicable Bar Date as applicable (a) by completing the electronic Proof of Claim Form on this Court's website at https://ecf.deb.uscourts.gov/cgi-bin/autoFilingClaims.pl, or (b) by mail so as to be received on or before the applicable Bar Date at the following address:

> United States Bankruptcy Court
> Attn: Claims
> 824 Market Street, 3rd Floor
> Wilmington, DE 19801

~~All Proof of Claim forms must be signed by the creditor or, if the creditor is not an individual, by an authorized agent of the creditor.  The Proof of Claim form must be written in English and be~~ ~~denominated in United States currency.  You should attach to your completed Proof of Claim any documents on which the claim is based (or, if such documents are voluminous, attach a summary) or an explanation as to why the documents are not available.~~

Under the Bar Date Order, the filing of a Proof of Claim form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code.  All other administrative claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code.  *For the avoidance of doubt, Section 503(b)(9) Claims must be filed by the General Bar Date.*

(i)    Request for Payment of Administrative Expense Claim

Pursuant to the terms of the Bar Date Order, and except as provided therein or Section 7 below, each person or entity that holds or wishes to assert an Administrative Expense Claim against the Debtors' estates that may have arisen after the Petition Date up through the date the Bar Date Order was entered, which was ____, 2021, must file a request for allowance of such Administrative Expense Claim (each, a "Request for Payment of Administrative Expense Claim") on or before the Administrative Expense Bar Date.

---

The Debtors are enclosing a form of Request for Payment of Administrative Expense Claim for use in these cases.  Each Request for Payment of Administrative Expense Claim must: (i) be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant; (ii) be written in English; (iii) denominate the asserted claim in lawful currency of the United States as of the Administrative Expense Bar Date; (iv) indicate the particular Debtor against which the claim is asserted; and (v) include supporting documentation (or, if such documentation is voluminous, filed or otherwise on the record in these cases, or already in the possession of the Debtors, include a summary of such documentation) or an explanation as to why such documentation is not available.  Documentation should include both evidence of the nature of the administrative expense claim asserted as well as evidence of the date on which the administrative expense claim arose. If you have claims against more than one Debtor, you must complete separate Proof of Claim forms for EACH Debtor. **PROOFS OF CLAIM OR REQUESTS FOR ADMINISTRATIVE EXPENSE CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL <u>NOT</u> BE ACCEPTED.**

---

**4.    When and Where to File**

All Proofs of Claim or Requests for Administrative Expense Claim must be submitted so as to be actually received by the Court, ***on or before the applicable Bar Date*** (i) by completing the electronic Proof of Claim form on the Court's website at https://ecf.deb.uscourts.gov/cgi-bin/autoFilingClaims.pl, or (ii) by mailing an original, written Proof of Claim and one (1) copy so as to be received *on or before the applicable Bar Date* at the following address:

> United States Bankruptcy Court
> Attn: Claims
> 824 Market Street, 3rd Floor
> Wilmington, DE 19801

***Proofs of Claim or Requests for Administrative Expense Claim will be deemed filed only when actually received by the Court. It is NOT sufficient for the Proof of Claim or Requests for Administrative Expense Claim be post-marked by the applicable Bar Date.  It must be RECEIVED by the Court by the applicable Bar Date.*** *Proofs of Claim or Requests for Administrative Expense Claim may not be delivered by facsimile or electronic mail transmission.* Any facsimile or electronic mail submissions will not be accepted and will not be considered filed until a Proof of Claim or Request for Administrative Expense Claim is submitted by one of the applicable methods described above.

6

28512047.4

5.     **Who Need ~~Not~~ NOT File a Proof of Claim**

The Bar Date Order further provides that the following entities, who otherwise would be subject to the General Bar Date, need *~~not~~ **NOT*** file Proofs of Claim in these cases:

(i)    any person or entity that already has filed a signed Proof of Claim against the Debtors with the Clerk of the Court in a form substantially similar to Official Bankruptcy Form B 410;

(ii)   any person or entity whose claim is listed on the Schedules if: (a) the claim is not scheduled as any of "disputed," "contingent," or "unliquidated," ~~and~~ (b) such person or entity agrees with the amount, nature, classification, and priority of the claim as set forth in the Schedules; and (c) such person or entity agrees that the claim is an obligation of the specific Debtor that listed the claim in its Schedules;

(iii)  any holder of a claim that previously has been allowed by order of the Court;

(iv)   any holder of a claim for amounts that constitute Policy Payments for Zohar II as set forth in Footnote 1 to the Settlement Agreement;

(v)    any holder of a claim that has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court; and

(vi)   any holder of an interest based on equity securities of the Debtors solely with respect to such holder's ownership interest in or possession of such equity securities; *provided, however*, that any such holders who wish to assert a claim against the Debtors based on transactions in the Debtors' securities, including, but not limited to, claims for damages or rescission based on the purchase or sale of such securities, must file a Proof of Claim on or prior to the General Bar Date; *provided, further*, that the Debtors reserve all rights with respect to any such claims including, *inter alia*, to assert that such claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code.

6.     **Executory Contracts and Unexpired Leases**

As described in <u>Section 1</u> above, any entity that has a claim arising out of the rejection of an executory contract or unexpired lease prior to the confirmation of ~~a~~ any plan of reorganization or liquidation in these cases must file a Proof of Claim for damages caused by such rejection by the Rejection Bar Date.

7.     **Who Need ~~Not~~ NOT File a Request for Administrative Expense Claim**

Pursuant to the terms of the Bar Date Order, the Administrative Expense Bar Date **<u>DOES NOT</u>** apply to the following claims:

(i)    any Administrative Expense Claims of the Indenture Trustee, but not any Administrative Expense Claims of individual noteholders or equityholders for any asserted ~~claim~~ claims under Section 507(b) of the Bankruptcy Code or any ~~claim~~

7

Administrative Expense Claims of individual noteholders or equityholders arising under the DIP order or final cash collateral order.;

(ii)    any Administrative Expense Claims that (a) have been previously paid by the Debtors in the ordinary course of business, or (b) have otherwise been satisfied;

(iii)   any Administrative Expense Claim held by the DIP Lender in that capacity;

(iv)   Administrative Expense Claims previously filed with the Court;

(v)    Administrative Expense Claims for compensation, indemnification, or reimbursement of costs and expenses relating to professional services performed and expenses incurred on and after the Petition Date by any professional advisor (*i.e.*, attorneys, financial advisors, accountants, *etc.*) retained by the Debtors under sections 327, 328, 330, 331, 363, or 1103 of the Bankruptcy Code, or retained by the Independent Director (as defined below), and whose Administrative Expense Claim is for services rendered and/or reimbursement of expenses incurred in the Chapter 11 Cases;

(vi)   Administrative Expense Claims for compensation, indemnification, or reimbursement of costs and expenses relating to professional services performed and expenses incurred on and after the Petition Date by Joseph J. Farnan Jr. as the Debtors' independent director (the "Independent Director"), Michael Katzenstein as the Debtors' chief restructuring officer (the "Chief Restructuring Officer"), Mark Kirschner as the Debtors' former Chief Restructuring Officer, Rob Kost as the Debtors' current chief monetization officer (the "Chief Monetization Officer"), Ankura Trust Company, LLC, in either of its capacities as the New Agent or the new Collateral Manager, or any of their respective firms, or their professionals;

(vii)  Administrative Expense Claims payable by the Debtors pursuant to the terms of the DIP Order;

(viii) Administrative Expense Claims arising under that certain *Order Approving Independent Director Service Agreement and Indemnification Agreement* [Docket No. 345];

(ix)   any Administrative Expense Claims for fees payable to the Clerk of this Court;

(x)    any fees payable to the Office of the United States Trustee under 28 U.S.C. § 1930(a)(6) or accrued interest thereon arising under 31 U.S.C. § 3717; and

(xi)   any Administrative Expense Claim asserted by one Debtor against another Debtor.

**8.    Consequences of Failure to File**

**ANY PERSON OR ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM BUT THAT FAILS TO DO SO BY THE APPLICABLE BAR DATE DESCRIBED IN THIS**

NOTICE SHALL MAY BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM THE FOLLOWING: **(I) ASSERTING ANY** PREPETITION **CLAIM AGAINST THE DEBTORS** THAT AROSE PRIOR TO THE PETITION DATE THAT THE ENTITY HAS IN THESE CHAPTER 11 CASES THAT YOU HAVE **THAT (A) IS IN AN AMOUNT THAT EXCEEDS THE AMOUNT, IF ANY, THAT** IS IDENTIFIED MAY BE SET FORTH **IN THE** DEBTORS' **SCHEDULES** ON BEHALF OF SUCH ENTITY AS UNDISPUTED, NONCONTINGENT AND LIQUIDATED**, OR (B) IS OF A DIFFERENT NATURE OR** IN **A DIFFERENT CLASSIFICATION THAN** ANY CLAIM IDENTIFIED WHAT MAY BE SET FORTH **IN THE SCHEDULES** ON BEHALF OF SUCH PERSON OR ENTITY (IN EITHER CASE, **ANY SUCH CLAIM** UNDER SUBPARAGRAPH (A) **BEING** HEREAFTER **REFERRED TO** IN THIS NOTICE **AS AN "UNSCHEDULED CLAIM");** OR AND **(II) VOTING UPON, OR RECEIVING DISTRIBUTIONS UNDER, ANY** CONFIRMED **PLAN OR PLANS OF REORGANIZATION** OR LIQUIDATION **IN THE CHAPTER 11 CASES IN RESPECT OF AN UNSCHEDULED CLAIM.**

EXCEPT AS SET FORTH IN SECTION 503(B)(1(D) OF THE BANKRUPTCY CODE OR LOCAL RULE 3002-1(C), **ANY HOLDER OF AN ADMINISTRATIVE EXPENSE CLAIM** THAT AROSE PRIOR TO [_____], WHICH IS THE DATE OF THE ENTRY OF THE BAR DATE ORDER, **AGAINST ANY OF THE DEBTORS WHO IS REQUIRED, BUT FAILS, TO FILE A REQUEST FOR ADMINISTRATIVE EXPENSE CLAIM IN ACCORDANCE WITH THE BAR DATE ORDER ON OR BEFORE THE ADMINISTRATIVE EXPENSE BAR DATE SHALL NOT BE PERMITTED TO PARTICIPATE IN ANY DISTRIBUTION IN THE CHAPTER 11 CASES ON ACCOUNT OF SUCH ADMINISTRATIVE EXPENSE CLAIM.**

### 9. The Debtor's Schedules and Access Thereto

You may be listed as the holder of a claim against the Debtors in the Schedules.  To determine if and how you are listed in the Schedules, please refer to the information set forth on the enclosed Proof of Claim form regarding the nature, amount, classification, and status of your claim.

If you choose to rely on the Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.  However, the enclosed form:  (i) sets forth the amount of your claim (if any) as set forth in the Schedules; (ii) specifies whether your claim is listed in the Schedules as either one or more of disputed, contingent, or unliquidated; and (iii) identifies whether your claim is scheduled as a secured claim, unsecured priority claim, or unsecured nonpriority claim. Please see Section 11 below for instructions on how to obtain copies of the Schedules.

As described above, if:  (i) you agree with the nature, amount, and status of your claim as listed in the Schedules, and (ii) your claim is *not* described as either one or more of:  "disputed," "contingent," or "unliquidated," and (iii) you agree that the claim is an obligation of the specific Debtor that listed the claim in its Schedules, you need not file a Proof of Claim. Otherwise, you must file a Proof of Claim before the applicable Bar Date in accordance with the procedures set forth in this Notice. **Please note that you must file a separate Proof of Claim for EACH Debtor.**

28512047.4

## 10.    Reservation of Rights

The Debtors reserve the right to:  (i) dispute, or to assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, priority, classification, or otherwise; (ii) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (iii) otherwise amend or supplement the Schedules.  Nothing contained in this Notice shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

## 11.    Additional Information

Copies of the Schedules and other filings in the ~~chapter 11 cases~~ Chapter 11 Cases also are available for a fee at the Court's website at www.deb.uscourts.gov. Copies of the Debtors' Schedules can be found at Docket Nos. 414, 416, 418, 420, 422, & 424.[3]  A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through PACER at www.pacer.psc.uscourts.gov. Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 9:00 a.m. and 4:30 p.m. (prevailing Eastern time), Monday through Friday, at the office of the Clerk of the Court, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

If you require additional information regarding the filing of a Proof of Claim, you may visit the Court's website at http://www.deb.uscourts.gov/claims-information.

HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT ITS OWN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM OR A REQUEST FOR ADMINISTRATIVE EXPENSE CLAIM.  NEITHER THE COURT NOR COUNSEL TO THE DEBTORS CAN ADVISE CREDITORS WHETHER THEY SHOULD FILE A PROOF OF CLAIM OR A REQUEST FOR ADMINISTRATIVE EXPENSE CLAIM.

Dated: [●], 2021
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

 /s/ _____
James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Michael R. Nestor (No. 3526)
Joseph M. Barry (No. 4221)
Ryan M. Bartley (No. 4985)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801

---

[3] On August 23, 2018, the Debtors filed a notice of certain amendments to the Schedules.  *See* Docket No. 433.

28512047.4

Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: jpatton@ycst.com
        rbrady@ycst.com
        mnestor@ycst.com
        jbarry@ycst.com
        rbartley@ycst.com

*Counsel to the Debtors and Debtors in
Possession*

28512047.4

## EXHIBIT 2

**Form of Proof of Claim**

## **EXHIBIT 3**

**Form of Request for Administrative Expense**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Zohar III, Corp., *et al.*,[5] | ) | Case No. 18-10512 (KBO) |
|  | ) |  |
|  | ) | Jointly Administered |
| Debtors. | ) |  |
|  | ) |  |
|  | ) |  |

**REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

1.  Name of claimant: _____

2.  Debtor that the claim is asserted against (check one):

    _____  Zohar III, Corp.

    _____  Zohar II 2005-1, Corp.

    _____  Zohar CDO 2003-1, Corp.

    _____  Zohar III, Limited

    _____  Zohar II 2005-1, Limited

    _____  Zohar CDO 2003-1, Limited

3.  Nature and description of the claim (you may attach a separate summary): _____

    _____

4.  Date(s) claim arose: _____

5.  Amount of claim: _____

6.  Documentation supporting the claim must be attached hereto.  Documentation should include both evidence of the nature of the Administrative Expense Claim asserted as well as evidence of the date or dates on which the Administrative Expense Claim arose.

Date:                           Signature: _____
                                Name:      _____
                                Address:   _____
                                           _____
                                           _____
                                           _____
                                Phone Number: _____
                                Email: _____

---

[5] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119).  The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

28512047.4

28512047.4

| Summary Report | |
|---|---|
| Title | **compareDocs Comparison Results** |
| Date & Time | 8/24/2021 4:58:08 PM |
| Comparison Time | 1.22 seconds |
| compareDocs version | v5.0.100.42 |

| Sources | |
|---|---|
| Original Document | [#28512047] [v1] Zohar - Bar Date order and Exhibits.docx |
| Modified Document | [#28512047] [v4] Zohar - Bar Date Order and Exhibits.docx |

| Comparison Statistics | |
|---|---|
| Insertions | 73 |
| Deletions | 25 |
| Changes | 27 |
| Moves | 6 |
| Font Changes | 0 |
| Paragraph Style Changes | 0 |
| Character Style Changes | 0 |
| TOTAL CHANGES | 131 |
| | |
| | |
| | |

| Word Rendering Set Markup Options | |
|---|---|
| Name | Standard |
| Insertions | |
| Deletions | |
| Moves / Moves | |
| Font Changes | |
| Paragraph Style Changes | |
| Character Style Changes | |
| Inserted cells | |
| Deleted cells | |
| Merged cells | |
| Changed lines | Mark left border. |

| compareDocs Settings Used | Category | Option Selected |
|---|---|---|
| Open Comparison Report after saving | General | Always |
| Report Type | Word | TrackChanges |
| Character Level | Word | False |
| Include Comments | Word | False |
| Include Field Codes | Word | True |
| Flatten Field Codes | Word | True |
| Include Footnotes / Endnotes | Word | True |
| Include Headers / Footers | Word | True |
| Image compare mode | Word | Insert/Delete |
| Include List Numbers | Word | True |
| Include Quotation Marks | Word | False |
| Show Moves | Word | True |
| Include Tables | Word | True |
| Include Text Boxes | Word | True |
| Show Reviewing Pane | Word | True |
| Summary Report | Word | End |
| Detail Report | Word | Separate (View Only) |
| Document View | Word | Print |