IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>Zohar III, Corp., *et al.*,[1]<br><br>　　　　　　　Debtors. | Chapter 11<br><br>Case No. 18-10512 (KBO)<br><br>Jointly Administered<br><br>**Obj. Deadline: September 23, 2021 at 4:00 p.m. (ET)**<br>**Hearing Date: October 19, 2021 at 10:00 a.m. (ET)** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER,
PURSUANT TO BANKRUPTCY RULES 9006 AND 9027,
EXTENDING THE PERIOD WITHIN WHICH THE DEBTORS
MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452**

Zohar III, Corp. and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), extending the period within which the Debtors may remove actions pursuant to 28 U.S.C. § 1452 by approximately six months, through and including March 11, 2022. In support of this Motion, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and pursuant to Rule 9013-1(f) of the Local Rules of Practice and Procedure of the

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

28567496.2

United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The predicates for the relief sought herein are Bankruptcy Rules 9006 and 9027.

## BACKGROUND

**A.    General Background**

4. On March 11, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors have continued in possession of their properties and the operation of their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. General information about the Debtors and the events leading up to the Petition Date can be found in the *Declaration of Marc S. Kirschner in Support of Chapter 11 Petitions* [Docket No. 6] and the *Declaration of Lynn Tilton in Support of Chapter 11 Petitions* [Docket No. 5], each filed on March 12, 2018.

6. On April 30, 2018, the Debtors filed a motion seeking approval of the *Settlement Agreement By and Between the Debtors, Lynn Tilton, the Patriarch Stakeholders, MBIA Insurance Corp., and the Zohar III Controlling Class* [Docket No. 266, Ex. 1] (the "Settlement Agreement").[2] On May 21, 2018, the Court entered an order [Docket No. 266] approving the Settlement Agreement.

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Settlement Agreement.

28567496.2

2

**B.    The Actions and the Prior Extensions of the Removal Deadline**

7.    The Debtors are parties to actions currently pending in the courts of certain states and federal districts (each, an "Action" and, collectively, the "Actions"). The initial deadline by which the Debtors were required to file notices of removal pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 was June 11, 2018 (the "Initial Removal Deadline").

8.    On June 8, 2018, the Debtors filed a motion [Docket No. 294] (the "First Extension Motion") seeking an extension of the Initial Removal Deadline through and including September 11, 2019, subject to an automatic three-month extension to December 11, 2019 if certain conditions were met (the "First Extended Removal Deadline"). On August 15, 2019, the Court granted the First Extension Motion [Docket No. 407].

9.    On September 11, 2019, the Debtors filed a motion [Docket No. 926] (the "Second Extension Motion") seeking an extension of the First Extended Removal Deadline through and including March 11, 2020 (the "Second Extended Removal Deadline"). On October 4, 2019, the Court granted the Second Extension Motion [Docket No. 983].

10.    On March 10, 2020, the Debtors filed a motion [Docket No. 1479] (the "Third Extension Motion") seeking an extension of the Second Extended Removal Deadline through and including September 11, 2020, which the Court granted by order dated March 20, 2020 [Docket No. 1502].

11.    On September 10, 2020, the Debtors filed a motion [Docket No. 1934] (the "Fourth Extension Motion") seeking an extension of the Third Extended Removal Deadline through and including March 11, 2021, which the Court granted by order dated September 29, 2020 [Docket No. 1966].

12. On March 9, 2021, the Debtors filed a motion [Docket No. 2368] (the "Fifth Extension Motion") seeking an extension of the Fourth Removal Deadline through and including September 10, 2021, which the Court granted by order dated March 25, 2021 [Docket No. 2401].

13. Accordingly, the current deadline for the Debtors to file notices of removal pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 is September 10, 2021 (the "Current Removal Deadline").

## RELIEF REQUESTED

14. By this Motion, the Debtors request entry of the Proposed Order extending the Current Removal Deadline through and including March 11, 2022 (the "Extended Removal Deadline").[3] This Motion is made without prejudice to the rights of the Debtors and their estates to seek further extensions of the Extended Removal Deadline or to the rights of any party to the Settlement Agreement to seek an order shortening the Extended Removal Deadline.

## BASIS FOR RELIEF

15. Bankruptcy Rule 9027 and 28 U.S.C. § 1452 govern the removal of pending civil actions. Specifically, section 1452(a) provides that:

> [a] party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Bankruptcy Rule 9027(a)(2) further provides, in pertinent part that:

> [i]f the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed in the bankruptcy court only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after

---

[3] Pursuant to Rule 9006-2 of the Local Rules, the filing of this Motion prior to the expiration of the Current Removal Deadline shall automatically extend the Current Removal Deadline until the Court acts on this Motion without the necessity for entry of a bridge order.

28567496.2

4

>   entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

16. Bankruptcy Rule 9006(b) provides that the Court may extend unexpired time periods, such as the Debtors' removal period, without notice:

>   [W]hen an act is required or allowed to be done at or within a specified period by [the Bankruptcy Rules] or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion … with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b)(1). Accordingly, the Court is authorized to grant the relief requested herein. *See Raff v. Gordon*, 58 B.R. 988 (Bankr. E.D. Pa. 1986) (stating that the period within which to file a motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.)*, 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (same); *see also Doan v. Loomis (In re Fort Dodge Creamery Co.)*, 117 B.R. 438 (Bankr. N.D. Iowa 1990) (implying that the time period within which a removal motion may be filed may be extended pursuant to Bankruptcy Rule 9006); *In re Boyer*, 108 B.R. 19 (Bankr. N.D.N.Y. 1988) (same).

17. Since their appointment, the Independent Director, the CRO, and the CMO, along with their professional advisors, have devoted significant efforts towards maximizing the value of the Debtors' estates for the benefit of all stakeholders through the monetization of the Portfolio Companies in accordance with the Settlement Agreement. To that end, the Debtors have obtained entry of orders approving monetization transactions with respect to Denali Incorporated; LVD Acquisition, LLC; RM Acquisition, LLC; Libertas Copper LLC (d/b/a Hussey Copper), Snelling

28567496.2

5

Staffing, LLC (and certain of its affiliates), FSAR Holding, Inc., and Croscill Home, LLC. In addition, the Debtors have been active participants in the chapter 11 cases of Zohar Portfolio Companies Gorham Paper & Tissue, LLC and White Mountain Tissue, LLC, which were monetized through a 363 sale process overseen by the Court.

19. 18. Since the Debtors' focus has been on raising cash to repay their noteholders through monetization transactions, the Debtors have not finalized any strategies related to the continuation of the Actions, should that become necessary, including determining if any should be removed pursuant to Bankruptcy Rule 9027(a). As such, the Debtors believe that it is prudent to seek an extension of the period within which they may remove actions pursuant to 28 U.S.C. § 1452, through and including March 11, 2022, to provide the Debtors with adequate time to determine whether they wish to remove any Actions or to otherwise seek a further extension of the Extended Removal Deadline.

19. For these reasons, the Debtors submit that extending the Current Removal Deadline is in the best interests of the Debtors, their estates, and creditors. The extension sought will afford the Debtors an opportunity to make fully-informed decisions concerning the removal of any Actions after appropriate review and deliberation and will assure that the Debtors and their estates do not forfeit the valuable rights afforded to them under 28 U.S.C. § 1452. Furthermore, the Debtors submit that granting the extension requested herein will not prejudice the rights of their adversaries in the Actions because, in many (if not all) circumstances, such parties may not prosecute such Actions absent relief from the automatic stay. In addition, nothing herein will prejudice any party to any Action that the Debtors may ultimately attempt to remove from seeking the remand of such Action under 28 U.S.C. § 1452(b) at the appropriate time.

28567496.2

20. For the reasons set forth above, the Debtors submit that extending the Current Removal Deadline through and including March 11, 2022 is necessary, prudent, and in the best interests of the Debtors, their estates, and creditors.

## **NOTICE**

21. Notice of this Motion will be provided to: (i) the U.S. Trustee; (ii) counsel to the Patriarch Stakeholders; (iii) counsel to U.S. Bank, as indenture trustee; (iv) counsel to MBIA; (v) counsel to the Zohar III Controlling Class; (vi) parties to the Actions or their counsel, if known; and (vii) all parties that have filed a notice of appearance in these Chapter 11 cases pursuant to Fed. R. Bankr. P. 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of this page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order (i) extending the period within which the Debtors may remove actions pursuant to 28 U.S.C. § 1452 through and including March 11, 2022, and (ii) granting such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: September 9, 2021<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Shane M. Reil*<br>James L. Patton, Jr. (No. 2202)<br>Robert S. Brady (No. 2847)<br>Michael R. Nestor (No. 3526)<br>Joseph M. Barry (No. 4221)<br>Ryan M. Bartley (No. 4985)<br>Shane M. Reil (No. 6195)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email: jpatton@ycst.com<br>        rbrady@ycst.com<br>        mnestor@ycst.com<br>        jbarry@ycst.com<br>        rbartley@ycst.com<br>        sreil@ycst.com<br><br>*Counsel to the Debtors and Debtors in Possession* |

28567496.2