IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ZOHAR III, CORP., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-10512 (KBO)<br><br>Jointly Administered<br><br>**Hearing Date: To be determined**<br>**Objection Deadline: October 25, 2021 at 4:00 p.m. (ET)** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO FILE CERTAIN INFORMATION IN THE DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO ONE OR MORE POTENTIAL TRANSACTIONS RELATING TO COMPANY G AND (II) GRANTING RELATED RELIEF UNDER SEAL**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), authorizing the Debtors to file certain information in the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Enter Into One or More Potential Transactions Relating to Company G and (II) Granting Related Relief* [D.I. 2833] (the "Company G Motion") under seal,[2] pursuant to: (i) sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"); (ii) Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and (iii) Rule 9018-1(d) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").  The Debtors have concurrently filed their proposed

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119).  The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Company G Motion.

redacted version of the Company G Motion [Docket No. 2841]. In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Local Rule 9013-1(f), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1(d).

## BACKGROUND

4. On October 5, 2021, the Debtors filed the Company G Motion seeking relief to facilitate the Monetization Process of the Debtors' Portfolio Companies as it pertains to Company G. Through the Company G Motion, the Debtors seek authority to submit a binding bid in Company G's sale process, in the Independent Director's and the CRO's sole discretion, if it would maximize value for their estates. The ultimate sale transaction will remain subject to the noticing, hearing, and order requirements set forth in the Monetization Procedures Order (or another subsequent order of the Court).

5.  The Company G Motion contains confidential, commercial information (the "Confidential Information") regarding Company G, the disclosure of which could harm Company G's sale process and the Debtors' chapter 11 efforts.

## RELIEF REQUESTED

6.  By this Motion, the Debtors request entry of the Proposed Order authorizing the Debtors to redact the Confidential Information (the "Sealed Material") from the Company G Motion. In addition, the Debtors request that the Sealed Material not be made available to anyone other than the Court, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), the Patriarch Stakeholders, MBIA and the Zohar III Controlling Class (both individually and as members of the committee under the settlement agreement in these cases), MB Global (as Zohar III noteholder), U.S. Bank (in its capacity as Indenture Trustee), Ankura, Company G, and JMB Capital Partners Lending, LLC (in its capacity as the Debtors' DIP lender), as well as each of their respective advisors, except as ordered by the Court or agreed to by the Debtors.

## BASIS FOR RELIEF REQUESTED

7.  Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides in part that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may –
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b). In addition, under section 105(a) of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

8. Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018.

9. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *Orion Pictures*, 21 F.3d at 27; *see also In re Altegrity, Inc.*, No. 15-10226, 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) ("[I]f it is established that the documents sought to be sealed fall within the enumerated statutory exception, the court must grant the requested relief (or such other relief that protects the moving party)." (emphasis added)). A party seeking the protection of section 107(b) need only demonstrate that the information is "confidential" and "commercial" in nature. *Orion*, 21 F.3d at 28; *see also Altegrity*, 2015 WL 10963572, at *3.

10. Significantly, commercial information need not rise to the level of a trade secret to be entitled to protection. *Altegrity*, 2015 WL 10963572, at *3; *see also Orion*, 21 F.3d at 28

4

(finding that the use of the disjunctive in section 107(b)(1) "neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former"). Nor is the term "commercial information" limited to information that will give an entity's competitors an unfair advantage. *See In re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011). Indeed, "the term includes situations where a bankruptcy court may reasonably determine that allowing [] disclosure would have a chilling effect on business negotiations, ultimately affecting the viability of Debtors." *Id* (internal quotation marks). A party seeking the protection of section 107(b) need only demonstrate that the information is "confidential" and "commercial" in nature. *Orion*, 21 F.3d at 28; *see also Altegrity*, 2015 WL 10963572, at *3.

11. The Sealed Material satisfies section 107(b) because it contains "confidential . . . commercial information" that is entitled to protection. This Court has previously agreed to keep under seal sensitive, company specific information where disclosure could interfere with a company, any current or future efforts to sell that company, or the monetization efforts in these chapter 11 cases. The Sealed Material includes sensitive information regarding Company G, the public disclosure of which could negatively impact the Monetization Process with respect to Company G and thereby harm the stakeholders in these chapter 11 cases.

12. For the reasons set forth above, the Debtors submit that the Sealed Material falls within section 107(b)(1), good cause exists for the Court to grant the relief requested herein, and approval of this Motion is appropriate.

### COMPLIANCE WITH LOCAL RULE 9018-1(d)

13. Counsel for the Debtors hereby certifies that counsel has conferred in good faith, and reached agreement, with counsel to Company G and counsel to the Patriarch Stakeholders as to what information contained in the Company G Motion should remain sealed from public view.

Their agreement is reflected in the redacted version of the Company G Motion filed with the Court contemporaneously herewith.  Counsel to the Debtors also conferred with the U.S. Trustee, who does not object to the Sealed Material being filed under seal.

## **NOTICE**

14. The Debtors will provide notice of this Motion to: (i) the U.S. Trustee; (ii) counsel to the Patriarch Stakeholders; (iii) counsel to U.S. Bank, as indenture trustee; (iv) counsel to MBIA; (v) counsel to the Zohar III Controlling Class; (vi) counsel to Company G; and (vii) all parties that, as of the filing of this Motion, have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

*[Remainder of page intentionally left blank]*

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Proposed Order authorizing the Debtors to file portions of the Company G Motion under seal and approving the redactions reflected in the Sealed Material, and (b) grant the Debtors such other and further relief as is just and proper.

|  |  |
|---|---|
| Dated: October 11, 2021<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|  | */s/ Shane M. Reil* |
|  | James L. Patton, Jr. (No. 2202)<br>Robert S. Brady (No. 2847)<br>Michael R. Nestor (No. 3526)<br>Joseph M. Barry (No. 4421)<br>Ryan M. Bartley (No. 4985)<br>Shane M. Reil (No. 6195)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email: jpatton@ycst.com<br>          rbrady@ycst.com<br>          mnestor@ycst.com<br>          jbarry@ycst.com<br>          rbartley@ycst.com<br>          sreil@ycst.com |
|  | *Counsel to the Debtors* |