**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Zohar III, Corp., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-10512 (KBO)<br><br>Jointly Administered<br><br>**Re: D.I. 2908** |

**PATRIARCH'S LIMITED OBJECTION AND RESERVATION OF RIGHTS REGARDING NOTICE OF BINDING PORTFOLIO COMPANY (HERITAGE) TRANSACTION PURSUANT TO PORTFOLIO COMPANY TRANSACTION PROCEDURES**

Lynn Tilton and the Patriarch Stakeholders (collectively, "Patriarch"),[2] by and through their undersigned counsel, hereby submit this limited objection and reservation of rights (the "Limited Objection") to the *Notice of Binding Portfolio Company (Heritage) Transaction Pursuant to Portfolio Company Transaction Procedures* [D.I. 2908] (the "Transaction Notice"). In support of this Limited Objection, Patriarch respectfully states as follows:

**LIMITED OBJECTION**

1. Patriarch generally does not object to the proposed Heritage Transaction, and prior to this Objection Patriarch has engaged in good faith negotiations with the Debtors on the proposed form of order to narrow the issues to be presented to the Court. One issue the parties have yet to resolve, however, deals with the preservation of various Patriarch indemnification rights.

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261) ("Zohar III"), Zohar II 2005-1, Limited (8297) ("Zohar II"), and Zohar CDO 2003-1, Limited (5119) ("Zohar I," and together with Zohar II and Zohar III, the "Zohar Funds"). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

[2] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Transaction Notice.

2. Patriarch's indemnification rights fall into two distinct categories. *First*, Patriarch has indemnification rights that may result from "Retained Claims"—potential claims of the Company (if any) that the Debtors are retaining and preserving the right to direct and bring against former partners, officers and executives. As the Court may recall, after a lengthy trial regarding the sale of RAND McNally last October, the Court held that paragraph 18 of the Settlement Agreement did not contemplate a release of all of Patriarch's claims against a portfolio company, including specifically claims for indemnification; instead, the released claims were limited to those for which proof is provided under the "pay first, sell next, fight later" settlement provision.

3. Following that ruling, the Debtors included language in the RAND order which established a $750,000 escrow to account for Patriarch's potential indemnification claims that may arise from the prosecution of retained claims in the RAND transaction. The RAND order also provides that any liability for any indemnification claim in connection with such retained claims must be asserted against the Debtors as opposed to the portfolio company. In this way the buyer was removed from any future disputes between the Zohars and the Patriarch Stakeholders. The construct of this arrangement was utilized in other portfolio company sales since, including PDP. D.I. 2050 ¶ 20(c); D.I. 2480 ¶ 19(c). The Debtors propose similar language here in paragraph 18 of the proposed order.

4. Patriarch objects to the Debtors' failure to increase the $750,000 escrow to an amount sufficient to account for the increased risk of indemnification claims that are added through the Debtors' preservation of the "Retained Claims" with respect to the Company. Patriarch therefore submits that the escrow should be increased in an amount determined by the Court to adequately protect Patriarch from the increased risk associated with the Debtors' preservation for itself of these new Retained Claims. Patriarch hopes to continue discussing an appropriate increase

of the escrow with the Debtors in advance of the hearing. If the parties are not able to reach an agreement, Patriarch intends to ask the Court to establish a fair increase of the escrow to account for the Debtors' proposal to release the Company from any indemnification claim Patriarch may hold relating to a Retained Claims. Given that the Debtors did not increase the escrow when the PDP order was entered, and now seek to preserve additional claims that may trigger use of the escrowed funds, Patriarch proposes a modest increase of $250,000 to the escrow, which is 1/3 of its current amount, or such other amount as the Court deems appropriate.

5. *Second*, Patriarch objects to paragraph 9's release of liens and claims language to the extent it operates to usurp Patriarch's indemnification rights against the Company that have nothing to do with the Retained Claims. In other words, other than the Retained Claims which have been accounted for in paragraph 18 of the proposed order by transferring the indemnification liability to the Debtors and providing for an escrow, all other potential future indemnification claims against the Company should be fully preserved. For example, if Ms. Tilton were named in a lawsuit along with other current or former officers and directors of the Company by a third-party unaffiliated with the Debtors and unrelated to the Retained Claims (for example, a personal injury or breach of contract claim), Ms. Tilton should have the same indemnification rights against the Company as any other officer or director who may have similar indemnification rights under the relevant Company governing documents or state corporate or partnership law. Such preservation is only fair and equitable. To resolve this objection, Patriarch proposes that the Court order the inclusion of the following language in the proposed order:

> For the avoidance of doubt, nothing in this Order shall encumber, release or waive any indemnification rights that may be asserted by the Patriarch Stakeholders against the Company that are not in connection with Retained Claims.

**RESERVATION OF RIGHTS**

6. In an attempt to narrow the issues in advance of the hearing on the Heritage Transaction, Patriarch's counsel provided Debtors' counsel with certain comments that the Debtors have incorporated into a modified form of the Proposed Transaction Order filed with the Court [D.I. 2917]. Patriarch reserves the right to (a) object to any changes to the proposed order and (b) raise any objections or further reservations to the Heritage Transaction or any proposed sale of Heritage, in a hearing or in any future proceeding.

WHEREFORE, Patriarch respectfully requests that the Court enter an Order denying the Heritage Transaction, unless the Debtors agree to include appropriate language to address Patriarch's concerns in this Limited Objection.

[*Remainder of Page Intentionally Blank – Signatures to Follow on Next Page*]

Dated: November 18, 2021
Wilmington, Delaware

**COLE SCHOTZ P.C.**

By: */s/ G. David Dean*
Norman L. Pernick (No. 2290)
G. David Dean (No. 6403)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
npernick@coleschotz.com
ddean@coleschotz.com

– and –

**GIBSON, DUNN & CRUTCHER LLP**
Monica K. Loseman (Admitted Pro Hac Vice)
1801 California Street, Suite 4200
Denver, CO 80202-2642
Telephone: (303) 298-5784
Facsimile: (303) 313-2828
mloseman@gibsondunn.com

*Counsel to the Patriarch Stakeholders*