## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | **Chapter 11** |
| **Zohar III, Corp.,** *et al.*,[1] | **Case No. 18-10512 (KBO)** |
| Debtors. | **(Jointly Administered)** |
| | **Hearing Date: February 22, 2022 at 10:00 a.m. (ET)** |
| | **Objection Deadline: February 15, 2022 at 4:00 p.m. (ET)** |
| | **Related D.I: 2992** |

**MOTION OF U.S. BANK NATIONAL ASSOCIATION FOR ENTRY OF AN ORDER AUTHORIZING U.S. BANK NATIONAL ASSOCIATION TO FILE UNDER SEAL THE LIMITED OBJECTION AND RESERVATION OF RIGHTS OF U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE, REGARDING MOTION TO CONSOLIDATE PATRIARCH STAKEHOLDERS' ADMINISTRATIVE EXPENSE CLAIM WITH THE DEBTORS' ADVERSARY PROCEEDING**

U.S. Bank National Association, solely in its capacity as trustee under the Indentures (the "**Trustee**")[2], by and through its undersigned counsel, hereby moves this Court (the "**Motion**") for entry of an order, the proposed form of which is attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9018-1(d) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing the Trustee to file under seal the

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 205-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 350 Fifth Avenue, c/o Golden Associates, LLC, New York, NY 10118.

[2] The Trustee Serves as indenture trustee for the Zohar Funds under certain "Indentures" (as defined in and attached to the Declaration of Mamta Scott (the "Scott Declaration") [D.I. 94]. *See* Scott Declaration ¶ 3 and Exhibit A attached thereto.

*Limited Objection and Reservation of Rights of U.S. Bank National Association, as Indenture Trustee, Regarding Motion to Consolidate Patriarch Stakeholders' Administrative Expense Claim with the Debtors' Adversary Proceeding* [D.I. 2992] (the "**Objection**").  Pursuant to Local Rule 9018-1(d), U.S. Bank will file the Proposed Redacted Document (as defined in Local Rule 9018-1(d)(ii)) following provision of the proposed redacted Objection for comment to the Debtors, the Patriarch Stakeholders, MBIA, the Zohar III Controlling Class, and the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**").  In support of the Motion, the Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  Pursuant to Local Rule 9013-(f), the Trustee consents to entry of a final order by the Court in connection with this Motion[3] to the extent it is later determined that, absent the consent of the parties, the Court cannot enter final orders of judgments herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1.

## BACKGROUND

4.      On January 4, 2022, the Patriarch Stakeholders[4] filed under seal the *Motion to Consolidate the Patriarch Stakeholders' Administrative Expense Claim with the Debtors'*

---

[3] The Trustee does not consent to the jurisdiction of this Court or entry of a final order for any purpose other than the resolution of this Motion.

[4] The Patriarch Stakeholders have the meaning ascribed to them in the settlement agreement (the "**Settlement Agreement**") approved by the Court by Ordered entered on May 21, 2018 [D.I. 266].

*Adversary Proceeding* (D.I. 2981) (the "**Motion to Consolidate**")[5].

## RELIEF REQUESTED

5.     By this Motion, the Trustee requests entry of the Proposed Order authorizing the filing of certain portions of the Objection under seal (the "**Sealed Material**"), as will be reflected in the forthcoming Proposed Redacted Document.  In addition, the Trustee requests that the Objection not be made available to anyone other than the Court, the U.S. Trustee, the Debtors, the Patriarch Stakeholders, MBIA, and the Zohar III Controlling Class, except as otherwise ordered by this Court.

## BASIS FOR RELIEF REQUESTED

6.     Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain information. In relevant part, it states that "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b); *see also* Fed. R. Bankr. P. 9018 ("On motion . . .the court may make any order which justice requires [ ] to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ."). In addition, under section 105(a) of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

7.     In order to attain the protections offered by Section 107(b), parties seeking to file briefs under seal in bankruptcy proceedings are not held to the same standards as applied under the Federal Rules of Civil Procedure. *See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994) ("When congress

---

[5] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them herein or in the Objection.

addressed the secrecy problem in § 107(b) of the Bankruptcy Code it imposed no requirement to show 'good cause' as a condition to sealing confidential commercial information."); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995) ("In other areas of the law, courts have relied on showings of 'compelling reasons,' or balancing the interests of privacy and public right to know, when reviewing a request for judicial nondisclosure.  The mandatory language of § 107(b) negates the need for such inquiries." (internal citation omitted)). If the material sought to be protected falls within any of the categories identified in Section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *In re Orion Pictures*, 21 F.3d at 27; *see also In re Altegrity, Inc.*, No. 15-10226, 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) ("[I]f it is established that the documents sought to be sealed fall within the enumerated statutory exception, the court must grant the requested relief (or such other relief that protects the moving party).").

8.      "Commercial information . . . need not rise to the level of a 'trade secret'" to be entitled to protection under Section 107(b). *In re Altegrity*, 2015 WL 10963572, at *3; *see also In re Orion Pictures*, 21 F.3d at 28 (the "clear and unambiguous usage of 'or' neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former"). Although "commercial information includes 'information which would cause an unfair advantage to competitors by providing them information as to the commercial operations'" of a party, it "extends beyond the requirement that such information will give an entity's competitors an unfair advantage." *In re Borders Grp*., 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011) (quoting *In re Orion Pictures*, 21 F.3d at 28). Instead, "the term includes situations where a bankruptcy court may reasonably determine that allowing such disclosure would have a 'chilling effect on business negotiations.'" *Id.* (quoting *In re Lomas*

- 4 -

*Fin. Corp.*, No. 90 Civ. 7827, 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991). As made clear by the plain language of the Bankruptcy Code, a movant need only demonstrate that the "information" in question is both "confidential" and "commercial" in nature. *See* 11 U.S.C. § 107(b)(1).

9.      The Sealed Material in the Objection satisfies Section 107(b) because it may contain "confidential . . . commercial information" that entitles it to protection. The Sealed Material includes information included in the Consolidation Motion that was filed under seal by the Patriarch Stakeholders. Were the Sealed Material to be made publicly available, it could risk undermining the Patriarch Stakeholders' efforts to seal such information. This Court has recognized the confidential, commercial nature of these cases and has ordered protection of the confidential information of non-parties. [*See* D.I. 518, 1123.]

10.      In accordance with Local Rule 9018-1(d), the Trustee will file a publicly viewable redacted form of the Objection following provision of the proposed redacted Objection for comment to the U.S. Trustee, the Debtors, the Patriarch Stakeholders, MBIA, and the Zohar III Controlling Class..

11.      For the reasons set forth above, the Trustee submits that the Court should grant the relief requested herein and that approval of this Motion is necessary and appropriate.

## COMPLIANCE WITH LOCAL RULE 9018-1(d)

12.      Counsel for the Trustee hereby certifies that counsel plans to confer in good faith and reach agreement with the Debtors, the Patriarch Stakeholders, MBIA, and the Zohar III Controlling Class, (who may be Holders of Confidentiality Rights as to information contained in the Objection), as well as the U.S. Trustee, concerning what information contained in the Objection must remain sealed from public view.

LEGAL02/41334465v4

**NOTICE**

13.    The Trustee will provide notice of this Motion to: (i) the U.S. Trustee; (ii) counsel to the Debtors; (iii) counsel to Patriarch Stakeholders; (iv) counsel to MBIA; (v) counsel to the Zohar III Controlling Class; and (vi) all parties that have filed a notice of appearance in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, U.S. Bank submits that no other or further notice is necessary.

**CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Trustee respectfully requests that the Court (a) enter the Proposed Order authorizing the Trustee to file the Objection under seal and approving the redactions reflected in the forthcoming Proposed Redacted Document, and (b) grant any such other and further relief as is just and proper.

Dated: January 11, 2022          Respectfully submitted,
New York, New York

**ALSTON & BIRD LLP**

By: /s/ John W. Weiss
John W. Weiss
90 Park Avenue
New York, New York 10016
Tel:    212-210-9400
Fax:    212-210-9444
Email: john.weiss@alston.com

*Attorneys for U.S. Bank National Association solely in its capacity as trustee under the Indentures*

## <u>CERTIFICATE OF SERVICE</u>

I, John W. Weiss, hereby certify that on January <u>11,</u> 2022, I caused a copy of the foregoing *MOTION OF U.S. BANK NATIONAL ASSOCIATION FOR ENTRY OF AN ORDER AUTHORIZING U.S. BANK NATIONAL ASSOCIATION TO FILE UNDER SEAL THE LIMITED OBJECTION AND RESERVATION OF RIGHTS OF U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE, REGARDING MOTION TO CONSOLIDATE PATRIARCH STAKEHOLDERS' ADMINISTRATIVE EXPENSE CLAIM WITH THE DEBTORS' ADVERSARY PROCEEDING* to be served on all parties who are scheduled to receive notice through the Court's ECF system.

**ALSTON & BIRD LLP**

By: <u>/s/ John W. Weiss</u>
John W. Weiss
90 Park Avenue
New York, New York 10016
Tel:    212-210-9400
Fax:    212-210-9444
Email: john.weiss@alston.com

*Attorneys for U.S. Bank National Association solely in its capacity as trustee under the Indentures*

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| Zohar III, Corp., *et al.*,[1] | Case No. 18-10512 (KBO) |
| Debtors. | (Jointly Administered) |
| | Related D.I: 2992 |

**ORDER AUTHORIZING U.S. BANK NATIONAL ASSOCIATION TO FILE**
**UNDER SEAL THE LIMITED OBJECTION AND RESERVATION OF RIGHTS**
**OF U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE,**
**REGARDING MOTION TO CONSOLIDATE PATRIARCH STAKEHOLDERS'**
**ADMINISTRATIVE EXPENSE CLAIM WITH THE DEBTORS' ADVERSARY**
**PROCEEDING**

Upon consideration of the motion (the "Motion")[2] filed by the Trustee for entry of

an order, pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018,

Local Rule 9018-1, authorizing the Trustee to file certain portions of the Objection under

seal; and a publicly viewable redacted version of the Objection to be filed in these cases

at Docket No. 2992; it appearing that there is good and sufficient cause for the relief set

forth in this Order; and the Court having found that it has jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334(b), and the *Amended Standing Order of Reference*

*from the United States District Court for the District of Delaware* dated as of February

29, 2012; and the Court having found that venue of these cases and the Motion in this

district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found

that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 205-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 350 Fifth Avenue, c/o Golden Associates, LLC, New York, NY 10118.
[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them herein or in the Objection.

found that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and that the legal and factual bases set forth in the Motion support the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1.      The Motion is GRANTED as provided herein.

2.      The Trustee is authorized to file those portions of the Objection that were redacted in Docket No. 2992 (the "**Sealed Material**") under seal.

3.      The Sealed Material shall not be made available to anyone, except to the Court, the Office of the United States Trustee for the District of Delaware, the Debtors, the Patriarch Stakeholders, MBIA, and the Zohar III Controlling Class, and all parties receiving the Sealed Material shall maintain its confidentiality and the confidentiality of its subject matter, including in connection with any future pleadings filed with the Court.

4.      The terms and the conditions of this Order shall be immediately effective and enforceable upon its entry.

5.      The Trustee is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | **Chapter 11** |
| **Zohar III, Corp.,** *et al.*,[8] | **Case No. 18-10512 (KBO)** |
| **Debtors.** | **(Jointly Administered)** |
| | **Hearing Date: February 22, 2022 at 10:00 a.m. (ET)** **Objection Deadline: February 15, 2022 at 4:00 p.m. (ET)** |
| | **Related D.I:** |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on January 11, 2022, the *Motion of U.S. Bank National Association For Entry of an Order Authorizing U.S. Bank National Association To File Under Seal The Limited Objection And Reservation Of Rights Of U.S. Bank National Association, As Indenture Trustee, Regarding Motion To Consolidate Patriarch Stakeholders' Administrative Expense Claim With The Debtors' Adversary Proceeding* (the "**Seal Motion**") was filed with the Court.

**PLEASE TAKE FURTHER NOTICE** that an objection, if any, to the Seal Motion must be in writing, filed with the United States Bankruptcy Court for the District of Delaware, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, and served upon the undersigned counsel, so that it is received on or before 4:00 p.m. (ET) on February 15, 2022.

**PLEASE TAKE FURTHER NOTICE** THAT, A HEARING ON THE SEAL MOTION WILL BE HELD ON FEBRUARY 22, 2022 AT 10:00 A.M. (PREVAILING EASTERN TIME) BEFORE THE HONORABLE KAREN B. OWENS, UNITED STATES BANKRUPTCY JUDGE OF THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE, 824 NORTH MARKET STREET, 6TH FLOOR, COURTROOM NO. 3, WILMINGTON, DELAWARE 19801.

**PLEASE TAKE FURTHER NOTICE** that, if you fail to respond in accordance with this notice, the Court may grant the relief requested by the Seal Motion without further notice or hearing.

---

[8] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 205-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 350 Fifth Avenue, c/o Golden Associates, LLC, New York, NY 10118.

**ALSTON & BIRD LLP**

By: /s/ John W. Weiss
John W. Weiss
90 Park Avenue
New York, New York 10016
Tel:    212-210-9400
Fax:    212-210-9444
Email: john.weiss@alston.com

*Attorneys for U.S. Bank National
Association solely in its capacity as trustee
under the Indentures*

- 2 -