```
 1                   UNITED STATES BANKRUPTCY COURT
                          DISTRICT OF DELAWARE
 2
                                   .  Chapter 11
 3    IN RE:                       .
                                   .  Case No. 18-10512 (KBO)
 4    ZOHAR III CORP., et al.,     .
                                   .
 5                                 .  Courtroom No. 6
                                   .  824 North Market Street
 6                                 .  Wilmington, Delaware 19801
                                   .
 7                                 .
                    Debtors.       .  Tuesday, January 18, 2022
 8    . . . . . . . . . . . . . . .   2:00 P.M.

 9            TRANSCRIPT OF STATUS CONFERENCE HEARING
                 BEFORE THE HONORABLE KAREN B. OWENS
10                 UNITED STATES BANKRUPTCY JUDGE

11    APPEARANCES:

12
      For the Debtors:          Ryan Bartley, Esquire
13                              YOUNG CONAWAY STARGATT & TAYLOR LLP
                                Rodney Square
14                              1000 North King Street
                                Wilmington, Delaware 19801
15

16
      Audio Operator:           Lisa Brown, ECRO
17
      Transcription Company:    Reliable
18                              1007 N. Orange Street
                                Wilmington, Delaware 19801
19                              (302)654-8080
                                Email:  gmatthews@reliable-co.com
20

21
      Proceedings recorded by electronic sound recording,
22    transcript produced by transcription service.

23

24

25
```

APPEARANCES (Cont'd):

For Patriarch:              G. David Dean, Esquire
                            COLE SCHOTZ LLP
                            500 Delaware Avenue, Suite 1410
                            Wilmington, Delaware 19801

                            - and -

                            Theresa Trzaskoma, Esquire
                            SHER TREMONTE LLP
                            90 Broad Street, 23rd Floor
                            New York, New York 10004

For MBIA:                   Joshua Arnold, Esquire
                            CADWALADER, WICKERSHAM & TAFT LLP
                            200 Liberty Street
                            New York, New York 10281

For Alvarez & Marsal:       Deborah Newman, Esquire
                            QUINN EMANUEL URQUHART & SULLIVAN
                            51 Madison Avenue, 22nd Floor
                            New York, New York 10010

For US Bank:                John Weiss, Esquire
                            ALSTON & BIRD LLP
                            90 Park Avenue, 15th Floor
                            New York, New York 10016

1          (Proceedings commence at 2:02 p.m.)

2          THE COURT:  Good afternoon, counsel.  This is

3   Judge Owens.

4          We are gathered for an omnibus hearing in the

5   Zohar cases.  We had one matter scheduled to go forward

6   today, but I was told that we are having a status conference

7   on it rather than a contested hearing.

8          I will turn the podium over to counsel for the

9   debtors or the movant and you can walk me through what we're

10  going to discuss today.

11         MR. BARTLEY:  Sure, Your Honor.  Ryan Bartley of

12  Young Conaway on behalf of the debtors.

13         As noted, we did agree to carry the motion over to

14  a hearing to be scheduled for February.  That motion really

15  puts front and center for the debtors three items that have

16  inter relationships for moving these cases towards a closure

17  which are Patriarch's admin claim, the equitable

18  subordination proceeding and a Chapter 11 plan.

19         First, the debtors intend to file objection papers

20  with respect to the Patriarch administrative claim which will

21  also address the disclosure, admissibility of mediation and

22  settlement discussions that were the subject of our October

23  hearing by the end of the month.  So if that claim is

24  allowable and the hundreds of millions of dollars asserted it

25  would likely be outcome determinative as to whether a plan

1  could be confirmed in this case.

2          Second is the equitable subordination adversary

3  proceeding.  As noted, in the motion, if the court was able

4  to review it before we let you know that we were cancelling

5  argument for today, the most recent complaint in the

6  adversary for equitable subordination has a lot of

7  overlapping allegations with what is in the administrative

8  expense claim and that was one of the reasons that Patriarch

9  is suggesting that we consolidate those proceedings.

10         We understand that renewed motions to dismiss will

11  be filed before the end of the month in that proceeding.  The

12  parties have agreed to fully brief the issue over the next 30

13  days or so and then that would be put before the court by the

14  middle of February for a decision.  We would hope to

15  understand whether that complaint survives, and against who

16  and promptly.

17         Third is a Chapter 11 plan.  Your Honor, the

18  debtors believe that a plan is necessary in this case to

19  alleviate the cost and expense of the parties continuing in

20  Chapter 11, as they have for the almost last four years.  The

21  debtors, in particular, at this point have limited sources of

22  liquidity and the monetization process has matured

23  significantly since the trial we had almost two years ago.

24         Ten companies have been sold or, otherwise,

25  disposed of.  An eleventh company the court just entered a

1  recent sale order and the sale is pending to close there.  So

2  there is only four group A companies left to be sold.  We

3  believe that a plan can and should be filed in the immediate

4  period and the debtors would want to proceed to confirmation

5  of that forthwith.

6         We did commit, under our recent DIP amendment, to

7  file a plan by the end of the month and we intend to do that.

8  We are hopeful that that can proceed in the immediate period

9  and hopefully reduce for the stakeholders in this case the

10 cost burden and rationalize those in line with what is left

11 to be administered in this case.

12         So, Your Honor, at bottom this consolidation

13 motion that is being adjourned was one concerning scheduling

14 and we believe that the landscape of the cases will come into

15 much sharper focus in the next two weeks or so.  And we agree

16 with Patriarch to seek an adjournment and a rescheduled

17 hearing sometime after February 7th.  So we are asking the

18 court for a hearing sometime in the second week of February

19 or thereafter, but we also wanted to let the court know that

20 there are two other matters that we think will become

21 relevant that we will be bringing to the foreground for the

22 court as well shortly.

23         So, Your Honor, I think that is the status update

24 that we wanted to give you.  We are seeing if we could have

25 an additional February hearing sometime after the 7th.

1          THE COURT:  You already have one on the 22nd,

2  that's right?

3          MR. BARTLEY:  Yes.

4          THE COURT:  So why do we need one -- why can't we

5  just wait the extra week?  Why is it so urgent?

6          MR. BARTLEY:  Your Honor, I think we're hopeful to

7  tee-up how we're going to move forward with this

8  administrative expense claim on the 7th.  And we didn't want

9  to wait the additional two weeks until the 22nd if we could

10  have something in the week of the 7th.

11          THE COURT:  So the 7th is intended to be a

12  scheduling conference?

13          MR. BARTLEY:  It would be a hearing on Mr. Dean's

14  motion to, effectively, consolidate the administrative

15  expense claim with the adversary proceeding.

16          THE COURT:  Okay.  How about the 8th at one p.m.?

17          MR. BARTLEY:  The debtors can be available then.

18          THE COURT:  It's not an omnibus, it's just a

19  hearing on that motion.

20          MR. BARTLEY:  Your Honor, one other item related

21  to the admin claim; at our October hearing all of the

22  pleadings for that had been filed under seal and some motions

23  had been filed (indiscernible), kind of pushed off

24  consideration of what to do with those sealed pleadings given

25  that they disclosed, in some fashion, the underlying

1 mediation materials that were the subject of that.

2          We did not tee-up seal motions for this instant

3 dispute, but they were also filed under seal given that they

4 pertain to the same issues.  I think -- I guess we could take

5 up on the 8th how you want to handle the sealing with respect

6 to that.  The parties had met and conferred in advance of

7 that October hearing and had agreed on some forms of

8 redaction.

9          So we weren't sure if the court -- and I don't

10 think we need an answer today, but if we could maybe get your

11 direction at that hearing how you want us to deal with the

12 sealing issues or if you would just prefer that the parties

13 try to come up with some redactions that are agreeable and

14 then if there are additional sealing -- additional items that

15 could be disclosed based on your rulings on the motion to

16 strike, etc., that will be forthwith coming.

17          Do you want to take that up at that hearing as

18 well or I know the court has expressed some concern over the

19 sealing in the case.  So we just want to be mindful of

20 balancing disclosure issues and, you know, making sure that

21 parties can participate as much as possible.

22          THE COURT:  Sure.  I think that sealing issues are

23 ever evolving in this case.  Of course, when the case began

24 almost everything was filed under seal and subsequently most

25 of it was disclosed on the record and, therefore, it's not

1  necessary to keep it sealed anymore.  So I don't think

2  redactions have been as heavy.  So I think that that has

3  evolved over time.

4        With respect to the mediation material I have not

5  ruled on that because we haven't decided the scope of the

6  disclosures on the mediation material and I was expecting

7  motions to be filed that would bring those issues to a head

8  so we could make a decision on what would be disclosed and

9  what would not be disclosed which is why I never pushed the

10 issue on the sealing.

11        My general view is I'm okay with the documents to

12 be under seal when it comes to the mediation material until I

13 make a decision on whether or not it's proper to disclose

14 them as a matter of law.  I will tell you, if I do determine

15 that it is something that could be disclosed by the parties

16 then it will become unsealed.

17        So the parties will have to make a decision of

18 whether they want to put that material out into the public

19 domain, but I'm not going to move forward with claims,

20 substantive claims that are redacted.  That is not how we

21 proceed in courts of law.  So that would require sealing of

22 the courtroom, that would require materials that I write in

23 opinions and orders to be sealed; and those two things are

24 not going to happen.  So I think it's important for parties

25 to know that now, all right.  I don't think it would be a

1  surprise, quite frankly.

2           To answer your question in terms of procedure if

3  you want to file the orders for the matter to remain under

4  seal, that's fine.  Then I would reconsider those orders

5  depending on the outcome of the appropriateness of

6  disclosure.

7           MR. BARTLEY:  Okay.  Thank you, Your Honor.  The

8  striking issue will be teed up with our objection as well.

9  So you will have that in front of you when you see our

10  objection.

11          THE COURT:  Okay, great.  So if -- I'm sorry, just

12  so I have some clarity of what February 8th is, it's the

13  hearing on the motion to consolidate that was filed by

14  Patriarch and then we're also going to be discussing

15  scheduling?

16          MR. BARTLEY:  I think from the debtor's standpoint

17  they are tied together.  It's really a scheduling issue to

18  us.  Do we proceed with the admin claim or pieces of it,

19  versus do we push it all off to be resolved with the

20  adversary proceeding.  Obviously, our papers have, kind of,

21  set forth what our position is with regard to that and it

22  seems like the court is familiar with the parties position,

23  at least, in the papers.

24          THE COURT:  Okay.  I am.  I did have the

25  opportunity to review them over the weekend.  That is

1  acceptable.  I will look forward to reviewing whatever the

2  debtors file in terms of -- I think you said you intend to

3  file your objection to the administrative expense motion by

4  the end of the motion along with your motion to strike. So I

5  will look forward to those and I will review them prior to

6  the 8th.

7              In terms of scheduling of one other matter I think

8  I have a motion to dismiss in the Zohar adversary that is

9  fully briefed.

10             MR. BARTLEY:  Correct.

11             THE COURT:  I am inclined to set that for oral

12  argument at the February 22nd hearing.  I don't know if we

13  have all relevant counsel on the phone to discuss scheduling,

14  so why don't I let you all revert to your respective co-

15  counsel or colleagues who are making that argument to confer

16  with them and make sure that the February 22nd hearing will

17  be acceptable to schedule that matter for oral argument.  If

18  it is I would ask you to reach out to Ms. Lopez to confirm

19  that.

20             MR. BARTLEY:  Okay.  I know it will work for the

21  debtors because I will be the one arguing it.

22             THE COURT:  Okay.

23             MR. BARTLEY:  We will work with Mr. Dean and Mr.

24  Schoma to see if it doesn't work figure out what time could

25  work for you.

1         THE COURT:  In one of the motions, I don't know if

2   it was the motion to consolidate or some other papers that I

3   have been reading in the Zohar matter recently, but there was

4   a reference to a motion to strike that was fully briefed in

5   the MBIA adversary. I have not seen a notice of completion of

6   briefing on that matter.

7         So I would ask the parties that if, in fact, that

8   matter has been fully briefed to please file the required

9   papers to bring it to my attention and send over the binders

10  and materials so I can review them.  Okay.  I am not sure who

11  -- that may be a Patriarch matter the motion to strike in the

12  MBIA case.

13        Mr. Dean, are you familiar with that?

14        MR. DEAN:  Your Honor, I am actually not aware of

15  what you are referring to.  So maybe somebody else can help.

16        MS. TRZASKOMA:  Your Honor, Theresa Trzaskoma.

17  That is our motion and I apologize, it's fully briefed and we

18  will submit a notice of completion of briefing today to put

19  that on the record.

20        MR. DEAN:  I apologize, Your Honor. I was thinking

21  about motion to strike in the context of the other issue we

22  were just referring to.  We talked about whether that would

23  be filed at some point, so I apologize for missing that.

24        THE COURT:  That's fine.  It's the motion to

25  strike the claims that were dismissed.

1        MR. DEAN:  Understood, got it.

2        THE COURT:  In the MBIA motion.  So, yeah, why

3   don't we file that notice of completion of briefing so I can

4   look at those materials and then confer with each other on

5   the February 22nd hearing whether oral argument on

6   Patriarch's motion to dismiss in the Zohar adversary can be

7   heard at that time.  Then I will review whatever comes in

8   between now and February 8th and we will proceed with the

9   motion to consolidate.

10        Sorry, I'm getting things confused.  So we will

11  proceed with the motion to consolidate in the main case on

12  the 8th.  Hopefully I got that right.

13        MR. BARTLEY:  Your Honor, February 22nd is fine

14  with us just to confirm.

15        THE COURT:  Okay.

16        MR. DEAN:  Just one other matter.  We did have an

17  item on the agenda for our motion to file late reply given

18  the intervening holiday.  So I don't know if you need to hear

19  anything more on that.  I think it's on consent.  So we did

20  upload an order prior to the hearing.  We would just ask for

21  that to be entered unless the court has any questions about

22  that.

23        THE COURT:  I have no questions or concerns.  Does

24  anyone object to that relief?

25        (No verbal response)

1       THE COURT:  I will get that order entered after

2  the conclusion of today's hearing.

3       MR. DEAN:  Your Honor, can I just take -- I would

4  like to just take one minute to, sort of, explain to you from

5  our perspective the filing of this motion and why we're

6  agreeing to pull it and continue it to the next hearing.

7       THE COURT:  Okay.

8       MR. DEAN:  We may have a little bit different

9  perspective then the debtors do on this.  So we, obviously,

10  filed this motion because we thought that it made economic

11  and cost effective sense to consolidate these -- the

12  adversary proceeding against us with the admin claim for the

13  reasons set forth in the motion.

14       What changed in the intervening discussions and

15  what caused us to agree that it made sense to continue this

16  is we learned that the debtor's plan is proposing to treat

17  the MBIA and Zohar III controlling class claims as,

18  effectively, allowed in full.  They will propose to make them

19  the fulcrum creditors under the plan and transfer certain

20  assets and litigation claims to those entities under a

21  liquidating trust.

22       So that gave us pause moving forward with the

23  motion to consolidate the admin claim with the debtor's

24  adversary proceeding until we actually saw what the plan

25  looks like and whether it accounts for or how it accounts for

1  the fact that there is a pending equitable subordination

2  claim pending.  As Your Honor knows, that equitable

3  subordination claim also has a lot of commonality with the

4  allegations in the administrative expense claim too.

5          For that reason if it's going to be the debtor's

6  position at confirmation that equitable subordination either

7  may need to be dealt with before the plan or is not -- it

8  doesn't provide adequate protection for the Patriarch

9  entities then we need to have a discussion with Zohar, and,

10  MBIA, and others after we see the plan and their objection

11  about how we're going to schedule equitable subordination,

12  the admin claim and how that relates to the pending motion to

13  consolidate.

14          So we thought after learning this that until we

15  see the plan and understand exactly how they are going to

16  propose to treat the MBIA and controlling class, and how that

17  may relate to equitable subordination it would be premature

18  for us to have a contested hearing on that today.  So that is

19  why we agreed to kick it to sometime after the plan is filed

20  and after this objection to the admin claim/motion to strike

21  is filed so we can have a more global discussion about

22  scheduling and come back to you on the 7th and try to see

23  whether we can reach some common ground on that.

24          It may actually very well be the case that what

25  the debtors say and try to do in the plan when it's filed may

1  moot out or change how we're viewing the motion to

2  consolidate.  So that is why we didn't think it made sense,

3  given that, to go forward today.  So we just wanted the court

4  to know that.

5          THE COURT:  Okay.  It sounds like there's a lot of

6  moving parts.

7          MR. DEAN:  Yes.

8          THE COURT:  So a little bit of time to tee-up some

9  threshold issues it sounds like that could move the pieces of

10  the puzzle around.  So we will see where those puzzle pieces

11  lie come, I guess, February 8th and we will discuss it then.

12          MR. BARTLEY:  Your Honor, that's right.  Thank you

13  very much.  We are hoping to get an answer to those questions

14  before the 22nd or, at least, start to ask the questions to

15  you before the 22nd.  So we appreciate you accommodating --

16          THE COURT:  (Indiscernible) before me and then I

17  will determine -- if I can answer them and how quickly I can

18  answer them.  Things have been quiet and then now it seems

19  like there will be a rush for me.  So we will see.  But I am

20  certainly amendable to making decisions as far as I can.

21          Well it sounds like there will be a lot of issues

22  before me.  They're sort of teeing up since right before the

23  Christmas holidays and I will do my best to work through them

24  as fast as I can.

25          MR. BARTLEY:  Thank you, Your Honor.

1          THE COURT:  Does anyone else want to be heard in

2   connection with the status conference today?

3          Mr. Arnold, I see you unmuted yourself, sir.

4          MR. ARNOLD:  Yes.  Thank you, Your Honor.  Josh

5   Arnold of Cadwalader, Wickersham & Taft appearing on behalf

6   of MBIA Insurance Corporation.

7          As you know, MBIA is the senior creditor for Zohar

8   I and Zohar II.  We did welcome Mr. Bartley's statements

9   today regarding the need to end the steps expected to move

10  these cases toward a confirmation of a plan and actually

11  welcome Mr. Dean's statements as well about the efforts

12  between the parties coming to coordinate and have some

13  discussions on that front.

14         We, likewise, acknowledge that there are multiple

15  disputes and issues to resolve before a plan and exit can be

16  reached here.  We did just want to reiterate to the court

17  that MBIA is ready to proceed expeditiously on these fronts,

18  multiple fronts to get that done.  Some of the discussion

19  here this afternoon has been with regards to equitable

20  subordination action.

21         For the reasons set forth in our papers opposing

22  the amendment of the equitable subordination complaint we do

23  think that that suit can and should be disposed of on the

24  pleadings.  We intend to file renewed motion papers pursuant

25  to the schedule outlined by Mr. Bartley before the end of the

1  month.  We think briefing will be completed in February.

2        To be clear, Your Honor, we do not believe that

3  the renewed briefing and the court's consideration of the

4  motion to dismiss should delay the parties efforts to

5  litigate and advance the case towards resolution.  We

6  anticipate that in order to remove the equitable

7  subordination action as an obstacle to confirmation of a plan

8  the parties will need to proceed with discovery now or soon

9  on an expedited basis while the motions to dismiss are

10 pending.  We intend to proceed efficiently and work with the

11 parties on scheduling, as Mr. Dean noted, in light of the

12 other filings and the related disputes that Mr. Bartley also

13 identified today.

14       We don't have a specific request or proposed

15 schedule for Your Honor, but we did want to be clear today as

16 to our position so that in the event when we come back to the

17 court on scheduling or other issues our position is on the

18 record and we can present to you and the court how to best

19 move forward expeditiously in these cases.

20       Thank you.

21       THE COURT:  So just to clarify on the discovery,

22 and I understand you will be talking to the parties, but you

23 brought it up so what is your idea of the discovery?  What is

24 the context of the discovery?  Is it in the context of the

25 plan or you talking about the intention to move forward with

1 discovery on the equitable subordination complaint?

2          MR. ARNOLD:  Your Honor, given that currently the

3 only issue that has been presented is an equitable

4 subordination action that is what I was referring to is

5 discovery on the equitable subordination action.  I expect

6 that during our discussions with the parties we will be

7 addressing issues of overlap and the appropriate way to go

8 forward given the overlap in allegations in various claims.

9          THE COURT:  Okay.  Well we can discuss it on the

10 8th as and if necessary.

11          Let me ask do you know whether the -- I certainly

12 understand that MBIA and the controlling class have a need to

13 restart the motions to dismiss given the amendments to the

14 complaint.  Do you have an understanding of whether Alvarez

15 and U.S. Bank will stand on the pleadings as submitted?

16          MS. NEWMAN:  Your Honor, this is Deborah Newman

17 from Quinn Emanuel.  I can speak to that with respect to

18 Alvarez.

19          THE COURT:  Okay.

20          MS. NEWMAN:  We have been in discussions with the

21 other parties.  Our position is that we can rest on our

22 papers.  We would -- we are going to (indiscernible) request

23 that the court bifurcate our motion to dismiss so that our

24 motion to dismiss can be argued as expeditiously as possible.

25 If the court is not amenable to that request we would ask

1  then that we have the opportunity to submit papers.  Those

2  would be extremely limited solely to the issue of the

3  decision issued by Judge Castell that came out after we had

4  concluded briefing on the last complaint and any new

5  arguments raised in the opposition.  So it would be very

6  limited briefing.

7          We are prepared to rest if there is going to be

8  bifurcated argument, but that is our position on the

9  scheduling for the motions to dismiss.  We, obviously, think

10 that we don't have any -- A&M has no place in this action and

11 we would like to have that motion to dismiss heard as quickly

12 as possible.  We have no interest and really would like to

13 avoid having to engage in discovery in an action that we

14 think that A&M is ultimately going to be dismissed on.

15         THE COURT:  And US Bank --

16         MR. WEISS:  Your Honor, John Weiss of Alston &

17 Bird on behalf of US Bank.

18         My colleague has actually been handling the

19 discussions on this, but Ms. Newman has summarized accurately

20 where things stand, obviously, as one would expect.  We are

21 continuing those discussions.  We, likewise, would like to

22 press forward an argument, sort of, on the currently briefed

23 -- based upon the current briefings.  I believe my

24 colleague's position would be that if there are further

25 briefings by Patriarch, you know, we would want to reserve,

1 obviously, to respond, you know, to anything specific in

2 those, but if we can go with the current briefing we'd like

3 to press forward.  We think there were no allegations added

4 with respect to US Bank and any of the amendments thus far.

5 There are only a few paragraphs to even address US Bank in

6 those filings and we think it's ripe for proceeding so as to

7 minimize expense and to not be, sort of, tied in as things

8 are re-briefed.

9          THE COURT:  Okay.  As I indicated in my order

10 granting the amendment I am amenable to bifurcating.  So

11 motion practice is unnecessary.  I don't expect to have

12 motion practice on whether to bifurcate because in my order I

13 said that I would be inclined to hear you and you should

14 reach out. If the parties agree that we can rest on the

15 motions, which it sounds like you have agreed you would like

16 to rest on the motions.

17          So I believe you are supposed to incorporate into

18 the scheduling order that will be filed; although, I don't

19 recall what date that that needs to be filed, but I think

20 (indiscernible) --

21          MS. NEWMAN:  The 20th, Your Honor.

22          THE COURT:  Okay.  Great.

23          MR. DEAN:  We had a call on that this morning just

24 to let Your Honor know.  We tentatively agreed on some dates

25 that we will propose.

1          THE COURT:  Dates for oral argument, Mr. Dean?

2          MR. DEAN:  For the renewed motions.

3          THE COURT:  Okay.  Renewed motions to dismiss?

4          MR. DEAN:  Correct.

5          THE COURT:  Okay.  It's hard keeping it all on

6   track so I don't know how you all are doing it.

7          MS. NEWMAN:  Your Honor, if I could just clarify,

8   we saw the language in your order and were very pleased to

9   see that.  Plaintiffs would not consent to the bifurcation of

10  the argument which is why we had the, sort of, toggle

11  positon.  Just to clarify, is it the court's expectation that

12  we would have bifurcated argument if we agree that we have no

13  need to submit any papers?

14         THE COURT:  I guess I wasn't clear in my order and

15  I apologize because what I had meant to say in the order was

16  that if the movants were fine with bifurcating I don't see

17  what the problem would be.

18         MS. NEWMAN:  Thank you.

19         THE COURT:  I apologize if there was confusion in

20  the order and, quite frankly, I can't remember exactly what

21  the wording was, but I know in my intention it was that I

22  read the amendments, they did not effect, in my opinion,

23  Alvarez or US Bank and so I have no issue with bifurcating

24  and hearing the issue in advance.

25         So to the extent the movants would like to do that

1  I am fine with that.

2          MS. NEWMAN:  Thank you, Your Honor.

3          THE COURT:  Okay.  And I apologize for that.

4          So with that I think we have a bunch of marching

5  orders and I think that's enough. So I will let you guys be

6  unless there is anything else we need to discuss.

7          MR. WEISS:  Your Honor, just one brief

8  clarification question.  This is John Weiss on behalf of US

9  Bank again.  To proceed with bifurcation, if that is where

10  the movants are, would you prefer that we file a notice of

11  completed briefing and submit binders or simply do it in some

12  sort of a letter format.  How would you prefer we do that?

13          THE COURT:  So I do recall that in my order

14  allowing the amendment I wanted the parties just to indicate

15  how they were going to proceed in the scheduling order.  I

16  think that is the most efficient way.  So once you submit the

17  scheduling order for the renewed motions to dismiss that I

18  think MBIA and the Zohar III controlling class are likely

19  going to be filing.  In there you can include whatever you

20  need to put into the order to bifurcate the matter and then

21  reach out to Chambers with a request for oral argument.

22          MR. WEISS:  Thank you, Your Honor.

23          THE COURT:  I don't know how necessary that will

24  be given that you want to expedite the -- given the parties

25  want to expedite the briefing on the motions to dismiss.  It

1  sounds as if we could just have oral argument all at one time

2  because the briefing is going to be finished at the end of

3  February.  So, you know, I will wait to get the schedule and

4  then we will determine how to best and most efficiently move

5  forward.

6         I was anticipating more of a delay in connection

7  with the motions, the renewed motions to dismiss and thought

8  that would be most non-prejudicial to Alvarez and US Bank to

9  bifurcate the oral argument, but if it looks like everything

10  is going to be teed up very quickly then perhaps it makes

11  most sense to just schedule it all at one time.  So I

12  apologize for the flip-flopping, but let's just see how this

13  plays out.  I don't have insight into what the schedule is

14  going to be.  So I will leave it to you and see what gets put

15  before me on the COC and scheduling order.

16         MR. BARTLEY:  Thank you.

17         THE COURT:  Thank you, all.  I hope everyone is

18  well and I look forward to speaking with you on February 8th.

19  Everyone take care.  Have a good day.

20      (Proceedings concluded at 2:32 p.m.)

21

22

23

24

25

1

2                              CERTIFICATE

3

4        I certify that the foregoing is a correct transcript

5   from the electronic sound recording of the proceedings in the

6   above-entitled matter.

7
    /s/Mary Zajaczkowski                    January 18, 2022
8   Mary Zajaczkowski, CET**D-531

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25