UNREDACTED, UNSEALED
VERSION OF DOCKET
NO. 2992

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Zohar III, Corp., *et al.*,[1] | Case No. 18-10512 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Related to Docket No. 2981** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE, REGARDING MOTION TO CONSOLIDATE PATRIARCH STAKEHOLDERS' ADMINISTRATIVE EXPENSE CLAIM WITH THE DEBTORS' ADVERSARY PROCEEDING**

U.S. Bank National Association, solely in its capacity as indenture trustee under the Indentures (the "**Trustee**")[2], hereby files this limited objection and reservation of rights (the "**Objection**") to the *Motion to Consolidate Patriarch Stakeholders' Administrative Expense Claim with the Debtors' Adversary Proceeding*, dated January 4, 2021 (the "**Consolidation Motion**") [D.I. 2981].[3]  While the Trustee takes no position on the proposed procedural consolidation of the Patriarch Administrative Expense Claim (defined below) and the Debtor's Adversary Proceeding, or the Patriarch Stakeholders voluntarily capping the Patriarch Administrative Expense Claim, the Trustee objects to the remainder of Patriarch's Consolidation Motion for the reasons set forth herein, in that it is a premature settlement proposal that ignores the corporate separateness of each

---

[1] The "**Debtors**" and the last four digits of their taxpayer identification numbers are: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CLO 2003-1, Corp. (3724), Zohar III, Limited (9261) ("**Zohar III**"), Zohar II 2005-1, Limited (8297) ("**Zohar II**"), and Zohar CLO 2003-1, Limited (5119) ("**Zohar I**," together with Zohar II and Zohar III, collectively the "**Zohar Funds**").

[2] The Trustee Serves as indenture trustee for the Zohar Funds under certain "Indentures" (as defined in and attached to the Declaration of Mamta Scott (the "**Scott Declaration**") [D.I. 94].  *See* Scott Declaration ¶ 3 and Exhibit A attached thereto.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Consolidation Motion.

of the Debtors' estates and does not comport with the Bankruptcy Code. In support of this Objection, the Trustee respectfully states as follows:

## I. BACKGROUND[4]

1. On October 25, 2021, the Patriarch Stakeholders filed under seal their Motion for Payment of Administrative Expense Claim (the "**Patriarch Administrative Expense Claim**") [D.I. 2876]. The Patriarch Administrative Expense Claim asserts an administrative claim against the Debtors totaling "at least $873 million," among other requested relief. Patriarch Administrative Expense Claim ¶ 13.

2. Various adversary proceedings have been filed during the pendency of these chapter 11 cases including: the Equitable Subordination Adversary, captioned *Tilton et al. v. MBIA Inc. et al.* (Adv. Pro. No. 19-50390); the Debtors' Adversary Proceeding, captioned *Zohar CDO 2003-1 et al. v. Patriarch Partners, LLC et al.* (Adv. Pro. No. 20-50524), and the MBIA Adversary, captioned *MBIA Ins. Corp. v. Tilton et al.* (Adv. Pro. No. 20-50776).

3. By the Consolidation Motion, the Patriarch Stakeholders ask this Court to consolidate for procedural purposes the Patriarch Administrative Expense Claim and the Debtors' Adversary Proceeding. However, in conjunction with that request, the Patriarch Stakeholders also propose that the Debtors agree to an entirely premature and unsupported settlement with respect to the Patriarch Administrative Expense Claim by capping the Patriarch Administrative Expense Claim at the amount of any aggregate judgments entered against the Patriarch Stakeholders in the Debtors' Adversary Proceeding, in return for the Debtors agreeing to allow the Patriarch Stakeholders to setoff any allowed amount of the Patriarch Administrative Expense Claim against

---

[4] In light of the extensive factual and procedural background information set forth in prior filings in these chapter 11 cases, the Trustee only recites herein the facts and background most pertinent to this Objection.

2

any such aggregate judgments entered in favor of the Debtors in the Debtors' Adversary Proceeding, regardless of which Patriarch Stakeholders may be found to hold such alleged Administrative Expense Claims, and which Debtor entities are awarded such judgments (the "**Setoff Proposal**").  *See* Consolidation Motion ¶¶ 17-19.

4. The Trustee takes no position on the proposed procedural consolidation of the Patriarch Administrative Expense Claim with the Debtor's Adversary Proceeding.  The Trustee also acknowledges that the Patriarch Stakeholders may cap their Patriarch Administrative Expense Claim however they see fit.

5. However, the Trustee files this Objection to make clear that the Patriarch Stakeholders' Setoff Proposal cannot and should not be approved because, among other reasons, it would ignore the corporate separateness of each of the Debtors' estates in these cases (tantamount to substantive consolidation as to the Patriarch Administrative Expense Claim), and would also violate section 553 of the Bankruptcy Code.[5]

## II.    ARGUMENT

**A. The Consolidation Motion proposes an agreement that would impermissibly commingle the Debtors' estates and effectuate a substantive consolidation as to the Patriarch Administrative Expense Claim.**

6. The Consolidation Motion proposes relief that would, in effect, cause commingling or substantive consolidation of the Debtors' estates by allowing setoff of the alleged Patriarch Administrative Expense Claim against any Debtor, regardless of which Debtor is actually liable for any such claim.  Consolidation Motion ¶ 17 (asking the Court to bless an agreement that allows

---

[5] The Trustee understands from Debtors that they do not currently intend to agree to the Patriarch Stakeholders' consolidation and setoff related proposals in the Consolidation Motion.  Thus, these issues are addressed herein to make the Court aware of the Trustee's related concerns and to reserve the Trustee's rights as to these issues in the event that negotiations continue between now and the hearing on the Consolidation Motion.

setoff against **any** Debtor).  Substantive consolidation is an extreme remedy requiring an extensive evidentiary showing with respect to numerous factors, and there is no basis for such relief here. *See In re Owens Corning*, 419 F.3d 195 (3d Cir. 2005) (placing the burden of proof on the party moving for substantive consolidation, and explaining that substantive consolidation is an extreme remedy of last resort.).   To start, each of the Debtors have different noteholders and stakeholders who relied upon the corporate separateness of (and invested in) each independent Debtor entity. Moreover, each Debtor holds different assets from which their respective noteholders and stakeholders may recover.  Each Debtors' respective noteholders and stakeholders should receive the benefit of their bargain with their respective Debtor, and should share only in recoveries from their respective Debtor in these cases.  Put simply, each individual Debtor is exactly that: a separate individual entity.  Any commingling or substantive consolidation of the Debtors' estates for any purpose is inappropriate and should not be permitted because the Patriarch Stakeholders' proposal is procedurally defective, and unsupported by evidence and the facts in these cases.

7. The Patriarch Stakeholders are proposing to prematurely compromise issues that may or may not impact the administration of these cases or the Debtors' respective plans.  By attempting to strike an agreement to the Setoff Proposal at this juncture, the Patriarch Stakeholders are also in effect promoting a *sub rosa* plan vis-à-vis the Patriarch Administrative Expense Claim and the proceeds of the Debtors' Adversary Proceeding (as any such setoff agreement could improperly and/or negatively affect the rightful recoveries of stakeholders of the Debtors' respective estates under the absolute priority rule and the payment waterfall provisions agreed to in the Indentures as to each Debtor).

8. Finally, it would be an inappropriate exercise of their fiduciary duties for the Debtors to agree in any way to commingle or substantively consolidate their respective estates.

Each Debtor owes fiduciary duties to its respective stakeholders. And while efficiency is a laudable goal, it cannot be achieved at the expense of proper procedural due process, and equitable and appropriate treatment of the Debtors' respective stakeholders' interests.

**B. The proposed setoff agreement violates 11 U.S.C. § 553.**

9. As the Patriarch Stakeholders themselves seemingly recognize in the Consolidation Motion, the Setoff Proposal cannot be approved because it would violate § 553 of the Bankruptcy Code and the express mutuality requirement therein. In pertinent part, § 553 provides: "[e]xcept as otherwise provided in this section . . . , this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case . . . against a claim of such creditor against the debtor that arose before the commencement of the case. . . ." 11 U.S.C. § 553. In simpler terms, a creditor may only setoff the debts that are mutual in time and mutual as to the parties: Creditor A holding debt against Debtor A; Debtor A holding debt against Creditor A.

10. While the Patriarch Stakeholders acknowledge that "triangular setoff" disregards this express mutuality requirement, they contend that the Debtors can nevertheless agree to their proposal. Consolidation Motion at 8, fn. 7 (citing *In re Orexigen Therapeutics, Inc.*, 990 F.3d 748, 755 (3d Cir. 2021)). But the *Orexigen* opinion cited by the Patriarch Stakeholders made clear that the mutuality requirement in § 553 excludes "triangular setoffs," and explained that "mutuality cannot be supplied by a multi-party agreement contemplating a triangular setoff." *Id.* at 754-755 (citations omitted).

11. Given the express requirements set forth in § 553 and applicable Third Circuit precedent, the Patriarch Stakeholders and Debtors cannot be permitted to reach any agreement contrary to such express requirements of the Bankruptcy Code, particularly at this juncture.

Accordingly, even if the Debtors were inclined to enter into any agreement consenting to the Patriarch Stakeholders "triangular setoff" proposal, any such agreement would be impermissible.

### C. The Setoff Proposal may violate the absolute priority rule and payment waterfall provisions of the Indentures.

12.　If the Setoff Proposal were approved, the Patriarch Stakeholders stand to effectively recover 100% of their alleged Patriarch Administrative Expense Claim up to any agreed upon cap. The Patriarch Stakeholders would receive this recovery prior to payment of other claims, many of which are senior to the Patriarch Administrative Expense Claim. Accordingly, the Setoff Proposal would violate the absolute priority rule and the payment waterfall provisions agreed to in the Indentures (including by the Patriarch Stakeholders).

13.　Specifically, the Trustee holds claims and liens for the benefit of noteholders under the Indentures against each of the Debtors in these cases (including senior secured claims, adequate protection liens, and super priority administrative expense claims). It now appears that notwithstanding assurances made to the contrary at the outset of these cases, these senior claims are unlikely ever to be paid in full. Thus, the Setoff Proposal is entirely premature, inequitable, and inappropriate under the circumstances, and not supported by evidence, facts or law sufficient for approval by this Court.

### D. It is the Debtors' and Patriarch Stakeholders' burden to present evidence sufficient to prove that any agreement contemplated by the Consolidation Motion is reasonable and in the best interests of the Debtors' respective estates, and does not benefit one Debtor's stakeholders to the detriment of another Debtor's stakeholders.

14.　Should the Debtors and/or Patriarch Stakeholders seek to enter into any agreement contemplated by the Consolidation Motion with regard to the Setoff Proposal, they would need to make a related motion (on notice to all stakeholders in these cases), and then present a sufficient evidentiary record for approval of any such proposed agreement.

15. The Consolidation Motion ignores the fact that the Debtors and/or Patriarch Stakeholders would be required to meet their burden of proving that any proposed agreement is reasonable and in the best interests of each separate Debtor's estate under Bankruptcy Rule 9019. In the alternative, the Debtors and/or Patriarch Stakeholders would have the burden to prove that any such agreement is a reasonable exercise of each Debtor's business judgment and in the best interests of each Debtor's respective estate under Section 363 of the Bankruptcy Code.

16. In either case, there has been no evidentiary showing made by any party in conjunction with the Consolidation Motion and the Setoff Proposal, and these burdens cannot be satisfied by the Debtors and/or the Patriarch Stakeholders in any event. Absent proper procedural due process and a sufficient evidentiary showing, no such agreement should be allowed by this Court.[6]

### III.  RESERVATION OF RIGHTS

17. The Trustee, in its capacity as indenture trustee and on behalf of the noteholders under the Indentures, hereby reserves its rights to raise any and all arguments with respect to the Consolidation Motion (and related issues and concerns raised herein) at any hearing held with respect thereto, and further reserves the right to seek to recover pursuant to the Indentures any amounts paid to the Patriarch Stakeholders or their affiliates at any time, including, without limitation, by way of setoff or otherwise. *See, e.g.*, Indenture § 13.1(c) (stating that if a subordinate holder receives any recovery ahead of a senior holder, the former holds such amount(s) in trust for the benefit of the senior holder).

---

[6] The Trustee reserves it rights with respect to seeking related discovery, and/or addressing or responding to any evidentiary record presented to the Court by any party in respect of the Consolidation Motion and any such proposed agreement contemplated therein.

## IV. CONCLUSION

WHEREFORE the Trustee respectfully requests that the Court disallow any proposed agreement between the Debtors and the Patriarch Stakeholders contemplated by the Consolidation Motion as to setoff, "triangular setoff," or commingling or consolidation of the Debtors' estates for any purpose and to any extent.

January 11, 2021

        ALSTON & BIRD LLP

        By: /s/ John W. Weiss
        John W. Weiss (Del. I.D. No. 4160)
        90 Park Avenue
        New York, New York 10016
        Telephone: 212-210-9400
        john.weiss@alston.com

        *Attorneys for U.S. Bank National Association, solely in its capacity as Trustee under the Indentures*