**EXHIBIT A**

**Revised Proposed Scheduling and Protocol Order**

29106998.1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Zohar III, Corp., *et al.*[1] | Case No. 18-10512 (KBO) |
| Debtors. | Jointly Administered |

| | |
|---|---|
| LYNN TILTON, PATRIARCH PARTNERS VIII, LLC, PATRIARCH PARTNERS XIV, LLC, PATRIARCH PARTNERS XV, LLC, OCTALUNA, LLC; OCTALUNA II, LLC, AND OCTALUNA III, LLC, | |
| Plaintiffs, | |
| v. | Adv. Proc. No. 19-50390 (KBO) |
| MBIA INC., MBIA INSURANCE CORPORATION, U.S. BANK, N.A., ALVAREZ & MARSAL ZOHAR MANAGEMENT, CREDIT VALUE PARTNERS, LP, BARDIN HILL INVESTMENT PARTNERS F/K/A HALCYON CAPITAL MANAGEMENT LP, COÖPERATIEVE RABOBANK U.A., VÄRDE PARTNERS, INC., ASCENSION ALPHA FUND LLC, ASCENSION HEALTH MASTER PENSION TRUST, CAZ HALCYON OFFSHORE STRATEGIC OPPORTUNITIES FUND, L.P., BROWN UNIVERSITY, HCN LP, HALCYON EVERSOURCE CREDIT LLC, HLF LP, HLDR FUND I NUS LP, HLDR I TE LP, HLDR FUND I UST LP, HALCYON VALLÉE BLANCHE MASTER FUND LP, BARDIN HILL EVENT-DRIVEN MASTER FUND LP, PRAETOR FUND I, A SUB FUND OF PRAETORIUM FUND I ICAV, HIRTLE CALLAGHAN TOTAL RETURN | |

---

[1]  The Debtors, and, where applicable, the last four digits of each of their respective tax identification numbers are, as follows: Zohar III, Corp., (9612), Zohar II 2005-I, Corp. (4059), Zohar CDO 2003-1, Corp., (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119).  The Debtors' address is c/o FTI Consulting, Inc., 1166 Avenue of the Americas, 15th Floor, New York, NY 10036.

OFFSHORE FUND LIMITED, HIRTLE
CALLAGHAN TOTAL RETURN
OFFSHORE FUND II LIMITED, HIRTLE
CALLAGHAN TRADING PARTNERS, L.P.,
AND THIRD SERIES OF HDML FUND I
LLC,

          Defendants.

**ORDER ESTABLISHING A SCHEDULE AND CERTAIN PROTOCOLS IN
CONNECTION WITH THE PENDING EQUITABLE SUBORDINATION
PROCEEDING, THE PATRIARCH ADMINISTRATIVE CLAIM, AND
CONFIRMATION OF THE JOINT PLAN OF LIQUIDATION UNDER CHAPTER 11
OF THE BANKRUPTCY CODE FOR ZOHAR III, CORP.
AND ITS AFFILIATED DEBTORS**

Upon consideration of the motion ("Motion")[2] of the Debtors for entry of an order
establishing a schedule and certain protocols (this "Order") to facilitate (i) the resolution of the
Equitable Subordination Proceeding, (ii) the resolution of the Patriarch Claim, and (iii)
confirmation of the Plan (collectively, the "Related Litigation"); and this Court having jurisdiction
over the Motion pursuant to 28 U.S.C. § 1334(a); and the venue of these Chapter 11 Cases and the
Motion being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and the Motion being
a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having authority to enter a final
order with respect to the Motion; and no additional notice of the relief provided for herein being
required except as provided herein; and, after due deliberation and good and sufficient cause
appearing; now, therefore,

      **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.     The Debtors' Motion is GRANTED as set forth herein.  This Order shall govern
the schedule and hearing, trial and other related protocols for the Related Litigation as provided
for herein.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

29059359.7

**Discovery Schedule Applicable to Related Litigation**

2.      The schedule set forth below shall govern the discovery process concerning the

Related Litigation.  For the avoidance of doubt, unless otherwise set forth herein or except as may

otherwise be agreed to by all parties or ordered by this Court, the discovery process shall be subject

to Local Rules 7026-1, 7026-2, and 7026-3.

3.      <u>Fact Discovery</u>:

a.      **February 24, 2022:**  Deadline for the Parties,[3] and any other interested party in these Chapter 11 Cases which wishes to seek discovery in connection with the Related Litigation or present direct testimony at the Trial (as defined below) (an "<u>Additional Party</u>"), to meet and confer to discuss the potential scope and areas of discovery, including whether expert discovery is anticipated, custodians, and potential trial and/or deposition witnesses;

b.      **February 27, 2022:**  Deadline for the parties in the Equitable Subordination Proceeding to serve their Rule 26(a)(1)(A) initial disclosures.

c.      **February 28, 2022:**  Deadline for the Parties and any Additional Parties to issue their written discovery requests (the "<u>Requests</u>").  Contention interrogatories shall not be permitted. Narrowly tailored supplemental requests for production of documents concerning issues directly relevant to confirmation of the Plan may be permitted at a later date, subject to the deadline concerning the close of fact discovery and any applicable objections to such supplemental requests for production;

d.      **March 3, 2022:**  Deadline for the Parties and any Additional Parties to meet and confer to discuss the Requests, attempt to resolve any potential disputed issues concerning scope, relevancy and burden, discuss proposed search terms, and confirm custodians;

e.      **March 8, 2022:**  Deadline for Parties and any Additional Parties to serve their respective responses and objections to requests for production of documents.  The Parties and any Additional Parties shall schedule a meet and confer to resolve outstanding issues with any Requests.  Such meet and confer shall be conducted on or before March 11, 2022;

---

[3]  All parties named in the Related Litigation and their respective affiliates are individually a "<u>Party</u>" and collectively the "<u>Parties</u>" for purposes of this Order.

f.    **March 11, 2022:**    Deadline for the Parties and any Additional Parties to conduct the aforementioned meet and confer. The Parties and any Additional Parties must also finalize the e-discovery search methodologies to be utilized, including the identification of custodians and search terms;

g.    **March 14, 2022:**    Deadline for the Parties and any Additional Parties to make their initial document productions with rolling productions to be made as needed;

h.    **March 28, 2022:**    Deadline for the Parties and any Additional Parties to complete their respective document productions;

i.    **March 31, 2022:**

(i) Deadline for the Parties and any Additional Parties to serve their written answers, responses and objections to any interrogatories and requests for admission;

(ii) Deadline for the Parties and any Additional Parties to meet and confer regarding narrowly tailored supplemental requests for production of documents concerning issues directly relevant to confirmation of the Plan.  To facilitate this, prior to such meet and confer, the Parties and any Additional Parties shall provide the Debtors and the other Parties and Additional Parties, in writing, a brief description of their anticipated objections to confirmation;

i.    **April 4, 2022:** Fact witness depositions (including those to be conducted pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure (the "Rules") may commence. Deposition notices must be served no later than seven (7) days prior to the deposition date, and any objections thereto must be served no later than three days (3) after the date the deposition notices are served; provided, however, that any notices of Rule 30(b)(6) depositions must be served no later than **April 4, 2022**.  Should any Party or Additional Party include a witness on its preliminary or final witness lists who was not deposed, such witness shall be made available for a deposition, and the deposition notice shall be made within five (5) days after such witness designation; and

j.    **April 14, 2022:**  End of fact discovery.

4.    Expert Discovery (if and to the extent applicable):

a.      **March 14, 2022:** Date by which any Party or any Additional Party must indicate whether it intends to offer expert testimony in its case-in-chief, and if so, the topic(s) the expert(s) will address;

b.      **March 31, 2022:** Date by which any Party or and any Additional Party that intends to offer expert testimony must make the Rule 26(a)(2) disclosures.  The Parties and any Additional Parties shall engage in the simultaneous exchange of reports prepared by expert witnesses.  These reports must satisfy the requirements of Rule 26(a)(2)(B);

c.      **April 8, 2022:** Date by which the Parties and any additional Parties shall engage in the simultaneous exchange of reports prepared by the rebuttal expert witnesses.  These rebuttal reports must satisfy the requirements of Rule 26(a)(2)(B);

d.      **April 14, 2022:** End of expert discovery.  Deposition notices must be served no later than five (5) days prior to the deposition date, and any objections thereto must be served no later than three (3) days after the date the deposition notices are served;

e.      **April 21, 2022:** To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by motion by this date; and

f.      For the avoidance of the doubt, the limitations on expert discovery under Rule 26(b)(4) shall apply.

**Discovery Disputes**

5.      In the event that a discovery dispute arises (a "Discovery Dispute") in connection with the Related Litigation, the parties to the Discovery Dispute shall meet and confer (the "Dispute Conference") in an attempt to resolve the Discovery Dispute.  If the parties are not able to resolve the Discovery Dispute during the Dispute Conference:  (a) within one (1) business day of the Dispute Conference, the parties involved in the Discovery Dispute shall jointly inform this Court via email of the existence and a brief description of such Discovery Dispute, and this Court will schedule a chambers conference (telephonic, virtual or in-person) ("Chambers Conference") to resolve or rule upon any such issues involved in such Discovery Dispute; and (b) as may be

29059359.7

directed by the Court, each of the parties to such Discovery Dispute may be required to provide this Court with a letter of no more than three (3) pages (either in advance of or promptly following the Chambers Conference, as directed by the Court) detailing the issues associated therewith and setting forth the legal support for the position taken by such party.  Pending resolution of any such Discovery Dispute, the parties to such Discovery Dispute shall cooperate and provide such discovery which is not the subject of any such dispute.

6.      Notwithstanding the above, the Parties and any Additional Parties may, upon agreement, adjust specific deadlines set by this Court for any discovery matter without leave of Court, except for dates relating to (a) the filing of matters or documents with this Court or (b) hearing dates.

**Patriarch Claim Process**

7.      If the Motion to Strike is granted on February 22, 2022, the Patriarch Stakeholders shall have until **March 1, 2022** to file a revised Patriarch Claim that meets the requirements and conditions set forth in this Court's order granting the Motion to Strike.  Provided that the Patriarch Stakeholders file a revised Patriarch Claim by March 1, 2022, the Debtors shall have until **March 8, 2022** to file their objection to the revised Patriarch Claim, and Patriarch Stakeholders shall file a reply to such objection by **noon (ET) on March 21, 2022**.

8.      On the other hand, if the Motion to Strike is denied on February 22, 2022, the Debtors shall have until **March 1, 2022** to file their final objection to the Patriarch Claim and the Patriarch Stakeholders shall file a reply to such final objection by **March 18, 2022 at 4:00 p.m. (ET)**.

9.      To the extent necessary, on **March 23, 2022**, this Court shall conduct a non-evidentiary hearing, which amounts at most to a Rule 12(b)(6) or summary judgment hearing, on

the Patriarch Claim (as may be revised) to consider whether and to what extent the Debtors have any liability on account of the Patriarch Claim (as may be revised).  If the Court finds that witness testimony and/or other evidence is necessary to determine whether the Debtors are liable for the Patriarch Claim (as may be revised), then such testimony and/or other evidence will be presented at the Trial (as defined below).  Neither the March 23, 2022 non-evidentiary hearing nor the Trial (as defined below) shall include any consideration of damages on account of the Patriarch Claim (as may be revised).  If the Court determines that the Debtors have liability on account of one or more of the causes of action asserted in the Patriarch Claim (as may be revised), the issue of damages with respect to each such cause of action for which the Debtors are liable, and any evidence related thereto, is expressly preserved for an evidentiary hearing at a later date to be determined.

**Plan Confirmation Process**

10.    For the avoidance of doubt, in addition to any briefing deadlines provided for herein, all interested parties in these Chapter 11 Cases, including the Parties, shall be required to file any objections to confirmation on or before the deadline to do so as provided for in the Solicitation Procedures Order (such deadline, the "Confirmation Objection Deadline"; provided, however, with respect to the Parties, such objection need only identify the legal basis (or bases) for the objection and, if applicable, the Bankruptcy Code provision(s) supporting the objection, and provide a brief but detailed description of such Party's objection to confirmation of the Plan. Any objections not raised by a Party on or before the Confirmation Objection Deadline shall be prohibited from being raised in the Party's pre-Trial brief.

**Pre-Trial Schedule and Protocols for Combined Trial on Related Litigation**

29059359.7

11.     <u>Trial</u>.   The trial (the "<u>Trial</u>") to consider confirmation of the Plan and, to the extent necessary, the Patriarch Claim and the Equitable Subordination Proceeding shall commence on **April 28, 2022**.  It is currently anticipated that the Trial will be held in-person before this Court. In the event that circumstances related to the COVID-19 pandemic require that the Trial be conducted virtually, the Parties shall meet and confer and submit proposed guidelines and requirements for remote witness testimony and related remote trial logistics.

12.     <u>Witness Lists</u>. On or before **April 11, 2022**, the Parties and any Additional Parties must exchange a list of all fact and expert witnesses that they intend to call at the Trial.  The initial list shall be divided into two categories:  (a) fact or expert witnesses who <u>will</u> be called to testify; and (b) fact or expert witnesses who <u>may</u> be called to testify.  For those witnesses that will be called, the list must include a brief statement of the subject matter of each witness's testimony. The Parties and any Additional Parties shall make all individuals listed on its witness list that testify or submit written declarations at Trial available for cross-examination.  If a Party or an Additional Party does not include a prior deponent whom they control, including any employees, agents or experts, on its witness list, that prior deponent need not be available for trial, but such witness will be deemed unavailable as a witness under Rule 804 of the Federal Rules of Evidence, and the opposing party may designate deposition testimony from such prior deponent consistent with paragraph 16 below.

13.     <u>Direct Examinations</u>. The Parties and any Additional Parties shall submit declarations of written direct examinations for their fact or expert witness's direct testimony, unless the Court orders otherwise.  This Court will permit brief and focused supplemental live direct examinations for each witness, <u>provided</u>, <u>however</u>, no supplemental live direct examination

shall exceed one-half hour.  All witnesses for whom declarations of written direct examinations are submitted must be tendered for live cross-examination.

14.     The Parties and any Additional Parties shall file all declarations of written direct examinations by Noon (ET) two (2) days before the testimony is to be presented at Trial.  Copies of the as-filed declarations of written direct examinations shall immediately be emailed to chambers.

15.     If a Party or an Additional Party calls a witness adversely in their case-in-chief, any cross-examination of such witness shall not be limited to the scope of the adverse direct examination.

16.     <u>Deposition Designations</u>.  Except as provided elsewhere herein, the Parties and any Additional Parties may designate depositions only as allowed under the Rules.  However, the Parties shall not designate depositions of a Party or an officer, employee, or agent of such Party. All prior deposition testimony shall be available for impeachment purposes, and objections, if any, can be raised at the time of impeachment (provided that they were appropriately preserved at deposition).  For all witnesses, including witnesses not yet deposed, witnesses listed on the "may call" list but who are not in fact called, or witnesses that shall become unavailable for reasons beyond the control of the sponsoring Party or Additional Party, the Parties and any Additional Parties shall meet and confer on a schedule to designate deposition testimony for submission as evidence (including on a post-trial basis, if necessary), and if the Parties and any Additional Parties are unable to agree on such a schedule, they shall present the matter to this Court for resolution.

17.     <u>Trial Exhibits</u>. The Parties and any Additional Parties shall exchange exhibit lists and electronic copies of the identified exhibits, with bates-numbers, by **April 21, 2022**.  Any objections to exhibits must be exchanged by **April 23, 2022 at 5:00 p.m. (ET)**.  The Parties and

any Additional Parties must meet and confer about any objections by **April 24, 2022 at 1:00 p.m. (ET)**.  If the Parties and any Additional Parties cannot reach a resolution, they shall each submit to this Court letter briefs of no more than four (4) single-spaced pages outlining the areas of disagreement by no later than **April 25, 2022 at 5:00 p.m. (ET)**.

18.     A document that will be used solely for impeachment does not need to be included on a Party's or an Additional Party's exhibit list.  Any exhibits to which there are no objections shall be pre-admitted, and do not require any foundation or predicate testimony before being introduced.

19.     The Parties and any Additional Parties shall use reasonable efforts to de-duplicate the list of exhibits to which there are no objections, and to compile a single, consecutively numbered set of pre-admitted exhibits.  If an exhibit appearing on any final exhibit list contains sealed or confidential material, the Party or Additional Party that produced the exhibit shall use reasonable efforts to provide an alternative method (redacted exhibits, removal of the exhibit from Zoom, etc.) for eliciting testimony regarding the sealed or confidential material.  For those exhibits to which no objections are raised, no Party or Additional Party shall be required to file a motion to seal in accordance with the Bankruptcy Rules or the Local Rules with respect to any sealed or confidential material contained in the exhibit lists of the Parties and any Additional Parties.

20.     For those exhibits containing sealed or confidential material to which an objection is raised, if no Party or Additional Party objects to the admission of an exhibit under seal, it shall be admitted under seal, subject to this Court's discretion.  If any Party or Additional Party objects to the admission of an exhibit under seal, the offering Party or Additional Party shall apprise this Court of the dispute and seek relief from this Court no later than **April 25, 2022 at 5 p.m. (ET)**.  Any exhibit admitted under seal shall not be published in the courtroom (or through Zoom), and

no Party or Additional Party shall disclose, or elicit testimony disclosing, the confidential information contained within the exhibit, until this Court orders otherwise.

21.     Exhibits produced by any Party or Additional Party are self-authenticating and are understood to be true and accurate representations of the original document, unless challenged pursuant to this Order.

22.     <u>Joint Pre-Trial Memorandum and Pre-Trial Briefs</u>.  In the interests of judicial economy, the Parties and any Additional Parties shall file a joint pre-Trial memorandum (the "<u>Pre-Trial Memo</u>") and their respective pre-Trial briefs on all issues with respect to the Trial (i.e., confirmation of the Plan, the Patriarch Claim, and the Equitable Subordination Proceeding), as applicable, to each Party and Additional Party no later than **April 25, 2022 at 5 p.m. (ET)**, and shall contemporaneously deliver two (2) copies thereof to chambers.  In advance of that, the Parties and any Additional Parties shall have worked in good faith to revise and finalize the Pre-Trial Memo by **April 25, 2022 at 5 p.m. (ET)**.  The Parties and any additional Parties should endeavor to avoid submitting duplicative briefing and are strongly encouraged to collaborate and coordinate with any Parties and Additional Parties espousing similar views.  No pre-Trial brief shall be more than 75 double-spaced pages in length absent leave of this Court.

23.     Debtors' counsel shall be responsible for initiation of the preparation of the Pre-Trial Memo and for the assembly and timely filing and submission of the same to chambers.  At the very least, Debtors' counsel shall submit a proposed draft of the Pre-Trial Memo to counsel for all other Parties and any Additional Parties no later than **April 18, 2022 at 5 p.m. (ET)**.

24.     All Parties and any Additional Parties are expected to make a diligent effort to ensure that the Pre-Trial Memo is complete in all respects, and that all unresolved issues are fully, completely and adequately disclosed therein.

29059359.7

25.     The Pre-Trial Memo shall govern the conduct of the Trial and shall supersede all prior pleadings in these Chapter 11 Cases.  Amendments subsequent to its filing and submission shall be permitted only in exceptional circumstances and to prevent manifest injustice.

26.     The Pre-Trial Memo shall contain the following as to each Party:

a.  *Basis of jurisdiction* (including a statement whether this matter is core or noncore). If the matter is noncore, the Parties and any Additional Parties shall state whether they consent to this Court's entry of a final order pursuant to 28 U.S.C. § 157(c)(2). If any Party or Additional Party disagrees, they shall each cite to relevant authority to support their positions.

b.  *Statement of uncontested facts.*

c.  *Statement of facts which are in dispute.*  No facts should be disputed unless opposing counsel expects to present contrary evidence on the point at Trial, or genuinely challenges the fact on credibility grounds.

d.  *Damages or other relief.*  A statement of damages claimed or relief sought.  A Party or Additional Party seeking damages shall list each item claimed under a separate descriptive heading, shall provide a detailed description of each item and state the amount of damages claimed.  A Party or Additional Party seeking relief other than damages shall list the exact form of relief sought with precise designations of persons, parties, places and things expected to be included in any order providing relief.

e.  *Legal issues presented and the constitutional, statutory, regulatory and decisional authorities relied upon.*  (Counsel should include a brief statement regarding which party has the burden of proof on each legal issue).

f. *Witnesses listed in the order they will be called along with a brief statement of the evidence the witness will give.* Witnesses shall be classified between those who any Party or Additional Party expects to present and those whom any Party or Additional Party may call if the need arises. If not already provided to all Parties and any Additional Parties, the address and telephone number of each witness shall be disclosed.

g. *A list of all exhibits to be offered into evidence which shall be serially numbered and physically marked before trial in accordance with the schedule.* Documents which a Party or Additional Party may offer if the need arises shall be separately identified.

h. *A list of each discovery item and trial deposition to be offered into evidence.* (Counsel shall designate by page portion of deposition testimony and by number the interrogatories which shall be offered in evidence at Trial).

i. *An estimate of the length of trial.*

27. To facilitate candor and good faith negotiation of the Pre-Trial Memo, no drafts of the Pre-Trial Memo, or related communications, that are marked as such shall be used, offered into evidence, submitted or described to this Court other than the final agreed version of the Pre-Trial Memo (and no statements contained in the Pre-Trial Memo shall be final until both parties agree). Without limiting the foregoing, the Parties and any Additional Parties agree not to use the Pre-Trial Memo process to elicit additional discovery.

28. Each Party and Additional Party shall bring to Trial sufficient copies of all pre-marked exhibits assembled in binders and appropriately tabbed or otherwise identified, so that this Court, the clerk, the witness and all counsel will have a copy.

29.     <u>Reply Briefs</u>.  The Parties and any Additional Parties may file a pre-Trial reply brief on all issues with respect to the Trial (*i.e*., confirmation of the Plan, the Patriarch Claim, and the Equitable Subordination Proceeding), as applicable, no later than **April 27, 2022 at Noon (ET)**, and shall contemporaneously deliver two (2) copies thereof to chambers.  The Parties should endeavor to avoid submitting duplicative reply briefing and are strongly encouraged to collaborate and coordinate with Parties espousing similar views.  No pre-Trial reply brief shall be more than 10 double-spaced pages in length absent leave of this Court.

30.     This Order is entered subject to all existing protective orders and non-disclosure agreements approved or entered into in these Chapter 11 Cases, and nothing set forth herein is intended or shall be deemed to amend, modify or otherwise affect those orders except as otherwise provided for herein.  S*ee* Docket Nos. 263, 518, 564, 1123, & 1937.

31.     Bankruptcy Rule 9006 shall not apply to extend any deadlines set forth in this Order that fall on a Saturday, Sunday, or legal holiday.

32.     The Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules shall apply to the Related Litigation and the Trial, provided that to the extent there is a conflict between any of them and this Order, this Order shall govern.

33.     The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order.

34.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**<u>EXHIBIT B</u>**

**Blackline**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Zohar III, Corp., *et al.*[1] | Case No. 18-10512 (KBO) |
| Debtors. | Jointly Administered |

| | |
|---|---|
| LYNN TILTON, PATRIARCH PARTNERS VIII, LLC, PATRIARCH PARTNERS XIV, LLC, PATRIARCH PARTNERS XV, LLC, OCTALUNA, LLC; OCTALUNA II, LLC, AND OCTALUNA III, LLC, | |
| Plaintiffs, | |
| v. | Adv. Proc. No. 19-50390 (KBO) |
| MBIA INC., MBIA INSURANCE CORPORATION, U.S. BANK, N.A., ALVAREZ & MARSAL ZOHAR MANAGEMENT, CREDIT VALUE PARTNERS, LP, BARDIN HILL INVESTMENT PARTNERS F/K/A HALCYON CAPITAL MANAGEMENT LP, COÖPERATIEVE RABOBANK U.A., VÄRDE PARTNERS, INC., ASCENSION ALPHA FUND LLC, ASCENSION HEALTH MASTER PENSION TRUST, CAZ HALCYON OFFSHORE STRATEGIC OPPORTUNITIES FUND, L.P., BROWN UNIVERSITY, HCN LP, HALCYON EVERSOURCE CREDIT LLC, HLF LP, HLDR FUND I NUS LP, HLDR I TE LP, HLDR FUND I UST LP, HALCYON VALLÉE BLANCHE MASTER FUND LP, BARDIN HILL EVENT-DRIVEN MASTER FUND LP, PRAETOR FUND I, A SUB FUND OF PRAETORIUM FUND I ICAV, HIRTLE CALLAGHAN TOTAL RETURN | |

---

[1]  The Debtors, and, where applicable, the last four digits of each of their respective tax identification numbers are, as follows: Zohar III, Corp., (9612), Zohar II 2005-I, Corp. (4059), Zohar CDO 2003-1, Corp., (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119).  The Debtors' address is c/o FTI Consulting, Inc., 1166 Avenue of the Americas, 15th Floor, New York, NY 10036.

OFFSHORE FUND LIMITED, HIRTLE
CALLAGHAN TOTAL RETURN
OFFSHORE FUND II LIMITED, HIRTLE
CALLAGHAN TRADING PARTNERS, L.P.,
AND THIRD SERIES OF HDML FUND I
LLC,

         Defendants.

**ORDER ESTABLISHING A SCHEDULE AND CERTAIN PROTOCOLS IN
CONNECTION WITH THE PENDING EQUITABLE SUBORDINATION
PROCEEDING, THE PATRIARCH ADMINISTRATIVE CLAIM, AND
CONFIRMATION OF THE JOINT PLAN OF LIQUIDATION UNDER CHAPTER 11
OF THE BANKRUPTCY CODE FOR ZOHAR III, CORP.
<u>AND ITS AFFILIATED DEBTORS</u>**

Upon consideration of the motion ("<u>Motion</u>")[2] of the Debtors for entry of an order establishing a schedule and certain protocols (this "<u>Order</u>") to facilitate (i) the resolution of the Equitable Subordination Proceeding, (ii) the resolution of the Patriarch Claim, and (iii) confirmation of the Plan (collectively, the "<u>Related Litigation</u>"); and this Court having jurisdiction over the Motion pursuant to 28 U.S.C. § 1334(a); and the venue of these Chapter 11 Cases and the Motion being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having authority to enter a final order with respect to the Motion; and no additional notice of the relief provided for herein being required except as provided herein; and, after due deliberation and good and sufficient cause appearing; now, therefore,

      **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.     The Debtors' Motion is GRANTED as set forth herein. This Order shall govern the schedule and hearing, trial and other related protocols for the Related Litigation as provided for herein.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

**Discovery Schedule Applicable to Related Litigation**

2.      The schedule set forth below shall govern the discovery process concerning the Related Litigation.  For the avoidance of doubt, unless otherwise set forth herein or except as may otherwise be agreed to by all parties or ordered by this Court, the discovery process shall be subject to Local Rules 7026-1, 7026-2, and 7026-3.

3.      Fact Discovery:

a.      **February 24, 2022:**  Deadline for the Parties,[3] and any other interested party in these Chapter 11 Cases which wishes to seek discovery in connection with the Related Litigation or present direct testimony at the Trial (as defined below) (an "Additional Party"), to meet and confer to discuss the potential scope and areas of discovery, including whether expert discovery is anticipated, custodians, and potential trial and/or deposition witnesses;

b.      **February 27, 2022:**  Deadline for the parties in the Equitable Subordination Proceeding to serve their Rule 26(a)(1)(A) initial disclosures.

bc.      **February 28, 2022:**  Deadline for the Parties and any Additional Parties to issue their written discovery requests (the "Requests").  Contention interrogatories shall not be permitted. Narrowly tailored supplemental requests for production of documents concerning issues directly relevant to confirmation of the Plan may be permitted at a later date, subject to the deadline concerning the close of fact discovery and any applicable objections to such supplemental requests for production;

cd.      **March 3, 2022:**  Deadline for the Parties and any Additional Parties to meet and confer to discuss the Requests, attempt to resolve any potential disputed issues concerning scope, relevancy and burden, discuss proposed search terms, and confirm custodians;

de.      **March 8, 2022:**  Deadline for Parties and any Additional Parties to serve their respective responses and objections to requests for production of documents.  The Parties and any Additional Parties shall schedule a meet and confer to resolve outstanding issues with any Requests.  Such meet and confer shall be conducted on or before March 11, 2022;

---

[3]  All parties named in the Related Litigation and their respective affiliates are individually a "Party" and collectively the "Parties" for purposes of this Order.

ef.    **March 11, 2022:**    Deadline for the Parties and any Additional Parties to conduct the aforementioned meet and confer. The Parties and any Additional Parties must also finalize the e-discovery search methodologies to be utilized, including the identification of custodians and search terms;

fg.    **March 14, 2022:**    Deadline for the Parties and any Additional Parties to make their initial document productions with rolling productions to be made as needed;

gh.    **March 28, 2022:**    Deadline for the Parties and any Additional Parties to complete their respective document productions;

hi.    **March 31, 2022:**

(i) Deadline for the Parties and any Additional Parties to serve their written answers, responses and objections to any interrogatories and requests for admission;

(ii) Deadline for the Parties and any Additional Parties to meet and confer regarding narrowly tailored supplemental requests for production of documents concerning issues directly relevant to confirmation of the Plan.  To facilitate this, prior to such meet and confer, the Parties and any Additional Parties shall provide the Debtors and the other Parties and Additional Parties, in writing, a brief description of their anticipated objections to confirmation;

i.    **April 4, 2022:**  Fact witness depositions (including those to be conducted pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure (the "<u>Rules</u>") may commence. Deposition notices must be served no later than seven (7) days prior to the deposition date, and any objections thereto must be served no later than three days (3) after the date the deposition notices are served; provided, however, that any notices of Rule 30(b)(6) depositions must be served no later than **April 4, 2022**.  Should any Party or Additional Party include a witness on its preliminary or final witness lists who was not deposed, such witness shall be made available for a deposition, and the deposition notice shall be made within five (5) days after such witness designation; and

j.    **April 14, 2022:**  End of fact discovery.

4.    <u>Expert Discovery</u> (if and to the extent applicable):

a.      **March 14, 2022:**  Date by which any Party or any Additional Party must indicate whether it intends to offer expert testimony in its case-in-chief, and if so, the topic(s) the expert(s) will address;

ab.      **March 31, 2022:**  Date by which any Party or and any Additional Party that intends to offer expert testimony must make the Rule 26(a)(2) disclosures.  The Parties and any Additional Parties shall engage in the simultaneous exchange of reports prepared by expert witnesses.  These reports must satisfy the requirements of Rule 26(a)(2)(B);

bc.      **April 8, 2022:**  Date by which the Parties and any additional Parties shall engage in the simultaneous exchange of reports prepared by the rebuttal expert witnesses.  These rebuttal reports must satisfy the requirements of Rule 26(a)(2)(B);

cd.      **April 14, 2022:**  End of expert discovery.  Deposition notices must be served no later than five (5) days prior to the deposition date, and any objections thereto must be served no later than three (3) days after the date the deposition notices are served;

de.      **April 21, 2022:** To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by motion by this date; and

ef.      For the avoidance of the doubt, the limitations on expert discovery under Rule 26(b)(4) shall apply.

**Discovery Disputes**

5.      In the event that a discovery dispute arises (a "Discovery Dispute") in connection with the Related Litigation, the parties to the Discovery Dispute shall meet and confer (the "Dispute Conference") in an attempt to resolve the Discovery Dispute.  If the parties are not able to resolve the Discovery Dispute during the Dispute Conference:  (a) within one (1) business day of the Dispute Conference, the parties involved in the Discovery Dispute shall jointly inform this Court via email of the existence and a brief description of such Discovery Dispute, and this Court will schedule a chambers conference (telephonic, virtual or in-person) ("Chambers Conference") to resolve or rule upon any such issues involved in such Discovery Dispute; and (b) as may be

directed by the Court, each of the parties to such Discovery Dispute may be required to provide this Court with a letter of no more than three (3) pages (either in advance of or promptly following the Chambers Conference, as directed by the Court) detailing the issues associated therewith and setting forth the legal support for the position taken by such party.  Pending resolution of any such Discovery Dispute, the parties to such Discovery Dispute shall cooperate and provide such discovery which is not the subject of any such dispute.

6.      Notwithstanding the above, the Parties and any Additional Parties may, upon agreement, adjust specific deadlines set by this Court for any discovery matter without leave of Court, except for dates relating to (a) the filing of matters or documents with this Court or (b) hearing dates.

**Patriarch Claim Process**

7.      If the Motion to Strike is granted on February 22, 2022, the Patriarch Stakeholders shall have until **March 1, 2022** to file a revised Patriarch Claim that meets the requirements and conditions set forth in this Court's order granting the Motion to Strike.  Provided that the Patriarch Stakeholders file a revised Patriarch Claim by March 1, 2022, the Debtors shall have until **March 8, 2022** to file their objection to the revised Patriarch Claim, and Patriarch Stakeholders shall file a reply to such objection by **noon (ET) on** **March ~~22~~21, 2022**.

8.      On the other hand, if the Motion to Strike is denied on February 22, 2022, the Debtors shall have until **March 1, 2022** to file their final objection to the Patriarch Claim and the Patriarch Stakeholders shall file a reply to such final objection by **March 18, 2022 at 4:00 p.m. (ET)**.

9.      To the extent necessary, on **March ~~22~~23, 2022**, this Court shall conduct a non-evidentiary hearing, which amounts at most to a Rule 12(b)(6) or summary judgment hearing, on

the Patriarch Claim (as may be revised) to consider whether and to what extent the Debtors have any liability on account of the Patriarch Claim (as may be revised). ~~This~~ If the Court finds that witness testimony and/or other evidence is necessary to determine whether the Debtors are liable for the Patriarch Claim (as may be revised), then such testimony and/or other evidence will be presented at the Trial (as defined below).  Neither the March 23, 2022 non-evidentiary hearing nor the Trial (as defined below) shall ~~not~~ include any consideration of damages, ~~and the issue of damages~~ on account of the Patriarch Claim (as may be revised).  If the Court determines that the Debtors have liability on account of one or more of the causes of action asserted in the Patriarch Claim (as may be revised), the issue of damages with respect to each such cause of action for which the Debtors are liable, and any evidence related thereto, is expressly preserved for ~~the Trial (as defined below) if this Court determines that~~ ~~the Debtors are liable for the Patriarch Claim (as may be revised)~~ an evidentiary hearing at a later date to be determined.

**Plan Confirmation Process**

10.    For the avoidance of doubt, in addition to any briefing deadlines provided for herein, all interested parties in these Chapter 11 Cases, including the Parties, shall be required to file any objections to confirmation on or before the deadline to do so as provided for in the Solicitation Procedures Order (such deadline, the "Confirmation Objection Deadline"; provided, however, with respect to the Parties, such objection need only identify the legal basis (or bases) for the objection and, if applicable, the Bankruptcy Code provision(s) supporting the objection, and provide a brief but detailed description of such Party's objection to confirmation of the Plan. Any objections not raised by a Party on or before the Confirmation Objection Deadline shall be prohibited from being raised in the Party's pre-Trial brief.

**Pre-Trial Schedule and Protocols for Combined Trial on Related Litigation**

11.    <u>Trial</u>.   The trial (the "<u>Trial</u>") to consider confirmation of the Plan and, to the extent necessary, the Patriarch Claim and the Equitable Subordination Proceeding shall commence on **April 28, 2022**.  It is currently anticipated that the Trial will be held in-person before this Court. In the event that circumstances related to the COVID-19 pandemic require that the Trial be conducted virtually, the Parties shall meet and confer and submit proposed guidelines and requirements for remote witness testimony and related remote trial logistics.

12.    <u>Witness Lists</u>. On or before **April 11, 2022**, the Parties and any Additional Parties must exchange a list of all fact and expert witnesses that they intend to call at the Trial.  The initial list shall be divided into two categories:  (a) fact or expert witnesses who <u>will</u> be called to testify; and (b) fact or expert witnesses who <u>may</u> be called to testify.  For those witnesses that will be called, the list must include a brief statement of the subject matter of each witness's testimony. The Parties and any Additional Parties shall make all individuals listed on its witness list that testify or submit written declarations at Trial available for cross-examination.  If a Party or an Additional Party does not include a prior deponent whom they control, including any employees, agents or experts, on its witness list, that prior deponent need not be available for trial, but such witness will be deemed unavailable as a witness under Rule 804 of the Federal Rules of Evidence, and the opposing party may designate deposition testimony from such prior deponent consistent with paragraph 16 below.

13.    <u>Direct Examinations</u>. The Parties and any Additional Parties shall submit declarations of written direct examinations for their fact or expert witness's direct testimony, unless the Court orders otherwise.  This Court will permit brief and focused supplemental live direct examinations for each witness, <u>provided</u>, <u>however</u>, no supplemental live direct examination

shall exceed one-half hour.  All witnesses for whom declarations of written direct examinations are submitted must be tendered for live cross-examination.

14.     The Parties and any Additional Parties shall file all declarations of written direct examinations by Noon (ET) two (2) days before the testimony is to be presented at Trial.  Copies of the as-filed declarations of written direct examinations shall immediately be emailed to chambers.

15.     If a Party or an Additional Party calls a witness adversely in their case-in-chief, any cross-examination of such witness shall not be limited to the scope of the adverse direct examination.

16.     <u>Deposition Designations</u>.  Except as provided elsewhere herein, the Parties and any Additional Parties may designate depositions only as allowed under the Rules.  However, the Parties shall not designate depositions of a Party or an officer, employee, or agent of such Party. All prior deposition testimony shall be available for impeachment purposes, and objections, if any, can be raised at the time of impeachment (provided that they were appropriately preserved at deposition).  For all witnesses, including witnesses not yet deposed, witnesses listed on the "may call" list but who are not in fact called, or witnesses that shall become unavailable for reasons beyond the control of the sponsoring Party or Additional Party, the Parties and any Additional Parties shall meet and confer on a schedule to designate deposition testimony for submission as evidence (including on a post-trial basis, if necessary), and if the Parties and any Additional Parties are unable to agree on such a schedule, they shall present the matter to this Court for resolution.

17.     <u>Trial Exhibits</u>. The Parties and any Additional Parties shall exchange exhibit lists and electronic copies of the identified exhibits, with bates-numbers, by **April 21, 2022**.  Any objections to exhibits must be exchanged by **April 23, 2022 at 5:00 p.m. (ET)**.  The Parties and

any Additional Parties must meet and confer about any objections by **April 24, 2022 at 1:00 p.m. (ET)**. If the Parties and any Additional Parties cannot reach a resolution, they shall each submit to this Court letter briefs of no more than four (4) single-spaced pages outlining the areas of disagreement by no later than **April 25, 2022 at 5:00 p.m. (ET)**.

18.     A document that will be used solely for impeachment does not need to be included on a Party's or an Additional Party's exhibit list. Any exhibits to which there are no objections shall be pre-admitted, and do not require any foundation or predicate testimony before being introduced.

19.     The Parties and any Additional Parties shall use reasonable efforts to de-duplicate the list of exhibits to which there are no objections, and to compile a single, consecutively numbered set of pre-admitted exhibits. If an exhibit appearing on any final exhibit list contains sealed or confidential material, the Party or Additional Party that produced the exhibit shall use reasonable efforts to provide an alternative method (redacted exhibits, removal of the exhibit from Zoom, etc.) for eliciting testimony regarding the sealed or confidential material. For those exhibits to which no objections are raised, no Party or Additional Party shall be required to file a motion to seal in accordance with the Bankruptcy Rules or the Local Rules with respect to any sealed or confidential material contained in the exhibit lists of the Parties and any Additional Parties.

20.     For those exhibits containing sealed or confidential material to which an objection is raised, if no Party or Additional Party objects to the admission of an exhibit under seal, it shall be admitted under seal, subject to this Court's discretion. If any Party or Additional Party objects to the admission of an exhibit under seal, the offering Party or Additional Party shall apprise this Court of the dispute and seek relief from this Court no later than **April 25, 2022 at 5 p.m. (ET)**. Any exhibit admitted under seal shall not be published in the courtroom (or through Zoom), and

no Party or Additional Party shall disclose, or elicit testimony disclosing, the confidential information contained within the exhibit, until this Court orders otherwise.

21.     Exhibits produced by any Party or Additional Party are self-authenticating and are understood to be true and accurate representations of the original document, unless challenged pursuant to this Order.

22.     <u>Joint Pre-Trial Memorandum and Pre-Trial Briefs</u>.   In the interests of judicial economy, the Parties and any Additional Parties shall file a joint pre-Trial memorandum (the "<u>Pre-Trial Memo</u>") and their respective pre-Trial briefs on all issues with respect to the Trial (i.e., confirmation of the Plan, the Patriarch Claim, and the Equitable Subordination Proceeding), as applicable, to each Party and Additional Party no later than **April 25, 2022 at 5 p.m. (ET)**, and shall contemporaneously deliver two (2) copies thereof to chambers.   In advance of that, the Parties and any Additional Parties shall have worked in good faith to revise and finalize the Pre-Trial Memo by **April 25, 2022 at 5 p.m. (ET)**.   The Parties and any additional Parties should endeavor to avoid submitting duplicative briefing and are strongly encouraged to collaborate and coordinate with any Parties and Additional Parties espousing similar views.   No pre-Trial brief shall be more than 75 double-spaced pages in length absent leave of this Court.

23.     Debtors' counsel shall be responsible for initiation of the preparation of the Pre-Trial Memo and for the assembly and timely filing and submission of the same to chambers.   At the very least, Debtors' counsel shall submit a proposed draft of the Pre-Trial Memo to counsel for all other Parties and any Additional Parties no later than **April 18, 2022 at 5 p.m. (ET)**.

24.     All Parties and any Additional Parties are expected to make a diligent effort to ensure that the Pre-Trial Memo is complete in all respects, and that all unresolved issues are fully, completely and adequately disclosed therein.

29059359.7

25.    The Pre-Trial Memo shall govern the conduct of the Trial and shall supersede all prior pleadings in these Chapter 11 Cases.  Amendments subsequent to its filing and submission shall be permitted only in exceptional circumstances and to prevent manifest injustice.

26.    The Pre-Trial Memo shall contain the following as to each Party:

a.    *Basis of jurisdiction* (including a statement whether this matter is core or noncore). If the matter is noncore, the Parties and any Additional Parties shall state whether they consent to this Court's entry of a final order pursuant to 28 U.S.C. § 157(c)(2). If any Party or Additional Party disagrees, they shall each cite to relevant authority to support their positions.

b.    *Statement of uncontested facts.*

c.    *Statement of facts which are in dispute.*  No facts should be disputed unless opposing counsel expects to present contrary evidence on the point at Trial, or genuinely challenges the fact on credibility grounds.

d.    *Damages or other relief.*  A statement of damages claimed or relief sought.  A Party or Additional Party seeking damages shall list each item claimed under a separate descriptive heading, shall provide a detailed description of each item and state the amount of damages claimed.  A Party or Additional Party seeking relief other than damages shall list the exact form of relief sought with precise designations of persons, parties, places and things expected to be included in any order providing relief.

e.    *Legal issues presented and the constitutional, statutory, regulatory and decisional authorities relied upon.*  (Counsel should include a brief statement regarding which party has the burden of proof on each legal issue).

29059359.7

12

f. *Witnesses listed in the order they will be called along with a brief statement of the evidence the witness will give.* Witnesses shall be classified between those who any Party or Additional Party expects to present and those whom any Party or Additional Party may call if the need arises. If not already provided to all Parties and any Additional Parties, the address and telephone number of each witness shall be disclosed.

g. *A list of all exhibits to be offered into evidence which shall be serially numbered and physically marked before trial in accordance with the schedule.* Documents which a Party or Additional Party may offer if the need arises shall be separately identified.

h. *A list of each discovery item and trial deposition to be offered into evidence.* (Counsel shall designate by page portion of deposition testimony and by number the interrogatories which shall be offered in evidence at Trial).

i. *An estimate of the length of trial.*

27. To facilitate candor and good faith negotiation of the Pre-Trial Memo, no drafts of the Pre-Trial Memo, or related communications, that are marked as such shall be used, offered into evidence, submitted or described to this Court other than the final agreed version of the Pre-Trial Memo (and no statements contained in the Pre-Trial Memo shall be final until both parties agree). Without limiting the foregoing, the Parties and any Additional Parties agree not to use the Pre-Trial Memo process to elicit additional discovery.

28. Each Party and Additional Party shall bring to Trial sufficient copies of all pre-marked exhibits assembled in binders and appropriately tabbed or otherwise identified, so that this Court, the clerk, the witness and all counsel will have a copy.

29.     <u>Reply Briefs</u>.  The Parties and any Additional Parties may file a pre-Trial reply brief on all issues with respect to the Trial (*i.e.*, confirmation of the Plan, the Patriarch Claim, and the Equitable Subordination Proceeding), as applicable, no later than **April 27, 2022 at Noon (ET)**, and shall contemporaneously deliver two (2) copies thereof to chambers.  The Parties should endeavor to avoid submitting duplicative reply briefing and are strongly encouraged to collaborate and coordinate with Parties espousing similar views.  No pre-Trial reply brief shall be more than 10 double-spaced pages in length absent leave of this Court.

30.     This Order is entered subject to all existing protective orders and non-disclosure agreements approved or entered into in these Chapter 11 Cases, and nothing set forth herein is intended or shall be deemed to amend, modify or otherwise affect those orders except as otherwise provided for herein.  S*ee* Docket Nos. 263, 518, 564, 1123, & 1937.

31.     Bankruptcy Rule 9006 shall not apply to extend any deadlines set forth in this Order that fall on a Saturday, Sunday, or legal holiday.

32.     The Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules shall apply to the Related Litigation and the Trial, provided that to the extent there is a conflict between any of them and this Order, this Order shall govern.

33.     The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order.

34.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

29059359.7

| Summary Report | |
|---|---|
| Title | **compareDocs Comparison Results** |
| Date & Time | 2/17/2022 10:30:38 AM |
| Comparison Time | 1.87 seconds |
| compareDocs version | v5.0.100.42 |

| Sources | |
|---|---|
| Original Document | [#29106637] [v1] Zohar - Order re_ Motion for Scheduling Order FINAL As Filed on 2.8.docx |
| Modified Document | [#29106637] [v2] Zohar - Order re_ Motion for Scheduling Order As Filed.docx |

| Comparison Statistics | |
|---|---|
| Insertions | 8 |
| Deletions | 2 |
| Changes | 16 |
| Moves | 2 |
| Font Changes | 0 |
| Paragraph Style Changes | 0 |
| Character Style Changes | 0 |
| TOTAL CHANGES | 28 |
| | |
| | |
| | |

| Word Rendering Set Markup Options | |
|---|---|
| Name | Standard |
| Insertions | |
| Deletions | |
| Moves / Moves | |
| Font Changes | |
| Paragraph Style Changes | |
| Character Style Changes | |
| Inserted cells | |
| Deleted cells | |
| Merged cells | |
| Changed lines | Mark left border. |

| compareDocs Settings Used | Category | Option Selected |
|---|---|---|
| Open Comparison Report after saving | General | Always |
| Report Type | Word | TrackChanges |
| Character Level | Word | False |
| Include Comments | Word | False |
| Include Field Codes | Word | True |
| Flatten Field Codes | Word | True |
| Include Footnotes / Endnotes | Word | True |
| Include Headers / Footers | Word | True |
| Image compare mode | Word | Insert/Delete |
| Include List Numbers | Word | True |
| Include Quotation Marks | Word | False |
| Show Moves | Word | True |
| Include Tables | Word | True |
| Include Text Boxes | Word | True |
| Show Reviewing Pane | Word | True |
| Summary Report | Word | End |
| Detail Report | Word | Separate (View Only) |
| Document View | Word | Print |