## EXHIBIT A

**Revised Proposed Order**

29120842.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| Zohar III, Corp., *et al.*,[1] | ) ) | Case No. 18-10512 (KBO) |
| Debtors. | ) ) | Jointly Administered |
| | ) ) | **Docket Ref. No. 3040** |

### ORDER GRANTING IN PART AND DENYING IN PART THE DEBTORS' MOTION PURSUANT TO LOCAL RULE 9019-5(d) (I) TO STRIKE CERTAIN PORTIONS OF THE PATRIARCH CLAIM AND MOTION TO CONSOLIDATE AND (II) TO PRECLUDE DISCOVERY AND INTRODUCTION OF PROTECTED MEDIATION INFORMATION

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") requesting entry of an order (this "Order"), pursuant to Local Rule 9019-5(d), (i) striking certain portions of the Patriarch Stakeholders' *Request for Payment of Administrative Expense Claim* [Docket No. 2876] (the "Administrative Expense Claim") and *Motion to Consolidate Patriarch Stakeholders' Administrative Expense Claim with the Debtors' Adversary Proceeding* [Docket No. 2981] ("Consolidation Motion"); and (ii) precluding the discovery and introduction of evidence protected by Local Rule 9019-5(d); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261) ("Zohar III"), Zohar II 2005-1, Limited (8297) ("Zohar II"), and Zohar CDO 2003-1, Limited (5119).  The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

[2]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

29029342.7

pursuant to 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this District is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and after due deliberation; and sufficient cause appearing therefor, it is hereby

### ORDERED, ADJUDGED, AND DECREED THAT

1. The Motion is GRANTED as set forth herein.

2. The portions of the Patriarch Claim identified in Exhibit B to the Motion are hereby stricken from the record.

3. The Patriarch Stakeholders, MBIA, the Zohar III Controlling Class, and the Debtors are precluded from seeking to introduce into the record any testimony, documents or information, concerning: (a) any proposals made by the parties to the Settlement Agreement during the 2019 mediation commenced upon receipt of Ms. Tilton's global settlement proposal (the "Mediation"); (b) the terms of any proposals; (c) any party's formulation of a proposal to be made in the Mediation; (d) any party's assessment of a proposal received in the Mediation; and (e) communications among the parties to the Mediation concerning any potential or actual proposal made in the Mediation.

4. The Debtors' rights to seek a further protective order are preserved.

5. The Parties to the Subordination Adversary Proceeding and the MBIA-Patriarch Adversary Proceeding are directed to meet and confer regarding any material that should be stricken from the pleadings in those processing consistent with the Court's ruling on the Motion

and file amended pleadings within fourteen (14) days of this Order. If the parties cannot reach agreement, they should advise the Court that there are disputes over what matter should be struck.

6. This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

# EXHIBIT B

**Blackline**

29120842.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| Zohar III, Corp., *et al.*,[1] | ) ) ) | Case No. 18-10512 (KBO) |
| Debtors. | ) ) ) | Jointly Administered |
|  | ) ) | Docket Ref. No. ──3040 |

### ORDER GRANTING IN PART AND DENYING IN PART THE DEBTORS' MOTION PURSUANT TO LOCAL RULE 9019-5(d) (I) TO STRIKE CERTAIN PORTIONS OF THE PATRIARCH CLAIM AND MOTION TO CONSOLIDATE AND (II) TO PRECLUDE DISCOVERY AND INTRODUCTION OF PROTECTED MEDIATION INFORMATION

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") requesting entry of an order (this "Order"), pursuant to Local Rule 9019-5(d), (i) striking certain portions of the Patriarch Stakeholders' *Request for Payment of Administrative Expense Claim* [Docket No. 2876] (the "Administrative Expense Claim") and *Motion to Consolidate Patriarch Stakeholders' Administrative Expense Claim with the Debtors' Adversary Proceeding* [Docket No. 2981] ("Consolidation Motion"); and (ii) precluding the discovery and introduction of evidence protected by Local Rule 9019-5(d); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261) ("Zohar III"), Zohar II 2005-1, Limited (8297) ("Zohar II"), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

29029342.5

pursuant to 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this District is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and after due deliberation; and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT**

1. The Motion is GRANTED as set forth herein.

2. The portions of the Patriarch Claim identified in Exhibit B to the Motion are hereby stricken from the record.

3. The Patriarch Stakeholders , MBIA, the Zohar III Controlling Class, and the Debtors are precluded from seeking to introduce into the record ~~or take discovery regarding~~ any testimony ~~(either in a deposition or at trial)~~, documents or information, concerning: (a) any proposals made by the parties to the Settlement Agreement during the 2019 mediation commenced upon receipt of Ms. Tilton's global settlement proposal (the "Mediation"); (b) the terms of any proposals; (c) any party's formulation of a proposal to be made in the Mediation; (d) any party's assessment of a proposal received in the Mediation; and (e) communications among the parties to the Mediation concerning any potential or actual proposal made in the Mediation.

4. The Debtors' rights to seek a further protective order are preserved.

5. The Parties to the Subordination Adversary Proceeding and the MBIA-Patriarch Adversary Proceeding are directed to meet and confer regarding any material that should be stricken from the pleadings in those processing consistent with the Court's ruling on the Motion

29029342.6

2

3

and file amended pleadings within fourteen (14) days of this Order.  If the parties cannot reach agreement, they should advise the Court that there are disputes over what matter should be struck.

      6.      This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

29029342.5

3