IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Zohar III, Corp., *et al.*,[1]<br><br>              Debtors. | Chapter 11<br><br>Case No. 18-10512 (KBO)<br><br>Jointly Administered<br><br>**Re: Docket Nos. 3048, 3130** |

**PATRIARCH STAKEHOLDERS' LIMITED OBJECTION TO DEBTORS' MOTION FOR AN ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) APPROVING SOLICITATION AND VOTING PROCEDURES, INCLUDING (A) FIXING THE RECORD DATE, (B) APPROVING THE SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION, (C) APPROVING THE FORM OF BALLOTS AND ESTABLISHING TABULATION; (III) SCHEDULING A CONFIRMATION HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES; AND (IV) GRANTING RELATED RELIEF**

The Patriarch Stakeholders, by and through their counsel, hereby submit this limited objection to the *Debtors' Motion for an Order (I) Approving the Disclosure Statement; (II) Approving Solicitation and Voting Procedures, Including (A) Fixing the Record Date, (B) Approving the Solicitation Packages and Procedures for Distribution, (C) Approving the Form of Ballots and Establishing Tabulation; (III) Scheduling a Confirmation Hearing and Establishing Notice and Objection Procedures; and (IV) Granting Related Relief* [Docket No. 3130] (the "Motion").[2] In support of this Limited Objection, the Patriarch Stakeholders respectfully state as follows:

---

[1] The "Debtors," and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited ("Zohar III") (9261), Zohar II 2005-1, Limited ("Zohar II") (8297), and Zohar CDO 2003-1, Limited (together with Zohar II and Zohar III, the "Zohar Funds") (5119). The Debtors' address is c/o FTI Consulting, Inc., 1166 Avenue of the Americas, 15th Floor, New York, NY 10036.

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Motion.

57772/0001-42621376v1

1.      Given the nature of these bankruptcy cases and the parties' anticipated vote whether to accept or reject the Plan, the Patriarch Stakeholders will not engage in a line-by-line attack on the accuracy or completeness of the statements made in the Disclosure Statement.  Suffice it to say, the Patriarch Stakeholders disagree with many of the characterizations and positions taken by the Debtors in the Disclosure Statement and reserve all rights to contest those statements and positions at confirmation or any other subsequent proceeding.  The Patriarch Stakeholders believe that the Plan cannot be confirmed for several independent reasons which will be detailed in their objection to confirmation.

2.      The Patriarch Stakeholders, however, do believe that the Disclosure Statement and Plan must be revised in one respect prior to be being solicited.  Specifically, the Plan fails to separately classify or provide any treatment for certain Patriarch Stakeholders' priority secured claims under the Collateral Management Agreements ("CMAs") with the Debtors.  The Disclosure Statement also fails to discuss whether the pending Chancery Court action will proceed after the Effective Date notwithstanding other provisions in the Plan, and whether the Debtors release any rights to the escrowed funds (of approximately $6.9 million) securing the Patriarch Stakeholders' claims to fees under the CMAs without further order of the Bankruptcy Court, to the extent it is determined that the Patriarch Stakeholders' claims under the CMAs are awarded and paid through those escrowed funds.  The Disclosure Statement and plan must be revised to detail the Debtors' position and proposed treatment of the secured claims under the CMAs, and how they propose the currently stayed litigation to proceed post-Effective Date, including but not limited to the escrowed funds.

3.      The Patriarch Stakeholders further object to the Debtors' request to schedule a confirmation hearing for May 9, 2022, for the reasons set forth in the Patriarch Stakeholders'

objection to the Debtors' scheduling motion and at the February 22, 2022 hearing. The present Motion fails to account for the fact that the Debtors' pending scheduling motion, which was continued to the March 23rd hearing, seeks a consolidated equitable subordination trial and confirmation hearing. The Patriarch Stakeholders further object to the Debtors' request to file any reply in response to the Patriarch Stakeholders' confirmation objection in contravention of the Local Rules. Such a deviation will not give the Patriarch Stakeholders a sufficient and fair opportunity to prepare for the hearing after consideration of the Debtors' reply.

4. Finally, the Patriarch Stakeholders submit that any order approving the Motion should authorize the Patriarch Stakeholders to schedule any motion to approve setoff rights for the confirmation hearing. Section 10.8 of the Plan provides that, "in no event shall any Holder of a Claim be entitled to setoff any Claim . . . unless such Holder preserves its right to setoff by preserving such right to set-off in a timely filed proof of claim or filing a motion for authority to effect such setoff on or before the Confirmation Date (regardless of whether such motion is heard prior to or after the Confirmation Date)." The Patriarch Stakeholders submit that it would be appropriate to permit, but not require, any such motion to be scheduled for confirmation, assuming it is filed at least 14 days prior to confirmation.

WHEREFORE, the Patriarch Stakeholders respectfully request that this Court (i) deny approval of the Disclosure Statement, unless the Debtors modify the Disclosure Statement and Plan as set forth herein; (ii) deny the request in the Motion to schedule a confirmation hearing on May 9, 2022 and to schedule a confirmation reply brief deadline in contravention of the Local Rules; (iii) permit but not require the Patriarch Stakeholders to schedule any setoff motion for the date of the confirmation hearing, subject to it being filed 14 days prior to the scheduled hearing; and (iv) grant the Patriarch Stakeholders such other relief as may be just and proper.

Dated: March 8, 2022
Wilmington, Delaware

                **COLE SCHOTZ P.C.**

                By: *G. David Dean*
                Norman L. Pernick (No. 2290)
                G. David Dean (No. 6403)
                Patrick J. Reilley (No. 4451)
                500 Delaware Avenue, Suite 1410
                Wilmington, DE  19801
                Telephone: (302) 652-3131
                Facsimile: (302) 652-3117
                npernick@coleschotz.com
                ddean@coleschotz.com
                preilley@coleschotz.com

                        – and –

                **SHER TREMONTE LLP**
                Theresa Trzaskoma (Admitted Pro Hac Vice)
                90 Broad Street, 23rd Floor
                New York, New York 10004
                Telephone: (212) 202-2600
                Facsimile: (212) 202-4156
                ttrzaskoma@shertremonte.com

                *Counsel to the Patriarch Stakeholders*

57772/0001-42621376v1