UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Zohar III, Corp., et al.[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-10512 (KBO)<br><br>(Jointly Administered)<br><br>**Related to Docket Nos. 3048 and 3130** |

**RESPONSE AND RESERVATION OF RIGHTS OF U.S. BANK NATIONAL ASSOCIATION, IN ITS CAPACITY AS INDENTURE TRUSTEE, TO PROPOSED DISCLOSURE STATEMENT FOR THE JOINT PLAN OF LIQUIDATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE FOR ZOHAR III, CORP. AND ITS AFFILIATED DEBTORS DATED JANUARY 31, 2022 [DOCKET NO. 3048]**

U.S. Bank National Association, solely in its capacity as indenture trustee (the "**Indenture Trustee**")[2] under the Debtors' respective indentures (the "**Indentures**"), hereby files this response and reservation of rights (the "**Response**") to the Debtors' proposed Disclosure Statement for the Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code for Zohar III, Corp. and Its Affiliated Debtors Dated January 31, 2022 (the "**Disclosure Statement**") [Docket No. 3048].[3]

### I.    BACKGROUND

1.    On October 31, 2022, the Debtors filed their proposed Disclosure Statement and related Joint Plan of Liquidation (the "**Plan**," attached as Exhibit A to the Disclosure Statement).

---

[1] The "**Debtors**" and the last four digits of their taxpayer identification numbers are: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CLO 2003-1, Corp. (3724), Zohar III, Limited (9261) ("**Zohar III**"), Zohar II 2005-1, Limited (8297) ("**Zohar II**"), and Zohar CLO 2003-1, Limited (5119) ("**Zohar I**," together with Zohar II and Zohar III, collectively the "**Zohar Funds**").

[2] The Indenture Trustee serves as indenture trustee under the Zohar Funds' respective "Indentures" (as defined in and attached to the Declaration of Mamta Scott (the "**Scott Declaration**") [D.I. 94]. *See* Scott Declaration ¶ 3 and Exhibit A attached thereto.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the proposed Disclosure Statement and related Plan.

1

2. On March 2, 2022, the Debtors filed their *Motion for an Order (I) Approving the Disclosure Statement; (II) Approving Solicitation and Voting Procedures, Including (A) Fixing the Record Date, (B) Approving the Solicitation Packages and Procedures for Distribution, (C) Approving the Form of Ballots and Establishing Procedures for Voting, and (D) Approving Procedures for Vote Tabulation; (III) Scheduling a Confirmation Hearing and Establishing Notice and Objection Procedures; and (IV) Granting Related Relief* (the "**Solicitation Procedures Motion**") [Docket No. 3130].

## II. RESPONSE & RESERVATION OF RIGHTS

3. The Indenture Trustee is supportive of the Debtors' efforts to maximize the value of their estates for the benefit of creditors under the Indentures (the "**Indentures**"), but such efforts cannot be pursued at the expense of the requirements of the Indentures and the Bankruptcy Code.

4. While the proposed Disclosure Statement contains large amounts of information and summary descriptions of the terms of the Debtors' proposed Plan, the Disclosure Statement and Plan fail to address critical related issues the Indenture Trustee has raised with the Debtors, the Controlling Party (MBIA) and the Zohar III Controlling Holders. The Indenture Trustee is continuing discussions with such parties in an effort to resolve these issues prior to the confirmation hearing, but in the event these issues cannot be resolved, the Indenture Trustee may be forced to object to confirmation of the proposed Plan. Thus, the Indenture Trustee is filing this Response to address one critical concern it has with the information provided in the proposed Disclosure Statement, and to reserve its rights as to the issues raised herein and any and all other issues the Indenture Trustee may wish to raise in conjunction with the Plan and confirmation hearing.

5. As the proponent of the Disclosure Statement and Plan, it is the Debtors' burden to include adequate information in their Disclosure Statement. *See In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973, 981 (Bankr. N.D.N.Y. 1988) (a disclosure statement must contain, at a minimum, "simple and clear language delineating the consequences of the proposed plan on [creditors'] claims and the possible [sic] alternatives so that they can intelligently accept or reject the Plan."); *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991) ("In short, a proper disclosure statement must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution."). While a substantial amount of information is included in the Disclosure Statement, the Disclosure Statement contains woefully inadequate information as to the likely values of Remaining Assets, Adequate Protection Claims, and other values, without which no conceivable evaluation can be made of the Plan, or the appropriateness or magnitude of likely recoveries thereunder.

6. Specifically, the proposed Disclosure Statement and Plan provide that "Prior to the Effective Date, the Debtors shall make a good faith determination of the fair market value of the Remaining Assets as of the Effective Date, *provided*, *however*, that the Debtors shall not be required to hire an expert to make such a valuation." Disclosure Statement, Art. VIII(F)(4) (emphasis added); *see also* Plan § 6.6. The Disclosure Statement and Plan further propose to establish and fund in cash various significant escrows on the Effective Date, while providing no information whatsoever as to the magnitude of such escrows. Disclosure Statement, Art. VIII(A)(1); Plan § 6.1. Finally, the Disclosure Statement fails to include **any** liquidation analysis.

7. The Debtors' proposed appointment of themselves as valuation expert in their Disclosure Statement and liquidating Plan is inappropriate and cannot be permitted by this Court, particularly where (as here) the Debtors would purport to effectively prime certain claims of the

Indenture Trustee, and to set their own asset value at a level that would completely eliminate recoveries for creditors and interest holders subordinate to the Zohar I Credit Enhancement Claims (in the case of Zohar I), the Zohar II Credit Enhancement Claims (in the case of Zohar II), and the Zohar III A-1 Note Claims (in the case of Zohar III).

8. The Debtors should be required by this Court to present adequate information (on a case by case basis) to creditors and interest holders evaluating the Disclosure Statement, in order to allow such parties to understand and evaluate the purported values assigned by the Debtors to their Remaining Assets and the bases for such asserted values (and the Debtors ultimately must also be required to present sufficient evidence during the confirmation hearing of such asserted values to meet their burden of proof prior to confirmation of the proposed Plan). Such valuation information and evidence should include valuation of any and all Remaining Assets, Litigation Assets and Adequate Protection Claims addressed by the Debtors in the proposed Plan. In the alternative, the Court should require the Debtors to conduct a market test through a Court approved sale process implemented as part of the proposed Plan confirmation process in these cases.

9. The Indenture Trustee remains in discussions with the Debtors and other key parties in these cases in an effort to resolve these and numerous other issues it has identified with the proposed Plan. Because most of these issues are confirmation-related issues, and the Indenture Trustee is hopeful that it will be able to resolve many of these issues after continued negotiations with the Debtors and other parties, the Indenture Trustee has not raised all such issues in this Response.

10. Instead, the Indenture Trustee reserves all of its rights in connection with the proposed Disclosure Statement, and also in connection with confirmation of the proposed Plan. This Response is submitted without prejudice to, and with a full reservation of, the Indenture

Trustee's rights to supplement or amend this Response in advance of, or in connection with, the hearing to approve the Disclosure Statement, and to assert similar and/or additional objections to confirmation of the proposed Plan. Nothing herein is intended to be a waiver by the Indenture Trustee of any right, objection, argument, claim, or defense with respect to any matter, including matters involving the Disclosure Statement and the Plan (or any amendments thereto), all of which are hereby expressly reserved.

Dated: March 18, 2022
       Holmdel, NJ

Respectfully submitted,

PASHMAN STEIN WALDER HAYDEN, P.C.

By: /s/ John W. Weiss
John W. Weiss (Del. I.D. No. 4160)
101 Crawfords Corner Road, Suite 4202
Holmdel, NJ 07733
(201) 488-8200
jweiss@pashmanstein.com

-and-

ALSTON & BIRD LLP
Alexander S. Lorenzo (admitted pro hac vice)
90 Park Avenue
New York, NY 10016
(212) 210-9400
alexander.lorenzo@alston.com

*Attorneys for U.S. Bank National Association solely in its capacity as trustee under the Indentures*