## EXHIBIT A

**Blackline**

29192885.3

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Zohar III, Corp., *et al.*,[1] | Case No. 18-10512 (KBO) |
| Debtors. | **Ref. Docket No. 3130** |

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) APPROVING SOLICITATION AND VOTING PROCEDURES, INCLUDING (A) FIXING THE RECORD DATE, (B) APPROVING THE SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION, (C) APPROVING THE FORM OF BALLOTS AND ESTABLISHING PROCEDURES FOR VOTING, AND (D) APPROVING PROCEDURES FOR VOTE TABULATION; (III) SCHEDULING A CONFIRMATION HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES; <u>AND (IV) GRANTING RELATED RELIEF</u>**

Upon consideration of the motion [Docket No. 3130] (the "**Motion**")[2] of the Debtors for the entry of an order, pursuant to sections 105(a), 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3003, 3017, 3018, and 3020, and Local Rules 3017-1(a) and 3017-1(b), (i) approving the *Disclosure Statement for the ~~First~~ Second Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code for Zohar III, Corp. and Its Affiliated Debtors* attached hereto as **<u>Exhibit 1</u>** (as approved by this Order, the "**Disclosure Statement**"), (ii) approving solicitation and voting procedures with respect to the *~~First~~ Second Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code for Zohar III, Corp. and Its Affiliated Debtors* (as amended, modified or supplemented from time to time, the "**Plan**"), including (a) fixing the Record Date, (b) approving the Solicitation Packages and procedures for

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119).  The Debtors' address is c/o FTI Consulting, Inc., 1166 Avenue of the Americas, 15th Floor, New York, NY 10036.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

distribution, (c) approving the form of Ballots and establishing procedures for voting, and (d) approving procedures for vote tabulation, (iii) scheduling a confirmation hearing and establishing notice and objection procedures, and (iv) granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 1334(b) and 157 and the Amended Standing Order; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion and the hearing on the Disclosure Statement being deemed adequate; and the Disclosure Statement Hearing Notice constituting good and sufficient notice to all interested parties regarding the Motion and no other or further notice of the Motion needing to be provided; and the Court having reviewed the Motion, the papers in support thereof, and the responses thereto, if any; and upon the record of the hearing; and the Court having found and determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and that the relief requested in the Motion is in the best interests of the Debtors and their estates; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor; **IT IS HEREBY FOUND THAT:**

A.      The notice of the Motion and the Disclosure Statement Hearing Notice were served as set forth in the Motion, and such notice constitutes good and sufficient notice to all interested parties and complies with Bankruptcy Rules 2002 and 3017 and no other or further notice of the Motion need be provided.

B.      The Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code.

C.      The forms of the ballots (collectively, the "**Ballots**") for the Holders of Claims in Classes 3 (Zohar III A-1 Note Claims), 10 (Zohar II Credit Enhancement Claims), 14

(Zohar I Indenture Trustee Claims) and 15 (Zohar I Credit Enhancement Claims) (collectively, the "**Voting Classes**") attached hereto as **Exhibits 3-A through 3-F**, respectively, are sufficiently consistent with Official Form No. 14, adequately address the particular needs of these Chapter 11 Cases, and are appropriate for the Voting Classes to accept or reject the Plan.

D.     The contents and proposed distribution of the Solicitation Packages complies with Bankruptcy Rule 3017(d).

E.     Ballots need not be provided to Holders of Claims and Interests in Classes 1 (Zohar III Other Priority Claims), 2 (Zohar III Indenture Trustee Claims), 2A (Zohar III Patriarch Disputed CMA Fee Claim), 2B (Zohar III Ankura CMA Claims), Classes 4 (Zohar III A-2 Note Claims), 5 (Zohar III A-3 Note Claims), 6 (Zohar III B Note Claims), 7 (Zohar III General Unsecured Claims), 8 (Zohar II Other Priority Claims), 9 (Zohar II Indenture Trustee Claims), 9A (Zohar II Patriarch Disputed CMA Fee Claim), 9B (Zohar II Ankura CMA Claims),11 (Zohar II B Note Claims), 12 (Zohar II General Unsecured Claims), 13 (Zohar I Other Priority Claims), 14A (Zohar I Patriarch Disputed CMA Fee Claim), 16 (Zohar I A-3 Note Claims), 17 (Zohar I B Note Claims), 18 (Zohar I General Unsecured Claims), and 19 (Interests) (collectively, the "**Non-Voting Classes**"), because the Plan provides that such Classes are either (i) rendered Unimpaired under, and therefore, deemed to have accepted the Plan (without voting), in accordance with section 1126(f) of the Bankruptcy Code, or (ii) Impaired and not entitled to receive or retain any property under the Plan, and therefore, deemed to have rejected the Plan (without voting), in accordance with section 1126(g) of the Bankruptcy Code.

F.     The period within which the Debtors may solicit votes to accept or reject the Plan as set forth in this Order is a reasonable and adequate period of time for the Voting Classes to make an informed decision to accept or reject the Plan.

G.     The procedures set forth in this Order for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

H.     The Confirmation Hearing Notice and the Notice of Non-Voting Status, substantially in the forms attached hereto as **Exhibit 2** and **Exhibit 4**, respectively, the procedures provided in this Order for providing notice to all Holders of Claims and Interests and other parties in interest of the time, date, and place of the Confirmation Hearing and the deadline to object to confirmation of the Plan, and the contents of the Solicitation Packages all comply with Bankruptcy Rules 2002 and 3017 and Local Rule 3017-1 and constitute sufficient notice to all interested parties of the Plan and the Confirmation Hearing.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.     The Motion is **GRANTED**, as set forth herein.

2.     The Disclosure Statement contains adequate information as required by section 1125 of the Bankruptcy Code, and is approved.  The Debtors are authorized to distribute, or cause to be distributed, the Disclosure Statement and the Solicitation Packages to solicit votes on, and pursue Confirmation of, the Plan, in accordance with this Order.

3.     The Disclosure Statement Hearing Notice is approved.

4.     The Disclosure Statement (including all applicable exhibits thereto), the Confirmation Hearing Notice, and the Notice of Non-Voting Status provide Holders of Claims, Holders of Interests and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions in the Plan in satisfaction of the requirements of Bankruptcy Rule 3016(c).

5.      The procedures set forth below for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

6.      The contents of the Solicitation Packages, the Non-Voting Packages, and the Confirmation Hearing Notice, as set forth herein, comply with Bankruptcy Rules 2002 and 3017, and constitute sufficient notice to all interested parties, including, without limitation, Holders of Claims and Interests.

7.      The Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 2**, complies with the requirements of Bankruptcy Rules 2002(b), 2002(d), and 3017(d), and is approved.

8.      The Ballots, substantially in the form attached hereto as **Exhibits 3-A through 3-F**, are approved.

9.      The Notice of Non-Voting Status, substantially in the form attached hereto as **Exhibit 4**, is approved.

10.      The Record Date with respect to Holders of Claims shall be **March 16, 2022**.  The Record Date shall be used for purposes of determining:  (i) the Holders of Claims in the Voting Classes, which will receive Solicitation Packages and are entitled to vote to accept or reject the Plan; (ii) the Holders of Claims and Interests in the Non-Voting Classes, which will receive a Notice of Non-Voting Status and the other materials set forth in paragraph 12 of this Order and are not entitled to vote to accept or reject the Plan; (iii) the amount of each Holder's Claim for solicitation and voting purposes (except as otherwise provided herein or in the Plan); and (iv) whether Claims have been properly and timely assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee (and not the original Claim Holder)

28915650.5

can vote to accept or reject the Plan as the Holder of a Claim.  With respect to any transferred Claim, the transferee shall be entitled to receive a Solicitation Package and (if applicable) cast a Ballot on account of such Claim only if all actions necessary to effectuate the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed on or before the Record Date.  In the event a Claim is transferred after the Record Date, the transferee of such Claim shall be bound by any vote on the Plan made by the holder of such Claim as of the Record Date.

11.     ~~Within five (5) business days of the entry of this Order~~ On or before April 15, 2022 (the "**Solicitation Date**"), the Debtors shall distribute, or cause to be distributed, by first-class mail, to Holders of Claims in the Voting Classes as of the Record Date a Solicitation Package containing the following:

   a.     the Disclosure Statement, including the Plan and all other exhibits annexed thereto;

   b.     the Disclosure Statement Order (excluding exhibits);

   c.     a Ballot and the Voting Instructions;

   d.     a pre-addressed, postage pre-paid return envelope; and

   e.     the Confirmation Hearing Notice.

12.     On or before the Solicitation Date, the Debtors shall distribute, or cause to be distributed, by first-class mail, to all Holders of Claims and Interests in the Non-Voting Classes a Non-Voting Package, consisting of (i) the Disclosure Statement (together with all exhibits thereto, including the Plan); (ii) the Confirmation Hearing Notice; and (iii) the Notice of Non-Voting Status.

13.     With respect to Class 4 (Zohar III A-2 Note Claims) and Class 5 (Zohar III A-3 Note Claims), the Note Claims Nominees for the beneficial holders of Claims in such Classes for whom the Note Claims Nominees provide services are required to distribute the Non-Voting

28915650.3

6

Packages the Note Claims Nominees receive within five (5) business days to such beneficial holders.[3]

14.    2.On or before the Solicitation Date, the Debtors shall distribute, or cause to be distributed, by first-class mail, Solicitation Packages, excluding a Ballot and return envelope, but including the exhibits to the Disclosure Statement Order, to:  (i) the U.S. Trustee; (ii) the Internal Revenue Service; (iii) all state and local taxing authorities in the states in which the Debtors operate; (iv) those parties requesting notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the Solicitation Date; and (v) any other party who requests in writing a copy of the same.  On or before the Solicitation Date, the Debtor shall also distribute, or cause to be distributed, by first-class mail, the Confirmation Hearing Notice to (a) the Securities and Exchange Commission, (b) the United States Attorney for the District of Delaware, (c) all counterparties to executory contracts and leases, (d) all known Holders of Claims that are unclassified under the Plan, and (e) all persons or entities listed on the Debtors' creditor mailing matrix who are not otherwise covered by one of the categories set forth in the preceding paragraphs of this Order.

15.    3.The Debtors shall not be required to distribute Solicitation Packages to the same addresses to which undeliverable Disclosure Statement Hearing Notices were distributed unless the Debtors are provided with accurate addresses for such entities prior to the Solicitation Date.  Failure to distribute Solicitation Packages to such entities will not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline, or violate Bankruptcy Rule 3017(d). The Debtors are further excused from attempting to find better addresses for entities as to whom a

---

[3]  Non-Voting Packages may be sent to the Note Claims Nominees in paper format or via electronic transmission in accordance with the customary requirements of each Note Claims Nominee.  Each Note Claims Nominee will then distribute the Non-Voting Packages, as appropriate, in accordance with its customary practices.

Solicitation Package was returned by the United States Postal Service as undeliverable without a forwarding address.

16.    4.The Note Claims Nominees are required to distribute the Solicitation Packages they receive within five (5) business days to the Beneficial Holders for whom they provide services.  To obtain the votes of the Beneficial Holders, the Note Claims Nominees shall include as part of each Solicitation Package sent to a Beneficial Holder a Beneficial Holder Ballot and a pre-paid return envelope provided by, and addressed to, the Note Claims Nominee.  The Beneficial Holders then must return the Beneficial Holder Ballots to the Note Claims Nominee in the manner and by the deadline directed by the Note Claims Nominee in the instructions accompanying the Beneficial Holder Ballots.  Upon receipt of the completed Beneficial Holder Ballots from the Beneficial Holders, the Note Claims Nominee shall summarize the votes of its Beneficial Holders on a Master Ballot in accordance with the instructions attached to the Master Ballot.  The Note Claims Nominee must return the Master Ballot(s) to the Voting Agent so that it is received prior to the Voting Deadline.

17.    Upon written request, the Debtors will reimburse the Note Claims Nominee (or their agents) in accordance with customary procedures for their reasonable, actual, and necessary out-of-pocket expenses incurred in performing the tasks described in this paragraphOrder.  No other fees, commissions or other remuneration will be payable to any Note Claims Nominee (or their agents or intermediaries) in connection with (i) the distribution of Solicitation Packages to Beneficial Holders or, (ii) the completion of Master Ballots, or (iii) the distribution of the Non-Voting Packages to the beneficial holders of Claims in Class 4 (Zohar III A-2 Note Claims) and Class 5 (Zohar III A-3 Note Claims) as provided for in this Order.

18.    5.The deadline by which all Ballots, including Master Ballots but excluding Beneficial Holder Ballots (which Beneficial Holder Ballots must be received by the applicable Note Claims Nominee on or before the submission deadline imposed by the Note Claims Nominee), must be properly executed, completed, and actually received by the Voting Agent shall be April 27May 20, 2022 at 5:00 p.m. (ET) (the "**Voting Deadline**"); provided, however, that the Debtors are permitted to extend, in writing (which writing may be an email), the Voting Deadline at any time before or after the Voting Deadline, on behalf of any individual voter or any Voting Class, in their sole discretion.  It is not sufficient for a Ballot merely to be post-marked by the Voting Deadline.

19.    6.Ballots, including Master Ballots but excluding Beneficial Holder Ballots (which Beneficial Holder Ballots must be sent to the applicable Note Claims Nominee and will be accepted by such Note Claims Nominee as provided for in the instructions accompanying such Beneficial Holder Ballots), will be accepted either via first-class, overnight or electronic mail or hand delivery to the Voting Agent, as follows:

| If by First-Class Mail, Hand Delivery or Overnight Mail: | If by Electronic Mail: |
|---|---|
| Zohar Ballot Processing<br>c/o Reliable Companies<br>Nemours Building<br>1007 Orange Street, Suite 110<br>Wilmington, DE 19801 | Zohar Ballot Processing<br>c/o Reliable Companies<br>jedelson@reliable-co.com |

Ballots will not be accepted by facsimile transmission or electronic transmission other than electronic mail, unless approved by the Debtors in writing (which writing may be an email) or otherwise ordered by the Court.  Any Ballots delivered by electronic mail must be:  (a) hand signed (computer generated electronic signatures or typed signatures will not be accepted) by an

authorized signatory who has full power and authority to vote to accept or reject the Plan and execute and return the Ballot, electronically scanned, and then the electronically scanned copy must be electronically mailed to the Voting Agent as provided for herein; and (b) promptly mailed to the Voting Agent after being electronically mailed (although the mailed Ballot need not be actually received by the Voting Agent prior to the Voting Deadline).

20.    7.Except as otherwise provided herein, each Holder of a Claim in a Voting Class shall be entitled to vote the amount of its Claim as of the Record Date. Solely for purposes of voting on the Plan, and not for the purpose of making Distributions under the Plan on account of a Claim, and without prejudice to the rights of the Debtors or any other proper party in interest in any other context, including claims objections, with respect to all Holders of Claims in the Voting Classes, the amount of a Claim used to tabulate acceptance or rejection of the Plan shall be as follows:

a.    The amount of the Claim listed in the Debtors' Schedules; provided that (i) such Claim is not scheduled as contingent, unliquidated, undetermined, disputed, or in the amount of $0.00, (ii) no Proof of Claim has been timely filed by the applicable Bar Date (or otherwise deemed timely filed under applicable law), (iii) such Claim has not been satisfied by the Debtors, or (iv) such Claim has not been resolved pursuant to a stipulation or order entered by the Court. If a Claim is allowed under the Plan, such Claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan. If a Claim has been resolved pursuant to a stipulation or order entered by the Court, such Claim is allowed for voting purposes in the allowed amount set forth in such stipulation or order.

b.    The non-contingent, unpaid and liquidated amount specified in a Proof of Claim against the Debtors timely filed by the applicable Bar Date (or otherwise deemed timely filed by the Court under applicable law) to the extent such Proof of Claim has not been amended or superseded by another Proof of Claim and is not the subject of an objection filed on or before April 125, 2022.

c.    A Ballot cast by an alleged creditor who has timely filed a Proof of Claim in a wholly unliquidated, unknown, blank, or uncertain amount or in the amount of $0.00 that is not the subject of a claim objection filed on or before April 125, 2022 shall be counted in determining whether the numerosity requirement of section 1126(c) of the Bankruptcy Code has been met, and shall be ascribed a value of one dollar ($1.00) for Plan voting purposes only.

d.      A Ballot cast by an alleged creditor who has timely filed a Proof of Claim, but the Claim is the subject of a claim objection filed and served on or before April ~~1~~25, 2022, shall not be counted for voting purposes, unless the affected Holder of such Claim files and serves a motion pursuant to Bankruptcy Rule 3018(a) (a "**Rule 3018(a) Motion**") by no later than ~~April 15~~May 9, 2022, in which case the provisions of subsection (f) hereof shall control.

e.      Notwithstanding subsection (d) hereof, if the Debtors have requested that a Claim be reclassified, estimated and/or allowed in a fixed, reduced amount pursuant to a claim objection or estimation proceeding with respect to such Claim filed and served on or before April ~~1~~25, 2022, the Ballot of the Holder of such Claim shall be counted in the reduced amount requested by the Debtors and/or in the requested classification, unless the affected Holder of such Claim files and serves a Rule 3018(a) Motion by no later than ~~April 15~~May 9, 2022, in which case the provisions of subsection (f) hereof shall control.

f.      Any Holder of a Claim that is the subject of a claim objection filed and served on or before April ~~1~~25, 2022 which wishes to contest such objection solely for the purposes of voting on the Plan must file and serve a Rule 3018(a) Motion by no later than ~~April 15~~May 9, 2022, and any objections to such motion shall be filed by no later than ~~April 29~~May 23, 2022. Any Holder of a Claim which files a Rule 3018(a) Motion by ~~April 15~~May 9, 2022 shall be promptly provided a Ballot by the Voting Agent, and shall be permitted to cast a provisional vote to accept or reject the Plan.  If and to the extent that the Debtors and such party are unable to resolve the issues raised by the Rule 3018(a) Motion prior to the Voting Deadline, then unless otherwise agreed by the parties, at the Confirmation Hearing the Court will determine whether the provisional vote should be counted as a vote on the Plan.

g.      Notwithstanding anything to the contrary contained herein, to the extent that a Holder holds duplicate Claims in a Voting Class against the Debtors (by virtue of one or more timely filed proofs of claim, the Schedules, or a combination of both), such Holder shall be deemed to hold a single Claim in such Voting Class against such Debtors.

21.     ~~8.~~The following voting procedures and standard assumptions shall be used in tabulating the Ballots:

a.      For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor against the Debtors in a particular Voting Class will be aggregated as if such creditor held a single Claim against the Debtors in that Voting Class, and the votes related to those Claims shall be treated as a single vote in that Voting Class on the Plan; *provided, however,* that separate Claims held as of the Petition Date by different entities (even if related, affiliated or properly and timely assigned or transferred prior to the Record Date) shall not be deemed to be held by a single creditor pursuant to this provision, and the votes with respect to any such Claims shall be treated as separate votes on the Plan.

b.      Creditors with multiple Claims within a particular Voting Class must vote all such Claims to either accept or reject the Plan, and may not split their vote(s) within a Voting Class.  Accordingly, an individual Ballot that partially rejects and partially accepts the Plan on account of multiple Claims within the Voting Classes will not be counted.

c.      Each creditor will be provided a single individual Ballot for all Claims held by such creditor in a particular Voting Class against the Debtors.  For the avoidance of doubt, to the extent that a creditor holds Claims in multiple Voting Classes, such creditor will be provided an individual Ballot for each such Voting Class.

d.      If a Claim is transferred after the Record Date, only the Holder of such Claim as of the Record Date may execute and submit a Ballot to the Voting Agent, the transferee of such Claim shall be bound by any such vote (and the consequences thereof) made by the Holder of such transferred Claim as of the Record Date, and no "cause" will exist, as a result of the transfer, to permit any vote change under Bankruptcy Rule 3018(a).

e.      The delivery of a Ballot will be deemed made only when the Voting Agent actually receives the original, executed Ballot either via first-class, overnight or electronic mail or hand delivery.

f.      Any party who has previously submitted to the Voting Agent prior to the Voting Deadline a properly completed Ballot may revoke such Ballot and change its vote by submitting to the Voting Agent prior to the Voting Deadline a subsequent properly completed Ballot.  If multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last timely received, properly executed Ballot will be deemed to reflect that Holder's intent and will supersede and revoke any Ballot previously received.

g.      If a Holder of a Claim casts multiple Ballots on account of the same Claim, which are received by the Voting Agent on the same day and at the same time, but which are voted inconsistently, such Ballots shall not be counted.

h.      Except as otherwise provided in subsection (f) hereof, any party who has delivered a valid Ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline.  To be valid, a notice of withdrawal must (i) contain the description of the Claims to which it relates and the aggregate principal amount represented by such Claims, (ii) be signed by the withdrawing party in the same manner as the Ballot being withdrawn, (iii) contain a certification that the withdrawing party owns the Claims and possesses the right to withdraw the vote sought to be withdrawn, and (iv) be actually received by the Voting Agent prior to the Voting Deadline.  The Debtors expressly reserve the right to contest the validity of any such withdrawals of Ballots.

       22.    9. The following types of Ballots will not be counted in determining whether the Plan has been accepted or rejected:

a.      Any Ballot that fails to clearly indicate an acceptance or rejection, or that indicates both an acceptance and a rejection, of the Plan;

b.      Any Ballot received after the Voting Deadline, except by order of the Court or if the Debtors have granted an extension of the Voting Deadline in writing (which writing may be an email) with respect to such Ballot;

c.      Any Ballot containing a vote that the Court determines was not solicited or procured in good faith or in accordance with the applicable provisions of the Bankruptcy Code;

d.      Any Ballot that is illegible or contains insufficient information to permit the identification of the Claim Holder;

e.      Any Ballot cast by a Person or Entity that does not hold a Claim in the Classes entitled to vote on the Plan;

f.      Any unsigned Ballot or Ballot without an original signature; provided, however, a signature on a Ballot submitted via electronic mail will be deemed an original signature and immediately legally valid and effective provided that it is a hand signature delivered in accordance with paragraph 17 19 of this Order; and

g.      Any Ballot submitted by fax or electronic transmission other than electronic mail, unless approved by the Debtors in writing (which writing may be an email) or otherwise ordered by the Court.

23.      10. In addition to the foregoing generally applicable voting and ballot tabulation procedures, the following procedures shall apply to the Holders of Zohar III A-1 Note Claims which hold their position through a Note Claims Nominee:

a.      The Voting Agent shall distribute or cause to be distributed the appropriate number of copies of Beneficial Holder Ballots to the Beneficial Holders as of the Record Date;

b.      Note Claims Nominees identified by the Voting Agent as entities through which Beneficial Holders hold their Zohar III A-1 Note Claims will be provided with (i) Solicitation Packages for each Beneficial Holder represented by the Note Claims Nominee as of the Record Date, which will contain a Beneficial Holder Ballot for each Beneficial Holder, and (ii) a Master Ballot;

c.      Any Note Claims Nominee that is a holder of record with respect to Zohar III A-1 Note Claims shall vote on behalf of Beneficial Holders of such Claims by: (i) within five (5) business days after its receipt of the Solicitation Packages, distributing the Solicitation Packages, including Beneficial Holder Ballots, it receives from the Voting Agent to all such Beneficial Holders;[34] (ii) providing such Beneficial Holders with a return address to send the

---

[34]  Solicitation Packages may be sent to the Note Claims Nominees in paper format or via electronic transmission in accordance with the customary requirements of each Note Claims Nominee.  Each Note Claims Nominee will then distribute the Solicitation Packages, as appropriate, in accordance with its customary practices and obtain votes to accept or to reject the Plan also in accordance with its customary practices.  If it is the Note Claims Nominee's customary and accepted practice to submit a "voting instruction form" to the Beneficial Holders for the purpose of recording the Beneficial Holder's vote, the Note Claims Nominee will be authorized to send the voting instruction form in lieu of, or in addition to, the Solicitation Package to a Beneficial Holder.

completed Beneficial Holder Ballots; (iii) compiling and validating the votes and other relevant information of all such Beneficial Holders on the Master Ballot; and (iv) transmitting the Master Ballot to the Voting Agent on or before the Voting Deadline;

        d.      Any Beneficial Holder holding a Zohar III A-1 Note Claim as a record holder in its own name shall vote on the Plan by completing and signing a Ballot (as opposed to a Beneficial Holder Ballot) and returning it directly to the Voting Agent on or before the Voting Deadline;

        e.      Any Beneficial Holder Ballot returned to a Note Claims Nominee by a Beneficial Holder shall not be counted for purposes of accepting or rejecting the Plan until such Note Claims Nominee properly completes and delivers to the Voting Agent a Master Ballot that reflects the vote of such Beneficial Holders on or before the Voting Deadline or otherwise validates the Beneficial Holder Ballot in a manner acceptable to the Voting Agent. Note Claims Nominees shall retain all Beneficial Holder Ballots returned by Beneficial Holders for a period of one (1) year after the Effective Date of the Plan;

        f.      If a Beneficial Holder holds Zohar III A-1 Note Claims through more than one Note Claims Nominee or through multiple accounts, such Beneficial Holder may receive more than one Beneficial Holder Ballot and each such Beneficial Holder should execute a separate Beneficial Holder Ballot for each block of Zohar III A-1 Note Claims that it holds through any Note Claims Nominee and must return each such Beneficial Holder Ballot to the appropriate Note Claims Nominee;

        g.      If a Beneficial Holder holds a portion of its Zohar III A-1 Note Claim through a Note Claims Nominee or Note Claims Nominees and another portion in its own name as the record holder, such Beneficial Holder should (i) complete and sign a Ballot (as opposed to a Beneficial Holder Ballot) and return it directly to the Voting Agent on or before the Voting Deadline to vote the portion held in its own name and (ii) complete and sign a Beneficial Holder Ballot and return it to the Note Claims Nominee on or before the submission deadline imposed by the Note Claims Nominee to vote the portion held by the Note Claims Nominee(s);

        h.      Votes cast by Beneficial Holders through Note Claims Nominees will be applied to the applicable positions held by such Note Claims Nominees in Class 3 (Zohar III A-1 Note Claims), as of the Record Date, as evidenced by the applicable securities position report(s) obtained from the Depository Trust Company.  Votes submitted by a Note Claims Nominee pursuant to a Master Ballot will not be counted in excess of the amount of such Claims held by such Note Claims Nominee as of the Record Date;

        i.      If conflicting votes or "over-votes" are submitted by a Note Claims Nominee pursuant to a Master Ballot, the Debtors will use reasonable efforts to reconcile discrepancies with the Note Claims Nominees.  If over-votes on a Master Ballot are not reconciled prior to the preparation of the Voting Report, the Debtors shall apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and to reject the Plan submitted on the Master Ballot that contained the over-vote, but only to the extent of the Note Claims Nominee's position in Class 3 (Zohar III A-1 Note Claims);

j.      For purposes of tabulating votes, each Note Claims Nominee or Beneficial Holder will be deemed to have voted the principal amount of its Claims in Class 3 (Zohar III A-1 Note Claims), although any principal amounts may be adjusted by the Voting Agent to reflect the amount of such Claims actually voted, including prepetition interest;

k.      A single Note Claims Nominee may complete and deliver to the Voting Agent multiple Master Ballots.  Votes reflected on multiple Master Ballots will be counted, except to the extent that they are duplicative of other Master Ballots.  If two or more Master Ballots are inconsistent, the last valid Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior received Master Ballot.  Likewise, if a Beneficial Holder submits more than one Beneficial Holder Ballot to its Note Claims Nominee, (i) the last Beneficial Holder Ballot received before the submission deadline imposed by the Note Claims Nominee shall be deemed to supersede any prior Beneficial Holder Ballot submitted by the Beneficial Holder and (ii) the Note Claims Nominee shall complete the Master Ballot accordingly; and

l.      The Debtors will, upon written request, reimburse Note Claims Nominees for customary mailing and handling expenses incurred by them in forwarding the Beneficial Holder Ballot and other enclosed materials to the Beneficial Holders for which they are the Note Claims Nominee.  No fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting Beneficial Holder Ballots with respect to the Plan.

24.      11.The interpretation of all balloting rules and procedures (including the Ballot and the respective instructions thereto) by the Voting Agent and the Debtors, unless otherwise directed by the Court, will be final and binding on all parties.  The Debtors are authorized to reject any and all Ballots not in proper form, the acceptance of which would, in the opinion of the Debtors or its counsel, be unlawful.  The Debtors are further authorized to waive or permit the cure of any defects or irregularities or conditions of delivery as to any particular Ballot.  Unless waived, any such defects or irregularities must be cured within such time as the Debtors (or the Court) determines.  Neither the Debtors nor any other person will be under any duty to provide notification of such defects or irregularities or failure to satisfy conditions of delivery, nor will any of them incur any liabilities for failure to provide such notification.  Unless otherwise directed by the Court, delivery of such Ballots will not be deemed to have been made and such Ballots will be invalid until such defects or irregularities have been cured or waived.

25.    ~~12.~~No later than ~~Noon (ET) two (2~~three (3) business days before the Confirmation Hearing, the Voting Agent shall file a voting report (the "**Voting Report**"), verifying the results of its voting tabulations reflecting the votes cast to accept or reject the Plan.  The Voting Report shall, among other things:  (a) describe generally every Ballot received by the Voting Agent that does not conform to the Voting Instructions or that contains any form of irregularity, including, but not limited to, those Ballots that are late (specifying whether the Debtors granted an extension of time for such Ballots to be filed), illegible (in whole or in material part), unidentifiable, lacking signatures, lacking necessary information, or damaged; (b) specify any Ballots that were not counted because the voting party filed multiple Ballots; and (c) specify any Ballots that were withdrawn.  For the avoidance of doubt, the Voting Report shall specify all votes that were rejected, for any reason, and the reason for such rejection.

26.    ~~13.~~The Confirmation Hearing will be held beginning on ~~May 9~~June 1, 2022 at ~~[_____]~~9:00 a.m. (ET).  The Confirmation Hearing may be adjourned from time to time by the Court or the Debtors without further notice to parties other than noting the adjournment in the hearing agenda for the noticed Confirmation Hearing or a filing on the docket of the Chapter 11 Cases in addition to any an announcement that may be made in Court at the Confirmation Hearing or any adjourned Confirmation Hearing.

27.    ~~14.~~Objections to confirmation of the Plan (a "**Plan Objection**"), if any, must (i) be in writing, (ii) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party, (iii) state with particularity the basis and nature of any objection, and (iv) be filed no later than ~~April 27~~May 13, 2022 at 4:00 p.m. (ET) and served in accordance with the Local Rules (which service may be made by email) on the following:  (i) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801

(Attn: Michael R. Nestor, Esq. (mnestor@ycst.com), Joseph M. Barry (jbarry@ycst.com) and Ryan M. Bartley, Esq. (rbartley@ycst.com)); and (ii) the U.S. Trustee, the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Juliet M. Sarkessian, Esq. (Juliet.M.Sarkessian@usdoj.gov)).

28.    ~~15.~~The Debtors, or any other party supporting confirmation of the Plan, may file responses to any Plan Objection on or before **three (3) business days before the Confirmation Hearing**.

29.    ~~16.~~The Plan Supplement shall be filed and served on the following parties no later than ~~April 18~~May 6, 2022, which service may be made by email:  (i) the U.S. Trustee; (ii) those parties requesting notice pursuant to Bankruptcy Rule 2002 as of the service date; and (iii) any other party who requests in writing a copy of the same.  The Confirmation Hearing Notice shall identify when the Plan Supplement will be filed and how parties may obtain a copy.

30.    ~~17.~~Any right of the Patriarch Stakeholders to make or change an election under section 1111(b) shall be preserved in the event that the Debtors propose an alternative plan (or amend the Plan) to change the treatment of any claim in Classes 2A, 6, 7, 9A, 11, 12, 14A, 16, 17 and 18.

31.    ~~18.The~~ Notwithstanding anything to the contrary herein, the holders of claims in Classes 2A, 9A and 14A shall be provided a provisional ballot to vote to accept or reject the Plan.  If the holders of claims in such Classes object to the Plan on the grounds that such claims are not "Unimpaired" under the Plan, the Court shall determine at the Confirmation Hearing whether such claims are "Impaired" under the Plan and, if so, shall give effect to any timely cast ballot by holders of claims in Classes 2A, 9A and 14A.

28915650.5

17

32.     ~~19.~~The Debtors and the Voting Agent and their authorized agents and representatives are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

33.     ~~20.~~The Debtors ~~is~~ are authorized to make non-substantive changes to the Disclosure Statement, the Plan, the Ballot(s) and Voting Instructions, the Confirmation Hearing Notice, and the Notice of Non-Voting Status and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any materials in the Solicitation Package or Non-Voting Package prior to their distribution.

34.     ~~21.~~Attached hereto as **Annex I** is a timetable of the significant dates related to solicitation and confirmation of the Plan, which dates are hereby approved.

35.     ~~22.~~This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, enforcement, and interpretation of this Order.

**ANNEX I**

| Dates and Deadlines in Connection with Confirmation | |
|---|---|
| Record Date | March 16, 2022 |
| Solicitation Date | ~~March 30~~April 15, 2022 |
| Deadline to file claims objections for Plan voting purposes | April ~~1~~25, 2022 |
| Deadline to file Rule 3018(a) Motions | ~~April 15~~May 9, 2022 |
| Deadline to file Plan Supplement | ~~April 18~~May 6, 2022 |
| Confirmation Objection Deadline | ~~April 27~~May 13, 2022 at 4:00 p.m. (ET) |
| Voting Deadline | ~~April 27~~May 20, 2022 at 5:00 p.m. (ET) |
| Deadline to object to Rule 3018(a) Motions | ~~April 29~~May 23, 2022 |
| Deadline to reply to Plan objections | May ~~4~~26, 2022 |
| Deadline for Voting Agent to file Plan Voting Report | May ~~5~~26, 2022~~at Noon (ET)~~ |
| Deadline to file proposed form of confirmation order | May ~~5~~26, 2022~~at Noon (ET)~~ |
| Confirmation Hearing | ~~May 9~~June 1, 2022 at 9:00 a.m. (ET) |

**Exhibit 1**

**Disclosure Statement**

## Exhibit 2

**Confirmation Hearing Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Zohar III, Corp., *et al.*,[1] | Case No. 18-10512 (KBO) |
| Debtors. | **Ref. Docket No. _____** |
| | **Confirmation Hearing:**<br>***June 1**, 2022 at *9:00 a.m. (ET)* |
| | **Confirmation Objection Deadline:**<br>***May 13**, 2022 at 4:00 p.m. (ET) |

**NOTICE OF ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) APPROVING SOLICITATION
AND VOTING PROCEDURES, INCLUDING (A) FIXING THE RECORD DATE, (B) APPROVING THE
SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION, (C) APPROVING THE FORM OF
BALLOTS AND ESTABLISHING PROCEDURES FOR VOTING, AND (D) APPROVING PROCEDURES FOR
VOTE TABULATION; (III) SCHEDULING A CONFIRMATION HEARING AND ESTABLISHING
NOTICE AND OBJECTION PROCEDURES; AND (IV) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE THAT:**

1.  ***Approval of the Disclosure Statement.***  At a hearing held on *, 2022 (the "**Disclosure Statement Hearing**"), the United States Bankruptcy Court for the District of Delaware (the "**Court**"), having jurisdiction over the above-captioned chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), entered an order [Docket No. ●] (the "**Disclosure Statement Order**") approving the *Disclosure Statement for the ~~First~~ Second Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code for Zohar III, Corp. and Its Affiliated Debtors*, dated as of [●], 2022 and attached as Exhibit 1 to the Disclosure Statement Order (as amended, modified or supplemented from time to time, the "**Disclosure Statement**"), as containing adequate information within the meaning of section 1125 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), and authorized the Debtors to solicit votes to accept or reject the *~~First~~ Second Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code for Zohar III, Corp. and Its Affiliated Debtors*, dated as of [●], 2022 (as amended, modified or supplemented from time to time, the "**Plan**"), annexed as Exhibit * to the Disclosure Statement.  Capitalized terms used but not otherwise defined herein shall the meaning ascribed to such terms in the Plan or the Disclosure Statement Order, as applicable.

2.  ***Classification of Claims and Interests under the Plan.***  The classification and treatment of Claims and Interests under the Plan is described generally below:

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119).  The Debtors' address is c/o FTI Consulting, Inc., 1166 Avenue of the Americas, 15th Floor, New York, ~~NY 10036~~.

| Class | Description | Treatment |
|---|---|---|
| 1<br><br>Unimpaired<br><br>Not entitled to vote | Zohar III Other Priority Claims<br><br>Amount asserted to date: $0.00 | Each Holder of an Allowed Other Priority Claim against Zohar III shall receive a Cash payment equal to the Allowed Amount of such Claim from the Administrative and Priority Claims Escrow Account. Such payment will be made: (i) at such time as all Administrative Claims, Priority Tax Claims and Other Priority Claims against Zohar III are Allowed; (ii) at such time and upon such terms as may be agreed upon by such Holder and the applicable Litigation Trustee; or (iii) at such time and upon such terms as set forth in a Final Order of the Bankruptcy Court.<br><br>Estimated Percentage Distribution Under Plan: 100% of Allowed amount<br><br>Applicable Debtor: As set forth in the applicable Proof of Claim or Schedules |
| 2<br><br>Unimpaired<br><br>Not entitled to vote | Zohar III Indenture Trustee Claims<br><br>Estimated Amount: Undetermined | Indenture Trustee Claims against Zohar III shall be assumed by Zohar III Recovery LLC and paid from the Distributable Cash of Zohar III Recovery LLC.<br><br>Estimated Percentage Distribution Under Plan: 100% of Allowed amount<br><br>Applicable Debtor: Zohar III Limited and Zohar III Corp. |
| 2A<br><br>Unimpaired<br><br>Not entitled to vote | Zohar III Patriarch Disputed CMA Fee Claim<br><br>Asserted Amount: not less than $1,016,466.31, which is Disputed | To the extent Allowed, the Zohar III Patriarch CMA Fee Claim shall be paid from the funds in the Patriarch CMA Fee Escrow allocated to it pursuant to the terms of the Patriarch CMA Fee Documents.<br><br>Estimated Percentage Distribution Under Plan: 100% of Allowed amount<br><br>Applicable Debtor: Zohar III Limited and Zohar III Corp. |
| 2B<br><br>Unimpaired<br><br>Not entitled to vote | Zohar III Ankura CMA Claims<br><br>Estimated Amount: Undetermined | The Zohar III Ankura CMA Claims shall be paid from the funds in the Zohar III Ankura CMA Escrow pursuant to the terms of the Zohar III Ankura CM Agreement.<br><br>Estimated Percentage Distribution Under Plan: 100% of Allowed amount<br><br>Applicable Debtor: Zohar III Limited and Zohar III Corp |
| 3<br><br>Impaired<br><br>Entitled to vote | Zohar III A-1 Note Claims<br><br>Allowed Amount: $387,131,000 | On the Effective Date, the Zohar III A-1 Notes shall be deemed to be reduced in amount to the Zohar III Adjusted Plan Value, and each Holder of a Zohar III A-1 Note Claim shall receive, in exchange for its Zohar III A-1 Note Claim, its pro rata share of (i) the New Notes assumed by Zohar III Recovery LLC (and, if applicable, a Litigation Trust) in the aggregate amount of $100,000, and (ii) 100% of the membership interests in New Zohar III LLC; provided, however, that Holders of the Zohar III A-1 Note Claims may also receive their pro rata share of the beneficial interests in a Litigation Trust to the extent provided for in the Plan Supplement.<br><br>Estimated Percentage Distribution Under Plan: Less than 100%<br><br>Applicable Debtor: Zohar III Limited and Zohar III Corp. |
| 4<br><br>Impaired<br><br>Not entitled to vote | Zohar III A-2 Note Claims<br><br>Estimated Amount: $200,991,582.56 | Holders of Zohar III A-2 Note Claims shall receive no distribution on account of such Claims or the Zohar III A-2 Notes.<br><br>Estimated Percentage Distribution Under Plan: 0%<br><br>Applicable Debtor: Zohar III Limited and Zohar III Corp. |

28915650.3

2

| Class | Description | Treatment |
|---|---|---|
| 5<br><br>Impaired<br><br>Not entitled to vote | Zohar III A-3 Note Claims<br><br>Estimated Amount: $116,628,606.77 | Holders of Zohar III A-3 Note Claims shall receive no distribution on account of such Claims or the Zohar III A-3 Notes.<br><br>Estimated Percentage Distribution Under Plan: 0%<br><br>Applicable Debtor:  Zohar III Limited and Zohar III Corp. |
| 6<br><br>Impaired<br><br>Not entitled to vote | Zohar III B Note Claims<br><br>Estimated Amount: $196,000,000 | Holders of Zohar III B Note Claims shall receive no distribution on account of such Claims or the Zohar III B Notes.<br><br>Estimated Percentage Distribution Under Plan: 0%<br><br>Applicable Debtor: Zohar III Limited and Zohar III Corp. |
| 7<br><br>Impaired<br><br>Not entitled to vote | Zohar III General Unsecured Claims<br><br>Amount asserted to date: Not less than $12,211,667.56 | The Holders of General Unsecured Claims against Zohar III shall neither receive Distributions nor retain any property under the Plan for or on account of such General Unsecured Claims.<br><br>Estimated Percentage Distribution Under Plan: 0%<br><br>Applicable Debtor: As set forth in the applicable Proof of Claim or Schedules |
| 8<br><br>Unimpaired<br><br>Not entitled to vote | Zohar II Other Priority Claims<br><br>Amount asserted to date: $0.00 | Each Holder of an Allowed Other Priority Claim against Zohar II shall receive a Cash payment equal to the Allowed Amount of such Claim from the Administrative and Priority Claims Escrow Account.  Such payment will be made: (i) at such time as all Administrative Claims, Priority Tax Claims and Other Priority Claims against Zohar II are Allowed; (ii) at such time and upon such terms as may be agreed upon by such Holder and the applicable Litigation Trustee; or (iii) at such time and upon such terms as set forth in a Final Order of the Bankruptcy Court<br><br>Estimated Percentage Distribution Under Plan: 100%  of Allowed amount<br><br>Applicable Debtor: As set forth in the applicable Proof of Claim or Schedules |
| 9<br><br>Unimpaired<br><br>Not entitled to vote | Zohar II Indenture Trustee Claims<br><br>Estimated Amount: Undetermined | The Indenture Trustee Claims against Zohar II shall be assumed by Zohar II Recovery LLC and paid from the Distributable Cash of Zohar II Recovery LLC.<br><br>Estimated Percentage Distribution Under Plan: 100% of Allowed amount<br><br>Applicable Debtor: Zohar II Limited and Zohar II Corp. |
| 9A<br><br>Unimpaired<br><br>Not entitled to vote | Zohar II Patriarch Disputed CMA Fee Claim<br><br>Asserted Amount: not less than $2,197,485.96, which is Disputed | To the extent Allowed, the Zohar II Patriarch CMA Fee Claim shall be paid from the funds in the Patriarch CMA Fee Escrow allocated to it pursuant to the terms of the Patriarch CMA Fee Documents.<br><br>Estimated Percentage Distribution Under Plan: 100%  of Allowed amount<br><br>Applicable Debtor: Zohar II Limited and Zohar II Corp. |
| 9B<br><br>Unimpaired<br><br>Not entitled to vote | Zohar II Ankura CMA Claims<br><br>Estimated Amount: Undetermined | The Zohar II Ankura CMA Claims shall be paid from the funds in the Zohar II Ankura CMA Escrow pursuant to the terms of the Zohar II Ankura CM Agreement.<br><br>Estimated Percentage Distribution Under Plan: 100%  of Allowed amount<br><br>Applicable Debtor:  Zohar II Limited and Zohar II Corp. |

| Class | Description | Treatment |
|---|---|---|
| 10<br><br>Impaired<br><br>Entitled to vote | Zohar II Credit Enhancement Claims<br><br>Allowed Amount: $806,582,747.23 | On the Effective Date, the Zohar II Credit Enhancement Claims shall be deemed to be reduced in amount to the Zohar II Adjusted Plan Value, and each Holder of Zohar II Credit Enhancement Claims shall receive, in exchange for its Zohar II Credit Enhancement Claims, its pro rata share of (i) the New Notes assumed by Zohar II Recovery LLC (and, if applicable, a Litigation Trust) in the aggregate amount of $100,000, and (ii) 100% of the membership interests in New Zohar II LLC; provided, however, that Holders of Zohar II Credit Enhancement Claims may also receive their pro rata share of the beneficial interests in a Litigation Trust to the extent provided for in the Plan Supplement.<br><br>Estimated Percentage Distribution Under Plan: Less than 100%<br><br>Applicable Debtor: Zohar II Limited and Zohar II Corp. |
| 11<br><br>Impaired<br><br>Not entitled to vote | Zohar II B Note Claims<br><br>Estimated Amount: $200,000,000 | Holders of Zohar II B Note Claims shall receive no distribution on account of such Claims or the Zohar II B Notes.<br><br>Estimated Percentage Distribution Under Plan: 0%<br><br>Applicable Debtor: Zohar II Limited and Zohar II Corp. |
| 12<br><br>Impaired<br><br>Not entitled to vote | Zohar II General Unsecured Claims<br><br>Amount asserted to date: Not less than $271,611.48 | The Holders of General Unsecured Claims against Zohar II shall neither receive Distributions nor retain any property under the Plan for or on account of such General Unsecured Claims.<br><br>Estimated Percentage Distribution Under Plan: 0%<br><br>Applicable Debtor: As set forth in the applicable Proof of Claim or Schedules |
| 13<br><br>Unimpaired<br><br>Not entitled to vote | Zohar I Other Priority Claims<br><br>Amount asserted to date: $0.00 | Each Holder of an Allowed Other Priority Claim against Zohar I shall receive a Cash payment equal to the Allowed Amount of such Claim from the Administrative and Priority Claims Escrow Account.  Such payment will be made: (i) at such time as all Administrative Claims, Priority Tax Claims and Other Priority Claims against Zohar I are Allowed; (ii) at such time and upon such terms as may be agreed upon by such Holder and the applicable Litigation Trustee; or (iii) at such time and upon such terms as set forth in a Final Order of the Bankruptcy Court.<br><br>Estimated Percentage Distribution Under Plan: 100%  of Allowed amount<br><br>Applicable Debtor: As set forth in the applicable Proof of Claim or Schedules |
| 14<br><br>Impaired<br><br>Entitled to vote | Zohar I Indenture Trustee Claims<br><br>Estimated Amount: Undetermined | Indenture Trustee Claims against Zohar I shall be paid, up to the Allowed amount of the Indenture Trustee Claims against Zohar I, from the Distributable Cash attributable to Zohar I in the Litigation Trust applicable to Zohar I available after payment in full of all Allowed Administrative Claims and Priority Claims against Zohar I, as required by the Plan.<br><br>Estimated Percentage Distribution Under Plan: Less than 100%<br><br>Applicable Debtor: Zohar I Limited and Zohar I Corp. |

28915650.5

| Class | Description | Treatment |
|---|---|---|
| 14A<br><br>Unimpaired<br><br>Not entitled to vote | Zohar I Patriarch Disputed CMA Fee Claim<br><br>Asserted Amount: not less than $170,454.55, which is Disputed | To the extent Allowed, the Zohar I Patriarch CMA Fee Claim shall be paid from the funds in the Patriarch CMA Fee Escrow allocated to it pursuant to the terms of the Patriarch CMA Fee Documents.<br><br>Estimated Percentage Distribution Under Plan: 100% of Allowed amount<br><br>Applicable Debtor: Zohar I Limited and Zohar I Corp |
| 15<br><br>Impaired<br><br>Entitled to vote | Zohar I Credit Enhancement Claims<br><br>Allowed Amount: $20,347,522.55 | Each Holder of a Zohar I Credit Enhancement Claim shall receive (i) the treatment provided for in Section 6.1(b) of the Plan with respect to the Zohar I Sale and (ii) a Cash payment, up to the Allowed amount of the Zohar I Credit Enhancement Claim, from the Distributable Cash attributable to Zohar I in the Litigation Trust applicable to Zohar I remaining after payment in full of the Zohar I Indenture Trustee Claim.<br><br>Estimated Percentage Distribution Under Plan: Less than 100%<br><br>Applicable Debtor: Zohar I Limited and Zohar I Corp. |
| 16<br><br>Impaired<br><br>Not entitled to vote | Zohar I A-3 Note Claims<br><br>Estimated Amount: $300,867,253.26 | Holders of Zohar I A-3 Note Claims shall receive no distribution on account of such Claims or the Zohar I A-3 Notes.<br><br>Estimated Percentage Distribution Under Plan: 0%<br><br>Applicable Debtor: Zohar I Limited and Zohar I Corp. |
| 17<br><br>Impaired<br><br>Not entitled to vote | Zohar I B Note Claims<br><br>Estimated Amount: $150,000,000 | Holders of Zohar I B Note Claims shall receive no distribution on account of such Claims or the Zohar I B Notes.<br><br>Estimated Percentage Distribution Under Plan: 0%<br><br>Applicable Debtor: Zohar I Limited and Zohar I Corp. |
| 18<br><br>Impaired<br><br>Not entitled to vote | Zohar I General Unsecured Claims<br><br>Amount asserted to date:<br><br>Not less than $279,800.66 | The Holders of General Unsecured Claims against Zohar I shall neither receive Distributions nor retain any property under the Plan for or on account of such General Unsecured Claims.<br><br>Estimated Percentage Distribution Under Plan: 0%<br><br>Applicable Debtor: As set forth in the applicable Proof of Claim or Schedules |
| 19<br><br>Impaired<br><br>Not entitled to vote | Interests | Interests shall be cancelled, released, and extinguished, and Holders of Interests shall neither receive any Distributions nor retain any property under the Plan for or on account of such Interests.<br><br>Estimated Percentage Distribution Under Plan: 0%<br><br>Applicable Debtor: Each Debtor |

       3.    ***Offers to Acquire the Debtors' Assets for a Greater Value.***  The Plan is premised on the Debtors' view that the value of the assets of Zohar III, Zohar II and Zohar I,[52] respectively, do not exceed: (i) the amount of the Zohar

---

[52] As described in Section 6.1(b) of the Plan, prior to the Petition Date MBIA acquired all right, title and interest (whether legal, equitable or beneficial) of the assets of Zohar I. As a result, the Plan gives effect to the Zohar I Sale Documents and the prepetition transfer of the debt and equity interests in the Portfolio Companies owned by Zohar I to MBIA. Thus, any such assets are not subject to potential offers, as described herein

III A-1 Notes Claims ($387,131,000) for Zohar III; (ii) the amount of the Zohar II Credit Enhancement Liability Claims ($806,582,747.23) for Zohar II; and (iii) the amount of the Zohar I Credit Enhancement Liability Claims ($20,347,522.55) for Zohar I, as more fully discussed in Article I.C. of the Disclosure Statement.  If any interested party believes that it can provide value to any one or more of the Zohar Funds to acquire their assets or the interest in the applicable Asset Recovery Entity (and related Litigation Trust) at a cash purchase price that is at or above the amount of the A-1 Notes or Credit Enhancement Liabilities, as applicable, it should promptly contact the Debtors. Subject to customary demonstrations concerning the bona fides of any party seeking to make an offer and its financial wherewithal to complete a transaction at or above the threshold amount, the Debtors will consider offers providing a purchase price at or above the amount of the senior most claims against the applicable Zohar Fund (i.e., $387,131,000.00 for Zohar III; $806,582,747.23 for Zohar II; and $20,347,522.55 for Zohar I).[6]

4.  ***Deadline for Voting on the Plan.***  **The Court has established \*May 20, 2022 at 5:00 p.m. (ET) (the "Voting Deadline") as the deadline by which Ballots, including Master Ballots but excluding Beneficial Holder Ballots (which Beneficial Holder Ballots must be received by the applicable Note Claims Nominee on or before the submission deadline imposed by the Note Claims Nominee), accepting or rejecting the Plan must be received.  Only Holders of Claims in Classes 3 (Zohar III A-1 Note Claims), 10 (Zohar II Credit Enhancement Claims), 14 (Zohar I Indenture Trustee Claims) and 15 (Zohar I Credit Enhancement Claims) (collectively, the "Voting Classes") under the Plan are entitled to vote on the Plan and will receive Ballots to cast such votes.**  All other Classes of Claims and Interests under the Plan are not entitled to vote on the Plan.  Votes must be submitted in accordance with the Disclosure Statement Order and the voting instructions attached to the Ballots.  In addition to this notice, Holders of Claims in the Voting Classes will receive a Solicitation Package containing the following:  (a) the Disclosure Statement, including the Plan and all other exhibits annexed thereto; (b) the Disclosure Statement Order (excluding exhibits); (c) a Ballot and Voting Instructions; and (d) a pre-addressed, postage pre-paid return envelope.  If you are the Holder of a Claim in one or more of the Voting Classes and did not receive a Solicitation Package, please contact the undersigned counsel for the Debtors electronically, in writing or via telephone using the contact information provided below.

5.  ***Claims Objections***.  The Debtors may object to Claims for Plan voting purposes by filing and serving an objection to such Claims no later than April ~~1~~25, 2022.  If the Debtors file and serve such an objection, any Claims to which the Debtors object shall not be counted for Plan voting purposes except as provided in the Disclosure Statement Order.  Any Holder of a Claim that is the subject of a claim objection filed and served on or before April ~~1~~25, 2022 which wishes to contest such objection solely for the purposes of voting on the Plan must file and serve a motion under Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (a "**Rule 3018(a) Motion**") by no later than ~~April 15~~May 9, 2022.  Any Holder of a Claim who files and serves a Rule 3018(a) Motion by ~~April 15~~May 9, 2022 shall be promptly provided a ballot by the Voting Agent, and shall be permitted to cast a provisional vote to accept or reject the Plan.  If and to the extent that the Debtors and such party are unable to resolve the issues raised by the Rule 3018(a) Motion prior to the Voting Deadline, then unless otherwise agreed by the parties, at the Confirmation Hearing the Court will determine whether the provisional ballot should be counted as a vote on the Plan.

6.  ***Plan Supplement***.  The Plan Supplement, if any, will be filed and served on the following parties no later than \*May 6, 2022, which service may be made by email: (i) the U.S. Trustee; (ii) those parties requesting notice pursuant to Bankruptcy Rule 2002 as of the service date; and (iii) any other party who requests a copy of the same from the undersigned counsel for the Debtors electronically or in writing using the contact information provided below.

7.  ***Confirmation Hearing.***  A hearing to consider Confirmation of the Plan and for such other and further relief as may be just or proper (the "**Confirmation Hearing**") will be held on **\*June 1, 2022 at \* p.m9:00 a.m. (ET)** before the Honorable Karen B. Owens, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 6th Floor, Courtroom 3, Wilmington, Delaware 19801.  The Confirmation Hearing may take place virtually through Zoom, and in the even that it does so, information on how to sign up for such virtual hearing will be provided in the hearing agenda filed on the docket of the Chapter 11 Cases.  The Confirmation Hearing may be adjourned from time to time by the Court or the Debtors without further notice to parties other than noting the adjournment in the hearing agenda for the noticed Confirmation Hearing or a filing on the docket of the Chapter 11

---

[6] ~~2890565v5~~The Debtors may also, in their discretion, consider offers below these threshold amounts.

Cases in addition to any an announcement that may be made in Court at the Confirmation Hearing or any adjourned Confirmation Hearing.  The Plan may be modified in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Plan and other applicable law, without further notice unless such notice is required by the Bankruptcy Code or the Bankruptcy Rules, prior to or as a result of the Confirmation Hearing.  If the Bankruptcy Court enters an order confirming the Plan, section 1141 of the Bankruptcy Code shall become applicable with respect to the Plan and the Plan shall be binding on all parties to the fullest extent permitted by the Bankruptcy Code.

8.    ***Deadline for Objections to Confirmation of the Plan.***  Objections, if any, to confirmation of the Plan, must (i) be in writing; (ii) state the name, address, and nature of the Claim or Interest of the objecting or responding party; (iii) state with particularity the legal and factual basis and nature of any objection or response; and (iv) be filed with the Clerk of the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801 **before 4:00 p.m. (ET) on *, 2021 May 13, 2022** and served by that date and time in accordance with the Local Rules, which service may be made by email, on the following parties:  (i) counsel to the Debtor, Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801, Attn: Michael R. Nestor, Esq. (mnestor@ycst.com), Joseph M. Barry (jbarry@ycst.com) and Ryan M. Bartley, Esq. (rbartley@ycst.com); and (ii) the Office of the United States Trustee for the District of Delaware, 855 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Juliet M. Sarkessian, Esq. (Juliet.M.Sarkessian@usdoj.gov).

9.    ***ARTICLE X OF THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS.  YOU ARE ENCOURAGED TO CAREFULLY REVIEW THE PLAN, INCLUDING THESE PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED, REGARDLESS OF WHETHER OF YOU ARE UNIMPAIRED OR IMPAIRED UNDER THE PLAN.  ALL PARTIES ARE ADVISED TO READ ARTICLE X OF THE PLAN CAREFULLY AND CONSULT WITH THEIR OWN ADVISORS WITH RESPECT THERETO.***

10.    **The release in Section 10.3 of the Plan binds the Debtors and the Estates.  It provides:**

**"To the maximum extent permitted by applicable law, pursuant to section 1123(b)(3) of the Bankruptcy Code, for good and valuable consideration, including the actions of the Released Parties to facilitate the Plan and the implementation of the Plan, effective as of the Effective Date, each Debtor, in its individual capacity and as a debtor in possession for itself and on behalf of its Estate, and any person claiming through, on behalf of, or for the benefit of each Debtor and its Estate, shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released all Released Parties for and from any and all claims or Causes of Action existing as of the Effective Date or thereafter whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, in law or equity, arising from or related to any actions, transactions, events or omissions occurring on or before the Effective Date relating to the Debtors, in any way whatsoever, or the Chapter 11 Cases.  The Wind-Down Company (if any) and each Wind-Down Administrator, Asset Recovery Entity, Asset Recovery Manager, Litigation Trust(s) And Litigation Trustee(s), shall be bound, to the same extent that the Debtors and the Estate are bound, by the releases set forth above.  Notwithstanding anything herein to the contrary, the release set forth in this Section 10.3 of the Plan shall not apply to any act or omission constituting gross negligence, actual fraud or willful misconduct by any of the Exculpated Parties."**

*"Released Parties" is defined as follows:  "collectively, in each case, solely in their respective capacities as such:  (a) the Exculpated Parties, (b) Ankura, (c) the Indenture Trustee, (d) each DIP Lender, (e) the Controlling Party; (f) the members of the Controlling Class, (g) all Holders of Claims that vote to accept the Plan; and (h) with respect to each of the Entities described in subsections (c) through (g), such Entity's Related Parties; provided, however, that notwithstanding any provision of the Plan to the contrary, (i) Lynn Tilton, the Patriarch Stakeholders, the respective Affiliates of any of them and their Related Parties (other than the Exculpated Parties and Ankura, if they are Related Parties or Affiliates of the foregoing) shall not be Released Parties and shall not be released under the Plan and (ii) any party that objects to Confirmation of the Plan (by filing an objection with the Court or appearing at the Confirmation Hearing and making an objection on the record), files a motion to stay the effectiveness of the Confirmation Order or files an appeal of the Confirmation Order shall not be a Released Party and shall not be released under the Plan."*

11.    **The release in Section 10.4 of the Plan binds certain non-Debtor parties.  It provides:**

"**To the maximum extent permitted by applicable law, pursuant to sections 105(a) and 1123(b)(5) and (6) of the Bankruptcy Code, for good and valuable consideration, including the actions of the Released Parties to facilitate the Plan and the implementation of the Plan, effective as of the Effective Date, each Releasing Party shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released all Released Parties for and from any and all claims or Causes of Action existing as of the Effective Date or thereafter whether known or unknown, foreseen or unforeseen, liquidated or unliquidated, fixed or contingent, matured or unmatured, in law or equity arising from or related to any actions, transactions, events or omissions occurring on or before the Effective Date relating to the Debtors, in any way whatsoever, or the Chapter 11 Cases.  For the avoidance of doubt, the foregoing release shall not waive or release any right that a Releasing Party has under the Plan, including to receive a distribution under the Plan; provided, however, that notwithstanding any other provision of the Plan to the contrary, nothing herein shall constitute a waiver or release of any claims or causes of action to enforce or arising under the Zohar I Issuer Holdback Documents.**"

"*Releasing Parties*" *is defined as follows:  "collectively, in each case only in its capacity as such: (a) Ankura, (b) the Indenture Trustee, (c) the DIP Lender, (d) the Controlling Party, (e) the members of the Controlling Class, and (f) all Holders of Claims that vote to accept the Plan; <u>provided, however,</u> that if any of the foregoing entities is excluded as a Released Party due to application of the proviso in the definition of "Released Party" such entity also shall not be a Releasing Party."*

12. The text of the exculpation and injunction provisions of Article X of the Plan are as follows:

**Section 10.5 Exculpation.   "Except as otherwise specifically provided in the Plan, the Plan Supplement or related documents, no Exculpated Party shall have or incur any liability to any entity for any act or omission taken (or not taken, as the case may be) on or after the Petition Date and prior to the Effective Date in connection with, or related to, the Debtors or arising out of the Chapter 11 Cases, the filing of the Chapter 11 Cases, the formulation, preparation, negotiation, dissemination, filing, implementation, administration, confirmation or consummation of the Plan, the Disclosure Statement, the exhibits to the Plan and the Disclosure Statement, the Plan Supplement documents, any instrument, release or other agreement or document created, modified, amended or entered into in connection with the Plan, except for their willful misconduct or gross negligence as determined by a Final Order.  No Entity may commence or pursue a claim or Cause of Action of any kind against any Exculpated Party without the Bankruptcy Court (i) first determining after notice that such claim or Cause of Action represents a colorable claim for willful misconduct or gross negligence against that Exculpated Party and (ii) specifically authorizing such entity to bring such Claim.  The United States Bankruptcy Court for the District of Delaware will have, and expressly retains, sole jurisdiction to adjudicate any such claim for which approval of the court to commence or pursue has been granted.**

"*Exculpated Parties*" *is defined as follows:  "(a) each Professional retained by the Debtors or the Independent Director after the Petition Date, (b) Joseph J. Farnan, Jr., Marc Kirschner, Michael Katzenstein, Robert Kost, and (c) FTI Consulting, Inc., Goldin & Associates, LLC, Teneo Holdings, LLC, and their respective "additional personnel" supporting the independent CROs and CMO.  For the avoidance of doubt, Exculpated Parties includes (y) Young Conaway Stargatt & Taylor, LLP, White & Case LLP, Houlihan Lokey Capital Inc., KPMG LLP, Direct Fee Review, LLC, Robinson Gray PA, Fox Rothschild LLP, Morris, Nichols, Arsht & Tunnell, LLP, Reliable Companies, and Walkers (Cayman) LLP and (z) the members, partners, directors, officers, managers, and employees of each party referenced in (a)-(c) and (y) of this definition who provided services to the Debtors or Independent Director, solely in their capacities as such."*

**Section 10.6 Plan Injunction.  Subject to the occurrence of the Effective Date, Confirmation of the Plan shall act as a permanent injunction against any Entity commencing or continuing any action, employment of process, or act to collect, offset (except as permitted by Section 10.8 of the Plan) or recover any claim, interest, or Cause of Action satisfied, released or exculpated under the Plan to the fullest extent authorized or provided by the Bankruptcy Code.  Without limiting the foregoing, from and after the Effective Date, all Entities that have held, hold, or may hold claims, interests, or Causes of Action satisfied, released or exculpated under the Plan shall be** permanently enjoined from taking any of the following actions against, as applicable, the Asset Recovery

**Entity, Asset Recovery Manager, Litigation Trust(s), Litigation Trustee(s), Wind-Down Company (if any), Wind-Down Administrator, Released Parties or Exculpated Parties, on account of any such claims, interests, or Causes of Action: (a) commencing or continuing in any manner any suit, action or other proceeding; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order; (c) creating, perfecting, or enforcing any encumbrance of any kind; and (d) commencing or continuing in any manner any action or other proceeding of any kind.**

       13.    ***Copies of Documents.***  Copies of the Plan, the Disclosure Statement, the Plan Supplement (which will be filed on or before *May 6, 2022), and the Disclosure Statement Order are available free of charge upon written request (which writing may be an email) to the undersigned counsel for the Debtors.  If you are the holder of a Claim and believe that you are entitled to vote on the Plan, but you did not receive a Solicitation Package, or if you have any questions concerning voting procedures, the Solicitation Package that you received, or the amount of your Claim, you should contact the undersigned counsel for the Debtors electronically, in writing or via telephone using the contact information provided below.  Please be advised that counsel for the Debtors cannot provide legal advice to any party other than the Debtors.

Dated: *, 2022
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ _____
James L. Patton, Jr. (No. 2202) (jpatton@ycst.com)
Robert S. Brady (No. 2847) (rbrady@ycst.com)
Michael R. Nestor (No. 3526) (mnestor@ycst.com)
Joseph M. Barry (No. 4221) (jbarry@ycst.com)
Ryan M. Bartley (No. 4985) (rbartley@ycst.com)
Shane M. Reil (No. 6195) (sreil@ycst.com)
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600  Facsimile: (302) 571-1253

*Counsel to the Debtors and Debtors in Possession*

**Exhibit 3-A**

**Form of Class 3 Master Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Zohar III, Corp., *et al.*,[7] | Case No. 18-10512 (KBO) |
| Debtors. | Ref. Docket No. _____ |

**MASTER BALLOT FOR CLASS 3 ZOHAR III A-1 NOTE CLAIMS FOR ACCEPTING OR REJECTING THE SECOND AMENDED JOINT ~~11~~ PLAN OF LIQUIDATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE FOR ZOHAR III, CORP. AND ITS AFFILIATED DEBTORS**

> **TO BE COUNTED, THIS MASTER BALLOT MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT BY ~~*~~MAY 20, 2022 AT 5:00 P.M. (ET)**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") are soliciting votes to accept or reject the ~~*First*~~ *Second Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code for Zohar III, Corp. and Its Affiliated Debtors* (as amended, modified or supplemented from time to time, the "**Plan**")[8] submitted by the Debtors and described in, and attached as Exhibit A, to the related *Disclosure Statement for the ~~First~~ Second Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code for Zohar III, Corp. and Its Affiliated Debtors* (the "**Disclosure Statement**") that was approved by an order [Docket No. *] (the "**Disclosure Statement Order**") of the United States Bankruptcy Court for the District of Delaware (the "**Court**") and attached as Exhibit 1 to the Disclosure Statement Order.  The Disclosure Statement describes the Plan and provides information to assist Holders of Claims entitled to vote on the Plan in deciding how to vote their Ballots.  Court approval of the Disclosure Statement does not indicate Court approval of the Plan.

This master ballot (this "**Master Ballot**") is submitted to you because the Debtors' records indicate that you are a broker, bank, intermediary, nominee or other agent (a "**Note Claims Nominee**") of one or more beneficial holder(s) (each, a "**Beneficial Holder**") of the A-1 Notes issued by Zohar III (the "**Notes**") as of ~~*~~March 16, 2022 (the "**Record Date**").  You have also received ballots ("**Beneficial Holder Ballots**") and Solicitation Packages to be distributed to all Beneficial Holders holding the Notes through you in accordance with the instructions below.

You must use this Master Ballot to cast votes to accept or reject the Plan on behalf of each of your Beneficial Holders with respect to their Zohar III A-1 Note Claims.

---

[7]  The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119).  The Debtors' address is c/o FTI Consulting, Inc., 1166 Avenue of the Americas, 15th Floor, New York, NY 10036.

[8]  Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Plan or the Disclosure Statement Order, as applicable.

If you do not have a Disclosure Statement or Plan you may obtain a copy free of charge upon written request (which writing may be an email) to counsel for the Debtors (Attention:  Shane M. Reil, sreil@ycst.com).

This Master Ballot may not be used for any purpose other than for compiling the votes and other elections from the Beneficial Holder Ballots returned to you by your Beneficial Holders.  If you believe you have received this Master Ballot in error, please contact counsel for the Debtors immediately.

The Plan Supplement, if any, will be filed and served on the following parties no later than \*May 6, 2022, which service may be made by email:  (i) the U.S. Trustee; (ii) those parties requesting notice pursuant to Bankruptcy Rule 2002 as of the service date; and (iii) any other party who requests in writing a copy of the same from counsel for the Debtors (Attention:  Shane M. Reil, sreil@ycst.com).

## VOTING INSTRUCTIONS FOR COMPLETING THIS MASTER BALLOT

1. You should immediately distribute the Beneficial Holder Ballots and the Solicitation Packages to all Beneficial Holders of the Convertible Notes holding through you and take any action required to enable each such Beneficial Holder to vote timely the Zohar III A-1 Note Claim(s) that it holds.  No Beneficial Holder Ballot returned to you by a Beneficial Holder shall be counted for purposes of accepting or rejecting the Plan until you properly complete and deliver to Reliable Companies (the "**Voting Agent**"), **so that it is actually received by the Voting Deadline, which is 5:00 p.m., Eastern Time, on \*May 20, 2022**, a Master Ballot that reflects the votes of all such Beneficial Holders or otherwise validate each Beneficial Holder Ballot in a manner acceptable to the Voting Agent.

2. If you are transmitting the votes of any Beneficial Holders other than yourself, within five (5) business days of your receipt of a Solicitation Package, forward the Solicitation Packages to the Beneficial Holder of Zohar III A-1 Note Claims for voting along with a return envelope provided by and addressed to you. The Beneficial Holder will return the Beneficial Holder Ballot to you. You will tabulate the votes of your respective Beneficial Holders on this Master Ballot, in accordance with the Disclosure Statement Order and the instructions set forth herein, and then return this Master Ballot to the Voting Agent. You should advise the Beneficial Holders to return their Beneficial Holder Ballots to you with enough time to allow you to prepare and return this Master Ballot to the Voting Agent so that this Master Ballot is actually received by the Voting Agent on or before the Voting Deadline.

3. You must: (a) compile on this Master Ballot the votes and other relevant information of each Beneficial Holder returning a properly executed Beneficial Holder Ballot to you using the customer name or account number assigned by you to each such Beneficial Holder; (b) execute this Master Ballot; (c) transmit this Master Ballot to the Voting Agent by the Voting Deadline; and (d) retain all Beneficial Holder Ballots in your files for a period of one (1) year after the Voting Deadline. You may be ordered to produce the Beneficial Holder Ballots to the Debtors or the Bankruptcy Court.

4. If your Master Ballot is received after the Voting Deadline, the votes of your Beneficial Holders will not be counted unless the Debtors determine otherwise.  In all cases, you should allow sufficient time to assure timely delivery.  Delivery of your Master Ballot to the Voting Agent by facsimile shall not be valid.  No Master Ballot should be sent to any of the Debtors or their agents other than the Voting Agent.

5. Votes reflected on a Master Ballot will not be counted to the extent that they are duplicative of votes cast on other properly completed and delivered Master Ballot(s).  If two or more Master

Ballots are inconsistent, the latest-received, properly-executed Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior Master Ballot.  If you submit more than one Master Ballot and the later Master Ballot(s) supplement(s) rather than supersede(s) your earlier Master Ballot(s), please mark such Master Ballot(s) with the words "Additional Vote."

6.      If a Beneficial Holder casts more than one Beneficial Holder Ballot voting the same claim prior to the mailing deadline you establish, the last such properly-executed Beneficial Holder Ballot should control.

7.      THIS MASTER BALLOT IS NOT A LETTER OF TRANSMITTAL AND MAY NOT BE USED FOR ANY PURPOSE OTHER THAN TO TRANSMIT THE VOTES OF YOUR BENEFICIAL HOLDERS TO ACCEPT OR REJECT THE PLAN. CERTIFICATES, IF ANY, REPRESENTING THE NOTES SHOULD NOT BE SURRENDERED AT THIS TIME, AND NEITHER THE DEBTORS NOR THE VOTING AGENT WILL ACCEPT DELIVERY OF ANY SUCH CERTIFICATES.

8.      You should indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity and, if required or requested by the Voting Agent, must submit proper evidence of your authority to so act on behalf of the Beneficial Holder(s).

9.      If you are both a Note Claims Nominee and a Beneficial Holder of the Notes and you wish to vote your Zohar III A-1 Note Claims arising therefrom, you must complete a Beneficial Holder Ballot representing such Claims and afford to such Beneficial Holder Ballot the same treatment as to the Beneficial Holder Ballots returned to you by your Beneficial Holders.  To complete a Beneficial Holder Ballot, please refer to the instructions accompanying the Beneficial Holder Ballot.

10.     In order for your vote to count, you must:

        (i)      Complete your Master Ballot in accordance with these instructions;

        (ii)     In the boxes provided in Item 2 of this Master Ballot, indicate <u>either</u> acceptance or rejection of the Plan by your Beneficial Holders by checking the appropriate box; and

        (iii)    Review and sign the certifications in Items 1 and 4 of this Master Ballot.  Please be sure to sign and date your Master Ballot.  Your signature is required in order for the votes of your Beneficial Holders vote to be counted.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to this Master Ballot.

11.     **To have the votes of your Beneficial Holders counted, you must complete, sign, and submit your Master Ballot in the manner set forth herein so that it is <u>actually</u> <u>received</u> by the Voting Agent not later than *<u>May 20</u>, 2022 at 5:00 p.m. (ET).  It is not sufficient for your Ballot merely to be post-marked by the Voting Deadline.  Rather, your Ballot must be <u>actually</u> <u>received</u> by the Voting Agent not later than *<u>May 20</u>, 2022 at 5:00 p.m. (ET).**

12.     Return the completed Master Ballot to the Voting Agent in the pre-addressed, postage pre-paid return envelope enclosed with this Master Ballot or return it to:

| If by First-Class Mail, Hand Delivery or Overnight Mail: | If by Electronic Mail: |
|---|---|
| Zohar Ballot Processing<br>c/o Reliable Companies<br>Nemours Building<br>1007 Orange Street, Suite 110<br>Wilmington, DE 19801 | Zohar Ballot Processing<br>c/o Reliable Companies<br>jedelson@reliable-co.com |

13.    IF YOU SUBMIT YOUR MASTER BALLOT VIA FIRST-CLASS OR OVERNIGHT MAIL OR HAND DELIVERY, THE MASTER BALLOT YOU SUBMIT MUST BEAR YOUR ORIGINAL SIGNATURE. IF YOU SUBMIT YOUR MASTER BALLOT VIA ELECTRONIC MAIL, A SIGNATURE ON SUCH BALLOT WILL BE DEEMED AN ORIGINAL SIGNATURE AND IMMEDIATELY LEGALLY VALID AND EFFECTIVE. DO NOT SUBMIT YOUR MASTER BALLOT BY FAX OR ELECTRONIC TRANSMISSION OTHER THAN ELECTRONIC MAIL AS IT WILL NOT BE COUNTED, UNLESS APPROVED BY THE DEBTORS IN WRITING (WHICH WRITING MAY BE AN EMAIL) OR OTHERWISE ORDERED BY THE COURT.

14.    ANY BALLOTS DELIVERED BY ELECTRONIC MAIL MUST BE: (A) HAND SIGNED (COMPUTER GENERATED ELECTRONIC SIGNATURES OR TYPED SIGNATURES WILL NOT BE ACCEPTED) BY AN AUTHORIZED SIGNATORY WHO HAS FULL POWER AND AUTHORITY TO VOTE TO ACCEPT OR REJECT THE PLAN AND EXECUTE AND RETURN THE BALLOT, ELECTRONICALLY SCANNED, AND THEN THE ELECTRONICALLY SCANNED COPY MUST BE ELECTRONICALLY MAILED TO THE VOTING AGENT AS PROVIDED FOR HEREIN; AND (B) PROMPTLY MAILED TO THE VOTING AGENT AFTER BEING ELECTRONICALLY MAILED (ALTHOUGH THE MAILED BALLOT NEED NOT BE ACTUALLY RECEIVED BY THE VOTING AGENT PRIOR TO THE VOTING DEADLINE).

15.    The following Master Ballots will NOT be counted:

    (i)    any Master Ballot received after the Voting Deadline unless (a) the Debtors (in their sole discretion) shall have granted an extension of the Voting Deadline with respect to such Master Ballot or (b) the Bankruptcy Court shall have authorized the counting of such Master Ballot;

    (ii)    any Master Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Holders of the Claim voted;

    (iii)    any Master Ballot sent to any party other than the Voting Agent (e.g., the Debtors or the Bankruptcy Court);

    (iv)    any inconsistent or duplicate Master Ballots that are simultaneously cast with respect to the same Claim;

    (v)    any Master Ballot transmitted to the Voting Agent by facsimile or other means not specifically approved in the Disclosure Statement Order;

    (vi)    any unsigned Master Ballot; or

(vii)    any Master Ballot that does not contain amounts of claims denominated in U.S. currency.

16.    The Debtors will, upon written request, reimburse Note Claims Nominees for customary mailing and handling expenses incurred by them in forwarding the Beneficial Holder Ballot and other enclosed materials to the Beneficial Holders for which they are the Note Claims Nominee.  No fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting Beneficial Holder Ballots with respect to the Plan.

17.    Please note that Items 2 and 3 of the Master Ballot requests that you transcribe information from each Beneficial Holder Ballot returned to you or attach a schedule in the indicated format providing information for each individual Beneficial Holder on whose behalf you are executing this Master Ballot.  To identify such Beneficial Holders without disclosing their names, you may use the customer account number assigned by you to each such Beneficial Holder.  If a single customer has more than one account with the identical registration, only list that customer once in the schedule requested by Items 2 and 3.  The total principal amount of all accounts voted by a single customer should be listed in a single schedule entry, so that each line will represent a different Beneficial Holder.

18.    Beneficial Holders of Zohar III A-1 Note Claims must vote all such Claims collectively, as a single Claim to either accept or reject the Plan.  Any executed Beneficial Holder Ballot that (a) does not indicate an acceptance or rejection of the Plan, (b) indicates both an acceptance and a rejection of the Plan or (c) is not received by you in sufficient time to allow you to submit this Master Ballot before the Voting Deadline should not be counted on this Master Ballot as having been cast.

19.    This Master Ballot does not constitute, and shall not be deemed to be, a proof of claim against the Debtors or an assertion or admission of a Claim by the Debtors.

20.    IF YOU HAVE RECEIVED A DAMAGED MASTER BALLOT OR BENEFICIAL HOLDER BALLOTS, HAVE LOST YOUR MASTER BALLOT OR DO NOT HAVE SUFFICIENT NUMBER OF BENEFICIAL HOLDER BALLOTS TO PROVIDE TO ALL OF YOUR BENEFICIAL HOLDERS, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS MASTER BALLOT, BENEFICIAL HOLDER BALLOTS OR THE VOTING PROCEDURES, PLEASE CONTACT COUNSEL FOR THE DEBTORS.

21.    NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER ENTITY THE AGENT OF THE DEBTORS OR AUTHORIZE YOU OR ANY OTHER ENTITY TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THE DEBTORS WITH RESPECT TO THE PLAN, EXCEPT FOR THE STATEMENTS CONTAINED IN THE DOCUMENTS ENCLOSED HEREWITH.

22.    NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS MASTER BALLOT OR OTHER SOLICITATION MATERIALS APPROVED BY THE COURT, INCLUDING, WITHOUT LIMITATION, THE DISCLOSURE STATEMENT.  PLEASE NOTE THAT THE VOTING AGENT IS NOT PERMITTED TO GIVE LEGAL ADVICE.  YOU SHOULD CONSULT AN ATTORNEY FOR ANY LEGAL ADVICE RELATING TO THIS MASTER BALLOT OR THE OTHER DOCUMENTS REFERENCED HEREIN.

**PLEASE READ THE PRECEDING VOTING INSTRUCTIONS**
**BEFORE COMPLETING THIS MASTER BALLOT**

---

**PLEASE COMPLETE ITEMS 1 THROUGH 4. IF THIS MASTER BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS MASTER BALLOT WILL NOT BE VALID AND THE VOTES OF YOUR BENEFICIAL HOLDERS WILL NOT BE COUNTED AS HAVING BEEN CAST.**

---

**Item 1. Certification of Authority to Vote**. The undersigned certifies that as of *March 16, 2022 (the "**Record Date**"), the undersigned (please check applicable box):

☐   Is a registered holder, trustee, broker, bank, commercial bank, trust company, dealer, or other agent or nominee, or a Beneficial Holder, of the principal amount of the Notes listed in Items 2 and 3 below and is the registered holder for the Notes; or

☐   Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a registered holder, trustee, broker, bank, commercial bank, trust company, dealer, or other agent or nominee, or a Beneficial Holder that is the registered holder of the principal amount of the Notes listed in Items 2 and 3 below; or

☐   Has been granted a proxy (an original of which is attached hereto) from a registered holder, trustee, broker, bank, commercial bank, trust company, dealer, or other agent or nominee, or a Beneficial Holder, that is the registered holder of the principal amount of the Notes listed in Items 2 and 3, and accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Holders of the principal amount of the Notes described below.

**Item 2. Votes On the Plan Cast by Beneficial Holders**. The undersigned certifies that the information provided below (including any information provided on additional sheets attached hereto) is a true and accurate schedule of the Beneficial Holders of the Zohar III A-1 Note Claims as identified by their respective customer name or account number, that have delivered duly completed and executed Beneficial Holder Ballots to the undersigned. Any Beneficial Holder Ballot that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection of the Plan has not been counted.

| Your Customer Account Number for Each Beneficial Holder | Principal Amount of the Zohar III A-1 Notes Voted | |
|---|---|---|
| | **To ACCEPT the Plan** | **To REJECT the Plan** |
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |

**Item 3. Additional Ballots Submitted by Beneficial Holders**.  The undersigned certifies that the information provided below (including any information on additional sheets attached hereto) is a true and accurate schedule on which the undersigned has transcribed the information, if any, provided in Item 3 of each Beneficial Holder Ballot received from a Beneficial Holder.

| Your Customer Account Number for Each Beneficial Holder | Information Transcribed from Item 3 of Beneficial Holder Ballots Regarding Other Ballots Cast in Respect of Zohar III A-1 Note Claims | | |
|---|---|---|---|
| | Customer Account Number for Other Account(s) | Broker, Bank, Dealer or Other Agent or Nominee for Other Account(s) If Applicable | Principal Amount of Zohar III A-1 Note Claims Giving Rise to Other Zohar III A-Note Claims Voted |
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |

**Item 4. Additional Certifications**.  By signing this Master Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors:

(i)     that the undersigned has delivered a copy of the Disclosure Statement (together with the rest of the Solicitation Package) to each Beneficial Holder whose vote is reflected on this Master Ballot, and that by executing its Beneficial Holder Ballot, such Beneficial Holder has acknowledged that the solicitation is being made pursuant to the terms and conditions set forth therein;

(ii)    that the undersigned has received a completed and signed Beneficial Holder Ballot from each Beneficial Holder listed in Items 2 and 3 of this Master Ballot;

(iii)   that the undersigned is the registered holder of the securities being voted;

(iv)    that the undersigned has been authorized by each of its Beneficial Holders to vote on the Plan;

(v)     the undersigned has properly disclosed the information set forth above;

(vi)    that each such Beneficial Holder has certified to the undersigned that it is eligible to vote on the Plan; and

(vii)   that it will maintain the Beneficial Holder Ballots returned by its Beneficial Holders (whether properly completed or defective) for at least one (1) year after the Voting Deadline and provide copies of such Beneficial Holder Ballots to the Bankruptcy Court or the Debtors, as the case may be, if so requested.

28915650.5

Name of Institution: _____

**Signature**: _____

Name: _____

Title: _____ _____

Address: _____

_____

_____

Taxpayer Identification Number: _____

Telephone Number: _____

Email: _____

Dated: _____

**<u>Exhibit 3-B</u>**

**Form of Class 3 Beneficial Holder Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Zohar III, Corp., *et al.*,[9][1] | Case No. 18-10512 (KBO) |
| Debtors. | **Ref. Docket No. _____** |

**BENEFICIAL HOLDER BALLOT FOR CLASS 3 ZOHAR III A-1 NOTE CLAIMS FOR ACCEPTING OR REJECTING THE SECOND AMENDED JOINT ~~11~~ PLAN OF LIQUIDATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE FOR ZOHAR III, CORP. AND ITS AFFILIATED DEBTORS**

---

**TO BE COUNTED, YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE NOTE CLAIMS NOMINEE BY *, 2022 AT 5:00 P.M. (ET)**

---

This ballot (the "**Ballot**") is being submitted to you by the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") to solicit your vote to accept or reject the ~~First~~ *Second Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code for Zohar III, Corp. and Its Affiliated Debtors* (as amended, modified or supplemented from time to time, the "**Plan**")[10][2] submitted by the Debtors and described in, and attached as Exhibit *, to the related *Disclosure Statement for the ~~First~~ Second Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code for Zohar III, Corp. and Its Affiliated Debtors* (the "**Disclosure Statement**") that was approved by an order [Docket No. *] (the "**Disclosure Statement Order**") of the United States Bankruptcy Court for the District of Delaware (the "**Court**") and attached as Exhibit 1 to the Disclosure Statement Order. The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot. Court approval of the Disclosure Statement does not indicate Court approval of the Plan. If you do not have a Disclosure Statement or Plan you may obtain a copy free of charge upon written request (which writing may be an email) to counsel for the Debtors.

If you hold a Class 3 Zohar III A-1 Note Claim as a result of being a beneficial holder (each, a "**Beneficial Holder**") of the A-1 Notes issued by Zohar III (the "**Notes**") as of *March 16, 2022 (the "**Record Date**"), then this ballot (this "**Beneficial Holder Ballot**") permits you to cast your vote to accept or reject the Plan in accordance with the instructions below. Your Benefit Holder Ballot must be returned to your broker, bank, intermediary, nominee or other agent (the "**Note Claims Nominee**") in accordance with the below instructions.

The Plan Supplement, if any, will be filed and served on the following parties no later than *May 6, 2022, which service may be made by email: (i) the U.S. Trustee; (ii) those parties requesting notice pursuant to Bankruptcy Rule 2002 as of the service date; and (iii) any other party who requests in writing a copy of the same from counsel for the Debtors (Attention: Shane M. Reil, sreil@ycst.com).

---

[9][1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is c/o FTI Consulting, Inc., 1166 Avenue of the Americas, 15th Floor, New York, NY 10036.

[10][2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.

> **IMPORTANT**
>
> **You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your Claim has been placed in Class 3 (Zohar III A-1 Note Claims) under the Plan. If you hold Claims in more than one Class under the Plan, you will receive a ballot for each Class in which you are entitled to vote.**
>
> **If your Beneficial Holder Ballot is not actually received by the Note Claims Nominee on or before \*, 2022 at 5:00 p.m. (ET) (the "Beneficial Holder Voting Deadline"), your vote will not count as either an acceptance or rejection of the Plan. It is not sufficient for your Beneficial Holder Ballot merely to be post-marked by the Beneficial Holder Voting Deadline. If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.**
>
> **You must return your Beneficial Holder Ballot in the return envelope provided by the Note Claims Nominee or as otherwise instructed, in writing, by the Note Claims Nominee.**

## ACCEPTANCE OR REJECTION OF THE PLAN

**Item 1. Vote Amount.** For purposes of voting to accept or reject the Plan, as of \*March 16, 2022 (the "**Record Date**"), the undersigned ("**Claimant**") was a holder of a Class 3 Zohar III A-1 Note Claim against Zohar III in the aggregate amount set forth below.

$_____

**Item 2. Vote on Plan. CHECK ONE BOX ONLY:**

☐    **ACCEPTS (votes FOR) the Plan**.

☐    **REJECTS (votes AGAINST) the Plan**.

**IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO CONSENT TO GIVING THE RELEASES SET FORTH IN SECTION 10.4 OF THE PLAN.**

**Item 3. Certifications Regarding Any Additional Class Zohar III A-1 Note Claims Held.** By completing and returning this Beneficial Holder Ballot, the undersigned Beneficial Holder certifies that either (a) it has not submitted any other Ballots in respect of any Zohar III A-1 Note Claims held in other accounts or other record names, or (b) it has provided the information specified in the following table for all other Zohar III A-1 Note Claims for which additional Ballots have been submitted on the Beneficial Holder's behalf, each of which indicates the same vote to accept or reject the Plan (please use additional sheets of paper if necessary):

28915650.3

***ONLY COMPLETE THIS SECTION IF YOU HAVE VOTED OTHER ZOHAR III
A-1 NOTE CLAIMS ON A BALLOT OTHER THAN THIS BENEFICIAL HOLDER BALLOT***

| Name of Beneficial Holder[1][2] | Account Number (if applicable) | Principal Amount of other A-1 Notes issued by Zohar III |
|---|---|---|
| 1. | | |
| 2. | | |

**Item 4.  Tax Information**.  Under penalty of perjury, Claimant certifies that:

A.      Claimant's correct taxpayer identification number is:

(Social Security Number) _____-____-_____,

(or Employer Identification Number) _____-_____; and

B.      Concerning backup withholding, please check the appropriate boxes for "1" or "2":

1.      ☐      Claimant is subject to backup withholding; OR

2.      ☐      Claimant is not subject to backup withholding because (please check appropriate box):

☐      Claimant is exempt from backup withholding;

☐      Claimant has not been notified by the Internal Revenue Service ("**IRS**") that Claimant is subject to backup withholding as a result of a failure to report all interest or dividends; or

☐      The IRS has notified Claimant that Claimant is no longer subject to backup withholding.

**Item 5.  Releases, Exculpation and Injunction**.

**IMPORTANT INFORMATION REGARDING RELEASES, EXCULPATION AND INJUNCTION**

***ARTICLE X OF THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION AND INJUNCTION
PROVISIONS.  ALL PARTIES ARE ADVISED TO READ ARTICLE X OF THE PLAN AND THE
CONFIRMATION HEARING NOTICE CAREFULLY, AND TO CONSULT WITH THEIR OWN
ADVISORS WITH RESPECT THERETO.***

**Item 6.  Certification**.  By signing this Beneficial Holder Ballot, the Claimant certifies that:  (i) on the Record Date, it was the holder of the Class 3 Zohar III A-1 Note Claim to which this Beneficial Holder Ballot pertains or an authorized signatory for such holder; (ii) it has full power and authority to vote to accept or reject the Plan and execute and return the Beneficial Holder Ballot; and (iii) it has received a copy of the Disclosure Statement, the Plan, and other solicitation materials.  The undersigned understands that

---

[1][2] List your name if you are the holder of record of such Zohar III A-1 Note Claim.  If the Zohar III A-1 Note Claim is held in "street name," please list the name of your Note Claims Nominee.

28915650.5

an otherwise properly completed, executed, and timely-returned Beneficial Holder Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.  The undersigned also certifies that its vote on the Plan is subject to all the terms and conditions set forth in the Plan and the Disclosure Statement.

Name of Claimant: _____

**Signature**: _____

Name (if different from Claimant): _____

Title: _____

Address: _____

_____

_____

Dated: _____

**Please make sure you have provided all information requested in this Beneficial Holder Ballot.  Please read and follow the instructions set forth in the attached Voting Instructions carefully.  Please complete, sign, and date this Beneficial Holder Ballot and cast it in the manner set forth herein so that it is received by the Note Claims Nominee by *, 2022 at 5:00 p.m. (ET).**

## VOTING INSTRUCTIONS

1.      In order for your vote to count, you must:

        (i)      In the boxes provided in Item 2 of the Beneficial Holder Ballot, indicate <u>either</u> acceptance or rejection of the Plan by checking the appropriate box; and

        (ii)     Review and sign the certifications in Item 6 of the Beneficial Holder Ballot.  Please be sure to sign and date your Beneficial Holder Ballot.  Your signature is required in order for your vote to be counted.  If you are completing the Beneficial Holder Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the Claim is held by an entity, your Beneficial Holder Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Beneficial Holder Ballot.

2.      To facilitate distributions under the Plan (to the extent that the Plan is confirmed and consummated), please complete Item 4, which requests certain tax information that is necessary to make distributions to holders of Claims.

3.      **To have your vote counted, you must complete, sign, and submit your Beneficial Holder Ballot in the manner set forth herein so that it is <u>actually</u> <u>received</u> by the Note Claims Nominee not later than \*, 2022 at 5:00 p.m. (ET).  It is not sufficient for your Beneficial Holder Ballot merely to be post-marked by the Beneficial Holder Voting Deadline.  Rather, your Ballot must be <u>actually</u> <u>received</u> by the Note Claims Nominee not later than \*, 2022 at 5:00 p.m. (ET).**

4.      Unless otherwise instructed by the Note Claims Nominee in writing, return the completed Ballot to the Note Claims Nominee in the pre-addressed, postage pre-paid return envelope enclosed with this Beneficial Holder Ballot.

5.      THE BENEFICIAL HOLDER BALLOT YOU SUBMIT MUST BEAR YOUR ORIGINAL SIGNATURE.

6.      A Beneficial Holder Ballot that fails to clearly indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and a rejection of the Plan, will not be counted.

7.      You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  A Beneficial Holder Ballot that partially rejects and partially accepts the Plan will not be counted.

8.      If you cast more than one Beneficial Holder Ballot voting the same Claim prior to the Beneficial Holder Voting Deadline, the last properly executed Beneficial Holder Ballot timely received by the Note Claims Nominee will be deemed to reflect your intent and shall supersede and revoke any earlier received Beneficial Holder Ballot.  If you cast multiple Beneficial Holder Ballots on account of the same Claim, which are received by the Note Claims Nominee on the same day and at the same time, but which are voted inconsistently, such Beneficial Holder Ballots shall not be counted.

9.      Any Beneficial Holder Ballot that is illegible or that contains insufficient information to permit the identification of the Claimant will not be counted.

10.    This Beneficial Holder Ballot does not constitute, and shall not be deemed to be, a proof of claim against the Debtors or an assertion or admission of a Claim by the Debtors.

11.    If a Claim is transferred after the Record Date, only the Holder of such Claim as of the Record Date may execute and submit a Beneficial Holder Ballot to the Note Claims Nominee, the transferee of such Claim shall be bound by any such vote (and the consequences thereof) made by the Holder of such transferred Claim as of the Record Date, and no "cause" will exist to permit any vote change under Bankruptcy Rule 3018(a).

12.    Any party who has previously submitted to the Note Claims Nominee prior to the Voting Deadline a properly completed Beneficial Holder Ballot may revoke such Beneficial Holder Ballot and change its vote by submitting to the Note Claims Nominee prior to the Beneficial Holder Voting Deadline a subsequent properly completed Beneficial Holder Ballot.  If multiple Ballots are received from the same Holder with respect to the same Claim prior to the Beneficial Holder Voting Deadline, the last timely received, properly executed Beneficial Holder Ballot will be deemed to reflect that Holder's intent and will supersede and revoke any Beneficial Holder Ballot previously received.

13.    Except as otherwise provided in the immediately preceding paragraph, any party who has delivered a valid Beneficial Holder Ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Note Claims Nominee at any time prior to the Beneficial Holder Voting Deadline.  To be valid, a notice of withdrawal must (i) contain the description of the Claims to which it relates and the aggregate principal amount represented by such Claims, (ii) be signed by the withdrawing party in the same manner as the Beneficial Holder Ballot being withdrawn, (iii) contain a certification that the withdrawing party owns the Claims and possesses the right to withdraw the vote sought to be withdrawn, and (iv) be actually received by the Note Claims Nominee prior to the Voting Deadline.  The Debtors expressly reserve the right to contest the validity of any such withdrawals of Beneficial Holder Ballots.

14.    It is important that you vote.  The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of title 11 of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Court nonetheless may, in certain circumstances, confirm the Plan if it finds that the Plan:  (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Plan; and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To confirm a plan over the objection of a dissenting Class, the Court also must find that at least one Impaired Class has accepted the plan, with such acceptance being determined without including the acceptance of any "insider" in such Class.

15.    NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BENEFICIAL HOLDER BALLOT OR OTHER SOLICITATION MATERIALS APPROVED BY THE COURT, INCLUDING, WITHOUT LIMITATION, THE DISCLOSURE STATEMENT.

16.    PLEASE RETURN YOUR BENEFICIAL HOLDER BALLOT SO THAT IT IS ACTUALLY RECEIVED BY THE NOTE CLAIMS NOMINEE BY THE BENEFICIAL HOLDER VOTING DEADLINE.

IF YOU HAVE ANY QUESTIONS REGARDING THE BENEFICIAL HOLDER BALLOT OR THESE VOTING INSTRUCTIONS, OR IF YOU NEED ADDITIONAL COPIES OF THE BENEFICIAL HOLDER BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT COUNSEL FOR THE DEBTORS ELECTRONICALLY, IN WRITING OR VIA TELEPHONE (ATTENTION:  SHANE M. REIL, (302) 571-6745, SREIL@YCST.COM).

PLEASE NOTE THAT COUNSEL FOR THE DEBTORS IS NOT PERMITTED TO GIVE LEGAL ADVICE.  YOU SHOULD CONSULT YOUR OWN ATTORNEY FOR ANY LEGAL ADVICE RELATING TO THIS BENEFICIAL HOLDER BALLOT OR THE OTHER DOCUMENTS REFERENCED HEREIN.

**Exhibit 3-C**

**Form of Class 3 Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Zohar III, Corp., *et al.*,¹²¹ | Case No. 18-10512 (KBO) |
| Debtors. | **Ref. Docket No. _____** |

**BALLOT FOR CLASS 3 ZOHAR III A-1 NOTE CLAIMS FOR ACCEPTING OR REJECTING THE SECOND AMENDED JOINT 11 PLAN OF LIQUIDATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE FOR ZOHAR III, CORP. AND ITS AFFILIATED DEBTORS**

> **TO BE COUNTED, YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE VOTING AGENT BY *MAY 20, 2022 AT 5:00 P.M. (ET)**

This ballot (the "**Ballot**") is being submitted to you by the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") to solicit your vote to accept or reject the *First Second Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code for Zohar III, Corp. and Its Affiliated Debtors* (as amended, modified or supplemented from time to time, the "**Plan**")¹³² submitted by the Debtors and described in, and attached as Exhibit *, to the related *Disclosure Statement for the First Second Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code for Zohar III, Corp. and Its Affiliated Debtors* (the "**Disclosure Statement**") that was approved by an order [Docket No. *] (the "**Disclosure Statement Order**") of the United States Bankruptcy Court for the District of Delaware (the "**Court**") and attached as Exhibit 1 to the Disclosure Statement Order.  The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot.  Court approval of the Disclosure Statement does not indicate Court approval of the Plan.  If you do not have a Disclosure Statement or Plan you may obtain a copy free of charge upon written request (which writing may be an email) to counsel for the Debtors.

The Plan Supplement, if any, will be filed and served on the following parties no later than *May 6, 2022, which service may be made by email:  (i) the U.S. Trustee; (ii) those parties requesting notice pursuant to Bankruptcy Rule 2002 as of the service date; and (iii) any other party who requests in writing a copy of the same from counsel for the Debtors (Attention:  Shane M. Reil, sreil@ycst.com).

---

¹²¹  The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119).  The Debtors' address is c/o FTI Consulting, Inc., 1166 Avenue of the Americas, 15ᵗʰ Floor, New York, NY 10036.

¹³²  Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.

| | |
|---|---|
| **IMPORTANT** | |

**IMPORTANT**

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your Claim has been placed in Class 3 (Zohar III A-1 Note Claims) under the Plan.  If you hold Claims in more than one Class under the Plan, you will receive a ballot for each Class in which you are entitled to vote.**

**You may cast your Ballot in paper form or electronically as provided for herein.**

**If your Ballot is not actually received by Reliable Companies (the "Voting Agent") on or before \*May 20, 2022 at 5:00 p.m. (ET) (the "Voting Deadline"), and such deadline is not extended, in writing (which writing may be an email), by the Debtors, your vote will not count as either an acceptance or rejection of the Plan.  It is not sufficient for your Ballot merely to be post-marked by the Voting Deadline.  If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.**

**Return the completed Ballot to the Voting Agent in the pre-addressed, postage pre-paid return envelope enclosed with this Ballot or return it to:**

| **If by First-Class Mail, Hand Delivery or Overnight Mail:** | **If by Electronic Mail**: |
|---|---|
| Zohar Ballot Processing<br>c/o Reliable Companies<br>Nemours Building<br>1007 Orange Street, Suite 110<br>Wilmington, DE 19801 | Zohar Ballot Processing<br>c/o Reliable Companies<br>jedelson@reliable-co.com |

**Any Ballot submitted by fax or electronic transmission other than electronic mail will not be counted, unless approved by the Debtors in writing (which writing may be an email) or otherwise ordered by the Court.**

## ACCEPTANCE OR REJECTION OF THE PLAN

**Item 1.  Vote Amount**.  For purposes of voting to accept or reject the Plan, as of \*March 16, 2022 (the "**Record Date**"), the undersigned ("**Claimant**") was a holder of a Class 3 Zohar III A-1 Note Claim (against Zohar III) in the aggregate amount set forth below.

$_____

**Item 2.  Vote on Plan**.  **CHECK ONE BOX ONLY:**

☐      **ACCEPTS (votes FOR) the Plan**.

☐      **REJECTS (votes AGAINST) the Plan**.

**IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO CONSENT TO GIVING THE RELEASES SET FORTH IN SECTION 10.4 OF THE PLAN.**

**Item 3.  Tax Information**.  Under penalty of perjury, Claimant certifies that:

    A.      Claimant's correct taxpayer identification number is:

           (Social Security Number) _____-___-____,

           (or Employer Identification Number) _____-_____; and

    B.      Concerning backup withholding, please check the appropriate boxes for "1" or "2":

           1.    ☐    Claimant is subject to backup withholding; OR

           2.    ☐    Claimant is not subject to backup withholding because (please check appropriate box):

                  ☐    Claimant is exempt from backup withholding;

                  ☐    Claimant has not been notified by the Internal Revenue Service ("**IRS**") that Claimant is subject to backup withholding as a result of a failure to report all interest or dividends; or

                  ☐    The IRS has notified Claimant that Claimant is no longer subject to backup withholding.

**Item 4.  Releases, Exculpation and Injunction**.

**<u>IMPORTANT INFORMATION REGARDING RELEASES, EXCULPATION AND INJUNCTION</u>**

***ARTICLE X OF THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS.  ALL PARTIES ARE ADVISED TO READ ARTICLE X OF THE PLAN AND THE CONFIRMATION HEARING NOTICE CAREFULLY, AND TO CONSULT WITH THEIR OWN ADVISORS WITH RESPECT THERETO.***

**Item 5.  Certification**.  By signing this Ballot, the Claimant certifies that:  (i) on the Record Date, it was the holder of the Class 3 Zohar III A-1 Note Claim to which this Ballot pertains or an authorized signatory for such holder; (ii) it has full power and authority to vote to accept or reject the Plan and execute and return the Ballot; and (iii) it has received a copy of the Disclosure Statement, the Plan, and other solicitation materials.  The undersigned understands that an otherwise properly completed, executed, and timely-returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.  The undersigned also certifies that its vote on the Plan is subject to all the terms and conditions set forth in the Plan and the Disclosure Statement.

                                    Name of Claimant: _____

                                      **Signature**: _____

                                      Name (if different from Claimant): _____

                                      Title: _____

28915650.3

Address: _____

_____

_____

Dated: _____

**Please make sure you have provided all information requested in this Ballot.  Please read and follow the instructions set forth in the attached Voting Instructions carefully.  Please complete, sign, and date this Ballot and cast it in the manner set forth herein so that it is received by the Voting Agent by \*May 20, 2022 at 5:00 p.m. (ET).**

28915650.5

## VOTING INSTRUCTIONS

1.    In order for your vote to count, you must:

    (i)    In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Plan by checking the appropriate box; and

    (ii)    Review and sign the certifications in Item 5 of the Ballot.  Please be sure to sign and date your Ballot.  Your signature is required in order for your vote to be counted.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

2.    To facilitate distributions under the Plan (to the extent that the Plan is confirmed and consummated), please complete Item 3, which requests certain tax information that is necessary to make distributions to holders of Claims.

3.    **To have your vote counted, you must complete, sign, and submit your Ballot in the manner set forth herein so that it is <u>actually</u> <u>received</u> by the Voting Agent not later than \*<u>May 20</u>, 2022 at 5:00 p.m. (ET).  It is not sufficient for your Ballot merely to be post-marked by the Voting Deadline.  Rather, your Ballot must be <u>actually</u> <u>received</u> by the Voting Agent not later than \*<u>May 20</u>, 2022 at 5:00 p.m. (ET).**

4.    Return the completed Ballot to the Voting Agent in the pre-addressed, postage pre-paid return envelope enclosed with this Ballot or return it to:

| <u>If by First-Class Mail, Hand Delivery or Overnight Mail</u>: | <u>If by Electronic Mail</u>: |
|---|---|
| Zohar Ballot Processing<br>c/o Reliable Companies<br>Nemours Building<br>1007 Orange Street, Suite 110<br>Wilmington, DE 19801 | Zohar Ballot Processing<br>c/o Reliable Companies<br>jedelson@reliable-co.com |

5.    IF YOU SUBMIT YOUR BALLOT VIA FIRST-CLASS OR OVERNIGHT MAIL OR HAND DELIVERY, THE BALLOT YOU SUBMIT MUST BEAR YOUR ORIGINAL SIGNATURE.  IF YOU SUBMIT YOUR MASTER BALLOT VIA ELECTRONIC MAIL, A SIGNATURE ON SUCH BALLOT WILL BE DEEMED AN ORIGINAL SIGNATURE AND IMMEDIATELY LEGALLY VALID AND EFFECTIVE.  DO NOT SUBMIT YOUR BALLOT BY FAX OR ELECTRONIC TRANSMISSION OTHER THAN ELECTRONIC MAIL AS IT WILL NOT BE COUNTED, UNLESS APPROVED BY THE DEBTORS IN WRITING (WHICH WRITING MAY BE AN EMAIL) OR OTHERWISE ORDERED BY THE COURT.

6.    ANY BALLOTS DELIVERED BY ELECTRONIC MAIL MUST BE:  (A) HAND SIGNED (COMPUTER GENERATED ELECTRONIC SIGNATURES OR TYPED SIGNATURES WILL NOT BE ACCEPTED) BY AN AUTHORIZED SIGNATORY WHO HAS FULL POWER AND

28915650.5

AUTHORITY TO VOTE TO ACCEPT OR REJECT THE PLAN AND EXECUTE AND RETURN THE BALLOT, ELECTRONICALLY SCANNED, AND THEN THE ELECTRONICALLY SCANNED COPY MUST BE ELECTRONICALLY MAILED TO THE VOTING AGENT AS PROVIDED FOR HEREIN; AND (B) PROMPTLY MAILED TO THE VOTING AGENT AFTER BEING ELECTRONICALLY MAILED (ALTHOUGH THE MAILED BALLOT NEED NOT BE ACTUALLY RECEIVED BY THE VOTING AGENT PRIOR TO THE VOTING DEADLINE).

7.    A Ballot that fails to clearly indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and a rejection of the Plan, will not be counted.

8.    You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  A Ballot that partially rejects and partially accepts the Plan will not be counted.

9.    If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received by the Voting Agent will be deemed to reflect your intent and shall supersede and revoke any earlier received Ballot.  If you cast multiple Ballots on account of the same Claim, which are received by the Voting Agent on the same day and at the same time, but which are voted inconsistently, such Ballots shall not be counted.

10.   Any Ballot that is illegible or that contains insufficient information to permit the identification of the Claimant will not be counted.

11.   This Ballot does not constitute, and shall not be deemed to be, a proof of claim against the Debtors or an assertion or admission of a Claim by the Debtors.

12.   If a Claim is transferred after the Record Date, only the Holder of such Claim as of the Record Date may execute and submit a Ballot to the Voting Agent, the transferee of such Claim shall be bound by any such vote (and the consequences thereof) made by the Holder of such transferred Claim as of the Record Date, and no "cause" will exist to permit any vote change under Bankruptcy Rule 3018(a).

13.   Any party who has previously submitted to the Voting Agent prior to the Voting Deadline a properly completed Ballot may revoke such Ballot and change its vote by submitting to the Voting Agent prior to the Voting Deadline a subsequent properly completed Ballot.  If multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last timely received, properly executed Ballot will be deemed to reflect that Holder's intent and will supersede and revoke any Ballot previously received.

14.   Except as otherwise provided in the immediately preceding paragraph, any party who has delivered a valid Ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline.  To be valid, a notice of withdrawal must (i) contain the description of the Claims to which it relates and the aggregate principal amount represented by such Claims, (ii) be signed by the withdrawing party in the same manner as the Ballot being withdrawn, (iii) contain a certification that the withdrawing party owns the Claims and possesses the right to withdraw the vote sought to be withdrawn, and (iv) be actually received by the Voting Agent prior to the Voting Deadline.  The Debtors expressly reserve the right to contest the validity of any such withdrawals of Ballots

15.   It is important that you vote.  The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount <u>and</u> more than one-half in

number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of title 11 of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Court nonetheless may, in certain circumstances, confirm the Plan if it finds that the Plan:  (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Plan; and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To confirm a plan over the objection of a dissenting Class, the Court also must find that at least one Impaired Class has accepted the plan, with such acceptance being determined without including the acceptance of any "insider" in such Class.

16.     NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER SOLICITATION MATERIALS APPROVED BY THE COURT, INCLUDING, WITHOUT LIMITATION, THE DISCLOSURE STATEMENT.

17.     PLEASE RETURN YOUR BALLOT SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING AGENT BY THE VOTING DEADLINE.

18.     IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THESE VOTING INSTRUCTIONS, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT COUNSEL FOR THE DEBTORS ELECTRONICALLY, IN WRITING OR VIA TELEPHONE (ATTENTION:  SHANE M. REIL, (302) 571-6745, SREIL@YCST.COM).

19.     PLEASE NOTE THAT COUNSEL FOR THE DEBTORS IS NOT PERMITTED TO GIVE LEGAL ADVICE.  YOU SHOULD CONSULT YOUR OWN ATTORNEY FOR ANY LEGAL ADVICE RELATING TO THIS BALLOT OR THE OTHER DOCUMENTS REFERENCED HEREIN.

**Exhibit 3-D**

**Form of Class 10 Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Zohar III, Corp., *et al.*,[141] | Case No. 18-10512 (KBO) |
| Debtors. | **Ref. Docket No. _____** |

**BALLOT FOR CLASS 10 ZOHAR II CREDIT ENHANCEMENT CLAIMS FOR ACCEPTING
OR REJECTING THE SECOND AMENDED JOINT ~~11~~ PLAN OF LIQUIDATION
UNDER CHAPTER 11 OF THE BANKRUPTCY CODE FOR
ZOHAR III, CORP. AND ITS AFFILIATED DEBTORS**

> **TO BE COUNTED, YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE
> VOTING AGENT BY ~~*~~MAY 20, 2022 AT 5:00 P.M. (ET)**

This ballot (the "**Ballot**") is being submitted to you by the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") to solicit your vote to accept or reject the ~~*First*~~ *Second Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code for Zohar III, Corp. and Its Affiliated Debtors* (as amended, modified or supplemented from time to time, the "**Plan**")[142] submitted by the Debtors and described in, and attached as Exhibit *, to the related *Disclosure Statement for the ~~First~~ Second Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code for Zohar III, Corp. and Its Affiliated Debtors* (the "**Disclosure Statement**") that was approved by an order [Docket No. *] (the "**Disclosure Statement Order**") of the United States Bankruptcy Court for the District of Delaware (the "**Court**") and attached as Exhibit 1 to the Disclosure Statement Order.  The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot.  Court approval of the Disclosure Statement does not indicate Court approval of the Plan.  If you do not have a Disclosure Statement or Plan you may obtain a copy free of charge upon written request (which writing may be an email) to counsel for the Debtors.

The Plan Supplement, if any, will be filed and served on the following parties no later than ~~*~~May 6, 2022, which service may be made by email:  (i) the U.S. Trustee; (ii) those parties requesting notice pursuant to Bankruptcy Rule 2002 as of the service date; and (iii) any other party who requests in writing a copy of the same from counsel for the Debtors (Attention:  Shane M. Reil, sreil@ycst.com).

---

[141]  The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119).  The Debtors' address is c/o FTI Consulting, Inc., 1166 Avenue of the Americas, 15th Floor, New York, NY 10036.

[142]  Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.

---

**IMPORTANT**

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your Claim has been placed in Class 10 (Zohar II Credit Enhancement Claims) under the Plan.  If you hold Claims in more than one Class under the Plan, you will receive a ballot for each Class in which you are entitled to vote.

You may cast your Ballot in paper form or electronically as provided for herein.

If your Ballot is not actually received by Reliable Companies (the "Voting Agent") on or before *May 20, 2022 at 5:00 p.m. (ET) (the "Voting Deadline"), and such deadline is not extended, in writing (which writing may be an email), by the Debtors, your vote will not count as either an acceptance or rejection of the Plan.  It is not sufficient for your Ballot merely to be post-marked by the Voting Deadline.  If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.

Return the completed Ballot to the Voting Agent in the pre-addressed, postage pre-paid return envelope enclosed with this Ballot or return it to:

| **If by First-Class Mail, Hand Delivery or Overnight Mail:** | **If by Electronic Mail**: |
|---|---|
| Zohar Ballot Processing<br>c/o Reliable Companies<br>Nemours Building<br>1007 Orange Street, Suite 110<br>Wilmington, DE 19801 | Zohar Ballot Processing<br>c/o Reliable Companies<br>jedelson@reliable-co.com |

Any Ballot submitted by fax or electronic transmission other than electronic mail will not be counted, unless approved by the Debtors in writing (which writing may be an email) or otherwise ordered by the Court.

---

**ACCEPTANCE OR REJECTION OF THE PLAN**

**Item 1.  Vote Amount**.  For purposes of voting to accept or reject the Plan, as of *March 16, 2022 (the "**Record Date**"), the undersigned ("**Claimant**") was a holder of a Class 10 Zohar II Credit Enhancement Claim (against Zohar II) in the aggregate amount set forth below.

$_____

**Item 2.  Vote on Plan**.  **CHECK ONE BOX ONLY**:

☐      **ACCEPTS (votes FOR) the Plan**.

☐      **REJECTS (votes AGAINST) the Plan**.

**IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO CONSENT TO GIVING THE RELEASES SET FORTH IN SECTION 10.4 OF THE PLAN.**

**Item 3.  Tax Information**.  Under penalty of perjury, Claimant certifies that:

    A.    Claimant's correct taxpayer identification number is:

        (Social Security Number) \_\_\_\_-\_\_\_-\_\_\_\_,

        (or Employer Identification Number) \_\_\_\_-_____; and

    B.    Concerning backup withholding, please check the appropriate boxes for "1" or "2":

        1.   ☐   Claimant is subject to backup withholding; OR

        2.   ☐   Claimant is not subject to backup withholding because (please check appropriate box):

           ☐   Claimant is exempt from backup withholding;

           ☐   Claimant has not been notified by the Internal Revenue Service ("**IRS**") that Claimant is subject to backup withholding as a result of a failure to report all interest or dividends; or

           ☐   The IRS has notified Claimant that Claimant is no longer subject to backup withholding.

**Item 4.  Releases, Exculpation and Injunction**.

**<u>IMPORTANT INFORMATION REGARDING RELEASES, EXCULPATION AND INJUNCTION</u>**

*ARTICLE X OF THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS.  ALL PARTIES ARE ADVISED TO READ ARTICLE X OF THE PLAN AND THE CONFIRMATION HEARING NOTICE CAREFULLY, AND TO CONSULT WITH THEIR OWN ADVISORS WITH RESPECT THERETO.*

**Item 5.  Certification**.  By signing this Ballot, the Claimant certifies that:  (i) on the Record Date, it was the holder of the Class 10 Zohar II Credit Enhancement Claim to which this Ballot pertains or an authorized signatory for such holder; (ii) it has full power and authority to vote to accept or reject the Plan and execute and return the Ballot; and (iii) it has received a copy of the Disclosure Statement, the Plan, and other solicitation materials.  The undersigned understands that an otherwise properly completed, executed, and timely-returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.  The undersigned also certifies that its vote on the Plan is subject to all the terms and conditions set forth in the Plan and the Disclosure Statement.

                        Name of Claimant: _____

                        **Signature**: _____

                        Name (if different from Claimant): _____

Title: _____ _____

Address: _____

_____

_____

Dated: _____

**Please make sure you have provided all information requested in this Ballot. Please read and follow the instructions set forth in the attached Voting Instructions carefully. Please complete, sign, and date this Ballot and cast it in the manner set forth herein so that it is received by the Voting Agent by \*May 20, 2022 at 5:00 p.m. (ET).**

28915650.5

## VOTING INSTRUCTIONS

1.      In order for your vote to count, you must:

      (i)      In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Plan by checking the appropriate box; and

      (ii)     Review and sign the certifications in Item 5 of the Ballot.  Please be sure to sign and date your Ballot.  Your signature is required in order for your vote to be counted.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

2.      To facilitate distributions under the Plan (to the extent that the Plan is confirmed and consummated), please complete Item 3, which requests certain tax information that is necessary to make distributions to holders of Claims.

3.      **To have your vote counted, you must complete, sign, and submit your Ballot in the manner set forth herein so that it is <u>actually</u> <u>received</u> by the Voting Agent not later than \*May 20, 2022 at 5:00 p.m. (ET).  It is not sufficient for your Ballot merely to be post-marked by the Voting Deadline.  Rather, your Ballot must be <u>actually</u> <u>received</u> by the Voting Agent not later than \*May 20, 2022 at 5:00 p.m. (ET).**

4.      Return the completed Ballot to the Voting Agent in the pre-addressed, postage pre-paid return envelope enclosed with this Ballot or return it to:

| <u>If by First-Class Mail, Hand Delivery or Overnight Mail:</u> | <u>If by Electronic Mail</u>: |
|---|---|
| Zohar Ballot Processing c/o Reliable Companies Nemours Building 1007 Orange Street, Suite 110 Wilmington, DE 19801 | Zohar Ballot Processing c/o Reliable Companies jedelson@reliable-co.com |

5.      IF YOU SUBMIT YOUR BALLOT VIA FIRST-CLASS OR OVERNIGHT MAIL OR HAND DELIVERY, THE BALLOT YOU SUBMIT MUST BEAR YOUR ORIGINAL SIGNATURE.  IF YOU SUBMIT YOUR MASTER BALLOT VIA ELECTRONIC MAIL, A SIGNATURE ON SUCH BALLOT WILL BE DEEMED AN ORIGINAL SIGNATURE AND IMMEDIATELY LEGALLY VALID AND EFFECTIVE.  DO NOT SUBMIT YOUR BALLOT BY FAX OR ELECTRONIC TRANSMISSION OTHER THAN ELECTRONIC MAIL AS IT WILL NOT BE COUNTED, UNLESS APPROVED BY THE DEBTORS IN WRITING (WHICH WRITING MAY BE AN EMAIL) OR OTHERWISE ORDERED BY THE COURT.

6.      ANY BALLOTS DELIVERED BY ELECTRONIC MAIL MUST BE:  (A) HAND SIGNED (COMPUTER GENERATED ELECTRONIC SIGNATURES OR TYPED SIGNATURES WILL

28915650.5

NOT BE ACCEPTED) BY AN AUTHORIZED SIGNATORY WHO HAS FULL POWER AND AUTHORITY TO VOTE TO ACCEPT OR REJECT THE PLAN AND EXECUTE AND RETURN THE BALLOT, ELECTRONICALLY SCANNED, AND THEN THE ELECTRONICALLY SCANNED COPY MUST BE ELECTRONICALLY MAILED TO THE VOTING AGENT AS PROVIDED FOR HEREIN; AND (B) PROMPTLY MAILED TO THE VOTING AGENT AFTER BEING ELECTRONICALLY MAILED (ALTHOUGH THE MAILED BALLOT NEED NOT BE ACTUALLY RECEIVED BY THE VOTING AGENT PRIOR TO THE VOTING DEADLINE).

7.      A Ballot that fails to clearly indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and a rejection of the Plan, will not be counted.

8.      You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  A Ballot that partially rejects and partially accepts the Plan will not be counted.

9.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received by the Voting Agent will be deemed to reflect your intent and shall supersede and revoke any earlier received Ballot.  If you cast multiple Ballots on account of the same Claim, which are received by the Voting Agent on the same day and at the same time, but which are voted inconsistently, such Ballots shall not be counted.

10.     Any Ballot that is illegible or that contains insufficient information to permit the identification of the Claimant will not be counted.

11.     This Ballot does not constitute, and shall not be deemed to be, a proof of claim against the Debtors or an assertion or admission of a Claim by the Debtors.

12.     If a Claim is transferred after the Record Date, only the Holder of such Claim as of the Record Date may execute and submit a Ballot to the Voting Agent, the transferee of such Claim shall be bound by any such vote (and the consequences thereof) made by the Holder of such transferred Claim as of the Record Date, and no "cause" will exist to permit any vote change under Bankruptcy Rule 3018(a).

13.     Any party who has previously submitted to the Voting Agent prior to the Voting Deadline a properly completed Ballot may revoke such Ballot and change its vote by submitting to the Voting Agent prior to the Voting Deadline a subsequent properly completed Ballot.  If multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last timely received, properly executed Ballot will be deemed to reflect that Holder's intent and will supersede and revoke any Ballot previously received.

14.     Except as otherwise provided in the immediately preceding paragraph, any party who has delivered a valid Ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline.  To be valid, a notice of withdrawal must (i) contain the description of the Claims to which it relates and the aggregate principal amount represented by such Claims, (ii) be signed by the withdrawing party in the same manner as the Ballot being withdrawn, (iii) contain a certification that the withdrawing party owns the Claims and possesses the right to withdraw the vote sought to be withdrawn, and (iv) be actually received by the Voting Agent prior to the Voting Deadline.  The Debtors expressly reserve the right to contest the validity of any such withdrawals of Ballots

15.     It is important that you vote.  The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of title 11 of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Court nonetheless may, in certain circumstances, confirm the Plan if it finds that the Plan:  (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Plan; and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To confirm a plan over the objection of a dissenting Class, the Court also must find that at least one Impaired Class has accepted the plan, with such acceptance being determined without including the acceptance of any "insider" in such Class.

16.     NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER SOLICITATION MATERIALS APPROVED BY THE COURT, INCLUDING, WITHOUT LIMITATION, THE DISCLOSURE STATEMENT.

17.     PLEASE RETURN YOUR BALLOT SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING AGENT BY THE VOTING DEADLINE.

18.     IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THESE VOTING INSTRUCTIONS, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT COUNSEL FOR THE DEBTORS ELECTRONICALLY, IN WRITING OR VIA TELEPHONE (ATTENTION:  SHANE M. REIL, (302) 571-6745, SREIL@YCST.COM).

19.     PLEASE NOTE THAT COUNSEL FOR THE DEBTORS IS NOT PERMITTED TO GIVE LEGAL ADVICE.  YOU SHOULD CONSULT YOUR OWN ATTORNEY FOR ANY LEGAL ADVICE RELATING TO THIS BALLOT OR THE OTHER DOCUMENTS REFERENCED HEREIN.

**Exhibit 3-E**

**Form of Class 14 Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Zohar III, Corp., *et al.*,<sup>161</sup> | Case No. 18-10512 (KBO) |
| Debtors. | **Ref. Docket No. _____** |

**BALLOT FOR CLASS 14 ZOHAR I INDENTURE TRUSTEE CLAIMS FOR ACCEPTING OR
REJECTING THE SECOND AMENDED JOINT 11 PLAN OF LIQUIDATION UNDER
CHAPTER 11 OF THE BANKRUPTCY CODE FOR ZOHAR III, CORP. AND ITS
AFFILIATED DEBTORS**

> **TO BE COUNTED, YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE
> VOTING AGENT BY *MAY 20, 2022 AT 5:00 P.M. (ET)**

This ballot (the "**Ballot**") is being submitted to you by the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") to solicit your vote to accept or reject the *First Second Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code for Zohar III, Corp. and Its Affiliated Debtors* (as amended, modified or supplemented from time to time, the "**Plan**")<sup>172</sup> submitted by the Debtors and described in, and attached as Exhibit *, to the related *Disclosure Statement for the First Second Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code for Zohar III, Corp. and Its Affiliated Debtors* (the "**Disclosure Statement**") that was approved by an order [Docket No. *] (the "**Disclosure Statement Order**") of the United States Bankruptcy Court for the District of Delaware (the "**Court**") and attached as Exhibit 1 to the Disclosure Statement Order. The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot. Court approval of the Disclosure Statement does not indicate Court approval of the Plan. If you do not have a Disclosure Statement or Plan you may obtain a copy free of charge upon written request (which writing may be an email) to counsel for the Debtors.

The Plan Supplement, if any, will be filed and served on the following parties no later than *May 6, 2022, which service may be made by email: (i) the U.S. Trustee; (ii) those parties requesting notice pursuant to Bankruptcy Rule 2002 as of the service date; and (iii) any other party who requests in writing a copy of the same from counsel for the Debtors (Attention: Shane M. Reil, sreil@ycst.com).

---

<sup>161</sup> The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is c/o FTI Consulting, Inc., 1166 Avenue of the Americas, 15th Floor, New York, NY 10036.

<sup>172</sup> Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.

---

**IMPORTANT**

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your Claim has been placed in Class 14 (Zohar I Indenture Trustee Claims) under the Plan.  If you hold Claims in more than one Class under the Plan, you will receive a ballot for each Class in which you are entitled to vote.

You may cast your Ballot in paper form or electronically as provided for herein.

If your Ballot is not actually received by Reliable Companies (the "Voting Agent") on or before **\*May 20**, **2022 at 5:00 p.m. (ET)** (the "**Voting Deadline**"), and such deadline is not extended, in writing (which writing may be an email), by the Debtors, your vote will not count as either an acceptance or rejection of the Plan.  It is not sufficient for your Ballot merely to be post-marked by the Voting Deadline.  If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.

Return the completed Ballot to the Voting Agent in the pre-addressed, postage pre-paid return envelope enclosed with this Ballot or return it to:

| **If by First-Class Mail, Hand Delivery or Overnight Mail:** | **If by Electronic Mail**: |
|---|---|
| Zohar Ballot Processing c/o Reliable Companies Nemours Building 1007 Orange Street, Suite 110 Wilmington, DE 19801 | Zohar Ballot Processing c/o Reliable Companies jedelson@reliable-co.com |

**Any Ballot submitted by fax or electronic transmission other than electronic mail will not be counted, unless approved by the Debtors in writing (which writing may be an email) or otherwise ordered by the Court.**

---

## ACCEPTANCE OR REJECTION OF THE PLAN

**Item 1.  Vote Amount**.  For purposes of voting to accept or reject the Plan, as of **\*March 16**, 2022 (the "**Record Date**"), the undersigned ("**Claimant**") was a holder of a Class 14 Zohar I Indenture Trustee Claim (against Zohar I) in the aggregate amount set forth below.

$_____

**Item 2.  Vote on Plan**.  **CHECK ONE BOX ONLY:**

☐    **ACCEPTS (votes FOR) the Plan**.

☐    **REJECTS (votes AGAINST) the Plan**.

**IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO CONSENT TO GIVING THE RELEASES SET FORTH IN SECTION 10.4 OF THE PLAN.**

**Item 3.  Tax Information**.  Under penalty of perjury, Claimant certifies that:

      A.      Claimant's correct taxpayer identification number is:

            (Social Security Number) ____-___-____,

            (or Employer Identification Number) ____-_____; and

      B.      Concerning backup withholding, please check the appropriate boxes for "1" or "2":

            1.    ☐    Claimant is subject to backup withholding; OR

            2.    ☐    Claimant is not subject to backup withholding because (please check appropriate box):

                    ☐    Claimant is exempt from backup withholding;

                    ☐    Claimant has not been notified by the Internal Revenue Service ("**IRS**") that Claimant is subject to backup withholding as a result of a failure to report all interest or dividends; or

                    ☐    The IRS has notified Claimant that Claimant is no longer subject to backup withholding.

**Item 4.  Releases, Exculpation and Injunction**.

<u>**IMPORTANT INFORMATION REGARDING RELEASES, EXCULPATION AND INJUNCTION**</u>

*ARTICLE X OF THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS.  ALL PARTIES ARE ADVISED TO READ ARTICLE X OF THE PLAN AND THE CONFIRMATION HEARING NOTICE CAREFULLY, AND TO CONSULT WITH THEIR OWN ADVISORS WITH RESPECT THERETO.*

**Item 5.  Certification**.  By signing this Ballot, the Claimant certifies that:  (i) on the Record Date, it was the holder of the Class 14 Indenture Trustee Claim to which this Ballot pertains or an authorized signatory for such holder; (ii) it has full power and authority to vote to accept or reject the Plan and execute and return the Ballot; and (iii) it has received a copy of the Disclosure Statement, the Plan, and other solicitation materials.  The undersigned understands that an otherwise properly completed, executed, and timely-returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.  The undersigned also certifies that its vote on the Plan is subject to all the terms and conditions set forth in the Plan and the Disclosure Statement.

            Name of Claimant: _____

            **Signature**: _____

            Name (if different from Claimant): _____

Title: _____

Address: _____

_____

_____

Dated: _____

**Please make sure you have provided all information requested in this Ballot.  Please read and follow the instructions set forth in the attached Voting Instructions carefully.  Please complete, sign, and date this Ballot and cast it in the manner set forth herein so that it is received by the Voting Agent by \*May 20, 2022 at 5:00 p.m. (ET).**

### VOTING INSTRUCTIONS

1.      In order for your vote to count, you must:

> (i)      In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Plan by checking the appropriate box; and

> (ii)     Review and sign the certifications in Item 5 of the Ballot.  Please be sure to sign and date your Ballot.  Your signature is required in order for your vote to be counted.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

2.      To facilitate distributions under the Plan (to the extent that the Plan is confirmed and consummated), please complete Item 3, which requests certain tax information that is necessary to make distributions to holders of Claims.

3.      **To have your vote counted, you must complete, sign, and submit your Ballot in the manner set forth herein so that it is <u>actually</u> <u>received</u> by the Voting Agent not later than *<u>May 20</u>, 2022 at 5:00 p.m. (ET).  It is not sufficient for your Ballot merely to be post-marked by the Voting Deadline.  Rather, your Ballot must be <u>actually</u> <u>received</u> by the Voting Agent not later than *<u>May 20</u>, 2022 at 5:00 p.m. (ET).**

4.      Return the completed Ballot to the Voting Agent in the pre-addressed, postage pre-paid return envelope enclosed with this Ballot or return it to:

| <u>If by First-Class Mail, Hand Delivery or Overnight Mail:</u> | <u>If by Electronic Mail</u>: |
|---|---|
| Zohar Ballot Processing c/o Reliable Companies Nemours Building 1007 Orange Street, Suite 110 Wilmington, DE 19801 | Zohar Ballot Processing c/o Reliable Companies jedelson@reliable-co.com |

5.      IF YOU SUBMIT YOUR BALLOT VIA FIRST-CLASS OR OVERNIGHT MAIL OR HAND DELIVERY, THE BALLOT YOU SUBMIT MUST BEAR YOUR ORIGINAL SIGNATURE.  IF YOU SUBMIT YOUR MASTER BALLOT VIA ELECTRONIC MAIL, A SIGNATURE ON SUCH BALLOT WILL BE DEEMED AN ORIGINAL SIGNATURE AND IMMEDIATELY LEGALLY VALID AND EFFECTIVE.  DO NOT SUBMIT YOUR BALLOT BY FAX OR ELECTRONIC TRANSMISSION OTHER THAN ELECTRONIC MAIL AS IT WILL NOT BE COUNTED, UNLESS APPROVED BY THE DEBTORS IN WRITING (WHICH WRITING MAY BE AN EMAIL) OR OTHERWISE ORDERED BY THE COURT.

6.      ANY BALLOTS DELIVERED BY ELECTRONIC MAIL MUST BE:  (A) HAND SIGNED (COMPUTER GENERATED ELECTRONIC SIGNATURES OR TYPED SIGNATURES WILL

NOT BE ACCEPTED) BY AN AUTHORIZED SIGNATORY WHO HAS FULL POWER AND AUTHORITY TO VOTE TO ACCEPT OR REJECT THE PLAN AND EXECUTE AND RETURN THE BALLOT, ELECTRONICALLY SCANNED, AND THEN THE ELECTRONICALLY SCANNED COPY MUST BE ELECTRONICALLY MAILED TO THE VOTING AGENT AS PROVIDED FOR HEREIN; AND (B) PROMPTLY MAILED TO THE VOTING AGENT AFTER BEING ELECTRONICALLY MAILED (ALTHOUGH THE MAILED BALLOT NEED NOT BE ACTUALLY RECEIVED BY THE VOTING AGENT PRIOR TO THE VOTING DEADLINE).

7.    A Ballot that fails to clearly indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and a rejection of the Plan, will not be counted.

8.    You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan. A Ballot that partially rejects and partially accepts the Plan will not be counted.

9.    If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received by the Voting Agent will be deemed to reflect your intent and shall supersede and revoke any earlier received Ballot. If you cast multiple Ballots on account of the same Claim, which are received by the Voting Agent on the same day and at the same time, but which are voted inconsistently, such Ballots shall not be counted.

10.    Any Ballot that is illegible or that contains insufficient information to permit the identification of the Claimant will not be counted.

11.    This Ballot does not constitute, and shall not be deemed to be, a proof of claim against the Debtors or an assertion or admission of a Claim by the Debtors.

12.    If a Claim is transferred after the Record Date, only the Holder of such Claim as of the Record Date may execute and submit a Ballot to the Voting Agent, the transferee of such Claim shall be bound by any such vote (and the consequences thereof) made by the Holder of such transferred Claim as of the Record Date, and no "cause" will exist to permit any vote change under Bankruptcy Rule 3018(a).

13.    Any party who has previously submitted to the Voting Agent prior to the Voting Deadline a properly completed Ballot may revoke such Ballot and change its vote by submitting to the Voting Agent prior to the Voting Deadline a subsequent properly completed Ballot. If multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last timely received, properly executed Ballot will be deemed to reflect that Holder's intent and will supersede and revoke any Ballot previously received.

14.    Except as otherwise provided in the immediately preceding paragraph, any party who has delivered a valid Ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline. To be valid, a notice of withdrawal must (i) contain the description of the Claims to which it relates and the aggregate principal amount represented by such Claims, (ii) be signed by the withdrawing party in the same manner as the Ballot being withdrawn, (iii) contain a certification that the withdrawing party owns the Claims and possesses the right to withdraw the vote sought to be withdrawn, and (iv) be actually received by the Voting Agent prior to the Voting Deadline. The Debtors expressly reserve the right to contest the validity of any such withdrawals of Ballots

15.     It is important that you vote.  The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of title 11 of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Court nonetheless may, in certain circumstances, confirm the Plan if it finds that the Plan:  (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Plan; and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To confirm a plan over the objection of a dissenting Class, the Court also must find that at least one Impaired Class has accepted the plan, with such acceptance being determined without including the acceptance of any "insider" in such Class.

16.     NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER SOLICITATION MATERIALS APPROVED BY THE COURT, INCLUDING, WITHOUT LIMITATION, THE DISCLOSURE STATEMENT.

17.     PLEASE RETURN YOUR BALLOT SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING AGENT BY THE VOTING DEADLINE.

18.     IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THESE VOTING INSTRUCTIONS, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT COUNSEL FOR THE DEBTORS ELECTRONICALLY, IN WRITING OR VIA TELEPHONE (ATTENTION:  SHANE M. REIL, (302) 571-6745, SREIL@YCST.COM).

19.     PLEASE NOTE THAT COUNSEL FOR THE DEBTORS IS NOT PERMITTED TO GIVE LEGAL ADVICE.  YOU SHOULD CONSULT YOUR OWN ATTORNEY FOR ANY LEGAL ADVICE RELATING TO THIS BALLOT OR THE OTHER DOCUMENTS REFERENCED HEREIN.

**Exhibit 3-F**

**Form of Class 15 Ballot**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Zohar III, Corp., *et al.*,[1] | Case No. 18-10512 (KBO) |
| Debtors. | **Ref. Docket No. _____** |

**BALLOT FOR CLASS 15 ZOHAR I CREDIT ENHANCEMENT CLAIMS FOR ACCEPTING
OR REJECTING THE SECOND AMENDED JOINT ~~11~~ PLAN OF LIQUIDATION
UNDER CHAPTER 11 OF THE BANKRUPTCY CODE FOR
ZOHAR III, CORP. AND ITS AFFILIATED DEBTORS**

---

**TO BE COUNTED, YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE
VOTING AGENT BY ~~*~~MAY 20, 2022 AT 5:00 P.M. (ET)**

---

This ballot (the "**Ballot**") is being submitted to you by the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") to solicit your vote to accept or reject the *~~First~~ Second Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code for Zohar III, Corp. and Its Affiliated Debtors* (as amended, modified or supplemented from time to time, the "**Plan**")[2] submitted by the Debtors and described in, and attached as Exhibit *, to the related *Disclosure Statement for the ~~First~~ Second Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code for Zohar III, Corp. and Its Affiliated Debtors* (the "**Disclosure Statement**") that was approved by an order [Docket No. *] (the "**Disclosure Statement Order**") of the United States Bankruptcy Court for the District of Delaware (the "**Court**") and attached as Exhibit 1 to the Disclosure Statement Order.  The Disclosure Statement describes the Plan and provides information to assist you in deciding how to vote your Ballot.  Court approval of the Disclosure Statement does not indicate Court approval of the Plan.  If you do not have a Disclosure Statement or Plan you may obtain a copy free of charge upon written request (which writing may be an email) to counsel for the Debtors.

The Plan Supplement, if any, will be filed and served on the following parties no later than *May 6, 2022, which service may be made by email:  (i) the U.S. Trustee; (ii) those parties requesting notice pursuant to Bankruptcy Rule 2002 as of the service date; and (iii) any other party who requests in writing a copy of the same from counsel for the Debtors (Attention:  Shane M. Reil, sreil@ycst.com).

---

[1]  The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows:  Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119).  The Debtors' address is c/o FTI Consulting, Inc., 1166 Avenue of the Americas, 15th Floor, New York, NY 10036.

[2]  Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.

---

**IMPORTANT**

You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.  Your Claim has been placed in Class 15 (Zohar I Credit Enhancement Claims) under the Plan.  If you hold Claims in more than one Class under the Plan, you will receive a ballot for each Class in which you are entitled to vote.

You may cast your Ballot in paper form or electronically as provided for herein.

If your Ballot is not actually received by Reliable Companies (the "Voting Agent") on or before **\*May 20**, **2022 at 5:00 p.m. (ET) (the "Voting Deadline"), and such deadline is not extended, in writing (which writing may be an email), by the Debtors, your vote will not count as either an acceptance or rejection of the Plan.  It is not sufficient for your Ballot merely to be post-marked by the Voting Deadline.  If the Plan is confirmed by the Court, it will be binding on you whether or not you vote.**

Return the completed Ballot to the Voting Agent in the pre-addressed, postage pre-paid return envelope enclosed with this Ballot or return it to:

| If by First-Class Mail, Hand Delivery or Overnight Mail: | If by Electronic Mail: |
|---|---|
| Zohar Ballot Processing<br>c/o Reliable Companies<br>Nemours Building<br>1007 Orange Street, Suite 110<br>Wilmington, DE 19801 | Zohar Ballot Processing<br>c/o Reliable Companies<br>jedelson@reliable-co.com |

Any Ballot submitted by fax or electronic transmission other than electronic mail will not be counted, unless approved by the Debtors in writing (which writing may be an email) or otherwise ordered by the Court.

---

<u>**ACCEPTANCE OR REJECTION OF THE PLAN**</u>

**Item 1.  Vote Amount**.  For purposes of voting to accept or reject the Plan, as of **\*March 16**, 2022 (the "**Record Date**"), the undersigned ("**Claimant**") was a holder of a Class 15 Zohar I Credit Enhancement Claim (against Zohar I) in the aggregate amount set forth below.

$ _____

**Item 2.  Vote on Plan**.  **CHECK ONE BOX ONLY:**

☐    **ACCEPTS (votes FOR) the Plan**.

☐    **REJECTS (votes AGAINST) the Plan**.

**IF YOU VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO CONSENT TO GIVING THE RELEASES SET FORTH IN SECTION 10.4 OF THE PLAN.**

**Item 3.  Tax Information**.  Under penalty of perjury, Claimant certifies that:

      A.      Claimant's correct taxpayer identification number is:

            (Social Security Number) ____-___-____,

            (or Employer Identification Number) ____-_____; and

      B.      Concerning backup withholding, please check the appropriate boxes for "1" or "2":

            1.    ☐    Claimant is subject to backup withholding; OR

            2.    ☐    Claimant is not subject to backup withholding because (please check appropriate box):

                    ☐    Claimant is exempt from backup withholding;

                    ☐    Claimant has not been notified by the Internal Revenue Service ("**IRS**") that Claimant is subject to backup withholding as a result of a failure to report all interest or dividends; or

                    ☐    The IRS has notified Claimant that Claimant is no longer subject to backup withholding.

**Item 4.  Releases, Exculpation and Injunction**.

**<u>IMPORTANT INFORMATION REGARDING RELEASES, EXCULPATION AND INJUNCTION</u>**

*ARTICLE X OF THE PLAN CONTAINS CERTAIN RELEASE, EXCULPATION AND INJUNCTION PROVISIONS.  ALL PARTIES ARE ADVISED TO READ ARTICLE X OF THE PLAN AND THE CONFIRMATION HEARING NOTICE CAREFULLY, AND TO CONSULT WITH THEIR OWN ADVISORS WITH RESPECT THERETO.*

**Item 5.  Certification**.  By signing this Ballot, the Claimant certifies that:  (i) on the Record Date, it was the holder of the Class 15 Zohar I Credit Enhancement Claim to which this Ballot pertains or an authorized signatory for such holder; (ii) it has full power and authority to vote to accept or reject the Plan and execute and return the Ballot; and (iii) it has received a copy of the Disclosure Statement, the Plan, and other solicitation materials.  The undersigned understands that an otherwise properly completed, executed, and timely-returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.  The undersigned also certifies that its vote on the Plan is subject to all the terms and conditions set forth in the Plan and the Disclosure Statement.

                Name of Claimant: _____

                **Signature**: _____

                Name (if different from Claimant): _____

Title: _____

Address: _____

_____

_____

Dated: _____

**Please make sure you have provided all information requested in this Ballot.  Please read and follow the instructions set forth in the attached Voting Instructions carefully.  Please complete, sign, and date this Ballot and cast it in the manner set forth herein so that it is received by the Voting Agent by \*May 20, 2022 at 5:00 p.m. (ET).**

## VOTING INSTRUCTIONS

1.      In order for your vote to count, you must:

       (i)      In the boxes provided in Item 2 of the Ballot, indicate <u>either</u> acceptance or rejection of the Plan by checking the appropriate box; and

       (ii)      Review and sign the certifications in Item 5 of the Ballot.  Please be sure to sign and date your Ballot.  Your signature is required in order for your vote to be counted.  If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing.  If the Claim is held by an entity, your Ballot must be executed in the name of an authorized signatory.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

2.      To facilitate distributions under the Plan (to the extent that the Plan is confirmed and consummated), please complete Item 3, which requests certain tax information that is necessary to make distributions to holders of Claims.

3.      **To have your vote counted, you must complete, sign, and submit your Ballot in the manner set forth herein so that it is <u>actually</u> <u>received</u> by the Voting Agent not later than \*May 20, 2022 at 5:00 p.m. (ET).  It is not sufficient for your Ballot merely to be post-marked by the Voting Deadline.  Rather, your Ballot must be <u>actually</u> <u>received</u> by the Voting Agent not later than \*May 20, 2022 at 5:00 p.m. (ET).**

4.      Return the completed Ballot to the Voting Agent in the pre-addressed, postage pre-paid return envelope enclosed with this Ballot or return it to:

| <u>If by First-Class Mail, Hand Delivery or Overnight Mail</u>: | <u>If by Electronic Mail</u>: |
|---|---|
| Zohar Ballot Processing<br>c/o Reliable Companies<br>Nemours Building<br>1007 Orange Street, Suite 110<br>Wilmington, DE 19801 | Zohar Ballot Processing<br>c/o Reliable Companies<br>jedelson@reliable-co.com |

5.      IF YOU SUBMIT YOUR BALLOT VIA FIRST-CLASS OR OVERNIGHT MAIL OR HAND DELIVERY, THE BALLOT YOU SUBMIT MUST BEAR YOUR ORIGINAL SIGNATURE.  IF YOU SUBMIT YOUR MASTER BALLOT VIA ELECTRONIC MAIL, A SIGNATURE ON SUCH BALLOT WILL BE DEEMED AN ORIGINAL SIGNATURE AND IMMEDIATELY LEGALLY VALID AND EFFECTIVE.  DO NOT SUBMIT YOUR BALLOT BY FAX OR ELECTRONIC TRANSMISSION OTHER THAN ELECTRONIC MAIL AS IT WILL NOT BE COUNTED, UNLESS APPROVED BY THE DEBTORS IN WRITING (WHICH WRITING MAY BE AN EMAIL) OR OTHERWISE ORDERED BY THE COURT.

6.      ANY BALLOTS DELIVERED BY ELECTRONIC MAIL MUST BE:  (A) HAND SIGNED (COMPUTER GENERATED ELECTRONIC SIGNATURES OR TYPED SIGNATURES WILL

28915650.5

NOT BE ACCEPTED) BY AN AUTHORIZED SIGNATORY WHO HAS FULL POWER AND AUTHORITY TO VOTE TO ACCEPT OR REJECT THE PLAN AND EXECUTE AND RETURN THE BALLOT, ELECTRONICALLY SCANNED, AND THEN THE ELECTRONICALLY SCANNED COPY MUST BE ELECTRONICALLY MAILED TO THE VOTING AGENT AS PROVIDED FOR HEREIN; AND (B) PROMPTLY MAILED TO THE VOTING AGENT AFTER BEING ELECTRONICALLY MAILED (ALTHOUGH THE MAILED BALLOT NEED NOT BE ACTUALLY RECEIVED BY THE VOTING AGENT PRIOR TO THE VOTING DEADLINE).

7.      A Ballot that fails to clearly indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and a rejection of the Plan, will not be counted.

8.      You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan.  A Ballot that partially rejects and partially accepts the Plan will not be counted.

9.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received by the Voting Agent will be deemed to reflect your intent and shall supersede and revoke any earlier received Ballot.  If you cast multiple Ballots on account of the same Claim, which are received by the Voting Agent on the same day and at the same time, but which are voted inconsistently, such Ballots shall not be counted.

10.     Any Ballot that is illegible or that contains insufficient information to permit the identification of the Claimant will not be counted.

11.     This Ballot does not constitute, and shall not be deemed to be, a proof of claim against the Debtors or an assertion or admission of a Claim by the Debtors.

12.     If a Claim is transferred after the Record Date, only the Holder of such Claim as of the Record Date may execute and submit a Ballot to the Voting Agent, the transferee of such Claim shall be bound by any such vote (and the consequences thereof) made by the Holder of such transferred Claim as of the Record Date, and no "cause" will exist to permit any vote change under Bankruptcy Rule 3018(a).

13.     Any party who has previously submitted to the Voting Agent prior to the Voting Deadline a properly completed Ballot may revoke such Ballot and change its vote by submitting to the Voting Agent prior to the Voting Deadline a subsequent properly completed Ballot.  If multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last timely received, properly executed Ballot will be deemed to reflect that Holder's intent and will supersede and revoke any Ballot previously received.

14.     Except as otherwise provided in the immediately preceding paragraph, any party who has delivered a valid Ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline.  To be valid, a notice of withdrawal must (i) contain the description of the Claims to which it relates and the aggregate principal amount represented by such Claims, (ii) be signed by the withdrawing party in the same manner as the Ballot being withdrawn, (iii) contain a certification that the withdrawing party owns the Claims and possesses the right to withdraw the vote sought to be withdrawn, and (iv) be actually received by the Voting Agent prior to the Voting Deadline.  The Debtors expressly reserve the right to contest the validity of any such withdrawals of Ballots.

15.    It is important that you vote.  The Plan can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount <u>and</u> more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of title 11 of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Court nonetheless may, in certain circumstances, confirm the Plan if it finds that the Plan:  (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes voting to reject the Plan; and (ii) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  To confirm a plan over the objection of a dissenting Class, the Court also must find that at least one Impaired Class has accepted the plan, with such acceptance being determined without including the acceptance of any "insider" in such Class.

16.    NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER SOLICITATION MATERIALS APPROVED BY THE COURT, INCLUDING, WITHOUT LIMITATION, THE DISCLOSURE STATEMENT.

17.    PLEASE RETURN YOUR BALLOT SO THAT IT IS ACTUALLY RECEIVED BY THE VOTING AGENT BY THE VOTING DEADLINE.

18.    IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THESE VOTING INSTRUCTIONS, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT COUNSEL FOR THE DEBTORS ELECTRONICALLY, IN WRITING OR VIA TELEPHONE (ATTENTION:  SHANE M. REIL, (302) 571-6745, SREIL@YCST.COM).

19.    PLEASE NOTE THAT COUNSEL FOR THE DEBTORS IS NOT PERMITTED TO GIVE LEGAL ADVICE.  YOU SHOULD CONSULT YOUR OWN ATTORNEY FOR ANY LEGAL ADVICE RELATING TO THIS BALLOT OR THE OTHER DOCUMENTS REFERENCED HEREIN.

**Exhibit 4**

**Notice of Non-Voting Status**

28915650.3

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Zohar III, Corp., *et al.*,[20][1] | Case No. 18-10512 (KBO) |
| Debtors. | **Ref. Docket No. _____** |
| | **Confirmation Hearing:** |
| | *June 1, 2022 at *9:00 a.m. (ET) |
| | **Confirmation Objection Deadline:** |
| | *May 13, 2022 at 4:00 p.m. (ET) |

**NOTICE OF NON-VOTING STATUS TO HOLDERS OF CERTAIN CLAIMS AND INTERESTS**

**PLEASE TAKE NOTICE THAT** the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") submitted the ~~First~~ *Second Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code for Zohar III, Corp. and Its Affiliated Debtors*, dated as of *, 2022 (as amended, modified or supplemented from time to time, the "**Plan**"), which is described in and attached as Exhibit A to the related *Disclosure Statement for the ~~First~~ Second Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code for Zohar III, Corp. and Its Affiliated Debtors*, dated as of *, 2022 (the "**Disclosure Statement**"), that was approved by an order [Docket No. *] (the "**Disclosure Statement Order**") of the United States Bankruptcy Court for the District of Delaware (the "**Court**") and attached as Exhibit 1 to the Disclosure Statement Order.  The Disclosure Statement Order authorizes the Debtors to solicit votes to accept or reject the Plan from the holders of Claims in the Voting Classes (as defined in the Disclosure Statement Order).  Capitalized terms used but not otherwise defined herein shall the meaning ascribed to such terms in the Plan or the Disclosure Statement Order, as applicable.

YOU ARE OR MIGHT BE THE HOLDER OF CLAIMS IN CLASSES OF UNIMPAIRED CLAIMS DEEMED TO ACCEPT THE PLAN, OR OF CLAIMS AND INTERESTS IN CLASSES OF IMPAIRED CLAIMS DEEMED TO REJECT THE PLAN, THAT, IN EITHER CASE, ARE NOT ENTITLED TO VOTE ON THE PLAN.  UNDER THE TERMS OF THE PLAN:

(A) Holders of Claims in Classes 1 (Zohar III Other Priority Claims), 2 (Zohar III Indenture Trustee Claims), 2A (Zohar III Patriarch Disputed CMA Fee Claim), 2B (Zohar III Ankura CMA Claims), 8 (Zohar II Other Priority Claims), 9 (Zohar II Indenture Trustee Claims), 9A (Zohar II Patriarch Disputed CMA Fee Claim), 9B (Zohar II Ankura CMA Claims), 13 (Zohar I Other Priority Claims), and 14A (Zohar I Patriarch Disputed CMA Fee Claim) are Unimpaired under the Plan and therefore, pursuant to the Plan and Bankruptcy Code section 1126(f), are (i) deemed to have accepted the Plan and (ii) not entitled to vote on the Plan; and

(B) Holders of Claims or Interests in Classes 4 (Zohar III A-2 Note Claims), 5 (Zohar III A-3 Note Claims), 6 (Zohar III B Note Claims), 7 (Zohar III General Unsecured Claims), 11 (Zohar II B Note Claims), 12 (Zohar II General Unsecured Claims), 16 (Zohar I A-3 Note Claims), 17 (Zohar I B Note Claims), 18

---

[20][1]  The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119).  The Debtors' address is c/o FTI Consulting, Inc., 1166 Avenue of the Americas, 15th Floor, New York, NY 10036.

(Zohar I General Unsecured Claims), and 19 (Interests) are Impaired under the Plan and are not entitled to receive or retain any property on account of their Claims or Interests in those Classes and therefore, pursuant to Bankruptcy Code section 1126(g), are (i) deemed to have rejected the Plan and (ii) not entitled to vote on the Plan.

ALTHOUGH YOU ARE OR MIGHT BE THE HOLDER OF CLAIMS THAT, AS OF THE DATE HEREOF, ARE IN CLASSES OF UNIMPAIRED CLAIMS UNDER THE PLAN, THE DEBTORS MAY SUBSEQUENTLY FILE OBJECTIONS TO SUCH CLAIMS SEEKING TO RECLASSIFY SUCH CLAIMS TO A CLASS THAT IS IMPAIRED UNDER THE PLAN.  ACCORDINGLY, ANY SUCH HOLDERS SHOULD CAREFULLY CONSIDER THEIR RIGHTS IN CONNECTION WITH PLAN CONFIRMATION.

*ARTICLE X OF THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS.  YOU ARE ENCOURAGED TO CAREFULLY REVIEW THE PLAN, INCLUDING THESE PROVISIONS, AND THE CONFIRMATION HEARING NOTICE AS YOUR RIGHTS MAY BE AFFECTED, REGARDLESS OF WHETHER OF YOU ARE UNIMPAIRED OR IMPAIRED UNDER THE PLAN.*

Objections, if any, to confirmation of the Plan, including the release, exculpation and injunction provisions provided for in Article * of the Plan, must (i) be in writing; (ii) state the name, address, and nature of the Claim or Interest of the objecting or responding party; (iii) state with particularity the legal and factual basis and nature of any objection or response; and (iv) be filed with the Clerk of the Bankruptcy Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801 **before 4:00 p.m. (ET) on *May 13, 2022** and served by that same deadline in accordance with the Local Rules, which service may be made by email, on the following parties:  (i) counsel to the Debtor, Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801, Attn: Michael R. Nestor, Esq. (mnestor@ycst.com), Joseph M. Barry (jbarry@ycst.com) and Ryan M. Bartley, Esq. (rbartley@ycst.com); and (ii) the Office of the United States Trustee for the District of Delaware, 855 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Juliet M. Sarkessian, Esq. (Juliet.M.Sarkessian@usdoj.gov).

Copies of the Plan, the Disclosure Statement, the Plan Supplement (which will be filed on or before *May 6, 2022), and the Disclosure Statement Order are available free of charge upon written request (which writing may be an email) to the undersigned counsel for the Debtors.  If you are the holder of a Claim and believe that you are entitled to vote on the Plan, but you did not receive a Solicitation Package, or if you have any questions concerning voting procedures, the Solicitation Package that you received, or the amount of your Claim, you should contact the undersigned counsel for the Debtors electronically, in writing or via telephone using the contact information provided below.

|  |  |
|---|---|
| Dated: *, 2022<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP |

/s/ _____
James L. Patton, Jr. (No. 2202) (jpatton@ycst.com)
Robert S. Brady (No. 2847) (rbrady@ycst.com)
Michael R. Nestor (No. 3526) (mnestor@ycst.com)
Joseph M. Barry (No. 4221) (jbarry@ycst.com)
Ryan M. Bartley (No. 4985) (rbartley@ycst.com)
Shane M. Reil (No. 6195) (sreil@ycst.com)
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600 / Facsimile: (302) 571-1253

*Counsel to the Debtors and Debtors in Possession*

28915650.5

2