**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Zohar III, Corp., *et al.*,[1]<br><br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 18-10512 (KBO)<br><br>**Ref. Docket No. 3130** |

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) APPROVING SOLICITATION AND VOTING PROCEDURES, INCLUDING (A) FIXING THE RECORD DATE, (B) APPROVING THE SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION, (C) APPROVING THE FORM OF BALLOTS AND ESTABLISHING PROCEDURES FOR VOTING, AND (D) APPROVING PROCEDURES FOR VOTE TABULATION; (III) SCHEDULING A CONFIRMATION HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES; AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the motion [Docket No. 3130] (the "**Motion**")[2] of the Debtors for the entry of an order, pursuant to sections 105(a), 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3003, 3017, 3018, and 3020, and Local Rules 3017-1(a) and 3017-1(b), (i) approving the *Disclosure Statement for the Second Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code for Zohar III, Corp. and Its Affiliated Debtors* attached hereto as **Exhibit 1** (as approved by this Order, the "**Disclosure Statement**"), (ii) approving solicitation and voting procedures with respect to the *Second Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code for Zohar III, Corp. and Its Affiliated Debtors* (as amended, modified or supplemented from time to time, the "**Plan**"), including (a) fixing the Record Date, (b) approving the Solicitation Packages and procedures for distribution,

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is c/o FTI Consulting, Inc., 1166 Avenue of the Americas, 15th Floor, New York, NY 10036.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

28915650.7

(c) approving the form of Ballots and establishing procedures for voting, and (d) approving procedures for vote tabulation, (iii) scheduling a confirmation hearing and establishing notice and objection procedures, and (iv) granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 1334(b) and 157 and the Amended Standing Order; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion and the hearing on the Disclosure Statement being deemed adequate; and the Disclosure Statement Hearing Notice constituting good and sufficient notice to all interested parties regarding the Motion and no other or further notice of the Motion needing to be provided; and the Court having reviewed the Motion, the papers in support thereof, and the responses thereto, if any; and upon the record of the hearing; and the Court having found and determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and that the relief requested in the Motion is in the best interests of the Debtors and their estates; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor; **IT IS HEREBY FOUND THAT:**

      A.      The notice of the Motion and the Disclosure Statement Hearing Notice were served as set forth in the Motion, and such notice constitutes good and sufficient notice to all interested parties and complies with Bankruptcy Rules 2002 and 3017 and no other or further notice of the Motion need be provided.

      B.      The Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code.

      C.      The forms of the ballots (collectively, the "**Ballots**") for the Holders of Claims in Classes 3 (Zohar III A-1 Note Claims), 10 (Zohar II Credit Enhancement Claims), 14

(Zohar I Indenture Trustee Claims) and 15 (Zohar I Credit Enhancement Claims) (collectively, the "**Voting Classes**") attached hereto as **Exhibits 3-A through 3-F**, respectively, are sufficiently consistent with Official Form No. 14, adequately address the particular needs of these Chapter 11 Cases, and are appropriate for the Voting Classes to accept or reject the Plan.

    D.  The contents and proposed distribution of the Solicitation Packages complies with Bankruptcy Rule 3017(d).

    E.  Ballots need not be provided to Holders of Claims and Interests in Classes 1 (Zohar III Other Priority Claims), 2 (Zohar III Indenture Trustee Claims), 2A (Zohar III Patriarch Disputed CMA Fee Claim), 2B (Zohar III Ankura CMA Claims), Classes 4 (Zohar III A-2 Note Claims), 5 (Zohar III A-3 Note Claims), 6 (Zohar III B Note Claims), 7 (Zohar III General Unsecured Claims), 8 (Zohar II Other Priority Claims), 9 (Zohar II Indenture Trustee Claims), 9A (Zohar II Patriarch Disputed CMA Fee Claim), 9B (Zohar II Ankura CMA Claims),11 (Zohar II B Note Claims), 12 (Zohar II General Unsecured Claims), 13 (Zohar I Other Priority Claims), 14A (Zohar I Patriarch Disputed CMA Fee Claim), 16 (Zohar I A-3 Note Claims), 17 (Zohar I B Note Claims), 18 (Zohar I General Unsecured Claims), and 19 (Interests) (collectively, the "**Non-Voting Classes**"), because the Plan provides that such Classes are either (i) rendered Unimpaired under, and therefore, deemed to have accepted the Plan (without voting), in accordance with section 1126(f) of the Bankruptcy Code, or (ii) Impaired and not entitled to receive or retain any property under the Plan, and therefore, deemed to have rejected the Plan (without voting), in accordance with section 1126(g) of the Bankruptcy Code.

    F.  The period within which the Debtors may solicit votes to accept or reject the Plan as set forth in this Order is a reasonable and adequate period of time for the Voting Classes to make an informed decision to accept or reject the Plan.

28915650.7

G. The procedures set forth in this Order for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

H. The Confirmation Hearing Notice and the Notice of Non-Voting Status, substantially in the forms attached hereto as **Exhibit 2** and **Exhibit 4**, respectively, the procedures provided in this Order for providing notice to all Holders of Claims and Interests and other parties in interest of the time, date, and place of the Confirmation Hearing and the deadline to object to confirmation of the Plan, and the contents of the Solicitation Packages all comply with Bankruptcy Rules 2002 and 3017 and Local Rule 3017-1 and constitute sufficient notice to all interested parties of the Plan and the Confirmation Hearing.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**, as set forth herein.

2. The Disclosure Statement contains adequate information as required by section 1125 of the Bankruptcy Code, and is approved. The Debtors are authorized to distribute, or cause to be distributed, the Disclosure Statement and the Solicitation Packages to solicit votes on, and pursue Confirmation of, the Plan, in accordance with this Order.

3. The Disclosure Statement Hearing Notice is approved.

4. The Disclosure Statement (including all applicable exhibits thereto), the Confirmation Hearing Notice, and the Notice of Non-Voting Status provide Holders of Claims, Holders of Interests and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions in the Plan in satisfaction of the requirements of Bankruptcy Rule 3016(c).

28915650.7

5. The procedures set forth below for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

6. The contents of the Solicitation Packages, the Non-Voting Packages, and the Confirmation Hearing Notice, as set forth herein, comply with Bankruptcy Rules 2002 and 3017, and constitute sufficient notice to all interested parties, including, without limitation, Holders of Claims and Interests.

7. The Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 2**, complies with the requirements of Bankruptcy Rules 2002(b), 2002(d), and 3017(d), and is approved.

8. The Ballots, substantially in the form attached hereto as **Exhibits 3-A through 3-F**, are approved.

9. The Notice of Non-Voting Status, substantially in the form attached hereto as **Exhibit 4**, is approved.

10. The Record Date with respect to Holders of Claims shall be **March 16, 2022**. The Record Date shall be used for purposes of determining: (i) the Holders of Claims in the Voting Classes, which will receive Solicitation Packages and are entitled to vote to accept or reject the Plan; (ii) the Holders of Claims and Interests in the Non-Voting Classes, which will receive a Notice of Non-Voting Status and the other materials set forth in paragraph 12 of this Order and are not entitled to vote to accept or reject the Plan; (iii) the amount of each Holder's Claim for solicitation and voting purposes (except as otherwise provided herein or in the Plan); and (iv) whether Claims have been properly and timely assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee (and not the original Claim Holder)

28915650.7

5

can vote to accept or reject the Plan as the Holder of a Claim.  With respect to any transferred Claim, the transferee shall be entitled to receive a Solicitation Package and (if applicable) cast a Ballot on account of such Claim only if all actions necessary to effectuate the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed on or before the Record Date.  In the event a Claim is transferred after the Record Date, the transferee of such Claim shall be bound by any vote on the Plan made by the holder of such Claim as of the Record Date.

11. On or before April 15, 2022 (the "**Solicitation Date**"), the Debtors shall distribute, or cause to be distributed, by first-class mail, to Holders of Claims in the Voting Classes as of the Record Date a Solicitation Package containing the following:

    a. the Disclosure Statement, including the Plan and all other exhibits annexed thereto;

    b. the Disclosure Statement Order (excluding exhibits);

    c. a Ballot and the Voting Instructions;

    d. a pre-addressed, postage pre-paid return envelope; and

    e. the Confirmation Hearing Notice.

12. On or before the Solicitation Date, the Debtors shall distribute, or cause to be distributed, by first-class mail, to all Holders of Claims and Interests in the Non-Voting Classes a Non-Voting Package, consisting of (i) the Disclosure Statement (together with all exhibits thereto, including the Plan); (ii) the Confirmation Hearing Notice; and (iii) the Notice of Non-Voting Status.

13. With respect to Class 4 (Zohar III A-2 Note Claims) and Class 5 (Zohar III A-3 Note Claims), the Note Claims Nominees for the beneficial holders of Claims in such Classes for whom the Note Claims Nominees provide services are required to distribute the Non-Voting

28915650.7

Packages the Note Claims Nominees receive within five (5) business days to such beneficial holders.[3]

14.     On or before the Solicitation Date, the Debtors shall distribute, or cause to be distributed, by first-class mail, Solicitation Packages, excluding a Ballot and return envelope, but including the exhibits to the Disclosure Statement Order, to: (i) the U.S. Trustee; (ii) the Internal Revenue Service; (iii) all state and local taxing authorities in the states in which the Debtors operate; (iv) those parties requesting notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 as of the Solicitation Date; and (v) any other party who requests in writing a copy of the same. On or before the Solicitation Date, the Debtor shall also distribute, or cause to be distributed, by first-class mail, the Confirmation Hearing Notice to (a) the Securities and Exchange Commission, (b) the United States Attorney for the District of Delaware, (c) all counterparties to executory contracts and leases, (d) all known Holders of Claims that are unclassified under the Plan, and (e) all persons or entities listed on the Debtors' creditor mailing matrix who are not otherwise covered by one of the categories set forth in the preceding paragraphs of this Order.

15.     The Debtors shall not be required to distribute Solicitation Packages to the same addresses to which undeliverable Disclosure Statement Hearing Notices were distributed unless the Debtors are provided with accurate addresses for such entities prior to the Solicitation Date. Failure to distribute Solicitation Packages to such entities will not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline, or violate Bankruptcy Rule 3017(d). The Debtors are further excused from attempting to find better addresses for entities as to whom a

---

[3] Non-Voting Packages may be sent to the Note Claims Nominees in paper format or via electronic transmission in accordance with the customary requirements of each Note Claims Nominee. Each Note Claims Nominee will then distribute the Non-Voting Packages, as appropriate, in accordance with its customary practices.

28915650.7

Solicitation Package was returned by the United States Postal Service as undeliverable without a forwarding address.

16. The Note Claims Nominees are required to distribute the Solicitation Packages they receive within five (5) business days to the Beneficial Holders for whom they provide services. To obtain the votes of the Beneficial Holders, the Note Claims Nominees shall include as part of each Solicitation Package sent to a Beneficial Holder a Beneficial Holder Ballot and a pre-paid return envelope provided by, and addressed to, the Note Claims Nominee. The Beneficial Holders then must return the Beneficial Holder Ballots to the Note Claims Nominee in the manner and by the deadline directed by the Note Claims Nominee in the instructions accompanying the Beneficial Holder Ballots. Upon receipt of the completed Beneficial Holder Ballots from the Beneficial Holders, the Note Claims Nominee shall summarize the votes of its Beneficial Holders on a Master Ballot in accordance with the instructions attached to the Master Ballot. The Note Claims Nominee must return the Master Ballot(s) to the Voting Agent so that it is received prior to the Voting Deadline.

17. Upon written request, the Debtors will reimburse the Note Claims Nominee (or their agents) in accordance with customary procedures for their reasonable, actual, and necessary out-of-pocket expenses incurred in performing the tasks described in this Order. No other fees, commissions or other remuneration will be payable to any Note Claims Nominee (or their agents or intermediaries) in connection with (i) the distribution of Solicitation Packages to Beneficial Holders, (ii) the completion of Master Ballots, or (iii) the distribution of the Non-Voting Packages to the beneficial holders of Claims in Class 4 (Zohar III A-2 Note Claims) and Class 5 (Zohar III A-3 Note Claims) as provided for in this Order.

18. The deadline by which all Ballots, including Master Ballots but excluding Beneficial Holder Ballots (which Beneficial Holder Ballots must be received by the applicable Note Claims Nominee on or before the submission deadline imposed by the Note Claims Nominee), must be properly executed, completed, and actually received by the Voting Agent shall be **May 20, 2022 at 5:00 p.m. (ET)** (the "**Voting Deadline**"); provided, however, that the Debtors are permitted to extend, in writing (which writing may be an email), the Voting Deadline at any time before or after the Voting Deadline, on behalf of any individual voter or any Voting Class, in their sole discretion. It is not sufficient for a Ballot merely to be post-marked by the Voting Deadline.

19. Ballots, including Master Ballots but excluding Beneficial Holder Ballots (which Beneficial Holder Ballots must be sent to the applicable Note Claims Nominee and will be accepted by such Note Claims Nominee as provided for in the instructions accompanying such Beneficial Holder Ballots), will be accepted either via first-class, overnight or electronic mail or hand delivery to the Voting Agent, as follows:

| **If by First-Class Mail, Hand Delivery or Overnight Mail:** | **If by Electronic Mail**: |
|---|---|
| Zohar Ballot Processing<br>c/o Reliable Companies<br>Nemours Building<br>1007 Orange Street, Suite 110<br>Wilmington, DE 19801 | Zohar Ballot Processing<br>c/o Reliable Companies<br>jedelson@reliable-co.com |

Ballots will not be accepted by facsimile transmission or electronic transmission other than electronic mail, unless approved by the Debtors in writing (which writing may be an email) or otherwise ordered by the Court. Any Ballots delivered by electronic mail must be: (a) hand signed (computer generated electronic signatures or typed signatures will not be accepted) by an

28915650.7

9

authorized signatory who has full power and authority to vote to accept or reject the Plan and execute and return the Ballot, electronically scanned, and then the electronically scanned copy must be electronically mailed to the Voting Agent as provided for herein; and (b) promptly mailed to the Voting Agent after being electronically mailed (although the mailed Ballot need not be actually received by the Voting Agent prior to the Voting Deadline).

20. Except as otherwise provided herein, each Holder of a Claim in a Voting Class shall be entitled to vote the amount of its Claim as of the Record Date. Solely for purposes of voting on the Plan, and not for the purpose of making Distributions under the Plan on account of a Claim, and without prejudice to the rights of the Debtors or any other proper party in interest in any other context, including claims objections, with respect to all Holders of Claims in the Voting Classes, the amount of a Claim used to tabulate acceptance or rejection of the Plan shall be as follows:

a. The amount of the Claim listed in the Debtors' Schedules; provided that (i) such Claim is not scheduled as contingent, unliquidated, undetermined, disputed, or in the amount of $0.00, (ii) no Proof of Claim has been timely filed by the applicable Bar Date (or otherwise deemed timely filed under applicable law), (iii) such Claim has not been satisfied by the Debtors, or (iv) such Claim has not been resolved pursuant to a stipulation or order entered by the Court. If a Claim is allowed under the Plan, such Claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan. If a Claim has been resolved pursuant to a stipulation or order entered by the Court, such Claim is allowed for voting purposes in the allowed amount set forth in such stipulation or order.

b. The non-contingent, unpaid and liquidated amount specified in a Proof of Claim against the Debtors timely filed by the applicable Bar Date (or otherwise deemed timely filed by the Court under applicable law) to the extent such Proof of Claim has not been amended or superseded by another Proof of Claim and is not the subject of an objection filed on or before April 25, 2022.

c. A Ballot cast by an alleged creditor who has timely filed a Proof of Claim in a wholly unliquidated, unknown, blank, or uncertain amount or in the amount of $0.00 that is not the subject of a claim objection filed on or before April 25, 2022 shall be counted in determining whether the numerosity requirement of section 1126(c) of the Bankruptcy Code has been met, and shall be ascribed a value of one dollar ($1.00) for Plan voting purposes only.

          d.      A Ballot cast by an alleged creditor who has timely filed a Proof of Claim, but the Claim is the subject of a claim objection filed and served on or before April 25, 2022, shall not be counted for voting purposes, unless the affected Holder of such Claim files and serves a motion pursuant to Bankruptcy Rule 3018(a) (a "**Rule 3018(a) Motion**") by no later than May 9, 2022, in which case the provisions of subsection (f) hereof shall control.

          e.      Notwithstanding subsection (d) hereof, if the Debtors have requested that a Claim be reclassified, estimated and/or allowed in a fixed, reduced amount pursuant to a claim objection or estimation proceeding with respect to such Claim filed and served on or before April 25, 2022, the Ballot of the Holder of such Claim shall be counted in the reduced amount requested by the Debtors and/or in the requested classification, unless the affected Holder of such Claim files and serves a Rule 3018(a) Motion by no later than May 9, 2022, in which case the provisions of subsection (f) hereof shall control.

          f.      Any Holder of a Claim that is the subject of a claim objection filed and served on or before April 25, 2022 which wishes to contest such objection solely for the purposes of voting on the Plan must file and serve a Rule 3018(a) Motion by no later than May 9, 2022, and any objections to such motion shall be filed by no later than May 23, 2022. Any Holder of a Claim which files a Rule 3018(a) Motion by May 9, 2022 shall be promptly provided a Ballot by the Voting Agent, and shall be permitted to cast a provisional vote to accept or reject the Plan. If and to the extent that the Debtors and such party are unable to resolve the issues raised by the Rule 3018(a) Motion prior to the Voting Deadline, then unless otherwise agreed by the parties, at the Confirmation Hearing the Court will determine whether the provisional vote should be counted as a vote on the Plan.

          g.      Notwithstanding anything to the contrary contained herein, to the extent that a Holder holds duplicate Claims in a Voting Class against the Debtors (by virtue of one or more timely filed proofs of claim, the Schedules, or a combination of both), such Holder shall be deemed to hold a single Claim in such Voting Class against such Debtors.

        21.      The following voting procedures and standard assumptions shall be used in tabulating the Ballots:

          a.      For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor against the Debtors in a particular Voting Class will be aggregated as if such creditor held a single Claim against the Debtors in that Voting Class, and the votes related to those Claims shall be treated as a single vote in that Voting Class on the Plan; *provided, however,* that separate Claims held as of the Petition Date by different entities (even if related, affiliated or properly and timely assigned or transferred prior to the Record Date) shall not be deemed to be held by a single creditor pursuant to this provision, and the votes with respect to any such Claims shall be treated as separate votes on the Plan.

          b.      Creditors with multiple Claims within a particular Voting Class must vote all such Claims to either accept or reject the Plan, and may not split their vote(s) within a Voting Class. Accordingly, an individual Ballot that partially rejects and partially accepts the Plan on account of multiple Claims within the Voting Classes will not be counted.

28915650.7

        c.      Each creditor will be provided a single individual Ballot for all Claims held by such creditor in a particular Voting Class against the Debtors. For the avoidance of doubt, to the extent that a creditor holds Claims in multiple Voting Classes, such creditor will be provided an individual Ballot for each such Voting Class.

        d.      If a Claim is transferred after the Record Date, only the Holder of such Claim as of the Record Date may execute and submit a Ballot to the Voting Agent, the transferee of such Claim shall be bound by any such vote (and the consequences thereof) made by the Holder of such transferred Claim as of the Record Date, and no "cause" will exist, as a result of the transfer, to permit any vote change under Bankruptcy Rule 3018(a).

        e.      The delivery of a Ballot will be deemed made only when the Voting Agent actually receives the original, executed Ballot either via first-class, overnight or electronic mail or hand delivery.

        f.      Any party who has previously submitted to the Voting Agent prior to the Voting Deadline a properly completed Ballot may revoke such Ballot and change its vote by submitting to the Voting Agent prior to the Voting Deadline a subsequent properly completed Ballot. If multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last timely received, properly executed Ballot will be deemed to reflect that Holder's intent and will supersede and revoke any Ballot previously received.

        g.      If a Holder of a Claim casts multiple Ballots on account of the same Claim, which are received by the Voting Agent on the same day and at the same time, but which are voted inconsistently, such Ballots shall not be counted.

        h.      Except as otherwise provided in subsection (f) hereof, any party who has delivered a valid Ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline. To be valid, a notice of withdrawal must (i) contain the description of the Claims to which it relates and the aggregate principal amount represented by such Claims, (ii) be signed by the withdrawing party in the same manner as the Ballot being withdrawn, (iii) contain a certification that the withdrawing party owns the Claims and possesses the right to withdraw the vote sought to be withdrawn, and (iv) be actually received by the Voting Agent prior to the Voting Deadline. The Debtors expressly reserve the right to contest the validity of any such withdrawals of Ballots.

        22.      The following types of Ballots will not be counted in determining whether the Plan has been accepted or rejected:

        a.      Any Ballot that fails to clearly indicate an acceptance or rejection, or that indicates both an acceptance and a rejection, of the Plan;

        b.      Any Ballot received after the Voting Deadline, except by order of the Court or if the Debtors have granted an extension of the Voting Deadline in writing (which writing may be an email) with respect to such Ballot;

       c.      Any Ballot containing a vote that the Court determines was not solicited or procured in good faith or in accordance with the applicable provisions of the Bankruptcy Code;

       d.      Any Ballot that is illegible or contains insufficient information to permit the identification of the Claim Holder;

       e.      Any Ballot cast by a Person or Entity that does not hold a Claim in the Classes entitled to vote on the Plan;

       f.      Any unsigned Ballot or Ballot without an original signature; provided, however, a signature on a Ballot submitted via electronic mail will be deemed an original signature and immediately legally valid and effective provided that it is a hand signature delivered in accordance with paragraph 19 of this Order; and

       g.      Any Ballot submitted by fax or electronic transmission other than electronic mail, unless approved by the Debtors in writing (which writing may be an email) or otherwise ordered by the Court.

       23.      In addition to the foregoing generally applicable voting and ballot tabulation procedures, the following procedures shall apply to the Holders of Zohar III A-1 Note Claims which hold their position through a Note Claims Nominee:

       a.      The Voting Agent shall distribute or cause to be distributed the appropriate number of copies of Beneficial Holder Ballots to the Beneficial Holders as of the Record Date;

       b.      Note Claims Nominees identified by the Voting Agent as entities through which Beneficial Holders hold their Zohar III A-1 Note Claims will be provided with (i) Solicitation Packages for each Beneficial Holder represented by the Note Claims Nominee as of the Record Date, which will contain a Beneficial Holder Ballot for each Beneficial Holder, and (ii) a Master Ballot;

       c.      Any Note Claims Nominee that is a holder of record with respect to Zohar III A-1 Note Claims shall vote on behalf of Beneficial Holders of such Claims by: (i) within five (5) business days after its receipt of the Solicitation Packages, distributing the Solicitation Packages, including Beneficial Holder Ballots, it receives from the Voting Agent to all such Beneficial Holders;[4] (ii) providing such Beneficial Holders with a return address to send the

---

[4] Solicitation Packages may be sent to the Note Claims Nominees in paper format or via electronic transmission in accordance with the customary requirements of each Note Claims Nominee. Each Note Claims Nominee will then distribute the Solicitation Packages, as appropriate, in accordance with its customary practices and obtain votes to accept or to reject the Plan also in accordance with its customary practices. If it is the Note Claims Nominee's customary and accepted practice to submit a "voting instruction form" to the Beneficial Holders for the purpose of recording the Beneficial Holder's vote, the Note Claims Nominee will be authorized to send the voting instruction form in addition to the Solicitation Package to a Beneficial Holder.

28915650.7

completed Beneficial Holder Ballots; (iii) compiling and validating the votes and other relevant information of all such Beneficial Holders on the Master Ballot; and (iv) transmitting the Master Ballot to the Voting Agent on or before the Voting Deadline;

        d.      Any Beneficial Holder holding a Zohar III A-1 Note Claim as a record holder in its own name shall vote on the Plan by completing and signing a Ballot (as opposed to a Beneficial Holder Ballot) and returning it directly to the Voting Agent on or before the Voting Deadline;

        e.      Any Beneficial Holder Ballot returned to a Note Claims Nominee by a Beneficial Holder shall not be counted for purposes of accepting or rejecting the Plan until such Note Claims Nominee properly completes and delivers to the Voting Agent a Master Ballot that reflects the vote of such Beneficial Holders on or before the Voting Deadline or otherwise validates the Beneficial Holder Ballot in a manner acceptable to the Voting Agent. Note Claims Nominees shall retain all Beneficial Holder Ballots returned by Beneficial Holders for a period of one (1) year after the Effective Date of the Plan;

        f.      If a Beneficial Holder holds Zohar III A-1 Note Claims through more than one Note Claims Nominee or through multiple accounts, such Beneficial Holder may receive more than one Beneficial Holder Ballot and each such Beneficial Holder should execute a separate Beneficial Holder Ballot for each block of Zohar III A-1 Note Claims that it holds through any Note Claims Nominee and must return each such Beneficial Holder Ballot to the appropriate Note Claims Nominee;

        g.      If a Beneficial Holder holds a portion of its Zohar III A-1 Note Claim through a Note Claims Nominee or Note Claims Nominees and another portion in its own name as the record holder, such Beneficial Holder should (i) complete and sign a Ballot (as opposed to a Beneficial Holder Ballot) and return it directly to the Voting Agent on or before the Voting Deadline to vote the portion held in its own name and (ii) complete and sign a Beneficial Holder Ballot and return it to the Note Claims Nominee on or before the submission deadline imposed by the Note Claims Nominee to vote the portion held by the Note Claims Nominee(s);

        h.      Votes cast by Beneficial Holders through Note Claims Nominees will be applied to the applicable positions held by such Note Claims Nominees in Class 3 (Zohar III A-1 Note Claims), as of the Record Date, as evidenced by the applicable securities position report(s) obtained from the Depository Trust Company. Votes submitted by a Note Claims Nominee pursuant to a Master Ballot will not be counted in excess of the amount of such Claims held by such Note Claims Nominee as of the Record Date;

        i.      If conflicting votes or "over-votes" are submitted by a Note Claims Nominee pursuant to a Master Ballot, the Debtors will use reasonable efforts to reconcile discrepancies with the Note Claims Nominees. If over-votes on a Master Ballot are not reconciled prior to the preparation of the Voting Report, the Debtors shall apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and to reject the Plan submitted on the Master Ballot that contained the over-vote, but only to the extent of the Note Claims Nominee's position in Class 3 (Zohar III A-1 Note Claims);

28915650.7

    j. For purposes of tabulating votes, each Note Claims Nominee or Beneficial Holder will be deemed to have voted the principal amount of its Claims in Class 3 (Zohar III A-1 Note Claims), although any principal amounts may be adjusted by the Voting Agent to reflect the amount of such Claims actually voted, including prepetition interest;

    k. A single Note Claims Nominee may complete and deliver to the Voting Agent multiple Master Ballots. Votes reflected on multiple Master Ballots will be counted, except to the extent that they are duplicative of other Master Ballots. If two or more Master Ballots are inconsistent, the last valid Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior received Master Ballot. Likewise, if a Beneficial Holder submits more than one Beneficial Holder Ballot to its Note Claims Nominee, (i) the last Beneficial Holder Ballot received before the submission deadline imposed by the Note Claims Nominee shall be deemed to supersede any prior Beneficial Holder Ballot submitted by the Beneficial Holder and (ii) the Note Claims Nominee shall complete the Master Ballot accordingly; and

    l. The Debtors will, upon written request, reimburse Note Claims Nominees for customary mailing and handling expenses incurred by them in forwarding the Beneficial Holder Ballot and other enclosed materials to the Beneficial Holders for which they are the Note Claims Nominee. No fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting Beneficial Holder Ballots with respect to the Plan.

    24. The interpretation of all balloting rules and procedures (including the Ballot and the respective instructions thereto) by the Voting Agent and the Debtors, unless otherwise directed by the Court, will be final and binding on all parties. The Debtors are authorized to reject any and all Ballots not in proper form, the acceptance of which would, in the opinion of the Debtors or its counsel, be unlawful. The Debtors are further authorized to waive or permit the cure of any defects or irregularities or conditions of delivery as to any particular Ballot. Unless waived, any such defects or irregularities must be cured within such time as the Debtors (or the Court) determines. Neither the Debtors nor any other person will be under any duty to provide notification of such defects or irregularities or failure to satisfy conditions of delivery, nor will any of them incur any liabilities for failure to provide such notification. Unless otherwise directed by the Court, delivery of such Ballots will not be deemed to have been made and such Ballots will be invalid until such defects or irregularities have been cured or waived.

28915650.7

25. No later than three (3) business days before the Confirmation Hearing, the Voting Agent shall file a voting report (the "**Voting Report**"), verifying the results of its voting tabulations reflecting the votes cast to accept or reject the Plan.  The Voting Report shall, among other things:  (a) describe generally every Ballot received by the Voting Agent that does not conform to the Voting Instructions or that contains any form of irregularity, including, but not limited to, those Ballots that are late (specifying whether the Debtors granted an extension of time for such Ballots to be filed), illegible (in whole or in material part), unidentifiable, lacking signatures, lacking necessary information, or damaged; (b) specify any Ballots that were not counted because the voting party filed multiple Ballots; and (c) specify any Ballots that were withdrawn.  For the avoidance of doubt, the Voting Report shall specify all votes that were rejected, for any reason, and the reason for such rejection.

26. The Confirmation Hearing will be held beginning on **June 1, 2022 at 9:00 a.m. (ET)**.  The Confirmation Hearing may be adjourned from time to time by the Court or the Debtors without further notice to parties other than noting the adjournment in the hearing agenda for the noticed Confirmation Hearing or a filing on the docket of the Chapter 11 Cases in addition to any an announcement that may be made in Court at the Confirmation Hearing or any adjourned Confirmation Hearing.

27. Objections to confirmation of the Plan (a "**Plan Objection**"), if any, must (i) be in writing, (ii) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party, (iii) state with particularity the basis and nature of any objection, and (iv) be filed no later than **May 13, 2022 at 4:00 p.m. (ET)** and served in accordance with the Local Rules (which service may be made by email) on the following:  (i) Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801 (Attn: Michael R.

28915650.7

Nestor, Esq. (mnestor@ycst.com), Joseph M. Barry (jbarry@ycst.com) and Ryan M. Bartley, Esq. (rbartley@ycst.com)); and (ii) the U.S. Trustee, the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Juliet M. Sarkessian, Esq. (Juliet.M.Sarkessian@usdoj.gov)).

28. The Debtors, or any other party supporting confirmation of the Plan, may file responses to any Plan Objection on or before **three (3) business days before the Confirmation Hearing**.

29. The Plan Supplement shall be filed and served on the following parties no later than May 6, 2022, which service may be made by email: (i) the U.S. Trustee; (ii) those parties requesting notice pursuant to Bankruptcy Rule 2002 as of the service date; and (iii) any other party who requests in writing a copy of the same. The Confirmation Hearing Notice shall identify when the Plan Supplement will be filed and how parties may obtain a copy.

30. Any right of the Patriarch Stakeholders to make or change an election under section 1111(b) shall be preserved in the event that the Debtors propose an alternative plan (or amend the Plan) to change the treatment of any claim in Classes 2A, 6, 7, 9A, 11, 12, 14A, 16, 17 and 18.

31. Notwithstanding anything to the contrary herein, the holders of claims in Classes 2A, 9A and 14A shall be provided a provisional ballot to vote to accept or reject the Plan. If the holders of claims in such Classes object to the Plan on the grounds that such claims are not "Unimpaired" under the Plan, the Court shall determine at the Confirmation Hearing whether such claims are "Impaired" under the Plan and, if so, shall give effect to any timely cast ballot by holders of claims in Classes 2A, 9A and 14A.

28915650.7

32. The Debtors and the Voting Agent and their authorized agents and representatives are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

33. The Debtors are authorized to make non-substantive changes to the Disclosure Statement, the Plan, the Ballot(s) and Voting Instructions, the Confirmation Hearing Notice, and the Notice of Non-Voting Status and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any materials in the Solicitation Package or Non-Voting Package prior to their distribution.

34. Attached hereto as **Annex I** is a timetable of the significant dates related to solicitation and confirmation of the Plan, which dates are hereby approved.

35. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, enforcement, and interpretation of this Order.

Dated: April 6th, 2022
Wilmington, Delaware

KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE

28915650.7