## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Zohar III, Corp., *et al.*, | ) | Case No. 18-10512 (KBO) |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |
| | ) | **Response Deadline: April 29, 2022 at 4:00 p.m. (ET)** |
| | ) | |
| | ) | **Hearing Date: May 17, 2022 at 9:00 a.m. (ET)** |
| | ) | |

### DEBTORS' FIRST (1ST) OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1

> **PARTIES RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND THEIR DISPUTED CLAIMS IDENTIFIED ON EXHIBITS 1 AND 2 TO THE PROPOSED ORDER**

> ***TO CLAIMANTS WHOSE CLAIMS ARE SUBJECT TO THIS OBJECTION:***
>
> **\*YOUR SUBSTANTIVE RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND ANY FURTHER OBJECTION THAT MAY BE FILED IN THESE CHAPTER 11 CASES**
>
> **\*\*THE RELIEF SOUGHT IN THIS OBJECTION IS WITHOUT PREJUDICE TO THE RIGHTS OF THE DEBTORS AND THEIR ESTATES TO PURSUE FURTHER OBJECTIONS TO THE DISPUTED CLAIMS**

Zohar III, Corp. and its above-captioned affiliated debtors and debtors in possession (each, a "<u>Debtor</u>," and collectively, the "<u>Debtors</u>") hereby submit this objection (this "<u>Objection</u>"), pursuant to section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 <u>et seq</u>. (the "<u>Bankruptcy Code</u>"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and

---

[1] The Debtors and the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is c/o FTI Consulting, Inc., 1166 Avenue of the Americas, 15th Floor, New York, NY 10036.

Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to each of the claims (collectively, the "Disputed Claims") filed against the Debtors and their estates that are listed on Exhibits 1 and 2 to the proposed form of order attached hereto as Exhibit B (the "Proposed Order"), and request the entry of the Proposed Order disallowing and expunging, or reclassifying, as applicable, the Disputed Claims, as indicated in further detail below and on Exhibits 1 and 2 to the Proposed Order.  In support of this Objection, the Debtors rely on the declaration of Michael Katzenstein (the "Katzenstein Declaration"), a copy of which is attached hereto as Exhibit A.  In further support of this Objection, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and pursuant to Rules 7008 and Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief sought herein are section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1.

## BACKGROUND

4.      On March 11, 2018 (the "Petition Date") the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code commencing these chapter 11 cases (the "Chapter

29105122.2

11 Cases"). The Debtors have continued in possession of their properties and the operation of the business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.     General information about the Debtors and the events leading up to the Petition Date can be found in the *Declaration of Marc S. Kirschner in Support of Chapter 11 Petitions* [Docket No. 6] and the *Declaration of Lynn Tilton in Support of Chapter 11 Petitions* [Docket No. 5], each filed on March 12, 2018.

## THE DEBTORS' SCHEDULES

6.     On August 17, 2018, the Debtors filed their Schedules of Assets and Liabilities [Docket Nos. 414–425]. On August 23, 2018, the Debtors filed a supplement to Schedule A/B of the Schedules of Assets and Liabilities of: (i) Zohar III, Limited, (ii) Zohar II 2005-1, Limited, and (iii) Zohar CDO 2003-1, Limited [Docket No. 433].

## PROOFS OF CLAIMS AND BAR DATE ORDER

7.     On August 27, 2021, the Court entered an order [Docket No. 2778] (the "Bar Date Order") providing that, except as otherwise provided therein, (i) all persons or entities holding or wishing to assert a claim arising prior to the Petition Date, including any claim arising under section 503(b)(9) of the Bankruptcy Code, secured claims, unsecured priority claims, and unsecured nonpriority claims, against the Debtors shall file a proof of such claim in writing so that it is *actually received* by the Court on or before 5:00 p.m. (prevailing Eastern time) on October 25, 2021 (the "General Bar Date").[2]  For the avoidance of doubt, the General Bar Date also served as the bar date for Governmental Units[3] in accordance with section 502(b)(9) of the Bankruptcy Code.

---

[2] A separate bar date was established under the Bar Date Order for prepetition claims asserted by Patriarch (as defined in its Limited Objection [Docket No. 2753]).

[3] "Governmental Unit" has the meaning given to it in section 101(27) of the Bankruptcy Code.

8.      The Bar Date Order also provides that if the Debtors amend or supplement the Schedules subsequent to the date of service of the Bar Date Notice (as defined in the Bar Date Order), then the Debtors shall give notice of any such amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded the later of (i) the General Bar Date or (ii) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty (30) days from the date on which such notice is given, to file proofs of claim in respect of their claims (the "Amended Schedules Bar Date").

9.      Additionally, pursuant to the Bar Date Order, except as otherwise provided by another order of the Court, any person or entity that holds a claim arising from the Debtors' rejection of an executory contract or unexpired lease (a "Rejection Damages Claim") must file a proof of claim on account of such Rejection Damages Claim on or before the later of (i) the General Bar Date and (ii) thirty (30) days after service of notice of the entry of the order of the Court approving such rejection on the affected claim holder (the "Rejection Bar Date").

10.     Further, each person or entity that holds or wishes to assert an Administrative Expense Claim pursuant to section 503(b) of the Bankruptcy Code, other than claims arising under section 503(b)(9) of the Bankruptcy Code, against the Debtors' estates, which claim arose during the period from the Petition Date through and including the date of entry of the Bar Date Order was required to file a Request for Administrative Expense Claim so that it was *actually received* by the Court on or before 5:00 p.m. (prevailing Eastern time) on October, 25, 2021 (the "Administrative Expense Bar Date," and collectively with the General Bar Date, the Government Bar Date, the Amended Schedules Bar Date, and the Rejection Bar Date, the "Bar Dates").

11.    Notice of the Bar Dates was provided by mail and publication in accordance with the procedures outlined in the Bar Date Order.

## RELIEF REQUESTED

12.    By this Objection, the Debtors request that the Court enter the Proposed Order, pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, disallowing and expunging, or reclassifying, as applicable, the Disputed Claims, as indicated in further detail below and on Exhibits 1 and 2 to the Proposed Order.

13.    In accordance with Local Rule 3007-1(e)(i)(E), the Debtors believe that this Objection complies in all material respects with Local Rule 3007-1.

## BASIS FOR RELIEF REQUESTED

14.    Section 502(b) of the Bankruptcy Code provides in pertinent part that:

> the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that . . . such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

11 U.S.C. § 502(b)(1).  As set forth more fully below, the Disputed Claims are (i) not enforceable against the Debtors, because they assert amounts for which the Debtors are not liable in full, or (ii) assert an invalid secured or priority status and should be reclassified to general unsecured claims.

## OBJECTION TO DISPUTED CLAIMS

### A.    No Liability Claims

15.    After reviewing and reconciling the Disputed Claims listed on Exhibit 1 to the Proposed Order (collectively, the "No Liability Claims") against the Debtors' books and records, the Debtors have determined that such claims should be disallowed in full.

16.     Specifically, the No Liability Claims are asserted by Richard D. Gaines ("Gaines") in connection with services Gaines allegedly provided to a former Zohar Portfolio Company. Pursuant to a Court-approved stipulation resolving Gaines' request for relief from the automatic stay to enforce an alleged attorneys' lien, Gaines' claims against the Debtors and their estates, if any, have been released, and any proofs of claim filed by Gaines have been, or should have been, withdrawn. Accordingly, the No Liability Claims should be disallowed in full, as indicated in the columns titled "*No Liability Claims*" on Exhibit 1 to the Proposed Order. Any failure to disallow the No Liability Claims, as indicated on Exhibit 1 to the Proposed Order, would potentially award the claimant an undue distribution from the Debtors' estates, to the detriment of other creditors in the Chapter 11 Cases.

17.     Accordingly, the Debtors request entry of the Proposed Order disallowing each of the No Liability Claims in full, as indicated on Exhibit 1 to the Proposed Order.

**B.      The Reclassified Claims**

18.     The Disputed Claims listed on Exhibit 2 to the Proposed Order (collectively, the "Reclassified Claims") assert that the claim is entitled to secured, administrative or priority status under the Bankruptcy Code. After reviewing the Reclassified Claims and reconciling them against the Debtors' books and records, the Debtors have determined that the priority levels of the Reclassified Claims should be adjusted as indicated on Exhibit 2 to the Proposed Order. Specifically, the Reclassified Claims are not entitled, under the Bankruptcy Code or otherwise, to the secured, administrative, or priority status set forth in each of the Reclassified Claims. As a result, the Debtors believe that the Reclassified Claims should be reclassified to the priority levels and amounts indicated in the column titled "*Modified Claim Class/Amount ($)*" on Exhibit 2 to the Proposed Order. Any failure to reclassify the Reclassified Claims, as indicated on Exhibit 2 to the

29105122.2

Proposed Order, would award the claimants undue secured, administrative, or priority status, to the detriment of other creditors in the Chapter 11 Cases.

## RESPONSES TO THIS OBJECTION

19.    Any responses to this Objection must be filed **on or before 4:00 p.m. (ET) on April 29, 2022** in accordance with the procedures set forth in the notice of this Objection.

## RESERVATION OF RIGHTS

20.    The Debtors reserve the right to adjourn the hearing on any Disputed Claim, and in the event that the Debtors do so, the Debtors will state the same in the agenda for the hearing on that Disputed Claim, which agenda will be served on the claimant.

21.    The Debtors and their estates reserve any and all rights to amend, supplement or otherwise modify this Objection, the Proposed Order, or Exhibits 1 and 2 thereto and to file additional objections to any and all claims filed in the Chapter 11 Cases, including, without limitation, any and all of the Disputed Claims.  The Debtors and their estates also reserve any and all rights, claims and defenses with respect to any and all of the Disputed Claims, and nothing included in or omitted from this Objection, the Proposed Order, or Exhibits 1 and 2 thereto is intended or shall be deemed to impair, prejudice, waive or otherwise affect any rights, claims, or defenses of the Debtors and their estates with respect to the Disputed Claims.

## NOTICE

22.    Notice of this Objection has been provided to the following parties:  (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Patriarch Stakeholders; (iii) counsel to the U.S. Bank, as Indenture Trustee; (iv) counsel to MBIA; (v) counsel to the Zohar III Controlling Class; (vi) claimants whose Disputed Claims are subject to this Objection; and (vii) all parties that, as of the filing of this Objection, have requested notice in the Chapter 11 Cases

pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief

requested, no other or further notice need be given.

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the

Court (a) enter the Proposed Order, and (b) grant such other and further relief as may be just and

proper.

Dated: April 15, 2022
      Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Shane M. Reil*

James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Michael R. Nestor (No. 3536)
Joseph M. Barry (No. 4421)
Ryan M. Bartley (No. 4985)
Shane M. Reil (No. 6195)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1256
Emails:    jpatton@ycst.com
           rbrady@ycst.com
           mnestor@ycst.com
           jbarry@ycst.com
           rbartley@ycst.com
           sreil@ycst.com

*Counsel for the Debtors and Debtors in Possession*