# EXHIBIT A

**Katzenstein Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Zohar III, Corp., *et al.*, | Case No. 18-10512 (KBO) |
| Debtors[1]. | Jointly Administered |

## DECLARATION OF MICHAEL KATZENSTEIN IN SUPPORT OF DEBTORS' FIRST (1ST) OMNIBUS (SUBSTANTIVE) OBJECTION TO DISPUTED CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1

I, MICHAEL KATZENSTEIN, pursuant to 28 U.S.C. § 1746, declare:

1.      I am the Chief Restructuring Officer of Zohar III, Corp. and its above-captioned affiliated debtors and debtors in possession (each, a "Debtor," and collectively, the "Debtors"). In this capacity, I am one of the persons responsible for overseeing the claims reconciliation and objection process in the Chapter 11 Cases. I have read the *Debtors' First (1st) Omnibus (Substantive) Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1* (the "Objection"),[2] and am directly, or by and through other personnel or representatives of the Debtors, reasonably familiar with the information contained therein, the Proposed Order, and the exhibits attached to the Proposed Order. I am authorized to execute this Declaration on behalf of the Debtors.

---

[1] The Debtors and the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is c/o FTI Consulting, Inc., 1166 Avenue of the Americas, 15th Floor, New York, NY 10036.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

2.    The Disputed Claims were carefully reviewed and analyzed in good faith utilizing due diligence by the appropriate personnel and representatives of the Debtors.  These efforts resulted in the identification of the Disputed Claims.

3.    The information contained in Exhibits 1 and 2 to the Proposed Order is true and correct to the best of my knowledge, information and belief.

4.    The Debtors have reviewed their books and records and determined that the No Liability Claims should be disallowed in full as provided for in Exhibit 1 to the Proposed Order, in order to prevent the claimants from receiving an undue distribution from the Debtors' estates, to the detriment of other creditors in the Chapter 11 Cases.  More specifically, the No Liability Claims assert claims that have been released pursuant to a Court-approved settlement agreement. As a result, the Debtors seek to disallow in full the No Liability Claims in the manner provided for on Exhibit 1 to the Proposed Order.

5.    The Debtors have reviewed their books and records and determined that the Reclassified Claims should be reclassified as provided for on Exhibit 2 to the Proposed Order in order to prevent the claimants from receiving undue secured, administrative, or priority status, to the detriment of creditors in the Chapter 11 Cases.  As a result, the Debtors seek to reclassify the Reclassified Claims in the manner provided for on Exhibit 1 to the Proposed Order.

6.    I declare under penalty of perjury that the foregoing information is true and correct to the best of my knowledge, information and belief.

Executed on April 15, 2022

                                        */s/ Michael Katzenstein*
                                        Michael Katzenstein
                                        Chief Restructuring Officer

## **EXHIBIT B**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| Zohar III, Corp., *et al.*, | Case No. 18-10512 (KBO) |
| Debtors[1]. | Jointly Administered |
|  | **Ref. Docket No.** |

### ORDER SUSTAINING DEBTORS' FIRST (1ST) OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1

Upon consideration of the *Debtors' First (1st) Omnibus (Substantive) Objection to Claims Pursuant to Section 502 of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1* (the "Objection")[2] and the Katzenstein Declaration; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that venue of the Chapter 11 Cases and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Objection is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that notice of the Objection was good and sufficient upon the particular circumstances and that no other or further notice need be given; and upon the record herein; and

---

[1] The Debtors and the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is c/o FTI Consulting, Inc., 1166 Avenue of the Americas, 15th Floor, New York, NY 10036.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

after due deliberation thereon and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT**:

1.       The Objection is SUSTAINED, as set forth herein.

2.       The No Liability Claims identified on <u>Exhibit 1</u> to this Order are hereby disallowed in full, as indicated in <u>Exhibit 1</u> to this Order.

3.       Subject to further objection by the Debtors and their estates, the Reclassified Claims identified on <u>Exhibit 2</u> to this Order are hereby reclassified to the priority levels and amounts indicated in the column titled "*Modified Claim Class/Amount ($)*" on <u>Exhibit 2</u> to this Order.

4.       The Debtors' objection to each Disputed Claim addressed in the Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a separate Order with respect to each claim.  Any stay of this Order pending appeal by any of the claimants subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

5.       Any and all rights of the Debtors and their estates to amend, supplement or otherwise modify the Objection and to file additional objections to any and all claims filed in the Chapter 11 Cases, including, without limitation, any and all of the Disputed Claims, shall be reserved.  Any and all rights, claims and defenses of the Debtors and their estates with respect to any and all of the Disputed Claims shall be reserved, and nothing included in or omitted from the Objection is intended or shall be deemed to impair, prejudice, waive or otherwise affect any rights, claims, or defenses of the Debtors and their estates with respect to the Disputed Claims.

29105122.2

6.      This Court shall retain jurisdiction over any and all affected parties with respect to any and all matters, claims or rights arising from or related to the implementation or interpretation of this Order.

**<u>EXHIBIT 1</u>** [1]

**No Liability Claims**

---

[1] Capitalized terms used but not otherwise defined on <u>Exhibit 1</u> shall have the meanings ascribed to such terms in the Objection.

**EXHIBIT 1 – No Liability Claims**

|  | Name/Address of Claimant | Debtor | Claim Number | Case Number | Date Filed | Claim Amount ($) | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| 1. | Gaines, Richard PO Box 943 102 Sugarberry Lane Greentown, PA 18426-0943 | Zohar CDO 2003-1, Limited | 3 | 18-10517 | 2/27/2019 | $12,250.00 | Pursuant to a Court-approved settlement agreement [Docket No. 855], claimant released any claims against the Debtors and their estates. Accordingly, the Debtors are not liable to the claimant for any amounts and the Proof of Claim should be disallowed and expunged in its entirety. |
| 2. | Gaines, Richard PO Box 943 102 Sugarberry Lane Greentown, PA 18426-0943 | Zohar II 2005-1, Limited | 2 | 18-10516 | 2/27/2019 | $12,250.00 | Pursuant to a Court-approved settlement agreement [Docket No. 855], claimant released any claims against the Debtors and their estates. Accordingly, the Debtors are not liable to the claimant for any amounts and the Proof of Claim should be disallowed and expunged in its entirety. |
| 3. | Gaines, Richard PO Box 943 102 Sugarberry Lane Greentown, PA 18426-0943 | Zohar III, Limited | 2 | 18-10515 | 2/27/2019 | $12,250.00 | Pursuant to a Court-approved settlement agreement [Docket No. 855], claimant released any claims against the Debtors and their estates. Accordingly, the Debtors are not liable to the claimant for any amounts and the Proof of Claim should be disallowed and expunged in its entirety. |

1

| | Name/Address of Claimant | Debtor | Claim Number | Case Number | Date Filed | Claim Amount ($) | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| 4. | Gaines, Richard PO Box 943 102 Sugarberry Lane Greentown, PA 18426-0943 | Zohar CDO 2003-1, Corp. | 1 | 18-10514 | 2/27/2019 | $12,250.00 | Pursuant to a Court-approved settlement agreement [Docket No. 855], claimant released any claims against the Debtors and their estates. Accordingly, the Debtors are not liable to the claimant for any amounts and the Proof of Claim should be disallowed and expunged in its entirety. |
| 5. | Gaines, Richard PO Box 943 102 Sugarberry Lane Greentown, PA 18426-0943 | Zohar II 2005-1 Corp. | 2 | 18-10513 | 2/27/2019 | $12,250.00 | Pursuant to a Court-approved settlement agreement [Docket No. 855], claimant released any claims against the Debtors and their estates. Accordingly, the Debtors are not liable to the claimant for any amounts and the Proof of Claim should be disallowed and expunged in its entirety. |

2

29107886.1

**EXHIBIT 2**[1]

**Reclassified Claims**

---

[1]  Capitalized terms used but not otherwise defined on <u>Exhibit 2</u> shall have the meanings ascribed to such terms in the Objection.

29105122.2

**EXHIBIT 2 – Reclassified Claims**

| | Name/Address of Claimant | Debtor | Claim Number | Case Number | Date Filed | Asserted Claim Class/Amount ($) | Modified Claim Class/Amount ($) | Reason for Reclassification |
|---|---|---|---|---|---|---|---|---|
| 1. | Schlam Stone & Dolan LLP 26 Broadway, New York, New York 10004 | Zohar CDO 2003-1, Limited | 6 | 18-10517 | 10/25/2021 | Secured $240,223.49 | General Unsecured $240,223.49 | Proof of claim asserts $240,223.49 claim for legal services in connection with prepetition litigation, which claim is allegedly secured by an attorneys' charging lien under New York law.  However, because there has been no judgment or settlement in the prepetition litigation, there are no funds to which any charging lien could attach.  Therefore, the alleged lien is invalid and the claim should be reclassified in full to a general unsecured claim.  *See Desmond v. Socha*, 30 A.D.2d 22, 23-24, 327 N.Y.S.2d 178, 180 (1971), *aff'd*, 31 N.Y.2d 687, 289 N.E.2d 181 (1972) ("Charging liens are provided for by statute.  The statute allows the attorney to exercise control over property which he does not possess and secure payment of his fee in the particular litigation by satisfying from it the fund created by his efforts.  It is justified because the attorney created the fund or proceeds out of which he is paid.  Before there can be a charging lien, however, there must be something awarded by the judgment, to which the lien can attach."). |

| | Name/Address of Claimant | Debtor | Claim Number | Case Number | Date Filed | Asserted Claim Class/Amount ($) | Modified Claim Class/Amount ($) | Reason for Reclassification |
|---|---|---|---|---|---|---|---|---|
| 2. | Schlam Stone & Dolan LLP 26 Broadway, New York, New York 10004 | Zohar II 2005-1, Limited | 5 | 18-10516 | 10/25/2021 | Secured $240,223.49 | General Unsecured $240,223.49 | Proof of claim asserts $240,223.49 claim for legal services in connection with prepetition litigation, which claim is allegedly secured by an attorneys' charging lien under New York law. However, because there has been no judgment or settlement in the prepetition litigation, there are no funds to which any charging lien could attach and, therefore, the alleged lien is invalid and the claim should be reclassified in full to a general unsecured claim. *See Desmond v. Socha*, 30 A.D.2d 22, 23-24, 327 N.Y.S.2d 178, 180 (1971), aff'd, 31 N.Y.2d 687, 289 N.E.2d 181 (1972) ("Charging liens are provided for by statute. The statute allows the attorney to exercise control over property which he does not posses and secure payment of his fee in the particular litigation by satisfying from it the fund created by his efforts. It is justified because the attorney created the fund or proceeds out of which he is paid. Before there can be a charging lien, however, there must be something awarded by the judgment, to which the lien can attach."). |

29107886.1

| | Name/Address of Claimant | Debtor | Claim Number | Case Number | Date Filed | Asserted Claim Class/Amount ($) | Modified Claim Class/Amount ($) | Reason for Reclassification |
|---|---|---|---|---|---|---|---|---|
| 3. | Trustees of the Amalgamated National Health Fund c/o Wilson Elser Irene Costello 1133 Westchester Ave., White Plains, NY 10604 | Zohar III, Corp. | 3 | 18-10512 | 11/18/2019 | Priority Unsecured $413,321.46 | General Unsecured $413,321.46 | The asserted claim is not entitled to priority pursuant to section 507(a)(5), or otherwise, as it does not relate in any way to employees of the Debtors, nor does it arise from any services provided within 180 days of the filing of the Chapter 11 Cases. Rather the claim relates to certain judgments entered against a Zohar Portfolio Company in 2017.  Accordingly, the claim should be reclassified in full as a general unsecured claim. |
| 4. | Trustees of the National Retirement Fund c/o Wilson Elser Irene Costello 1133 Westchester Ave., White Plains, NY 10604 | Zohar III, Corp. | 2 | 18-10512 | 2/27/2019 | Priority Unsecured $11,763,360.90 | General Unsecured $11,763,360.90 | The asserted claim is not entitled to priority pursuant to section 507(a)(5), or otherwise, as it does not relate in any way to employees of the Debtors, nor does it arise from any services provided within 180 days of the filing of the Chapter 11 Cases. Rather the claim relates to certain judgments entered against a Zohar Portfolio Company in 2016 and 2017.  Accordingly, the claim should be reclassified in full as a general unsecured claim. |

3