**EXHIBIT 1**[1]

**No Liability Claims**

---

[1] Capitalized terms used but not otherwise defined on <u>Exhibit 1</u> shall have the meanings ascribed to such terms in the Objection.

**EXHIBIT 1 – No Liability Claims**

|  | Name/Address of Claimant | Debtor | Claim Number | Case Number | Date Filed | Claim Amount ($) | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| 1. | Gaines, Richard PO Box 943 102 Sugarberry Lane Greentown, PA 18426-0943 | Zohar CDO 2003-1, Limited | 3 | 18-10517 | 2/27/2019 | $12,250.00 | Pursuant to a Court-approved settlement agreement [Docket No. 855], claimant released any claims against the Debtors and their estates. Accordingly, the Debtors are not liable to the claimant for any amounts and the Proof of Claim should be disallowed and expunged in its entirety. |
| 2. | Gaines, Richard PO Box 943 102 Sugarberry Lane Greentown, PA 18426-0943 | Zohar II 2005-1, Limited | 2 | 18-10516 | 2/27/2019 | $12,250.00 | Pursuant to a Court-approved settlement agreement [Docket No. 855], claimant released any claims against the Debtors and their estates. Accordingly, the Debtors are not liable to the claimant for any amounts and the Proof of Claim should be disallowed and expunged in its entirety. |
| 3. | Gaines, Richard PO Box 943 102 Sugarberry Lane Greentown, PA 18426-0943 | Zohar III, Limited | 2 | 18-10515 | 2/27/2019 | $12,250.00 | Pursuant to a Court-approved settlement agreement [Docket No. 855], claimant released any claims against the Debtors and their estates. Accordingly, the Debtors are not liable to the claimant for any amounts and the Proof of Claim should be disallowed and expunged in its entirety. |

1

| | Name/Address of Claimant | Debtor | Claim Number | Case Number | Date Filed | Claim Amount ($) | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| 4. | Gaines, Richard PO Box 943 102 Sugarberry Lane Greentown, PA 18426-0943 | Zohar CDO 2003-1, Corp. | 1 | 18-10514 | 2/27/2019 | $12,250.00 | Pursuant to a Court-approved settlement agreement [Docket No. 855], claimant released any claims against the Debtors and their estates. Accordingly, the Debtors are not liable to the claimant for any amounts and the Proof of Claim should be disallowed and expunged in its entirety. |
| 5. | Gaines, Richard PO Box 943 102 Sugarberry Lane Greentown, PA 18426-0943 | Zohar II 2005-1 Corp. | 2 | 18-10513 | 2/27/2019 | $12,250.00 | Pursuant to a Court-approved settlement agreement [Docket No. 855], claimant released any claims against the Debtors and their estates. Accordingly, the Debtors are not liable to the claimant for any amounts and the Proof of Claim should be disallowed and expunged in its entirety. |

29107886.1

# EXHIBIT 2[1]

## Reclassified Claims

---

[1] Capitalized terms used but not otherwise defined on <u>Exhibit 2</u> shall have the meanings ascribed to such terms in the Objection.

**EXHIBIT 2 – Reclassified Claims**

| | Name/Address of Claimant | Debtor | Claim Number | Case Number | Date Filed | Asserted Claim Class/Amount ($) | Modified Claim Class/Amount ($) | Reason for Reclassification |
|---|---|---|---|---|---|---|---|---|
| 1. | Schlam Stone & Dolan LLP 26 Broadway, New York, New York 10004 | Zohar CDO 2003-1, Limited | 6 | 18-10517 | 10/25/2021 | Secured $240,223.49 | General Unsecured $240,223.49 | Proof of claim asserts $240,223.49 claim for legal services in connection with prepetition litigation, which claim is allegedly secured by an attorneys' charging lien under New York law. However, because there has been no judgment or settlement in the prepetition litigation, there are no funds to which any charging lien could attach. Therefore, the alleged lien is invalid and the claim should be reclassified in full to a general unsecured claim. *See Desmond v. Socha*, 30 A.D.2d 22, 23-24, 327 N.Y.S.2d 178, 180 (1971), *aff'd*, 31 N.Y.2d 687, 289 N.E.2d 181 (1972) ("Charging liens are provided for by statute. The statute allows the attorney to exercise control over property which he does not possess and secure payment of his fee in the particular litigation by satisfying from it the fund created by his efforts. It is justified because the attorney created the fund or proceeds out of which he is paid. Before there can be a charging lien, however, there must be something awarded by the judgment, to which the lien can attach."). |

29107886.1

| Name/Address of Claimant | Debtor | Claim Number | Case Number | Date Filed | Asserted Claim Class/Amount ($) | Modified Claim Class/Amount ($) | Reason for Reclassification |
|---|---|---|---|---|---|---|---|
| 2. Schlam Stone & Dolan LLP 26 Broadway, New York, New York 10004 | Zohar II 2005-1, Limited | 5 | 18-10516 | 10/25/2021 | Secured $240,223.49 | General Unsecured $240,223.49 | Proof of claim asserts $240,223.49 claim for legal services in connection with prepetition litigation, which claim is allegedly secured by an attorneys' charging lien under New York law. However, because there has been no judgment or settlement in the prepetition litigation, there are no funds to which any charging lien could attach and, therefore, the alleged lien is invalid and the claim should be reclassified in full to a general unsecured claim. *See Desmond v. Socha*, 30 A.D.2d 22, 23-24, 327 N.Y.S.2d 178, 180 (1971), aff'd, 31 N.Y.2d 687, 289 N.E.2d 181 (1972) ("Charging liens are provided for by statute. The statute allows the attorney to exercise control over property which he does not posses and secure payment of his fee in the particular litigation by satisfying from it the fund created by his efforts. It is justified because the attorney created the fund or proceeds out of which he is paid. Before there can be a charging lien, however, there must be something awarded by the judgment, to which the lien can attach."). |

2

29107886.1

| | Name/Address of Claimant | Debtor | Claim Number | Case Number | Date Filed | Asserted Claim Class/Amount ($) | Modified Claim Class/Amount ($) | Reason for Reclassification |
|---|---|---|---|---|---|---|---|---|
| 3. | Trustees of the Amalgamated National Health Fund c/o Wilson Elser Irene Costello 1133 Westchester Ave., White Plains, NY 10604 | Zohar III, Corp. | 3 | 18-10512 | 11/18/2019 | Priority Unsecured $413,321.46 | General Unsecured $413,321.46 | The asserted claim is not entitled to priority pursuant to section 507(a)(5), or otherwise, as it does not relate in any way to employees of the Debtors, nor does it arise from any services provided within 180 days of the filing of the Chapter 11 Cases. Rather the claim relates to certain judgments entered against a Zohar Portfolio Company in 2017. Accordingly, the claim should be reclassified in full as a general unsecured claim. |
| 4. | Trustees of the National Retirement Fund c/o Wilson Elser Irene Costello 1133 Westchester Ave., White Plains, NY 10604 | Zohar III, Corp. | 2 | 18-10512 | 2/27/2019 | Priority Unsecured $11,763,360.90 | General Unsecured $11,763,360.90 | The asserted claim is not entitled to priority pursuant to section 507(a)(5), or otherwise, as it does not relate in any way to employees of the Debtors, nor does it arise from any services provided within 180 days of the filing of the Chapter 11 Cases. Rather the claim relates to certain judgments entered against a Zohar Portfolio Company in 2016 and 2017. Accordingly, the claim should be reclassified in full as a general unsecured claim. |

3