**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ZOHAR III, CORP., *et al.*,[1] | Case No. 18-10512 (KBO) |
| Debtors. | Jointly Administered |
| | Ref. Docket No. 3233 |

**PLAN SUPPLEMENT TO THE SECOND AMENDED JOINT PLAN OF LIQUIDATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE FOR ZOHAR III, CORP. AND ITS AFFILIATED DEBTORS**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") submit this plan supplement (the "Plan Supplement") in support of, and in accordance with, the *Second Amended Joint Plan of Liquidation under Chapter 11 of the Bankruptcy Code for Zohar III, Corp. and its Affiliated Debtors* [Docket No. 3233] (as may be amended, supplemented, or modified from time to time, the "Plan"). The transactions, information and documents contained in this Plan Supplement are integral to, part of, and incorporated by reference into the Plan. This material has not yet been approved by the Bankruptcy Court. If the Plan is confirmed by the Bankruptcy Court, the material contained in this Plan Supplement will be approved by the Bankruptcy Court pursuant to the Confirmation Order.

Certain transactions, information and documents, or portions thereof, contained in this Plan Supplement remain subject to continuing negotiations among the Debtors, the Controlling Class, Controlling Party and other interested parties. Subject to the terms and conditions of the Plan, the Debtors reserve all rights to amend, revise, or supplement this Plan Supplement, and any of the documents and designations contained herein, at any time before the Effective Date of the Plan, or any such other date as may be provided for by the Plan or by order of the Bankruptcy Court.

---

[1] The debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is c/o FTI Consulting, Inc., 1166 Avenue of the Americas, 15th Floor, New York, NY 10036.

29304805.3

**Contents**

This Plan Supplement contains the following parts and exhibits, each as may be amended, modified, or supplemented from time to time in accordance with the Plan:

| Part | Description |
|---|---|
| I | Description of Asset Recovery Entity |
| II | Description of MD Credit Bid Transaction Entities |
| III | Description of Litigation Trust |
| IV | Wind-Down Administrator |
| V | Cost Expense Allocation |
| VI | Escrow Account Funding |
| VII | Assumed Executory Contracts and Unexpired Leases |
| **Exhibit**[2] | **Description** |
| A | Organization Chart for Asset Recovery Entities |
| B | Form of Organizational Documents for New Zohar II LLC |
| C | Form of Organizational Documents for New Zohar III LLC |
| D | Form of Organizational Documents for Subsidiary Entities |
| E | Form of New Notes Documents |
| F | Organization Chart for MD Buyer, MDHI Holdco and Parent Companies – ***Document to be provided in Amendment to Plan Supplement*** |
| G | Organizational Documents for MD Buyer' ultimate parent company – ***Document to be provided in Amendment to Plan Supplement*** |
| H | Form of Liquidating Trust Agreement |
| I | Escrow Account Funding |
| J | Form of D&O Indemnity Escrow Agreement – ***Document to be provided in Amendment to Plan Supplement*** |
| K | Form of Organizational Documents for New Stila Holdco LLC |

---

[2] All documents filed as "form of" are subject to further modification and revision, and such revised forms shall be filed in further plan supplements.

29304805.3

I.   **Asset Recovery Entities**

   A.   *Zohar II*

   1.   Organizational Structure and Documents

The Asset Recovery Entities formed under the Plan with respect to the assets of Zohar II shall consist of New Zohar II LLC, Zohar II Intermediate LLC and Zohar II Recovery LLC. They shall have the structure set forth in **_Exhibit A_** to the Plan Supplement.[3]

New Zohar II LLC will be governed by the form of LLC Agreement attached as **_Exhibit B_** to the Plan Supplement. Zohar II Intermediate LLC and Zohar II Recovery LLC will be governed by the form of LLC Agreement attached hereto as **_Exhibit D_** to the Plan Supplement

   2.   Governance

The Asset Recovery Entities formed under the Plan with respect to the assets of Zohar II shall have the following governance:

| *Asset Recovery Entity* | *Manager* |
|---|---|
| New Zohar II LLC | MBIA Insurance Corp. ("MBIA") or one of its affiliates |
| Zohar II Intermediate LLC | New Zohar II LLC |
| Zohar II Recovery LLC | Zohar II Intermediate LLC |

All of the Zohar II Asset Recovery Entities will be member managed.

   3.   Capitalization

Following the transactions to be implemented on the Effective Date, the Asset Recovery Entities formed under the Plan with respect to the assets of Zohar II shall have the following equity ownership:

| *Asset Recovery Entity* | *Owner* | *Percentage* |
|---|---|---|
| New Zohar II LLC | MBIA or one of its affiliates | 100% |
| Zohar II Intermediate LLC | New Zohar II LLC | 100% |
| Zohar II Recovery LLC | Zohar II Intermediate LLC | 100% |

Following the transactions to be implemented on the Effective Date, Zohar II Recovery LLC shall remain indebted on $85,000 of New Notes to be held by MBIA; *provided*, *however*, that such amount shall be increased to $100,000 if a sale or restructuring of MD Helicopters, Inc. is completed prior to Confirmation.

---

[3] The names of the Asset Recovery Entities listed herein for Zohar II and Zohar III are for illustrative purposes and are subject to change prior to the Effective Date.

29304805.3

The New Notes assumed by Zohar II Recovery LLC shall be governed by a New Note and Note Issuance Agreement (the "New Note Documents") in the forms included in **_Exhibit E_** to the Plan Supplement.

B. *Zohar III*

1. Organizational Structure and Documents

The Asset Recovery Entities formed under the Plan with respect to the assets of Zohar III shall consist of New Zohar III LLC, Zohar II Intermediate LLC, Zohar III Recovery LLC, and New Stila Holdco LLC. They shall have the structure set forth in **_Exhibit A_** to the Plan Supplement.

New Zohar III LLC will be governed by the form of LLC Agreement attached as **_Exhibit C_** to the Plan Supplement. Zohar III Intermediate LLC and Zohar III Recovery LLC will be governed by the form of LLC Agreement attached hereto as **_Exhibit D_** to the Plan Supplement. New Stila Holdco LLC will be governed by the form of LLC Agreement attached as **_Exhibit K_** to the Plan Supplement.

2. Governance

The Asset Recovery Entities formed under the Plan with respect to the assets of Zohar III shall have the following governance:

| *Asset Recovery Entity* | *Manager* |
|---|---|
| New Zohar III LLC | *An individual to be determined* |
| Zohar III Intermediate LLC | New Zohar III LLC |
| Zohar III Recovery LLC | Zohar III Intermediate LLC |
| New Stila Holdco LLC | *An individual to be determined* |

The identity and compensation of the manager of New Zohar III LLC shall be disclosed in an amendment to the Plan Supplement.

Any manager of New Zohar III LLC may be removed or replaced pursuant to the affirmative vote of the Members holding greater than fifty percent (50%) of the limited liability company interests in New Zohar III LLC (the "Vote of a Majority of the Members"); *provided* that if there is no such Vote of a Majority of the Members within fourteen (14) days of a vacancy, the vacancy may be filled pursuant to an order of the United States Bankruptcy Court for the District of Delaware obtained upon motion of any member of New Zohar III LLC that provides the other members not less than fourteen (14) days' notice.

Any manager of New Stila Holdco LLC may be removed or replaced pursuant to a Vote of a Majority of the Members of New Stila Holdco LLC; *provided* that if there is no such Vote of a Majority of the Members within fourteen (14) days of a vacancy, the vacancy may be filled pursuant to an order of the United States Bankruptcy Court for the District of Delaware obtained upon motion of any member of New Stila Holdco LLC that provides the other members not less than fourteen (14) days' notice.

The remaining Zohar III Asset Recovery Entities will be member managed.

3.  Capitalization

Following the transactions to be implemented on the Effective Date, the Asset Recovery Entities formed under the Plan with respect to the assets of Zohar II shall have the following equity ownership:

| Asset Recovery Entity | Owner | Percentage |
|---|---|---|
| New Zohar III LLC | Holders of Zohar III A-1 Note Claims that receive Distributions under the Plan | 100% distributed ratably based on the amount of Zohar III A-1 Notes held |
| Zohar III Intermediate LLC | New Zohar III LLC | 100% |
| Zohar III Recovery LLC | Zohar III Intermediate LLC | 100% |
| New Stila Holdco LLC | Zohar III Recovery LLC | 100% |

Following the transactions to be implemented on the Effective Date, Zohar III Recovery LLC shall remain indebted on $90,000 of New Notes to be held ratably by the holders of Zohar III A-1 Note Claims that receive Distributions under the Plan; *provided*, *however*, that such amount shall be increased to $100,000 if a sale or restructuring of MD Helicopters, Inc. is completed prior to Confirmation.

The New Notes assumed by Zohar III Recovery LLC shall be governed by the New Note Documents in the forms included in **_Exhibit E_** to the Plan Supplement.

II. **MD Buyer/MDHI Holdco Entities**

Assuming that a sale or recapitalization of MD Helicopters has not occurred by Confirmation, the MDHI Holdco entities will be formed as follows:

1.  Organizational Structure and Documents

The organizational structure for the entities to be formed in accordance with the Plan to implement the MD Credit Bid Transaction are still under discussion among the Debtors, the Controlling Party and Controlling Class.  Once determined **_Exhibit F_** to the Plan Supplement will be amended to set forth the organizational structure for these entities and the governing documents for these entities will be included in an amendment to the Plan Supplement.]]

2.  Governance

The governance for the MDHI Holdco/MD Buyer entities remain under discussion among the Debtors, the Controlling Party and Controlling Class.

3.  Capitalization

Following the transaction to be implemented on the Effective Date, the ultimate parent entity formed under the Plan to implement the MD Credit Bid Transaction shall have the

29304805.3

following equity ownership, subject to the ultimate amount borrowed under MD Helicopter's DIP Facility:

| Entity | Owner | Percentage |
|---|---|---|
| Ultimate parent of MD Buyer | MBIA | 66.08% |
| | Holders of Zohar III A-1 Note Claims that receive Distributions under the Plan | 33.92% |

Following the transaction to be implemented on the Effective Date, MDHI Holdco LLC shall remain indebted on (i) $15,000 of New Notes held by MBIA and (ii) $10,000 of New Notes to be held ratably by the holders of Zohar III A-1 Note Claims that receive Distributions under the Plan.

The New Notes assumed by MDHI Holdco shall be governed by the New Note Documents in the forms included in **_Exhibit E_** to the Plan Supplement.

In the event that the MD Credit Bid Transaction is consummated and all of the fees payable in equity of the MD Buyer pursuant to the terms of the MD Helicopter's DIP facility are paid in equity, then the capitalization of New MD LLC would be as follows:

| Entity | Owner | Percentage |
|---|---|---|
| Ultimate parent of MD Buyer | MBIA | 63.12% |
| | Holders of Zohar III A-1 Note Claims that receive Distributions under the Plan | 31.88% |
| | MD's DIP lenders | 6.00% |

III. **Litigation Trust and Litigation Trustee**

    A. *Single Litigation Trust*

All of the Litigation Assets shall be included in a single Litigation Trust. The Litigation Trust shall be governed by the form of Litigation Trust Agreement attached hereto as **_Exhibit H_**.

In addition, MBIA shall have the ability to contribute the claims and causes of action commenced in the name of Zohar I that are transferred to it on the Effective Date into the Litigation Trust.

    B. *Litigation Trustee*

The Litigation Trustee has not yet been identified and will be disclosed in an amendment to the Plan Supplement. The Litigation Trustee's compensation shall be disclosed following the identification of the Litigation Trustee.

    C. *Litigation Trust Advisory Board*

There shall be a three (3) member Litigation Trust Advisory Board. The members shall be designated as either an MBIA Member Representative (of which there will be 2) or a Bardin Hill Representative. The initial Members shall be as follows:

| *LTAB Member* | *Identity* |
|---|---|
| MBIA Member Representative | *An individual to be determined* |
| MBIA Member Representative | *An individual to be determined* |
| Bardin Hill Representative | *An individual to be determined* |

In the event of a vacancy on the Litigation Trust Advisory Board (whether by removal, death or resignation), a new Member may be appointed to fill such position either: (i) by Bardin Hill in the case of the Bardin Hill Representative; or (ii) by MBIA, in the case of an MBIA Member Representative (or any successor Litigation Trust Interest holders thereof as provided in the Litigation Trust Agreement).

No fees and expenses incurred by any Member of the Litigation Trust Advisory Board shall be reimbursable as to any Member who is simultaneously an employee of either MBIA or Bardin Hill Investment Partners, L.P.  Otherwise each Member of the Litigation Trust Advisory Board will be compensated from the Litigation Trust Fund for his or her time expended in Litigation Trust matters as set forth on Exhibit E to the Litigation Trust Agreement, which will be included in an amendment to the Plan Supplement.

IV.   **Wind-Down Administrator**

The Wind-Down Administrator has not yet been identified and will be disclosed in an amendment to the Plan Supplement.  The Wind-Down Administrator's compensation shall be disclosed following the identification of the Wind-Down Administrator.

V.   **Cost Expense Allocation**

The costs and expense of the Chapter 11 Cases have historically been allocated 55% to Zohar II and 45% to Zohar III, except for limited expenses that are expressly identified as being an expense of either Zohar I or Zohar II (in which case they have been paid by Zohar II) or Zohar III (in which case, they have been paid by Zohar III).

The Debtors are still considering the nature and extent to which either Zohar II or Zohar III has been under-allocated or over-allocated the expenses of administering these chapter 11 cases.  The Debtors will disclose any adjustment to the current 55%-45% allocation in an amendment to the Plan Supplement.

VI.   **Escrow Account Funding**

The Debtors are continuing to refine their estimates for the funding of the Escrow Accounts.  The amounts that have been identified to date for funding on the Effective Date are disclosed on ***Exhibit I*** to the Plan Supplement.  Otherwise, the amounts are listed as "to be determined" (TBD).  The listing of an amount certain on ***Exhibit I*** does not mean that additional amounts will need to be included in a particular Escrow Account.

The Debtors continue to review and refine these amounts and adjustments will be disclosed in an amendment to the Plan Supplement.

VII. **Assumed Executory Contracts and Unexpired Leases**

To date, the Debtors have not identified any Executory Contracts or Unexpired Leases to be assumed and assigned under the Plan.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

29304805.3

Case 18-10512-KBO    Doc 3304    Filed 05/06/22    Page 9 of 9

| | |
|---|---|
| Dated: May 6, 2022<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Ryan M. Bartley*<br>James L. Patton, Jr. (No. 2202)<br>Robert S. Brady (No. 2847)<br>Michael R. Nestor (No. 3526)<br>Joseph M. Barry (No. 4221)<br>Ryan M. Bartley (No. 4985)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email: jpatton@ycst.com<br>        rbrady@ycst.com<br>        mnestor@ycst.com<br>        jbarry@ycst.com<br>        rbartley@ycst.com<br><br>*Counsel to the Debtors* |

29304805.3

- 9 -