IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | )  Chapter 11 |
|---|---|
| In re: | ) |
| | )  Case No. 18-10512 (KBO) |
| Zohar III, Corp., *et al.*,[1] | ) |
| | )  Jointly Administered |
| Debtors. | ) |
| | ) |

**NOTICE OF SUBPOENA FOR RULE 2004 EXAMINATION**

**PLEASE TAKE NOTICE THAT** pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Rules"), Zohar III, Corp. and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors"), by and through their undersigned counsel, will require UI Acquisition Holding Co. and its subsidiaries, including but not limited to Universal Instruments, Corporation, to produce documents that are listed in **Exhibit A** to the subpoena (the "Subpoena") for Rule 2004 examination attached hereto and made part hereof. Such documents shall be produced and made available to the Debtor's counsel, Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, Delaware 19801, Attn: Tara C. Pakrouh, no later than May 26, 2022 at 5:00 p.m. (ET), or such other date and time as may be mutually agreed.

*[Signature Page Follows]*

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is c/o FTI Consulting, Inc., 1166 Avenue of the Americas, 15th Floor, New York, NY 10036.

29141605.4

| | |
|---|---|
| Dated: May 12, 2022<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br> /s/ Tara C. Pakrouh<br>James L. Patton, Jr. (No. 2202)<br>Robert S. Brady (No. 2847)<br>Michael R. Nestor (No. 3526)<br>Joseph M. Barry (No. 4221)<br>Ryan M. Bartley (No. 4985)<br>Tara C. Pakrouh (No. 6192)<br>Shane M. Reil (No. 6195)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email: jpatton@ycst.com<br>    rbrady@ycst.com<br>    mnestor@ycst.com<br>    jbarry@ycst.com<br>    rbartley@ycst.com<br>    tpakrouh@ycst.com<br>    sreil@ycst.com<br><br>*Counsel to the Debtors and Debtors in Possession* |

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

for the _____ District of _____Delaware_____

In re \_\_\_\_Zohar III, Corp., et al._____  Case No. \_\_\_\_18-10512_____
            Debtor

Chapter \_\_\_\_11_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: UI Acquisition Holding Co. and its subsidiaries, including but not limited to Universal Instruments, Corporation, Attn: Robert H. Hotz, Jr., Latham & Watkins LLP, 1271 Avenue of the Americas, New York, NY 10020; robert.hotz@lw.com

*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: _____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attached Exhibit A; due on May 26, 2022 at 5:00 p.m. (ET); attention Tara C. Pakrouh

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: \_\_\_\_5/12/22_____

CLERK OF COURT

OR    /s/ Tara C. Pakrouh

_____     _____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* \_\_\_\_Zohar III, Corp., et al._____ , who issues or requests this subpoena, are:

Tara C. Pakrouh, Young Conaway Stargatt & Taylor, LLP, 1000 N. King Street, Wilmington, DE 19801; tpakrouh@ycst.com; (302) 571-6600

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

 *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
   (i) is a party or a party's officer; or
   (ii) is commanded to attend a trial and would not incur substantial expense.

 *(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 *(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 *(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information; or
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 *(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# **EXHIBIT A**

# **DEFINITIONS**

1. The term "225 Action" shall mean the action currently pending in the Delaware Court of Chancery styled as *Zohar II 2005-1, Limited* v. *FSAR Holdings, Inc.,* C.A. No. 12946-VCS (Del. Ch. Ct.).

2. The terms "all" and "each" shall be construed as all and each.

3. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

4. The term "Communication" and "Communications" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise, either orally or in writing), including but not limited to correspondence, packages, conversations, meetings, discussions, telephone calls, text messages, telegrams, telexes, telecopies, seminars, conferences, messages, notes, electronic mails ("e-mail") and memoranda. The transmission of Documents or things by mail, courier or electronic service or otherwise is included, without limitation, in the definition of "Communication(s)."

5. The term "Custodian" and "Custodians" shall mean any of the following Persons, or any other Person that the Debtors identify from whom Documents and/or Communications must be provided:

    a. Jean Luc Pelissier, Chief Executive Officer;
    b. Bob Mahoney, Chief Financial Officer;
    c. Keith O'Leary, former Chief Financial Officer;
    d. Brad Bennett, Vice President, Business Unit;
    e. Glenn Farris, Vice President, Marketing;
    f. Joseph Mott, Vice President, Human Resources; and
    g. Koen Gieskes, Chief Technical Officer.

6. The term "Document" and "Documents" shall include electronically stored

information ("Electronically Stored Information") and is used in its customary broad sense. It shall not be limited in any way with respect to the process by which any Document was created, generated, or reproduced, or with respect to the medium in which the Document is embodied; and shall include, by way of example and without any limitation, all "documents," "electronically stored information," or "tangible thing" as contained in Rule 34 of the Federal Rules of Civil Procedure, as well as all "writings," "recordings," and "photographs" as defined by Rule 1001 of the Federal Rules of Evidence, and any kind of tangible material in any medium of any type, upon which intelligence or information is recorded, or from which intelligence or information can be perceived, whether in writing, recorded, stored, microfilmed, microfiched, photographed, computerized, reduced to electronic or magnetic impulse, or otherwise preserved or rendered. Without limiting the generality of the foregoing, such Documents specifically include, without limitation, all originals, copies and drafts of all letters, notes, memoranda, correspondence, advertisements, circulars, brochures, ledgers, journals, minutes, books, telephone slips, expense accounts, time sheets, telegrams, cables, publications, photographs, microfilm prints, contracts, manuals, recordings, tapes, transcriptions of records and recordings, business records, telephone business records, desk calendars, diaries, transcripts, affidavits, bills, receipts, prescriptions, diagnoses, checks, memoranda of telephone or other conversations by or with any Person(s), written or audio telephone messages, text messages, e-mail, evidence of facsimile transmissions and any other pertinent information not necessarily contained in files pertaining exclusively or directly to this matter. Documents further include, without limitation, materials maintained in electronic, magnetic or other storage media, including those maintained in computers, electronic or magnetic tapes or diskettes, and any on-site or off-site backup or so-called "erased" or "deleted" computer information that may be susceptible to retrieval.

7. Any request for "All Documents" shall include all Documents in Your possession, custody or control (including, without limitation, Documents which may be in the physical possession of Persons such as Your partners, agents, consultants, employees, advisors, attorneys, investigators and/or representatives) whether the Documents were created or compiled by You or by any other Person(s) for any reason whatsoever, including but not limited to any Documents obtained during litigation with any third parties.

8. The term "Patriarch Party" shall mean Lynn Tilton ("Tilton"), Ark Angels, LLC ("Ark"), Ark Angels II, LLC ("Ark II"); Ark Angels III, LLC ("Ark III"); Ark Angels VIII, LLC ("Ark VIII"); Ark Investment Partners II, LP ("Ark Investment"); Ark II CLO 2001-1, Ltd. ("Ark II CLO" and, together with Ark, Ark II, Ark III, Ark VIII, Ark Investment, and Ark II CLO, the "Ark Entities"), Patriarch Partners, LLC ("Patriarch Partners"), Patriarch Partners VIII, LLC ("Patriarch VIII"), Patriarch Partners XIV, LLC ("Patriarch XIV"), Patriarch Partners XV, LLC ("Patriarch XV" and, together with Patriarch Partners, Patriarch VIII, and Patriarch XIV, the "Patriarch Managers"), Octaluna, LLC ("Octaluna I"), Octaluna II, LLC ("Octaluna II"), Octaluna III, LLC ("Octaluna III" and, together with Octaluna I and Octaluna II, the "Octaluna Entities"), Patriarch Partners Management Group, LLC ("PPMG"), Patriarch Partners Agency Services, LLC ("PPAS"), LD Investments, LLC, and Zohar Holdings, LLC.

9. The term "Person" means any natural person, corporation, partnership, proprietorship, association, joint venture, firm or other business enterprise or legal entity in whatever form. It means both the singular and plural.

10. The term "UI" shall mean UI Acquisition Holding Co. and its subsidiaries, including but not limited to Universal Instruments, Corporation.

11. The term "You" and/or "Your" shall refer to UI.

**INSTRUCTIONS**

1. Unless specified, the time period for these document requests (the "Document Requests") is January 1, 2016 through the present.

2. Each of the Document Requests is continuing in nature. Accordingly, if after producing any Documents, You obtain or become aware of additional Documents pertaining to any Document Request, You are requested to produce such additional Documents promptly.

3. The Document Requests apply to all Documents in one or more of the Custodian's possession, custody, or control, and includes Documents, wherever located, within the possession, custody, or control of Your advisors, affiliates, agents, attorneys, accountants, consultants, employees, experts, investigators, investment bankers, predecessors, representatives, subsidiaries, successors-in-interest, and other Persons acting, or who have acted, on behalf of the foregoing. Without limitation to the term "control" as used in the preceding sentence, a Person is deemed to be in control of a Document if that Person has the right to secure the Document or a copy thereof from another entity or individual having actual possession thereof.

4. If You object to any Document Request in part, You must produce all responsive Documents to which the objection does not apply.

5. If You withhold any Documents from production on the alleged grounds of privilege or immunity (whether under common law, statute, or otherwise), each such Document is to be identified by stating: (a) the identity of each Person who prepared and/or signed the Document; (b) the identity of each Person designated as an addressee; (c) the identity of each Person who received any copy of the Document; (d) the date of the Document; (e) the subject matter of the Document; (f) the type of Document; and (g) the basis for withholding the Document.

6. You must produce all Electronically Stored Information in accordance with the following specifications:

 (a) <u>Form of Production</u>. Produce electronically stored information in single-page tiff format (Group IV tiff at 300 dpi) with standard Concordance formatted load file (.dat), including all metadata. Name each tiff file with a unique name matching the bates number labeled on the corresponding page. Group every 10,000 tiffs into a new folder; do not create a separate folder for each Document.

 (b) <u>Image Load File</u>. Provide an image load file (Opticon file) that contains Document boundaries, page counts, and volume information.

 (c) <u>Document Text</u>. For Documents that were originally stored as native electronic files and which do not have redactions, produce the extracted full text (not OCR) from the body of each Document in separate Document-level *.txt files named for the beginning bates number of the associated document. Provide OCR text for Documents without extracted text available (non-searchable PDFs, etc.). Group 1,000 document text files per incrementally named "TEXT" directories, separate from image directories. For Documents that were originally stored as native electronic files and which have redactions, produce the OCR text from the redacted image(s) associated with each Document, in separate Document-level *.txt files named for the beginning bates number of the associated Document. Clearly label any redacted material to show the redactions on the tiff image. Also provide a comma-delimited extracted text list file with each Document's beginning bates number along with the path to the associated extracted text/OCR text file.

 (d) <u>Native Production for Certain File Types</u>. For files created by Excel or other spreadsheet programs, PowerPoint or other special presentation programs, database files, or any other file types that reasonably require viewing in their native format for a full understanding of their content and meaning, produce the files in native and tiff formats. Name the produced native file with the bates number on the first page of the corresponding tiff production of the file / Document. Group native files within incrementally named "NATIVE" directories, separate from images directories.

 (e) <u>De-duplication</u>. Produce a single copy of each electronic Document for which exact duplicates exist. For e-mail messages, consolidate duplicates based on MD5 hash generated from the BCC, Body, CC, From, IntMsgID, To, and Attach properties. For e-mail attachments and standalone electronic files, consolidate duplicates based on MD5 hash of the entire file.

 (f) <u>Metadata</u>. Produce extracted metadata for each Document in the form of a Concordance load file (.dat), including the following fields (where

applicable): bates range begin, bates range end, bates family range begin, bates family range end, e-mail subject line, file name, e-mail sent date, e-mail sent time, created date, created time, last modified date, last modified time, author, from, to, CC, BCC, custodian, source folder, MD5 hash value, native file path location, file size, file extension, and confidentiality designation. Documents shall be produced in such fashion as to identify the location of the Document and, where applicable, the natural person in whose possession it was found.

7. If a Document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a Document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a Document has been redacted or altered in any fashion, identify as to each Document the reason for the redaction or alteration, the date of the redaction or alteration, and the Person performing the redaction or alteration. Any redaction must be clearly visible on the redacted Documents.

8. In the event that any Document called for by a Document Request has been destroyed or discarded, that Document is to be identified by stating: (a) any address or any addressee; (b) any indicated or blind copies; (c) the Document's date, subject matter, number of pages, and attachments or appendices; (d) all Persons to whom the Document was distributed, shown, or explained; (e) its date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; and (f) the Persons who authorized and carried out such destruction or discard.

9. Any copy of a Document that varies in any way whatsoever from the original or from any other copy of the Document, whether by reason of handwritten or other notation or any omission, shall constitute a separate Document and must be produced, whether or not the original of such a Document is within Your possession, custody, or control. A request for any Document

shall be deemed to include a request for all drafts thereof, and all revisions and modifications thereto, including any red-lined versions or Document comparisons, in addition to the Document itself. Each Document is to be produced in its entirety, without abbreviation or expurgation.

10. In producing Documents, all Documents that are physically attached to each other when located for production shall be left so attached. Documents that are segregated or separated from other Documents, whether by inclusion of binders, files, subfiles, or by use of dividers, tabs, or any other method, shall be left so segregated or separated. Documents shall be retained in the order in which they were maintained and in the file where found. If no Documents exist that are responsive to a particular Document Request, You shall so state in writing.

## **DOCUMENT REQUEST**

1. All Documents and Communications, including but limited to text messages, between the Custodians or UI and any Patriarch Party.

2. All Documents and Communications from the Custodians or UI regarding Tilton or any other Patriarch Party.

3. All Documents and Communications from the Custodians or UI relating to value exchanged between UI and any Patriarch Party, including but not limited to, equity, "phantom," or other types of equity, debt, tax-related payments, management fees, and/or administrative fees.

4. All Documents and Communications from the Custodians or UI related to any payment of value of any type between UI and any Patriarch Party.

5. All Documents and Communications from the Custodians or UI related to the 225 Action, included but not limited to, Communications using the terms "indemnity," "225," "PPMG," "PPAS," or "management fee."

9

## CERTIFICATE OF SERVICE

I, Tara C. Pakrouh, hereby certify that on May 12, 2022 I caused a copy of the foregoing *Notice of Subpoena for Rule 2004 Examination* to be served upon Universal Instruments Corporation's attorney, identified below, in the manner indicated:

**Via E-Mail:**
Robert H. Hotz, Jr.
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
Direct Dial: +1.212.906.1612
Fax: +1.212.751.4864
E-Mail: robert.hotz@lw.com

          */s/ Tara C. Pakrouh*
          Tara C. Pakrouh (No. 6192)