# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| Zohar III, Corp., *et al.*,[1] | ) ) | Case No. 18-10512 (KBO) |
| Debtors. | ) ) ) ) | Jointly Administered |

**STIPULATION CONCERNING PARTIAL ALLOWANCE OF THE
PATRIARCH STAKEHOLDERS' SECOND AMENDED REQUEST
FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM**

This Stipulation is hereby entered by and among Zohar III, Corp. and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors") and the Patriarch Stakeholders[2] (collectively with the Debtors, the "Parties") with respect to the Patriarch Stakeholders' *Second Amended Request for Payment of Administrative Expense Claim* [D.I. 3157] and the Debtors' *Objection to Patriarch Stakeholders' Request for Payment of Administrative Expense Claim and Request for Relief Under Fed. R. Bankr. P. 7012 & 9014 and Fed. R. Civ. P. 12(b)(6)* [D.I. 3240]:

**WHEREAS**, on October 25, 2021, the Patriarch Stakeholders filed their *Request for Payment of Administrative Expense Claim* [D.I. 2876] (the "Original Claim");

**WHEREAS**, on January 31, 2022, the Debtors filed their *Preliminary Objection to Patriarch Stakeholders' Request for Payment of Administrative Expense Claim* [D.I. 3041];

**WHEREAS**, on March 11, 2022, the Patriarch Stakeholders filed their *Second Amended Request for Payment of Administrative Expense Claim* [D.I. 3157] (the "Claim");

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is c/o FTI Consulting, Inc., 1166 Avenue of the Americas, 15th Floor, New York, NY 10036.

[2] The term "Patriarch Stakeholders" shall have the meaning ascribed to it in the settlement agreement approved by the Bankruptcy Court by Order entered May 21, 2018 [D.I. 266] (the "Settlement Agreement").

29331954

**WHEREAS**, on April 6, 2022, the Debtors filed their *Objection to Patriarch Stakeholders' Request for Payment of Administrative Expense Claim and Request for Relief Under Fed. R. Bankr. P. 7012 & 9014 and Fed. R. Civ. P. 12(b)(6)* [D.I. 3240] (the "Renewed Objection"), which is scheduled to be heard on May 17, 2022, as a Rule 12(b)(6) hearing with respect to certain aspects of the Patriarch Claims (as defined in the Renewed Objection) and a contested evidentiary hearing with respect to other aspects;

**WHEREAS**, on April 27, 2022, the Patriarch Stakeholders filed their *Response to Debtors' Objections and Opposition to the Patriarch Stakeholders' Request for Payment and Debtors' Request for Relief Under Fed. R. Bankr. P. 7012 & 9014 and Fed. R. Civ. P. 12(b)(6)* [D.I. 3286];

**WHEREAS**, the Parties engaged in negotiations to narrow the disputes arising out of the Patriarch Claims;

**WHEREAS**, on May 3, 2022, the Debtors and the Patriarch Stakeholders reached an agreement in principle, whereby the Debtors agreed to grant the Patriarch Stakeholders an allowed claim as described herein, dispensing with the need for a contested evidentiary hearing on May 17, 2022, among other things, but preserving other aspects of the Patriarch Claims

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED:**

1. The Patriarch Stakeholders shall have an allowed administrative claim (the "Allowed Claim") in the amount of Two Hundred and Fifty Thousand Dollars ($250,000.00), which shall be the Patriarch Stakeholders sole recourse for amounts purportedly incurred (1) under Paragraph 6 of the Settlement Agreement that are asserted to be recoverable by the Patriarch Stakeholders and (2) with respect to costs, fees and expenses paid to KPMG by the Patriarch Stakeholders for work performed by KPMG during the 15 Month Window (collectively, the "Resolved Matters");

2. The Allowed Claim shall be paid on the effective date of any chapter 11 plan confirmed for the Debtors;

3. Except as expressly set forth in this Stipulation, the Patriarch Stakeholders waive any right to receive a cash payment from the Debtors or to request or require a cash reserve for the payment of any administrative expense claim asserted by the Patriarch Stakeholders in these chapter 11 bankruptcy proceedings, of any nature whatsoever, regardless of whether such cost is asserted in the Original Claim or the Claim;

4. The Parties agree that the foregoing waiver is solely to (a) address the cash payment obligations for any administrative expense claim of the Patriarch Stakeholders, (b) to limit the amount of out of pocket cash paid on account of any administrative expense claim of the Patriarch Stakeholders to $250,000, and (c) resolve the claims identified in Paragraph 1, and further agree that the foregoing waiver does not affect or impair the Patriarch Stakeholders' rights under the Settlement Agreement (other than with respect to the payment of any administrative expense claim against the Debtors in cash), including but not limited to any rights the Patriarch Stakeholders may have to any payments under Paragraph 18;

5. The Parties further agree that nothing in this Stipulation otherwise modifies or impairs the rights of the parties with respect to any other claim (administrative expense or otherwise) the Patriarch Stakeholders have or may have against the Debtors other than with respect to the Resolved Matters, and further agree that all Parties' rights and defenses with respect to any other claim are preserved (including, but not limited to the Patriarch Stakeholders' rights and defenses related to setoff, recoupment, netting or similar theories in the Adversary Proceeding or any other proceeding between the parties); and

29331954

6. Nothing contained herein shall be deemed an admission by the Debtors or the Patriarch Stakeholders with respect to any claim, cause of action, or defense that may be asserted by either party.

[*Signature Page Follows*]

Dated: May 12, 2022
Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Ryan M. Bartley*
James L. Patton, Jr. (No. 2202)
Robert S. Brady (No. 2847)
Michael R. Nestor (No. 3526)
Joseph M. Barry (No. 4221)
Ryan M. Bartley (No. 4985)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: jpatton@ycst.com
         rbrady@ycst.com
         mnestor@ycst.com
         jbarry@ycst.com
         rbartley@ycst.com

*Counsel to the Debtors*

**COUSINS LAW, LLC**

*/s/ Scott D. Cousins*
Scott D. Cousins (No. 3079)
Scott D. Jones (No. 6672)
Brandywine Plaza West
1521 Concord Pike, Suite 301
Wilmington, DE 19803
Telephone: 302-824-7081
Facsimile: (302) 295-0331
scott.cousins@cousins-law.com

– and –

**SHER TREMONTE LLP**

Theresa Trzaskoma (*Pro Hac Vice*)
Michael Tremonte (*Pro Hac Vice*)
90 Broad Street, 23rd Floor
New York, New York 10004
Telephone: (212) 202-2600
Facsimile: (212) 202-4156
ttrzaskoma@shertremonte.com

*Counsel to the Patriarch Stakeholders*