# EXHIBIT 1

**Stipulation**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| Zohar III, Corp., *et al.*,[1] | Case No. 18-10512 (KBO) |
| Debtors. | Jointly Administered |

## JOINT FEDERAL RULE OF EVIDENCE 502(D) AND CONFIDENTIALITY STIPULATION

This Stipulation is hereby entered by and among Zohar III, Corp. and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors"), and UI Acquisition Holding Co. and its affiliates (collectively, "UI"; and together with the Debtors, the "Parties"), pursuant to Rule 502 of the Federal Rule of Evidence (the "Rules"), made applicable to this proceeding by Rule 9017 of the Federal Rules of Bankruptcy Procedure, and other applicable confidentiality protections:

**WHEREAS**, the Debtors have issued a subpoena for Rule 2004 examination (the "Subpoena") requesting UI to produce certain documents, data, and information (including, without limitation, electronically stored information) (the "Material"); and

**WHEREAS**, UI agreed to produce the Materials to the Debtors in response to the Subpoena; and

**WHEREAS**, certain of the Material may be protected by the attorney-client privilege and afforded confidentiality, or both; and

**WHEREAS**, the attorney-client privilege and confidentiality protection belongs to UI; and

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is c/o FTI Consulting, Inc., 1166 Avenue of the Americas, 15th Floor, New York, NY 10036.

**WHEREAS**, UI does not waive the attorney-client privilege, work product doctrine, or other applicable protection or confidentiality with respect to the Material.

**IT IS HEREBY STIPULATED AND AGREED**:

1. Any document produced by UI to the Debtors that is subject to the attorney-client privilege, work product doctrine, and/or other privilege, protection, immunity, or confidentiality from disclosure, shall in no way be construed as a waiver (either explicit or implicit) of any such privilege or confidentiality protection in any Federal or State Proceeding, currently pending or subsequently filed. This Stipulation is intended to provide the maximum protection allowed by Rule 502(d).

2. UI's production of the Material to the Debtors shall be deemed covered by the protections of this Stipulation and in furtherance of the common legal interests of UI and the Debtors.

3. To the extent that the Debtors subsequently receive a discovery request in separate litigation, a subpoena, or other lawful process which seeks production of any document covered by this Stipulation, the Debtors shall promptly notify UI of such request or demand and the Debtors shall take all reasonable steps to protect against disclosure of such privileged or confidential documents.

4. This Stipulation is the entire agreement between the Parties with respect to the subject matter hereof. This Stipulation supersedes any and all agreements, whether written or oral, that may have previously existed between the Parties with respect to the matters set forth herein. No statements, promises, or representations have been made by any Party to any other, or relied upon, and no consideration has been offered, promised, expected or held out other than as expressly provided for herein.

5. The Parties, by and through their undersigned counsel, each represent and warrant that the undersigned is fully authorized and empowered to execute and deliver this Stipulation on behalf of, and to bind, each Party, as applicable, to the terms and conditions of this Stipulation.

6. In the event of any ambiguity in this Stipulation, no inferences shall be drawn against any Party on the basis of authorship of this Stipulation.

7. No modification, amendment, or waiver of any of the terms or provisions of this Stipulation shall bind any Party unless such modification, amendment, or waiver is in writing and has been executed by a duly authorized representative of the Party against whom such modification, amendment, or waiver is sought to be enforced. If any part of this Stipulation is held to be unenforceable by any court of competent jurisdiction, the unenforceable provision shall be deemed amended to the least extent possible to render it enforceable and the remainder of this Stipulation shall remain in full force and effect.

8. This Stipulation shall be governed by and construed in accordance with the Bankruptcy Code and, where not inconsistent, the laws of the State of Delaware, without regard to the conflict of laws principles thereof. This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective successors, assignees, agents, attorneys, and representatives.

9. This Stipulation is subject to Court approval, and the Court shall retain jurisdiction over any and all matters relating to the implementation of this Order.

*[Signature Page Follows]*

| | |
|---|---|
| Dated: May 12, 2022<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>/s/ *Tara C. Pakrouh*<br>James L. Patton, Jr. (No. 2202)<br>Robert S. Brady (No. 2847)<br>Michael R. Nestor (No. 3526)<br>Joseph M. Barry (No. 4221)<br>Ryan M. Bartley (No. 4985)<br>Tara C. Pakrouh (No. 6195)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email: jpatton@ycst.com<br>      rbrady@ycst.com<br>      mnestor@ycst.com<br>      jbarry@ycst.com<br>      rbartley@ycst.com<br>      tpakrouh@ycst.com<br><br>*Counsel to the Debtors*<br><br>LATHAM & WATKINS LLP<br><br>/s/ *Robert H. Hotz, Jr.*<br>Robert H. Hotz, Jr.<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1612<br>Facsimile: (212) 751-4864<br>Email: robert.hotz@lw.com<br><br>*Counsel to UI* |