**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Zohar III, Corp., *et al.*[1]<br><br>                    Debtors | Chapter 11<br><br>Case No. 18-10512 (KBO)<br><br>(Jointly Administered)<br><br>**Related Docket No. 3380** |

**STATEMENT OF MBIA INSURANCE CORPORATION IN SUPPORT OF
CONFIRMATION  OF THE THIRD AMENDED JOINT PLAN OF LIQUIDATION
UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

MBIA Insurance Corporation ("MBIA") hereby submits this statement in support of confirmation (this "Statement")[2] of the *Third Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code for Zohar III Corp. and its Affiliated Debtors* [Docket No. 3380] filed by Zohar III, Corp. and its affiliated debtors and debtors in possession (collectively, the "Debtors") filed on June 15, 2022 (the "Plan") in the above-captioned chapter 11 cases (the "Chapter 11 Cases").  In furtherance of this Statement, MBIA joins in the arguments set forth in the (i) Debtors' *Memorandum of Law in Support of Confirmation of Third Amended Joint Plan of Liquidation under Chapter 11 of the Bankruptcy Code for Zohar III, Corp. and Its Affiliated Debtors* [Docket No. 3381] (the "Memorandum of Law"), and (ii) *Statement and Joinder of the Zohar III Controlling Class to the Debtors' Memorandum of Law in Support of Confirmation of Third Amended Joint Plan of Liquidation under Chapter 11 of the Bankruptcy Code for Zohar III, Corp.*

---

[1]    The Debtors in these chapter 11 cases include Zohar III Corp., Zohar II 2005-1 Corp., Zohar CDO 2003-1 Corp., Zohar III, Limited, Zohar II 2005-1, Limited, and Zohar CDO 2003-1, Limited.

[2]    Unless otherwise indicated herein, capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Plan or the Plan Supplement, as applicable.

*and its Affiliated Debtors* [Docket No. 3387] (the "<u>Zohar III Statement in Support</u>"), as to why the

Patriarch Objection (as defined herein) to confirmation of the Plan should be overruled.

<strong><u>STATEMENT IN SUPPORT OF PLAN CONFIRMATION</u></strong>

1.    MBIA supports the Debtors' prompt exit from bankruptcy through the Plan, which represents the best option available at this juncture of these cases for the liquidation of the Debtors' remaining assets in a manner intended to maximize any value for all creditors and stakeholders under the complex and challenging circumstances of these tumultuous Chapter 11 Cases. No other party in interest has put forth any alternative proposal.

2.    MBIA, a stock insurance company organized under the laws of the State of New York, is the single largest creditor (secured or otherwise) in these Chapter 11 Cases, after having paid almost $1 billion on account of certain financial guaranty policies that MBIA provided to both Zohar I and Zohar II during the pre-petition period.

3.    The Plan is the result of extensive discussions among the Debtors, MBIA, the Zohar III Controlling Class, other Zohar III Noteholders, the Indenture Trustee, and other parties in interest, all of whom have been actively involved in these Chapter 11 Cases over the past four-plus years. Confirmation of the Plan and the attendant conclusion of these Chapter 11 Cases would represent the culmination of a years-long process—though ultimately largely unsuccessful—to try and achieve substantial returns for the Zohar creditors under the Settlement Agreement.

4.    The sole objector to Plan confirmation is the Patriarch Stakeholders who continue to try and obtain more bites at the apple by asserting the Plan cannot impact their purported set-off rights. The Patriarch Stakeholders want the right to apply their asserted and expressly subordinated Class B Notes (to the extent such notes are even valid; all rights are reserved with respect thereto) and other claims to any judgment that could be obtained against them for the years

of damage and wrongdoing inflicted on the Zohars (including during the duration of these cases), their assets and the Portfolio Companies.[3]   For all the reasons set forth in the Memorandum of Law filed by the Debtors and the Zohar III Statement in Support, allowing the Patriarch Stakeholders to maintain alleged set-off rights after confirmation of the Plan contravenes bankruptcy law, the provisions of the Indentures governing the Patriarch Stakeholders' claims, and fundamental principles of equity.  The Patriarch Objection should be seen for what it is, yet another attempt to obstruct and escape liability for having caused billions of dollars in damages to the Zohars and their creditors, and to continue to try and prevent the creditors from recovering the Paid in Full amounts to which they are expressly entitled under the Settlement Agreement, as was intended from the outset of these cases.  The Plan should be confirmed, and the Patriarch Stakeholders' arguments regarding any putative set-off rights should be denied.  The alternative is the expenditure of even more time and resources post-confirmation in ongoing battles with the Patriarch Stakeholders.   As aptly stated by the Zohar III Controlling Class, any result otherwise does not just **"add insult to injury, it proposes insult as compensation for injury."**[4] Accordingly, MBIA respectfully requests that the Court (i) confirm the Plan, (ii) overrule the Patriarch  Objection, and (iii) grant MBIA such other and further relief as the Court may deem just, proper, and equitable.

5.      Finally, the arguments set forth herein are not intended to be exhaustive of all arguments that MBIA may have on the issues addressed herein or in the Memorandum of Law. The failure to include any argument, fact, position or defense in respect of the Plan or the Patriarch Objection shall not be deemed a waiver of any such argument, fact, position or defense, and MBIA

---

[3] *See* Patriarch Stakeholders' Objection to Confirmation of the Second Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code for Zohar III, Corp. and its Affiliated Debtors (the "Patriarch Objection"), Docket No. 3326 (May 13, 2022).

[4] *See* Zohar III Statement in Support at ¶1 (emphasis added).

expressly reserves its right to raise these and any additional arguments, positions, facts or defenses,

in any future hearing or proceeding on these or any other issues.

Dated: June 16, 2022

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Timothy P. Cairns*
Laura Davis Jones (Bar No. 2436)
Timothy P. Cairns (Bar No. 4228)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:          ljones@pszjlaw.com
                    tcairns@pszjlaw.com
and

CADWALADER, WICKERSHAM & TAFT LLP
Gregory M. Petrick
Ingrid Bagby
Michele C. Maman
Christopher M. Floyd
200 Liberty Street
New York, NY 10281
Telephone:  (212) 504-6000
Facsimile:  (212) 504-6666
Email: gregory.petrick@cwt.com
        ingrid.bagby@cwt.com
        michele.maman@cwt.com
        christopher.floyd@cwt.com

*Counsel to MBIA Insurance Corporation*