IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
*In re:*

Zohar III, Corp., *et al.*,[1]

                      Debtors.
---------------------------------------------------------------x

: Chapter 11
: Case No. 18-10512 (KBO)
: Jointly Administered
: Re: Docket Nos. 3248, 3306, 3375, 3376

## FEE EXAMINER'S FINAL REPORT REGARDING SIXTEENTH INTERIM FEE APPLICATION REQUEST OF YOUNG CONAWAY STARGATT & TAYLOR, LLP

Direct Fee Review LLC ("DFR"), appointed and employed as the Fee Examiner in the above-captioned bankruptcy proceedings and acting in its capacity regarding the Sixteenth Interim Fee Application Request of Young Conaway Stargatt & Taylor, LLP (the "Firm") for compensation for services rendered and reimbursement of expenses as Attorneys for the Debtors for the compensation period from March 1, 2022 through May 31, 2022 ("Fee Application") seeking approval of fees in the amount of $2,490,942.00 and the reimbursement of expenses in the amount of $127,862.40, submits its final report.

### BACKGROUND

1. In performance of audit procedures and in preparation of this report designed to quantify and present factual data relevant to the requested fees, disbursements and expenses contained herein, DFR reviewed the monthly fee statements and the Applications,

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is 3 Times Square, c/o FTI Consulting, Inc., New York, NY 10036.

including each of the billing and expense entries listed in the exhibits to the monthly statements, for compliance with 11 U.S.C. § 330, Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended February 1, 2022 ("Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued June 11, 2013 ("Guidelines").

2. DFR did not prepare informal memos related to monthly fee applications of the Firm. We included our questions and issues in an initial report. We have included all responses and any recommended resolutions in this final report.

## DISCUSSION

3. For the compensation period of March 1, 2022 through May 31, 2022 the Firm submitted monthly fee applications in the amount of $2,490,942.00 as actual, reasonable and necessary fees and for expense reimbursement of $127,862.40. For the Fee Application period, $20,674.00 was disclosed as related to fee application preparation.

4. We deem it generally acceptable to have a maximum of 3% of total time charged in preparing fee applications. For Firms with more limited involvement, we consider an alternative standard of less than $50,000 in total spent on preparing fee applications. We apply these guidelines on a cumulative basis. We evaluate these charges with consideration to the length of time of the case and the practice experience of the firm. In each application we review every entry to for substance and to determine the correct allocation without regard for materiality. We noted that cumulatively through this period the Firm has charged $251,305.00 related to fee applications on a cumulative basis and

we have calculated that 0.5% of the fees billed related to fee applications on a cumulative basis. We do not have an objection to the amount of fees charged for fee application preparation in this fee application based upon our review and procedures and we deem the amount to be reasonable.

5. Our procedures applied to the monthly fee applications identified entries that when recalculated did not equal the amount of the time charged. In the aggregate these represent under-billings and we do not recommend any change for these entries. Because there is no recommendation for a reduction in fees for these entries, no exhibit has been included.

6. Our procedures applied to the monthly fee applications for identified entries where charges may have been duplicated. We requested that the Firm review these entries and correct the application if they are found to be duplicates. The Firm explained how these were not duplicates. Since no adjustment is required, no exhibit has been included.

7. We noted the travel time charged. We requested and the Firm confirmed that both of these charges had been reduced to ½ of time. Since no adjustment is required, no exhibit has been included.

8. Also, we noted the travel charge listed in Exhibit A which is higher than other charges for the same date. We requested that the Firm review this charge and reduce it to Acela class if appropriate. The Firm agreed to reduce it to this class. We recommend that reimbursement of expenses be reduced by $61.00.

9. Local Rule 2016-2 provides in section (d) (ix) the activity descriptions shall individually identify all meetings and hearings (conferences and conference by telephone), each participant, the subject(s) of the meeting or hearing (conferences and conference by telephone) and the participant's role. Our procedures applied to the monthly fee applications identified entries with descriptions which did not provide such detail. We requested and the Firm confirmed that the identities of the participants referred to as "debtor reps", "case parties", "counsel", "LW", "KPMG", "working group", "all hands", "Client", "YCST", "stakeholders", "CWT", "W&C", "Debtor Advisors", "DLS", "Houlihan", "HL", "FTI", "advisors", "advisor group", "constituents", "PC advisors", "mediator", "A&P" and "company counsel" are as previously advised to us. Also, we requested and the Firm provided the identities of the participants referred to as "White & Case", "FTI team", "Latham", "YC", "co-counsel", "internal" and "parties". Also, we reviewed entries that did not identify participants. We request that the timekeepers provide such participant information for these entries or the Firm may want to withdraw those participants that cannot be identified. The Firm reminded us of the need for confidentiality in preparing its time details but agreed to reduce the fees by $2,500.00. We thank the Firm for their response and recommend that fees be reduced by $2,500.00.

10. All motions shall include complete and detailed activity descriptions; each activity description shall include the type of activity; each activity description shall include the subject matter and shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary. Our procedures applied to the monthly fee applications identified entries with descriptions which we consider vague or insufficient or non-substantive. We requested that the Firm instruct

timekeepers to avoid or stop the use of vague activity descriptions such as "work on", "work", "working ", "assist", "follow up", "attend to", "address" and "attention to". Also, we identified vague entries that did not explain the amount of time charged or may not reflect the task and requested that the Firm provide additional description of the activities to support the time and need. The Firm responded to this issue in tandem with that in the preceding paragraph. The recommended adjustment is part of that in paragraph 10, above.

11. Pursuant to the Guidelines, administrative or general costs incident to the operation of the applicant's office and not particularly attributable to an individual client or case are not reimbursable. We noted entries that could be construed to reflect administrative activity that would not be charged to the estate such as for invoice preparation and review or review for internal error correction such as that for those entries including privileged or confidential information. Professionals are aware of the timekeeping requirements and the Debtor should not need to reimburse the Firm for errors. We requested and the Firm confirmed that they were necessary for fee application preparation.

12. Local Rule 2016-2(d)(iv) requires that time be recorded in increments of $1/10^{th}$ of an hour. Our procedures applied to the monthly fee applications identified time entries where time has been aggregated or "lumped". We requested that the Firm advise the timekeepers of the time reporting unit requirements and confirm that the time billed did not exceed that actual time worked or adjust the fees appropriately. The Firm advised us that whilst these entries had not been lumped but related to confidential, privileged and

strategic matters. Nevertheless, the Firm agreed to reduce their fees by $1,995.00 for this concern. We recommend that fees be reduced by $1,995.00.

13. Our review and procedures applied to the monthly fee statements and the applications, including each of the billing entries listed in the exhibits to the monthly statements did not disclose any other material issues or questions.

## CONCLUSION

14. Regarding the application and the fees and expenses discussed in the previous sections, DFR submits its final report for the Sixteenth Interim Fee Application Request of Young Conaway Stargatt & Taylor, LLP for compensation for services rendered and reimbursement of expenses as Attorneys for the Debtors for the compensation period from March 1, 2022 through May 31, 2022 and we recommend the approval of the fees of $2,486,447.00 ($2,490,942.00 minus $4,495.00) and reimbursement of expenses in the amount of $127,801.40 ($127,862.40 minus $61.00).

Respectfully submitted,

**DIRECT FEE REVIEW LLC**
**FEE EXAMINER**

By: _____
W. J. Dryer

24A Trolley Square #1225
Wilmington, DE 19806-3334
Telephone: 302.287.0955
dfr.wjd@gmail.com

# Exhibit A:

| | | |
|---|---|---|
| 20220510 | Air/Rail Travel - One-way Amtrak ticket for M. Nestor to NYC on 4/13 for hearing | $311.00 |