*__Exhibit K – Organizational Documents for New Stila Holdco LLC__*

29426643.4

# Delaware

Page 1

### The First State

*I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF*

*DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT*

*COPY OF THE CERTIFICATE OF FORMATION OF "NEW STILA HOLDCO LLC",*

*FILED IN THIS OFFICE ON THE TWENTY-FIRST DAY OF JULY, A.D.*

*2022, AT 9:45 O`CLOCK A.M.*



Jeffrey W. Bullock, Secretary of State

6925005  8100

SR# 20223047236

Authentication: 203972542

Date: 07-21-22

You may verify this certificate online at corp.delaware.gov/authver.shtml

State of Delaware
Secretary of State
Division of Corporations
Delivered 09:45 AM 07/21/2022
FILED 09:45 AM 07/21/2022
SR 20223047236 - File Number 6925005

# CERTIFICATE OF FORMATION

## OF

## NEW STILA HOLDCO LLC

This Certificate of Formation is filed in accordance with the provisions of 6 *Del. C.* § 18-201 to form a limited liability company under the Delaware Limited Liability Company Act (6 *Del. C.* §§ 18-101 *et seq.*). The undersigned, being a person authorized to sign this Certificate of Formation pursuant to 6 *Del. C.* § 18-204, hereby certifies as follows:

1. Name. The name of the limited liability company formed hereby is **New Stila Holdco LLC.**

2. Registered Office and Registered Agent. The address of the registered office of the limited liability company in the State of Delaware is 1000 North King Street, Wilmington, New Castle County, Delaware, 19801. The registered agent for service of process maintained at such address is YCS&T Services LLC.

IN WITNESS WHEREOF, the undersigned has executed this Certificate of Formation this July 21, 2022.

Name: Brian J. Lohan
Title: Authorized Person

29536559.1

*Execution Version*

**LIMITED LIABILITY COMPANY AGREEMENT**
**OF**
**NEW STILA HOLDCO LLC**

THIS LIMITED LIABILITY COMPANY AGREEMENT ("Agreement") is dated as of the 29th day of July, 2022, and entered into by Phoenix III Recovery, LLC (the "Member"), and shall be binding upon such other individuals and members as may be added pursuant to the terms of this Agreement.  For purposes of this Agreement "Confirmation Order" shall mean that certain *Findings of Fact, Conclusions of Law, and Order Confirming Third Amended Joint Plan of Liquidation under Chapter 11 of the Bankruptcy Code for Zohar III, Corp. and its Affiliated Debtors* entered by the United States Bankruptcy Court for the District of Delaware on June 21, 2022.  For purposes of this Agreement, "DIP/Exit Credit Agreement" means that certain *Amended and Restated Loan Agreement* by and among:  Zohar III, Limited, as the DIP Borrower; after the Effective Date, Zohar Litigation Trust-A, Zohar Litigation Trust-B, and Phoenix III Recovery, LLC, as the Successor Borrowers; the Subsidiary Guarantors; the Lenders party thereto; and Acquiom Agency Services LLC, as Administrative Agent and Collateral Agent, to be entered into on the Effective Date.  For purposes of this Agreement, "Effective Date" shall have the meaning ascribed to it in the Plan.  For purposes of this Agreement, "Plan" shall mean that certain *Third Amended Joint Plan of Liquidation under Chapter 11 of the Bankruptcy Code for Zohar III, Corp. and its Affiliated Debtors*, dated June 15, 2022 filed with the United States Bankruptcy Court for the District of Delaware (as subsequently amended and modified).

1.      Formation Of The Company.  By execution of this Agreement, the Member ratifies and confirms the action of Brian J. Lohan, as an "authorized person" of the Company within the meaning of the Delaware Limited Liability Company Act, 6 Del. C. § 18-101, et seq. (the "Act"), filing a certificate of formation (the "Certificate") with the Secretary of State of the State of Delaware for the purpose of forming New Stila Holdco LLC (the "Company"), a limited liability company formed under the Act. Upon the filing of the Certificate his/ powers as an authorized person of the Company within the meaning of the Act ceased and the Manager (as defined below) thereupon became an "authorized person" within the meaning of the Act.

2.      Name Of The Company.  The name of the company to be stated in the Certificate and the limited liability company governed by this Agreement shall be "New Stila Holdco LLC."

3.      Purpose.  This Company is formed for the purpose of, and the nature of the business to be conducted and promoted by the Company is, engaging in any lawful act or activity for which limited liability companies may be formed under the Act and engaging in any and all activities necessary or incidental to the foregoing. Notwithstanding anything to the contrary in the preceding sentence, the Company and the Manager shall discharge the obligations imposed on the Company, as an "Asset Recovery Entity" under

and as defined in the Plan, and on the Manager, as an "Asset Recovery Manager" under and as defined in the Plan.

4.      Registered Office; Registered Agent.  The address of the registered office of the limited liability company in the State of Delaware is 1000 North King Street, Wilmington, New Castle County, Delaware, 19801.  The registered agent for service of process maintained at such address is YCS&T Services LLC.

5.      Capital Contributions By The Members.  In consideration for their limited liability company interests in the Company, each Member has or will contribute a sum set forth in the books and records of the Company.  Except for the foregoing consideration, no Member shall be obligated to make capital contributions to the Company and all limited liability company interests in the Company held by the Members shall be nonassessable.

6.      Distributions.  To the extent the Company may lawfully do so, it is intended that the Company shall make pro rata distributions of its assets to the Members as determined by the Manager as expeditiously as possible.

7.      Appointment and Removal of Manager.

a.      At any time, and from time to time, one or more individuals or entities may be elected to manage the Company (the "Manager").  A Manager need not be a Member or resident of the State of Delaware.  The Manager shall be responsible for any and all such duties as conferred upon the Manager as in this Agreement.

b.      Phoenix III Recovery, LLC shall be appointed as initial Manager of the Company.

c.      A Manager (whether an initial or a successor Manager) shall cease to be a Manager upon the earlier of (i) such Manager's resignation or (ii) such Manager's removal pursuant to the affirmative vote of the Members holding greater than fifty percent (50%) of the limited liability company interests in the Company (the "Vote of a Majority of the Members").

d.      Any vacancy in the Manager position, whether occurring as a result of a Manager resigning or being removed, may be filled by appointment of a successor by (i) the Vote of a Majority of the Members or (ii) if there is no Vote of a Majority of the Members within fourteen (14) days of a vacancy, the entry of an order of the United States Bankruptcy Court for the District of Delaware obtained upon motion of any Member that provides the other Members not less than fourteen (14) days' notice.

8.  Management Powers of the Manager.   Except for powers specifically reserved to the Members by this Agreement (if any) or by non-waivable provisions of applicable law, as provided herein, the Company shall be managed by the Manager as an authorized agent of the Company.  The Manager shall have the full,

2

29531156.2

exclusive, and absolute right, power, and authority to manage and control the Company and the property, assets, and business thereof.  Subject to the restrictions specifically contained in this Agreement, the Manager may make all decisions and take all actions for the Company not otherwise provided for in this Agreement.  Any person dealing with the Company, other than a Member, may rely upon the authority of the Manager or any officer designated in writing as such by the Manager in accordance with Section 9 (if any) in taking any action in the name of the Company without inquiry into the provisions of this Agreement or compliance herewith, regardless of whether that action actually is taken in accordance with the provisions of this Agreement.  Notwithstanding anything to the contrary contained in this Agreement or otherwise applicable provision of law or equity, to the maximum extent permitted by the Act, the Manager shall owe no duties (including fiduciary duties) to the Company or the Members; *provided however* that a Manager shall have the duty to act in accordance with the implied contractual covenant of good faith and fair dealing. Notwithstanding anything to the contrary contained in this Agreement or otherwise applicable provision of law or equity, to the maximum extent permitted by the Act, no Manager shall be liable to the Company or any Member for breach of this Agreement or any duty (including any fiduciary duty); *provided* that such Member or Manager may be liable to the Company or any other Member for any act or omission that constitutes a bad faith violation of the implied covenant of good faith and fair dealing

9.    Officers.  The Manager may, from time to time, delegate to one or more persons such authority and duties as the Manager may deem advisable.  In addition, the Manager may assign, in writing, titles to any person, including, without limitation, the titles of President, Vice President, Secretary, Assistant Secretary, Treasurer, and Assistant Treasurer.  Unless the Manager decides otherwise, if the title is one commonly used for officers of a business corporation formed under the Delaware General Corporation Law, the assignment of such title shall constitute the delegation to such person of the authority and duties that are normally associated with that office, subject to any specific delegation of authority and duties made pursuant to the first sentence of this Section 9.  Any number of titles may be held by the same person.  Each officer shall hold office until his successor shall be duly designated and shall qualify or until his death, until he shall resign, or until he shall have been removed in the manner hereinafter provided.  Any number of offices may be held by the same person.  The salaries or other compensation, if any, of the officers and agents of the Company shall be fixed by the Manager.  Any delegation pursuant to this Section 9 may be revoked at any time by the Manager.  Any officer may resign as such at any time.  Such resignation shall be made in writing and shall take effect at the time specified therein, or if no time be specified, at the time of its receipt by the Manager.  The acceptance of a resignation shall not be necessary to make it effective, unless expressly so provided in the resignation.  Any officer may be removed as such, either with or without cause, by the Manager whenever, in his judgment, the best interests of the Company will be served thereby; provided, however, that such removal shall be without prejudice to the contract rights, if any, of the person so removed.  Designation of any officer shall not of itself create contract rights.  Any vacancy occurring in any office of the Company (other than a Manager) may be filled by the Manager.

3

29531156.2

10.     Exculpation; Indemnification.  To the fullest extent permitted by the Act, or any other applicable law presently or hereafter in effect that increases the scope of such permitted indemnification, no present or former Manager of the Company, no present or former Member of the Company, or present or former officer of the Company shall be personally liable to the Company or any Member for or with respect to any acts or omissions in the performance of his or her duties as a Manager, Member or officer of the Company.  The Company shall indemnify, to the fullest extent permitted by the Act (or any other applicable law presently or hereafter in effect that increases the scope of such permitted indemnification), each person who is or was or had agreed to become a Manager, Member or officer of the Company, or each such person who is or was serving or who had agreed to serve at the request of the Manager, Members or an officer of the Company as an employee or agent of the Company or as a manager, director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise (including the heirs, executors, administrators or estate of such person) (collectively, the "Covered Persons").  Without limiting the generality or the effect of the foregoing, the Company may enter into one or more agreements with any person or entity which provide for indemnification greater or different than that provided in this Section 10.  To the maximum extent permitted by law, each Covered Person's duties to the Company, any Member or any other Person shall be eliminated.  Any repeal or modification of this Section 10 shall not adversely affect any right or protection existing hereunder immediately prior to such repeal or modification.  Any Manager, Member or officer of the Company shall be entitled to advancement of its reasonable expenses incurred in connection with the defense of an indemnifiable action in advance of the final disposition of such action; *provided*, that such person shall promptly repay to the Company the amount of any such advancement paid to it if it shall be determined that such person is not entitled to be indemnified by the Company in connection with such action.

11.     Dissolution.  The Company shall dissolve, and its affairs shall be wound up upon the first to occur of the following: (a) the unanimous written consent of the Members, or (b) the entry of a decree of judicial dissolution under § 18-802 of the Act.

12.     Authority of Members.   Unless authorized to do so by this Agreement or by the Manager, no member, agent, or employee of the Company shall have any power or authority to bind the Company in any way, to pledge its credit, or to render it liable pecuniarily for any purpose; *provided*, *however*, that the Manager may act by a duly authorized attorney-in-fact.

13.     Limitations On Authority.  The authority of the Manager over the conduct of the affairs of the Company shall be subject only to such limitations as are expressly stated in this Agreement or in the Act.

14.     Transferability of Interests.  A Member may not assign in whole or in part its limited liability company interest in the Company without the consent of the Manager, not to be unreasonably withheld; provided that the transferee of any limited liability company interest in the Company shall be bound by the terms of this Agreement. Notwithstanding the foregoing, there shall be no transfer of any limited liability company

4

interest if such transfer directly or indirectly would cause the termination of the Company for state law or federal or state tax purposes or violate the then applicable U.S. federal or state securities laws or rules and regulations. The Manager may, in is reasonable discretion, require a member proposing to transfer its limited liability company interest in the Company to provide an opinion of counsel in a form reasonably acceptable to the Manager that the proposed transfer of such member's limited liability company interest in the Company shall not violate the immediately preceeding sentence.

15.     Admission of Additional Members.

a.     Except as provided in Section 14, additional members of the Company may be admitted to the Company with the consent of the Manager.

b.     The Manager shall update Exhibit A hereto from time to time to reflect the identification of transferees of any limited liability company interest in the Company pursuant to Section 14 or additional members of the Company admitted pursuant to Section 15(a).

16.     Consents.  Any action that may be taken by the Manager or members at a meeting may be taken without a meeting if a consent in writing, setting forth the action so taken, is signed by or on behalf of the Manager, member or members holding sufficient limited liability company interests in the Company to authorize or approve such action at such meeting.

17.     Amendments.  Except as otherwise provided in this Agreement, this Agreement may be amended only by the Vote of a Majority of the Members.

18.     Governing Law.  This Agreement shall be construed and enforced in accordance with, and governed by, the laws of the State of Delaware.

19.     Counterparts.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which together, shall constitute one and the same Agreement.

20.     Tax Treatment.  The Company will be classified as an association taxable as a corporation for U.S. federal income tax purposes, and neither the Company nor any Member will take any action (including the filing of any election) that would cause it to be taxable as anything other than a corporation for U.S. federal income tax purposes.

21.     Tax Elections.  Subject to Section 20, the Manager shall have the power to cause the Company to make all elections required or permitted to be made for income tax purposes.

22.     Other Business Activities.  Except as provided in this Agreement, no provision of this Agreement will be construed to limit in any manner any Member in the carrying on of its own businesses or activities.

5

6

23.     <u>Third Party Beneficiaries</u>.  This Agreement is made solely for the benefit of the Members and their permitted successors and assigns, and no other person or entity will have or acquire any right by virtue of this Agreement other than the Covered Persons (solely with respect to Section 10).

24.     <u>Effectiveness</u>.   Pursuant to Section 18-201(d) of the Act, this Agreement shall be effective as of the filing of the Certificate on July 21, 2022.

*{Signature Page Follows}*

6

IN WITNESS WHEREOF, the parties hereto have made this Agreement effective as of the date and year first above-written.

Member:

PHOENIX III RECOVERY, LLC

By: Phoenix III Intermediate, LLC, its sole member

By: New Phoenix III, LLC, its sole Member

By: BH VID LLC, its sole Member

By: Bardin Hill Investment Partners LP, as Investment Manager

By: _____
Name: John Freese
Title: Authorized Signatory

By: _____
Name: Jacob Fishelis
Title: Authorized Signatory

*[Signature Page – LLC Agreement for New Stila Holdco LLC]*

Exhibit A

| Member | Address | Percentage Interest in the Company |
|---|---|---|
| Phoenix III Recovery, LLC | 1000 North King Street, Wilmington, New Castle County, Delaware, 19801 | 100% |