IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| Zohar III, Corp., *et al.*, | ) Case No. 18-10512 (KBO) |
|  | ) |
| Debtors[1]. | ) Jointly Administered |
|  | ) |
|  | ) **Ref. Docket No. 3445** |
|  | ) |

**ORDER (I) APPROVING CERTAIN MODIFICATIONS
TO THE THIRD AMENDED JOINT PLAN OF LIQUIDATION UNDER
CHAPTER 11 OF THE BANKRUPTCY CODE FOR ZOHAR III, CORP.
AND ITS AFFILIATE DEBTORS PURSUANT TO SECTION 1127(B) OF THE
BANKRUPTCY CODE;(II) FINDING THAT (A) SUCH MODIFICATIONS
ARE NOT MATERIAL AND ADVERSE OR (B) THE DEBTORS HAVE SATISFIED
THE REQUIREMENTS OF SECTIONS 1127(B) AND (C) OF THE BANKRUPTCY
CODE WITH REPESCT TO SUCH MODIFICATIONS; (III) CONFIRMING THE
MODIFIED PLAN; AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (this "Order") (i) authorizing Debtors to make certain modifications to the *Third Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code for Zohar III, Corp. and Its Affiliated Debtors* and (ii) finding that (a) the Plan Modifications are not material and adverse or (b) the Debtors have satisfied the requirements of sections 1127(b) and (c) of the Bankruptcy Code with respect to such modifications; and the Debtors having filed an initial list of Abandoned Assets at Docket No. 3461, Exhibit M (the "Initial List"); and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157 and the *Amended Standing Order of Reference*

---

[1] The Debtors and the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is c/o FTI Consulting, Inc., 1166 Avenue of the Americas, 15th Floor, New York, NY 10036.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Plan, as applicable.

29588008.6

from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that this is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of the Chapter 11 Cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed and considered the Motion and any objections thereto; and upon the record of all the proceedings before this Court; and this Court having determined that the relief requested that the Motion is in the best interest of the Debtors' estates, their creditors, and other parties in interest; and the legal and factual bases set forth in the Motion having established just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. The Debtors have satisfied the requirements of sections 1127(b) and (c) of the Bankruptcy Code with respect to the Plan Modifications.

3. The Plan Modifications are hereby approved and incorporated into the confirmed Plan, thereby comprising the Modified Plan.

4. The Modified Plan attached hereto as <u>Exhibit 1</u> is confirmed under section 1129 of the Bankruptcy Code and constitutes the Plan for purposes of the Confirmation Order.

5. Any Holder of a Claim (as defined in the Plan) who previously voted to accept or reject the Plan and has failed to affirmatively elect to change its vote at or prior to the hearing on the Motion is deemed to have voted in the same manner as is reflected in the declaration at Docket No. 3384 certifying the tabulation of votes on the Plan in the Chapter 11 Cases.

29588008.6

6. On the Effective Date, the Abandoned Assets shall be abandoned under section 554 of the Bankruptcy Code and the Wind-Down Administrator shall have no obligation to administer, maintain, preserve or dispose of any Abandoned Assets and no Abandoned Asset shall be transferred to the Asset Recovery Entities or Litigation Trust.  From and after the Effective Date any third party with possession or control over the Abandoned Assets may dispose of the Abandoned Assets without liability to the Debtors or their creditors.  For the avoidance of doubt, as of the Effective Date, the Indenture Trustee shall be entitled to abandon, destroy, or otherwise dispose of any securities, certificates, evidence of indebtedness, documents, book-entry positions, and any other items in its possession related to the Abandoned Assets, and the Indenture Trustee shall have no liability in respect of any such action.

7. To the extent any of the Abandoned Assets include interests in loans for which Ankura serves as the New Agent, upon the Effective Date, Ankura shall automatically be removed as the New Agent under such loans and not owe any duties, responsibilities, or obligations to any Person with respect to such loans (provided that Ankura shall not be released from any claims arising before the Effective Date except as provided by the Plan)

8. For any asset that was not identified in the Initial List as an Abandoned Asset but is included on the list of Abandoned Assets as of the Effective Date (a "New Abandoned Asset"), the following procedures shall apply:

   a) The Debtors shall file with the Court a notice reflecting the revisions to the Initial List (the "Amendment Notice"), and serve it on all parties that were served with a copy of the Motion.

   b) Parties in interest hall have ten (10) days from the filing and service of the Amendment Notice to file an objection to abandonment of any New Abandoned Asset in accordance with the Plan, including Section 6.19 thereof (the "Objection Deadline").

    c) If no objection is filed by the Objection Deadline for a New Abandoned Asset, the New Abandoned Asset will be treated as an Abandoned Asset as of the Effective Date of the Plan.

    d) If any objection is filed by the Objection Deadline for a New Abandoned Asset, the asset that is the subject of the objection will only be treated as an Abandoned Asset either (i) as of the Effective Date of the Plan, upon the withdrawal of the objection or (ii) upon further order of the Court.

    e) For the avoidance of doubt, (i) these procedures only apply to New Abandoned Assets and (ii) no New Abandoned Asset will be transferred under the Plan, except as ordered by the Court under paragraph 8(d)(ii) of this Order.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

10. This Order shall be immediately enforceable and any stay under Bankruptcy Rule 3020(e) is hereby waived.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: August 1st, 2022**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**

29588008.6