**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| Zohar III, Corp., *et al.*, | ) | Case No. 18-10512 (KBO) |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |
| | ) | **Objection Deadline:** |
| | ) | **September 2, 2022 at 4:00 p.m. (ET)** |
| | ) | **Hearing Date:** |
| | ) | **September 15, 2022 at 11:00 a.m. (ET)** |

**COMBINED THIRD MONTHLY (FOR THE PERIOD DECEMBER 1, 2021
THROUGH AUGUST 2, 2022) AND FINAL FEE APPLICATION OF MORRIS,
NICHOLS, ARSHT & TUNNELL LLP, AS SPECIAL LITIGATION COUNSEL TO
DEBTORS AND DEBTORS IN POSSESSION ZOHAR II AND ZOHAR III FOR
ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF ALL
ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD
OCTOBER 14, 2019 THROUGH AUGUST 2, 2022**

| | |
|---|---|
| Name of Applicant: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession Zohar II and Zohar III |
| Date of Retention: | December 20, 2019, *nunc pro tunc* to October 14, 2019 |
| Monthly Period for which compensation and reimbursement is sought: | December 1, 2021 through August 2, 2022 |
| Amount of Monthly compensation sought as actual, reasonable and necessary: | $3,880.80 |
| Amount of Monthly reimbursement | $16.80 |

---

[1]  The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119).  The Debtors' address is c/o FTI Consulting, Inc., 1166 Avenue of Americas, 15th floor, New York, NY 10036.

sought as actual, reasonable and
necessary:

Final Period for which compensation
and reimbursement is sought:                    October 14, 2019 through August 2, 2022

Amount of Final compensation           $259,313.65[2]
sought as actual, reasonable and
necessary:

Amount of Final reimbursement          $12,208.40[3]
sought as actual, reasonable and
necessary:                                      _x_    final application

This is a _x_ monthly     __ interim

If this is not the first application filed, disclose the following for each prior application:

| DATE FILED | PERIOD COVERED | REQUESTED FEES/EXPENSES | APPROVED FEES/EXPENSES |
|---|---|---|---|
| 4/8/2021 D.I. 2457 | 10/14/19–2/28/21 | $238,639.50/$11,139.40 | $190,911.60/$11,139.40 |
| 12/14/2021 D.I. 2950 | 3/1/21–11/30/21 | $14,293.35/$802.20 | $11,434.68/$802.20 |

---

[2]   This amount includes an additional $2,500.00, which reflects Morris Nichols's estimated fees incurred after August 2, 2022 (the "Effective Date"), through the remainder of this case.  This amount is subject to augmentation based on the fees actually incurred by Morris Nichols.  To the extent Morris Nichols's fees exceed this estimate, Morris Nichols may file a supplement to this final fee application.

[3]   This amount includes an additional $250.00, which reflects Morris Nichols's estimated expenses incurred after the Effective Date, through the remainder of this case.  To the extent Morris Nichols's expenses exceed this estimate, Morris Nichols may file a supplement to this final fee application.

## MONTHLY COMPENSATION BY PROFESSIONAL

## ZOHAR III, CORP.
### (Case No. 18-10512 (KBO))

### December 1, 2021 through August 2, 2022

| Name of Professional | Position of the Applicant, Area of Expertise, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Kenneth J. Nachbar | Partner/Corporate Litigation.  Partner since 1989.  Joined firm as an associate in 1981.  Member of the DE Bar since 1981. | 1,170.0 | 0.3 | 351.00 |
| Megan Ward Cascio | Partner/Corporate Litigation.  Partner since 2007.  Joined firm as an associate in 1998.  Member of the DE Bar since 1998. | 922.5 | 0.1 | $92.25 |
| Matthew B. Harvey | Partner/Bankruptcy.  Partner since 2020. Joined firm as associate from 2008 to Sept. 2013; rejoined the firm as an associate in Nov. 2014.  Member of the DE Bar since 2008. | 765.0 | 0.2 | 153.00 |
| | | 895.5 | 0.1 | 89.55 |
| Paige N. Topper | Associate/Bankruptcy.  Joined the firm as an associate in 2017. Member of the DE Bar since 2017. | 504.0 | 0.2 | 100.80 |
| | | 585.0 | 0.3 | 175.50 |
| Tori L. Remington | Associate/Bankruptcy.  Joined the firm as an associate in 2020.  Member of the DE Bar since 2022. | 409.5 | 1.5 | 614.25 |
| | | 472.5 | 0.9 | 425.25 |
| Desiree M. Vale | Paralegal | 310.5 | 2.4 | 745.20 |
| | | 324.0 | 3.5 | 1,134.00 |
| **Total** | | | **9.5** | **$3,880.80** |
| **GRAND TOTAL: $3,880.80** | | | | |
| **BLENDED RATE: $408.51** | | | | |
| **ATTORNEY BLENDED RATE: $556.00** | | | | |

**MONTHLY COMPENSATION BY PROJECT CATEGORY**

**ZOHAR III, CORP.**
**(Case No. 18-10512 (KBO))**

**December 1, 2021 through August 2, 2022**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 0.40 | 443.25 |
| Fee Applications (MNAT - Filing) | 9.10 | 3,437.55 |
| **TOTAL** | **9.50** | **$3,880.80** |

**MONTHLY EXPENSE SUMMARY**

**ZOHAR III, CORP.**
**(Case No. 18-10512 (KBO))**

**December 1, 2021 through August 2, 2022**

| Expense Category | Total Expenses |
|---|---|
| In-House Printing - color | 16.80 |
| **Grand Total Expenses** | **$16.80** |

**FINAL COMPENSATION BY PROFESSIONAL**

**ZOHAR III, CORP.**
**(Case No. 18-10512 (KBO))**
**October 14, 2019 through August 2, 2022**

| Name of Professional | Position of the Applicant, Area of Expertise, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Robert J. Dehney | Partner/Bankruptcy.  Partner since 1999. Joined firm as an associate in 1996. Member of the DE Bar since 1997. | 990.0 | 1.1 | 1,089.00 |
| Kenneth J. Nachbar | Partner/Corporate Litigation.  Partner since 1989.  Joined firm as an associate in 1981.  Member of the DE Bar since 1981. | 990.0 | 0.6 | 594.00 |
| | | 1,035.0 | 92.7 | 95,944.50 |
| | | 1,102.5 | 13.6 | 14,994.00 |
| | | 1,170.0 | 0.3 | 351.00 |
| Megan Ward Cascio | Partner/Corporate Litigation.  Partner since 2007.  Joined firm as an associate in 1998.  Member of the DE Bar since 1998. | 922.5 | 0.1 | 92.25 |
| Matthew B. Harvey | Partner/Bankruptcy.  Partner since 2020. Joined firm as associate from 2008 to Sept. 2013; rejoined the firm as an associate in Nov. 2014.  Member of the DE Bar since 2008. | 625.5 | 26.9 | 16,825.95 |
| | | 675.0 | 3.2 | 2,160.00 |
| | | 765.0 | 1.5 | 1,147.50 |
| | | 895.5 | 0.1 | 89.55 |
| Lauren K. Neal | Partner/Corporate Litigation.  Joined the firm as an associate from 2013 to 2015; rejoined the firm as an associate in Aug. 2016. Member of the DE Bar since 2013. Member of the NY Bar since 2016. | 576.0 | 98.1 | 56,505.60 |
| | | 625.5 | 17.8 | 11,133.90 |
| Thomas P. Will | Associate/Corporate Litigation.  Joined firm as an associate in 2014.  Member of the DE Bar since 2014. | 504.0 | 2.6 | 1,310.40 |
| | | 553.5 | 1.4 | 774.90 |

| Name of Professional | Position of the Applicant, Area of Expertise, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Joseph C. Barsalona II | Associate/Bankruptcy.  Joined the firm as an associate in 2018. Member of the NJ Bar since 2012.  Member of the NY Bar since 2013.  Member of the DE Bar since 2015. | 535.5 | 0.2 | 107.10 |
| Matthew O. Talmo | Associate/Bankruptcy.  Joined the firm as an associate in 2016. Member of the DE Bar since 2016. | 445.5 | 1.7 | 757.35 |
| Paige N. Topper | Associate/Bankruptcy.  Joined the firm as an associate in 2017. Member of the DE Bar since 2017. | 418.5 | 3.8 | 1,590.30 |
|  |  | 459.0 | 2.6 | 1,193.40 |
|  |  | 504.0 | 6.5 | 3,276.00 |
|  |  | 585.0 | 0.3 | 175.50 |
| Miranda N. Gilbert | Associate/Corporate Litigation.  Joined the firm as an associate in 2019. Member of the DE Bar since 2019. | 391.5 | 25.5 | 9,983.25 |
| Sarah P. Kaboly | Associate/Corporate Litigation.  Joined the firm as an associate in 2019. Member of the DE Bar since 2019. | 391.5 | 6.6 | 2,583.90 |
| Joseph P. Halsey | Associate/Bankruptcy.  Joined the firm as an associate in 2019. Member of the DE Bar since 2019. | 382.5 | 10.5 | 4,016.25 |
| Eleni T. Roustopoulos | Corporate Litigation.  Joined the firm as a Certified Limited Practice Licensee in 2020. | 391.5 | 30.4 | 11,901.60 |
| Tori L. Remington | Bankruptcy.  Joined the firm as an associate in 2020.  Member of the DE Bar since 2022. | 409.5 | 1.6 | 655.20 |
|  |  | 472.5 | 0.9 | 425.25 |
| Ronald A. Amores | Litigation Support | 306.0 | 1.0 | 306.00 |
|  |  | 315.0 | 1.0 | 315.00 |
| Byron Poland | Litigation Support | 270.0 | 4.0 | 1,080.00 |
|  |  | 292.5 | 6.0 | 1,755.00 |
|  |  | 315.0 | 1.0 | 315.00 |
| Desiree M. Vale | Paralegal | 301.5 | 4.8 | 1,447.20 |
|  |  | 310.5 | 6.5 | 2,018.25 |
|  |  | 324.0 | 3.5 | 1,134.00 |

| Name of Professional | Position of the Applicant, Area of Expertise, Number of Years in that Position, Year of Obtaining License to Practice | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Kadra Mull | Paralegal | 301.5 | 21.7 | 6,542.55 |
| | | 297.0 | 7.3 | 2,168.10 |
| Renae M. Fusco | Paralegal | 274.5 | 0.2 | 54.90 |
| **Total** | | **630.06** | **407.6** | **$256,813.65** |
| **GRAND TOTAL: $256,813.65** | | | | |
| **BLENDED RATE: $630.06** | | | | |
| **ATTORNEY BLENDED RATE: $683.62** | | | | |

**FINAL COMPENSATION BY PROJECT CATEGORY**

**ZOHAR III, CORP.**
**(Case No. 18-10512 (KBO))**

**October 14, 2019 through August 2, 2022**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 0.4 | 443.25 |
| Fee Applications (MNAT - Filing) | 30.1 | 13,493.70 |
| Court Hearings | 0.5 | 331.65 |
| Litigation/Adversary Proceedings | 330.7 | 217,561.95 |
| Professional Retention (MNAT - Filing) | 45.9 | 24,983.10 |
| **TOTAL** | **407.6** | **$256,813.65** |

# FINAL EXPENSE SUMMARY

## ZOHAR III, CORP.
### (Case No. 18-10512 (KBO))

### October 14, 2019 through August 2, 2022

| Expense Category | Total Expenses |
|---|---|
| Pacer | 139.00 |
| In-House Printing - black & white | 870.30 |
| Computer Research - Westlaw | 4,034.84 |
| Court Costs - Chancery Filing Fees | 1,750.00 |
| Paralegal Overtime | 360.60 |
| In-House Printing - color | 41.30 |
| In-House Duplicating | 0.20 |
| Technology/Software | 28.60 |
| Transcripts | 3,317.51 |
| E-filing | 681.00 |
| Courier/Delivery Service | 85.28 |
| Conference Calls | 124.50 |
| Court Costs | 450.00 |
| E-Discovery | 1.10 |
| Messenger Service | 7.00 |
| Support Staff Overtime | 67.17 |
| **Grand Total Expenses** | **$11,958.40** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| Zohar III, Corp., *et al.*, | ) | Case No. 18-10512 (KBO) |
| | ) | |
| Debtors.[1] | ) | Jointly Administered |
| | ) | |
| | ) | **Objection Deadline:** |
| | ) | **September 2, 2022 at 4:00 p.m. (ET)** |
| | ) | **Hearing Date:** |
| | ) | **September 15, 2022 at 11:00 a.m. (ET)** |

**COMBINED THIRD MONTHLY (FOR THE PERIOD DECEMBER 1, 2021
THROUGH AUGUST 2, 2022) AND FINAL FEE APPLICATION OF MORRIS,
NICHOLS, ARSHT & TUNNELL LLP, AS SPECIAL LITIGATION COUNSEL TO
DEBTORS AND DEBTORS IN POSSESSION ZOHAR II AND ZOHAR III FOR
ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF ALL
ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD
OCTOBER 14, 2019 THROUGH AUGUST 2, 2022**

Morris, Nichols, Arsht & Tunnell LLP ("Morris Nichols"), as special litigation

counsel for the debtors and debtors in possession Zohar II and Zohar III, submits this application

(the "Application") for: (i) allowance of compensation for professional services rendered by

Morris Nichols to Debtors Zohar II and Zohar III for the period of December 1, 2021, through

and including August 2, 2022 (the "Monthly Application Period"); (ii) reimbursement of actual

and necessary expenses incurred by Morris Nichols during the Monthly Application Period; (iii)

final allowance of reasonable compensation for professional services rendered by Morris Nichols

to the Debtors Zohar II and Zohar III for the period October 14, 2019, through and including

August 2, 2022 (the "Final Application Period"); and (vi) final reimbursement of actual and

necessary expenses and disbursements incurred by Morris Nichols in rendering professional

---

[1]    The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows:
Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited
(9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119).  The Debtors' address is c/o
FTI Consulting, Inc., 1166 Avenue of Americas, 15th floor, New York, NY 10036.

services on behalf of the Debtors Zohar II and Zohar III during the Final Application Period pursuant to sections 330 and 331 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), *the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "<u>U.S. Trustee Guidelines</u>") and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals* (D.I. 293) (the "<u>Interim Compensation Procedures Order</u>").   In support of this Application, Morris Nichols represents as follows:

## <u>JURISDICTION</u>

1.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.    This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016, Local Rule 2016-2, the U.S. Trustee Guidelines, and the Interim Compensation Procedures Order.

## <u>BACKGROUND</u>

3.    On March 11, 2018 (the "<u>Petition Date</u>"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4.    The Debtors have continued in possession of their properties and the operation of their business as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.  No trustee, examiner, or official committee of unsecured creditors has been appointed in these cases.

## MORRIS NICHOLS'S RETENTION

5.      On November 27, 2019, Debtors filed the *Application of Debtors Zohar II and Zohar III for Entry of an Order Authorizing Retention and Employment of Morris, Nichols, Arsht & Tunnell LLP as Special Litigation Counsel* Nunc Pro Tunc *to October 14, 2019* (D.I. 1103) (the "Morris Nichols Retention Application").  On December 18, 2019, the Morris Nichols Retention Application was supplemented pursuant to the *Supplemental Declaration of Kenneth J. Nachbar in Support of Application of Debtors Zohar II and Zohar III for Entry of an Order Authorizing Retention and Employment of Morris, Nichols, Arsht & Tunnell LLP as Special Litigation Counsel* Nunc Pro Tunc *to October 14, 2019* (D.I. 1141) (the "Nachbar Supplemental Declaration").

6.      On December 20, 2019, the Court granted the Morris Nichols Retention Application pursuant to the *Order Authorizing Retention and Employment of Morris, Nichols, Arsht & Tunnell LLP as Special Litigation Counsel to the Debtors Zohar II and Zohar III,* Nunc Pro Tunc *to October 14, 2019* (D.I. 1157) (the "Morris Nichols Retention Order").

## INTERIM COMPENSATION PROCEDURES ORDER[2]

7.      The Court entered the Interim Compensation Procedures Order on June 8, 2018.  The Interim Compensation Procedures Order sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

8.      In particular, the Interim Compensation Procedures Order provides that professionals may file and serve a Monthly Fee Application no earlier than the 15th day of each

---

[2]    Capitalized terms not defined in the section are defined in the Interim Compensation Procedures Order.

month following the month for which compensation is sought, for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month.  Parties in interest will have 15 days (or the next business day if such day is not a business day) after the service of a Monthly Fee Application to object to the requested compensation for services rendered and reimbursement of expenses incurred.  If there are no objections to such Monthly Fee Application filed within 15 days after the service of the Monthly Fee Application, the Professional may file a certificate of no objection (the "Certificate of No Objection") with the Court.

9.      Upon the filing of a Certificate of No Objection, the Debtors are authorized to pay such Professional 80 percent of the fees and 100 percent of the expenses requested in such Monthly Fee Application.  If a partial objection to the Monthly Fee Application is filed, then the Debtors are authorized to pay 80 percent of the fees and 100 percent of the expenses not subject to an objection.

## CHAPTER 11 JOINT PLAN OF LIQUIDATION

10.     On June 21, 2022, the United States Bankruptcy Court confirmed the Third Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code for the Zohar III, Corp. and its Affiliated Debtors (the "Plan"), which was attached as **Exhibit A** to the Findings of Fact, Conclusion of Law, and Order Confirming Third Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code for Zohar III, Corp, and its Affiliated Debtors (D.I. 3400) (the "Confirmation Order").

11.     On August 1, 2022, the Court entered an order (D.I. 3467), which among other things, approved certain modifications to the Plan and confirmed such modifications as part of the Plan.

4

12.    Pursuant to the *Notice of (I) Confirmation and Effective Date of the Third Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code for Zohar III, Corp. and its Affiliated Debtors; (II) Deadline Under the Plan and Confirmation Order to File Administrative Claims, Rejection Claims and Professional Fee Claims* (D.I. 3476) (the "Notice"), all final applications for professional fees must be filed no later than September 2, 2022, on or before 5:00 p.m. (E.T.).

## RELIEF REQUESTED

13.    Morris Nichols submits this Application for (i) monthly and final allowance of reasonable compensation for the actual, reasonable, and necessary professional services that it has rendered as special litigation counsel for Debtors Zohar II and Zohar III in these cases during the Monthly and Final Application Periods and (ii) monthly and final reimbursement of actual, reasonable, and necessary expenses incurred by Morris Nichols in representing Debtors Zohar II and Zohar III during the Monthly and Final Application Periods.

## INFORMATION RELATED TO U.S. TRUSTEE GUIDELINES

14.    Morris Nichols provides the following information for the Final Application Period pursuant to the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "Revised U.S. Trustee Guidelines").

15.    Morris Nichols's hourly rates for bankruptcy services are comparable to the hourly rates charged in complex chapter 11 cases by comparable bankruptcy attorneys.  In addition, Morris Nichols's hourly rates for bankruptcy services are comparable to the rates charged by Morris Nichols and comparable practitioners in other firms for complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.

5

16. The blended hourly rate for all Morris Nichols timekeepers who worked on these cases is approximately the same as the firm's blended rate for all timekeepers over a Comparable Period (defined below). In particular, the blended hourly rate for all Morris Nichols timekeepers (including both professionals and paraprofessionals) who billed to matters excluding chapter 11 representations (collectively, the "Non-Chapter 11 Matters")[3] during the period from August 2, 2021, through August 2, 2022, was in the aggregate, approximately $720.25.[4] By comparison, the aggregate blended hourly rate for all Morris Nichols timekeepers (including both professionals and paraprofessionals) who worked on this cases during the Final Application Period was $630.06.

17. The following table shows blended hourly rates by category of professional and paraprofessional (rounded to the nearest dollar):

| Position at Morris Nichols | Billed for Final Application Period | Billed for Non-Chapter 11 Matters |
| --- | --- | --- |
| Partner | $785 | $942 |
| Associate | $410 | $544 |
| Paralegal/Legal Assistants | $301 | $281 |
| All Timekeepers | $630 | $720 |

18. In addition, Morris Nichols provides the following responses to the inquiries stated in section C.5 of the Revised U.S. Trustee Guidelines:

    a. Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain. **Morris Nichols provided a 10% discount on its hourly billing**

---

[3] It is the nature of Morris Nichols's practice that certain non-bankruptcy engagements require the advice and counsel of professionals and paraprofessionals who work primarily within Morris Nichols's Business Reorganization and Restructuring Group. Accordingly, Non-Chapter 11 Matters consist of matters for which Morris Nichols timekeepers represented a client in a matter other than court-approved chapter 11 representations. The Non-Chapter 11 Matters include time billed by Morris Nichols timekeepers who work within Morris Nichols's Business Reorganization and Restructuring Group.

[4] Morris Nichols calculated the blended rate for Non-Chapter 11 Matters by dividing the total dollar amount billed by Morris Nichols timekeepers to Non-Chapter 11 Matters during the Comparable Period by the total number of hours billed by such Morris Nichols timekeepers to Non-Chapter 11 Matters during the same period.

**rates by agreement.**

b.    If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?  **Not applicable.**

c.    Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy cases?  **No.**

d.    Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees.  **No.**

e.    Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.  **No.**

f.    If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? and (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458?  **Effective January 1, 2020, January 1, 2021, and January 1, 2022, Morris Nichols implemented firm-wide rate increases.  These rate increases are consistent with the Engagement Letter, which provides that the rates included therein are adjusted from time to time and specifically at the beginning of each year.**

## MONTHLY APPLICATION PERIOD

19.    During the Monthly Application Period, Morris Nichols (a) provided professional services to the Debtors Zohar II and Zohar III and incurred actual, reasonable, and necessary fees in the amount of $3,880.80 and (b) incurred actual, reasonable, and necessary expenses totaling $16.80.  As of the date of this Application, Morris Nichols has not received payment for the monthly fees and expenses requested for the Monthly Application Period.

20.    Set forth on the foregoing "Compensation by Project Category" is a summary by subject matter categories of the time expended by timekeepers to these cases.

7

21.     **Exhibit A** to this Application contains entries, sorted by case project category, that show the time recorded by professionals, paraprofessionals, and other support staff and descriptions of the services provided.

22.     **Exhibit B** to this Application contains a breakdown of expenses incurred by Morris Nichols during the Monthly Application Period.

23.     Morris Nichols charges $.10 per page for photocopying and printing.

24.     Morris Nichols does not charge for outgoing domestic facsimiles or incoming facsimiles.

25.     In accordance with Local Rule 2016-2, Morris Nichols has reduced its request for compensation for non-working travel, if any, to 50% of its normal rate.

**THE FINAL APPLICATION PERIOD**

26.     Morris Nichols seeks allowance of (i) $256,813.65 for actual and estimated, reasonable, and necessary legal services rendered to the Debtors Zohar II and Zohar III during the Final Application Period and (ii) $11,958.40 for reimbursement of actual and estimated, reasonable, and necessary expenses incurred during the Final Application Period. Detailed descriptions of the services rendered and expenses incurred by Morris Nichols during the Final Application Period are set forth on Exhibits A and B attached to the monthly fee applications filed by Morris Nichols in these chapter 11 cases.  Morris Nichols requests that the Debtors be authorized and directed to pay Morris Nichols an amount equal to the sum of the allowed compensation and expense reimbursement during the Final Application Period, less any amounts previously paid by the Debtors.

27.     Morris Nichols further requests allowance of (i) $2,500.00 for estimated, reasonable and necessary legal services rendered during the remainder of these cases and

8

(ii) $250.00 as reimbursement for estimated, reasonable, and necessary expenses incurred during the remainder of these cases.

28.    **Exhibit C** attached hereto contains the Final Application Summary, which details the fees and expenses incurred, paid, and outstanding during the Final Application Period.

29.    **Exhibit D** attached hereto contains the Staffing Plan, which provides information relating to the timekeepers who assisted with these chapter 11 cases during the Final Application Period.

30.    Morris Nichols has coordinated with the Debtors' other professionals to minimize unnecessary duplication of effort while meeting the demands of this chapter 11 bankruptcy cases.

31.    Where possible under the circumstances, tasks were assigned to attorneys, paralegals, and other support staff at Morris Nichols so that work was performed by those most familiar with the particular matter or task and, where attorney or paralegal involvement was required, by the lowest hourly rate professional appropriate for a particular matter.

32.    No agreement or understanding exists between Morris Nichols and any other person to share compensation received or to be received for services rendered in connection with these cases.

33.    The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies to the best of her information, knowledge, and belief that this Application complies with Local Rule 2016-2.

WHEREFORE, Morris Nichols respectfully requests that this Court (i) allow Morris Nichols (a) monthly compensation in the amount of $3,880.80 for actual, reasonable, and necessary professional services rendered on behalf of the Debtors Zohar II and Zohar III during the Monthly Application Period and (b) monthly reimbursement in the amount of $16.80 for actual, reasonable, and necessary expenses incurred during the Monthly Application Period, (ii) allow Morris Nichols (a) final compensation in the amount of $256,813.65 for actual, reasonable, and necessary services rendered to or on behalf of the Debtors Zohar II and Zohar III during the Final Application Period, plus $2,500.00 for estimated time through the remainder of these cases and (b) final reimbursement of $11,958.40 for actual, reasonable, and necessary expenses incurred during the Final Application Period, plus $250.00 for estimated expenses through the remainder of these cases, (iii) authorize and direct the Debtors to pay Morris Nichols an amount equal to the sum of such allowed compensation and reimbursement, less any amounts previously paid by the Debtors, and (iv) grant such other further relief as the Court deems just and proper.

Dated: August 12, 2022
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Tori L. Remington*
Robert J. Dehney (No. 3578)
Matthew B. Harvey (No. 5186)
Tori L. Remington (No. 6901)
1201 North Market Street, 16th Floor
Wilmington, Delaware 19801
Telephone: (302) 658-9200
rdehney@morrisnichols.com
mharvey@morrisnichols.com
tremington@morrisnichols.com

*Special Litigation Counsel for Zohar II and Zohar III*