**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| | ) Case No. 18-10512 (KBO) |
| Zohar III, Corp., *et al.*,[1] | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) |
| | ) **Hearing Date: September 15, 2022 at 11:00 a.m. (ET)** |
| | ) **Objection Deadline: September 8, 2022 at 4:00 p.m. (ET)** |

**REQUEST FOR APPROVAL AND PAYMENT OF FEES AND REIMBURSABLE
EXPENSES BY HOULIHAN LOKEY CAPITAL, INC., FOR THE MONTHLY PERIOD
OF JUNE 24, 2022 THROUGH AND INCLUDING AUGUST 2, 2022 AND
THE FINAL PERIOD FROM FEBRUARY 24, 2020 THROUGH AUGUST 2, 2022**

| | |
|---|---|
| Name of Applicant: | Houlihan Lokey Capital, Inc. |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Effective Date of Retention: | February 24, 2020 (order entered on March 3, 2020) |
| Monthly Period for which compensation and reimbursement is sought: | June 24, 2022 through August 2, 2022 |
| Amount of Monthly Compensation sought as actual, reasonable and necessary: | $5,040,000.00[2] |
| Amount of Monthly Expense Reimbursement sought as actual, reasonable and necessary: | $477.64 |
| Final Period for which compensation and reimbursement is sought: | February 24, 2020 through August 2, 2022 |

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119). The Debtors' address is c/o Province, LLC 70 Canal Street, Suite 12E, Stamford, CT 06902.

[2] Includes a $5,000,000.00 Transaction Fee (as defined in section 3(ii) of the Engagement Agreement) that Houlihan Lokey Capital, Inc. earned on the Effective Date of the Plan (as defined herein) for services rendered throughout the Final Period.

29663895.1

Amount of Final Compensation sought as             $9,740,000.00
actual, reasonable and necessary:

Amount of Final Expense Reimbursement sought   $29,007.22
as actual, reasonable and necessary:

This is a:  _X_  monthly _X_ final application

**Prior Applications:**

| Date Filed; Docket No. | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses | Not Yet Paid Fees |
|---|---|---|---|---|---|---|
| 6/3/20; 1673 | 2/24/20 – 4/23/20 | $300,000.00 | $4,657.22 | $300,000.00 | $4,657.22 | *None* |
| 7/28/20; 1835 | 4/24/20 – 6/23/20 | $300,000.00 | $8,845.54 | $300,000.00 | $8,845.54 | *None* |
| 11/25/20; 2140 | 6/24/20 – 9/23/20 | $450,000.00 | $959.64 | $450,000.00 | $959.64 | *None* |
| 1/6/21; 2237 | 6/25/20 – 12/15/20 | $500,000.00 | *None* | $500,000.00 | *None* | *None* |
| 3/15/21; 2373 | 9/24/20 – 2/23/21 | $750,000.00 | $956.01 | $750,000.00 | $956.01 | *None* |
| 7/29/21; 2709 | 2/24/21 – 5/23/21 | $450,000.00 | $3,293.16 | $450,000.00 | $3,293.16 | *None* |
| 10/28/21; 2890 | 5/24/21 – 9/23/21 | $600,000.00 | $4,683.51 | $600,000.00 | $4,683.51 | *None* |
| 3/1/22; 3122 | 9/24/21 – 2/23/22 | $750,000.00 | $3,746.68 | $750,000.00 | $3,546.68[3] | *None* |
| 7/14/22; 3439 | 2/24/22 – 6/23/22 | $600,000.00 | $2,087.82 | $600,000.00 | $1,587.82[4] | $601,587.82 |
| **Total** | | $4,700,000.00 | $29,229.58 | $4,700,000.00 | $28,529.58 | $601,587.82 |

---

[3] This amount reflects a reduction of $200.00 as previously discussed in the Certification of Counsel Regarding Docket No. 3122 [D.I. 3025].

[4] This amount reflects a reduction of $500.00 as previously discussed in the Certification of Counsel Regarding Docket No. 3439 [D.I. 3481].

29663895.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| | ) Case No. 18-10512 (KBO) |
| Zohar III, Corp., *et al.*,[1] | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) **Hearing Date: September 15, 2022 at 11:00 a.m. (ET)** |
| | ) **Objection Deadline: September 8, 2022 at 4:00 p.m. (ET)** |

**REQUEST FOR APPROVAL AND PAYMENT OF FEES AND REIMBURSABLE**
**EXPENSES BY HOULIHAN LOKEY CAPITAL, INC., FOR THE MONTHLY PERIOD**
**OF JUNE 24, 2022 THROUGH AND INCLUDING AUGUST 2, 2022 AND**
**THE FINAL PERIOD FROM FEBRUARY 24, 2020 THROUGH AUGUST 2, 2022**

Houlihan Lokey Capital, Inc. ("Houlihan Lokey"), as financial advisor and investment

banker to the debtors in the above-captioned case (collectively, the "Debtors"), hereby submits its

application for compensation and reimbursement of expenses (the "Application"), pursuant to

sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532

(the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure

of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the

Retention Order (as defined below), and the *Order Establishing Procedures for Interim*

*Compensation and Reimbursement of Expenses for Retained Professionals* [Docket No. 293]

(the "Interim Compensation Order").  By the Application, Houlihan Lokey seeks compensation

for financial advisory and investment banking services performed and expenses incurred during

the monthly period commencing June 24, 2022 through and including August 2, 2022 (the

---

[1] The Debtors, and, where applicable, the last four digits of their taxpayer identification number are as follows: Zohar III, Corp. (9612), Zohar II 2005-1, Corp. (4059), Zohar CDO 2003-1, Corp. (3724), Zohar III, Limited (9261), Zohar II 2005-1, Limited (8297), and Zohar CDO 2003-1, Limited (5119).  The Debtors' address is c/o Province, LLC 70 Canal Street, Suite 12E, Stamford, CT 06902.

"Monthly Compensation Period") and the final period commencing February 24, 2020 through and including August 2, 2022 (the "Final Compensation Period" and together with the Monthly Compensation Period, the "Compensation Periods"). Pursuant to Local Rule 2016-2, this Application is supported by the Certification of Fred Vescio, which is annexed hereto as **Exhibit C**. In support of this Application, Houlihan Lokey states as follows:

## BACKGROUND

1.     On March 11, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2.     On December 6, 2019, the Debtors filed an application for an order approving the employment and retention of Houlihan Lokey as financial advisor and investment banker [Docket No. 1112] (the "Retention Application"). On March 3, 2020, the Court entered an order approving the Application [Docket No. 1469] (the "Retention Order"). On June 23, 2020, the Debtors filed a motion for a supplemental order approving the modification of certain terms of the employment and retention of Houlihan Lokey as financial advisor and investment banker [Docket No. 1722] (the "Supplemental Houlihan Retention Application" and together with the Retention Application the "Retention Applications"). On July 9, 2020, the Court entered an order approving the Supplemental Retention Application [Docket No. 1772] (the "Supplemental Houlihan Retention Order" and together with the Retention Order the "Retention Orders").

3.     On June 21, 2022, the Court entered an order [Docket No. 3400] (the "Confirmation Order") confirming the *Third Amended Joint Plaint of Liquidation Under Chapter 11 of the Bankruptcy Code for Zohar III, Corp. and Its Affiliate Debtors*, attached as Exhibit A to the Confirmation Order (together with the Plan Supplement, all other exhibits thereto, and as may be amended, modified or supplemented, the "Plan"). On August 1, 2022, the Court entered an order

[Docket No. 3467], which, among other things, (1) approved certain modifications to the Plan, which became part of the Plan, and (2) confirmed such modifications as part of the Plan.

4.      The Effective Date of the Plan (as defined therein) occurred on August 2, 2022.

## HOULIHAN LOKEY'S ENGAGEMENT

5.      The terms and conditions of Houlihan Lokey's engagement in this case, which are embodied in the Retention Applications and approved by the Court pursuant to the Retention Orders, are based upon Houlihan Lokey's Engagement Agreement with the Debtors as of December 1, 2019 (the "Engagement Agreement"), as modified by (1) the Retention Order, which was attached to the Retention Application as Exhibit C and (2) the Supplemental Houlihan Retention Order.  Pursuant to the Engagement  Agreement and the Supplemental Houlihan Retention Order, Houlihan Lokey is to be compensated through a monthly fee of $150,000.00 (the "Monthly Fee"), plus a minimum Financing Transaction Fee (as defined in Exhibit 1 of the Supplemental Houlihan Retention Application) of $500,000.00, plus a Transaction Fee (as defined in section 3(ii) of the Engagement Agreement) of $5,000,000.00.

6.      In addition, the Engagement Agreement entitles Houlihan Lokey to receive reimbursement of all reasonable and documented out-of-pocket expenses.

7.      As detailed in the Retention Applications, the terms of the Engagement Agreement are comparable to the terms Houlihan Lokey and other investment bankers have agreed upon in similar engagements, both in and outside of bankruptcy.

8.      By this Application, Houlihan Lokey requests: (a) allowance of compensation of $5,040,000.00 for the Monthly Compensation Period, which comprises $200,000.00 in Monthly Fees ($150,000.00 for the monthly period beginng June 24, 2022 and ending July 23, 2022 and $50,000.00 for the partial monthly period beginning on July 24, 2022 and ending August 2, 2022),

29663895.1

3

plus the Transaction Fee less a voluntary $160,000.00 fee reduction provided by Houlihan Lokey; (b) allowance and payment of 100% of the actual, reasonable, and documented out-of-pocket expenses of $477.64 for the Monthly Compensation Period; and (c) final allowance compensation of $9,740,000.00 and $29,007.22 in expenses for the Final Compensation Period.

9.      Under the Retention Orders, Houlihan Lokey is compensated on a flat monthly and transaction, as opposed to hourly, fee basis, reflecting a typical fee structure for Houlihan Lokey and other leading investment banking firms.  Houlihan is also entitled to a Transaction Fee upon the closing of a Transaction (as defined in the Engagement Agreement) and a Financing Transaction Fee (as defined in Exhibit 1 of the Supplemental Houlihan Retention Application) upon the closing of a Financing Transaction (as defined in the Engagement Agreement).

10.     Pursuant to the Retention Order, Houlihan Lokey is excused from complying with the information requirements contained in Local Rule 2016-2(d).

## SUMMARY OF SERVICES RENDERED

11.     Since Houlihan Lokey has been engaged by the Debtors, Houlihan Lokey has worked diligently on the matters for which it was engaged.  During the Compensation Periods, and as described below and in prior monthly applications, Houlihan performed necessary services and incurred out-of-pocket expenses for the Debtors and their estates, which have led to the successful, value-maximizing Sale of substantially all of the Debtors' assets.

12.     During the Compensation Periods, although a number of additional professionals have worked on this engagement, the following professionals in Houlihan Lokey's Minneapolis and Dallas offices have performed substantial services to the Debtors in this case:

| Name | Title |
|---|---|
| Eric Siegert | Senior Managing Director |
| Fred Vescio | Managing Director |

29663895.1

| Dan Tobin | Director |
|---|---|
| Eric Wodrich | Associate |
| Gan Qi Tang | Financial Analyst |
| Denish Patel | Financial Analyst |
| Tom Dircks | Financial Analyst |

13.    During the Compensation Periods, Houlihan Lokey's work on behalf of the Debtors principally involved four (4) separate categories of work, which included:

a.    Portfolio Company Monetization / Sale Process;

b.    Correspondence with Debtors and Other Stakeholders;

c.    Analysis, Presentation and Due Diligence; and

d.    General Case Administration.

A.    **Portfolio Company Monetization / Sale Process.**  Houlihan Lokey guided the sales processes at numerous portfolio companies including reviewing marketing materials, assessing ideal times to launch sale processes, identifying prospective buyers, reviewing sale process related documentation, interacting with portfolio company investment bankers to improve terms of sales, and assisting the Debtors' in monitoring and evaluating the sale processes at portfolio companies.

B.    **Correspondence with Debtors and Other Stakeholders.**  Houlihan Lokey engaged in extensive correspondence, meetings and calls with the Debtors' board, the Debtors' other advisors and the Debtors' other stakeholders in these chapter 11 cases, as well as significant preparations related to such communications.  In addition, Houlihan Lokey provided periodic situation and process updates to the Debtors, the Debtors' other advisors, and the creditors' advisors.  During these updates, Houlihan Lokey reported on the status of the sale process, feedback from parties-in-interest, and the status of diligence and other process-related issues. Houlihan Lokey spent considerable time exploring and evaluating various potential outcomes and strategies for the sale processes along with the Debtors' other advisors.

C.    **Analysis, Presentation, and Due Diligence.**  Houlihan Lokey has been involved in the investigation and associated analyses in connection with providing advice regarding many of the decisions facing the Debtors, including issues related to the Debtors' liquidity and financial condition,

bankruptcy matters and economic interest in portfolio companies, amongst others.

**D.    General Case Administration and Other.**  Houlihan Lokey expended time on administrative matters including, but not limited to, preparing its employment application, tracking hours, and detailing expenses.  Houlihan Lokey spent meaningful time reviewing and commenting on legal filings prepared by the Debtors' counsel.

14.    Houlihan Lokey has coordinated all services performed at the Debtors' request with services of any other advisors and counsel, as appropriate, to avoid duplication of services.

## HOULIHAN LOKEY'S APPLICATION

15.    The professional services and related expenses that are subject of this Application were rendered and incurred in connection with this case and in discharge of Houlihan Lokey's professional responsibilities as investment banker for the Debtors.  Houlihan Lokey's services have been substantial, necessary, and beneficial to the Debtors.  Houlihan Lokey believes that the fees and expenses requested by this Application are reasonable and necessary given the variety and complexity of the issues involved in this case, the need to act or respond on an expedited basis to those issues, and are contemplated by the Bankruptcy Code and the Retention Orders.

16.    All requested expenses are in compliance with Local  Rule 2016-2 to the extent applicable.  Houlihan Lokey has maintained detailed records of actual and necessary expenses incurred.

17.    Accordingly, Houlihan Lokey requests that this Court (a) allow $5,040,000.00 of compensation for the Monthly Compensation Period; (b) allow 100% of the actual, reasonable, and documented out-of-pocket expenses of $477.64 for the Monthly Compensation Period; and (c) allow, on a final basis, compensation of $9,740,000.00 and $29,007.22 in expenses for the Final Compensation Period.

29663895.1

6

18.     For the convenience of the Court and all parties in interest, attached hereto as **Exhibit A** is a summary setting forth estimated hours worked by professional by work category during the Monthly Compensation Period, and Houlihan Lokey's out-of-pocket expenses for the Monthly Compensation Period are outlined in **Exhibit B** attached hereto.

WHEREFORE, Houlihan Lokey respectfully requests that the Court enter an order providing for (a) allowance of compensation of $5,040,000.00 for the Monthly Compensation Period; (b) allowance and payment of 100% of the actual, reasonable, and documented out-of-pocket expenses of $477.64 for the Monthly Compensation Period; (c) final allowance of $9,740,000.00 of compensation and $29,007.22 in expenses for the Final Compensation Period; and (d) such other and further relief as this Court may deem just and proper.

Dated: August 18, 2022

/s/ Fred Vescio
Fred Vescio
Managing Director
Houlihan Lokey Capital Inc.

29663895.1

7