IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| Zohar III, Corp.,[1] ) | Case No. 18-10512 (KBO) |
| ) | |
| Debtor. ) | (Jointly Administered) |
| ) | |
| ) | **Related to Docket No. 3553** |
| ) | |

## FURTHER ORDER ESTABLISHING CERTAIN GUIDELINES AND MILESTONES IN FURTHERANCE OF THE MONETIZATION PROCESS FOR STILA STYLES, LLC

Upon consideration of *The Patriarch Stakeholders' Motion for Entry of an Order (A) Enforcing and Implementing the Terms of the Settlement Agreement and (B) Granting Related Relief* [D.I. 3553] (the "Motion") seeking the establishment of certain guidelines and milestones related to the monetization process of Stila Styles, LLC (the "Company") and all related briefing, argument, and evidence presented in connection therewith; and the Court having found that it has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012, that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that venue of this case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that due and proper notice of the Motion has been

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is Zohar III, Corp, (9612). The Debtor's address is c/o Province, LLC 70 Canal Street, Suite 12E, Stamford, CT 06902. In addition to Zohar III, Corp., the Debtor's affiliates include the following debtors whose bankruptcy cases have been closed prior to the date hereof, along with the last four digits of their respective federal tax identification numbers and chapter 11 case numbers: Zohar II 2005-1, Corp. (4059) (Case No. 18-10513); Zohar CDO 2003-1, Corp. (3724) (Case No. 18-10514); Zohar III, Limited (9261) (Case No. 18-10515); Zohar II 2005-1, Limited (8297) (Case No. 18-10516); Zohar CDO 2003-1, Limited (5119) (Case No. 18-10517). All motions, contested matters, and adversary proceedings that remained open as of the closing of such cases, or that are opened after the date thereof, with respect to such closed-case debtors, are administered in this remaining chapter 11 case.

1

given, that such notice is adequate, and that no other or further notice need be given; and the Court having found and determined that the establishment of a Court-approved process governing the joint monetization of the Company is necessary to, among other things, ensure proper and timely compliance with the Settlement Agreement, maximize value for all stakeholders, and establish a reasonable and fair process for all parties; and the Court having found and determined that the guidelines and milestones established by this Order will balance and work to accomplish those goals in light of the present facts and circumstances;

**IT IS HEREBY ORDERED THAT** the process for joint monetization of the Company shall be subject to the following guidelines and milestones:

1. Kevin Carey, in his capacity as the Independent Fiduciary and Manager of the Company (the "Independent Manager"), individually, or by and through Company agents, shall at all times consider the appropriate time for the active solicitation of bids for the Company.

2. The Independent Manager shall provide periodic updates to this Court, Lynn Tilton ("Tilton"), and the Common Member (as defined herein) (each, an "Update" and, together, the "Updates"), which shall be submitted to chambers for *in camera* review, with the first Update due by July 16, 2023 and subsequent Updates every three months thereafter. Each Update shall include such financial performance of the Company and related financial data that show progress relative to the Company's business plan and market conditions for commencing a formal bidding process for the Company based on consultation with Stila's management team and its outside advisors.

3. Milestones. The following milestones (each, a "Milestone" and, together, the "Milestones") shall apply to the monetization process of the Company:



4. Any Milestone may be extended by written agreement among Tilton, on behalf of the Patriarch Stakeholders (as defined in the Motion), and the Common Member, in their respective sole discretion, following good faith negotiations and consultation with the Independent Manager. "Common Member," for purposes of this Order, means New Stila Holdco, LLC, its duly appointed manager, and certain of its indirect equity holders, Bardin Hill and MB Global. Any written agreement reached extending a Milestone shall be provided to the Court within five (5) business days of its execution.

5. If mutual agreement to extend a Milestone cannot be reached, a Milestone may be extended by order of the Court for cause shown after notice and a hearing. Any dispute regarding the extension of a Milestone must be brought to the Court's attention no later than thirty (30) days prior to the expiration of the applicable Milestone.

6. Nothing herein shall prevent the Company from satisfying any Milestone earlier than the applicable deadlines set forth in paragraph 3. The Independent Manager shall advise the Court of any earlier satisfied Milestone within five (5) business days of such satisfaction.

7. All Milestones established by or in accordance with this Order or any other order of the Court are confidential and shall not be made available to or communicated to anyone except the Court, the Common Member, the Patriarch Stakeholders, the U.S. Trustee, the investment bankers for the Company, the Litigation Trustee, the counsel for each of the foregoing, and any other party as may be ordered or otherwise required by the Court.

8. Access to Information. Tilton and the Common Member, and their respective professionals and advisors, shall have such access to the investment bankers for the Company as the Independent Manager determines is appropriate to keep them timely informed with respect to any monetization efforts. The Company shall also provide Tilton and the Common Member access

to financial information in accordance with this Court's prior orders and prior procedures among the parties. Tilton and the Common Member, and their respective professionals and advisors, shall not use this information for any purpose other than monitoring performance of the Company and shall not interfere in the operation of the Company in any way before or during the monetization process.

9. The Independent Manager shall direct the investment bankers for the Company to provide simultaneously to Tilton and the Common Member (or a designated representative of any such party), within five (5) days after receipt thereof, the following information that is received by the investment bankers (other than information that is subject to any applicable privilege, including, without limitation, the attorney-client privilege and the work product doctrine, which shall not be provided): (i) written communications regarding the monetization processes, including, without limitation, expressions of interest, letters of intent, emails/letters, bids, transaction documentation, and/or other purchase proposals received for the Company; and (ii) financial information provided by the Company, including, but not limited to, quality of earnings reports, confidential information memoranda, financial projections, and data room access.

10. The Settlement Agreement. Except as modified herein and in the Timeline Orders (as defined in the Motion), the Settlement Agreement and the mutual non-disparagement agreement set forth in paragraph 19 of the *Amended Order Establishing Certain Guidelines and Milestones in Furtherance of the Monetization Process for the Group A and Group B Portfolio Companies* [D.I. 1751] shall remain in full force and effect.

11. Jurisdiction. The Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order, the Timeline Orders, and the Settlement Agreement.

12. <u>Effectiveness</u>. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Dated: January 11, 2023
Wilmington, Delaware

Karen B. Owens
United States Bankruptcy Judge