## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| ZOHAR III, CORP.,[1] | Case No. 18-10512 (KBO) |
| Debtor. | **Re: Docket No. 3943** |

### ORDER GRANTING THE JOINT MOTION OF THE COMMON MEMBER, STILA STYLES, LLC, AND THE PATRIARCH STAKEHOLDERS FOR AN ORDER SEALING THE COURTROOM DURING HEARING SCHEDULED FOR SEPTEMBER 30, 2025, REGARDING THE MOTION OF STILA STYLES, LLC FOR ENTRY OF AN ORDER EXTENDING MILESTONES FOR THE MONETIZATION PROCESS OF STILA STYLES, LLC

Upon consideration of the *Joint Motion of the Common Member, Stila Styles, LLC, and the Patriarch Stakeholders for an Order Sealing the Courtroom During Hearing Scheduled for September 30, 2025, Regarding the Motion of Stila Styles, LLC for Entry of an Order Extending Milestones for the Monetization Process of Stila Styles, LLC* (the "Motion")[2]; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that notice of the Motion has been given as set forth in the Motion and that

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is Zohar III, Corp. (9612). The Debtor's address is c/o Province, LLC 70 Canal Street, Suite 12E, Stamford, CT 06902. In addition to Zohar III, Corp., the Debtor's affiliates include the following debtors whose bankruptcy cases have been closed prior to the date hereof, along with the last four digits of their respective federal tax identification numbers and chapter 11 case numbers: Zohar II 2005-1, Corp. (4059) (Case No. 18-10513); Zohar CDO 2003-1, Corp. (3724) (Case No. 18-10514); Zohar III, Limited (9261) (Case No. 18-10515); Zohar II 2005-1, Limited (8297) (Case No. 18-10516); Zohar CDO 2003-1, Limited (5119) and (Case No. 18-10517). All motions, contested matters, and adversary proceedings that remained open as of the closing of such cases, or that are opened after the date thereof, with respect to such Closed-Case debtors, are administered in this remaining chapter 11 case.

[2] Capitalized terms not otherwise defined herein shall have the meanings afforded to them in the Motion.

such notice is adequate and no other or further notice need be given; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as provided herein.

2. Pursuant to Bankruptcy Code section 107(b) and Federal Rule of Bankruptcy Procedure 9018, the Court hereby authorizes and directs that: (i) except with respect to the Permitted Participants (as defined below) the courtroom shall be sealed during the hearing on the monetization dispute scheduled for September 30, 2025 (the "Hearing"), as may be continued; and (ii) Movants shall confer and propose redactions to the transcript of the Hearing for confidential, commercial information with respect to Stila, and shall provide such proposed redactions to the Office of the United States Trustee for review prior to submitting them to the court reporter or the Court.

3. Notwithstanding the provision of paragraph 2, the courtroom shall not be sealed during the Movants' opening statements at the Hearing.

4. By no later than September 29, 2025, the Movants shall provide the Court and the Office of the United States Trustee with a list of persons permitted to attend and/or view the Hearing (the "Permitted Participants"). The parties will exchange a list of Permitted Participants no later than September 28, 2025.

5. Within 10 days from the Movants' receipt of the transcript of the Hearing, Movants shall jointly propose approval of the proposed redactions by separate order to be filed under certification of counsel after completion of the proposed Hearing transcript redactions.

6.    This Order shall not expand or impair any person's or entity's rights or obligations, under contract or law, with respect to the disclosure of information for any other purpose.

7.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order

Dated: September 26th, 2025
Wilmington, Delaware

KAREN B. OWENS
CHIEF JUDGE