**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Zohar III, Corp., | Case No. 18-10512 (KBO) |
| Debtor. | |

**PATRIARCH'S NOTICE OF INTENT TO SERVE SUBPOENA**
**DUCES TECUM DIRECTED TO AXA LIFE LTD.**

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, as made applicable by Rules 7034 and 9016 of the Federal Rules of Bankruptcy Procedure, notice is hereby given that Patriarch Partners, LLC; Patriarch Partners VIII, LLC; Patriarch Partners XIV, LLC; Patriarch Partners XV, LLC; Phoenix VIII, LLC; Octaluna LLC; Octaluna II LLC; Octaluna III LLC; Ark II CLO 2001-1, Limited; Ark Investment Partners II, LP; LD Investments, LLC; Ark Angels VIII, LLC; Patriarch Partners Management Group, LLC; Zohar Holding, LLC; Patriarch Partners Agency Services, LLC; and Lynn Tilton, by and through their counsel of record, intend to serve the subpoena attached hereto as **Exhibit A** on AXA Life Ltd.

*[Remainder of page intentionally left blank]*

Dated: October 7, 2025

**COLE SCHOTZ P.C.**

By: */s/ Jack M. Dougherty*
Norman L. Pernick (No. 2290)
G. David Dean (No. 6403)
Jack M. Dougherty (No. 6784)
500 Delaware Avenue, Suite 600
Wilmington, DE  19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
npernick@coleschotz.com
ddean@coleschotz.com
jdougherty@coleschotz.com

*Counsel to Lynn Tilton, Patriarch Partners, LLC,
Patriarch Partners VIII, LLC, Patriarch Partners
XIV, LLC, Patriarch Partners XV, LLC, Phoenix
VIII, LLC, Patriarch Partners Agency Services,
LLC, Patriarch Partners Management Group, LLC,
Zohar Holding, LLC, Octaluna LLC, Octaluna II
LLC, Octaluna III LLC, Ark II CLO 2001-1,
Limited, Ark Investment Partners II, LP, LD
Investments, LLC and Ark Angels VIII, LLC*

57772/0002-51531068v1

# EXHIBIT A

AXA Life Ltd. Subpoena

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of __Delaware__

In re __Zohar III, Corp.__

Debtor

*(Complete if issued in an adversary proceeding)*

_____

Plaintiff

v.

_____

Defendant

Case No. __18-10512 (KBO)__

Chapter __11__

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:    AXA Life Ltd., 1290 Avenue of the Americas #12, New York, NY 10104

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    See attached Schedule A.

| PLACE Cole Schotz P.C.<br>1325 Avenue of the Americas, 19th Floor<br>New York, NY 10019 | DATE AND TIME<br>November 6, 2025 at 5:00 p.m. [ET] |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __October 7, 2025__

CLERK OF COURT

OR

_____            */s/ Jack M. Dougherty*
Signature of Clerk or Deputy Clerk                 *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __the Patriarch Stakeholders__ , who issues or requests this subpoena, are: Jack M. Dougherty; Cole Schotz P.C., 500 Delaware Avenue, Suite 600, Wilmington, DE 19801; 302.652.3131; jdougherty@coleschotz.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**SCHEDULE A**

**DEFINITIONS**

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.  If You do not understand the meaning of any term used herein, You should promptly seek clarification through the undersigned. As used in the Requests, the terms listed below shall be defined as follows:

1.      "All Documents" means each and every Document, within Your custody, possession, or control, whether an original or copy known to You, and every such Document You can locate or discover by reasonably diligent efforts.

2.      "Bardin Hill" means the investment firm Bardin Hill Investment Partners LP, Halcyon Capital, and each and all of their respective managers, members, managing members, shareholders, officers, directors, representatives, agents, employees, partners, parents, owners, affiliates, subsidiaries, assigns, attorneys, accountants, predecessors, successors, and all other persons or entities acting or purporting to act on their behalf or under their control.

3.      "Communication" or "Communications" includes, without limitation, any transmission or transfer of information of any kind, whether orally, electronically, in writing, or in any other manner, at any time or place, and under any circumstances whatsoever.

4.      "Complaints" is any form of an expression of dissatisfaction, discontent, or grievance, whether verbal or nonverbal, formal or informal, intentional or unintentional, and individual or collective.

5.      "Concerning" means relating to, reflecting, referring to, embodying, memorializing, pertaining to, comprising, describing, discuss, evidencing, constituting or having any factual or logical connection whatsoever with the subject matter in question.

6.      "Derivative Securities" means any instrument or contract whose value is dependent on the performance or outcome of another asset, entity, variable, or event, including but not limited to any loans to any Portfolio Company, and any investment in any Portfolio Company.

7.      "Document" or "Documents" means "documents or electronically stored information" as is stated in Federal Rule of Civil Procedure 34(a)(1)(A) and includes, without limitation, any written material, whether typed, such as text messages, handwritten, printed or otherwise recorded, and whether in draft or final form, of any kind or nature, or any photograph, scan, microfilm or other reproduction thereof, and any audio or video recordings or transcripts thereof.  Any draft or non-identical copy of a Document is a separate Document.

8.      "Investment Strategies" refers to any plan, guide, thesis, framework, goals, objectives, risks, constraints, asset allocation, investment style and philosophy, time horizon, anticipated and estimated rates of return, and evaluation of an investment.

9.      "Litigation Strategies" refers to any plan, guide, thesis, framework, goals, and objectives relating to potential claims Concerning the Securities.

10.     "Monitoring" refers to any and all processes of observing, evaluating, and assessing an investment and portfolio, including risks, tracking performance metrics, observations of market developments, and comparing actual performance against benchmarks, projections, and goals.

11.     "Patriarch" or the "Patriarch Parties" means Patriarch Partners, LLC; Patriarch Partners VIII, LLC; Patriarch Partners XIV, LLC; Patriarch Partners XV, LLC; Phoenix VIII, LLC; Octaluna LLC; Octaluna II LLC; Octaluna III LLC; Ark II CLO 2001-1, Limited; Ark Investment Partners II, LP; LD Investments, LLC; Ark Angels VIII, LLC; Patriarch Partners Management Group, LLC; Zohar Holding, LLC; Patriarch Partners Agency Services, LLC; and Lynn Tilton.

12.    "Portfolio Companies" means any companies that were, at any time, portfolio companies of Zohar I, Zohar II, and/or Zohar III, including, without limitation: 180s, Inc., Acme International Enterprises, Inc., American Doors, LLC, American LaFrance, LLC, Amweld International, LLC, Automated Ductwork Manufacturing Co., Black Mountain Door Holdings, LLC, Best Textiles Acquisition, LLC, Universal, Croscill Home, LLC, Denali Acquisition, LLC, Doors Acquisition LLC, Dura Buyer, LLC, Duro Textiles, LLC, eMag Solutions, LLC, Fetco Home Décor, Inc., Felagastyring EHF, FSAR Holdings, Inc., Galey & Lord, Inc, Glenoit Universal, Ltd., Global Automotive Systems, LLC, Gorham Tissue and Paper, Hartwell Industries, Inc., HVEASI Holding BV, Hyperactive Technologies, Inc., IMG Holdings, Inc., Iconic American Trucks, LLC, Intera Group, Inc., Intrepid Healthcare, Jewel of Jane, LLC, LVD Acquisition, LLC, Libertas Copper, LLC, Oasis/LVD Acquisition, LLC, MD Helicopters, Inc., Metalforming Technologies, Inc., Mobile Armored Vehicles, LLC, Netversant Solutions, LLC, Patriarch Partners Media Holdings, LLC, Performance Designed Products (PDP), LLC, Petry Holding, Inc., PHC Holding Corp., Red Shield Acquisition, LLC, Remco Maintenance, LLC, RM Acquisition, LLC, Scan-Optics, LLC, Silverack, LLC, Snelling Staffing, LLC , Spectrum International Holdings, Spiegel, LLC, Stila Styles, LLC, Textile Holdings, Inc., U.F. Holdings, Inc., UI Acquisition Holding Co., Vorumerkjastyring EHF, Vulcan Engineering Co., Western Forest Products, Inc., White Mountain Tissue, LLC, W. W. Holdings, LLC., W.W. Versat Acquisition Corp., and Xinhua Sports & Entertainment Ltd.

13.    "Purchase(s)" refers to any means to buy Securities, including but not limited to, buying Securities for full payment at the time of the transaction, buying Securities with borrowed funds, buying Securities to close out an existing short position, secondary market purchases of

Securities, block trade purchases of Securities, programmatic or algorithmic purchases of Securities, and derivative-based purchases of Securities.

14. "Sale(s)" refers to selling Securities for immediate payment and delivery, Selling Securities through a "short sale" with the intent to repurchase later at a lower price, selling Securities on margin, selling Securities on the open market to other investors, selling Securities in any other way.

15. "Securities" refers to any financial instrument or interest, including but not limited to equity securities (such as stocks), debt securities (such as bonds or notes or debentures), evidence of indebtedness, certificate of interest, or participation in any profit-sharing agreement, investment contract, or any swap agreement, or any repurchase agreement, or any conversion, or any interest or instrument commonly known as a "security".

16. "Valuation" refers to any work product assessing or related to the value of any entity, including, but not limited to, any and all formal or informal valuations and related work product Concerning the market value of an entity, whether individually or collectively with other entities.

17. "You" or "Your" refers to AXA Life Ltd. and each and all of its respective managers, members, managing members, shareholders, officers, directors, representatives, agents, employees, partners, parents, owners, affiliates, assigns, attorneys, accountants, predecessors, successors, and all other persons or entities acting or purporting to act on its behalf or under its control.

18. "Zohar I" means Zohar CDO 2003-1, Limited, Zohar CDO 2003-1, Corp., and Zohar CDO 2003-1, LLC and each and all of its respective managers, members, managing members, shareholders, officers, directors, representatives, agents, employees, partners, parents,

owners, affiliates, assigns, attorneys, accountants, predecessors, successors, and all other persons or entities acting or purporting to act on its behalf or under its control.

19.     "Zohar II" means Zohar II 2005-1, Limited, Zohar II 2005-1, Corp., and Zohar II 2005-1, LLC, Limited and each and all of its respective managers, members, managing members, shareholders, officers, directors, representatives, agents, employees, partners, parents, owners, affiliates, assigns, attorneys, accountants, predecessors, successors, and all other persons or entities acting or purporting to act on its behalf or under its control.

20.     "Zohar III" means Zohar III, Limited, Zohar III Corp., and Zohar III, LLC and each and all of its respective managers, members, managing members, shareholders, officers, directors, representatives, agents, employees, partners, parents, owners, affiliates, assigns, attorneys, accountants, predecessors, successors, and all other persons or entities acting or purporting to act on its behalf or under its control.

21.     "Zohar Funds" means Zohar I, Zohar II, and Zohar III together with any and all entities owned by Zohar I, Zohar II, or Zohar III.

## **INSTRUCTIONS**

1.     The time period of these document requests is from January 1, 2014 through the present.

2.     These instructions and definitions should be construed to require responses based upon the information available to You and others acting on Your behalf.  In responding to these Requests, You shall produce all Documents in Your possession, custody, or control, and all documents reasonably available to You.

3.     Each Request for Documents contemplates production of those Documents in their entirety, without deletion, redaction, abbreviation, or expurgation.

4.      These Requests are ongoing, and all subsequent requests for the production of Documents should be construed to include any additional Documents responsive to these Requests that are discovered after the date of production.

5.      The singular form of any word should be interpreted as either the singular or the plural, whichever is appropriate to bring within the scope of these Requests any information or Documents which might otherwise be considered to be beyond their scope.

6.      Each Request herein should be construed independently and without reference to any other Request for purposes of limitation.

7.      In the event that any portion of any Document is redacted, such Document should be clearly and prominently stamped "REDACTED" and such stamp should appear on every portion of the Document where information has been redacted or otherwise removed.

8.      If any Document Request cannot be fully complied with, it should be complied with to the fullest extent possible, and an explanation should be given as to why full compliance is not possible.

9.      All Documents requested herein should be produced in the same manner as they are kept in the usual and regular course of business.  To the extent that any Documents are stapled, paper clipped, affixed and/or organized in their existing files in any way, such Documents should be produced in the same fashion.  All electronically stored information ("ESI"), including all related metadata for such ESI, shall be produced in a form to be agreed-upon by the parties.

10.      Each and every non-identical copy of a responsive Document is a separate Document that should be produced.

11.      When any Request calls for the production of any portion of any Document, the entire Document must be produced.

12.     If You are unable to produce a Document requested, please state in writing why You cannot produce the Document and, if your inability to produce the Document is because it is not in Your possession or the possession of a person or entity from whom You could reasonably obtain it, state the name, address, and telephone number of any person You believe may have the original or a copy of any such Document.

13.     If there are no Documents responsive to a category in these Requests, please state so in writing.  If a Document requested is no longer existing or available, please state so in writing.

14.     If you object to a portion of any Request, please state the grounds of Your objection with specificity and produce all Documents called for by that portion of the Request to which you do not object.

15.     If any Document requested herein was formerly in Your possession, custody, or control and has been lost, destroyed or otherwise disposed of, please state so in writing.

## DOCUMENT REQUESTS

1.     All Communications with Bardin Hill Concerning the Zohar Funds including, but not limited to, Communications Concerning:

      a.  the Purchases of Securities in or around 2015;

      b.  the Purchases of Securities between 2015 and 2018;

      c.  the Purchases of Securities in or around 2018;

      d.  any Sales of Securities;

      e.  any quarterly, annual, and periodic updates;

      f.  hedging and other steps to mitigate the risk of losses;

      g.  Investment Strategies;

      h.  Litigation Strategies;

      i.  any quarterly Valuations;

      j.  any realized gains;

      k.  any anticipated and estimated rates of return;

      l.  any unrealized gains; and

      m.  Derivative Securities.

2.     Any and all of Your Complaints Concerning Bardin Hill's investments in Securities and Derivative Securities Concerning the Zohar Funds.

3.     All Documents reflecting Communications with Bardin Hill Concerning the Zohar Funds.