**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Zohar III, Corp.,[1] | ) | Case No. 18-10512 (KBO) |
| | ) | |
| Debtor. | ) | **Docket Ref. No. 3993** |
| | ) | |

**ORDER, PURSUANT TO BANKRUPTCY RULES 9006 AND 9027,
EXTENDING THE PERIOD WITHIN WHICH THE LITIGATION TRUSTS
MAY REMOVE ACTIONS PURSUANT TO 28 U.S.C. § 1452**

Upon consideration of the motion (the "Motion")[2] of the Litigation Trustee for the entry of an order, pursuant to Bankruptcy Rules 9006 and 9027, extending the period within which the Litigation Trusts may remove Actions pursuant to 28 U.S.C. § 1452; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that this is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these Chapter 11 cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is Zohar III, Corp., (9612). The Debtor's address is c/o Province, LLC 70 Canal Street, Suite 12E, Stamford, CT 06902. In addition to Zohar III, Corp., the Debtor's affiliates include the following debtors whose bankruptcy cases have been closed prior to the date hereof, along with the last four digits of their respective federal tax identification numbers and chapter 11 case numbers: Zohar II 2005-1, Corp. (4059) (Case No. 18-10513); Zohar CDO 2003-1, Corp. (3724) (Case No. 18-10514); Zohar III, Limited (9261) (Case No. 18-10515); Zohar II 2005-1, Limited (8297) (Case No. 18-10516); Zohar CDO 2003-1, Limited (5119) and (Case No. 18-10517). All motions, contested matters, and adversary proceedings that remained open as of the closing of such cases, or that are opened after the date thereof, with respect to such Closed-Case debtors, are administered in this remaining chapter 11 case.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

given; and this Court having determined that the relief requested in the Motion is in the best interests of the Litigation Trusts, and other parties in interest; and after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The time period provided by Bankruptcy Rule 9027 within which the Litigation Trusts may file notices of removal of claims and causes of action is hereby enlarged through and including September 8, 2026 (the "Extended Removal Deadline").

3.      This Order shall be without prejudice to the rights of the Litigation Trusts to seek further extensions of the Extended Removal Deadline or to the right of any party to the Settlement Agreement to seek an order shortening the Extended Removal Deadline.

4.      For the avoidance of doubt, nothing in this Order shall be deemed to extend the Removal Deadline with respect to the Interpleader Action (as defined in this Court's prior order extending the Removal Deadline [Docket No. 3967]) or any other Action to which a Patriarch Stakeholder is a party.

5.      This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: March 30th, 2026
Wilmington, Delaware

KAREN B. OWENS
CHIEF JUDGE

2