**REDACTED VERSION OF DOCKET NO. 3999**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ZOHAR III, CORP.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 18-10512 (KBO)<br><br>**Hearing Date: On or prior to July 30, 2026**<br>**Obj. Deadline:  July 23, 2026 at 4:00 p.m. (ET)**<br>**(Each requested)** |

### EMERGENCY MOTION OF NEW STILA HOLDCO LLC TO ENFORCE THE SETTLEMENT AGREEMENT WITH RESPECT TO PENDING LITIGATION BETWEEN STILA STYLES, LLC AND PATRIARCH STAKEHOLDERS

New Stila Holdco LLC (the "**Common Member**"), one of the Asset Recovery Entities created under the Plan (as defined below) confirmed in the above-captioned case, hereby moves for entry of an order enforcing the Settlement Agreement and staying the enforcement of a judgment against Stila Styles, LLC ("**Stila**"), as described more fully below.  The Common Member has contemporaneously filed a motion asking the Court to hear this motion so that it may be heard within the 10-business day stay period after entry of the Judgment under Delaware Superior Court Rule 62(a) (as defined below).

---

[1]      The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is Zohar III, Corp., (9612). The Debtor's address is c/o Province, LLC 70 Canal Street, Suite 12E, Stamford, CT 06902. In addition to Zohar III, Corp., the Debtor's affiliates include the following debtors whose bankruptcy cases have been closed prior to the date hereof, along with the last four digits of their respective federal tax identification numbers and chapter 11 case numbers: Zohar II 2005-1, Corp. (4059) (Case No. 18-10513); Zohar CDO 2003-1, Corp. (3724) (Case No. 18-10514); Zohar III, Limited (9261) (Case No. 18-10515); Zohar II 2005-1, Limited (8297) (Case No. 18-10516); Zohar CDO 2003-1, Limited (5119) and (Case No. 18-10517). All motions, contested matters, and adversary proceedings that remained open as of the closing of such cases, or that are opened after the date thereof, with respect to such Closed-Case debtors, are administered in this remaining chapter 11 case.

**INTRODUCTION[2]**

1. Long ago the stakeholders in the above-captioned chapter 11 cases entered into the Settlement Agreement that, among other things, established protocols for the sale of various Portfolio Companies, including Stila, and for the payment of claims owed by the Portfolio Companies to the Patriarch Stakeholders. The Settlement Agreement has been the subject of myriad requests to interpret and enforce it, but one of the touchstone rulings in that serial litigation is the Court's decree of the "sell, pay, fight" protocol established under the Settlement Agreement. That protocol requires the Zohar Funds (and now the Asset Recovery Entities as their successor) and the Patriarch Stakeholders to focus on the sale of the Portfolio Companies first, pay the documented claims of the Patriarch Stakeholders at closing, and fight over the propriety of those payments last. Since the Court issued that interpretation in October 2020, the Zohar side of the Settlement Agreement has honored it—paying to the Patriarch Stakeholders at closing of each Portfolio Company sale the amounts they were entitled to be paid within the confines of Paragraph 18 of the Settlement Agreement. These claims have resulted in the payment of millions of dollars to the Patriarch Stakeholders even though the Debtors and AREs did not believe the claims were validly owed.

2. Today, the Patriarch Stakeholders obtained a Judgment in the Delaware Superior Court against Stila, regarding payment of amounts concerning taxes that are disputed by the Zohar Litigation Trust-A in the ongoing consolidated Adversary Proceeding, Nos. 20-50534 and 20-50776 (together, the "**Adversary Proceeding**"). ██████████

██████████████████████████

██████████████████████████

---

[2] Capitalized terms used in this Introduction have the meaning ascribed to them below.

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

██████████████████████████████.

3.      Under the Settlement Agreement, the claims represented by the Judgment are not payable until closing of a sale of Stila, and the Common Member seeks confirmation from this Court that pre-closing enforcement of that Judgment is precluded and a stay of any such enforcement by Ms. Tilton or her related Octaluna entity.

**JURISDICTION**

4.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware, the Common Member consents to entry of a final order by the Court in connection with this Motion to the extent it is later determined that, absent the consent of the parties, the Court cannot enter final order herewith consistent with Article III of the United States Constitution.

5.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The statutory and legal predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, the Settlement Order, and the Settlement Agreement.

**RELIEF REQUESTED**

7.      The Common Member seeks entry of an order, substantially in the form attached hereto as **Exhibit C** (the "**Proposed Order**"), confirming that the Settlement Agreement defers payment of the Judgment until the closing of a monetization transaction for Stila and staying enforcement of the Judgment against Stila before then.

**BACKGROUND**

**A.  Case Background**

8.      Zohar III, Corp., Zohar II 2005-1, Corp., Zohar CDO 2003-1, Corp., Zohar III, Limited, Zohar II 2005-1, Limited, and Zohar CDO 2003-1, Limited (collectively, the "**Debtors**") commenced chapter 11 cases on May 11, 2018. On June 21, 2022, the Court entered an order approving the *Third Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code for Zohar III, Corp. and Its Affiliated Debtors* [Docket No. 3400] (as amended, the "**Confirmation Order**").  Shortly thereafter, the Court approved certain modifications to this plan and confirmed the *Fourth Amended Joint Plan of Liquidation Under Chapter 11 of the Bankruptcy Code for Zohar III, Corp. and its Affiliated Debtors* (the "**Plan**") [Docket No. 3467 (Confirmation Order) and Docket No. 3474 (Plan)]. The Confirmation Order was not appealed and is final. The Plan became effective on August 2, 2022.

9.      During the pendency of the chapter 11 cases, the Court entered various orders and approved various agreements, including (i) the *Order Approving and Authorizing the Settlement Agreement By and Between the Debtors, Lynn Tilton, the Patriarch Stakeholders, MBIA Insurance Corp., and the Zohar III Controlling Class* (the "**Settlement Order**") [Docket No. 266], entered on May 21, 2018; (ii) the *Settlement Agreement* (as defined in the Settlement Order) [Docket No.

266, Ex. A]; (iii) the *Order in Aid of Implementation of the Global Settlement Agreement Approved in These Cases Establishing Certain Procedures for the Independent Director's Approval of Monetization Transactions and Related Relief* [Docket No. 545], entered on November 9, 2018; (iv) the *Order Establishing Certain Timelines and Milestones in Furtherance of the Monetization Process for the Group A and Group B Portfolio Companies* [Docket No. 1500] (the "**Timeline Order**"), entered on March 20, 2020; and (v) *the Amended Order Establishing Certain Timelines and Milestones in Furtherance of the Monetization Process for the Group A and Group B Portfolio Companies* [Docket No. 1751] (the "**Amended Timeline Order**," and together with the Timeline Order, the "**Timeline Orders**"), entered on July 2, 2020.

10. The Settlement Order and Settlement Agreement approved a "sell, pay, fight" structure pursuant to which claims the Patriarch Stakeholders asserted related to specific Portfolio Companies would be paid from proceeds at the closing of the sales of those Portfolio Companies, despite ongoing disputes and litigation as to their entitlement to such proceeds, and that such disputes would be resolved following such sale and payment to the Patriarch Stakeholders. The Timeline Orders established various milestones (subsequently and substantially amended by court order or agreement) for the monetization of the Debtors' Portfolio Company assets pursuant to the Settlement Order and Settlement Agreement.

**B. Stila and the Underlying Disputes**

11. Stila is one of the Portfolio Companies that was owned by the Debtors, is now owned by the Common Member, and is the subject of the monetization process under the Settlement Agreement.

12. This Court has previously issued orders resolving a series of disputes concerning the milestones for the monetization of Stila, and most recently granted a final extension of those milestones over the Patriarch Stakeholders' objection. *See* Docket No. 3968 (most recent order

concerning Stila's monetization milestones); *see also* Docket Nos. 3691 and 3854 (prior orders concerning Stila's monetization milestones).

13.     Notwithstanding this ongoing process, on February 16, 2023, Lynn Tilton and Octaluna III, LLC ("**Octaluna III**"), filed a complaint against Stila in the Superior Court seeking belated payment of amounts purportedly owed to Octaluna III in respect of Stila's contractual obligation to have made tax distributions for tax years 2009 – 2015.  Compl. of Lynn Tilton & Octaluna III, LLC, *Lynn Tilton & Octaluna III, LLC v. Stila Styles, LLC*, C.A. No. N23C-02-088-SKR CCLD (Del. Super. Ct. Feb. 16, 2023). By letter ruling dated September 19, 2023, the Superior Court denied Stila's motion to dismiss or, in the alternative, stay the action in favor of the Adversary Proceeding, on the basis that "it is not sufficiently clear that the issue of whether Stila owes any tax distributions for the years 2009 to 2015 would be resolved in the Adversary Proceeding such that a stay is warranted," although acknowledging that the Adversary Proceeding, at a minimum, challenged whether such payments should be made to Zohar III, rather than Octaluna III, as Ms. Tilton was asserting. *Lynn Tilton & Octaluna III, LLC v. Stila Styles, LLC*, C.A. No. N23C-02-088-SKR CCLD, at 13 n.53 (Del. Super. Ct. Sept. 19, 2023) (letter op.).

14.     On July 22, 2025, the Superior Court denied Stila's motion for summary judgment on the basis that the claims were time barred, and granted the Plaintiffs' motion for summary judgment that the claims were timely.  *Lynn Tilton & Octaluna III, LLC v. Stila Styles, LLC*, C.A. No. N23C-02-088-SKR CCLD, Mem. Op. & Order at 17 (Del. Super. Ct. July 22, 2025).  By oral ruling on July 1, 2026, the Superior Court granted Stila's summary judgment motion insofar as it determined that Ms. Tilton lacked standing, but granted summary judgment to Octaluna III on the underlying claim and Stila's remaining affirmative defenses, thus resolving all issues of liability in Octaluna III's favor.  Tr. of Bench Ruling at 34:11–15, *Lynn Tilton & Octaluna III, LLC v. Stila*

*Styles, LLC, C.A. No. N23C-02-088-SKR CCLD* (Del. Super. Ct. July 1, 2026).  Following the Superior Court's summary judgment rulings, the parties stipulated to a damages amount.

15.    On July 16, 2026, the Superior Court entered a judgment against Stila and in favor of Octaluna III, LLC in the principal amount of $19,412,105.00 plus prejudgment and postjudgment interest (the "**Judgment**"), a copy of which is attached hereto as **Exhibit A**.  Under Rule 62(a) of the Rules of Civil Procedure for the Superior Court of the State of Delaware ("**Superior Court Rule 62(a)**"), enforcement of the Judgment is automatically stayed for a period of 10 business days after its entry.

### C. Stila's Sale Process

16.    On October 1, 2025, the Court entered its final order concerning Stila's sale process timeline.  *See* Docket No. 3968.  ███████████████████████████████████████████ ██████████████████████████████████  Stila's Independent Director has advised the Common Member that he intends to ████████████████████████████████████████ ██████████████████████████████████████.  *See* **Exhibit B**.

17.    ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
███████████████████████████████████████████
██  ██████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████ .

## ARGUMENT

**I.    The Court has jurisdiction to enforce the Settlement Agreement and bar pre-closing enforcement of the Judgment**

19.    It is well settled that a "Bankruptcy Court plainly ha[s] jurisdiction to interpret and enforce its own prior orders." *See Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009); *In re Lazy Days' RV Ctr., Inc.*, 724 F.3d 418, 423 (3d Cir. 2013) (noting that the Bankruptcy Court was "well suited to provide the best interpretation of its own order"); *In re Allegheny Health Educ. & Rsch. Found.*, 383 F.3d 169, 175 (3d Cir. 2004) (finding subject matter jurisdiction over the entirety of a proceeding that "required the court to interpret and enforce the sale orders" and not merely the question of interpretation); *In re Cont'l Airlines, Inc.*, 236 B.R. 318, 326 (Bankr. D. Del. 1999) ("In the bankruptcy context, courts have specifically, and consistently, held that the bankruptcy court retains jurisdiction, *inter alia*, to enforce its confirmation order."). That jurisdiction survives confirmation of a chapter 11 plan. *See In re Essar Steel Minnesota, LLC,* 47 F.4th 193, 201-02 (3d Cir. 2022).

20.    Moreover, the Settlement Agreement is the organizing framework for these chapter 11 cases. The Plan expressly provided for the continued applicability of the Settlement Agreement post-confirmation between the Asset Recovery Entities and the Patriarch Stakeholders.[3] Thus, this

---

[3]    *See* Plan § 6.7 ("The terms and provisions of the Settlement Agreement shall remain in full force and effect form and after the Effective Date . . . Furthermore, paragraphs 6 and 18 of the Settlement Agreement, shall remain in effect and binding on the parties to the Settlement Agreement, Ankura (and any successor to it), the Wind-Down Administrator, and each Assets Recovery Entity and its Asset Recovery Manager.").

motion bears a "close nexus to the bankruptcy plan or proceeding [because this] matter affects the interpretation, implementation, consummation, execution, or administration of a confirmed plan or incorporated [Settlement Agreement]," and this Court also has related to jurisdiction over this dispute. *In re Resorts Int'l, Inc.,* 372 F.3d 154, 168–69 (3d Cir. 2004).

21. Finally, this Court has repeatedly exercised its jurisdiction to interpret and enforce the Settlement Agreement, and has specifically done so regarding both Paragraph 18 and the sale of Stila, following confirmation of the Plan. *See* Docket No. 3788 and Aug. 17, 2023 Hr'g Tr. 64-69 (approving Vulcan sale over the Patriarch Stakeholders' objection on Paragraph 18 grounds); Docket No. 3785 and Aug. 17, 2023 Hr'g Tr. 70-73 (denying *Patriarch Stakeholders' Motion to Amend Paragraph 18 Claims* to expand the relief set forth in the Paragraph 18 Bar Order (as defined below) to include interest that was not preserved by that order); *see also* Docket Nos. 3691, 3854, 3968 (orders concerning Stila's monetization milestones).

**II. The "sell, pay, fight" protocol implemented under the Settlement Agreement precludes pre-closing enforcement of the Judgment**

    *a. Paragraph 18 does not require payment until closing of a monetization transaction for Stila*

22. The relief requested herein is mandated by the Settlement Agreement. One of the underlying principles of Paragraph 18 was that the Patriarch Stakeholders would be paid any claimed amounts owed by the Portfolio Companies at closing notwithstanding disputes over those claims. *See*, *e.g.*, Oct. 29, 2020 Hr'g Tr. 26:13-16 ("[A]s consideration for the release of those claims and liens the Patriarch stakeholders will be paid in advance of the litigation."). The Settlement Agreement, however, dictated the timing of the payment of those claims, expressly stating that the Patriarch Stakeholders' claims were not required to be paid until closing. *See* Settlement Agreement ¶ 18 (The Patriarch Stakeholders' claims "shall be deemed due and payable

through the closing of any monetization event on a *pari passu* basis with other similarly situated claims and equity unless the applicable credit agreement provides otherwise.").

23.     The Patriarch Stakeholders have also recognized that Paragraph 18 mandates payment of disputed amounts at closing, not before (or after).  In August 2020, the Patriarch Stakeholders moved to enforce Paragraph 18, arguing "Patriarch seeks nothing more than an order enforcing the terms of the Settlement Agreement—namely, that the Debtors comply with Paragraph 18 of the Settlement Agreement by paying the Patriarch PC Claims *upon the closing of any monetization event*."  Docket No. 1903 at ¶ 3 (emphasis added); *see also id*. at ¶ 8 ("Among other things, the Settlement Agreement established that Patriarch's claims in connection with the Portfolio Companies would be paid through any monetization event upon Patriarch's submission of 'written documentation' of such claims.").  In the lead up to filing that motion, the Patriarch Stakeholders relayed to the Debtors that they shared the interpretation that the Common Member advances here:  "Those claims are therefore deemed due and payable upon the commencement of any monetization transaction consistent with the terms of Paragraph 18 of the Settlement Agreement." *Id*., Exh. J at p. 6 (Aug. 19, 2020 Letter from M. Loseman to J. Barry and M. Nestor).

24.     In response to the Patriarch Stakeholder's motion, the Court determined that the actual amounts that were required to be paid at closing under Paragraph 18 would be resolved on a case-by-case basis at the time of closing, and not before.  The Debtors had objected to the relief the Patriarch Stakeholders sought, arguing (among other things) that the Court need not resolve the omnibus request because the Patriarch Stakeholders' entitlement to payment of their documented claims at closing was determined by the facts and circumstances present at closing, including if disputed claims were adjudicated not to be valid prior to that closing.  *See* Docket No. 1979 at ¶¶ 2, 8.  Rather than resolve that motion for all of the claims against all of the Portfolio

Companies at once, the Court determined that it would address the payment of the Patriarch Stakeholders' claims in connection with consideration of each monetization transaction—recognizing that disputes over the documentation or validity of these claims may be resolved in the interim.[4]

### b. *The Judgment governs amounts squarely subject to Paragraph 18*

25.     In May 2022, the Patriarch Stakeholders agreed to entry of an order that memorialized the nature and extent of the Paragraph 18 claims, *see* Docket No. 3363 (order fixing Paragraph 18 Claims, the "**Paragraph 18 Bar Order**"), which included a purported tax distribution in the capped amount of $21,797,438.19 owed by Stila—the very liability covered (and adjusted downward following litigation of the amount) by the Judgment.  In August 2023, following the Patriarch Stakeholder's request to modify that order to include for the accrual of interest on the principal claim amounts set forth in that order, the Court found the Paragraph 18 Bar Order to be final and binding.  *See* Docket No. 3785 and Aug. 17, 2023 Hr'g Tr. 70:1-71:20 (denying motion to amend order fixing Paragraph 18 claims).  As the Court recognized, the Paragraph 18 Bar Order defined for the Zohar stakeholders what the Patriarch Stakeholders may be paid at the closing of a sale for each Portfolio Company, and prohibited modifications or enlargement outside of adjustments reserved for in the order itself.  *See id.* at 71:8-15 ("Modifications to the order to include the interest not otherwise captured in the order would

---

[4]     *See* Oct. 20, 2020 Hr'g Tr. 56:20-57:3 ("I actually don't think it's appropriate to hear the remainder of the motion at this time. I think we should determine it at the time of the particular Portfolio Company sale.  I think it's, one, premature for me to address it as the sales come up, and it would be a waste of the parties (indiscernible) distraction right now to hear that motion, especially with the limited time that we all have.  So I think we should -- I think we should adjourn it and deal with it on a case-by-case basis, as the Portfolio Companies' sales are teed up, and there's actual disputed concrete claims that we can address. And who knows? Maybe some of the issues will fall away by the time we get to those hearings. You know, it may be likely that there could be some agreement reached or something.")

materially alter the relief and violate its express terms.  Such modifications would substantively affect the ARM's rights, unfairly prejudice them as well as others who are relying on the order to fix the claims as best as possible as of the effective date.  The plan makes this intent clear and, again, so do the order's express terms.").

26.     Indeed, the only manner in which the Settlement Agreement contemplates that the Patriarch Stakeholders' entitlement to payment at closing of a monetization transaction could be altered is if a Court of competent jurisdiction determined that such claims were not owed.  *See* Settlement Agreement at ¶ 18 ("All parties' respective rights to challenge the propriety of any of the foregoing claims or equity interests [of the Patriarch Stakeholders] are tolled without prejudice until the expiration of the 18 Month Window (provided the Full Payment Date does not occur on or before such date), but no such claim shall be brought during the 18 Month Window or used to block the closing of any pending transaction in the Monetization Process."); *see also* Docket No. 1979 at ¶¶ 2, 8, discussed at ¶ 22 *supra*.  Challenges to all or virtually all of the Paragraph 18 claims—including the subject tax liability from Stila—have been pending in the Adversary Proceeding since March 2020.[5]  Yet, there has been no adjudication of any of the claims in the Adversary Proceeding.  Moreover, the Common Member has been informed that Stila intends to appeal the Judgment, rendering the findings made by the Superior Court subject to ongoing dispute, as well.  Finally, the Paragraph 18 Bar Order, likewise, precludes the collection of any

---

[5]     *See* Case No. 20-50534, Docket No. 1 (Complaint) at Count III (Declaratory Action that PPMG Agreements were terminated); Counts VIII and XVIII (Conversion concerning transactions involving the Portfolio Companies); Court IX-XII, XXXI and XXXII (Fraudulent transfer counts concerning transactions involving the Portfolio Companies); Count XIII, XXIV and XXXIII (Unjust enrichment counts concerning transactions involving the Portfolio Companies); Counts XXV-XXX (LLC Agreement and fiduciary duty counts concerning governance of the Portfolio Companies).  Others have been added since.  *See* Case No. 20-50534, Docket Nos. 125 and 295 (first and third amended complaints).

interest on any tax distributions asserted against Stila (notwithstanding that such amounts may be included in the Judgment) since the interest accrual was not reserved for in that order. *Cf.* Docket No. 3755 at ¶ 22 (the Patriarch Stakeholders argued that the accrued interest that was the subject of the request to amend was sought in state court lawsuits seeking to enforce the underlying contracts, among other grounds). Thus, there can be no reasonable dispute that the amounts owed under the Judgment are subject to Paragraph 18 and the Paragraph 18 Bar Order.

27.     As a result, under the terms of the Settlement Agreement, Stila has no obligation to pay the amount of the Judgment on the Patriarch Stakeholders' tax distribution claims until the closing of its monetization transaction and, even then, only on the terms provided for in Paragraph 18 and the Paragraph 18 Bar Order. That interpretation is consistent with the Court's prior rulings, the parties' course of performance, under which disputed Patriarch Stakeholders' claims have been addressed at Portfolio Company sale closings rather than through interim collection efforts, and the Patriarch Stakeholders' own acknowledgements.

### c.   The Court has already affirmed that enforcement of claims against the Portfolio Companies should be barred until the closing of a sale

28.     In July 2020, after Ms. Tilton resigned as the controller of the Portfolio Companies, the Patriarch Stakeholders unleashed a barrage of lawsuits against the Portfolio Companies seeking to collect on the various claims they asserted against the Portfolio Companies. Those companies, 12 in all,[6] moved for entry of an order staying the prosecution of those claims. *See* Docket No. 1928. The Court stayed the suits and in ruling on that motion held that:

---

[6]     The movants were 180s, Inc., FSAR Holdings, Inc., Glenoit Universal, Ltd., Gorham Paper and Tissue, LLC, IMG Holdings, Inc., Intrepid U.S.A., Inc., Libertas Copper, LLC, RM Acquisition, LLC, Scan-Optics, LLC, Snelling Holdings, LLC, UI Acquisition Holding Co., and Vulcan Engineering Co. All but one of those companies have completed their monetization processes culminating in sales approved by this Court. *See* Docket Nos. 2050 (RM Acquisition a/k/a Rand); 2144 (Libertas Copper a/k/a Hussey); 2340 (Snelling); 2480 (FSAR Holdings a/k/a PDP); 2988 (UI Acquisition a/k/a Universal Instruments); 3748 (180s); 3788 (Vulcan) 3865,

More importantly, or perhaps equally important, the [lawsuits] interfere with the monetization process that is at the heart of these cases and contradict the spirit of the settlement agreement. The disputes between the portfolio companies, the debtors and the Patriarch stakeholders led to the filing of these cases. The parties put their heads together in mediation to come up with a solution to temporarily put aside the litigation that was plaguing the parties and the portfolio companies so that they could sell the companies for benefit of all stakeholders, not just these cases, but those of the portfolio companies.

Paragraph 18 embodies the party's agreed upon solution. Once again, as we've said numerous times, the portfolio companies will be sold free and clear of the Patriarch stakeholder's claims and liens, and as consideration for the release of those claims and liens the Patriarch stakeholders will be paid in advance of the litigation.

. . .

The Patriarch stakeholder's argument that the stay is contrary to the settlement agreement just simply defies logic and is extremely frustrating to me. The State Court suits directly contradict the spirit of the party's agreement. They serve to take advantage of holes in the agreement that perhaps were not completely contemplated or captured at the time of negotiation given the expediency in which the parties moved when drafting the settlement.

The litigation in the State Court appears wasteful and duplicative, and it is a harmful distraction. Again, there is no harm to the Patriarch stakeholders because, again, the sell, pay and then fight protocols, what was agreed to by them, to maximize value and to stop the harm inflicted on all parties by the myriad of litigation. That includes these suits.

Oct. 29, 2020 Hr'g Tr. 25:24-27:14.  The Court's interpretation of the Settlement Agreement at that time applies with equal force to collection of the Judgment against Stila now.

29.    Years later, the Court affirmed the rationale of this holding in denying the Patriarch Stakeholders' objection to the sale of Vulcan.  There, the Patriarch Stakeholders argued that the

---

3866 and 3888 (Intrepid); 3989 (Scan Optics); *see also* Case No. 20-12814 (KBO) Docket No. 196 (Gorham); Case No. 25-11150 (KBO) Docket No. 179 (IMG Holdings a/k/a Dana).  Glenoit Universal filed for chapter 7 protection and never completed a sale process. *See, e.g.*, Case No. 21-11136 (MFW).

Vulcan sale should not be approved because their unsecured claims would not be paid even though the purchaser had agreed to pay or assume the claims of other trade creditors in the sale. In disposing of the Patriarch Stakeholders' objection, the Court invoked its ruling in October 2020 that the Settlement Agreement warranted the stay of the Patriarch Stakeholders' suits seeking to collect from Vulcan unpaid amounts they asserted were owed, observing that such ruling was a final non-appealable order. *See* Aug. 17, 2023 Hr'g Tr. 69:22-25. The Court further reinforced that the result the Patriarch Stakeholders complained of was, in fact, an agreed-upon mechanism within Paragraph 18 of the Settlement Agreement:

> Rather, as clarified by Patriarch, its issue is that it will receive no payment today as a result of the transaction when other similarly situated claims of unsecured third-party creditors will be paid going [forward] by the buyer.

> This is not a valid basis to deny the sale. ***Paragraph 18 was designed to assist the monetization of the Portfolio Companies and to preserve those companies' values and third-party stakeholder interests in the face of the disputes and asserted claims***. It has been consistently applied in the manner objected to by Patriarch today, despite the presence of third-party claims that would be ultimately paid by a buyer in the ordinary course.

*Id.* 68:24-69:11 (emphasis supplied).

### d. *Enforcement of the Judgment* ████████████

30. The Patriarch Stakeholders have repeatedly sought to require Stila to be sold immediately, each time citing the claims and equity interests for which they assert they are entitled to payment from the sale of Stila. *See* Docket Nos. 3553 at ¶¶ 40-47; 3845 at ¶¶ 18-19; 3944 at ¶¶ 50-57. Implicit in these arguments is that the Patriarch Stakeholders must wait for Stila's monetization to be paid the claims they assert Stila owes them. *See, e.g.*, Docket No. 3553 at ¶ 39 n. 11 ("Debtor Zohar III should not be allowed to engage in self-help by taking actions, or directing

Mr. Carey to take actions, which would result in there being insufficient funds to satisfy Patriarch's claims upon monetization.").

31. ██████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████  ████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

██████████

██    ████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████



34.     The Court should confirm that the Patriarch Stakeholders are prohibited from forcing payment of the amounts in the Judgment other than at the closing of a monetization transaction for Stila.

## NOTICE

35.     Notice of this Motion has been provided to: (i) the U.S. Trustee; (ii) counsel to the Patriarch Stakeholders; and (iii) counsel to Stila.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, for the reasons set forth herein, the Common Member respectfully requests that this Court (i) enter the Proposed Order granting the relief requested herein and (ii) grant such other relief as may be just and proper.

Dated: July 16, 2026
       Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Ryan M. Bartley*
Michael R. Nestor (No. 3526)
Ryan M. Bartley (No. 4985)
Michael S. Neiburg (No. 5275)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: mnestor@ycst.com
       rbartley@ycst.com
       mneiburg@ycst.com

-and-

Jonathan E. Pickhardt, Esq. (admitted *pro hac vice*)
Ellison Ward Merkel, Esq. (admitted *pro hac vice*)
Evan Hess, Esq. (admitted *pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email: jonpickhardt@quinnemanuel.com
       ellisonmerkel@quinnemanuel.com
       evanhess@quinnemanuel.com

*Counsel to the Common Member*

**<u>Exhibit A</u>**

**Judgment**

**So Ordered**

/s/ Sheldon Rennie    Jul 16, 2026

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| LYNN TILTON and OCTALUNA III, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> STILA STYLES, LLC, <br><br> Defendant. | C.A. No. N23C-02-088 SKR CCLD |

## [PROPOSED] FINAL JUDGMENT

**IT IS HEREBY ORDERED** this _____ day of July 2026 that:

1. Plaintiff Octaluna is awarded $19,412,105.00 in damages against Defendant;

2. Plaintiff Octaluna is awarded prejudgment interest against Defendant on the foregoing damages award, from November 7, 2022 through the date of this Judgment at the rate of 9% per annum; the prejudgment interest from November 7, 2022 through today's date of July 16th is $6,447,478.05;

3. Pursuant to Rule 54(d), costs shall be allowed as of course to the prevailing party Octaluna upon application to the Court within ten (10) days of the entry of this Judgment; and

4.      Pursuant to Title 6 Del. C. § 2301, any post-judgment interest shall be at the rate of 8.75% per annum, which amounts to $6,199.22 per day until this Judgment is satisfied.


Date:  _____                    _____
                                         The Honorable Sheldon K. Rennie

2

**Exhibit B**

**Declaration of David Eaton**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>Zohar III, Corp.,<br><br><div align="right">Debtor.[1]</div> | Chapter 11<br><br>Case No. 18-10512 (KBO) |

**DECLARATION OF DAVID EATON**

I, David Eaton, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1.      I submit this Declaration in support of the *Emergency Motion of New Stila Holdco LLC to Enforce the Settlement Agreement with Respect to Pending Litigation between Stila Styles, LLC and Patriarch Stakeholders* (the "Enforcement Motion")[2]  filed by New Stila Holdco LLC (the "Common Member").

2.      I am the Independent Manager of Stila Styles, LLC ("Stila" or the "Company"). I was appointed as Independent Manager for Stila in late 2024 by Stila's sole Member, Stila Holdco, LLC, succeeding the Honorable Kevin J. Carey (ret.), following his untimely death.  In that capacity, I am responsible for overseeing the Company's monetization and sale process, including by working with the Company's management, as well as any financial advisor and investment banker selected to conduct the sales process.

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is Zohar III, Corp. (9612). The Debtors' address is c/o Province, LLC 70 Canal Street, Suite 12E, Stamford, CT 06902. In addition to Zohar III, Corp., the Debtor's affiliates include the following debtors whose bankruptcy cases have been closed prior to the date hereof, along with the last four digits of their respective federal tax identification numbers and chapter 11 case numbers: Zohar II 2005-1, Corp. (4059) (Case No. 18-10513); Zohar CDO 2003-1, Corp. (3724) (Case No. 18-10514); Zohar III, Limited (9261) (Case No. 18-10515); Zohar II 2005-1, Limited (8297) (Case No. 18-10516); Zohar CDO 2003-1, Limited (5119) and (Case No. 18-10517). All motions, contested matters, and adversary proceedings that remained open as of the closing of such cases, or that are opened after the date thereof, with respect to such Closed-Case debtors, are administered in this remaining chapter 11 case.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion to Shorten or the Enforcement Motion, as applicable.

3.      The statements in this Declaration are, except where specifically noted, based on my personal knowledge, views, or information provided to me by Stila's management team and advisors.

4.      I understand that Stila is one of the portfolio companies now owned by the Common Member and is subject to the monetization process, which includes the sale of the Company and the distribution of the proceeds thereof (the "Monetization Process"), contemplated by the Settlement Agreement.

5.      This Court has entered orders concerning milestones for Stila's monetization process, including a recent order granting a final extension of those milestones. ███████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████

6.      Since my appointment, I have communicated regularly with Stila's management, stakeholders and outside advisors regarding the Monetization Process and timetable.

7.      ████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████

██    ██████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████ ███████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████

█ ███████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████

10.    I understand that the Delaware Superior Court has entered or will shortly enter a judgment against Stila and in favor of Octaluna III, LLC in the amount of $19,412,105 plus $6,447,478.05 in pre-judgment interest (collectively, the "Judgment"), and that enforcement of the Judgment is automatically stayed for 10 business days under the Superior Court Rule 62(a).  I intend to cause Stila to appeal the Judgment.

11.    ███████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

_____

[3] ████████████████████████████████████████████████████████
████████████████████████████.

12. ███████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████████████████████████████

13. ███████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████

14.     If the Enforcement Motion is granted, I will honor the Settlement Agreement and distribute any proceeds of the sale after paying any related costs of the sale in accordance with the agreements between the Patriarch Stakeholders and the Common Members in the Settlement Agreement concerning the distribution of such proceeds, subject to any further orders as may be entered by this Court.

This declaration was executed by me at *Riverwoods, IL,* this 16th day of July 2026.

David L. Eaton

**Exhibit C**

**Proposed Form of Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ZOHAR III, CORP.,[1] | Case No. 18-10512 (KBO) |
| Debtor. | **Docket Ref. No. ___** |

**ORDER ENFORCING THE SETTLEMENT AGREEMENT
WITH RESPECT TO PENDING LITIGATION
BETWEEN STILA STYLES, LLC AND PATRIARCH STAKEHOLDERS**

Upon consideration of the motion (the "**Motion**")[2] of New Stila Holdco LLC for entry of an order enforcing the Settlement Agreement with respect to barring enforcement of the Judgment; and the Court having found that it has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012, that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that venue of this case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that due and proper notice of the Motion has been given, that such notice is adequate, and that no other or further notice need be given; and the Court having found and determined that granting the Motion is necessary

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is Zohar III, Corp., (9612). The Debtor's address is c/o Province, LLC 70 Canal Street, Suite 12E, Stamford, CT 06902. In addition to Zohar III, Corp., the Debtor's affiliates include the following debtors whose bankruptcy cases have been closed prior to the date hereof, along with the last four digits of their respective federal tax identification numbers and chapter 11 case numbers: Zohar II 2005-1, Corp. (4059) (Case No. 18-10513); Zohar CDO 2003-1, Corp. (3724) (Case No. 18-10514); Zohar III, Limited (9261) (Case No. 18-10515); Zohar II 2005-1, Limited (8297) (Case No. 18-10516); Zohar CDO 2003-1, Limited (5119) and (Case No. 18-10517). All motions, contested matters, and adversary proceedings that remained open as of the closing of such cases, or that are opened after the date thereof, with respect to such Closed-Case debtors, are administered in this remaining chapter 11 case.

[2] Unless defined herein, capitalized terms shall have the meaning ascribed to them in the Motion.

to, among other things, maximize value for all stakeholders and enforce the Settlement Agreement and that the Settlement Agreement bars enforcement of the Judgment through the closing of a monetization transaction for Stila;

IT IS HEREBY ORDERED THAT:

1.    The Motion is granted as set forth herein.

2.    The Patriarch Stakeholders are barred from enforcing the Judgment against Stila through the closing of a monetization transaction for Stila.

3.    The Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

4.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.