**REDACTED VERSION OF DOCKET NO. 4000**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| ZOHAR III, CORP.,[1] | Case No. 18-10512 (KBO) |
| Debtor. |  |

**MOTION FOR ENTRY OF AN ORDER SHORTENING NOTICE AND SCHEDULING AN EXPEDITED HEARING IN CONNECTION WITH THE EMERGENCY MOTION OF NEW STILA HOLDCO LLC TO ENFORCE THE SETTLEMENT AGREEMENT WITH RESPECT TO PENDING LITIGATION BETWEEN STILA STYLES, LLC AND PATRIARCH STAKEHOLDERS**

New Stila Holdco LLC (the "**Common Member**"), by and through its undersigned counsel, hereby submits this motion (the "**Motion to Shorten**"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**") pursuant to section 105 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 9006-1(c) and (e) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), shortening notice and scheduling a hearing on the *Emergency Motion of New Stila Holdco LLC to Enforce the Settlement Agreement with Respect to Pending Litigation between Stila Styles, LLC and*

---

[1] The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is Zohar III, Corp., (9612). The Debtor's address is c/o Province, LLC 70 Canal Street, Suite 12E, Stamford, CT 06902. In addition to Zohar III, Corp., the Debtor's affiliates include the following debtors whose bankruptcy cases have been closed prior to the date hereof, along with the last four digits of their respective federal tax identification numbers and chapter 11 case numbers: Zohar II 2005-1, Corp. (4059) (Case No. 18-10513); Zohar CDO 2003-1, Corp. (3724) (Case No. 18-10514); Zohar III, Limited (9261) (Case No. 18-10515); Zohar II 2005-1, Limited (8297) (Case No. 18-10516); Zohar CDO 2003-1, Limited (5119) and (Case No. 18-10517). All motions, contested matters, and adversary proceedings that remained open as of the closing of such cases, or that are opened after the date thereof, with respect to such Closed-Case debtors, are administered in this remaining chapter 11 case.

*Patriarch Stakeholders* (the "**Enforcement Motion**")[2], filed contemporaneously herewith.  More specifically, the Common Member requests that the Court (as defined below) schedule the Enforcement Motion to be heard on or prior to July 30, 2026 (prevailing Eastern Time) (the "**Proposed Hearing Date**"), and further requests that the Court set an objection deadline of July 23, 2026 at 4:00 p.m. (prevailing Eastern Time) (the "**Proposed Objection Deadline**").  In support hereof, the Common Member respectfully states as follows:

**JURISDICTION AND VENUE**

1.      The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b), and, pursuant to Local Rule 9013-1(f), the Common Member consents to the entry of a final order by the Court in connection with this Motion to Shorten to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, the Settlement Order (as defined below), Bankruptcy Rule 9006, and Local Rules 9006-1(c) and (e).

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Enforcement Motion.

**BACKGROUND**

A.      **Stila and the Underlying Disputes leading to the Enforcement Motion**

4.      Stila Styles, LLC ("**Stila**") is one of the Portfolio Companies that was owned by the Debtors, is now owned by the Common Member, and is the subject of the monetization process under the Settlement Agreement.

5.      This Court has previously issued orders resolving a series of disputes concerning the milestones for the monetization of Stila, and most recently granted a "final" extension of those milestones over the Patriarch Stakeholders' objection.  *See* Docket No. 3968 (most recent order concerning Stila's monetization milestones); *see also* Docket Nos. 3691 and 3854 (prior orders concerning Stila's monetization milestones).

6.      Notwithstanding this ongoing process, on February 16, 2023, Lynn Tilton and Octaluna III, LLC ("**Octaluna III**"), filed a complaint in the Delaware Superior Court against Stila seeking belated payment of amounts purportedly owed to Octaluna III in respect of Stila's contractual obligation to have made tax distributions for tax years 2009 – 2015.  Compl. of Lynn Tilton & Octaluna III, LLC, *Lynn Tilton & Octaluna III, LLC v. Stila Styles, LLC*, C.A. No. N23C-02-088-SKR CCLD (Del. Super. Ct. Feb. 16, 2023). By letter ruling dated September 19, 2023, the Superior Court denied Stila's motion to dismiss or, in the alternative, stay the action in favor of the Adversary Proceeding, on the basis that "it is not sufficiently clear that the issue of whether Stila owes any tax distributions for the years 2009 to 2015 would be resolved in the Adversary Proceeding such that a stay is warranted," although acknowledging that the Adversary Proceeding, at a minimum, challenged whether such payments should be made to Zohar III, rather than Octaluna III, as Ms. Tilton was asserting. *Lynn Tilton & Octaluna III, LLC v. Stila Styles, LLC*, C.A. No. N23C-02-088-SKR CCLD, at 13 n.53 (Del. Super. Ct. Sept. 19, 2023) (letter op.).

3

7.      On July 22, 2025, the Superior Court denied Stila's motion for summary judgment on the basis that the claims were time barred, and granted the Plaintiffs' motion for summary judgment that the claims were timely.  *Lynn Tilton & Octaluna III, LLC v. Stila Styles, LLC*, C.A. No. N23C-02-088-SKR CCLD, Mem. Op. & Order at 17 (Del. Super. Ct. July 22, 2025).  By oral ruling on July 1, 2026, the Superior Court granted Stila's summary judgment motion insofar as it determined that Tilton lacked standing, but granted summary judgment to Octaluna III on the underlying claim and Stila's remaining affirmative defenses, thus resolving all issues of liability in Octaluna III's favor.  Tr. of Bench Ruling at 34:11–15, *Lynn Tilton & Octaluna III, LLC v. Stila Styles, LLC, C.A. No. N23C-02-088-SKR CCLD, LLC*, (Del. Super. Ct. July 1, 2026).

8.      On July 16, 2026, the Superior Court entered a judgment against Stila and in favor of Octaluna III (the "**Judgment**"), a copy of which is attached to the Enforcement Motion.  Under Rule 62(a) of the Rules of Civil Procedure for the Superior Court of the State of Delaware ("**Superior Court Rule 62(a)**"), enforcement of the Judgment is automatically stayed for a period of 10 business days after its entry.

**B.      Circumstances Warranting Expedited Consideration**

9.      As detailed in the Motion, under Paragraph 18 of the Settlement Agreement, the Patriarch Stakeholders' claims against the Portfolio Companies, which include the claim underlying the Judgment, are to be paid only at the closing of the monetization transactions achieved in accordance with the Settlement Agreement.  The Common Member understands that notwithstanding the Settlement Agreement, the Patriarch Stakeholders believe they can seek immediate enforcement of the Judgment against Stila and its assets.

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████

██      █████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████.

12.     Thus, the Common Member seeks confirmation, within the stay period under Superior Court Rule 62(a), that enforcement of the Judgment is stayed under the Settlement Agreement ████████████████████████████████████████████████ ███████████████████████████████████████.

### RELIEF REQUESTED

13.     The Common Member seeks entry of the Proposed Order, pursuant to Bankruptcy Code section 105(a), Bankruptcy Rule 9006(c)(1), and Local Rule 9006-1(c) and (e), (a) shortening the time for notice of the Proposed Hearing Date; and (b) requiring that objections to entry of the proposed order approving the Enforcement Motion, if any, be received by the Proposed Objection Deadline.

**BASIS FOR RELIEF**

14.   Local Rule 9006-1(c)(i) provides that unless the Bankruptcy Rules or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i). Local Rule 9006-1(c)(ii) requires the deadline for objections to be no later than 7 days before the hearing date. Del. Bankr. L.R. 9006-1(c)(ii), effectively providing 7 days to respond to any motion filed on 14 days' notice.   However, pursuant to Local Rule 9006-1(e), such period may be shortened by order of the Court upon written motion "specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).   Moreover, according to Bankruptcy Rule 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1).   In exercising such discretion, the Court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 171 (3d Cir. 2012) (noting such motions are common "[g]iven the accelerated time frame of bankruptcy proceedings").

15.   Here, there is sufficient cause justifying a shortened period.   First, the Proposed Objection Deadline is still seven (7) days after filing the motion, which conforms to the minimum time period for objections provided under Local Rule 9006-1(c)(ii).   Thus, the Patriarch Stakeholders will have the same amount of time to respond as they would if the Enforcement Motion was filed on 14 days' notice.

16.   Second, the need to shorten notice is caused by the Patriarch Stakeholders' apparent intent not to follow the Settlement Agreement—something wholly outside of the control of the Common Member. ██████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████. The Enforcement Motion asks this Court to enforce the core bargains struck under the Settlement Agreement, and this Motion to Shorten asks that the Court set a hearing on the Enforcement Motion ██████████████ ████████████████████████ Thus, exigency exists for the Court to hear the Enforcement Motion on an expedited basis.

17.     In light of the foregoing, the Common Member submits that granting this Motion to Shorten, as requested herein, is justified under the circumstances of the chapter 11 cases.

### COMPLIANCE WITH LOCAL RULE 9006-1(e)

18.     The Common Member notified counsel to the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), counsel to the Patriarch Stakeholders, and counsel to Stila of the Common Member's intention to seek the relief requested herein at a hearing on or prior to July 30, 2026. Stila has indicated its support for the Enforcement Motion to be considered on the timeline proposed herein. The U.S. Trustee indicated that it takes no position. The Patriarch Stakeholders have indicated that they do not take a present position and reserve rights pending review of the Common Member's motion papers.

### NOTICE

19.     Notice of this Motion has been provided to: (i) the U.S. Trustee; (ii) counsel to the Patriarch Stakeholders; and (iii) counsel to Stila.

7

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Common Member respectfully requests that this Court (i) enter the Proposed Order granting the relief requested herein and (ii) grant such other relief as may be just and proper.

Dated: July 16, 2026  
      Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Ryan M. Bartley*  
Michael R. Nestor (No. 3526)  
Ryan M. Bartley (No. 4985)  
Michael S. Neiburg (No. 5275)  
Rodney Square  
1000 North King Street  
Wilmington, Delaware 19801  
Telephone: (302) 571-6600  
Facsimile: (302) 571-1253  
Email: mnestor@ycst.com  
      rbartley@ycst.com  
      mneiburg@ycst.com

-and-

Jonathan E. Pickhardt, Esq. (admitted *pro hac vice*)  
Ellison Ward Merkel, Esq. (admitted *pro hac vice*)  
Evan Hess, Esq. (admitted *pro hac vice*)  
QUINN EMANUEL URQUHART & SULLIVAN, LLP  
51 Madison Avenue, 22nd Floor  
New York, NY 10010  
Telephone: (212) 849-7000  
Facsimile: (212) 849-7100  
Email: jonpickhardt@quinnemanuel.com  
      ellisonmerkel@quinnemanuel.com  
      evanhess@quinnemanuel.com

*Counsel to the Common Member*

8

# EXHIBIT A

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ZOHAR III, CORP.,[1] | Case No. 18-10512 (KBO) |
| Debtor. | **Ref. Docket No. ___** |

**ORDER SHORTENING NOTICE AND SCHEDULING AN EXPEDITED HEARING IN
CONNECTION WITH THE EMERGENCY MOTION OF NEW STILA HOLDCO LLC
TO ENFORCE THE SETTLEMENT AGREEMENT WITH RESPECT TO PENDING
LITIGATION BETWEEN STILA STYLES, LLC AND PATRIARCH STAKEHOLDERS**

Upon consideration of the *Motion for Entry of an Order Shortening Notice and Scheduling an Expedited Hearing in Connection with the Emergency Motion of New Stila Holdco LLC to Enforce the Settlement Agreement with Respect to Pending Litigation Between Stila Styles, LLC and Patriarch Stakeholders* (the "**Motion to Shorten**")[2] filed by the Common Member; and this Court having reviewed the Motion to Shorten; and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that venue of these cases and the Motion to Shorten in this

---

[1]    The Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is Zohar III, Corp., (9612). The Debtor's address is c/o Province, LLC 70 Canal Street, Suite 12E, Stamford, CT 06902. In addition to Zohar III, Corp., the Debtor's affiliates include the following debtors whose bankruptcy cases have been closed prior to the date hereof, along with the last four digits of their respective federal tax identification numbers and chapter 11 case numbers: Zohar II 2005-1, Corp. (4059) (Case No. 18-10513); Zohar CDO 2003-1, Corp. (3724) (Case No. 18-10514); Zohar III, Limited (9261) (Case No. 18-10515); Zohar II 2005-1, Limited (8297) (Case No. 18-10516); Zohar CDO 2003-1, Limited (5119) and (Case No. 18-10517). All motions, contested matters, and adversary proceedings that remained open as of the closing of such cases, or that are opened after the date thereof, with respect to such Closed-Case debtors, are administered in this remaining chapter 11 case.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion to Shorten.

district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that notice of the Motion to Shorten has been given as set forth in the Motion to Shorten and that such notice is adequate and no other or further notice need be given; and this Court having determined that the legal and factual basis set forth in the Motion to Shorten establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion to Shorten is GRANTED as set forth herein.

2.      A hearing to consider the Enforcement Motion will be held July ___, 2026 at _____ (ET) (the "**Hearing**").

3.      Objections, if any, to the relief requested in the Enforcement Motion shall be filed by July 23, 2026 at 4:00 p.m. (ET).

4.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

2